§(Official Form 1) (1/08)

# United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle): **Washington Mutual, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): **N/A** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **N/A** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): **N/A** |
| Last four digits of Social-Security No./Complete EIN or other Tax-I.D. No. (if more than one, state all): **Tax-I.D. No. 91-1653725** | Last four digits of Social-Security No./Complete EIN or other Tax-I.D. No. (if more than one, state all): **N/A** |
| Street Address of Debtor (No. and Street, City, and State): **1301 Second Avenue, Seattle, WA** ZIP CODE **98101** | Street Address of Joint Debtor (No. and Street, City, and State): **N/A** ZIP CODE |
| County of Residence or of the Principal Place of Business: **King County** | County of Residence or of the Principal Place of Business: **N/A** |
| Mailing Address of Debtor (if different from street address): **N/A** ZIP CODE | Mailing Address of Joint Debtor (if different from street address): **N/A** ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): **N/A** ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) See Exhibit D on page 2 of this form.
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other **Holding Company.**

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(B).

**Filing Fee** (Check one box)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors (The debtor believes that its public debt may be widely held, however, at this time, the debtor is unable to determine with certainty the number of beneficial holders.)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

NY2:\1920667\03\155ZV03!.DOC\79831.0003

(Official Form 1) (1/08)

FORM B1, Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Washington Mutual, Inc.** | |
|---|---|---|
| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: **WMI Investment Corp.** | Case Number: **Pending** | Date Filed:<br>**September 26, 2008** |
| District: **District of Delaware** | Relationship: **Affiliate** | Judge: **Pending** |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☒ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

**NOT APPLICABLE**

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by § 342(b).

X _____
Signature of Attorney for Debtor(s)     Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☒ No.

### Exhibit D

**NOT APPLICABLE**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property

**NOT APPLICABLE**

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

(Official Form 1) (1/08)

FORM B1, Page 3

**Voluntary Petition**

*(This page must be completed and filed in every case)*

Name of Debtor(s):

**Washington Mutual, Inc.**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

*[signature]*

Mark D. Collins (No. 2981)     Brian S. Rosen
Printed Name of Attorney for Debtor(s)

Richards, Layton & Finger, P.A.     Weil, Gotshal & Manges LLP
Firm Name

One Rodney Square     767 Fifth Avenue
Address

Wilmington, DE 19801     New York, NY 10153

(302) 651-7700     (212) 310-8000
Telephone Number

09/26/08
Date

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

x *[signature]*
Signature of Authorized Individual

Stewart M. Landefeld
Printed Name of Authorized Individual

Executive Vice President
Title of Authorized Individual

09/26/08
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

x _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

NY2:\1920667\03\155ZV03!.DOC\79831.0003

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---------------------------------------------------------x
:
*In re*                                            :    Chapter 11
:
WASHINGTON MUTUAL, INC.,                           :
:    Case No. 08-_____ ( )
:
Debtor.                                            :
:
---------------------------------------------------------x

## EXHIBIT "A" TO VOLUNTARY PETITION

1.    If any of debtor's securities are registered under Section 12 of the Securities and Exchange Act of 1934, the SEC file number is 1-14667.

2.    The following financial data is the latest available information and refers to the debtor's condition on September 26, 2008.

    a.    Total assets    $32,896,605,516[1]

    b.    Total debts (including debts listed in 2.c., below)    $8,167,022,695

    c.    Debt securities held by more than 500 holders.[2]

| | | | | Approximate number of holders |
|---|---|---|---|---|
| secured ☐ | unsecured ☒ | subordinated ☐ | $805 million[3] | Not available |
| secured ☐ | unsecured ☒ | subordinated ☐ | $359 million[4] | Not available |
| secured ☐ | unsecured ☒ | subordinated ☐ | $504 million[5] | Not available |
| secured ☐ | unsecured ☒ | subordinated ☐ | $176 million[6] | Not available |
| secured ☐ | unsecured ☒ | subordinated ☐ | $361 million[7] | Not available |
| secured ☐ | unsecured ☒ | subordinated ☐ | $376 million[8] | Not available |
| secured ☐ | unsecured ☒ | subordinated ☐ | $363 million[9] | Not available |

---

[1] A significant portion of the debtor's assets are held on account at Washington Mutual Bank and Washington Mutual Bank fsb.

[2] The debtor believes that its public debt may be widely held, however, the debtor was unable to determine with certainty the number of beneficial holders for each issuance of debt securities. Therefore, out of an abundance of caution, all of the debtor's debt issuances are detailed herein.

[3] 4.00% Fixed Rate Notes due 2009.

[4] $500,000,000 Floating Rate Notes due 2009.

[5] 4.2% Fixed Rate Notes due 2010.

[6] $250,000,000 Floating Rate Notes due 2010.

