**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
: 
*In re* : **Chapter 11**
: 
**WASHINGTON MUTUAL, INC., <u>et al.</u>,**[1] : **Case No. 08-12229 (MFW)**
: 
Debtors. : **(Jointly Administered)**
: 
: Hearing Date: October 30, 2008 at 2:00 p.m.
---------------------------------------------------------------x  Objection Deadline: October 23, 2008 at 4:00 p.m.

**APPLICATION OF DEBTORS PURSUANT TO SECTIONS 327(a)
AND 328(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO
EMPLOY AND RETAIN WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS
FOR THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE**

TO THE HONORABLE MARY F. WALRATH,
UNITED STATES BANKRUPTCY JUDGE:

Washington Mutual, Inc. ("<u>WMI</u>") and WMI Investment Corp. ("<u>WMI Investment</u>"), as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), respectfully represent:

**<u>Background</u>**

1.  On September 26, 2008 (the "<u>Commencement Date</u>"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). As of the date hereof, the

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## WMI's Business

2.  WMI is a holding company incorporated in the State of Washington and headquartered at 1301 Second Avenue, Seattle, Washington 98101.  WMI is the direct parent of WMI Investment, which serves as an investment vehicle for WMI and holds a variety of securities.  WMI Investment is incorporated in the state of Delaware.

3.  Prior to the Commencement Date, WMI was a savings and loan holding company and had numerous direct and indirect banking subsidiaries, including Washington Mutual Bank ("WMB") and Washington Mutual Bank fsb ("WMBfsb").  WMI also has certain non-banking, non-debtor subsidiaries (the "Non-Debtor Subsidiaries").

4.  Prior to the Commencement Date, WMI, like all savings and loan holding companies, was subject to regulation by the Office of Thrift Supervision (the "OTS").  WMB and WMBfsb, like all depository institutions with federal thrift charters, were also subject to regulation and examination by the OTS.  In addition, WMI's banking and nonbanking subsidiaries were overseen by various federal and state authorities, including the Federal Deposit Insurance Corporation ("FDIC") and the Comptroller of the Currency of the United States.  On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Bank Receivership").  The Debtors have been advised that the receiver sold substantially all assets of WMB to JPMorgan Chase Bank, National Association ("JPMorgan Chase") pursuant to that certain Purchase and Assumption Agreement, dated as of September 25, 2008.

5. WMI's assets consist of its common stock interest in WMB, its interest in its non-banking subsidiaries, and approximately $5 billion of cash that WMI and its non-banking subsidiaries (including WMI Investment Corp.) had on deposit at WMB and its other banking subsidiaries immediately prior to the time the FDIC was appointed as receiver. WMI is in the process of evaluating these and other assets for purposes of ultimate distribution to its creditors.

### Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Retention of WG&M

7. The Debtors seek court approval pursuant to sections 327(a) and 328(a) of the Bankruptcy Code to employ and retain Weil, Gotshal & Manges LLP ("WG&M" or the "Firm") as their attorneys in connection with the commencement and prosecution of their chapter 11 cases, nunc pro tunc to the Commencement Date. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors request that the Court approve the retention of WG&M, under a general retainer, as their attorneys, to perform the extensive legal services that will be necessary during their chapter 11 cases in accordance with WG&M's normal hourly rates in effect when services are rendered and WG&M's normal reimbursement policies. A form of proposed order is attached hereto as Exhibit "A."

### The Retention of WG&M is Warranted

8. The Debtors have been informed that Marcia L. Goldstein, Michael F. Walsh and Brian S. Rosen, members of WG&M, as well as other members of, counsel to, and associates of WG&M who will be employed in these chapter 11 cases, are members in good

standing of, among others, the Bar of the State of New York and the United States District Court for the Southern District of New York.  Marcia L. Goldstein, Michael F. Walsh, and Brian S. Rosen are applying contemporaneously herewith for admission *pro hac vice* to practice before this Court.

