# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---------------------------------------------------------x
:
*In re*                                                  :     **Chapter 11**
:
**WASHINGTON MUTUAL, INC., et al.,**[1]                  :     Case No. 08-12229 (MFW)
:
:     **(Jointly Administered)**
:
**Debtors.**                                             :
:     Hearing Date: November 25, 2008 at 10:30 a.m.
:     Objection Deadline: November 18, 2008 at 4:00 p.m.
---------------------------------------------------------x

## DEBTORS' MOTION PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### Background

1. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). As of the date hereof, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

2. On October 3, 2008, this Court entered an order pursuant to Rule 1015(b) of the Bankruptcy Rules authorizing the joint administration of the Debtors' chapter 11 cases.

3. On October 15, 2008, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed a statutory committee of unsecured creditors (the "Creditors' Committee").

### WMI's Business

4. WMI is a holding company incorporated in the State of Washington and headquartered at 1301 Second Avenue, Seattle, Washington 98101. WMI is the direct parent of WMI Investment, which serves as an investment vehicle for WMI and holds a variety of securities. WMI Investment is incorporated in the State of Delaware.

5. Prior to the Commencement Date, WMI was a savings and loan holding company and had numerous direct and indirect banking subsidiaries, including Washington Mutual Bank ("WMB") and Washington Mutual Bank fsb ("WMBfsb"). WMI also has certain non-banking, non-debtor subsidiaries (the "Non-Debtor Subsidiaries").

6. Prior to the Commencement Date, WMI, like all savings and loan holding companies, was subject to regulation by the Office of Thrift Supervision (the "OTS"). WMB and WMBfsb, like all depository institutions with federal thrift charters, were also subject to regulation and examination by the OTS. In addition, WMI's banking and nonbanking subsidiaries were overseen by various federal and state authorities, including the Federal Deposit Insurance Corporation ("FDIC") and the Comptroller of the Currency of the United States. On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately

taking possession of WMB (the "Bank Receivership"). The Debtors have been advised that the receiver sold substantially all assets of WMB to JPMorgan Chase Bank, National Association ("JPMorgan Chase") pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008.

7. WMI's assets consist of its common stock interest in WMB, its interest in its non-banking subsidiaries, in excess of $4 billion of cash that WMI and its non-banking subsidiaries (including WMI Investment Corp.) had on deposit at WMB and its other banking subsidiaries immediately prior to the time the FDIC was appointed as receiver. WMI is in the process of evaluating these and other assets for purposes of ultimate distribution to its creditors.

## Jurisdiction

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

9. By this motion (the "Motion"), the Debtors request, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, entry of an order, substantially in the form attached hereto as Exhibit "D," authorizing the Debtors to retain and compensate professionals used in the ordinary course of business (each, an "Ordinary Course Professional" and collectively, the "Ordinary Course Professionals") without the (i) submission of separate employment applications and affidavits and (ii) issuance of separate retention orders for each individual professional. A list of Ordinary Course Professionals is attached hereto as Exhibit "A."

## The Debtors' Proposed Procedures for
## Employment of Ordinary Course Professionals

10. The Debtors desire to employ the Ordinary Course Professionals to render a variety of professional services to their estates, in some cases, in the same manner and for the same purposes as the Ordinary Course Professionals did before the Commencement Date. These professionals provide professional services relating to tax, accounting, and crisis communications as well as other services relating to issues that have a direct and significant impact on the Debtors' day-to-day operations. It is essential that the employment of these Ordinary Course Professionals, many of whom already are familiar with the Debtors' business and affairs, be continued in order to assist the Debtors to prosecute their chapter 11 cases.

11. The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the basis set forth below are in the best interests of the Debtors' estates and creditors. The relief requested will save the estates the expenses associated with applying separately for the employment of each Ordinary Course Professional. Further, the relief requested will avoid the incurrence of additional fees relating to the preparation and prosecution of interim fee applications for each Ordinary Course Professional. Likewise, the procedure outlined below will relieve the Court, the U.S. Trustee and the Creditors' Committee of the burden of reviewing fee applications involving relatively small amounts of fees and expenses.

