# EXHIBIT D

Proposed Order

NY2:\1918026\15\153Y$15!.DOC\79831.0003
RLF1-3335661-1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re*                                                                                      :   **Chapter 11**
:
WASHINGTON MUTUAL, INC., et al.,[1]                           :
:   Case No. 08- 12229 (MFW)
:
**Debtors.**                                                                         :   (Jointly Administered)
:
:   Re: Docket No. ___
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a), 327, 328, AND 330 OF THE
BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO EMPLOY
PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion, dated October 28, 2008 (the "Motion"), of Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment"), as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to employ and compensate professionals used in the ordinary course of business ("Ordinary Course Professionals"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized, to employ ordinary course professionals, including, but not limited to, those professionals listed on Exhibit "A" annexed hereto (collectively, the "Ordinary Course Professionals" and each an "Ordinary Course Professional") in the ordinary course of their business, effective as of the Commencement Date[2]; and it is further

ORDERED that within thirty (30) days of the later of (i) the date of entry of this Order and (ii) the date on which an Ordinary Course Professional commences services for the Debtors, each Ordinary Course Professional shall provide to the Debtors' attorneys the following: (a) an affidavit, substantially in the form annexed hereto as Exhibit "B," certifying that such professional does not represent or hold any interest adverse to the Debtors or their estates for the matter on which the professional is to be employed (the "Ordinary Course Professional Affidavit") and (b) a completed retention questionnaire, substantially in the form annexed hereto as Exhibit "C" (the "Retention

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Questionnaire"). The Debtors' attorneys shall promptly file the Ordinary Course Professional Affidavit and the Retention Questionnaire with the Court and serve it by first-class U.S. mail, postage prepaid, upon (i) U.S. Trustee and (ii) proposed counsel to the Creditors' Committee (the "Reviewing Parties"). The Reviewing Parties shall have 15 days following the date of service to notify the Debtors' counsel, in writing, of any objection to the retention based on the contents of the Ordinary Course Professional Affidavit and the Retention Questionnaire ("Retention Objection Deadline") and file any such objection with the Court, with service of any objection to be made upon Mark D. Collins, Esq. at Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801 and Brian S. Rosen, Esq. at Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153, so that any such objection is actually received by the Retention Objection Deadline; and it is further

ORDERED that if, after the Retention Objection Deadline, no objection is filed, the retention, employment, and compensation of such Ordinary Course Professional shall be deemed approved by the Court pursuant to sections 327 and 328 of the Bankruptcy Code, without further order from the Court, and, except as expressly provided herein, the Debtors may pay the Ordinary Course Professional one hundred percent (100%) of fees and one hundred percent (100%) of expenses sought by each Ordinary Course Professional retained pursuant to this Order, without application to the Court, upon the submission to, and approval by, the Debtors of reasonably detailed invoices indicating the nature of the services rendered and disbursements actually incurred, provided that payments, in the aggregate, do not exceed $35,000 per month per Ordinary Course Professional on a "rolling basis" (the "Fee Limit"); and it is further

ORDERED that paying fees on a "rolling basis" shall mean that an Ordinary Course Professional whose fees and disbursements are less than $35,000 in any month will be eligible to apply the difference between $35,000 and the amount billed in such month to any subsequent month in which fees and disbursements exceed $35,000; provided, however, that the payment to any Ordinary Course Professional in any such subsequent month shall not exceed $50,000; and it is further

ORDERED that if a timely objection is filed to the proposed retention of an Ordinary Course Professional hereunder, and any such objection cannot be resolved within fifteen (15) days, the matter shall be set for a hearing before the Court; and it is further

ORDERED that the Debtors shall not pay an Ordinary Course Professional any amounts for invoiced fees and expense reimbursement until its Ordinary Course Professional Affidavit and Retention Questionnaire have been filed with the Court and the Retention Objection Deadline has passed and, if an objection is filed within the Retention Objection Deadline, after the Court signs an order overruling such objection; and it is further

ORDERED that, in the event that an Ordinary Course Professional seeks an amount in excess of the Fee Limit, such Ordinary Course Professional, together with the Debtors, shall submit a statement for the additional compensation sought (a "Fee Statement") to the Reviewing Parties and the Reviewing Parties shall have twenty (20) days following the date of the Fee Statement to notify the Debtors' counsel, in writing, of any objection to payment to the Ordinary Course Professional in excess of the Fee Limit (the "Fee Statement Objection Deadline"), with service of any such objection to be made

upon (i) Mark D. Collins, Esq. at Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, Delaware 19801; (ii) Brian S. Rosen, Esq. at Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153; and (iii) the Ordinary Course Professional, so that any such objection is actually received by the Fee Statement Objection Deadline; and it is further

ORDERED that, if no objection is received, the Debtors are authorized to pay those amounts set forth in the Fee Statement; provided, however, that if a timely objection is received, such Ordinary Course Professional will be required to file a fee application for the full amount of its fees and disbursements for such month in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, orders of the Court, and Fee Guidelines promulgated by the U.S. Trustee; and it is further

ORDERED that the Debtors are authorized to supplement the list of Ordinary Course Professionals from time to time during these chapter 11 cases, as the need arises, and file such supplemental lists, along with the Ordinary Course Affidavit and Retention Questionnaire, with the Court and serve such list, Ordinary Course Affidavit and Retention Questionnaire on the Reviewing Parties by first class mail, postage-prepaid; and it is further

