IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> WASHINGTON MUTUAL, INC., et al., <br><br> Debtors. | : Chapter 11 <br> : <br> : Case No. 08-12229 (MFW) <br> : <br> : Jointly Administered <br> : <br> : **Ref. Docket No. 155** |

**FDIC'S LIMITED OBJECTION TO MOTION OF DEBTORS PURSUANT
TO SECTION 105(A) AND 362 OF THE BANKRUPTCY CODE FOR INTERIM
AND FINAL ORDERS (I) ESTABLISHING NOTIFICATION PROCEDURES
AND APPROVING RESTRICTIONS ON CERTAIN TRANSFERS OF
INTEREST IN THE DEBTORS AND (II) SCHEDULING A FINAL HEARING**

The Federal Deposit Insurance Corporation (the "FDIC"), by its attorneys DLA Piper LLP (US) and Young Conaway Stargatt & Taylor, LLP, files this limited objection ("Limited Objection") to the Motion of Debtors pursuant to Section 105(a) and 362 of the Bankruptcy Code for Interim and Final Orders (i) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interest in the Debtors and (ii) Scheduling a Final Hearing (the "Motion") filed by Washington Mutual, Inc. ("WMI") and Washington Mutual Investment Corp. ("WMI Investment", and together with WMI, the "Debtors").[1] In support of its Limited Objection, the FDIC respectfully states:

**LIMITED OBJECTION**

1. The FDIC does not object to the notification procedures and transfer restrictions that the Debtors seek to establish by the Motion. Rather, the FDIC is filing this Limited Objection solely to make clear its disagreement with the Debtors' blanket assertion that certain net operating tax loss carry forwards (the "NOLs") are property of the Debtors' estates. See

---

[1] Capitalized terms not otherwise defined in this Limited Objection have the meaning ascribed to them in the Motion.

Motion at ¶¶15, 22. That issue may become a subject of dispute in these cases at some future time, but it need not be resolved in order to grant the relief requested by the Debtors in the Motion.

2. In the Motion, the Debtors seek to establish certain procedures to protect the potential value of Tax Attributes (as defined in the Motion) that include "WaMu's consolidated net operating tax loss carry forwards." The Debtors acknowledge that those NOLs might be the result of operating losses at the Debtors' non-debtor subsidiaries. Motion at ¶1 (defining "WaMu" for this purpose to include WMI's non-debtor subsidiaries). Therefore, most or all of the NOLs could be property of non-debtor members of the WMI consolidated tax filing group, and therefore, not property of the estates.

3. Prior to the Petition Date, WMI was a savings and loan holding company that owned Washington Mutual Bank ("WMB") and WMB's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI also has certain non-banking, non-debtor subsidiaries.

4. Prior to the Petition Date, on September 25, 2008, the Director of the Office of Thrift Supervision (the "OTS"), by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Receivership"). Immediately after its appointment as receiver, the FDIC sold substantially all the assets of WMB, including the stock of WMBfsb, to JPMorgan Chase, N.A. ("Chase"), pursuant to that certain Purchase and Assumption Agreement dated as of September 25, 2008 (the "Purchase Agreement").

5. Even if WMI filed joint federal income tax returns on behalf of itself and its subsidiaries and affiliates, tax attributes such as net operating loss carry forwards inure to the benefit of the entity that actually incurred the loss absent some express agreement to the

contrary. See Capital Bancshares, Inc. v. United States, 957 F.2d 203 (5th Cir. 1992); In re Bob Richards Chrysler-Plymouth Corp., 473 F.2d 262 (9th Cir. 1973); Jump v. Manchester Life & Casualty Mgmt. Corp., 438 F. Supp. 185 (E.D. Mo. 1977), aff'd 579 F.2d 449 (8th Cir. 1978); In re REVCO D.S., Inc., 111 B.R. 631 (Bankr. N.D. Oh. 1990); In re Florida Park Banks, Inc., 110 B.R. 986 (Bankr. M.D. Fla. 1990).

6. The case law uniformly holds that tax attributes, such as NOLs, and any accompanying refunds or benefits that are attributable to the earnings history of one member of a group of affiliated entities that files a consolidated return are owned by that member of the group. In the Ninth Circuit's seminal decision in Bob Richards, the trustee of a bankrupt subsidiary that had filed a consolidated federal income tax return with its parent corporation brought an action against the parent to obtain a tax refund which had been received by the parent. 473 F.2d at 262. The Ninth Circuit concluded that the refund belonged to the subsidiary, not the parent, because it was the result of a net operating loss incurred by the subsidiary and the "entire refund was due to the earnings history of the bankrupt." Id. at 263. In such circumstances, "[a]llowing the parent to keep any refunds arising solely from a subsidiary's losses simply because the parent and subsidiary chose a procedural device to facilitate their income tax reporting unjustly enriches the parent." Id. at 264-65.

