UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                        :
*In re*                                 :       Chapter 11
                                        :
WASHINGTON MUTUAL, INC., *et al.*,      :
                                        :       Case No. 08-12229 (MFW)
                                        :
                                        :
        Debtors.                        :       (Jointly Administered)
                                        :
                                        :       Re: Docket No. 17
---------------------------------------------------------------x

## ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion dated October 1, 2008 (the "Motion"), of Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment"), as debtors and debtors in possession (collectively, the "Debtors"),[1] for entry of an order, pursuant to section 331 of title 11 of the United States Code (the "Bankruptcy Code"),[2] for the establishment of administrative procedures for payment of interim compensation of professionals, as more fully set forth in the Motion; and upon the Declaration of Stewart M. Landefeld in Support of the Debtors' Chapter 11 Petitions and First-day Motions; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

---

[1] The Debtors' federal tax identification numbers are: (i) for WMI, 91-1653725; and (ii) for WMI Investment, 20-5885395.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the motion is granted; and it is further

ORDERED that, except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in these cases (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a.    On or before the 25th day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Application by overnight mail on each of the following parties:

(i) Washington Mutual, Inc., 1301 Second Avenue, Seattle, Washington 98101 (Attn: to be determined);

(ii) counsel to the Debtors, Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Marcia L. Goldstein, Esq. and Brian S. Rosen, Esq.);

(iii) local counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq.); F

(iv) counsel to any statutory committee; and

(v) the Office of the United States Trustee, District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801.

Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application for a particular month or months. All Monthly Fee Applications will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and the Local Rules.

b. Each Notice Party will have until 4:00 p.m. (prevailing eastern time) on the 20th day (or the next business day if such day is not a business day) following service of the Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") and (ii) 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection pursuant to subparagraph (c) below.

c. If any Notice Party wishes to object to a Professional's Monthly Fee Application, it must (i) file a written objection (an "Objection") with the Court on or before the Objection Deadline and (ii) serve the Objection on the affected Professional and each of the other Notice Parties so that it is received by each of these parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the objection if requested by the parties.

d. Each Professional may submit its first Monthly Fee Application no earlier than the 15th day of the third full month of the Debtors' cases. This initial Monthly Fee Application will cover the period from the Commencement Date through the end of the full month preceding the filing date of the Monthly Fee Application. Thereafter, the Professionals may file Monthly Fee Applications in the manner described above.

e.  At four-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request, which will be substantially in the form of Exhibit "A" attached hereto and incorporated herein by reference, must include a brief description identifying the following:

(i) the Monthly Fee Applications that are the subject of the request;

(ii) the amount of fees and expenses requested;

(iii) the amount of fees and expenses paid to date or subject to an Objection;

(iv) the deadline for parties other than the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

(v) any other information requested by the Court or required by the Local Rules.

Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

f.  The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

g.  The first Interim Fee Period will cover the month in which the Commencement Date occurs and the four full months immediately following such month. Each Professional must file and serve its first Interim Fee Application Request on or before the 45th day following the end of the first Interim Period.

h.  The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or

expenses under the Compensation Procedures until such time as a Monthly Fee Application or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

i. Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court; and it is further

ORDERED that each member of any Committee is permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the respective Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules or the practices of this Court; and it is further

ORDERED that notice of interim and final fee application requests shall be served on (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court, pursuant to Bankruptcy Rule 2002 and requested such notice. In addition, (a) the Notice Parties shall be entitled to receive the Monthly Fee Applications, any Interim Fee Application Requests, any final fee application requests and any notices of hearing on interim or final fee application requests and (b) all other parties entitled to notice shall be entitled to receive only the notices of hearing on the interim and final fee application requests; and it is further

ORDERED that the Debtors must include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report, identifying the amount paid to each of the Professionals; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: Oct. 30, 2008
       Wilmington, Delaware

*[signature]*
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE