IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
                                                                                            :

| | |
|---|---|
| *In re* | : Chapter 11 |
| | : |
| WASHINGTON MUTUAL, INC., et al.,[1] | : Case No. 08-12229 (MFW) |
| | : |
| | : (Jointly Administered) |
| Debtors. | : |
| | : Hearing Date: November 25, 2008 at 10:30 a.m. |
| | : Objection Deadline: November 18, 2008 at 4:00 p.m. |

------------------------------------------------------------x

**APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION
PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE
BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO
EMPLOY AND RETAIN SHEARMAN & STERLING LLP AS SPECIAL TAX
LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO OCTOBER 8, 2008**

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment"), as debtors and debtors in possession (collectively, the "Debtors"), hereby submit this application (the "Application") for an order, pursuant to sections 327(e) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court District of Delaware (the "Local Rules"), authorizing them to employ Shearman & Sterling LLP ("Shearman & Sterling") as special tax litigation counsel for the Debtors, effective *nunc pro tunc* to October 8, 2008. In support of the Application, the Debtors rely on the declaration of Thomas D. Johnston (the "Johnston Declaration"), a copy of which is annexed hereto as Exhibit A, and further respectfully represent as follows:

RLF1-3339137-1

## Background

1. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of the Bankruptcy Code. As of the date hereof, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On October 15, 2008, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee").

## WMI's Business

4. WMI is a holding company incorporated in the State of Washington and headquartered at 1301 Second Avenue, Seattle, Washington 98101. WMI is the direct parent of WMI Investment, which serves as an investment vehicle for WMI and holds a variety of securities. WMI Investment is incorporated in the State of Delaware.

5. Prior to the Commencement Date, WMI was a savings and loan holding company that owned Washington Mutual Bank ("WMB") and such bank's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI also has certain non-banking, non-debtor subsidiaries (the "Non-Debtor Subsidiaries").

6. Prior to the Commencement Date, WMI, like all savings and loan holding companies, was subject to regulation by the Office of Thrift Supervision (the "OTS"). WMB and WMBfsb, like all depository institutions with federal thrift charters, were also subject to

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors'

regulation and examination by the OTS. In addition, WMI's banking and nonbanking subsidiaries were overseen by various federal and state authorities, including the Federal Deposit Insurance Corporation ("FDIC"). On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Bank Receivership"). The Debtors have been advised that the receiver sold substantially all the assets of WMB to JPMorgan Chase Bank, National Association ("JPMorgan Chase") pursuant to that certain Purchase and Sale Agreement, Whole Bank, dated September 25, 2008.

7. WMI's assets include its common stock interest in WMB, its interest in its non-banking subsidiaries, and in excess of $4 billion of cash that WMI and its non-banking subsidiaries (including WMI Investment) had on deposit at WMB and WMBfsb immediately prior to the time the FDIC was appointed as receiver. WMI is in the process of evaluating these and other assets for purposes of ultimate distribution to its creditors.

## Jurisdiction

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

9. By this Application, the Debtors request, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, entry of the proposed order, substantially in the form attached hereto as Exhibit B, authorizing them to employ Shearman & Sterling as special tax litigation counsel for the Debtors, effective *nunc pro tunc* to October 8, 2008.

---

principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

## The Retention of Shearman & Sterling Should Be Authorized

10. Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtors or to the estate with respect to the matter on which such attorneys are to be employed.

11 U.S.C. § 327(e).

11. As set forth in the Johnston Declaration, since June 2007,[2] Shearman & Sterling, together with Miller & Chevalier Chartered ("Miller & Chevalier") (co-counsel) and Perkins Coie LLP (local counsel in the first action listed below), has represented WMI in three pending tax litigations (the "Pending Tax Cases"):

- *Washington Mutual, Inc., as Successor in Interest to H.F. Ahmanson & Co. and Subsidiaries v. United States*, involving tax years 1990, 1992, and 1993, was commenced in October 2006 in the United States District Court for the Western District of Washington (Case No. CV06-1550). Summary judgment on the principal issue was granted for the United States on August 12, 2008, and final judgment is expected to be entered in January 2009. An appeal of the final judgment will be taken. Pending appeal, the deposition to preserve the testimony of an elderly witness is scheduled for December 11, 2008.

