IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
**In re:** : Chapter 11
:
**WASHINGTON MUTUAL, INC., et al.,**[1] : Case No. 08-12229 (MFW)
:
**Debtors.** : (Jointly Administered)
:
---------------------------------------------------------------x Re: Docket No. 155

FINAL ORDER PURSUANT TO SECTIONS
105(a) AND 362 OF THE BANKRUPTCY CODE
ESTABLISHING NOTIFICATION PROCEDURES
AND APPROVING RESTRICTIONS ON CERTAIN
TRANSFERS OF INTERESTS IN THE DEBTORS' ESTATES

Upon the motion, dated October 24, 2008 (the "Motion")[2] of Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment"), as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code"), seeking entry of a final order (the "Final Order") to establish notification procedures and approve restrictions on transfers of certain equity interests in WMI, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and it appearing that no other or further notice need be provided; and the Court having entered an

---

[1]   The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

[2]   All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

interim order granting the relief requested in the Motion on November 7, 2008 (the "Interim Order"); and the Court having reviewed the Motion and having heard the statements in support of the relief requested at the hearing on the Motion; and the Court having determined that the relief sought in the Motion pursuant to this Final Order is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is FOUND that:

1. The consolidated net operating tax loss carryforwards ("NOLs") and certain other tax attributes (together with NOLs, the "Tax Attributes") of WMI and its subsidiaries are property of the Debtors' estates and are protected by the automatic stay prescribed in section 362 of the Bankruptcy Code;[3]

2. Unrestricted trading of certain equity interests in WMI during the pendency of the Debtors' bankruptcy cases could severely limit the Debtors' ability to utilize the Tax Attributes for purposes of title 26 of the United States Code (the "Tax Code"), as set forth in the Motion;

3. The notification procedures and restrictions on transfers of WMI's common stock, certain classes of preferred stock and options to acquire such stock are necessary and proper to preserve the Tax Attributes and are therefore in the best interests of the Debtors, their estates, and their creditors;

---

[3] This Order does not affect the rights, titles, and interests, if any, of WMB or WMBfsb or FDIC or JPMorgan Chase & Co. with respect to the Tax Attributes; provided, however, that the foregoing shall not excuse JPMorgan Chase & Co. from any of the restrictions, requirements or procedures on or regarding acquisitions, dispositions and other transfers contained in this Order to the extent any of the foregoing would be otherwise applicable to JPMorgan Chase and Co.

4. The relief requested in the Motion is authorized under sections 105(a) and 362 of the Bankruptcy Code; and

5. On November 7, 2008, the Court entered the Interim Order (i) establishing notification procedures and approving restrictions on transfers of certain equity interests in WMI, and (ii) scheduling a final hearing. This Final Order will supersede the Interim Order.

THEREFORE, IT IS:

ORDERED that the Motion is granted on a final basis; and it is further

ORDERED that the provisions of this Final Order shall be effective, *nunc pro tunc*, to the date of the Motion; and it is further

ORDERED that all objections to the Motion not previously withdrawn are overruled; and it is further

ORDERED that any acquisition, disposition or other transfer in violation of the restrictions set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay prescribed in section 362 of the Bankruptcy Code and pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code. For purposes of this Final Order, any trades made before the entry of the Interim Order shall not be subject to this Final Order; and it is further

ORDERED that the following procedures and restrictions shall apply to trading in WMI Stock (as defined below) and are approved:

(1) Notice of Substantial WMI Stock Ownership. Any person or entity that beneficially owns, at any time on or after the filing date of the Motion, WMI Stock in an amount sufficient to qualify such person or entity as a Substantial Equityholder (as defined below) shall file with the Court, and serve upon the Debtors, Debtors' counsel, the Creditors' Committee's counsel, and counsel to Washington Mutual, Inc. Noteholder Group, a Notice of Substantial Stock Ownership (a "Substantial Ownership Notice"), in the form attached hereto as Exhibit "1," specifically and in detail describing the WMI Stock ownership of

such person or entity, on or before the date that is the later of: (a) ten (10) days after the entry of the Court's order or (b) ten (10) days after that person or entity qualifies as a Substantial Equityholder. At the holder's election, the Substantial Ownership Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of WMI Stock that such holder beneficially owns.

