**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-----------------------------------------------------------------x
:
*In re*                                          :                    **Chapter 11**
:
**WASHINGTON MUTUAL, INC., et al.,**            :                    **Case No. 08-12229 (MFW)**
:
           **Debtors.**                         :                    **(Jointly Administered)**
:
:
-----------------------------------------------------------------x

## SCHEDULE OF ASSETS AND LIABILITIES FOR WMI INVESTMENT CORP.

**WMI Investment Corp.**
**Case Number: 08-12228 (MFW)**

---

## GENERAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES AND SOFAS

On September 26, 2008 (the "Commencement Date"), Washington Mutual, Inc. ("WMI"), and its subsidiary WMI Investment Corp. ("WMI Investment"), as debtors and debtors in possession (together, the "Debtors") in the above-referenced cases, each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The chapter 11 cases have been consolidated for procedural purposes only under Case No. 08-12229 (MFW). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

With the assistance of their Bankruptcy Court-appointed advisors, the Debtors' prepared their Schedules of Assets and Liabilities (collectively, the "Schedules") and their Statements of Financial Affairs (the "SOFAs" and together with the Schedules, the "Schedules and SOFAs") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), and they are not intended to be fully reconciled to the Debtors' financial statements.

Although the Debtors' have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and SOFAs, and inadvertent errors or omissions may have occurred. As discussed below in the section entitled "Disclaimer Regarding Information," the information provided herein, except as otherwise noted, is what was available to the Debtors and their professionals, in large part, as provided by JPMorgan Chase Bank, National Association ("JPMorgan Chase"), as custodians of most of the books and records of the Debtors as of the close of business on December 18, 2008. Because the Schedules and SOFAs contain unaudited information, which information is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and SOFAs are complete. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and SOFAs as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and SOFAs

shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Schedules and SOFAs have been signed by John Maciel, Chief Financial Officer of the Debtors and a Director of Alvarez & Marsal North America, LLC ("Alvarez & Marsal"), the Debtors restructuring advisors. In reviewing and signing the Schedules and SOFAs, Mr. Maciel has necessarily relied upon the efforts, statements, and representations of the Debtors' personnel and professionals and the information, efforts, statements, and representations of Washington Mutual Bank ("WMB"), JPMorgan Chase and their respective personnel. Although data received from JPMorgan Chase has been reviewed by Mr. Maciel, other members of Alvarez & Marsal, and the Debtors, Mr. Maciel has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

These General Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and SOFAs (the "General Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and SOFAs and should be referred to and considered in connection with any review of the Schedules and SOFAs.

Disclaimer Regarding Information. Prior to the Commencement Date, WMI was a savings and loan holding company that owned WMB and WMB's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI also has certain non-banking, non-debtor subsidiaries (the "Non-Debtor Subsidiaries"). Like all savings and loan holding companies, WMI was subject to regulation by the Office of Thrift Supervision (the "OTS"), and WMI's banking and nonbanking subsidiaries were overseen by various federal and state authorities, including the Federal Deposit Insurance Corporation ("FDIC").

On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Receivership"). Immediately after its appointment as receiver, the FDIC sold substantially all the assets of WMB, including the stock of WMBfsb, to JPMorgan Chase pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008.

Before the Receivership, the operations of the Debtors, WMB and WMBfsb, and their respective subsidiaries, were necessarily connected and collectively managed. As a result, it may not be immediately clear whether the Debtors or WMB own or are liable for certain of the assets and liabilities listed on the Schedules and SOFAs. In addition, the financial affairs and businesses of the Debtors, WMB and WMBfsb, were complex, and before the Receivership, the Debtors participated in a consolidated cash management system through which certain payments may have been made by one entity on behalf of another. As a result, certain payments in the Schedules and SOFAs may have been made prepetition by one entity on behalf of another entity through the pre-Receivership operations. In addition, as a result of the Receivership, many of WMI's books and records are in the custody of JPMorgan Chase. Accordingly, the Debtors find

themselves in the unique position of not being in control of certain information relating to WMI and its current and former subsidiaries, including, but not limited to, certain accounting information. Furthermore, WMI is party to many agreements with vendors who lease property, perform services, deliver goods, or license software that primarily benefit the banking operations formerly owned by WMB (and now owned and operated by JPMorgan Chase). Information regarding WMI's contracts was, in large part, provided to the Debtors by representatives of JPMorgan Chase. WMI reserves all rights with respect thereto, including the right to dispute any liabilities under such contracts. In recognition of these circumstances, the Debtors and JPMorgan Chase have endeavored to maintain an open dialogue regarding, among other things, the Debtors' need to access their books and records.

Accordingly, the Schedules and SOFAs have been prepared, in large part, based upon the information and work product and/or representations made available to the Debtors and their professionals by representatives of WMB and JPMorgan Chase. Given the Debtors' limited, and in most cases indirect, access to the information necessary to complete the Schedules and SOFAs, the Debtors could not verify the accuracy or completeness of all the information, statements and representations of WMB and JPMorgan Chase. This disclaimer is incorporated by reference in, and comprises an integral part of the Schedules and SOFAs, and should be considered in connection with any review of the Schedules and SOFAs.

Asset Presentation. The Debtors have reported the market value of cash and cash equivalents and investment securities where market values were readily accessible as of September 26, 2008. The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to obtain current market valuations of all of their assets. Accordingly, where necessary, the Debtors have indicated in the Schedules and SOFAs that the value of certain assets (and liabilities) is "Unknown" or "Undetermined." Where possible, however, the Debtors have provided the net book value of their assets (and liabilities) as of September 26, 2008. The ultimate market value of the Debtors' assets and liabilities may vary materially from the net book values presented in the Schedules and SOFAs.

In addition, notwithstanding the fact that some assets may not have been recorded on the Debtors' books and records, in certain circumstances the Debtors have listed assets as contingent assets on the Schedules and SOFAs. There may be additional assets that belong to the Debtors that have not been included on the Schedules and SOFAs. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein and to add additional assets, as such information becomes available.

In addition, any omission of an asset of the Debtors on the Schedules and SOFAs does not constitute a representation regarding the ownership of the asset, and any such omission shall not constitute a waiver of any and all rights of the Debtors with respect to that particular asset.

Liabilities. The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs and the information, representations and statements provided by WMB and JPMorgan Chase. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and

postpetition periods may change. The Debtors also reserve the right to change the allocation of liability to the extent additional information becomes available.

In addition, notwithstanding the fact that some liabilities may not have been recorded on the books and records, the Debtors have listed some of those liabilities on the Schedules and SOFAs, as the Debtors may be the contractual party. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

JPMorgan Chase may have satisfied certain prepetition claims against WMI. To the extent that information was available with respect to these claims, the Debtors have listed the liabilities, and the identity of the original creditor, attributable to each claim, in the amount that existed as of the Commencement Date. However, due to JPMorgan Chase's satisfaction of these prepetition claims, the Debtors reserve all rights to dispute the amount of these liabilities as set forth on the Schedules and SOFAs.

The Debtors have also listed all prepetition liabilities associated with any unexpired contract or lease listing WMI as one of the parties, although the goods and services provided pursuant to such contract may be intended for, and provided solely for, the benefit of WMB. The Debtors reserve all rights to dispute the liabilities related to such contracts.

Recharacterization. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs. However, due to the complexity and size of the Debtors' business, and the Debtors' aforementioned limited access to the necessary information, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAs at a later time as necessary or appropriate as additional information becomes available.

Claims Description. Any failure to designate a claim on the Debtors' Schedules and SOFAs as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent," or "unliquidated." Moreover, the Debtors reserve the right to amend the Schedules and SOFAs as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

Contingent Assets/Causes of Action. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and SOFAs. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these General Notes or the Schedules and SOFAs shall be deemed a waiver of any such claims,

avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated or formerly affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, (v) indemnities, (vi) warranties, and (vii) taxes. Additionally, prior to the Commencement Date, the Debtors, as plaintiffs, may have commenced various lawsuits in the ordinary course of business against third parties seeking monetary damages. Refer to WMI's SOFA, item 4(a)(i), for lawsuits commenced prior to the Commencement Date in which WMI was a plaintiff.

Insiders. In the circumstances where the Schedules and SOFAs require information regarding "insiders" (as defined in the instructions to the Schedules and SOFAs), the Debtors, respectively, have included information with respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods. Such individuals may no longer serve as an officer or director of either Debtor. Inclusion of information with respect to any such individual is not intended to be, nor shall it be construed as, a binding or legal characterization of such individual as an "insider," as defined under the Bankruptcy Code, federal and state securities laws or any other applicable law. Additionally, the inclusion of information with respect to any such individual is not intended to be, nor shall it be, an admission of any fact, or any claim, right or defense, and any and all such rights, claims and defenses are hereby expressly reserved for all purposes. Information regarding the individuals listed as "insiders" in the Schedules and SOFAs has been included for informational purposes only; such information may not be used for the purpose of determining control of the Debtors, or the extent to which any individual exercised management responsibilities or functions with respect to, or corporate decision-making authority over, the Debtors.

Schedule D- Creditors Holding Secured Claims. Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The description provided in Section D are intended only to be a summary. Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens is not an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.

Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the General Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements.

Schedule E- Creditors Holding Unsecured Priority Claims. The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status

of any claim on any basis.  While reasonable efforts have been made, determination of the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and therefore, the Debtors do not list a date for each claim listed on Schedule E.

Schedule F- Creditors Holding Unsecured Nonpriority Claims.  The liabilities identified in Schedule F are largely derived from the information provided by representatives of WMB and JPMorgan Chase, based on the books and records of WMI in WMB's possession, which may or may not, be complete or accurate.  However, they do represent a reasonable attempt by the Debtors to set forth their unsecured obligations.  Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs.  Parties in interest should consult their own professionals and/or advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur through the duration of these chapter 11 cases.

The claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose may be unknown or subject to dispute.  Although reasonable efforts have been made to determine the date upon which claims listed in Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule F.

Schedule G- Executory Contracts.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Commencement Date or is valid or enforceable.  As set forth in the "Disclaimer Regarding Information," the information contained in the Schedules and SOFAs, including information regarding executory contracts and unexpired leases, was provided by JPMorgan Chase, and accordingly, JPMorgan Chase made the determination of whether the liabilities under certain contracts or agreements belonged to the Debtors or WMB.  The Debtors hereby reserve all of their rights to dispute the validity, status, enforceability or liability under, any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents are also not set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreement are not impaired by the omission.

The Debtors have used reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties"), including Guaranties in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guaranties have been identified, they have been included in the relevant Schedule G for the Debtors or Debtors affected by such Guaranties. The Debtors, however, believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules and SOFAs to the extent that such additional Guaranties are identified.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

SOFA 4a - Suits and Administrative Proceedings

The list of litigation contained in SOFA 4a may contain certain proceedings that were intended to be filed against WMB, but, were inadvertently filed against WMI. In such instances, the Debtors have made a reasonable effort to note this point in the status description, but may have inadvertently omitted this note with respect to some of the litigations. Any information contained in SOFA 4a shall not be a binding representation of the liability of the Debtors with respect to any of the suits and proceedings included therein. Furthermore, the information contained therein reflects the information available to the Debtors and their professionals as of December 18, 2008.

Specific Notes. These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. The fact that the Debtors have prepared a specific note with respect to a particular Schedule or SOFA and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any or all of the Debtors' remaining Schedules or SOFAs, as appropriate. Disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

Totals. All totals that are included in the Schedules and SOFAs represent totals of the liquidated amounts for the individual schedule for which they are listed.

Unliquidated Claims Amounts. Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

<u>Undetermined Amounts</u>.  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

<u>General Reservation of Rights</u>.  The Debtors specifically reserve the right to amend, modify, supplement, correct, change or alter any part of the Schedules and SOFAs as and to the extent necessary as they deem appropriate.

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**District of Delaware**

**In re: WMI Investment Corp.**                                    **Case No. 08-12228 (MFW)**

**Chapter 11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 10 | $319,419,257.00 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **18** | **$319,419,257.00** [(1)] | **$0.00** | |

Footnote
(1) - The reported value of assets includes only cash and equivalents and investment securities where market values were reasonably attainable. The Debtor believes it would be an inefficient use of the assets of the Debtor's estate for the Debtor to obtain current market valuations of their assets for the purpose of these Schedules. Therefore, total reported assets does not include values for certain assets of the Debtor's estate. See descriptions and exhibits to Schedule B for additional information regarding the net book value of such assets as of the Commencement Date.



0812228081219092143506346

**In re: WMI Investment Corp.**

**Case No. 08-12228 (MFW)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | $0.00 | |

(Report total also on Summary of Schedules.)

**In re: WMI Investment Corp.**                                                                    **Case No. 08-12228 (MFW)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."   If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | $0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Washington Mutual Bank - Account xxx-xxx470-7 1301 2nd Ave, Seattle, WA  98101 Checking Account | | $52,974,376.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | $0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | $0.00 |

Subtotal (Total on this page)  **$52,974,376.00**

**In re: WMI Investment Corp.**                                    **Case No. 08-12228 (MFW)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | $0.00 |
| 6.  Wearing apparel. | X | | | $0.00 |
| 7.  Furs and jewelry. | X | | | $0.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | $0.00 |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | $0.00 |
| 10.  Annuities. Itemize and name each issuer. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

**In re: WMI Investment Corp.**                                      **Case No. 08-12228 (MFW)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | $0.00 |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | $0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See attached Schedule B13 | | $116,210,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | | 50% Ownership Interest in JP Morgan Chase Wind Investments LLC Corporate Trust Center, 1209 Orange St, Wilmington, DE Net book value as of 9/26/08 is $65,952,708 | | Undetermined |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | | See attached Schedule B15 | | $150,234,881.00 |
| 16. Accounts Receivable. | | See attached Schedule B16 for net book value for receivables, including intercompany loan with Washington Mutual, Inc. | | Undetermined |

Subtotal (Total on this page)    **$266,444,881.00**

**In re: WMI Investment Corp.**                                            **Case No. 08-12228 (MFW)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $0.00 |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | $0.00 |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | $0.00 |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $0.00 |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Net book value of tax refunds as of 9/26/08 was $22,187,560 Any tax related claims recorded on the Debtor's books and records do not reflect any potential claims against these assets. The recorded balance does not reflect the Debtor's expected refunds, which are currently being reviewed. | | Undetermined |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page) | **$0.00**

**In re: WMI Investment Corp.**                                      **Case No. 08-12228 (MFW)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | $0.00 |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $0.00 |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | $0.00 |
| 26.  Boats, motors, and accessories. | X | | | $0.00 |
| 27.  Aircraft and accessories. | X | | | $0.00 |
| 28.  Office equipment, furnishings, and supplies. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

**In re: WMI Investment Corp.**                                                    **Case No. 08-12228 (MFW)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | $0.00 |
| 30.  Inventory. | X | | | $0.00 |
| 31.  Animals. | X | | | $0.00 |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | $0.00 |
| 33.  Farming equipment and implements. | X | | | $0.00 |
| 34.  Farm supplies, chemicals, and feed. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

**In re: WMI Investment Corp.**                                              **Case No. 08-12228 (MFW)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35.  Other personal property of any kind not already listed.  Itemize. | X | | | $0.00 |

|  |  |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$319,419,257.00** [1] |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

Footnote
(1) - The Debtor did not obtain market valuations for its assets for the purposes of these Schedules.  Current value represents the market value as of 9/26/08 for cash and cash equivalents and investment securities where market values were reasonably attainable.    Therefore, the total does not include a value for all assets.  See the attached exhibits to Schedule B for additional information regarding net book values.

| Business Name | Address 1 | Address 2 | City | State | Zip | # of shares (1) | Original Cost | Market Value as of 9/26/08 |
|---|---|---|---|---|---|---|---|---|
| Wachovia Corp, CUSIP 922903276 Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | 1,000,000 | 25,000,000 | 6,850,000 |
| MetLife, CUSIP 59156R603 Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | 600,000 | 15,000,000 | 11,460,000 |
| Georgia Power, CUSIP 373334119 Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | 250,000 | 25,000,000 | 21,900,000 |
| Bank of America, CUSIP 060505740 Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | 4,000,000 | 100,000,000 | 76,000,000 |
| | | | | | | | Total | **116,210,000** |
| 1 - Preferred stock | | | | | | | | |

| Issuer | Address 1 | Address 2 | City | State | Zip | Description of investment | Market value as of 9/26/08 |
|---|---|---|---|---|---|---|---:|
| **Trading  - Asset Backed Securities** | | | | | | | |
| Foreign Issue: ABSs Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Credit Card Asset Baked Securities, CUSIP 90042Paa3 | 24,921,380 |
| **Trading - Collateralized Mortgage Obligations** | | | | | | | |
| Foreign Issue: CMOs Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | CMOs - Variable rate, CUSIP 71419XAD5 | 23,779,200 |
| Foreign Issue: CMOs Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | CMOs - Variable rate, CUSIP 38741YDC0 | 19,060,858 |
| Foreign Issue: CMOs Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | CMOs - Variable rate, CUSIP 38741YAH2 | 25,825,895 |
| Foreign Issue: CMOs Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | CMOs - Variable rate, CUSIP 22882VAA6 | 6,689,988 |
| **Total Trading - Collateralized Mortgage Obligations** | | | | | | **Subtotal** | 75,355,942 |
| **AFS - Corporate Bonds** | | | | | | | |
| PNC Financial Services Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Corporate Bonds, CUSIP 693475AJ4 | 37,447,160 |
| Citigroup Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Corporate Bonds, CUSIP 172967ER8 | 12,510,400 |
| **Total AFS - Corporate Bonds** | | | | | | **Subtotal** | 49,957,560 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | **Total** | 150,234,881 |

| Company | Address 1 | Address 2 | City | State | Zip | Type of receivable | Receivable balance | Market Value as of 9/26/08 |
|---|---|---|---|---|---|---|---|---|
| **Loans to Parent:** | | | | | | | | |
| Washington Mutual, Inc. | 1301 2nd Ave | | Seattle | WA | 98101 | Intercompany Master Note Receivable | **565,844,196** | **Undetermined** |
| | | | | | | | | |
| **Other Assets:** | | | | | | | | |
| **Interest Receivable - Corp Bonds** | | | | | | | | |
| Citigroup Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Interest Receivable - Corp. Bonds | 695,333 | Undetermined |
| PNC Financial Services Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Interest Receivable - Corp. Bonds | 1,155,000 | Undetermined |
| **Total Interest Receivable - Corp Bonds** | | | | | **Subtotal** | | **1,850,333** | **-** |
| | | | | | | | | |
| **Interest Receivable - Foreign Asset Backed Securities** | | | | | | | | |
| Foreign Issue: ANS Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Interest receivable - foreign asset-backed securities | **20,891** | **Undetermined** |
| | | | | | | | | |
| **Interest Receivable - Collateralized Mortgage Obligations** | | | | | | | | |
| Foreign Issue: CMOs Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Interest receivable - CMOs | 32,378 | Undetermined |
| Foreign Issue: CMOs Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Interest receivable - CMOs | 8,792 | Undetermined |
| Foreign Issue: CMOs Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Interest receivable - CMOs | 83,019 | Undetermined |
| Foreign Issue: CMOs Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Interest receivable - CMOs | 24,662 | Undetermined |
| **Total Interest Receivable - Collateralized Mortgage Obligations** | | | | | **Subtotal** | | **148,851** | **-** |
| | | | | | | | | |
| **Dividends Receivable - Preferred Stock** | | | | | | | | |
| Wachovia Corp, CUSIP 922903276 Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Dividends receivable on preferred stock | 66,667 | Undetermined |
| MetLife, CUSIP 59156R603 Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Dividends receivable on preferred stock | 27,083 | Undetermined |
| Georgia Power, CUSIP 373334119 Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Dividends receivable on preferred stock | 388,194 | Undetermined |
| Bank of America, CUSIP 060505740 Custodian: Bank of New York | William Hartman | One Wall Street, 17th Floor | New York | NY | 10286 | Dividends receivable on preferred stock | 1,582,639 | Undetermined |
| **Total Dividends Receivable - Preferred Stock** | | | | | **Subtotal** | | **2,064,583** | **-** |
| | | | | | | | | |
| | | | | | **Total** | | 569,928,854 | - |

**In re: WMI Investment Corp.**                                                    **Case No. 08-12228 (MFW)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | |
| | | | Subtotal(s) (Total(s) on this page) | | | | $0.00 | $0.00 |
| | | | Total(s) (Use only on last page) | | | | $0.00 | $0.00 |
| | | | | | | | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

**In re: WMI Investment Corp.**                                    **Case No. 08-12228 (MFW)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**In re: WMI Investment Corp.**                                         **Case No. 08-12228 (MFW)**

☐   **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

    Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐   **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**In re: WMI Investment Corp.**  **Case No. 08-12228 (MFW)**

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | | |
| Subtotals (Totals on this page): | | | | | | | **$0.00** | **$0.00** | **$0.00** |
| Total: (Report also on the Summary of Schedules) | | | | | | | **$0.00** | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | | | | | | | **$0.00** | **$0.00** |

**In re: WMI Investment Corp.**                    Case No. 08-12228 (MFW)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.   See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| NONE | | | | | | | |
| | | | | | | Subtotal (Total on this page) | $0.00 |
| | | | | | | Total | $0.00 |
| | | | | | | (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

**In re: WMI Investment Corp.**                                    **Case No. 08-12228 (MFW)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

**In re: WMI Investment Corp.**                                    **Case No. 08-12228 (MFW)**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☑ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| NONE | |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**In re: WMI Investment Corp.**                                    **Case No. 08-12228 (MFW)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, John Maciel, Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 29 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __12/19/08__                          Signature: _____
                                                          John Maciel
                                                          Chief Financial Officer

-----------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**