**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                                            :
```
*In re*                                                   :       **Chapter 11**
                                                            :
**WASHINGTON MUTUAL, INC., et al.,**               :       **Case No. 08-12229 (MFW)**
                                                            :
            **Debtors.**                                 :       **(Jointly Administered)**
                                                            :
                                                            :
```
-----------------------------------------------------------x
```

**STATEMENT OF FINANCIAL AFFAIRS FOR WMI INVESTMENT CORP.**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**WMI Investment Corp.**
**Case Number: 08-12228 (MFW)**

---

**GENERAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES AND SOFAS**

On September 26, 2008 (the "Commencement Date"), Washington Mutual, Inc. ("WMI"), and its subsidiary WMI Investment Corp. ("WMI Investment"), as debtors and debtors in possession (together, the "Debtors") in the above-referenced cases, each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The chapter 11 cases have been consolidated for procedural purposes only under Case No. 08-12229 (MFW). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

With the assistance of their Bankruptcy Court-appointed advisors, the Debtors' prepared their Schedules of Assets and Liabilities (collectively, the "Schedules") and their Statements of Financial Affairs (the "SOFAs" and together with the Schedules, the "Schedules and SOFAs") pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure. The Schedules and SOFAs are unaudited and do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), and they are not intended to be fully reconciled to the Debtors' financial statements.

Although the Debtors' have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and SOFAs, and inadvertent errors or omissions may have occurred. As discussed below in the section entitled "Disclaimer Regarding Information," the information provided herein, except as otherwise noted, is what was available to the Debtors and their professionals, in large part, as provided by JPMorgan Chase Bank, National Association ("JPMorgan Chase"), as custodians of most of the books and records of the Debtors as of the close of business on December 18, 2008. Because the Schedules and SOFAs contain unaudited information, which information is subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and SOFAs are complete. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and SOFAs. Accordingly, the Schedules and SOFAs remain subject to further review and verification by the Debtors. The Debtors reserve their right to amend the Schedules and SOFAs from time-to-time as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and SOFAs as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and SOFAs

shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

The Schedules and SOFAs have been signed by John Maciel, Chief Financial Officer of the Debtors and a Director of Alvarez & Marsal North America, LLC ("Alvarez & Marsal"), the Debtors restructuring advisors. In reviewing and signing the Schedules and SOFAs, Mr. Maciel has necessarily relied upon the efforts, statements, and representations of the Debtors' personnel and professionals and the information, efforts, statements, and representations of Washington Mutual Bank ("WMB"), JPMorgan Chase and their respective personnel. Although data received from JPMorgan Chase has been reviewed by Mr. Maciel, other members of Alvarez & Marsal, and the Debtors, Mr. Maciel has not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

These General Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules and SOFAs (the "General Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and SOFAs and should be referred to and considered in connection with any review of the Schedules and SOFAs.

Disclaimer Regarding Information. Prior to the Commencement Date, WMI was a savings and loan holding company that owned WMB and WMB's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI also has certain non-banking, non-debtor subsidiaries (the "Non-Debtor Subsidiaries"). Like all savings and loan holding companies, WMI was subject to regulation by the Office of Thrift Supervision (the "OTS"), and WMI's banking and nonbanking subsidiaries were overseen by various federal and state authorities, including the Federal Deposit Insurance Corporation ("FDIC").

On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Receivership"). Immediately after its appointment as receiver, the FDIC sold substantially all the assets of WMB, including the stock of WMBfsb, to JPMorgan Chase pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008.

Before the Receivership, the operations of the Debtors, WMB and WMBfsb, and their respective subsidiaries, were necessarily connected and collectively managed. As a result, it may not be immediately clear whether the Debtors or WMB own or are liable for certain of the assets and liabilities listed on the Schedules and SOFAs. In addition, the financial affairs and businesses of the Debtors, WMB and WMBfsb, were complex, and before the Receivership, the Debtors participated in a consolidated cash management system through which certain payments may have been made by one entity on behalf of another. As a result, certain payments in the Schedules and SOFAs may have been made prepetition by one entity on behalf of another entity through the pre-Receivership operations. In addition, as a result of the Receivership, many of WMI's books and records are in the custody of JPMorgan Chase. Accordingly, the Debtors find

themselves in the unique position of not being in control of certain information relating to WMI and its current and former subsidiaries, including, but not limited to, certain accounting information.  Furthermore, WMI is party to many agreements with vendors who lease property, perform services, deliver goods, or license software that primarily benefit the banking operations formerly owned by WMB (and now owned and operated by JPMorgan Chase).  Information regarding WMI's contracts was, in large part, provided to the Debtors by representatives of JPMorgan Chase.  WMI reserves all rights with respect thereto, including the right to dispute any liabilities under such contracts.  In recognition of these circumstances, the Debtors and JPMorgan Chase have endeavored to maintain an open dialogue regarding, among other things, the Debtors' need to access their books and records.

Accordingly, the Schedules and SOFAs have been prepared, in large part, based upon the information and work product and/or representations made available to the Debtors and their professionals by representatives of WMB and JPMorgan Chase.  Given the Debtors' limited, and in most cases indirect, access to the information necessary to complete the Schedules and SOFAs, the Debtors could not verify the accuracy or completeness of all the information, statements and representations of WMB and JPMorgan Chase.  This disclaimer is incorporated by reference in, and comprises an integral part of the Schedules and SOFAs, and should be considered in connection with any review of the Schedules and SOFAs.

Asset Presentation.  The Debtors have reported the market value of cash and cash equivalents and investment securities where market values were readily accessible as of September 26, 2008.  The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to obtain current market valuations of all of their assets.  Accordingly, where necessary, the Debtors have indicated in the Schedules and SOFAs that the value of certain assets (and liabilities) is "Unknown" or "Undetermined."  Where possible, however, the Debtors have provided the net book value of their assets (and liabilities) as of September 26, 2008.  The ultimate market value of the Debtors' assets and liabilities may vary materially from the net book values presented in the Schedules and SOFAs.

In addition, notwithstanding the fact that some assets may not have been recorded on the Debtors' books and records, in certain circumstances the Debtors have listed assets as contingent assets on the Schedules and SOFAs.  There may be additional assets that belong to the Debtors that have not been included on the Schedules and SOFAs.  The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein and to add additional assets, as such information becomes available.

In addition, any omission of an asset of the Debtors on the Schedules and SOFAs does not constitute a representation regarding the ownership of the asset, and any such omission shall not constitute a waiver of any and all rights of the Debtors with respect to that particular asset.

Liabilities.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and SOFAs and the information, representations and statements provided by WMB and JPMorgan Chase.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and

postpetition periods may change. The Debtors also reserve the right to change the allocation of liability to the extent additional information becomes available.

In addition, notwithstanding the fact that some liabilities may not have been recorded on the books and records, the Debtors have listed some of those liabilities on the Schedules and SOFAs, as the Debtors may be the contractual party. The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

JPMorgan Chase may have satisfied certain prepetition claims against WMI. To the extent that information was available with respect to these claims, the Debtors have listed the liabilities, and the identity of the original creditor, attributable to each claim, in the amount that existed as of the Commencement Date. However, due to JPMorgan Chase's satisfaction of these prepetition claims, the Debtors reserve all rights to dispute the amount of these liabilities as set forth on the Schedules and SOFAs.

The Debtors have also listed all prepetition liabilities associated with any unexpired contract or lease listing WMI as one of the parties, although the goods and services provided pursuant to such contract may be intended for, and provided solely for, the benefit of WMB. The Debtors reserve all rights to dispute the liabilities related to such contracts.

Recharacterization. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and SOFAs. However, due to the complexity and size of the Debtors' business, and the Debtors' aforementioned limited access to the necessary information, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all of their rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and SOFAs at a later time as necessary or appropriate as additional information becomes available.

Claims Description. Any failure to designate a claim on the Debtors' Schedules and SOFAs as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, or classification, or to otherwise designate any claim as "disputed," "contingent," or "unliquidated." Moreover, the Debtors reserve the right to amend the Schedules and SOFAs as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

Contingent Assets/Causes of Action. The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and SOFAs. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these General Notes or the Schedules and SOFAs shall be deemed a waiver of any such claims,

avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated or formerly affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guaranties, (v) indemnities, (vi) warranties, and (vii) taxes. Additionally, prior to the Commencement Date, the Debtors, as plaintiffs, may have commenced various lawsuits in the ordinary course of business against third parties seeking monetary damages. Refer to WMI's SOFA, item 4(a)(i), for lawsuits commenced prior to the Commencement Date in which WMI was a plaintiff.

Insiders. In the circumstances where the Schedules and SOFAs require information regarding "insiders" (as defined in the instructions to the Schedules and SOFAs), the Debtors, respectively, have included information with respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods. Such individuals may no longer serve as an officer or director of either Debtor. Inclusion of information with respect to any such individual is not intended to be, nor shall it be construed as, a binding or legal characterization of such individual as an "insider," as defined under the Bankruptcy Code, federal and state securities laws or any other applicable law. Additionally, the inclusion of information with respect to any such individual is not intended to be, nor shall it be, an admission of any fact, or any claim, right or defense, and any and all such rights, claims and defenses are hereby expressly reserved for all purposes. Information regarding the individuals listed as "insiders" in the Schedules and SOFAs has been included for informational purposes only; such information may not be used for the purpose of determining control of the Debtors, or the extent to which any individual exercised management responsibilities or functions with respect to, or corporate decision-making authority over, the Debtors.

Schedule D- Creditors Holding Secured Claims. Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The description provided in Section D are intended only to be a summary. Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens is not an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.

Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the General Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements.

Schedule E- Creditors Holding Unsecured Priority Claims. The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status

of any claim on any basis.  While reasonable efforts have been made, determination of the date upon which each claim in Schedule E was incurred or arose would be unduly burdensome and therefore, the Debtors do not list a date for each claim listed on Schedule E.

Schedule F- Creditors Holding Unsecured Nonpriority Claims.  The liabilities identified in Schedule F are largely derived from the information provided by representatives of WMB and JPMorgan Chase, based on the books and records of WMI in WMB's possession, which may or may not, be complete or accurate.  However, they do represent a reasonable attempt by the Debtors to set forth their unsecured obligations.  Accordingly, the actual amount of claims against the Debtors may vary from the represented liabilities.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of aggregate asset values and aggregate liabilities set forth in the Schedules and SOFAs.  Parties in interest should consult their own professionals and/or advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated financials the Debtors believe to be reasonable, actual liabilities (and assets) may deviate from the Schedules and SOFAs due to certain events that occur through the duration of these chapter 11 cases.

The claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose may be unknown or subject to dispute.  Although reasonable efforts have been made to determine the date upon which claims listed in Schedule F was incurred or arose, fixing that date for each claim in Schedule F would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule F.

Schedule G- Executory Contracts.  While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Commencement Date or is valid or enforceable.  As set forth in the "Disclaimer Regarding Information," the information contained in the Schedules and SOFAs, including information regarding executory contracts and unexpired leases, was provided by JPMorgan Chase, and accordingly, JPMorgan Chase made the determination of whether the liabilities under certain contracts or agreements belonged to the Debtors or WMB.  The Debtors hereby reserve all of their rights to dispute the validity, status, enforceability or liability under, any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination, nondisturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents are also not set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreement are not impaired by the omission.

The Debtors have used reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties"), including Guaranties in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guaranties have been identified, they have been included in the relevant Schedule G for the Debtors or Debtors affected by such Guaranties. The Debtors, however, believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. Thus, the Debtors reserve all of their rights to amend the Schedules and SOFAs to the extent that such additional Guaranties are identified.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

SOFA 4a - Suits and Administrative Proceedings

The list of litigation contained in SOFA 4a may contain certain proceedings that were intended to be filed against WMB, but, were inadvertently filed against WMI. In such instances, the Debtors have made a reasonable effort to note this point in the status description, but may have inadvertently omitted this note with respect to some of the litigations. Any information contained in SOFA 4a shall not be a binding representation of the liability of the Debtors with respect to any of the suits and proceedings included therein. Furthermore, the information contained therein reflects the information available to the Debtors and their professionals as of December 18, 2008.

Specific Notes. These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. The fact that the Debtors have prepared a specific note with respect to a particular Schedule or SOFA and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any or all of the Debtors' remaining Schedules or SOFAs, as appropriate. Disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

Totals. All totals that are included in the Schedules and SOFAs represent totals of the liquidated amounts for the individual schedule for which they are listed.

Unliquidated Claims Amounts. Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

Undetermined Amounts.  The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

General Reservation of Rights.  The Debtors specifically reserve the right to amend, modify, supplement, correct, change or alter any part of the Schedules and SOFAs as and to the extent necessary as they deem appropriate.

B7 (Official Form 7) (12/07)

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### District of Delaware

In re: WMI Investment Corp.                                                      Case No. 08-12228 (MFW)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**1. Income from employment or operation of business**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| | $2,160,437.77 | Consolidated gross revenue for the 2008 fiscal year, through 9/26/2008 |
| | $11,904,842.47 | Consolidated gross revenue for the 2007 fiscal year |
| | $82,124.52 | Consolidated gross revenue for the 2006 fiscal year |

Page 1 of 9



0812228081219092248506347

**2. Income other than from employment or operation of business**
State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| X | | |

**3. Payment to creditors**

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| X | | | | |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|---|
| X | | | |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|---|
| X | | | | |

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|---|
| X | | | | |

### 8. Losses
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|---|
| X | | | |

### 9. Payments related to debt counseling or bankruptcy
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

### 10. Other transfers
a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|---|
| X | | | |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|---|
| X | | | |

### 11. Closed financial accounts
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|---|
| X | | | |

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|---|
| X | | | | |

## 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|---|
| X | | | |

## 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|---|
| X | | | |

## 15. Prior address of debtor

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|---|
| | 1201 Third Ave Seattle, WA 98101 | WMI Investment Corp. | 9/1/88 – 11/30/06 |

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NONE | NAME |
|---|---|
| X | |

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| X | | | | |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|---|
| X | | | | |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|---|
| X | | | |

**18. Nature, location and name of business**

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|---|
| X | | | | | |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|---|---|---|
| X | | |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| | Melissa Ballenger - SVP and Controller<br>1301 Second Ave<br>Seattle, WA 98101 | 2007 - 9/26/2008 |
| | Tom Casey - Executive Vice President and CFO<br>1301 Second Ave<br>Seattle, WA 98101 | 2007 - 9/26/2008 |

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|---|
|  | Deloitte & Touche LLP | Alan J. Schaub<br>925 Fourth Ave, Suite 3300<br>Seattle, WA 98104-1126 | 2007 - 9/26/2008 |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|---|---|---|
|  | JPMorgan Chase | 1301 Second Ave<br>Seattle, WA 98101 |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|---|---|---|
| X |  |  |

**20. Inventories**

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|---|
| X |  |  |  |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|---|
| X |  |  |

**21 . Current Partners, Officers, Directors and Shareholders**

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|---|
| X |  |  |  |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|---|
|  | See attached SOFA 21b |  |  |
|  | Washington Mutual, Inc.<br>1301 Second Ave<br>Seattle, WA 98101 |  | 100% |

**22 . Former partners, officers, directors and shareholders**

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|---|
| X |  |  |  |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
|  | Andrea Radosevich | Secretary | 9/26/2008 |
|  | Charles E Smith | Director, Assistant Secretary | 9/26/2008 |
|  | Dave Coultas | First Vice President | 9/26/2008 |
|  | Patricia Johnson | Assistant | 9/26/2008 |
|  | Peter Freilinger | Director, President | 9/26/2008 |
|  | Robert Williams | Treasurer | 9/26/2008 |

**23 . Withdrawals from a partnership or distributions by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X |  |  |  |

**24. Tax Consolidation Group.**
If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
|  | Washington Mutual, Inc. | 91-1653725 |

**25. Pension Funds**
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X |  |  |

**In re: WMI Investment Corp.**
**Case No. 08-12228**
SOFA 21b
Current Partners, Officers, Directors and Shareholders

| Name | Address 1 | City | State | Zip | Title |
|---|---|---|---|---|---|
| Doreen Adamson Logan | 1301 Second Ave | Seattle | WA | 98101 | Director & Officer |
| William Kosturos | 1301 Second Ave | Seattle | WA | 98101 | Officer* |
| Jon Goulding | 1301 Second Ave | Seattle | WA | 98101 | Officer* |
| John Maciel | 1301 Second Ave | Seattle | WA | 98101 | Officer* |
| Rishi Jain | 1301 Second Ave | Seattle | WA | 98101 | Officer* |
| | | | | | |
| * Employee of Alvarez and Marsal | | | | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: WMI Investment Corp.                                   Case No. 08-12228 (MFW)

## Declaration Concerning Debtor's Statement of Financial Affairs

I, John Maciel, Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   12/19/08                              Signature: _____
                                                        John Maciel
                                                        Chief Financial Officer

---

**Penalty for making a false statement or concealing property:** Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.