# EXHIBIT E

EXECUTION COPY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] :
: Case No. 08-12229 (MFW)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------x

### STIPULATION BY AND BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A. CONCERNING CERTAIN ACCOUNTS

Washington Mutual, Inc. ("WMI") and WMI Investment Corporation ("WMI Investment" and together with WMI, collectively, the "Debtors"), as debtors and debtors in possession, and JPMorgan Chase Bank, N.A. ("Chase" and together with the Debtors, collectively, the "Parties"), hereby submit this Stipulation By And Between Debtors And JPMorgan Chase Bank, N.A. (the "Stipulation"), and in support thereof, respectfully stipulate as follows:

## RECITALS

WHEREAS, on September 25, 2008, the Federal Deposit Insurance Corporation (the "FDIC"), in its corporate capacity and as receiver of Washington Mutual Bank, Henderson, Nevada ("WMB") and Chase entered into that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 (the "Purchase Agreement"), which Purchase Agreement is publicly available at http://www.fdic.gov/about/freedom/popular.html;

WHEREAS, on September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

Court") a voluntary case (collectively, the "Bankruptcy Cases") pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, as of the date hereof, the Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, the books and records transferred to Chase in connection with the Purchase Agreement reflect the accounts (the "Accounts") and balances (the "Funds") specified on Exhibit A hereto, at least one of which Chase asserts is subject to an Account Security Agreement, dated as of May 31, 2002 (the "Security Agreement"), with respect to certain intercompany obligations between WMI and WMB;

WHEREAS, Chase and Washington Mutual Bank fsb ("WMBfsb" and together with Chase, "JPM") assert that they have not located, other than with respect to a limited number of Accounts, any deposit account agreements establishing the Accounts, any other agreements regarding the maintenance of or withdrawals from the Accounts or any signature cards or other specification of any authorized signatories with respect to the Accounts;

WHEREAS, JPM has been and still is engaged in the transition of the operations it acquired on September 25, 2008 under the Purchase Agreement, including working with the FDIC, closing the books of WMB as required under the Purchase Agreement, and transitioning and integrating the customers, employees and vendors of WMB and WMBfsb into JPM;

WHEREAS, in addition to the transition of WMB's and WMBfsb's operations, the Debtors and JPM have been cooperating to provide information requested by the Debtors in connection with the Bankruptcy Cases and to facilitate the operations of the Debtors, WMB and WMBfsb, including providing information regarding creditors and the Accounts;

WHEREAS, JPM asserts that it has not had the opportunity to fully evaluate the nature or extent of the rights, if any, JPM may have (including as a result of the Purchase Agreement) with respect to setoff, statutory bankers' liens, intercompany agreements, or otherwise;

WHEREAS, the Debtors continue to evaluate the information provided by JPM on Exhibit A;

WHEREAS, the Debtors assert that the Funds in the Accounts are the deposits of the Debtors and the Debtors' non-bank subsidiaries and have requested that JPM release the Funds from the Accounts and transfer them to other accounts of the Debtors not held with Chase or with WMBfsb;

WHEREAS, Chase is a national banking association and, accordingly, the withdrawal of funds from an account at Chase is subject to customary regulatory policies and procedures; and

WHEREAS, JPM is prepared to accede to the Debtors' request, provided that (a) the Debtors comply with the requirements for the transfer specified in paragraph 2 below; and (b) any right, title, priority or other interest, if any, that JPM may have (including as a result of the Purchase Agreement) in connection with the Accounts and the Funds contained therein is preserved upon the terms and conditions specified in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED AND AGREED AS FOLLOWS:**

1. JPM and the Debtors agree that, upon execution, delivery and approval of the deposit account documentation specified in paragraph 2 and the approval of this Stipulation by the Bankruptcy Court, the Funds in the Accounts (each as identified on Exhibit A) are agreed to be deposit accounts of the Debtors and the Debtors' non-bank subsidiaries.

2. Within one (1) business day following entry of an order approving this Stipulation, JPM shall transfer the Funds from the Accounts as the Debtors, in their sole and absolute discretion, may direct; provided, however, that the Debtors comply with the procedures required in connection with such a transaction, including, but not limited to, delivering to JPM (a) certified resolutions from

the respective boards of directors of each entity listed as a depositor for the Accounts that (i) designate and approve the signatories for such Accounts and (ii) approve the transfer of the Funds, any related transactions and the execution of all related documentation, including deposit account agreements (to the extent deposit account agreements for such Accounts have not been located) in the form customary and standard for deposit accounts of WMB and WMBfsb (as of the date prior to the Commencement Date) providing for customary setoff and bankers rights, which documentation is and shall be deemed to be effective at all relevant times from and after the establishment of each of the Accounts, (b) authorized, verified and executed signature cards containing an IRS Form W-9 certification in the case of interest-bearing Accounts and instructions for each of the Accounts, (c) executed incumbency certificates for each authorized signatory, (d) the desired transaction instructions (e.g., specify the (i) Account to be debited; (ii) amount to be debited from each Account; (iii) name of institution receiving the Funds; and (iv) ABA, routing, and account numbers of the assuming institution), and (e) such other information or documentation as may be reasonably required to effectuate the withdrawals and transfers of the Funds from the Accounts; and provided, further, that, notwithstanding the foregoing, without the express consent of JPM, the Debtors shall not request the transfer of the Funds in the Account subject to the Security Agreement. All Funds in the Account subject to the Security Agreement shall be in compliance with section 345 of the Bankruptcy Code.

3. Prior to and after the transfer thereof, the Funds will remain subject to all claims, rights and remedies, if any, that JPM may have including (a) those arising under or related to the Purchase Agreement and the Security Agreement, (b) any available right of setoff, recoupment or other remedy, including such rights under customary deposit account agreements now existing or executed in connection with the withdrawal of the Funds from the Accounts under this Stipulation and (c) any statutory bankers' lien with respect to the Funds or the Accounts, in each case as if the

Funds had not been transferred and had remained on deposit in the Accounts at JPM.

4. As adequate protection for any claims that would have been entitled to be paid or to priority by way of setoff, recoupment or lien rights, or pursuant to the Security Agreement, against the Accounts held by Chase or the Accounts held by WMBfsb, the Debtors hereby grant (subject to Bankruptcy Court approval) to Chase or to WMBfsb, as applicable, a replacement lien in the respective Funds from such Accounts transferred in the new accounts and in any successive accounts into which such Funds may be transferred, with such replacement lien to have the same force, effect, validity and priority as any setoff or lien rights would have had in such Funds and such Accounts had such Funds and such Accounts continued to be maintained where and as they were on the Commencement Date. In the event such Funds are utilized by the Debtors for other purposes and the replacement lien approved by the Bankruptcy Court is insufficient to pay any claim as to which WMBfsb or Chase would have had a valid and enforceable right of setoff, recoupment or statutory lien on the Funds in the Accounts held by Chase or WMBfsb, as applicable, on the Commencement Date, Chase or WMBfsb shall be entitled to adequate protection thereof and to seek payment of an administrative claim under section 503(b)(1) of the Bankruptcy Code in the amount of any such shortfall.

5. Notwithstanding the foregoing provisions, the replacement liens provided to Chase and WMBfsb shall not preclude the Debtors from using the Funds to pay administrative expenses or make distributions under a chapter 11 plan and such replacement liens shall not encumber any amounts paid to third parties or distributed to creditors of the Debtors, whether pursuant to a chapter 11 plan or otherwise; provided that JPM may seek a determination at any time regarding the rights, claims and remedies reserved under this Stipulation.

6. Nothing in this Stipulation shall be deemed to constitute a waiver of any claim, right

or defense of the Debtors (or any of their non-bank subsidiaries), including, without limitation, as to the nature, amount or priority of any claim asserted by Chase or WMBfsb or the entitlement of Chase or WMBfsb to any right of setoff, recoupment, or statutory banker's lien in these cases. Furthermore, nothing in this Stipulation shall be deemed to constitute a waiver of any claim, right or defense of Chase or WMBfsb, including, without limitation, any objection Chase or WMBfsb may have to a use of the Funds out of the ordinary course of the business of the Debtors and any objection to any proposed plan of reorganization, including any use of the Funds therein or the confirmation thereof.

7. The Parties agree that, prior to the effectiveness of the Purchase Agreement, Chase had no relationship with or access to the Funds in the Accounts.

8. This Stipulation is without prejudice to the rights of (i) the Debtors to identify additional accounts at Chase or WMBfsb, or demonstrate that the Accounts have more Funds than specified on Exhibit A and (ii) JPM to contest the existence of additional accounts at Chase or WMBfsb, or additional amounts in the Accounts.

9. Any provision of this Stipulation may be amended if, and only if, such amendment is in writing and is signed by all the Parties hereto. Material amendments must be approved by the Bankruptcy Court.

10. Whether or not this Stipulation is approved by the Bankruptcy Court, nothing contained herein may be used as, or deemed to be, an admission of liability of any party with respect to any matter.

11. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same document.

12. The Parties hereto represent and warrant to each other that: (i) they are authorized to execute this Stipulation; (ii) each has full power and authority to enter into and perform in accordance

with the terms of this Stipulation (subject to Bankruptcy Court approval); and (iii) this Stipulation is duly executed and delivered and constitutes a valid and binding agreement in accordance with its terms (subject to Bankruptcy Court approval).

13. This Stipulation shall become effective immediately upon entry of an order approving the Stipulation by the Bankruptcy Court in form and substance acceptable to the Debtors and JPM.

Dated: Wilmington, Delaware
October __, 2008

LANDIS RATH & COBB LLP

_____
Adam G. Landis (No. 3407)
919 Market Street, Suite 600
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

-and-

**SULLIVAN & CROMWELL LLP**
Hydee R. Feldstein, Esq.
1888 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

Robinson B. Lacy, Esq.
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to JPMorgan Chase Bank, N.A*

RICHARDS, LAYTON & FINGER, P.A.

_____
Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
One Rodney Square
902 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

**WEIL, GOTSHAL & MANGES LLP**
Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
Michael F. Walsh, Esq.
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for Debtors*

Exhibit A

| Account Number | Balance in Account as of September 30, 2008 |
| --- | --- |
| xxxxxx1206 | $52,600,201.01 |
| xxxxxx0844 | $38,321,197.03 |
| xxxxxx4234 | $3,667,943,172.50 |
| xxxxxx2184 | $2,048,993.84 |
| xxxxxx3525 | $1,881,775.10 |
| xxxxxx0667 | $264,068,186.05 |
| xxxxxx9626 | $4,650.22 |
| xxxxxx9663 | $747,799.23 |
| xxxxxx8359 | $167,040.92 |
| xxxxxx7731 | $140,775.81 |
| xxxxxx7187 | $25,493,030.18 |
| xxxxxx3411 | $1,625,209.48 |
| xxxxxx6282 | $74,623,240.91 |
| xxxxxx3429 | $3,097,999.14 |
| xxxxxx3487 | $41,812.64 |
| xxxxxx3495 | $93,996,770.14 |
| xxxxxx6290 | $62,490,542.45 |
| xxxxxx6307 | $13,166,938.46 |
| xxxxxx3445 | $281.83 |
| xxxxxx3461 | $73,356.39 |
| xxxxxx3479 | $1,676.99 |
| xxxxxx7719 | $11,566,787.62 |
| xxxxxx6323 | $2,108,985.71 |
| xxxxxx3672 | $105,000.00 |
| xxxxxx7873 | $2,393,845.53 |
| xxxxxx9697 | $0.00 |
| xxxxxx4704 | $53,145,275.33 |
| xxxxxx5081 | $2,900,309.33 |
| xxxxxx5099 | $0 |