PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
Debtors. : (Jointly Administered)
:
: Hearing Date: July 27, 2009 at 10:30 a.m. (EDT)
---------------------------------------------------------------x Objection Deadline: June 22, 2009 at 4:00 p.m. (EDT)

## DEBTORS' SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as debtors and debtors in possession (collectively, the "Debtors"), file this second substantive omnibus objection (this "Second Omnibus Objection") to those claims listed on Exhibit A hereto. This Second Omnibus Objection is filed pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The Debtors' proposed order is attached hereto as Exhibit B. In support of the Second Omnibus Objection, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Court entered an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' chapter 11 cases.

## WMI's Business

3. WMI is a holding company incorporated in the State of Washington and headquartered at 1301 Second Avenue, Seattle, Washington 98101. WMI is the direct parent of WMI Investment, which serves as an investment vehicle for WMI and holds a variety of securities. WMI Investment is incorporated in the State of Delaware.

4. Prior to the Commencement Date, WMI was a savings and loan holding company that owned Washington Mutual Bank ("WMB") and such bank's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI also has certain non-banking, non-debtor subsidiaries (the "Non-debtor Subsidiaries"). Like all savings and loan holding companies, WMI was subject to regulation by the Office of Thrift Supervision (the "OTS"). WMB and WMBfsb, in turn, like all depository institutions with federal thrift charters, were subject to regulation and examination by the OTS. In addition, WMI's banking and nonbanking

subsidiaries were overseen by various federal and state authorities, including the Federal Deposit Insurance Corporation ("FDIC").

5. On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Receivership"). Immediately after its appointment as receiver, the FDIC sold substantially all the assets of WMB, including the stock of WMBfsb, to JPMorgan Chase Bank, National Association ("JPMorgan Chase") pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 (the "Purchase Agreement") (publicly available at http://www.fdic.gov/about/freedom/popular.html).

6. WMI's assets include its common stock interest in WMB, its interest in its non-banking subsidiaries, and more than $4 billion of cash that WMI and its non-banking subsidiaries (including WMI Investment) had on deposit at WMB and WMBfsb immediately prior to the time the FDIC was appointed as receiver. WMI is in the process of evaluating these and other assets for purposes of ultimate distribution to its creditors.

### The Bar Date and Schedules

7. On December 19, 2008, the Debtors filed with the Court their schedules of assets and liabilities. On January 27, 2009, WMI filed with the Court its first amended schedule of assets and liabilities (collectively, the "Schedules").

8. By order, dated January 30, 2009 (the "Bar Date Order"), the Court established March 31, 2009 (the "Bar Date") as the deadline for filing proofs of claim against the Debtors in these chapter 11 cases. Pursuant to the Bar Date Order, each creditor, subject to certain limited exceptions, was required to file a proof of claim on or before the Bar Date.

9. In accordance with the Bar Date Order, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' court-appointed claims and noticing agent, mailed notices of the Bar Date and proof of claim forms to, among others, all of the Debtors' creditors and other known holders of claims as of the Commencement Date. Notice of the Bar Date also was published once in the of *The New York Times (National Edition)*, *The Wall Street Journal* and *The Seattle Times*.

### Proofs of Claim

10. Over 3,600 proofs of claim have been filed in these chapter 11 cases. The Debtors have begun the process of reviewing and reconciling the filed proofs of claim. As part of their ongoing review, the Debtors have reviewed each of the proofs of claim listed on Exhibit A hereto and have concluded that each such claim should be disallowed and expunged in its entirety.

### Objection to Claims

11. Local Rule 3007-1 allows a debtor to file an omnibus objection to proofs of claim on substantive grounds. Omnibus substantive objections must include sufficient detail as to why each claim should be disallowed and must be limited to no more than 150 claims. *See* Local Rule 3007-1(J). The following omnibus objection complies with Local Rule 3007-1(J) as well as the other requirements of Local Rule 3007.

12. The claims listed on Exhibit A have been asserted by parties to which the Debtors have no legal obligation. Such claims fall into three general categories. First, certain of the claims assert liability on account of contracts or leases to which WMB,[2] and not WMI, is the

---

[2] All statements made herein that identify WMB as the proper contracting counterparty or property owner should be construed to include all WMB affiliates (other than WMI), subsidiaries and/or successors-in-interest not owned, either directly or indirectly, by WMI.

contracting counterparty (the "WMB Contract Claims"). Second, certain of the claims assert liability for taxes levied against property not owned by WMI (the "Property Tax Claims"). Third, the remaining claims are miscellaneous claims that improperly seek a recovery against the Debtors (the "Miscellaneous Claims," and together with the WMB Contract Claims and the Property Tax Claims, the "Second Omnibus Objection Claims"). Because the Debtors are not the proper entity against which the Second Omnibus Objection Claims should be asserted, the Debtors object to the allowance of the Second Omnibus Objection Claims and respectfully request that the Second Omnibus Objection Claims be disallowed and expunged in their entirety.

13. In support of the foregoing, the Debtors rely on the Declaration of Michael Arko Pursuant to Local Rule 3007-1 in Support of the Second Omnibus Objection, dated as of the date hereof, and filed contemporaneously herewith.

## Reservation of Rights

14. Pursuant to Local Rule 3007-1(f)(iii), "[a]n objection based on substantive grounds shall include all substantive objections to such claim." *See* Local Rule 3007-1(f)(iii). The Debtors, after reviewing the Second Omnibus Objection Claims, have determined that they have no liability on account thereof. To conserve property of these estates, the Debtors have not made specific inquiry into the amounts asserted in the Second Omnibus Objection Claims, or vetted any other defenses thereto. Accordingly, the Debtors request that, to the extent this Court finds that the Debtors may, in fact, be liable on account of the Second Omnibus Objection Claims, they be granted limited relief from Local Rule 3007-1(f)(iii) to further object to the Second Omnibus Objection Claims. The Debtors also request that, to the extent they are liable, they be allowed to seek to impose on the Second Omnibus Objection Claims any applicable claim amount cap prescribed by the Bankruptcy Code.

## Notice

15. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Second Omnibus Objection has been provided to: (i) the United States Trustee for the District of Delaware, (ii) counsel for the Creditors' Committee, (iii) those parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 and (iv) each holder of a claim objected to herein. In light of the nature of the relief requested, WMI submits that no other or further notice need be provided.

16. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Second Omnibus Objection with at least thirty (30) days' notice of the hearing to consider the Second Omnibus Objection.

## Statement of Compliance with Local Rule 3007-1

17. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Second Omnibus Objection substantially complies with that Local Rule. To the extent that the Second Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

## No Previous Request

18. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) disallowing and expunging in their entirety each claim identified on <u>Exhibit A</u> hereto and (ii) granting the Debtors such other and further relief as is just.

Dated: Wilmington, Delaware
May 29, 2009

*/s/ Mark D. Collins*

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS TO THE DEBTORS
AND DEBTORS IN POSSESSION