> PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
 :
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
 :
**Debtors.** : (Jointly Administered)
 :
 : Hearing Date: July 27, 2009 at 10:30 a.m. (EDT)
---------------------------------------------------------------x Objection Deadline: June 22, 2009 at 4:00 p.m. (EDT)

## DEBTORS' THIRD OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS

Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as debtors and debtors in possession (collectively, the "Debtors"), file this third omnibus non-substantive objection (this "Third Omnibus Objection") to those claims listed on Exhibit A hereto. This Third Omnibus Objection is filed pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The Debtors' proposed order is attached hereto as Exhibit C. In support of the Third Omnibus Objection, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Court entered an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' chapter 11 cases.

## WMI's Business

3. WMI is a holding company incorporated in the State of Washington and headquartered at 1301 Second Avenue, Seattle, Washington 98101. WMI is the direct parent of WMI Investment, which serves as an investment vehicle for WMI and holds a variety of securities. WMI Investment is incorporated in the State of Delaware.

4. Prior to the Commencement Date, WMI was a savings and loan holding company that owned Washington Mutual Bank ("WMB") and such bank's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI also has certain non-banking, non-debtor subsidiaries (the "Non-debtor Subsidiaries"). Like all savings and loan holding companies, WMI was subject to regulation by the Office of Thrift Supervision (the "OTS"). WMB and WMBfsb, in turn, like all depository institutions with federal thrift charters, were subject to regulation and examination by the OTS. In addition, WMI's banking and nonbanking

subsidiaries were overseen by various federal and state authorities, including the Federal Deposit Insurance Corporation ("FDIC").

5. On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Receivership"). Immediately after its appointment as receiver, the FDIC sold substantially all the assets of WMB, including the stock of WMBfsb, to JPMorgan Chase Bank, National Association ("JPMorgan Chase") pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 (the "Purchase Agreement") (publicly available at http://www.fdic.gov/about/freedom/popular.html).

6. WMI's assets include its common stock interest in WMB, its interest in its non-banking subsidiaries, and more than $4 billion of cash that WMI and its non-banking subsidiaries (including WMI Investment) had on deposit at WMB and WMBfsb immediately prior to the time the FDIC was appointed as receiver. WMI is in the process of evaluating these and other assets for purposes of ultimate distribution to its creditors.

### The Bar Date and Schedules

7. On December 19, 2008, the Debtors filed with the Court their schedules of assets and liabilities. On January 27, 2009, WMI filed with the Court its first amended schedule of assets and liabilities (collectively, the "Schedules").

8. By order, dated January 30, 2009 (the "Bar Date Order"), the Court established March 31, 2009 (the "Bar Date") as the deadline for filing proofs of claim against the Debtors in these chapter 11 cases. Pursuant to the Bar Date Order, each creditor, subject to certain limited exceptions, was required to file a proof of claim on or before the Bar Date.

9. In accordance with the Bar Date Order, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' court-appointed claims and noticing agent, mailed notices of the Bar Date and proof of claim forms to, among others, all of the Debtors' creditors and other known holders of claims as of the Commencement Date. Notice of the Bar Date also was published once in each of *The New York Times (National Edition)*, *The Wall Street Journal* and *The Seattle Times*.

### Proofs of Claim

10. Over 3,600 proofs of claim have been filed in these chapter 11 cases. The Debtors have begun the process of reviewing and reconciling the filed proofs of claim. As part of their ongoing review, the Debtors have reviewed each of the proofs of claim listed on Exhibit A hereto and have concluded that each such claim should be disallowed and expunged in its entirety.

### Objection to Claims

A. **Claims Filed in the Wrong Chapter 11 Case (Exhibit A)**

11. The claims listed on Exhibit A hereto are claims that identify as obligor one Debtor when such claims are properly asserted, if at all, against the other Debtor (collectively, the "Misidentifying Claims"). In each instance involving the Misidentifying Claims, the claimant has no valid legal justification (for example, the existence of a guaranty) for asserting a claim against the given Debtor. Pursuant to the Bar Date Order, Misidentifying Claims are subject to recategorization as claims asserted against the correct Debtor (collectively, the "Recategorized Claims"). In the absence of an objection to recategorization, the Court may recategorize Misidentifying Claims without conducting a hearing thereon. Once recategorized, the original Misidentifying Claim is disallowed and expunged, and the Recategorized Claim is

subject to all rights, defenses, counterclaims, actions, and objections to which the Misidentifying Claim would have been had it been asserted initially against the correct Debtor.

12. Therefore, the Debtors object to the allowance of each of the Misidentifying Claims described in Exhibit A and request that such Misidentifying Claims be recategorized as claims against the correct Debtor, as noted in Exhibit A, and disallowed and expunged in their entirety with respect to the asserted (albeit incorrect) Debtor. Because this Third Omnibus Objection to the Misidentifying Claims does not constitute an objection to the Recategorized Claims, the Debtors reserve their right to object to the Recategorized Claims on any other grounds whatsoever.

### B. Amended and Superseded Claims (Exhibit B)

13. The claims listed on Exhibit B hereto in the column labeled "Amended Claim to be Expunged" (the "Amended and Superseded Claims") have been amended and superseded by the corresponding claims in the column labeled "Remaining Claim Number" (the "Remaining Claims"). To avoid multiple recoveries, the Debtors request that the Court disallow and expunge in their entirety the Amended and Superseded Claims. Although the Debtors do not object herein to the validity, amount or priority of the Remaining Claims, the Debtors expressly reserve the right to object to the Remaining Claims on any grounds whatsoever at a later time.

14. In support of the foregoing, the Debtors rely on the Declaration of Michael Arko Pursuant to Local Rule 3007-1 in Support of the Third Omnibus Objection, dated as of the date hereof, and filed contemporaneously herewith.

## Notice

15. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Third Omnibus Objection has been provided to: (i) the United States Trustee for the District of Delaware, (ii) counsel for the Creditors' Committee, (iii) those parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 and (iv) each holder of a claim objected to herein. In light of the nature of the relief requested, WMI submits that no other or further notice need be provided.

16. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Third Omnibus Objection with at least thirty (30) days' notice of the hearing to consider the Third Omnibus Objection.

## Statement of Compliance with Local Rule 3007-1

17. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Third Omnibus Objection substantially complies with that Local Rule. To the extent that the Third Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

## No Previous Request

18. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as is just.

Dated: Wilmington, Delaware
May 29, 2009

/s/ Mark D. Collins

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS TO THE DEBTORS
AND DEBTORS IN POSSESSION