> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
Debtors. : (Jointly Administered)
:
: Hearing Date: July 27, 2009 at 2:00 p.m. (EDT)
---------------------------------------------------------------x Objection Deadline: July 16, 2009 at 4:00 p.m. (EDT)

## DEBTORS' SEVENTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS

Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as debtors and debtors in possession (collectively, the "Debtors"), file this seventh omnibus non-substantive objection (this "Seventh Omnibus Objection") to those claims listed on Exhibits A-C hereto. This Seventh Omnibus Objection is filed pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). The Debtors' proposed order is attached hereto as Exhibit E. In support of the Seventh Omnibus Objection, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Court entered an order, pursuant to Bankruptcy Rule 1015(b), authorizing the joint administration of the Debtors' chapter 11 cases.

## WMI's Business

3. WMI is a holding company incorporated in the State of Washington and headquartered at 1301 Second Avenue, Seattle, Washington 98101. WMI is the direct parent of WMI Investment, which serves as an investment vehicle for WMI and holds a variety of securities. WMI Investment is incorporated in the State of Delaware.

4. Prior to the Commencement Date, WMI was a savings and loan holding company that owned Washington Mutual Bank ("WMB") and such bank's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI also has certain non-banking, non-debtor subsidiaries (the "Non-debtor Subsidiaries"). Like all savings and loan holding companies, WMI was subject to regulation by the Office of Thrift Supervision (the "OTS"). WMB and WMBfsb, in turn, like all depository institutions with federal thrift charters, were subject to regulation and examination by the OTS. In addition, WMI's banking and nonbanking

2

subsidiaries were overseen by various federal and state authorities, including the Federal Deposit Insurance Corporation ("FDIC").

5. On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Receivership"). Immediately after its appointment as receiver, the FDIC sold substantially all the assets of WMB, including the stock of WMBfsb, to JPMorgan Chase Bank, National Association ("JPMorgan Chase") pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 (the "Purchase Agreement").

6. WMI's assets include its common stock interest in WMB, its interest in its non-banking subsidiaries, and more than $4 billion of cash that WMI and its non-banking subsidiaries (including WMI Investment) had on deposit at WMB and WMBfsb immediately prior to the time the FDIC was appointed as receiver. WMI is in the process of evaluating these and other assets for purposes of ultimate distribution to its creditors.

## The Bar Date and Schedules

7. On December 19, 2008, the Debtors filed with the Court their schedules of assets and liabilities. On January 27, 2009, and February 24, 2009, WMI filed with the Court its first and second, respectively, amended schedule of assets and liabilities (collectively, the "Schedules").

8. By order, dated January 30, 2009 (the "Bar Date Order"), the Court established March 31, 2009 (the "Bar Date") as the deadline for filing proofs of claim against the Debtors in these chapter 11 cases. Pursuant to the Bar Date Order, each creditor, subject to certain limited exceptions, was required to file a proof of claim on or before the Bar Date.

9. In accordance with the Bar Date Order, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' court-appointed claims and noticing agent, mailed notices of the Bar Date and proof of claim forms to, among others, all of the Debtors' creditors and other known holders of claims as of the Commencement Date. Notice of the Bar Date also was published once in the of *The New York Times (National Edition)*, *The Wall Street Journal* and *The Seattle Times*.

### Proofs of Claim

10. Over 3,600 proofs of claim have been filed in these chapter 11 cases. The Debtors have begun the process of reviewing and reconciling the filed proofs of claim. As part of their ongoing review, the Debtors have reviewed each of the proofs of claim listed on Exhibit A hereto and have concluded that each such claim should be disallowed and expunged in its entirety.

### Objection to Claims

**A.   Claims Filed in the Wrong Chapter 11 Case (Exhibit A)**

11. The claims listed on Exhibit A hereto are claims that identify one Debtor as obligor when such claims are properly asserted, if at all, against the other Debtor (each, a "Misidentifying Claim") and collectively, the "Misidentifying Claims"). In each instance involving a Misidentifying Claim, the claimant has no valid legal justification (for example, the existence of a guaranty) for asserting a claim against the given Debtor. Pursuant to the Bar Date Order, Misidentifying Claims are subject to recategorization as claims asserted against the correct Debtor (collectively, the "Recategorized Claims"). In the absence of an objection to recategorization, the Court may recategorize Misidentifying Claims without conducting a hearing thereon. Once recategorized, the original Misidentifying Claim is disallowed and expunged, and the Recategorized Claim is subject to all rights, defenses, counterclaims, actions,

4

and objections to which the Misidentifying Claim would have been had it been asserted initially against the correct Debtor.

12. Therefore, the Debtors object to the allowance of each of the Misidentifying Claims described in Exhibit A and request that such Misidentifying Claims be recategorized as claims against the correct Debtor, as noted in Exhibit A, and disallowed and expunged in their entirety with respect to the asserted (albeit incorrect) Debtor. Because this Seventh Omnibus Objection to the Misidentifying Claims does not constitute an objection to the Recategorized Claims, the Debtors reserve their right to object to the Recategorized Claims on any other grounds whatsoever.

### B. Amended and Superseded Claims (Exhibit B)

13. The claims listed on Exhibit B hereto in the column labeled "Amended Claim to be Expunged" (the "Amended and Superseded Claims") have been amended and superseded by the corresponding claims in the column labeled "Remaining Claim Number" (the "Remaining Claims"). To avoid multiple recoveries, the Debtors request that the Court disallow and expunge in their entirety the Amended and Superseded Claims. Although the Debtors do not object herein to the validity, amount or priority of the Remaining Claims, the Debtors expressly reserve the right to object to the Remaining Claims on any grounds whatsoever at a later time.

### C. Duplicate Claims (Exhibit C)

14. Certain creditors filed more than one proof of claim with respect to the same alleged obligation. The claims listed on Exhibit C hereto, in the column labeled "Duplicate Claim to be Expunged" (the "Duplicate Claims" and together with the Misidentifying Claims and the Amended and Superseded Claims, the "Seventh Omnibus Objection Claims"), are duplicates of the corresponding claim listed in the column labeled "Remaining Claim Number"

(the "Remaining Claims").[2] For consistency, the Remaining Claims are the later filed claims as compared to the Duplicate Claims.[3] To avoid the possibility of multiple recoveries by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Duplicate Claims. Although the Debtors do not hereby object to the validity, amount or priority of the Remaining Claims, the Debtors expressly reserve their right to object to the Remaining Claims on any grounds whatsoever at a later time.

15. In support of the foregoing, the Debtors rely on the *Declaration of Michael Arko Pursuant to Local Rule 3007-1 in Support of the Seventh Omnibus Objection*, dated as of the date hereof, and attached herewith as Exhibit D.

### Notice

16. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Seventh Omnibus Objection has been provided to: (i) the United States Trustee for the District of Delaware, (ii) counsel for the Creditors' Committee, (iii) those parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 and (iv) each holder of a claim objected to herein. In light of the nature of the relief requested, WMI submits that no other or further notice need be provided.

17. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Seventh Omnibus Objection with at least thirty (30) days' notice of the hearing to consider the Seventh Omnibus Objection.

---

[2] Certain claims that were filed against WMI Investment Corp. have been recategorized as claims filed against WMI, the appropriate debtor. As a result of this recategorization, certain claims have become duplicative. These now duplicative claims are included in the Debtors' objection to the Duplicate Claims and are indicated on Exhibit C. In instances where the recategorized claims were the later-filed claims, such claims were designated as the "Remaining Claim."

[3] Please note, however, that due to the way claims are processed, the claim numbers for the Remaining Claims are not always greater than the Duplicate Claims.

### Separate Contested Matters

18. To the extent that a response is filed regarding any of the Seventh Omnibus Objection Claims listed in the Seventh Omnibus Objection and the Debtors are unable to resolve the response, each such Seventh Omnibus Objection Claim, and the objection by the Debtors to each such Seventh Omnibus Objection Claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Seventh Omnibus Objection shall be deemed a separate order with respect to each of the Seventh Omnibus Objection Claims.

### Statement of Compliance with Local Rule 3007-1

19. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Seventh Omnibus Objection substantially complies with that Local Rule. To the extent that the Seventh Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

### No Previous Request

20. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit E, (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as is just.

Dated: June 26, 2009
      Wilmington, Delaware

Respectfully submitted,

/s/ Mark D. Collins

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS TO THE DEBTORS
AND DEBTORS IN POSSESSION