# Exhibit A

**Letter of Intent
[Redacted]**

September 3, 2009

Martin Pasqualini, Managing Director
CP Energy Group, LLC
One Boston Place, Suite 4010
Boston, MA 02109

Dear Mr. Pasqualini:

1.      Goldman, Sachs & Co. ("Goldman") is pleased to provide this non-binding letter of intent ("LOI") to WMI Investment Corp. ("WMIIC") to acquire WMIIC's 100% ownership interest ("Transaction") in a portfolio of tax equity ownership interests held by JPMC Wind Investment Portfolio LLC (the "Portfolio Company") in the Buffalo Gap II, Kaheawa, Sand Bluff and Whirlwind wind energy projects (the "Projects") for an indicative non-binding purchase price ("Indicative Purchase Price") of $▓▓▓▓▓▓▓. This Indicative Purchase Price is based solely on preliminary information in the dataroom as provided by CP Energy. This LOI is conditioned upon, among other things, completion of a due diligence investigation satisfactory to Goldman, in its sole discretion, receipt of all necessary internal approvals and execution of definitive agreements concerning the Transaction satisfactory to Goldman in its sole discretion.

2.      (a) Subject to the approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), WMIIC will reimburse Goldman for the reasonable out-of-pocket professional fees and expenses that Goldman incurs in conducting due diligence, the preparation and negotiation of definitive documentation, and the consummation of the Transaction, up to a maximum amount of $300,000 in the aggregate (the "Expense Reimbursement"); provided, however, that WMIIC will only be required to reimburse Goldman upon submission to WMIIC of reasonably satisfactory written documentation (which may be redacted to preserve any applicable privilege) evidencing Goldman's incurrence of such fees or expenses; and, provided, further, that WMIIC will not be required to reimburse Goldman for any such fees and expenses if (a) the purchase price that Goldman offers WMIIC in respect of the Transaction, after taking into account any purchase price adjustments that may be agreed between the parties, is less than $15,000,000, or (b) definitive agreements are entered into between Goldman and WMIIC with respect to the Transaction but the Transaction is not consummated as a result of Goldman's material breach.

        (b) Goldman expects any definitive documentation or "stalking horse" agreement to include appropriate "stalking horse" protections including a break-up fee and appropriate overbid protection to be agreed upon by and between WMIIC and Goldman. Goldman understands that any such break up fee or overbid protections will be subject to the approval of the Bankruptcy Court.

        (c) Goldman agrees to provide WMIIC with prompt written notice in the event that Goldman at any time elects not to proceed with the Transaction.

3.   WMIIC and Goldman agree that Goldman shall have the exclusive right to negotiate with WMIIC with respect to the Transaction from and after the date hereof until the earliest to occur of any of the following, at which time such exclusive right shall automatically terminate (the "Exclusivity Period"):

(a)   if the Bankruptcy Court fails to enter an order authorizing WMIIC to enter into this LOI and approving the Expense Reimbursement and exclusivity provisions hereof, prior to November 4, 2009;

(b)   on the date that is sixty (60) days following the entry of an order authorizing WMIIC to enter into this LOI and approving the Expense Reimbursement and exclusivity provisions hereof;

(c)   if the purchase price that Goldman offers WMIIC in respect of the Transaction, after taking into account any purchase price adjustments that may be agreed between the parties, is less than $15,000,000;

(d)   upon the entry of a bidding procedures order by the Bankruptcy Court in respect of the proposed sale of WMIIC's ownership interest in the Portfolio Company to Goldman pursuant to agreed documentation; or

(e)   upon WMIIC's receipt of written notice from Goldman that Goldman has elected not to proceed with the Transaction.

4.   Goldman is prepared to commence completion of its due diligence investigation as soon as is practicable after WMIIC's acceptance and execution of this LOI and approval of the Bankruptcy Court. This due diligence investigation includes, but is not limited to, a legal, tax, regulatory and technical review of WMIIC, the Portfolio Company, the Projects and the Transaction. Goldman and its representatives would require access to the management and books and records of WMIIC, the Portfolio Company and the Projects, which you would agree to provide. Goldman would also contemplate site visits as part of its due diligence investigation.

5.   Except to the extent required by law, or to the extent that disclosure is required to the Bankruptcy Court in order to obtain Bankruptcy Court approval as contemplated by this LOI, WMIIC agrees that neither it, nor any of its affiliates, employees or representatives will, directly or indirectly, disclose or allow disclosure of this LOI, any of the information contained in this LOI or of the existence of discussions regarding a possible transaction between the parties, to any party other than its own personnel, unsecured creditor's committee as it pertains to Transaction and representatives having a "need-to-know" and who agree to keep such information confidential, without the express prior written approval of Goldman.

6.   This LOI is intended to serve only as an indication of Goldman's interest in pursuing the transaction contemplated herein and, except for paragraphs 5 and 7 and this paragraph 6, and paragraphs 2 and 3 hereof, which remain subject to the approval of the

2

Bankruptcy Court, is not intended to and shall not constitute a binding or enforceable agreement of WMIIC or Goldman. Any such obligation or agreement will be created only by the execution of definitive agreements, the provisions of which will supersede this and all other understandings between WMIIC and Goldman. By signing this LOI, you represent that, except as stated in this paragraph, you are in no way relying on this letter as any more than an indication of interest.

7.  This LOI shall be governed by and construed in accordance with the laws of the State of New York, without regard to the choice of law rules thereof that would result in the application of the laws of any other jurisdiction. Each party consents to the exclusive jurisdiction of the Bankruptcy Court with respect to any dispute arising under this letter and to the service of process in any manner provided by law. For avoidance of doubt, the only dispute that may arise under this LOI is a breach of the obligations set forth in paragraphs 2, 3 and 5 hereof.

8.  Goldman is prepared to move forward expeditiously to perform and complete the required due diligence in a timely manner. Goldman Sachs has a track record in the alternative energy space and is currently invested in several wind farms.

9.  If the terms and conditions of this letter are in accordance with your understanding, please sign and return this letter. This letter may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together will be considered one and the same agreement, and will become effective when one or more such counterparts have been signed by each of the parties, delivered to each party, and approved by the Bankruptcy Court.

Very truly yours,

GOLDMAN, SACHS & CO.

By: _____
Name: ~~ALBERT DOMBROWSKI~~ Barry Sklc
Title: AUTHORIZED SIGNATORY

ACCEPTED AND AGREED TO
THIS _____ DAY OF SEPTEMBER, 2009

**WMI INVESTMENT CORP.**

By: _____
Name:
Title:

DOC ID-10953217.5
US_ACTIVE:\43115700\05\43115700_5.DOC\99980.0025         3

Bankruptcy Court, is not intended to and shall not constitute a binding or enforceable agreement of WMIIC or Goldman. Any such obligation or agreement will be created only by the execution of definitive agreements, the provisions of which will supersede this and all other understandings between WMIIC and Goldman. By signing this LOI, you represent that, except as stated in this paragraph, you are in no way relying on this letter as any more than an indication of interest.

7. This LOI shall be governed by and construed in accordance with the laws of the State of New York, without regard to the choice of law rules thereof that would result in the application of the laws of any other jurisdiction. Each party consents to the exclusive jurisdiction of the Bankruptcy Court with respect to any dispute arising under this letter and to the service of process in any manner provided by law. For avoidance of doubt, the only dispute that may arise under this LOI is a breach of the obligations set forth in paragraphs 2, 3 and 5 hereof.

8. Goldman is prepared to move forward expeditiously to perform and complete the required due diligence in a timely manner. Goldman Sachs has a track record in the alternative energy space and is currently invested in several wind farms.

9. If the terms and conditions of this letter are in accordance with your understanding, please sign and return this letter. This letter may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together will be considered one and the same agreement, and will become effective when one or more such counterparts have been signed by each of the parties, delivered to each party, and approved by the Bankruptcy Court.

Very truly yours,

**GOLDMAN, SACHS & CO.**

By: _____
Name: ALBERT DOMBROWSKI
Title: AUTHORIZED SIGNATORY

ACCEPTED AND AGREED TO
THIS _____ DAY OF SEPTEMBER, 2009

**WMI INVESTMENT CORP.**

By: _____
Name: Jonathan Goulding
Title: Treasurer