UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> WASHINGTON MUTUAL, INC., et al.,[1] <br><br> Debtors. | : Chapter 11 <br> : <br> : Case No. 08-12229 (MFW) <br> : <br> : (Jointly Administered) <br> : <br> : Ref. Docket No. 908 |

### JPMORGAN CHASE BANK, NATIONAL ASSOCIATION'S RESPONSE TO MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL BANK, FOR AN ORDER MODIFYING THE AUTOMATIC STAY

JPMorgan Chase Bank, National Association ("JPMC"), submits this statement in response to the Motion of the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Washington Mutual Bank, for an Order Modifying the Automatic Stay (the "Motion").[2]

JPMC has no objection to the Motion based upon its understanding of the following two points.

First, significant questions exist with respect to the extent to which amounts were credited to the Disputed Accounts and whether any such amounts reflect deposit liabilities owed to Debtors. Based upon the investigation and limited discovery that has occurred to date, JPMC believes that to the extent funds exist in the Disputed Accounts, some or all of these funds belong to WMB, and, thus, JPMC, as the purchaser from the FDIC. While this is not the proper

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors continue to share their principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

[2] The accounts that are the subject of the Motion include five of the six Disputed Accounts that are the subject of the turnover proceeding and adversary proceeding pending in this Court, and of the claim in Debtors' complaint in the United States District Court for the District of Columbia.

occasion to address this evidence, it is JPMC's understanding that the Motion does not seek to resolve any of the issues concerning the ownership of any funds in the Disputed Accounts, and merely seeks to preserve the FDIC's rights of setoff against the liabilities—if any—owed to Debtors. Accordingly, JPMC does not object to the Motion because under the terms of the Proposed Order the FDIC does not seek to adversely affect rights of any party (including JPMC) with an alleged property interest in or setoff right against the Disputed Accounts.[3]

Second, JPMC has an interest in ensuring that it not be subject to conflicting liability based on any funds in the Disputed Accounts. Because it appears that the Proposed Order submitted by the FDIC specifically contemplates that in no event shall JPMC be potentially subject to double liability to both the FDIC and Debtors (or others) for any funds allegedly credited to the Disputed Accounts, JPMC's rights are protected. Nevertheless, JPMC reserves all rights to object to the Motion, Proposed Order and the turnover of any funds to the FDIC pursuant to Section 9.5 to the extent that Debtors (or any other party) seek to enforce any

---

[3] JPMC objects to several mischaracterizations by Debtors, including mischaracterization of this Court's June 24, 2009 ruling on JPMC's motion to dismiss the complaint in the turnover proceeding. Contrary to Debtors' assertion, this Court made no finding that "the Debtors' complaint and accompanying exhibits describe a mature debt owed by JPMC to the Debtors," nor that there was no genuine dispute regarding the title to the accounts. (Debtors' Objection at 6). The Court did deny the motion, but not by making the finding as alleged. Instead, the Court stated "[o]bviously, I'm not deciding a disputed issue" (Tr. of June 24, 2009 at 117), and denied the motion on the grounds that the Court was only permitted to examine Debtors' complaint and attachments to determine whether there was a dispute requiring dismissal of the turnover proceeding. The Court felt that it could not take judicial notice of other court filings claiming rights to the same property (Tr. of June 24, 2009 at 113-17), although the Third Circuit has held to the contrary on Rule 12(b)(6) motions. *Winer Family Trust* v. *Queen*, 503 F.3d 319, 328-29 (3d Cir. 2007).

right of recovery against JPMC for the Disputed Accounts after the FDIC has invoked its contractual rights under Section 9.5.

Dated: November 17, 2009
       Wilmington, Delaware

Respectfully submitted,

_____
Adam G. Landis (I.D. 3407)
Matthew B. McGuire (I.D. 4366)
LANDIS RATH & COBB LLP
919 Market Street Suite 1800
Wilmington, DE 19899
Tel: (302) 467-4400
Fax: (302) 467-4450
landis@lrclaw.com
mcguire@lrclaw.com

– and –

Robert A. Sacks
Hydee R. Feldstein
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Tel: (310) 712-6600
Fax: (310) 712-8800
saksr@sullcrom.com
feldsteinh@sullcrom.com

Bruce E. Clark
Stacey R. Friedman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
clarkb@sullcrom.com
friedmans@sullcrom.com

*Counsel for JPMorgan Chase Bank, National Association*