# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
**In re** : **Chapter 11**
: 
**WASHINGTON MUTUAL, INC., et al.,**[1] : **Case No. 08-12229 (MFW)**
: **(Jointly Administered)**
: 
**Debtors.** : 
: 
------------------------------------------------------------x

## CERTIFICATION OF COUNSEL
## REGARDING DISAGREEMENT ON FORM OF ORDER

The undersigned hereby certifies as follows:

1. On October 13, 2009, Washington Mutual, Inc. and WMI Investment Corp., as debtors and debtors in possession (together, the "Debtors"), filed the Motion of Debtors for an Order (A) Authorizing Debtors to Supplement the Record or, in the Alternative, (B) Reopening the Record and Authorizing the Debtors to Submit Supplemental Evidence in Support of Motion of Debtors for an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code Authorizing But Not Directing (I) Washington Mutual, Inc. to Exercise its Ownership Rights over Certain Trust Assets, (II) Distribution of Trust Assets, and (III) Termination of the Trusts [D.I. 1713] (the "Motion to Supplement").

2. Thereafter, Geoffrey Olsen, Kari Noomen, Dottie Jensen, Kevin McDonough, and Donald Cook (collectively, the "Participants") filed an objection to the Motion

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

to Supplement [D.I. 1810] (the "Objection") and, on November 19, 2009, the Debtors filed a reply to the Objection [D.I. 1919] (the "Reply").

3. On November 24, 2009, the Court held a hearing (the "Hearing") with respect to the Motion to Supplement, the Objection, and the Reply. At the conclusion of the Hearing, the Court granted the Motion to Supplement, but directed the Debtors to reimburse the Participants for certain legal fees and travel expenses that the Participants may incur in connection with the relief granted pursuant to the Motion to Supplement. Specifically, the Court granted the Debtors' request to introduce into evidence two witness declarations and agreed to schedule an additional hearing during which Participants' counsel may cross examine such witnesses (the "Additional Hearing"). The Court stated, however, that it was requiring "the Debtors to pay for the attorneys fees for the participants for the additional hearing and the cost of bringing the participants back here if they so choose." Hr'g Tr. 23:4-6, Nov. 24, 2009. Debtors' counsel advised the Court that it would confer with Participants' counsel to reach an agreed revised form of proposed order to submit to the Court.

4. Unfortunately, the parties have different interpretations of the Court's decision and, therefore, have been unable to reach an agreement on a revised form of order. The Debtors believe that the Court intended the Debtors to be obligated to pay for reasonable legal fees incurred by Participants' counsel in connection with appearance at the Additional Hearing, but not with respect to any preparatory work related to such appearance. By contrast, the Participants believe that the Debtors' obligation to pay for the Participants' legal expenses extends to fees incurred in connection with both attendance at and preparation for such Additional Hearing.

5. As a result of these differing opinions, the parties are submitting competing forms of order for the Court's consideration. The Debtors' proposed form of order is attached hereto as <u>Exhibit A</u>. The Participants' proposed form of order is attached hereto as <u>Exhibit B</u>.

Dated: December 23, 2009
       Wilmington, Delaware

| | |
|---|---|
| /s/ [signature] | /s/ Laurie A. Krepto |
| Mark D. Collins (No. 2981) | Laurie A. Krepto (No. 4109) |
| Chun I. Jang (No. 4790) | MONTGOMERY, MCCRACKEN, |
| Andrew C. Irgens (No. 5193) | WALKER & RHOADS, LLP |
| RICHARDS, LAYTON & FINGER, P.A. | 1105 N. Market Street, Suite 1500 |
| One Rodney Square | Wilmington, Delaware 19801 |
| 920 North King Street | Telephone: (302) 504-7800 |
| Wilmington, DE 19801 | Facsimile: (302) 504-7820 |
| Telephone: (302) 651-7700 | |
| Facsimile: (302) 651-7701 | – and – |
| | |
| – and – | Jeanne L. Bakker |
| | MONTGOMERY, MCCRACKEN, |
| Marcia L. Goldstein, Esq. | WALKER & RHOADS, LLP |
| Brian S. Rosen, Esq. | 123 South Broad Street, 24th Floor |
| WEIL, GOTSHAL & MANGES LLP | Philadelphia, Pennsylvania 19109 |
| 767 Fifth Avenue | Telephone: (215) 772-1500 |
| New York, New York 10153 | Facsimile: (215) 772-7620 |
| Telephone: (212) 310-8000 | |
| Facsimile: (212) 310-8007 | ATTORNEYS TO CERTAIN PLAN PARTICIPANTS |
| | |
| ATTORNEYS TO THE DEBTORS AND DEBTORS IN POSSESSION | |

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
:
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] :
: Case No. 08-12229 (MFW)
:
Debtors. : (Jointly Administered)
:
: Re: Docket No. 1713
------------------------------------------------------------x

## ORDER SUPPLEMENTING RECORD

Upon the motion, dated October 13, 2009 (the "Motion"),[2] of Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as debtors and debtors in possession (together, the "Debtors"), for entry of an order (a) authorizing the Debtors to supplement the record by submitting (i) the Declaration of Laura M. Malafronte in Connection with Debtors' HFA Trust Motion, dated October 13, 2009 (the "Malafronte Declaration," a copy of which is attached to the Motion as Exhibit A) and (ii) the Declaration of Robbyn W. Dewar in Connection with Debtors' HFA Trust Motion, dated October 9, 2009 (the "Dewar Declaration," a copy of which is attached to the Motion as Exhibit B, and, together with the Malafronte Declaration, the "Supplemental Evidence") or, in the alternative, (b) reopening the record and authorizing the Debtors to submit the Supplemental Evidence, in support of the Motion of Debtors for an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Authorizing But Not Directing (i) Washington Mutual, Inc. to Exercise Its Ownership Rights Over Certain Trust Assets, (ii) Distribution of Trust Assets, and (iii) Termination of the Trusts, dated May 15, 2009 [D.I. 1023] (the "HFA Trust Motion"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion and the relief requested therein, to the extent modified herein, are granted; and it is further

ORDERED that the Participants' objection to the relief requested in the Motion is overruled; and it is further

ORDERED that, the record is hereby supplemented with the Supplemental Evidence; and it is further

ORDERED that, a hearing to permit cross examination of Ms. Malafronte and/or Ms. Dewar and closing arguments shall take place on **January 29, 2010 at 10:30 a.m.** (the "Hearing"); and it is further

ORDERED that the Debtors and the Participants may file closing briefs on or before February 12, 2010; and it is further

ORDERED that the Debtors shall pay (i) reasonable attorneys' fees incurred by Participants' counsel in connection with appearance at the Hearing (but not with respect to any preparatory work related to such appearance) and (ii) reasonable out-of-pocket travel expenses for the Participants to attend the Hearing (if they choose to attend) within fifteen (15) business days of the Debtors receiving an invoice and receipts documenting such fees and expenses; and it is further

ORDERED that, to the extent there is any dispute regarding the reasonableness of the Participants' requested fees and expenses, the parties shall submit such dispute to the Court for resolution.

Dated: _____, 2009
       Wilmington, Delaware

                                                     THE HONORABLE MARY F. WALRATH
                                                     UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
:
**WASHINGTON MUTUAL, INC., et al.,**[1] :
: Case No. 08-12229 (MFW)
:
**Debtors.** : (Jointly Administered)
:
: Re: Docket No. 1713
---------------------------------------------------------------x

## ORDER SUPPLEMENTING RECORD

Upon the motion, dated October 13, 2009 (the "Motion"),[2] of Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as debtors and debtors in possession (together, the "Debtors"), for entry of an order (a) authorizing the Debtors to supplement the record by submitting (i) the Declaration of Laura M. Malafronte in Connection with Debtors' HFA Trust Motion, dated October 13, 2009 (the "Malafronte Declaration," a copy of which is attached to the Motion as Exhibit A) and (ii) the Declaration of Robbyn W. Dewar in Connection with Debtors' HFA Trust Motion, dated October 9, 2009 (the "Dewar Declaration," a copy of which is attached to the Motion as Exhibit B, and, together with the Malafronte Declaration, the "Supplemental Evidence") or, in the alternative, (b) reopening the record and authorizing the Debtors to submit the Supplemental Evidence, in support of the Motion of Debtors for an Order Pursuant to Sections 105(a) and 363 of the Bankruptcy Code

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 3520577v.1

Authorizing But Not Directing (i) Washington Mutual, Inc. to Exercise Its Ownership Rights Over Certain Trust Assets, (ii) Distribution of Trust Assets, and (iii) Termination of the Trusts, dated May 15, 2009 [D.I. 1023] (the "HFA Trust Motion"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion and the relief requested therein, to the extent modified herein, are granted; and it is further

ORDERED that the Participants' objection to the relief requested in the Motion is overruled; and it is further

ORDERED that, the record is hereby supplemented with the Supplemental Evidence; and it is further

ORDERED that, a hearing to permit cross examination of Ms. Malafronte and/or Ms. Dewar and closing arguments shall take place on **January 29, 2010 at 10:30 a.m.** (the "Hearing"); and it is further

2

ORDERED that the Debtors and Participants may file closing briefs on or before February 12, 2010; and it is further

ORDERED that that the Debtors shall pay (i) reasonable attorneys' fees incurred by Participants' counsel in connection with appearance at the Hearing (including any preparatory work related to such appearance) and (ii) reasonable out-of-pocket travel expenses for the Participants to attend the Hearing (if they choose to attend) within fifteen (15) business days of the Debtors receiving an invoice and receipts documenting such fees and expenses; and it is further

ORDERED that, to the extent there is any dispute regarding the reasonableness of the Participants' requested fees and expenses, the parties shall submit such dispute to the Court for resolution.

Dated: Wilmington, Delaware
_____, 2009

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE