UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                        :
*In re*                                 :    **Chapter 11**
                                        :
**WASHINGTON MUTUAL, INC., et al.,**[1]  :    Case No. 08-12229 (MFW)
                                        :
**Debtors.**                            :    (Jointly Administered)
                                        :
                                        :    Hearing Date: February 5, 2009 at 10:30 a.m. (ET)
---------------------------------------------------------------x    Objection Deadline: January 18, 2009 at 4:00 p.m. (ET)

## DEBTORS' OBJECTION TO PROOF OF CLAIM
## FILED BY EGENCIA LLC (CLAIM NO. 3678)

Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as debtors and debtors in possession (collectively, the "Debtors"), file this objection (this "Objection") to that certain proof of claim (Claim No. 3678) (the "Expedia Claim") filed by Egencia LLC, an Expedia Company f/k/a Expedia Corporate Travel LLC a/k/a ECT ("Expedia"). This Objection is filed pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors' proposed order is attached hereto as Exhibit A. In support of the Objection, the Debtors respectfully represent as follows:

### Jurisdiction

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

## Background[2]

2. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Court entered an order, pursuant to Bankruptcy Rule 1015(b), authorizing the joint administration of the Debtors' chapter 11 cases.

### The Bar Date and Schedules

3. On December 19, 2008, the Debtors filed with the Court their schedules of assets and liabilities. On January 27, 2009, and February 24, 2009, WMI filed with the Court its first and second, respectively, amended schedule of assets and liabilities (collectively, the "Schedules").

4. By order, dated January 30, 2009 (the "Bar Date Order"), the Court established March 31, 2009 (the "Bar Date") as the deadline for filing proofs of claim against the Debtors in these chapter 11 cases. Pursuant to the Bar Date Order, each creditor, subject to certain limited exceptions, was required to file a proof of claim on or before the Bar Date.

5. In accordance with the Bar Date Order, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' court-appointed claims and noticing agent, mailed notices of the Bar Date and proof of claim forms to, among others, all of the Debtors' creditors and other known holders of claims as of the Commencement Date. Notice of the Bar Date also was published once in *The New York Times (National Edition), The Wall Street Journal* and *The Seattle Times*.

---

[2] In addition to the information set forth herein, for additional factual support, the Debtors rely upon the Declaration of Stewart M. Landefeld in Support of the Debtors' Chapter 11 Petitions and First-Day Motions, filed on October 2, 2008 (Dkt. No. 13).

### Proofs of Claim

6. Over 3,750 proofs of claim have been filed in these chapter 11 cases. The Debtors are in the process of reviewing and reconciling the filed proofs of claim. To date, approximately 800 claims have been expunged.

### The Expedia Claim

7. WMI and Expedia are parties to that certain Master Services Agreement, dated as of September 1, 2007 (the "MSA"), pursuant to which Expedia provided certain travel management services to WMI on a prepetition basis.[3] By order, dated March 26, 2009 [Docket No. 817], this Court approved the Debtors' rejection of the MSA, as of March 9, 2009. As a result of such rejection, Expedia filed the Expedia Claim wherein Expedia asserted a claim for damages related to the rejection of the MSA in the amount of $3,790,867.25. The amount of the claim is based upon "an estimate of net revenues over the expected term of the [MSA]". (*See* Expedia Claim, Exhibit A.)

### Objection to the Expedia Claim

8. As a general matter, a party's contract rejection damages are determined by applicable state law. *See In re Continental Airlines, Inc.*, 146 B.R. 520, 532 (Bankr. D. Del. 1992) (stating that "[d]amages are determined under applicable state law"). Pursuant to Section 16 of the MSA, the MSA is to be governed by and construed under Washington state law. As such, Washington law must be consulted in determining the amount of damages, if any, to which Expedia is entitled.

9. "Washington courts ordinarily base contract damages on the injured party's expectation interest with the intent of giving the injured party the benefit of its bargain."

---

[3] Due to its confidential nature, copies of the MSA will be provided to the Court at the hearing to consider the Objection.

*Water's Edge Homeowners Ass'n v. Water's Edge Assocs.*, 216 P.3d 1110, 1119 (Wash. Ct. App. 2009) (citing *Eastlake Constr. Co. v. Hess*, 686 P.2d 465, 474 (Wash. 1984)). To determine the benefit of Expedia's bargain, however, one must look to the terms of the MSA, which clearly eviscerate Expedia's claim to expectation damages.

10. First, pursuant to Section 7.1 (Termination for Convenience) of the MSA, the MSA and any related statement of work were terminable at any time by WMI for its convenience upon 60 days' notice. In the event WMI exercised its rights under this provision, Section 7.1 further provided that WMI would only be responsible for that "portion of the compensation owed to [Expedia] for any Services rendered *prior to the effective date of such termination.*" (*See* MSA § 7.1.) (emphasis added.) Accordingly, while Expedia has not asserted a claim for any such amounts, Expedia is, at best, entitled to a claim for compensation for services rendered to WMI prior to the Commencement Date for which they did not receive payment. Expedia is *not*, however, entitled to expectation damages for the remaining life of the agreement.

11. Second, the MSA is unequivocal about WMI's ongoing ability to change the level of services it purchased from Expedia, including WMI's absolute right to choose to order no services whatsoever. Section 2.3 (Changes to the Services), for example, provides that WMI "may at any time direct changes to the Services, including additions, changes, and suspension of any *or all* of the Services." (*See* MSA § 2.3) (emphasis added.) In addition, while the MSA provides the general terms and conditions of the parties' agreement, the MSA contemplates a separate statement of work that sets forth pricing and the particular services to be delivered. However, even that document expressly provides for WMI's right to decide to order

4

no services from Expedia. The statement of work attached to the MSA states, in pertinent part, that

> The Services set forth in this Appendix A shall be provided by [Expedia] as requested by WMI at any time, and in any quantities. *There shall be no minimum order requirement for any Services, and WMI shall not be obligated to use any of the Services.*

(*See* MSA, Appendix A) (emphasis added.) Lastly, the MSA also fails to require the payment by WMI of any "retainer" fees. In short, given the clear ability of WMI to suspend its use of Expedia's services for any reason whatsoever, including no reason, Expedia had no expectation of continuing revenue and, therefore, is not entitled to assert a claim for expectation damages. *See also Ford v. Trendwest Resorts, Inc.*, 146 Wash.2d 146 (2002) (holding that an employer's breach of a verbal agreement to hire an individual as an employee at-will did not give rise to any expectation damages because the individual could have been fired at any time without cause).

12. Therefore, because the express terms of the MSA provide no guarantee of continued revenue from WMI, Expedia cannot now claim to be entitled to approximately $3.7 million in expectation damages. Accordingly, the Debtors, respectfully request that the Expedia Claim be disallowed and expunged in its entirety.

### Notice

13. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Objection has been provided to: (i) the United States Trustee for the District of Delaware, (ii) counsel for the Creditors' Committee, (iii) those parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002 and (iv) counsel for Expedia. In light of the nature of the relief requested, WMI submits that no other or further notice need be provided.

14. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Objection with at least thirty (30) days' notice of the hearing to consider the Objection.

**No Previous Request**

15. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court enter an order (i) disallowing and expunging the Expedia Claim in its entirety and (ii) granting the Debtors such other and further relief as is just.

Dated: Wilmington, Delaware
January 4, 2010

*/s/*

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS TO THE DEBTORS
AND DEBTORS IN POSSESSION