# Exhibit A

**(Letter from the Debtors to the US Trustee)**

# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE
NEW YORK, NY 10153
(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

BRIAN S. ROSEN
DIRECT LINE (212) 310-8602
E-MAIL: brian.rosen@weil.com

December 4, 2008

## BY EMAIL AND OVERNIGHT DELIVERY

Joseph J. McMahon, Jr.
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801

Re: **Washington Mutual, Inc.**

Dear Mr. McMahon:

Thank you for forwarding to us a copy of the letter, dated November 10, 2008, from Michael Rozenfeld, requesting the appointment, pursuant to section 1102(b) of title 11 of the United States Code (the "Bankruptcy Code"), of an official committee of equity security holders in the Washington Mutual, Inc. ("WMI") chapter 11 case, as well as Mr. Rozenfeld's recent statement setting forth certain information allegedly in support of the request. We have reviewed Mr. Rosenfeld's letter request and the data supplied and have concluded that the request should be denied. Mr. Rosenfeld has failed to demonstrate that the appointment of an equity committee is necessary or appropriate for the efficient administration of WMI's chapter 11 case.

As you are aware, WMI and its subsidiary WMI Investment Corp. (collectively, the "Debtors") are in the process of obtaining information necessary to file their Schedules and Statements of Financial Affairs (collectively, the "Schedules") on or prior to December 19, 2008. As indicated at the status conference on November 25, 2008, preliminary information, albeit only raw data, has been provided recently to the Debtors, but, substantial analysis of such information must be performed and additional

NY2:\1941510\02\15M2%02!.DOC\79831.0003

and/or final financial information and documentation must be provided. Though the Debtors do not have all of the information required to complete the Schedules as of the date hereof, preliminary information indicates that (a) claims for funded indebtedness will exceed $7 billion (b) WMI is a defendant in multiple litigations giving rise to significant contingent unliquidated claims, (c) competing claims exist for WMI's limited asset base and (d) absent the successful reduction or expungement of contingent unliquidated claims, the recovery of contingent assets and assets currently in the custody and control of others, and the successful monetization of tax attributes and collection of tax refunds, it is extremely unlikely that equity holders have an economic stake in WMI's case.

Thus, at the present time, the interests of equity holders do not require representation. This is consistent with the case law which provides that the appointment of an equity committee is discretionary and is only appropriate where it is necessary to ensure the adequate representation of the interests of equity holders.

In the extremely unlikely event that shareholders have an economic interest in these estates, such interest is being more than adequately represented through the ongoing involvement of WMI's directors, officers and management (including Alvarez & Marsal) and the active participation of the statutory committee of unsecured creditors appointed in the Debtors' chapter 11 cases. The board of directors and WMI's management have a fiduciary responsibility to WMI and its estate that encompasses the interests of equity holders. In that regard, the board and management are focusing on maximizing and liquidating WMI's assets for the benefit, in accordance with the statutory priority scheme, of all interested parties. Adding an additional official committee where one is not required at this time will do nothing to enhance such realization. Rather, it would only retard the process and add needless fees and expenses to the process.

Further, the Debtors' equity holders include numerous large institutional investors who possess the resources and the ability to protect their respective interests and, by extension, the interests of all equity holders, without the need for an official committee. Mr. Rozenfeld and other equity holders may appear and be heard on any issue in these cases pursuant to section 1109(b) of the Bankruptcy Code; therefore, he and the equity holders he purports to represent will be able to represent their interests in these cases without an official committee. To the extent that the Court later determines that Mr. Rozenfeld or a similarly situated equity holder provides a substantial contribution to the estates, opportunities exist to be compensated for such results.

Based on all of the foregoing, the Debtors respectfully request that your office exercise its discretion to deny the request subject to future developments in these cases.

Very truly yours,

*Brian Rosen*
Brian S. Rosen

Cc: Marcia L. Goldstein, Esq.
Michael F. Walsh, Esq.
Robert Jordan, Esq.
Fred Hodara, Esq.
Scott Alberino, Esq.
Robert Ozols, Esq.