UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| WASHINGTON MUTUAL, INC., *et al.*,[1] | : | |
| | | Case No. 08-12229 (MFW) |
| Debtors. | : | (Jointly Administered) |

Hearing Date: January 28, 2010 at 4:00 P.M.

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR AN ORDER (A) DISBANDING THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS APPOINTED BY THE UNITED STATES TRUSTEE OR (B) LIMITING THE FEES AND EXPENSES WHICH MAY BE INCURRED BY SUCH COMMITTEE
(DOCKET ENTRY # 2132)**

In support of her objection to the Debtors' motion for an order (a) disbanding the Official Committee of Equity Security Holders (the "Equity Committee") appointed by the United States trustee or (b) limiting the fees and expenses which may be incurred by such Committee (the "Motion"), Roberta A. DeAngelis, Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

**INTRODUCTION**

1. This Court has jurisdiction to hear and determine the Motion.

2. Under 11 U.S.C. § 1102(a)(1), with the exception of "small business" cases, the U.S. Trustee is obligated to appoint an official committee of unsecured creditors in a chapter 11 case and has the discretion to appoint additional committees of creditors or of equity security holders "as the [U.S. Trustee] deems appropriate."

---

[1] The Debtors in these cases, and the last four digits of each Debtor's federal tax identification numbers, are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

1

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the issues raised by the Motion.

**GROUNDS/BASIS FOR RELIEF**

4. Initially, the Debtors misstate the standard governing review of the U.S. Trustee's decision to form an equity committee. The Debtors invite this Court to examine the need for an equity committee on a *de novo* basis and cite 11 U.S.C. § 1102(a)(**2**) in support of that proposition. Mot. ¶ 22. However, the decision whether or not to appoint an equity committee is committed to the U.S. Trustee's discretion pursuant to 11 U.S.C. § 1102(a)(**1**), which provides that, in addition to an official committee of unsecured creditors, the U.S. Trustee "may appoint additional committees . . . of equity security holders as the United States trustee deems appropriate."

5. None of the cases cited by the Debtors supports the idea that this Court can review acts taken by the U.S. Trustee under 11 U.S.C. § 1102(a)(1) on a *de novo* basis. The five cases cited by the Debtors with respect to the applicable standard of review – *Leap Wireless, Williams Communications, Enron, Edison Brothers* and *Kalvar Microfilm* – all involve situations where parties in interest moved for appointment of official committees pursuant to 11 U.S.C. § 1102(a)(2), which gives the Court the power to appoint such committees if they are necessary to assure adequate representation. None of the cases cited by the Debtors involve the situation at bar – a motion to disband an official committee formed by the U.S. Trustee.

6. This Court's ability to review the U.S. Trustee's decision to form the Equity Committee is limited to determining whether the U.S. Trustee abused her statutory discretion. *Cf. Victor v. Edison Bros. Stores, Inc. (In re Edison Bros. Stores, Inc.)*, No. 96-177, 1996 WL 534853 (D. Del. Sept. 17, 1996) ("Since the statute explicitly provides the bankruptcy court with discretion

in this matter, this court will review the bankruptcy court's decision for abuse of discretion."). The "abuse of discretion" standard is deferential and creates a high hurdle; a reviewing court will not substitute its judgment for that of the U.S. Trustee. *See In re Doehler-Jarvis, Inc.*, No. 97-953, 1997 WL 827396 at *2 (D. Del. October 7, 1997) (citing *In re Columbia Gas System, Inc.,* 133 B.R. 174, 175 (Bankr. D. Del. 1991)). An "abuse of discretion" "will be found if [a decision-maker] acted in an irrational, arbitrary, or capricious manner, 'clearly contrary to reason and not justified by the evidence.'" *In re Pierce*, 237 B.R. 758, 754 (Bankr. E.D. Cal. 1999) (brackets in original, quoting NORTON BANKRUPTCY LAW AND PRACTICE 2D, § 148:37). "A decision is not 'arbitrary and capricious' unless it is based on an erroneous conclusion of law, a record devoid of evidence on which the decision maker could rationally have based its decision, or it is otherwise patently unreasonable, arbitrary or fanciful." *In re Barney's, Inc.*, 197 B.R. 431, 439 (Bankr. S.D.N.Y. 1996).

7. For the reasons cited in paragraphs 21 through 41 of the Equity Committee's opposition to the Motion, the U.S. Trustee's decision to form the Equity Committee was well-founded. This Court should deny the Motion.

**[Continued on next page – space intentionally left blank]**

## **CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court enter an order denying the Motion.

        Respectfully submitted,

        **ROBERTA A. DeANGELIS**
        **ACTING UNITED STATES TRUSTEE**


**BY:**  /s/ Joseph J. McMahon, Jr.
      Joseph J. McMahon, Jr., Esquire (# 4819)
      Trial Attorney
      United States Department of Justice
      Office of the United States Trustee
      J. Caleb Boggs Federal Building
      844 King Street, Room 2207, Lockbox 35
      Wilmington, DE  19801
      (302) 573-6491
      (302) 573-6497 (Fax)

Date:  January 22, 2010