UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | ) | Chapter 11 |
| | ) | |
| WASHINGTON MUTUAL, INC., et al.[1] | ) | Case No. 08-12229 (MJW) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | Obj. Deadline: 2/11/2010 at 4:00 p.m. |
| | ) | |

## SUMMARY OF TWELFTH MONTHLY APPLICATION OF MILLER & CHEVALIER CHARTERED FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM DECEMBER 1 THROUGH DECEMBER 31, 2009

| Name of Applicant: | Miller & Chevalier Chartered |
|---|---|
| Authorized to Provide Professional Services to: | Washington Mutual, Inc. ("WMI") and WMI Investment (collectively the "Debtors") |
| Date of Retention: | November 25, 2008, *nunc pro tunc* to October 8, 2008 |
| Period For Which Compensation and Reimbursement Is Sought: | December 1 through December 31, 2009 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $ 45,254.00 (80% of $ 56,567.50) |
| Amount of Expense Reimbursement Sought As Actual, Reasonable and Necessary: | $ 14.20 |

This is a(n):   __X__ monthly ___ interim ___ final application

Prior Fee Applications Filed:   None

The total time expended in preparing this Fee Application is not included in this Fee Application because Miller & Chevalier expended that time after December 31, 2009.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtor's principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

1

1023895.1

Prior Applications Filed:

| Date Filed | Period Covered | Fees | Expenses |
|---|---|---|---|
| January 26, 2009 | October 8, 2008 through December 31, 2008 | $ 45,126.00 | 0 |
| February 25, 2009 | January 1, 2009 through January 30, 2009 | $ 10,327.60 | 0 |
| April 27, 2009 | February 1, 2009 through March 31, 2009 | $ 19,608.80 | 0 |
| May 15, 2009 | April 1, 2009 through April 30, 2009 | $ 5,680.80 | 0 |
| June 24, 2009 | May 1, 2009 through May 31, 2009 | $ 21,081.60 | 0 |
| July 25, 2009 | June 1, 2009 through June 30, 2009 | $ 18,836.34 | $20.93 |
| August 27, 2009 | July 1, 2009 through July 31, 2009 | $ 14,495.60 | 0 |
| September 23, 2009 | August 1, 2009 through August 31, 2009 | $ 15,156.00 | 0 |
| October 22, 2009 | September 1, 2009 through September 31, 2009 | $ 22,792.00 | $75.50 |
| November 20, 2009 | October 1, 2009 through October 31, 2009 | $ 29,198.80 | 0 |
| December 17, 2009 | November 1, 2009 through November 30, 2009 | $ 6,462.80 | $918.80 |

1023895.1

## COMPENSATION BY PROFESSIONAL

| Name of Professional Individual | Position (year of obtaining relevant license to practice) | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Alan Horowitz | Member (1990) | $850 | 21.40 | $ 18,190.00 |
| Mary Lou Soller | Member (1979) | $575 | 6.50 | $ 3,737.50 |
| Maria O. Jones | Member (1996) | $720 | 10.00 | $ 7,200.00 |
| Steven R. Dixon | Associate (2005) | $600 | 44.50 | $ 26,700.00 |
| Michael O. Kirby | Legal Assistant | $185 | 4.00 | $ 740.00 |

|  |  |
|---|---|
| Grand Total | $ 56,567.50 |
| Attorney Compensation | $ 55,827.50 |
| Total Attorney Hours | $ 82.40 |
| Blended Attorney Rate | $ 677.51 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Post-Commencement Date WD Washington | 59.10 | $ 39,426.00 |
| Post-Commencement Date CFC | 27.30 | $ 17,141.50 |
|  |  |  |
| TOTAL | 86.40 | $ 56,567.50 |

## EXPENSES BY PROJECT CATEGORY

| Description of Expenses | Amount | Total Amount |
|---|---|---|
| Telephone | $ 13.20 | $ 13.20 |
| Copying | $ 1.00 | $ 1.00 |
|  |  |  |
| TOTAL | $ 14.20 | $ 14.20 |

1023895.1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | ) | **Chapter 11** |
| | ) | |
| WASHINGTON MUTUAL, INC., et al.[2] | ) | **Case No. 08-12229 (MJW)** |
| | ) | |
| | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | Obj. Deadline: 2/11/2010 at 4:00 p.m. |
| | ) | |

## TWELFTH MONTHLY APPLICATION OF MILLER & CHEVALIER CHARTERED FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL TAX COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD DECEMBER 1 THROUGH DECEMBER 31, 2009

Miller & Chevalier Chartered ("Miller & Chevalier"), special tax counsel for Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment," together with WMI, the "Debtors"), hereby files this Twelfth Monthly Application for Compensation for Services Rendered and Reimbursement of Expenses as Special Tax Counsel to the Debtors and Debtors in Possession for the Period December 1, 2009 through December 31, 2009 (the "Application"), pursuant to Sections 330(a) and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 issued by the Executive Office for the United States Trustee (the "Guidelines"), and the Court's Amended Administrative Order Establishing Procedures for

---

[2] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

4

Interim Compensation and Reimbursement of Expenses of Professionals, dated November 14, 2007 [Docket No. 302] (the "Interim Compensation Order"). By this Application, Miller & Chevalier seeks (i) interim compensation for professional services performed by Miller & Chevalier during the period December 1, 2009 through and including December 31, 2009 (the "Compensation Period"), in the amount of $ 45,254.00 (the "Interim Compensation Amount"). In support of this Application, Miller & Chevalier respectfully represents as follows:

## Background

1. On September 26, 2008 (the "Petition Date"), Washington Mutual, Inc. and WMI Investment Corp. (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. As of the date of this Application, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

3. On October 15, 2008, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee").

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1023895.1

## Summary of Application for the Compensation Period

5. By this Application, and in accordance with the Interim Compensation Order, Miller & Chevalier requests approval of the Interim Compensation Amount for the Compensation Period.

6. As described in greater detail in Miller & Chevalier's Retention Application, Miller & Chevalier is owed prepetition amounts for legal services provided in three tax refund cases (the "Tax Cases"). Miller & Chevalier has not been paid those prepetition amounts.

7. Miller & Chevalier was retained effective as of the Petition Date by this Court's Order dated November 25, 2008 [Docket No. 258] (the "Retention Order") to represent Washington Mutual, Inc. in three tax refund cases (the "Tax Cases"). The Retention Order authorized Miller & Chevalier to be compensated in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as were to be fixed by order of the Court. The Court fixed those other procedures on November 14, 2008 in issuing the Interim Compensation Order.

8. During the Compensation Period, Miller & Chevalier performed the services for which it is seeking compensation for or on behalf of the Debtors. Miller & Chevalier did not perform those services for or on behalf of any committee, creditor, or other person. Miller & Chevalier has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Miller & Chevalier and any other person (other than the partners of Miller & Chevalier) for the sharing of compensation to be received for services rendered in these cases.

1023895.1

**Fee Statements**

9. Subject to redaction where necessary to preserve the attorney-client privilege, Miller & Chevalier's fee statements for the Compensation Period are attached hereto as Exhibit A, as further described below. These statements contain daily time logs describing the time spent by each Miller & Chevalier attorney for this period.

**Summary of Services Rendered by Miller & Chevalier During the Compensation Period**

10. This is the Twelfth Monthly Fee Application for interim compensation that Miller & Chevalier has filed with the Court in this case. During the Compensation Period, Miller & Chevalier provided significant professional services to the Debtors regarding the Tax Cases. Those Tax Cases are as follows:

- *Washington Mutual, Inc., as Successor in Interest to H.F. Ahmanson & Co. and Subsidiaries v. United States*, involving tax years 1990, 1992, and 1993, which was commenced in October 2006 in the United States District Court for the Western District of Washington (CV06-1550);

- *Washington Mutual Inc., as Successor in Interest to H.F. Ahmanson & Co. and Subsidiaries; Washington Mutual Bank, a Federal Association, as Successor in Interest to Home Savings of America; and Savings of America, Inc., as Substitute Agent for H.F. Ahmanson & Co. and Subsidiaries v. United States* (08-211), which was commenced in 2008 in the U.S. Court of Federal Claims and involves tax years 1991 and 1994; and

- *Washington Mutual, Inc., as Successor in Interest to H.F. Ahmanson & Co. and Subsidiaries; Washington Mutual Bank, a Federal Association, as Successor in Interest to Home Savings of America; and Savings of America, Inc., as Substitute Agent for H.F. Ahmanson & Co. and Subsidiaries v. United States* (08-321), which was commenced in 2008, involves tax years 1995 and 1998, and is pending in the U.S. Court of Federal Claims.

In the first case, Miller & Chevalier continued work on the appeal of the trial court's order granting summary judgment. This involved the preparation and filing of the notice of appeal and mediation questionnaire for the Ninth Circuit. In addition to the Tax Cases, Miller & Chevalier's general counsel, who is also a litigator, worked to submit the prior fee applications for work

1023895.1

performed for Debtors from November 1, 2009 through November 30, 2009, and for the third interim fee statement which included, among other things, preparing Miller & Chevalier's bill and filings with the Bankruptcy Court and participation in a court hearing. The fee statement at Exhibit A includes the time descriptions for all of Miller & Chevalier's work on these matters. In the second two cases, Miller & Chevalier continued to work with co-counsel on coordination of the substitution of counsel for all the plaintiffs and on litigation strategy and discovery for the Debtors. The fee statement at Exhibit B includes the time descriptions for all of Miller & Chevalier's work on these matters.

11. Exhibit A and B are Miller & Chevalier's itemized time records for attorneys performing services for the Debtors during the Compensation Period. During the Compensation Period, Miller & Chevalier billed the debtors for time expended by attorneys based on hourly rates ranging from $600 to $850 per hour. The professional services performed by Miller & Chevalier on the Debtors' behalf during the Compensation Period required an aggregate expenditure of 82.40 recorded hours by Miller & Chevalier's personnel. Of the aggregate time expended, 37.90 recorded hours were expended by members and 44.50 hours were expended by an associate. Miller & Chevalier's blended hourly rate for attorney services provided during the Compensation Period was $677.51.

12. The fees charged by Miller & Chevalier as set forth in Exhibits A and B are billed in accordance with Miller & Chevalier's existing billing rates and procedures in effect during the Compensation Period. The rates Miller & Chevalier charges for the services rendered by its attorneys and legal assistants in this Chapter 11 case are the same as the rates Miller & Chevalier charges for those services in comparable non-bankruptcy-related matters in a competitive

national legal market. Miller & Chevalier minimized fees by using a small core team to render its tax litigation services.

13. Miller & Chevalier certifies that it has reviewed the requirements of Local Rule 2016-2 and that this Application and all entries itemized in Miller & Chevalier's time records comply with that Rule including, without limitation, (i) a description of each activity or service that each individual performed, and (iii) the number of hours (in increments of one-tenth of an hour) spent by each individual providing the services. In accordance with Local Rule 2016-2(d)(x), all activity descriptions in the Exhibits are presented chronologically.

14. All services described above and in the Exhibits performed by Miller & Chevalier were necessary and appropriate to the administration of this case. The professional services performed by Miller & Chevalier were in the best interest of the Debtors and other parties in interest. Compensation for those services as requested is commensurate with the complexity, importance, and time-sensitive nature of the problems, issues, or tasks involved. The professional services were performed expeditiously and in an efficient manner.

15. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; (d) Miller & Chevalier's expertise in the area of tax litigation; and (f) the costs of comparable services other than in a case under the Bankruptcy Code.

### Actual and Necessary Expenses of Miller & Chevalier

16. Miller & Chevalier did incur reimbursable expenses in providing professional services during the Compensation Period in the amount of $14.20 for telephone and copying charges.

## The Requested Compensation Should Be Allowed

17. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of Section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." *Id.* § 330(a)(1)(A)-(B). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement.

18. In the instant case, Miller & Chevalier respectfully submits the professional services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the Debtors' ongoing tax litigation matters. Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors. Miller & Chevalier further submits the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

19. Whenever possible, Miller & Chevalier has sought to minimize the costs of its services to the Debtors by leanly staffing the matters. The vast majority of the work on the first case was done by one member and one associate. All of the work on the second two cases was done by two members and an associate.

20. The attorneys at Miller & Chevalier worked on these tax cases in conjunction with attorneys at Shearman & Sterling LLP. There was no duplication of work between the two firms. The Miller & Chevalier tax litigation attorneys and the attorneys at Shearman & Sterling

1023895.1

have worked together on these cases since their inception and continue to cooperate to work these cases in the most efficient manner possible.

21. In sum, the services rendered by Miller & Chevalier were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services sought herein is warranted.

### Reservation

22. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Miller & Chevalier has for any other reason not sought compensation or reimbursement of expenses here with respect to any services rendered or expenses incurred during the Compensation Period, Miller & Chevalier reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

### Notice

23. Notice of this Application will be served upon: (i) Washington Mutual, Inc., 1301 Second Avenue, Seattle, Washington 98101 (Attn: Meeta Ojha); (ii) counsel to Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Marcia L. Goldstein, Esq. and Brian S. Rosen, Esq.); (iii) local counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Mark D. Collins, Esq.); (iv) the Office of the United States Trustee, District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; and (v) counsel to the

11

1023895.1

Creditors' Committee, Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, Wilmington, Delaware 19899 (Attn: Evelyn J. Meltzer).

### Conclusion

WHEREFORE Miller & Chevalier respectfully requests that the Court enter an Order (i) allowing interim compensation for professional services rendered during the Compensation Period in the amount of $ $ 45,254.96 (80% of $ 56,5567.50), (ii) allowing such compensation for professional services rendered without prejudice to Miller & Chevalier's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this Application, and (iii) granting Miller & Chevalier such other and further relief as is just and proper.

Dated: January 22, 2010
Washington, D.C.

/s/ Mary Lou Soller
Mary Lou Soller
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Suite 900
Washington, D.C. 20005
Tel: 202-626-5800
Fax: 202-626-5801
Email: msoller@milchev.com

1023895.1

## VERIFICATION

| DISTRICT OF COLUMBIA | ) | |
|---|---|---|
| | ) | SS: |
| WASHINGTON, DC | ) | |

Mary Lou Soller, after being duly sworn according to law, deposes and says:

a) I am a Member of the applicant firm, Miller & Chevalier Chartered and admitted to practice law in the District of Columbia.

b) I have personally performed many of the legal services rendered by Miller & Chevalier Chartered as special tax counsel to Debtors Washington Mutual, Inc. and WMI Investment Corp. and am familiar with the other work performed on behalf of the Debtor by the lawyers in the Firm.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2 and submit that the Application substantially complies with that Rule.

_____
Mary Lou Soller

SWORN AND SUBSCRIBED before me
This 22nd day of January, 2010.

_____
Notary Public
My Commission Expires: _____

Gail M. Anderson
Notary Public, District of Columbia
My Commission Expires 7-14-2013

13

1023738.1