IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
*In re:* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
: (Jointly Administered)
Debtors. :
:
---------------------------------------------------------x

## NOTICE OF AGENDA OF MATTERS SCHEDULED FOR HEARING ON JANUARY 28, 2009 AT 4:00 P.M. (EST)

I. **RESOLVED/CONTINUED MATTERS:**

1. Debtors' First Omnibus (Substantive) Objection to Claims [Docket No. 1087; filed 5/29/09]

    Objection Deadline: June 22, 2009 at 4:00 p.m. (EDT)

    Objections/Responses Received:

    A. Schindler Family Trust's Response to Debtors' First Omnibus Objection to Claims [Docket No. 1190; filed 6/22/09]

    Related Documents:

    i. Amendment to Notice of Debtors' Omnibus Objections to Claims [Docket No. 1177; filed 6/18/09]

    ii. Notice of Submission of Proofs of Claims Relating to Debtors' First Omnibus (Substantive) Objection to Claims [Docket No. 1292; filed 7/13/09]

    iii. Debtors' Omnibus Reply to Responses to Debtors First through Fourth Omnibus Claims Objections [Docket No. 1364; filed 7/22/09]

    iv. Debtors' Omnibus Reply to Responses to Debtors First through Fourth Omnibus Claims Objections [Docket No. 1368; filed 7/22/09]

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

RLF1 3527716v.1

v. Order Granting Debtors' First Omnibus (Substantive) Objection to Claims [Docket No. 1469; filed 8/10/09]

vi. Debtors' Omnibus Reply to Responses to Debtors' First, Fifth, Sixth, Eighth and Ninth Omnibus Claims Objections [Docket No. 1522; filed 8/19/09]

Status: This hearing on this matter is continued. The Court has entered an order resolving certain claims subject to this matter. The individual status of each remaining claim subject to this matter is listed on the attached Exhibit A.

2. Debtors' Fifth Omnibus (Substantive) Objection to Claims [Docket No. 1233; filed 6/26/09]

   Objection Deadline: July 16, 2009 at 4:00 p.m. (EDT)

   Objections/Responses Received: None.

   Related Documents:

   i. Notice of Submission of Proof of Claim Relating to Debtors' Fifth Omnibus (Substantive) Objection to Claims [Docket No. 1294; filed 7/13/09]

   ii. Debtors' Omnibus Reply to Responses to Debtors Fifth through Seventh Omnibus Claims Objections [Docket No. 1365; filed 7/22/09]

   iii. Declaration of Mark W. Spittell in Support of Debtors' Reply to Responses to Debtors Fifth through Seventh Omnibus Objection to Claims [Docket No. 1366; filed 7/22/09]

   iv. Debtors' Omnibus Reply to Responses to Debtors Fifth through Seventh Omnibus Claims Objections [Docket No. 1369; filed 7/22/09]

   v. Order Granting Debtors' Fifth Omnibus (Substantive) Objection to Claims [Docket No. 1466; filed 8/10/09]

   vi. Debtors' Omnibus Reply to Responses to Debtors' First, Fifth, Sixth, Eighth and Ninth Omnibus Claims Objections [Docket No. 1522; filed 8/19/09]

   vii. Declaration of Mark W. Spittel in Further Support of Debtors' Fifth and Sixth Omnibus Objections to Claims [Docket No. 1528; filed 8/20/09]

   Status: This hearing on this matter is continued The Court has entered an order resolving certain claims subject to this matter. The individual status of each remaining claim subject to this matter is listed on the attached Exhibit B.

3. Debtors' Sixth Omnibus (Substantive) Objection to Claims [Docket No. 1234; filed 6/26/09]

   Objection Deadline: July 16, 2009 at 4:00 p.m. (EDT)

Objections/Responses Received:

A. Response by John S. Pereira as Chapter 11 Trustee of Maywood Capital Corp., et. al in Opposition to Debtors' Sixth Omnibus (Substantive) Objection to Claims [Docket No. 1314; filed 7/15/09]

Related Documents:

i. Notice of Submission of Copies of Proofs of Claims Relating to Debtors' Sixth Omnibus (Substantive) Objection to Claims [Docket No. 1295; filed 7/13/09]

ii. Debtors' Omnibus Reply to Responses to Debtors Fifth through Seventh Omnibus Claims Objections [Docket No. 1365; filed 7/22/09]

iii. Declaration of Mark W. Spittell in Support of Debtors' Reply to Responses to Debtors Fifth through Seventh Omnibus Objection to Claims [Docket No. 1366; filed 7/22/09]

iv. Notice of Withdrawal re: Docket No. 1364 and 1365 [Docket No. 1367; filed 7/22/09]

v. Debtors' Omnibus Reply to Responses to Debtors Fifth through Seventh Omnibus Claims Objections [Docket No. 1369; filed 7/22/09]

vi. Declaration of Rishi Jain in Further Support of Debtors' Sixth Omnibus (Substantive) Objection to Claims [Docket No. 1388; filed 7/27/09]

vii. Order Granting Debtors' Sixth Omnibus (Substantive) Objection to Claims [Docket No. 1467; filed 8/10/09]

viii. Debtors' Reply to Response and Opposition of MSG Media to Debtors' Sixth Omnibus Claims Objection [Docket No. 1482; filed 8/12/09]

ix. Debtors' Omnibus Reply to Responses to Debtors' First, Fifth, Sixth, Eighth and Ninth Omnibus Claims Objections [Docket No. 1522; filed 8/19/09]

x. Declaration of Mark W. Spittel in Further Support of Debtors' Fifth and Sixth Omnibus Objections to Claims [Docket No. 1528; filed 8/20/09]

xi. Second Order Granting Debtors' Sixth Omnibus (Substantive) Objection to Claims [Docket No. 1579; filed 9/3/09]

xii. Supplemental Briefing of MSG Media in Connection with Debtors' Sixth Omnibus (Substantive) Objection to Claims [Docket No. 1599; filed 9/9/09]

xiii. Debtors' Memorandum of Law in Further Support of Their Sixth Omnibus Objection to Claims with Respect to Proof of Claim Number 1841, Filed by

3

MSG Media, A Division of Madison Square Garden, L.P. [Docket No. 1600; filed 9/9/09]

Status: This hearing on this matter is continued  The Court has entered an order resolving certain claims subject to this matter. The individual status of each remaining claim subject to this matter is listed on the attached Exhibit C.

4. Plaintiffs' Buus et al. Motion for Relief from the Automatic Stay [Docket No. 1568; filed 9/1/09]

   Objection Deadline:  October 21, 2009 at 4:00 p.m. (EDT); extended to January 11, 2010

   Objections/Responses Received:

   A. Debtors' Objection to Movants' Buus et al. Motion for Relief from the Automatic Stay [Docket No. 1942; filed 11/25/09

   B. Response of JPMorgan Chase Bank, National Association to Debtors' Objection to Movants' Buus et al. Motion for Relief from the Automatic Stay [Docket No. 1985; filed 12/10/09]

   Related Documents:

   i. Notice of Rescheduled Hearing on Motion [Docket No. 1944; filed 11/30/09]

   Status: The hearing on this matter is continued to the omnibus hearing scheduled for February 22, 2010 at 3:00 p.m.

5. Motion of Debtors Pursuant to Sections 105 and 363 of the Bankruptcy Code for Order Approving Procedures for the Sale of Certain Intellectual Property [Docket No. 1701; filed 10/7/09]

   Objection Deadline: October 21, 2009 at 4:00 p.m. (EDT)

   Objections/Responses Received:

   A. Objection of JPMorgan Chase Bank, N.A. to the Motion of Debtors Pursuant to Sections 105 and 363 of the Bankruptcy Code for Order Approving Procedures for the Sale of Certain Intellectual Property [Docket No. 1746; filed 10/21/09]

   Related Documents: None.

   Status: This hearing on this matter is continued to the omnibus hearing scheduled for February 22, 2010 at 3:00 p.m.

6.  Debtors' Fifteenth Omnibus (Non-Substantive) Objection to Claims [Docket No. 1910; filed 11/18/09]

    Objection Deadline: December 7, 2009 at 4:00 p.m. (EST)

    Objections/Responses Received: None.

    Related Documents:

    i.  Notice of Withdrawal of Proof of Claim filed by ADT Security Services, Inc. [Docket No. 1948; filed 12/1/09]

    ii. Order Granting Debtors' Fifteenth Omnibus (Non-Substantive) Objection to Claims [Docket No. 2226; filed 1/25/2010]

    Status: All claims on this objection have been resolved by order of this Court. Therefore, no further hearing is necessary.

7.  Debtors' Sixteenth Omnibus (Substantive) Objection to Claims [Docket No. 1911; filed 11/18/09]

    Objection Deadline: December 7, 2009 at 4:00 p.m. (EST)

    Objections/Responses Received: None.

    Related Documents:

    i.  Notice of Submission of Claims [Docket No. 1958; filed 12/4/09]

    ii. Order Granting Debtors' Sixteenth Omnibus (Substantive) Objection to Claims [Docket No. 2035; filed 12/18/09]

    Status: This hearing on this matter is continued with respect to the claim filed by Relizon Company (Claim No. 3293). The individual status of each remaining claim subject to this matter is listed on the attached Exhibit D.

8.  Debtors' Second Supplemental Application Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code for Authorization to Employ and Retain Grant Thornton LLP as Tax Advisors to the Debtors, *Nunc Pro Tunc* to November 2, 2009 [Docket No. 2066; filed 12/28/09]

    Objection Deadline: January 11, 2010 at 4:00 p.m. (EST)

    Objections/Responses Received: None.

    Related Documents:

i. Order (Second Supplemental) Authorizing the Debtors to Retain and Employ Grant Thornton LLP as Tax Advisors, Nunc Pro Tunc to November 2, 2009 [Docket No. 2144; filed 1/14/2010]

Status: An Order was entered on January 14, 2010. Accordingly, no hearing regarding this matter is necessary.

## II. UNCONTESTED MATTERS WITH CERTIFICATIONS OF NO OBJECTION:

9. Debtors' Objection to Proof of Claim Filed by Wells Fargo Bank, National Association, as Identure Trustee (Claim No. 2134) [Docket No. 2039; filed 12/18/09]

   Objection Deadline: January 4, 2010 at 4:00 p.m. (EST)

   Objections/Responses Received: None.

   Related Documents:

   i. Notice of Submission of Proof of Claim [Docket No. 2149; filed 1/14/2010]

   ii. Certification of No Objection Regarding Debtors' Objection to Proof of Claim Filed by Wells Fargo Bank, National Association, as Identure Trustee (Claim No. 2134) [Docket No. 2213; filed 1/25/2010]

   Status: On January 25, 2010, the Debtors filed a certification of no objection with respect to this matter. Accordingly, no hearing on this matter is necessary unless the Court has additional questions or concerns.

10. Debtors Eighteenth Omnibus (Non-Substantive) Objection to Claims [Docket No. 2041; filed 12/18/09]

    Objection Deadline: January 4, 2010 at 4:00 p.m. (EST)

    Objections/Responses Received: None.

    Related Documents:

    i. Certification of No Objection Regarding Debtors Eighteenth Omnibus (Non-Substantive) Objection to Claims [Docket No. 2214; filed 1/25/2010]

    Status: On January 25, 2010, the Debtors filed a certification of no objection with respect to this matter. Accordingly, no hearing on this matter is necessary unless the Court has additional questions or concerns. The individual status of each remaining claim subject to this matter is listed on the attached Exhibit F.

11. Motion of Washington Mutual, Inc. and WMI Investment Corp. For an Order Waiving Certain Requirements of Local Rule 3007-1 [Docket No. 2100; filed 1/8/2010]

Objection Deadline: January 21, 2010 at 4:00 p.m. (EST)

Objections/Responses Received: None.

Related Documents:

i. Certificate of No Objection Regarding Motion of Washington Mutual, Inc. and WMI Investment Corp. For an Order Waiving Certain Requirements of Local Rule 3007-1 [Docket No. 2227; filed 1/26/2010]

Status: On January 25, 2010, the Debtors filed a certification of no objection with respect to this matter. Accordingly, no hearing on this matter is necessary unless the Court has additional questions or concerns.

### III. UNCONTESTED MATTER GOING FORWARD:

12. Motion of Debtors Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a) for Approval of Settlements with Old Republic Insurance Company, Zurich American Insurance Company and JPMorgan Chase Bank, N.A. [Docket No. 2082; filed 1/4/2010]

Objection Deadline: January 19, 2010 at 4:00 p.m. (EST)

Objections/Responses Received: None.

Related Documents: None.

Status: This hearing on this matter is going forward.

### IV. CONTESTED MATTERS GOING FORWARD:

13. Motion of the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, for an Order Modifying the Automatic Stay [Docket No. 1834; filed 11/4/09]

Objection Deadline: November 17, 2009 at 4:00 p.m. (EST)

Objections/Responses Received:

A. Debtors' Objection to Motion of the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, for an Order Modifying the Automatic Stay [Docket No. 1872; filed 11/11/09]

7

B. Statement of Bank Bondholders in Response to (1) Motion of the Federal Deposit Insurance Corporation for an Order Modifying the Automatic Stay and (2) the Debtors' Objection to the Motion [Docket No. 1896; filed 11/17/09]

C. JPMorgan Chase Bank, National Association's Response to Motion of the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, for an Order Modifying the Automatic Stay [Docket No. 1898; filed 11/17/09]

D. Objection of the Washington Mutual, Inc. Noteholders Group to the Motion of the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, for an Order Modifying the Automatic Stay and Joinder in the Debtors' Objection [Docket No. 1900; filed 11/17/09]

E. Reply of the FDIC-Receiver in Further Support of Its Motion for an Order Modifying the Automatic Stay [Docket No. 1951; filed 12/1/09]

Related Documents: None.

Status: This hearing on this matter is going forward.

14. Re-Notice of Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents From Knowledgeable Parties [Docket No. 2006; filed 12/16/09]

Objection Deadline: January 11, 2010 at 4:00 p.m. (EST)

Objections/Responses Received:

A. The Securities and Exchange Commission's Response to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents From Knowledgeable Parties [Docket No. 2161; filed 1/15/2010]

B. Standard & Poor's Corporation's Reservation of Rights to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents From Knowledgeable Parties [Docket No. 2163; filed 1/15/2010]

C. Protective Objection and Reservation of Rights of Wells Fargo, N.A. with Respect to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents From Knowledgeable Parties [Docket No. 2164; filed 1/15/2010]

8

D. Response to WMI's Requisition for Production of Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure filed by Federal Home Loan Bank of San Francisco [Docket No. 2168; filed 1/15/2010]

E. Objection to the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 filed by Federal Deposit Insurance Corporation [Docket No. 2169; filed 1/15/2010]

F. Objection of FDIC-Corporate to the Debtors' Motion for an Order Pursuant to Bankruptcy Rules 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witness and Production of Documents from Knowledgeable Parties [Docket No. 2170; filed 1/15/2010]

G. Objection of the Third-Parties Toronto-Dominion Bank Bank and TD Bank, N.A. to the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents From Knowledgeable Parties [Docket No. 2171; filed 1/15/2010]

H. Objection of the Office of Thrift Supervision to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 [Docket No. 2172; filed 1/15/2010]

I. Objection of Pricewaterhouse Coopers LLC and Reservation of Rights with Respect to the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties [Docket No. 2175; 1/15/2010]

J. Joinder of Standard & Poor's Corporation to Objections with Respect to the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties [Docket No. 2191; filed 1/21/2010]

K. Response to Debtors' Motion for an Order Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties Filed by David L. Horne, LLC [Docket No. 2200; filed 1/21/2010]

L. Debtors' Reply to the Objections of the Knowledgeable Parties to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witness and Production of Documents from Knowledgeable Parties [Docket No. 2212; filed 1/25/2010]

Related Documents:

i. Debtor's Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents From Knowledgeable Parties [Docket No. 1997; filed 12/14/09]

ii. Notice of Withdrawal *(Partial) of Debtors' Motion for an Order Pursuant to* Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties [Docket No. 2136; filed 1/13/2010]

iii. Notice of Corrected Exhibit [Docket No. 2138; filed 1/13/2010]

iv. Notice of Withdrawal (Partial) of Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties [Docket No. 2159; filed 1/15/2010]

v. Notice of Withdrawal (Partial) of Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties [Docket No. 2167; filed 1/15/2010]

vi. Notice of Withdrawal (Partial) of Debtors' Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of Witnesses and Production of Documents from Knowledgeable Parties [Docket No. 2173; filed 1/15/2010]

Status: This hearing on this matter is going forward.

15. Debtors' Seventeenth Omnibus (Substantive) Objection to Claims [Docket No. 2040; filed 12/18/09]

Objection Deadline: January 4, 2010 at 4:00 p.m. (EST)

Objections/Responses Received:

A. Response of First American CoreLogic, Inc. to Debtors' Seventeenth Omnibus (Substantive) Objection to Claims [Docket No. 2086; filed 1/5/2010]

Related Documents:

i. Notice of Submission of Proof of Claim Regarding Debtors Seventeenth Omnibus (Substantive) Objection to Claims [Docket No. 2148; filed 1/14/2010]

Status: This hearing on this matter is going forward. The individual status of each remaining claim subject to this matter is listed on the attached Exhibit E.

16. Motion of Washington Mutual, Inc. and WMI Investment Corp. for an Order (A) Disbanding the Official Committee of Equity Holders Appointed by the United States Trustee or (B) Limiting the Fees and Expenses Which May be Incurred by Such Committee [Docket No. 2132; filed 1/11/2010]

RLF1 3527716v.1

Objection Deadline: January 21, 2010 at 4:00 p.m. (EST)

Objections/Responses Received:

A. Opposition of the Official Committee of Equity Security Holders to Debtors' Motion for an Order (A) Disbanding Such Committee of (B) Limiting the Fees and Expenses Which May Be Incurred By Such Committee [Docket No. 2185; filed 1/21/2010]

B. Black Horse Capital Management LLC's (I) Response to Debtors' Motion for an Order (A) Disbanding the Official Committee of Equity Holders Appointed by the United States Trustee or (B) Limiting the Fees and Expenses Which May be Incurred by Such Committee; and (II) Request for Alternative Relief Consisting of A Reconstituted Committee of Certain Preferred Equity Holders [Docket No. 2186; filed 1/21/2010]

C. Statement of the Official Committee of Unsecured Creditors of Washington Mutual, Inc., Et Al. in Support of Disbanding the Official Committee of Equity Security Holders [Docket No. 2194; filed 1/21/2010

D. Objection of the Acting United States Trustee to the Debtors' Motion for an Order (A) Disbanding the Official Committee of Equity Security Holders Appointed by the United States Trustee or (B) Limiting the Fees and Expenses Which May Be Incurred by Such Committee [Docket No. 2198; filed 1/22/2010]

E. Bank Bondholders' Response to the Opposition of the Official Committee of Equity Security Holders to Debtors' Motion for an Order (A) Disbanding Such Committee of (B) Limiting the Fees and Expenses Which May be Incurred by Such Committee [Docket No. 2215; filed 1/25/2010]

F. Reply of Washington Mutual, Inc. and WMI Investment Corp. in Further Support of Motion for an Order (A) Disbanding the Official Committee of Equity Holders Appointed by the US Trustee or (B) Limiting the Fees and Expenses Which May be Incurred by Such Committee [Docket No. 2223; filed 1/25/2010]

Related Documents: None.

Status: This hearing on this matter is going forward.

Dated: January 26, 2010  
Wilmington, Delaware

Respectfully submitted,

_____
Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Lee E. Kaufman (No. 4877)
Julie A. Finocchiaro (No. 5303)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors and Debtors in Possession*