

RECEIVED / FILED
JAN 27 2010
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dale Spencer
3009 Big Oaks Dr.
Garland, TX 75044
972-979-6788

Honorable Judge Mary F. Walrath
824 North Market Street
5th Floor
Wilmington, DE 19801
302-252-2929

In re Washington Mutual, Inc., Case No. 08-12229 (MFW)
United States Bankruptcy Court, District of Delaware

I am submitting the enclosed letter for you review. Please include the enclosed letter in the docket of Case No. 08-12229 Washington Mutual, Inc.

Thank You,

Dale Spencer

The Honorable Judge Mary F. Walrath,

I am a pre-seizure shareholder of Washington Mutual. I recently read the debtor's response in further support to disband the Equity Committee submitted by Weil, Gotshal, & Manges on January 25th, 2010. I found the debtor's reference to a "gift recovery" to be insulting in the extreme and it has prompted me to contact the court. Like many shareholders, I sit on pins and needles as I follow this case closely. I have consumed every scrap of information that makes its way through the court, but ultimately feel like a helpless bystander. Many of us have put our faith and hands in the debtor's savvy council Weil, Gotshal, & Manges over the last 16 months. However, the recent behavior and aggression against the community of retail equity holders has left us baffled. I am also angry by their implication that we are looking for a handout.

My family has suffered greatly. We lost our life savings after WMI's assets were seized by the FDIC. Any hope for a secure future was destroyed in an instant. Worse yet we were left with only IRS debt due to a difference in tax basis of capital loss and income gain. I love my wife dearly and imagined that we would always be together, but we were dangerously close to divorce as we struggled with the pressures of my financial mistakes and the pressure of our 2 infant children (now toddlers). We are still struggling to this day. The only thing we have left is the hope of justice.

The media has blamed both our regulators and financial institutions for these failures, but people like me are the one left to bear the burden. Weil argues voraciously for the creditors, but I wonder who owns this debt now. Is it likely the same people that profited from this to begin with? It saddens me to think that greedy entities purchased distressed debt knowing that they could exploit equity in the end because it was the expedient path.

Weil argues on the one hand, that they sufficiently represent the interests of equity, while on the other, imply that they have no intent to pursue difficult and lengthy litigation that could result in recovery. It is clear to me that they do not have equity's interest at heart. It would appear that they seek the path of least resistance in an effort to expedite the recovery for creditors. If there has ever been the need for an equity committee in bankruptcy then this case is it. There is pending litigation for claims that potentially exceed 52 billion dollars, but the debtors would wipe any chance of equity participating in that recovery by denying us a seat at the table.

They endeavor to throw out the baby with the bath water due to mysterious unnamed complexities. Indeed, this is a complex case involving potential malfeasance and corruption on the federal level. By this very logic equity should not be left out of an attempted resolution. Striving to reduce the complexity in this manner would be as fruitless as trying to subtract one from infinity in the hopes of something smaller. This would be an injustice. It would be a further injustice if it were done because of the perception that equity is looking for a "gift recovery". At best Weil is being disingenuous with their response. Far worse they may be ignoring a fiduciary duty to the shareholders by arbitrarily limiting the scope of recovery. Even a reasonable settlement figure of 25% would likely result in recovery for all classes of equity. Weil refers to $50 billion of unsecured claims against the debtor's estate but they make no mention of the legitimacy of these claims. **It stands to reason that if WMI is seeking full value of seized property in the DC action against the FDIC that this would constitute recovery for equity. Otherwise, their obligations would have rendered them hopelessly insolvent long before seizure.**

I take full responsibility for my financial mistakes and the risks of investing. However, my generation does not expect to benefit from social security. What other option do we have? If the integrity of that system is eroded at every turn by corruption then there is little hope. The 2004 discovery has intimated at potential corruption of federal institutions that have been charged with the duty of maintaining stability and hungry competitors willing to push the limits of the law. If there is the chance that WMI's insolvency was a result of misdeeds by our government and corporations then shareholders such as myself deserve a say in the outcome no matter what arguments the debtors may espouse.

We pray for a just recovery. We perceive this as a gift from God and the integrity of the judicial system; not a "gift" from the alleged perpetrators of fraud who may have unjustly enriched themselves off the backs of shareholders. That is restitution.

Thank You,

*[signature]* 1/25/2010
Dale E. Spencer