UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
Debtors. : (Jointly Administered)
:
: Hearing Date: March 4, 2010 at 11:30 a.m. (ET)
---------------------------------------------------------------x Objection Deadline: February 19, 2010 at 4:00 p.m. (ET)

**MOTION OF WASHINGTON MUTUAL, INC.
FOR AN ORDER, PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, APPROVING SETTLEMENT AGREEMENT
BETWEEN WASHINGTON MUTUAL, INC. AND TBWA WORLDWIDE INC.**

Washington Mutual, Inc. ("WMI"), as debtor and debtor in possession (the "Debtor"), as and for its motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of that certain Settlement Agreement (the "Settlement Agreement") dated on or about February 5, 2010, by and between WMI and TBWA Worldwide Inc. d/b/a TBWA\Chiat\Day ("TBWA"), a copy of which is attached hereto as Exhibit A, respectfully represents as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

## Background

2. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Court entered an order, pursuant to Bankruptcy Rule 1015(b), authorizing the joint administration of the Debtors' chapter 11 cases.

## WMI's Business

3. Prior to the Commencement Date, WMI was a savings and loan holding company that owned Washington Mutual Bank ("WMB") and such bank's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI also has certain non-banking, non-debtor subsidiaries. Like all savings and loan holding companies, WMI was subject to regulation by the Office of Thrift Supervision (the "OTS"). WMB and WMBfsb, in turn, like all depository institutions with federal thrift charters, were subject to regulation and examination by the OTS. In addition, WMI's banking and nonbanking subsidiaries were overseen by various federal and state authorities, including the Federal Deposit Insurance Corporation ("FDIC").

4. On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Receivership"). Immediately after its appointment as receiver, the FDIC sold substantially all the assets of WMB, including the stock of WMBfsb, to JPMorgan Chase Bank, National Association ("JPMC") pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 (the "Purchase Agreement").

5. WMI's assets include its common stock interest in WMB, its interest in its non-banking subsidiaries, and more than $4 billion of cash that WMI and its non-banking

subsidiaries (including WMI Investment) had on deposit at WMB and WMBfsb immediately prior to the time the FDIC was appointed as receiver. WMI is in the process of evaluating these and other assets for purposes of ultimate distribution to its creditors.

## The Advertising Agency Agreement

6. Prior to the Receivership and the Commencement Date, pursuant to that certain Advertising Agency Agreement, dated as of October 17, 2007 (the "Agency Agreement"), entered into between TBWA and WMB, for the benefit of itself and certain affiliates named in the Agency Agreement, TBWA, as agent for and on behalf of WMB, placed advertising ("WMB Pre-September Media") directly with certain media vendors (collectively, the "Media Vendors"). TBWA also engaged MediaSpace Solutions ("MSS") to provide newspaper planning, buying and placement with respect to WMB advertising, including WMB Pre-September Media.

7. During the 90-day period prior to the Commencement Date, TBWA received payments from WMB with respect to WMB advertising (the "WMB Payments"), related to amounts outstanding to Media Vendors and MSS for WMB Pre-September Media. TBWA was supposed to use the WMB Payments to satisfy these vendors' claims. TBWA is willing to make payment to the Media Vendors and MSS, to the extent of the WMB Payments. As of the date of this Motion, however, TBWA has not made full payment to the Media Vendors and MSS with respect to WMB Pre-September Media because TBWA is not certain whether the WMB Payments might be subject to a preferential transfer action or any other action under chapter 5 of the Bankruptcy Code. Consequently, notwithstanding the fact that WMI is not liable to the Media Vendors for amounts outstanding with respect to the WMB Pre-September Media, certain Media Vendors, including the Media Vendors set forth in Schedule A to the

Settlement Agreement (collectively, the "Identified Claiming Vendors"), have filed proofs of claim against WMI for such amounts.

8. In an effort to resolve the Identified Claiming Vendors' claims, WMI engaged in discussions with TBWA, to provide TBWA comfort that WMI will not seek avoidance of the WMB Payments and, therefore, TBWA should release such funds to the respective vendors. These discussions culminated in the Settlement Agreement, pursuant to which (as further described therein), WMI (i) acknowledges that the WMB Payments do not represent transfers of the Debtors' property, and (ii) agrees not to pursue any action against TBWA seeking disgorgement of such funds, in exchange for TBWA's agreement to pay to the respective vendors all outstanding amounts with respect to the WMB Pre-September Media and assist WMI with obtaining claim withdrawals from the Identified Claiming Vendors.

**Relief Requested**

9. The Debtors seek entry of an order, pursuant to section 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules, approving the Settlement Agreement.

**Basis For Relief**

10. Bankruptcy Code section 105(a) provides that, "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019, which governs the approval of compromises and settlements, provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). A starting point in analyzing any proposed settlement agreement is the general policy of encouraging settlements and favoring compromises. See Myers v. Martin (In re Martin), 91 F.3d 389, 394 (3d Cir. 1996). The standard by which courts evaluate a proposed compromise and settlement are well

established. The United States District Court for the District of Delaware "has described the ultimate inquiry to be 'whether the compromise is fair, reasonable, and in the interest of the estate.'" In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (Bankr. D. Del 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)).

11. The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006). Under the well-established standard for consideration of the merits of a settlement, in determining whether to approve a proposed settlement, a bankruptcy court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972); see also In re World Health Alternatives, Inc., 344 B.R. at 296; In re Key3Media Group, Inc., 336 B.R. 87, 92-93 (Bankr. D. Del. 2005).

12. Applying the foregoing standard, WMI respectfully submits that approval of the Settlement Agreement is fair, reasonable and in the best interests of WMI and its estate and creditors. WMI submits that, because the WMB Payments do not constitute transfers of WMI's property or transfers of interests in WMI's property, the WMB Payments are not recoverable assets of the WMI estate. Accordingly, the release provided by WMI in the Settlement Agreement and, by extension of the agreement, TBWA's payment of outstanding amounts owed to the Media Vendors and MSS from the funds constituting the WMB Payments, will not adversely impact the pool of assets available for distribution to WMI's creditors. Conversely, approval of the Settlement Agreement will inure to the benefit of WMI's estate. By

requiring TBWA to obtain claim releases from the Identified Claiming Vendors with which TBWA placed media directly, WMI will avoid the needless expense of filing objections to any of such Identified Claiming Vendors' claims against WMI, thereby reducing unnecessary drains on the WMI estate.

13. Based on the foregoing, WMI submits that cause exists to approve the Settlement Agreement as a settlement and compromise under Bankruptcy Rule 9019.

## Notice

14. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel for the Creditors' Committee; (iii) counsel for TBWA; (iv) proposed counsel for the committee of equity holders; and (v) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## No Previous Request

15. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE WMI respectfully request that the Court enter an order, in substantially in the same form as the proposed order attached hereto as Exhibit B, (i) granting the relief requested herein and (ii) granting WMI such other and further relief as is just.

Dated: Wilmington, Delaware
February 5, 2010

*[signature]*

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsímile: (212) 310-8007

ATTORNEYS TO THE DEBTORS
AND DEBTORS IN POSSESSION