UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
: (Jointly Administered)
:
Debtors. :
:
---------------------------------------------------------------x

## DEBTORS' OBJECTIONS AND RESPONSES TO CLAIMANT JEFFREY P. WEINSTEIN'S REQUEST FOR PRODUCTION OF DOCUMENTS FROM AND INTERROGATORIES DIRECTED TO DEBTORS

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, applicable hereto pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033 and 7034, and Local Rule 7026 of the United States Bankruptcy Court for the District of Delaware, Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment," and together with WMI, the "Debtors") hereby respond and object to Claimant Jeffrey P. Weinstein's Request for Production of Documents From and Interrogatories Directed to Debtors to the request for the production documents and interrogatories of Jeffrey P. Weinstein (the "Weinstein Requests") as follows:

The Debtors submit these objections subject to, without intending to waive, and expressly preserving: (a) the right to object to the Weinstein Requests in their totality as improper and void as they were served in violation of the Court's Scheduling Order With Respect To Hearing On Employee Claims, dated November 19, 2009, which required that all written discovery be served by no later than December 11, 2009; (b) the right to object to any

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

US_ACTIVE:\43313312\01\US.EMPL

RLF1 3540194v.1

and all other discovery procedures involving or relating to the subject matter of the Weinstein Requests and (c) the right at any time to revise, correct, supplement, or clarify any of the responses or objections herein.

## **GENERAL OBJECTIONS**

1. Nothing contained in any response to the Weinstein Requests shall be deemed to be an admission, concession or waiver by the Debtors of the validity of any claim or defense asserted by the Debtors in this action. That the Debtors have responded to all or any part of a Request is not intended to be, and shall not be deemed, an admission that the Debtors accept or admit the existence of any fact(s) set forth or assumed by that Request or that the Debtors' response constitutes admissible evidence. That the Debtors have responded to all or any part of a Request also is not intended to be, and shall not be deemed, a waiver by the Debtors of all or any part of their objection(s) to that Request.

2. The Debtors reserve the right to rely on any facts, documents, or other evidence that may subsequently come to their attention. The Debtors' responses are based upon the information presently known to the Debtors. The Debtors' responses are set forth herein without prejudice to the right to assert additional objections or supplemental, amended, or modified responses should the Debtors discover additional information or grounds for objections.

3. The Debtors object to the Weinstein Requests and each and every specific Request therein as overly broad to the extent they are not reasonably calculated to lead to the discovery of admissible evidence or call for the production of information that is not relevant to the claims and defenses in this proceeding.

4. The Debtors object to the Weinstein Requests and each and every specific Request therein to the extent they are vague, ambiguous, confusing and/or not susceptible of a reasoned interpretation.

5. The Debtors object to the Weinstein Requests and each and every specific Request therein to the extent that compliance with the Requests would be unduly burdensome or impracticable.

6. The Debtors object to the Weinstein Requests and each and every specific Request therein to the extent that they seek documents that are not in the Debtors' possession, custody, or control.

7. The Debtors object to the Weinstein Requests, including their "Instructions" and "Definitions," to the extent that they (a) are overly broad, (b) are unduly burdensome and oppressive, and/or (c) seek to impose on the Debtors any obligation greater than that provided for or required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules, and/or any applicable case law or court orders governing the proper scope, timing, and extent of discovery in this proceeding.

8. The Debtors object to the Weinstein Requests and each and every specific Request therein to the extent that they call for the creation of new documents, reports, spreadsheets, or data compilations.

9. The Debtors object to the Weinstein Requests and each and every specific Request therein to the extent that they seek to elicit privileged information, including, without limitation, information that was prepared, generated, or received for or in anticipation of litigation, information that constitutes attorney work product, or information that is protected by the common interest or joint defense privileges, the attorney-client

3

privilege, or any other privilege, rule of privacy or confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable. Inadvertent production of any document or information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, or other privilege or immunity shall not constitute a waiver of any such privilege or immunity.

10. The Debtors object to the Weinstein Requests and each and every specific Request therein to the extent they seek information the discovery of which is cumulative, duplicative, obtainable from some other source that is more convenient, less burdensome, less expensive, or more properly obtained by another discovery device.

11. The Debtors object to the Weinstein Requests and each and every specific Request therein to the extent they seek information that is already in the Claimant's possession, custody, or control, is publicly available, or otherwise is as accessible to Claimant as to the Debtors.

12. The Debtors object to the Weinstein Requests to the extent they seek the production of proprietary and/or confidential business information and/or private/personal information, including any information that is privileged or protected under any provision of law, or which would otherwise invade the privacy rights of non-parties if disclosed.

13. The Debtors object to the Weinstein Requests and each and every specific Request therein to the extent they seek information that is not maintained in the ordinary course of business or is not otherwise reasonably retrievable.

14. The Debtors object to the timeframes or lack of timeframes governing the Weinstein Requests, and, unless otherwise specified, shall only produce documents for the time frame at issue in this proceeding.

4

15. Responsive, confidential, non-privileged documents in the possession, custody or control of Debtors shall be produced at a mutually convenient time and place by the Debtors subject to a Confidentiality Stipulation and Protective Order ("Confidentiality Stipulation") being executed by the parties and being "so ordered" by the Court.

16. The Debtors have requested that JPMorgan Chase Bank, National Association ("JPMC") provide the Debtors with documents potentially responsive to the Weinstein Requests that are in JPMC's possession, custody or control. Subject to receipt of such documents from JPMC, the Debtors shall produce to the Claimant at a mutually convenient time and place responsive, non-privileged, non-confidential documents obtained from JPMC, if any. The Debtors also will produce non-privileged, responsive, confidential documents obtained from JPMC, if any, subject to execution by the parties of a Confidentiality Stipulation covering the production of such documents, which has been "so ordered" by the Court.

17. The foregoing General Objections shall be considered as made, to the extent applicable, in response to each of the Weinstein Requests, as if the objections were fully set forth in each such response.

## RESPONSES TO SPECIFIC REQUESTS

REQUEST FOR PRODUCTION 1 Produce all documents that you expect to present, rely on, introduce into evidence or refer to at the Claim Objection Hearing.

**RESPONSE TO REQUEST FOR PRODUCTION 1:**

Subject to, and without waiving the foregoing General Objections, in response to Request for Production 1, the Debtors will produce non-privileged, non-confidential, responsive documents, if any, in their possession, custody or control at a mutually convenient time and place once such documents have been identified and/or obtained by the Debtors, and the Debtors will

5

produce non-privileged, confidential, responsive documents, if any, following execution by the parties of a Confidentiality Stipulation covering the production of such documents, which has been "so ordered" by the Court.

REQUEST FOR PRODUCTION 2  Produce all documents upon which you intend to rely and that evidence a Change in Control (as defined in the Change in Control Agreement) occurred or did not occur.

### RESPONSE TO REQUEST FOR PRODUCTION 2:

Subject to, and without waiving the foregoing General Objections, in response to Request for Production 2, the Debtors will produce non-privileged, non-confidential, responsive documents, if any, in their possession, custody or control at a mutually convenient time and place once such documents have been identified and/or obtained by the Debtors, and the Debtors will produce non-privileged, confidential, responsive documents, if any, following execution by the parties of a Confidentiality Stipulation covering the production of such documents, which has been "so ordered" by the Court.

REQUEST FOR PRODUCTION 3  Produce the entire personnel employment file and all employment related agreements to which Jeffrey P. Weinstein is or was a party.

### RESPONSE TO REQUEST FOR PRODUCTION 3:

In addition to the foregoing General Objections, the Debtors object to Request for Production 3 on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant and immaterial to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Debtors also object to the Request to the extent it seeks documents not within the Debtors' possession, custody, or control. Subject to, and without waiving the foregoing General Objections and Specific Objections, in response to Request for Production 3, the Debtors will produce non-privileged, non-confidential, responsive documents, if any, in their possession, custody or control at a mutually convenient

time and place once such documents have been identified and/or obtained by the Debtors, and the Debtors will produce non-privileged, confidential, responsive documents, if any, following execution by the parties of a Confidentiality Stipulation covering the production of such documents, which has been "so ordered" by the Court.

REQUEST FOR PRODUCTION 4  Produce all e mails and communications between Jeffrey P. Weinstein, WMI, and WMB, or any officer or employee thereof, on the one hand, and you, on the other hand, that relate to or concern Claimant's employment.

### RESPONSE TO REQUEST FOR PRODUCTION 4:

In addition to the foregoing General Objections, the Debtors object to Request for Production 4 on the grounds that it is overly broad, unduly burdensome, vague and seeks information that is irrelevant and immaterial to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  The Debtors also object to the Request to the extent it seeks documents not within the Debtors' possession, custody, or control.  Subject to, and without waiving the foregoing General Objections and Specific Objections, in response to Request for Production 4, the Debtors will produce non-privileged, non-confidential, responsive documents, if any, in their possession, custody or control at a mutually convenient time and place once such documents have been identified and/or obtained by the Debtors, and the Debtors will produce non-privileged, confidential, responsive documents, if any, following execution by the parties of a Confidentiality Stipulation covering the production of such documents, which has been "so ordered" by the Court.

REQUEST FOR PRODUCTION 5 Produce all agreements and documents related to any deferred compensation or other benefit plans which were offered by the Debtors to employees.

### RESPONSE TO REQUEST FOR PRODUCTION 5:

In addition to the foregoing General Objections, the Debtors object to Request for Production 5 on the grounds that it is overly broad, unduly burdensome, vague and seeks information that is irrelevant and immaterial to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing General Objections and Specific Objections, in response to Request for Production 5, the Debtors will produce non-privileged, non-confidential, responsive documents, if any, in their possession, custody or control at a mutually convenient time and place once such documents have been identified and/or obtained by the Debtors, and the Debtors will produce non-privileged, confidential, responsive documents, if any, following execution by the parties of a Confidentiality Stipulation covering the production of such documents, which has been "so ordered" by the Court.

INTERROGATORY 1 Identify each person involved in any manner in the preparation of your responses to these Discovery Requests.

**RESPONSE TO INTERROGATORY 1:**

In addition to the foregoing General Objections, the Debtors object to Interrogatory 1 on grounds that it is overbroad and vague. The Debtors further object to Interrogatory 1 to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Subject to, and without waiving the foregoing General Objections and Specific Objections, the Debtors state the following persons were involved in the preparation of the Debtors' responses to the Weinstein Requests:

David Griffith

Mark Spittell

Tyler Langenkamp

Jessica Temperley

Douglas Friesen

INTERROGATORY 2  Identify all witnesses, including any experts, who [sic] you may call to testify at the Claim Objection Hearing.

**RESPONSE TO INTERROGATORY 2:**

No such witnesses have been identified at this time. The Debtors will supplement their response to Interrogatory 2 once such witnesses have been identified.

INTERROGATORY 3  Identify all documents or other materials that you intend to introduce into evidence at the Claim Objection Hearing.

**RESPONSE TO INTERROGATORY 3:**

No such documents have been identified at this time. The Debtors will supplement their response to Interrogatory 3 once such documents have been identified.

INTERROGATORY 4:  Identify all persons who participated in the drafting, negotiations, approval and/or execution of the Change in Control Agreement.

**RESPONSE TO INTERROGATORY 4:**

In addition to the foregoing General Objections, the Debtors object to Interrogatory 4 on the grounds that it is overly broad, unduly burdensome, vague and seeks information that is irrelevant and immaterial to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. The Debtors further object to the extent Interrogatory 4 seeks information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Subject to, and without waiving the foregoing General and Specific Objections, the Debtors state the following individuals were involved in the drafting, negotiations, approval and/or execution of the Change in Control Agreement:

- Daryl David
- Marie Waugh

9

RLF1 3540194v.1

- Kim Cannon
- Lynn DuBey
- Charlie Sledd
- Craig Day
- Fay Chapman

INTERROGATORY 5: Identify all persons who participated in the drafting, negotiations, approval and/or execution of the Agreements.

**RESPONSE TO INTERROGATORY 5:**

In addition to the foregoing General Objections, the Debtors object to Interrogatory No. 5 on the grounds that it is overly broad, unduly burdensome, vague and to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Subject to, and without waiving the foregoing General and Specific Objections, the Debtors state that the following employees were responsible for the administration of the Agreements:

- Daryl David
- Marie Waugh
- Kim Cannon
- Lynn DuBey
- Charlie Sledd
- Craig Day
- Fay Chapman

INTERROGATORY 6: Provide the complete employment history, including applicable dates and positions with detailed descriptions held by Jeffrey P. Weinstein.

**RESPONSE TO INTERROGATORY 6:**

In addition to the foregoing General Objections, the Debtors object to Interrogatory No. 6 on the grounds that it is overly broad in scope and unduly burdensome as the information sought is obtainable from some other source that is more convenient, less burdensome, and less expensive. Subject to, and without waiving the foregoing General and Specific Objections, the Debtors state that Claimant was not an employee of either of the Debtors.

Dated: Wilmington, Delaware
February 19, 2010

Mark D. Collins, Esq. (No. 2981)
Chun I. Jang, Esq. (No. 4790)
Andrew C. Irgens, Esq. (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors and Debtors in Possession*

RLF1 3540194v.1

## **VERIFICATION**

I, Mark W. Spittell, state that I am employed by Alvarez & Marsal Taxand, LLC as a Senior Director and am authorized to make this verification on behalf of the Debtors. I am familiar with the facts at issue in this proceeding and have read the foregoing Debtors' Objections and Responses to Claimant Jeffrey P. Weinstein's Request for Production of Documents From and Interrogatories Directed to Debtors (the "Responses"). I declare under penalty of perjury that the information set forth in the Responses is true and correct to the best of my actual knowledge and belief.

Date: February 19, 2010                     /s/ Mark W. Spittell
                                            Mark W. Spittell