[7] 5.50% Fixed Rate Notes due 2011.

[8] 5.0% Fixed Rate Notes due 2012.

|   |   |   |   |   |
|---|---|---|---|---|
| secured ☐ | unsecured ☒ | subordinated ☐ | $447 million[10] | Not available |
| secured ☐ | unsecured ☒ | subordinated ☐ | $730 million[11] | Not available |
| secured ☐ | unsecured ☒ | subordinated ☒ | $452 million[12] | Not available |
| secured ☐ | unsecured ☒ | subordinated ☒ | $732 million[13] | Not available |
| secured ☐ | unsecured ☒ | subordinated ☒ | $440 million[14] | Not available |

    d.    Number of shares of preferred stock      3,000,500 outstanding

    e.    Number of shares of common stock      1,704,961,280 outstanding

        Comments, if any: _____

3. Brief description of debtor's business: Washington Mutual, Inc. is a savings and loan holding company. Prior to the commencement of this chapter 11 case, Washington Mutual, Inc. had numerous direct and indirect subsidiaries, including Washington Mutual Bank and Washington Mutual Bank fsb. Prior to the commencement of this chapter 11 case, Washington Mutual, Inc., together with its subsidiaries, was the sixth largest depository and bank card issuer in the United States.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: TPG Capital, L.P.

---

[9] $450,000,000 Floating Rate Notes due 2012.
[10] $500,000,000 Floating Rate Notes due 2012.
[11] 5.25% Fixed Rate Notes due 2017.
[12] 8.250% Subordinated Notes due 2010.
[13] 4.625% Subordinated Notes due 2014.
[14] 7.250% Subordinated Notes due 2017.

# CERTIFICATE OF RESOLUTION

I, Stewart M. Landefeld, a duly authorized officer of Washington Mutual, Inc., a Washington corporation (the "Corporation"), hereby certify that the following resolutions were duly adopted by the vote of all of the Directors of the Corporation in attendance at a special meeting of the Board of Directors of the Corporation held on September 26, 2008 in accordance with the requirements of the Washington Business Corporation Act and that said resolutions have not been modified or rescinded and are still in full force and effect on the date hereof:

## Chapter 11 Case

WHEREAS, Washington Mutual, Inc. has determined that it is desirable and in the best interests of the Corporation and its creditors, employees, and other interested parties that a petition be filed by the Corporation, seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, President and Chief Operating Officer, and any Executive Vice President and any other person designated and so authorized to act (each, an "Authorized Officer") of the Corporation be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to execute and verify the petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time as the Authorized Officer executing the petition shall determine; and it is further

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP be, and hereby is, employed as attorneys for the Corporation under a general retainer in any such chapter 11 case, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that the law firm of Richards, Layton & Finger, P.A. be, and hereby is, employed as local counsel for the Corporation under a general retainer in any such chapter 11 case, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that the law firm of Simpson Thacher & Bartlett LLP be, and hereby is, employed a special counsel for the Corporation under a general retainer in any such chapter 11 case, subject to the approval of the Bankruptcy Court; and it is further

RESOLVED, that any Authorized Officer be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors,

and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Corporation's chapter 11 case, with a view to the successful prosecution of such case; and it is further

RESOLVED, that any Authorized Officer and such other officers of the Corporation as the Authorized Officers shall designate from time to time, and any employees or agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, and to take such other actions, as in the judgment of any such officer shall be or become necessary, proper, and desirable to effectuate the successful prosecution of the chapter 11 case; and it is further

RESOLVED, that any Authorized Person be, and hereby is, authorized and directed on behalf of the Corporation, as parent corporation of WMI Investment Corp. ("WMI Investment"), to remove each member of the Board of Directors of WMI Investment and to appoint Stewart M. Landefeld as (a) the sole member of the WMI Investment Board of Directors, and (b) the Executive Vice President of WMI Investment; and it is further

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer or the directors of the Corporation in the name and on behalf of the Corporation in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved.

IN WITNESS WHEREOF, I have duly executed this Certificate this twenty-sixth day of September, 2008.

By: Stewart M. Landefeld
Title: Executive Vice President

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :    **Chapter 11**
                                                               :
**WASHINGTON MUTUAL, INC.,**                                   :
                                                               :    Case No. 08-_____ (   )
                                                               :
       Debtor.                                                 :
                                                               :
---------------------------------------------------------------x

# LIST OF CREDITORS
## HOLDING 20 LARGEST UNSECURED CLAIMS[1]

The following is a list of creditors holding the twenty (20) largest unsecured claims against the above-captioned debtor (the "Debtor"). This list has been prepared from the unaudited books and records of the Debtor. The list reflects amounts from the Debtor's books and records as of September 26, 2008. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtor's chapter 11 case. This list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty (20) largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtor. Moreover, nothing herein shall affect the Debtor's right to challenge the amount or characterization of any claim at a later date.

| Name of Creditor | Complete Mailing Address of Creditor Including Zip Code | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off | Amount of Claim (If secured also state value of security) |
|---|---|---|---|---|
| The Bank of New York, as trustee for holders of Junior Subordinated Debentures | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Junior Subordinated Debentures | N/A | $1,150,000,000 |
| The Bank of New York, as trustee for holders of 4.00% Fixed Rate Notes due 2009 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Senior Debt | N/A | $805,000,000 |
| The Bank of New York as successor to Harris Trust and Savings Bank, as trustee for holders of 4.625% Subordinated Notes due 2014 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Subordinate | N/A | $732,000,000 |

---

[1] The List of Creditors reflects the latest information available to the Debtor as of September 26, 2008. The Debtor will continue to update this information and will provide a complete List of Creditors as soon as practicable.

| Name of Creditor | Complete Mailing Address of Creditor Including Zip Code | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off | Amount of Claim (if secured also state value of security) |
|---|---|---|---|---|
| The Bank of New York, as trustee for holders of 5.25% Fixed Rate Notes due 2017 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Senior Debt | N/A | $730,000,000 |
| The Bank of New York, as trustee for holders of 4.2% Fixed Rate Notes due 2010 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Senior Debt | N/A | $504,000,000 |
| The Bank of New York, as trustee for holders of $500,000,000 Floating Rate Notes due 2009 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Senior Debt | N/A | $359,000,000 |
| The Bank of New York as successor to Harris Trust and Savings Bank, as trustee for holders of 8.250% Subordinated Notes due 2010 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Subordinate | N/A | $452,000,000 |
| The Bank of New York as successor to Harris Trust and Savings Bank, as trustee for holders of $500,000,000 Floating Rate Notes due 2012 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Senior Debt | N/A | $447,000,000 |
| The Bank of New York, as trustee for holders of 7.250% Subordinated Notes due 2017 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Subordinate | N/A | $440,000,000 |
| The Bank of New York, as trustee for holders of 5.0% Fixed Rate Notes due 2012 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Senior Debt | N/A | $376,000,000 |
| The Bank of New York, as trustee for holders of $450,000,000 Floating Rate Notes due 2012 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Senior Debt | N/A | $363,000,000 |

| Name of Creditor | Complete Mailing Address of Creditor Including Zip Code | Nature of Claim (trade debt, bank loan, government contract, etc.) | Indicate if Claim is contingent, unliquidated, disputed or subject to set-off | Amount of Claim (If secured also state value of security) |
|---|---|---|---|---|
| The Bank of New York, as trustee for holders of 5.50% Fixed Rate Notes due 2011 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Senior Debt | N/A | $361,000,000 |
| The Bank of New York, as trustee for holders of $250,000,000 Floating Rate Notes due 2010 | Corporate Trust Administration 101 Barclay St. 8W New York, NY 10286 | Senior Debt | N/A | $176,000,000 |

Dated: September 26, 2008

By: Stewart M. Landefeld
Title: Executive Vice President

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :    Chapter 11
                                                               :
WASHINGTON MUTUAL, INC.,                                       :
                                                               :    Case No. 08-_____ (    )
                                                               :
          Debtor.                                              :
                                                               :
---------------------------------------------------------------x

## DECLARATION CONCERNING LIST
## OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

I, the undersigned authorized officer of Washington Mutual, Inc., named as the debtor in this case (the "Debtor"), declare under penalty of perjury that I have read the foregoing List of Creditors Holding 20 Largest Unsecured Claims against the Debtor and that the list is true and correct to the best of my information and belief.

Dated: September 26, 2008

*/s/ Stewart M. Landefeld*
_____
By: Stewart M. Landefeld
Title: Executive Vice President

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                                :
*In re*                                                         :     **Chapter 11**
                                                                :
**WASHINGTON MUTUAL, INC.,**                                    :
                                                                :     Case No. 08-_____ ( )
                                                                :
            **Debtor.**                                         :
                                                                :
---------------------------------------------------------------x

### STATEMENT ON (I) LIST OF CREDITORS AND EQUITY SECURITY HOLDERS, AND (II) CORPORATE OWNERSHIP STATEMENT

The above-captioned debtor (the "Debtor") filed a petition in this court on September 26, 2008 for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. As soon as practicable, the Debtor will file a motion requesting a waiver or an extension of the requirement for filing (I) a list of creditors and equity security holders pursuant to sections 105(a), 342(a), and 521(a)(1) of title 11 of the United States Code, Rules 1007(a) and 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and (II) its corporate ownership statement pursuant to Bankruptcy Rules 1007(a)(1) and 7007.1.

Dated: September 26, 2008

*[signature]*

By: Stewart M. Landefeld
Title: Executive Vice President