9. The Debtors have selected WG&M as their attorneys because of the Firm's knowledge of the Debtors' business and financial affairs and its extensive general experience and knowledge, and in particular, its recognized expertise in the field of debtor's protections and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  WG&M has been actively involved in most of the major chapter 11 cases over the last several decades.  WG&M currently represents or has represented, among others, the following debtors: Enron Corp., Worldcom, Inc., Global Crossing Ltd., Lehman Brothers Holdings Inc., SemCrude, L.P., Vertis Holdings, Inc., LandSource Communities Development, LLC, PRC, LLC, Charys Holding Company, Inc., Hollinger Inc., The New York Racing Association, Lexington Precision Corp., Silicon Graphics, Inc., Atkins Nutritionals, Inc., Footstar, Inc., New World Pasta Company, Parmalat USA Corp., Loral Space & Communications Ltd., TL Administration Corporation, Republic Engineered Product Holdings, WestPoint Stevens Inc., Adelphia Business Solutions, Inc., APW Ltd., Formica Corp., Regal Cinemas, Inc., Sunbeam Corporation, Bethlehem Steel Corporation, Armstrong Worldwide Industries, Genesis Health Services Corp., Grand Union Corporation, Weiner's Stores, Carmike Cinemas, Inc., DIMAC Marketing Corporation, Sun Healthcare Group, Inc., United Companies Financial Corporation, Bruno's, Inc., The Drexel Burnham Lambert Group, Inc., Eastern Air Lines, Inc., Edison Brothers Stores, Inc. I & II, and Texaco Inc.

10.     Additionally, in connection with its prepetition representation of the Debtors with respect to alternatives for refinancing their financial obligations and the preparation for, and commencement of, these chapter 11 cases, WG&M has become familiar with the Debtors' business, affairs, and capital structure.  Accordingly, WG&M has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' chapter 11 cases.  The Debtors believe that WG&M is both well qualified and uniquely able to represent them in their chapter 11 cases in an efficient and timely manner.

11.     Should the Debtors be required to retain attorneys other than WG&M in connection with the prosecution of these chapter 11 cases, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtors and their business operations.

12.     In addition to this Application, the Debtors have filed or expect to file shortly an application to employ Richards, Layton & Finger, P.A. ("RLF"), as co-counsel to the Debtors.  The Debtors may also file applications to employ additional professionals.  WG&M has advised the Debtors that it intends to monitor carefully and coordinate with RLF and any other professional retained by the Debtors in these chapter 11 cases and will clearly delineate their respective duties so as to prevent duplication of effort, whenever possible.  Rather than resulting in any extra expense to the Debtors' estates, it is anticipated that the efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these chapter 11 cases.

### Scope of Services

13.     The employment of WG&M under a general retainer and in accordance with its normal hourly rates and disbursement policies in effect from time to time is appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to prosecute their chapter 11 cases.  Subject to further order of this Court, it is proposed that WG&M be employed to render the following professional services:

   a.   take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

   b.   prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

   c.   to take all necessary actions in connection with a chapter 11 plan and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

   d.   perform all other necessary legal services in connection with the prosecution of these chapter 11 cases.

14.     It is necessary for the Debtors to employ attorneys under a general retainer to render the foregoing professional services.

### WG&M's Disinterestedness

15.     WG&M has stated its desire and willingness to act in these chapter 11 cases and render the necessary professional services as attorneys for the Debtors.  To the best of the Debtors' knowledge, the members of, counsel, and associates of, WG&M do not have any connection with or any interest adverse to the Debtors, their creditors, or any other party in

interest, or their respective attorneys and accountants, except as may be set forth in the Affidavit of Brian S. Rosen, a member of WG&M (the "Rosen Affidavit"), annexed hereto as Exhibit "B."

16. Based upon the Rosen Affidavit, the Debtors submit that WG&M is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtors have been informed that WG&M will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, WG&M will supplement its disclosure to the Court.

**Professional Compensation**

17. As set forth in the Rosen Affidavit, WG&M received a retainer fee and an advance against expenses for services to be performed in preparation for and prosecution of these chapter 11 cases, in the amount disclosed in the Rosen Affidavit. Prior to the Commencement Date, WG&M applied amounts received from the Debtors as compensation for professional services performed relating to the potential commencement of these chapter 11 cases, as well as for reasonable and necessary expenses incurred in connection therewith.

18. The Debtors understand that WG&M hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the guidelines (the "Guidelines") established by the United States Trustee for the District of Delaware (the "U.S. Trustee"), and further orders of this Court ("Orders") for all services performed and expenses incurred after the Commencement Date.

19. For services rendered by WG&M in these cases, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, propose to pay WG&M its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Rosen Affidavit and to reimburse WG&M according to its customary reimbursement policies. The Debtors respectfully submit that WG&M's rates and policies are reasonable.

### Notice

20. No trustee, examiner, or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) each of the Debtors' twenty (20) largest unsecured creditors; (iii) the OTS; (iv) the FDIC; (v) counsel to JP Morgan Chase; (vi) counsel to Bank of New York Mellon; and (vii) all parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

### No Previous Request

21. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: Seattle, Washington
October 10, 2008

WASHINGTON MUTUAL, INC.
(for itself and on behalf of its affiliated debtor as Debtors and Debtors in Possession)

By: /s/ Stewart M. Landefeld
Stewart M. Landefeld
Executive Vice President
Washington Mutual, Inc.