12. The Debtors propose that they be permitted to pay each Ordinary Course Professional, without a prior application to the Court, one hundred percent (100%) of the fees and disbursements incurred, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and

disbursements actually incurred; provided, however, that, in the aggregate, fees and disbursements to an Ordinary Course Professional not exceed a total of $35,000 per month on a "rolling basis" (the "Fee Limit"). Paying fees on a "rolling basis" would mean that an Ordinary Course Professional whose fees and disbursements were less than $35,000 in any month would be eligible to apply the difference between $35,000 and the amount billed in such month to any subsequent month in which fees and disbursements exceed $35,000; provided, however, that payment during any such subsequent month shall not exceed $50,000 per Ordinary Course Professional.

13.     In the event that an Ordinary Course Professional seeks more than the Fee Limit, such Ordinary Course Professional, together with the Debtors, shall submit a statement for the additional compensation sought (a "Fee Statement") to (i) U.S. Trustee and (ii) proposed counsel to the Creditors' Committee (the "Reviewing Parties"). The Reviewing Parties will have twenty (20) days following the date of the Fee Statement to notify the Debtors' counsel, in writing, of any objection to payment to such Ordinary Course Professional in excess of the Fee Limit (the "Fee Statement Objection Deadline"). Service of any such objection must be made upon (i) Mark D. Collins, Esq. at Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801; (ii) Brian S. Rosen, Esq. at Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153; and (iii) the Ordinary Course Professional, so that any such objection is actually received by the Fee Statement Objection Deadline. If no timely objection is received, the Debtors would be authorized to pay those amounts set forth in the Fee Statement. However, if a timely objection is received, the Debtors would not pay that professional *any* fees or disbursements for such month without Court approval, and the Ordinary Course Professional will be required

to file a fee application for the full amount of its fees and expenses incurred in such month in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), orders of the Court, and Fee Guidelines promulgated by the U.S. Trustee.

14.     Within thirty (30) days after the later of (i) the entry of an order granting the relief requested herein and (ii) the date on which each retained Ordinary Course Professional commences services for the Debtors, such Ordinary Course Professional shall provide to the Debtors' attorneys the following: (a) an affidavit, substantially in the form annexed hereto as Exhibit "B," certifying that the professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed (the "Ordinary Course Professional Affidavit"); and (b) a completed retention questionnaire, substantially in the form annexed hereto as Exhibit "C" (the "Retention Questionnaire"). The Debtors' attorneys shall then file the Ordinary Course Professional Affidavit and the Retention Questionnaire with the Court and serve it by first-class U.S. mail, postage prepaid, upon the Reviewing Parties. The Reviewing Parties shall have fifteen (15) days following the date of service to notify the Debtors' counsel, in writing, of any objection to the retention based upon the Ordinary Course Professional Affidavit and the Retention Questionnaire (the "Retention Objection Deadline") and file any such objection with the Court. Service of any such objection must be made upon Mark D. Collins, Esq. at Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 and Brian S. Rosen, Esq. at Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, so that any such objection is actually received by the Retention Objection

Deadline. If, after the Retention Objection Deadline, no objection is served and filed, the retention, employment, and compensation arrangements of such Ordinary Course Professional shall be deemed approved, without further order from the Court, and subject to the limitations discussed above, the Ordinary Course Professional may be paid one hundred percent (100%) of fees and reimbursed one hundred percent (100%) of expenses, without the need to file a fee application, based upon the submission of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred. The Debtors propose that no Ordinary Course Professional be paid any amounts for invoiced fees and expense reimbursement until its Ordinary Course Professional Affidavit and its Retention Questionnaire have been filed with the Court and the Retention Objection Deadline has passed. The Debtors reserve their right to dispute any invoice submitted by any Ordinary Course Professional. If a timely objection to the proposed retention of an Ordinary Course Professional hereunder is served and filed, and any such objection cannot be resolved within fifteen (15) days, the matter shall be set for a hearing before the Court.

15. The Debtors seek to reserve their right to retain additional Ordinary Course Professionals from time to time, as the need arises. The Debtors propose to file a list or lists of such additional professionals, along with the respective Ordinary Course Professional Affidavit and Retention Questionnaire, with the Court and to serve such list, Professional Affidavit and Retention Questionnaire upon the Reviewing Parties. The Debtors further propose that, if no objection to the retention of any such supplemental list is filed with the Court and served upon the Debtors' counsel, as set forth above, so that any objection is actually received within fifteen (15) days after the service of any such list, the list will be deemed approved by the Court in accordance with the provisions of this Motion without the

need for a hearing or further order. Any Ordinary Course Professional retained pursuant to a supplemental list of Ordinary Course Professionals will be paid in accordance with the terms and conditions set forth in the paragraphs above.

16. The Debtors propose that, every ninety (90) days (commencing ninety (90) days from the date of entry of an order approving the Motion), the Debtors will file a statement with the Court, and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief requested herein, which statement shall include the following information: (i) for each Ordinary Course Professional, (a) the name of such Ordinary Course Professional and (b) for each month, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such Ordinary Course Professional during the first sixty (60) days of each ninety (90) day period and the last thirty (30) days of the immediately prior ninety (90) day period, if applicable, and (ii) a list of any additional Ordinary Course Professionals that are retained or utilized after the Commencement Date and that are not listed on Exhibit "A" hereto.

## Employment of Ordinary Course Professionals Should Be Authorized

17. Section 327 (a) of the Bankruptcy Code provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Section 327(e) of the Bankruptcy Code further provides that "with the court's approval" a debtor may employ

> for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented

the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

18. Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment . . . ."

Section 330 of the Bankruptcy Code further provides, in pertinent part, that

[a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103 —

(A) reasonable compensation for actual, necessary services rendered by . . . the professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

Section 105(a) of the Bankruptcy Code provides,

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

19. Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors, or other parties in interest on the matters for which they would be employed that should preclude such professional from representing the

Debtors. Further, section 328(c) of the Bankruptcy Code excludes attorneys retained pursuant to section 327(e) from the requirement that such professional persons be a disinterested person. Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

20. The Debtors submit that, in light of the additional cost associated with the preparation of employment applications for professionals who will receive relatively small fees, it is impractical and inefficient for the Debtors to submit individual applications and proposed retention orders for each Ordinary Course Professional. Accordingly, the Debtors request that this Court dispense with the requirement of individual employment applications and retention orders for each Ordinary Course Professional.

21. Other than Ordinary Course Professionals, all professionals employed by the Debtors to assist in the prosecution of these chapter 11 cases will be retained by the Debtors pursuant to separate retention applications. These professionals shall be compensated in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and other orders of this Court.

22. Retention and payment plans similar to those that are proposed herein have been approved in many cases within this District. See, e.g., In re SemCrude, Case No. 08-11525 (BLS) (Bankr. D. Del. July 22, 2008); In re Landsource Communities Development LLC, Case No. 08-11111 (KJC) (Bankr. D. Del. July 9, 2008); In re Leiner Health Prods. Inc., Case No. 08-10466 (KJC) (Bankr. D. Del. Apr. 7, 2008); In re Sharper Image Corporation, Case No. 08-10322 (KG) (Bankr. D. Del. Apr. 2, 2008); In re Charys Holding Company Inc., Case No. 08-10289 (BLS) (Bankr. D. Del. March 10, 2008); In re Hancock Fabrics, Inc., Case

NY2:\1918026\15\153Y$15!.DOC\79831.0003
RLF1-3335661-1                                  10

No. 07-10353 (BLS) (Bankr. D. Del. Apr. 13, 2007); In re America Online Latin America, Inc., Case No. 05-11778 (MFW) (Bankr. D. Del. July 14, 2005).

23.    Based on the foregoing, the Debtors submit that the requested relief is necessary and appropriate, is in the best interests of their respective estates and creditors, and should be granted in all respects.

## Notice

24.    No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) proposed counsel for the Creditors' Committee; (iii) the OTS; (iv) the FDIC; (v) counsel to JPMorgan Chase; and (vi) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## No Previous Request

25. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: October 28, 2008
       Wilmington, Delaware

Respectfully submitted,

/s/ Mark D. Collins

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
Michael F. Walsh, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Proposed Attorneys to the Debtors and Debtors in Possession*