ORDERED that, if no objection to any such supplemental list, Ordinary Course Affidavit and Retention Questionnaire are served and filed within fifteen (15) days after the service thereof, the retention of such Ordinary Course Professionals shall be deemed approved by the Court pursuant to sections 327 and 328 of the Bankruptcy

NY2:\1918026\15\153Y$15!.DOC\79831.0003
RLF1-3335661-1

5

Code without the need for a hearing; provided, however, that, if an objection is served and filed, and any such objection cannot be resolved within fifteen (15) days, the matter shall be set for a hearing before the Court; and it is further

ORDERED that approximately every ninety (90) days (commencing ninety (90) days from the date of entry of the annexed proposed order), the Debtors will file a statement with the Court, and serve the same on the Reviewing Parties, certifying the Debtors' compliance with the terms of the relief requested herein, which statement shall include the following information: (i) for each Ordinary Course Professional, (a) the name of such Ordinary Course Professional and (b) for each month, the aggregate amounts paid as compensation for services rendered and as reimbursement of expenses incurred by such Ordinary Course Professional during the first sixty (60) days of each ninety (90) day period and the last thirty (30) days of the immediately prior ninety (90) day period, if applicable, and (ii) a list of any additional Ordinary Course Professionals that are retained or utilized after the Commencement Date and that are not listed on Exhibit "A" hereto; and it is further

ORDERED that the Debtors' right to dispute any invoices shall not be affected or prejudiced in any manner by the relief granted in this Order; and it is further

ORDERED that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court; and it is further

ORDERED that, notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: November ___, 2008
      Wilmington, Delaware

                                                _____
                                                THE HONORABLE MARY F. WALRATH
                                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

List of Ordinary Course Professionals

| PROFESSIONAL | SERVICES PROVIDED |
|---|---|
| Joele Frank, Wilkinson Brimmer Katcher | Crisis communication assistance, including, communication with investors, employees and other parties in interest. |
| Grant Thornton | Tax services. |

**EXHIBIT B**

Ordinary Course Professional Affidavit

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                            :
*In re*                                                     :    **Chapter 11**
                                                            :
**WASHINGTON MUTUAL, INC., et al.,**[1]                     :
                                                            :    **Case No. 08- 12229 (MFW)**
                                                            :
        **Debtors.**                                        :    **(Jointly Administered)**
                                                            :
                                                            :
------------------------------------------------------------x

**AFFIDAVIT AND DISCLOSURE STATEMENT OF** _____,
   **ON BEHALF OF** _____

STATE OF _____        )
                                ) ss:
COUNTY OF _____        )

_____, being duly sworn, upon his oath, deposes and says:

   1.   I am a _____ of _____, located at _____ (the "Company").

   2.   Washington Mutual, Inc. and WMI Investment Corp. (together, the "Debtors") have requested that the Company provide _____ services to the Debtors, and the Company has consented to provide such services (the "Services").

   3.   The Services include, but are not limited to, the following:_____

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

_____

_____.

4. The Company may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants, employees of the Debtors, or other parties in interest in these chapter 11 cases. The Company does not perform services for any such person in connection with these chapter 11 cases. In addition, the Company does not have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates with respect to the matters on which the Company is to be retained.

5. Neither I nor any principal of or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

6. Neither I nor any principal of or professional employed by the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters on which the Company is to be retained.

7. As of the date of the commencement of their chapter 11 cases, the Debtors owed the Company $_____ for prepetition services.

8. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this affidavit.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Affidavit and Disclosure Statement was executed on _____ 200\_, at _____, _____.

_____
Affiant Name:

SWORN TO AND SUBSCRIBED before me this \_\_\_ day of _____, 200\_.

_____
Notary Public

# EXHIBIT C

Retention Questionnaire

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :    Chapter 11
                                                               :
WASHINGTON MUTUAL, INC., et al.,[1]                            :
                                                               :    Case No. 08- 12229 (MFW)
                                                               :
        Debtors.                                               :    (Jointly Administered)
                                                               :
                                                               :
---------------------------------------------------------------x

RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED IN THE CHAPTER 11 CASES CAPTIONED In re Washington Mutual, Inc., et al. (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT. RETURN IT FOR FILING BY THE DEBTORS, TO:

>  Weil, Gotshal & Manges LLP
>  767 Fifth Avenue
>  New York, NY  10153
>  Attn:  Brian S. Rosen, Esq.

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of company:

   _____
   _____
   _____

2. Date of retention:

   _____

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

3. Type of services to be provided (accounting, legal, etc.):

    _____
    _____

4. Brief description of services to be provided:

    _____
    _____
    _____

5. Arrangements for compensation (hourly, contingent, etc.)

    _____

    (c) Average hourly rate (if applicable): _____

    (d) Estimated average monthly compensation based on prepetition retention (if company was employed prepetition):

    _____

6. Prepetition claims against any of the Debtors held by the company:

    Amount of claim: $_____

    Date claim arose: _____

    Nature of claim: _____

7. Prepetition claims against any of the Debtors held individually by any member, associate, or professional employee of the company:

    Name:
    _____

    Status:
    _____

    Amount of claim: $_____

    Date claim arose: _____

    Nature of claim: _____

_____
_____

8.  Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates for the matters on which the above-named company is to be employed.

_____
_____
_____
_____

9.  Name of individual completing this form.

_____