7. The Bob Richards court also refused to permit the parent corporation to retain the tax refund as a set-off against a claim the parent had against the bankruptcy estate of the subsidiary, holding that the parent corporation had "received the tax refund from the government only in its capacity as agent for the consolidated group" and that "where the liability of one claiming set-off arises from a fiduciary duty or is in the nature of a trust, the requisite mutuality of debts and credits does not exist, and such persons may not set-off a debt owing from the

bankrupt against such liability." Id. at 265 (citation omitted); see also Jump, 438 F. Supp. at 189 (holding refund "is not a debt owed by [parent] to [subsidiary], but rather, a fund which [parent] holds in a specific trust for [subsidiary].").

8. Courts uniformly have followed Bob Richards, including several courts addressing the issue after the FDIC has been appointed receiver. Jump, 438 F. Supp. 185 (E.D. Mo. 1977), aff'd 579 F.2d 449 (8th Cir. 1978); Capital Bancshares, Inc., 957 F.2d 203 (5th Cir. 1992); In re Revco D.S., Inc., 111 B.R. 631 (Bankr. N.D. Ohio 1990); In re Florida Park Banks, Inc., 110 B.R. 986 (Bankr. M.D. Fla. 1990); United States v. Bass Fin. Corp., No. 83 C 706, 1984 U.S. Dist. LEXIS 17384, at *11-12 (N.D. Ill. Apr. 20, 1984); accord In re First Central Financial Corporation, 269 B.R. 481, 489 (E.D.N.Y. 2001) (citing Bob Richards, 473 F.2d at 265; Franklin Sav. Corp. v. Franklin Sav. Ass'n (In re Franklin Sav. Corp.), 159 B.R. 9 (Bankr. D. Kan. 1993)).

9. The cases cited by the Debtors in the Motion are not to the contrary. Indeed, in Nisselson v. Drex Indust., the Debtors' principal citation, the bankruptcy court held that "NOL carrybacks and carryovers are property of the estate of the loss corporation that generated them" and, following Bob Richards, that "[i]n the absence of a tax allocation agreement, principles of unjust enrichment dictate that a loss corporation is entitled to receive the refund generated by the application of its NOL carryback to reduce the amount of income tax that it paid during the carryback year." Id. (citing Bancshares, 957 F.2d at 208; Bob Richards, 473 F.2d at 265; Bass Fin. Corp., 1984 U.S. Dist. LEXIS 17384, at *11-12 ; Franklin Sav. Corp., 159 B.R. at 29; Revco D.S., Inc., 111 B.R. at 638; Florida Park Banks, Inc., 110 B.R. at 989. Nisselson v. Drew Indus., Inc. (In re White Metal Rolling & Stamping Corp.), 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998); see also Gibson v. United States (In re Russell), 927 F.2d 413, 417 (8th Cir. 1991) (cited by

Debtors) (stating only the general proposition that NOLs are property of debtor's estate where there was no dispute involving group of affiliated entities that filed jointly).

10. The question whether the NOLs or other Tax Attributes are the property of the Debtors' estates does not need to be resolved to allow the relief requested by the Debtors in the Motion. The FDIC objects to any such determination and respectfully submits that the issue should not be addressed at this time.

11. This Limited Objection, any corresponding consent, or any subsequent stipulation or agreement with the Debtors shall constitute neither an election of remedies nor submission to the authority and jurisdiction of the Bankruptcy Court by the FDIC.

## CONCLUSION

For the aforementioned reasons, the FDIC respectfully requests that this Court (i) deny the Motion to the extent it would establish that any NOLs, other Tax Attributes or any the resulting tax benefits or refunds attributable to the Debtors' non-debtor subsidiaries are property of the Debtors' estates, and (ii) grant such other and further relief as this Court deems just and proper.

Date: Wilmington, Delaware
October 30, 2008

Respectfully submitted,

**Young Conaway Stargatt & Taylor, LLP**

M. Blake Cleary (No. 3614)
Nathan D. Grow (No. 5014)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

and

**DLA PIPER US LLP**

Thomas R. Califano
Jeremy R. Johnson
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Counsel for the Federal Depository Insurance Corporation