- *Washington Mutual Inc., as Successor in Interest to H.F. Ahmanson & Co. and Subsidiaries; Washington Mutual Bank, a Federal Association, as Successor in Interest to Home Savings of America; and Savings of America, Inc., as Substitute Agent for H.F. Ahmanson & Co. and Subsidiaries v. United States*, (Case No. 08-211), was commenced in 2008 in the United States Court of Federal Claims. This matter involves tax years 1991 and 1994. Defendant's Answer is due November 7, 2008. Defendant has moved for an enlargement of time to answer until December 8, 2008.

- *Washington Mutual, Inc., as Successor in Interest to H.F. Ahmanson & Co. and Subsidiaries; Washington Mutual Bank, a Federal Association, as Successor in Interest to Home Savings of America; and Savings of America, Inc., as Substitute Agent for H.F. Ahmanson & Co. and Subsidiaries v. United States*, (Case No. 08-321), was commenced in 2008 and is pending in the United States Court of Federal Claims. This matter

---

[2] Mr. Johnston has represented WMI on these tax matters since 2004, first as a member of Miller & Chevalier Chartered and since June 2007 as a member of Shearman & Sterling.

involves tax years 1995 and 1998. Defendant's Answer is due November 7, 2008. Defendant has moved for an enlargement of time to answer until December 8, 2008.

12. Over the course of its representation of the Debtors, Shearman & Sterling has become uniquely familiar with the factual and legal issues in dispute in the Pending Tax Cases, and the related businesses and affairs of the Debtors and their predecessors. Given the inefficiencies that would be associated with changing legal counsel, the Debtors request that the Court approve the employment of Shearman & Sterling as special tax litigation counsel to the Debtors to provide necessary postpetition legal services in connection with the Pending Tax Cases.[3] The Debtors believe that Shearman & Sterling is uniquely suited to represent the Debtors in the Pending Tax Cases due to Shearman & Sterling's pre-existing representation of the Debtors in the Pending Tax Cases and the complex tax matters involved therein. The Debtors believe that the employment of Shearman & Sterling as special tax counsel for the Debtors will enable the Debtors to avoid the unnecessary delay and expense otherwise attendant to another law firm familiarizing itself with the facts and law related to the Pending Tax Cases. For these reasons, the Debtors submit that the employment of Shearman & Sterling is in the best interests of the Debtors, their estates, and creditors.

13. In addition to seeking to retain Shearman & Sterling as special tax counsel, the Debtors have retained or expect retain, among others, (i) Weil, Gotshal & Manges LLP ("WG&M"), as the Debtors' general bankruptcy counsel, (ii) Richards, Layton & Finger P.A., as bankruptcy co-counsel, (iii) Alvarez & Marsal North America, LLC, as crisis managers, (iv) Simpson Thacher & Bartlett LLP, as special counsel, (v) Perkins Coie LLP, as special counsel, (vi) McKee Nelson LLP, as special tax litigation counsel, (vii) Gibson, Dunn & Crutcher LLP, as special tax litigation counsel, and (viii) Miller & Chevalier, as special tax

litigation counsel. Shearman & Sterling will coordinate with the Debtors' other professionals to ensure that the legal services provided by Shearman & Sterling in respect of the Pending Tax Cases, to the maximum extent possible, are complimentary and not duplicative of the legal services provided by the other counsel retained by the Debtors in these cases. In view of Shearman & Sterling's extensive experience with and knowledge of the Pending Tax Cases, it is important for Shearman & Sterling to continue to perform the legal services described herein.

### Shearman & Sterling Holds No Interest
### Adverse to the Debtors or Their Estates

14. To the best of the Debtors' knowledge, information, and belief, and except as otherwise set forth in the Johnston Declaration, in its employment in these chapter 11 cases, Shearman & Sterling does not have any connection with, or any interest adverse to, the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, with respect to the matters on which Shearman & Sterling is to be retained. *See* 11 U.S.C. § 327(e).

15. As described in the Johnston Declaration, Shearman & Sterling conducted a conflicts check to look for instances where parties listed on the document titled "Washington Mutual, Inc. Master Retention Checklist" provided by WG&M on October, 17, 2008 (the "Conflicts List"), were clients of the firm, or affiliates of clients of the firm.[4] Given the scope of the Conflicts List, and the limited scope of Shearman & Sterling's proposed engagement under section 327(e) of the Bankruptcy Code, the Debtors believe the results of Shearman & Sterling's search for "connections," as set forth on Schedule "B" to the Johnston Declaration, support that Shearman & Sterling has no interest adverse to the Debtors or to the estates.

---

[3] The Debtors are contemporaneously filing an application to retain Miller & Chevalier Chartered in connection with the Pending Tax Cases.

[4] *See* Johnston Declaration.

16. As described in the Johnston Declaration, Shearman & Sterling is owed approximately $867,000 for prepetition legal fees in connection with the three separate tax litigations. Inasmuch as Shearman & Sterling holds a prepetition claim against the Debtors, it is not a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtors submit that although Shearman & Sterling is not a "disinterested person" because it holds a prepetition claim for legal fees, it is nevertheless qualified to represent the Debtors as special tax litigation counsel because section 327(e) does not require that the attorney be "disinterested." *See* 3 COLLIER ON BANKRUPTCY ¶ 327.04[9][d] (15th ed. rev. 2008) (citing *DeVlieg-Bullard, Inc. v. Natale (In re DeVlieg, Inc.)*, 174 B.R. 497, 503 (N.D. Ill. 1994), *appeal dism'd*, 56 F.3d 32 (7th Cir. 1995) (on other grounds) and *In re G&H Steel Serv., Inc.*, 76 B.R. 508 (Bankr. E.D. Pa. 1987) for the proposition that an attorney's lack of "disinterestedness" does not disqualify him from being employed by the debtor under section 327(e)).

17. The Debtors have been informed that Shearman & Sterling will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Shearman & Sterling will promptly supplement its disclosure to the Court.

## Compensation

18. The Debtors understand that Shearman & Sterling hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of

Expenses Filed under 11 U.S.C. § 330 (the "Guidelines"), and further orders of this Court (the "Orders") for all services performed and expenses incurred after October 8, 2008.

19. As of the effective date of its retention, Shearman & Sterling will bill the Debtors at its standard billing rates, which range from $740 to $995 for partners, $535 to $850 for counsel and specialists, $345 to $705 for associates and $100 to $245 for legal assistants.[5] Prior to the Commencement Date, Shearman & Sterling billed WMI at a discount compared to its standard rates, but as a result of changed circumstances — including the fact that, as noted above, Shearman & Sterling is owed approximately $867,000 as of the Commencement Date — Shearman & Sterling has represented to the Debtors that the firm is no longer prepared to represent the Debtors at a discounted rate. Accordingly, going forward, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, propose to pay Shearman & Sterling its customary hourly rates that are in effect from time to time, as set forth in the Johnston Declaration. Schedule "C" to the Johnston Declaration sets forth the standard hourly rates for the principal attorneys presently designated to represent the Debtors in the Pending Tax Cases. The Debtors respectfully submit that such rates are reasonable and comparable to the rates other firms charge for similar services.

20. In addition to the foregoing, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines and any Orders, the Debtors propose to reimburse Shearman & Sterling for expenses incurred in connection with their representation of the Debtors, including, among other things, word processing, telephone and telecopier usage, photocopying charges, travel expenses, expenses for "working meals," and computer-aided research. The Debtors also propose to reimburse Shearman & Sterling for

---

[5] From time to time, Shearman & Sterling adjusts its standard billing rates according to market conditions. As those adjustments are made, they will become applicable to the Debtors.

expenses incurred for fees for the services of expert consultants or expert witnesses. The Debtors understand that Shearman & Sterling will charge the Debtors for these expenses in a manner and at rates consistent with charges made prior to the Commencement Date.

## The Relief Requested is Appropriate

21. Shearman & Sterling has continued to perform work on the Pending Tax Cases in good faith after October 8, 2008 to properly advance and protect the interests of the Debtors. Shearman & Sterling performed this work at the direction of the Debtors. Accordingly, it is appropriate that Shearman & Sterling be retained *nunc pro tunc* to October 8, 2008.

22. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

23. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) each of the Debtors' twenty (20) largest unsecured creditors; (iii) the OTS; (iv) the FDIC; (v) counsel to JPMorgan Chase; (vi) counsel to Bank of New York Mellon; (vii) proposed counsel to the Creditors' Committee; and (viii) parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## No Previous Request

24. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: November 7, 2008
       Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
Michael F. Walsh, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys to the Debtors
and Debtors in Possession*