(2) Acquisition of WMI Stock or Options. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options, as defined below, to acquire such securities) that would result in an increase in the amount of WMI Stock beneficially owned by any person or entity that currently is or becomes a Substantial Equityholder or that would result in a person or entity becoming a Substantial Equityholder (a "Proposed Equity Acquisition Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferee") shall file with the Court, and serve upon the Debtors, Debtors' counsel, the Creditors' Committee's counsel, and counsel to Washington Mutual, Inc. Noteholder Group, a Notice of Intent to Purchase, Acquire or Otherwise Accumulate WMI Stock (an "Equity Acquisition Notice"), in the form attached hereto as Exhibit "2," specifically and in detail describing the proposed transaction in which WMI Stock would be acquired. At the holder's election, the Equity Acquisition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of WMI Stock that such holder beneficially owns and proposes to purchase or otherwise acquire.

(3) Disposition of WMI Stock or Options. At least twenty (20) calendar days prior to the proposed date of any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of WMI Stock beneficially owned by a Substantial Equityholder or that would result in a person or entity ceasing to be a Substantial Equityholder (a "Proposed Equity Disposition Transaction" and together with a Proposed Equity Acquisition Transaction, a "Proposed Equity Transaction"), such person, entity or Substantial Equityholder (a "Proposed Equity Transferor") shall file with the Court, and serve upon the Debtors, Debtors' counsel, the Creditors' Committee's counsel, and counsel to Washington Mutual, Inc. Noteholder Group, a Notice of Intent to Sell, Trade or Otherwise Transfer WMI Stock (an "Equity Disposition Notice"), in the form attached hereto as Exhibit "3," specifically and in detail describing the proposed transaction in which WMI Stock would be transferred. At the holder's election, the Equity Disposition Notice to be filed with the Court may be redacted to exclude such holder's taxpayer identification number and the number of shares of WMI Stock that such holder beneficially owns and proposes to sell or otherwise transfer.

(4) Objection Procedures. The Debtors and the Creditors' Committee shall have fifteen (15) calendar days after the filing of an Equity Acquisition Notice or an Equity Disposition Notice (the "Equity Objection Deadline"), as the case may be, to file with the Court and serve on a Proposed Equity Transferee or a

4

Proposed Equity Transferor, as the case may be, an objection to any proposed transfer of WMI Stock described in such Equity Acquisition Notice or Equity Disposition Notice on the grounds that such transfer may adversely affect the Debtors' ability to utilize the Tax Attributes (an "Equity Objection") as a result of an "ownership change" under section 382 or section 383 of the Tax Code.

- a) If the Debtors or the Creditors' Committee file an Equity Objection by the Equity Objection Deadline, then the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction shall not be effective unless approved by a final and nonappealable order of this Court.

- b) If the Debtors or the Creditors' Committee do not file an Equity Objection by the Equity Objection Deadline, or if the Debtors and the Creditors' Committee provide written authorization to the Proposed Equity Transferor approving the Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, prior to the Equity Objection Deadline, then such Proposed Equity Acquisition Transaction or the Proposed Equity Disposition Transaction, as the case may be, may proceed solely as specifically described in the Equity Acquisition Notice or the Equity Disposition Notice. Any further Proposed Equity Transaction proposed by the Proposed Equity Transferor or Proposed Equity Transferee, as the case may be, shall be the subject of additional notices as set forth herein and an additional twenty (20) calendar day waiting period.

(5) <u>Unauthorized Transactions in WMI Stock or Options</u>. Effective as of the date of the Motion and until further order of the Court to the contrary, any acquisition, disposition or other transfer of WMI Stock in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under sections 362 and 105(a) of the Bankruptcy Code.

(6) <u>Definitions</u>. For purposes of this Final Order:

- a) <u>Substantial Equityholder</u>. A "Substantial Equityholder" is any person or entity that beneficially owns at least:

    (i) 80,700,000 shares of WMI's common stock ("WMI Common Stock") (representing approximately 4.75% of all issued and outstanding shares of WMI's common stock); or

    (ii) 4.50% of the total number of outstanding shares of WMI's 7.75% Series R Non-Cumulative Perpetual Convertible Preferred

5

Stock, as of the date immediately prior to the date of filing of the Equity Acquisition Notice or the Equity Disposition Notice;[4] or

(iii) 4.75% of the total number of outstanding shares of any of the following classes of WMI preferred stock: Series I Perpetual Non-Cumulative Fixed-to-Floating Rate; Series J Perpetual Non-Cumulative Fixed Rate; Series L Perpetual Non-Cumulative Fixed-to-Floating Rate; Series M Perpetual Non-Cumulative Fixed-to-Floating Rate; and Series N Perpetual Non-Cumulative Fixed-to-Floating Rate;

b) <u>Beneficial Ownership</u>. "Beneficial ownership" (or any variation thereof of WMI Stock and Options to acquire WMI Stock) shall be determined in accordance with applicable rules under section 382 of the Tax Code, the U.S. Department of Treasury regulations ("<u>Treasury Regulations</u>") promulgated thereunder and rulings issued by the Internal Revenue Service, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (i) direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock and (iii) in certain cases, the ownership of an Option to acquire WMI Stock;

c) <u>Option</u>. An "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent or otherwise not currently exercisable; and

d) <u>WMI Stock</u>. "WMI Stock" shall mean WMI Common Stock, the 7.75% Series R Non-Cumulative Convertible Preferred Stock, and any of the following classes of WMI preferred stock: Series I Perpetual Non-Cumulative Fixed-to-Floating Rate; Series J Perpetual Non-Cumulative Fixed Rate; Series L Perpetual Non-Cumulative Fixed-to-Floating Rate; Series M Perpetual Non-Cumulative Fixed-to-Floating Rate; and Series N Perpetual Non-Cumulative Fixed-to-Floating Rate. For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of

---

[4] Because the Series R has conversion rights, the application of a lower percentage (4.5% rather than 4.75%) allows a cushion for the reduced number of shares of preferred stock that may be outstanding as of the actual acquisition or disposition of the shares that are the subject of the Equity Acquisition Notice or the Equity Disposition Notice.

an Option to acquire WMI Stock may be treated as the owner of such WMI Stock.

and it is further;

ORDERED that any person or entity acquiring, disposing of or transferring WMI Stock in violation of the restrictions set forth herein, or failing to comply with the Equity Acquisition Notice or Equity Disposition Notice requirements, as may be the case, shall be subject to such sanctions as the Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code; and it is further

ORDERED, that in the event that the transfer agent executes a transfer as instructed, the transfer agent, solely in its capacity as transfer agent, shall not incur liability to any party, solely with respect to such action, in the event such transfer is determined to be in violation of this Order;

ORDERED that the notice substantially in the form annexed hereto as Exhibit "3" is approved; and it is further

ORDERED that the Debtors shall (1) serve notice of the entry of this Final Order substantially in the form annexed hereto as Exhibit "4" (the "Final Procedures Notice") by facsimile, electronic mail or overnight mail on the Notice Parties, (2) post the Final Procedures Notice on the website established by the Debtors' claim agent, Kurtzman Carson Consultants, LLC, at http://www.kccllc.net, (3) submit a notice of the entry of this Final Order for publication on the Bloomberg newswire service, and (4) cause the Final Procedures Notice to be published once in each of The Wall Street Journal (National Edition) and The New York Times (National Edition); and it is further

ORDERED that, upon receipt of the Final Procedures Notice, (i) any transfer agents shall send the Final Procedures Notice to all holders of WMI Stock registered with the

transfer agent, (ii) any registered holder shall, in turn, provide the Final Procedures Notice to any holder for whose account the registered holder holds WMI Stock, and (iii) any holder shall, in turn, provide the Final Procedures Notice to any person or entity for whom the holder holds WMI Stock; and it is further

ORDERED that nothing herein shall preclude any person or entity that desires to purchase or transfer any WMI Stock from requesting relief from this Final Order in this Court subject to the Debtors' rights to oppose such relief; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that the requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate, and other laws, and do not excuse compliance therewith; and it is further

ORDERED that the Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Final Order; and it is further

ORDERED that the relief granted in this Final Order is intended solely to permit the Debtors and the Creditors' Committee to protect, preserve and maximize the value of the Tax Attributes. Accordingly, except to the extent the Final Order expressly conditions or restricts trading in equity interests in the Debtors, nothing in this Final Order or in the Motion shall or shall be deemed to prejudice, impair or otherwise alter or affect the rights of any holders of interests in the Debtors, including in connection with the treatment of any such interests during the pendency of the Debtors' bankruptcy cases.

Dated: November 18, 2008
Wilmington, Delaware

*[signature]*
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE