PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS
HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
Debtors. : (Jointly Administered)
:
: Hearing Date: April 21, 2010 at 11:30 a.m. (EDT)
---------------------------------------------------------------x Objection Deadline: March 15, 2010 at 4:00 p.m. (EDT)

## DEBTOR'S TWENTY-THIRD OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS (CLAIM NOS. 2463, 2470, 2500, AND 2505)

Washington Mutual, Inc. ("WMI" or the "Debtor"), as debtor and debtor in possession, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby submits this twenty-third substantive omnibus objection (the "Twenty-Third Omnibus Objection") to proof of claim number 2463 ("Claim 2463") filed by Denise Cassese ("Cassese"); claim number 2470 ("Claim 2470") filed by George Rush ("Rush"); claim number 2500 ("Claim 2500") filed by Richard Schroer ("Schroer"); and claim number 2505 ("Claim 2505") (collectively with Claim 2463, Claim 2470, and Claim 2500, the "Claims") for attorney's fees filed by the law firm of Whalen

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

& Tusa, PC ("Whalen & Tusa") (collectively with Cassese, Rush, and Schroer, "Claimants"), and respectfully represents as follows:

**Jurisdiction**

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.  On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Court entered an order, pursuant to Bankruptcy Rule 1015(b), authorizing the joint administration of the Debtors' chapter 11 cases.

**WMI's Business**

3.  WMI, a holding company incorporated in the State of Washington, is the direct parent of WMI Investment, which served as an investment vehicle for WMI and holds a variety of securities. WMI Investment is incorporated in the State of Delaware.

4.  Prior to the Commencement Date, WMI operated as a savings and loan holding company that owned Washington Mutual Bank ("WMB") and, indirectly, such bank's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI still owns all of the outstanding stock of WMB, and WMI also has certain non-banking, non-debtor subsidiaries (the "Non-debtor Subsidiaries"). Like all savings and loan holding companies, WMI was subject to regulation by the Office of Thrift Supervision (the "OTS"). WMB and WMBfsb, in turn, like all

depository institutions with federal thrift charters, were subject to regulation and examination by the OTS. In addition, WMI's banking and nonbanking subsidiaries were overseen by various federal and state authorities, including the Federal Deposit Insurance Corporation ("FDIC").

5. On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Receivership"). Immediately after its appointment as receiver, the FDIC purportedly sold substantially all the assets of WMB, including the stock of WMBfsb, to JPMorgan Chase Bank, National Association ("JPMorgan Chase") pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 (the "Purchase Agreement").

6. WMI's assets include its common stock interest in WMB, its interest in its non-banking subsidiaries, and more than $4 billion of cash that WMI and its non-banking subsidiaries (including WMI Investment) had on deposit at WMB and WMBfsb immediately prior to the time the FDIC was appointed as receiver.

**The Bar Date and Schedules**

7. On December 19, 2008, the Debtors filed with the Court their schedules of assets and liabilities and their statements of financial affairs. On January 27, 2009, and February 24, 2009, WMI filed with the Court its first and second, respectively, amended schedule of assets and liabilities and its first and second, respectively, amended statements of financial affairs. On January 14, 2010, WMI filed a further amendment to its statement of financial affairs (collectively, the "Schedules").

8. By order, dated January 30, 2009 (the "Bar Date Order"), the Court established March 31, 2009 (the "Bar Date") as the deadline for filing proofs of claim against the

Debtors in these chapter 11 cases. Pursuant to the Bar Date Order, each creditor, subject to certain limited exceptions, was required to file a proof of claim on or before the Bar Date.

9. In accordance with the Bar Date Order, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' court-appointed claims and noticing agent, mailed notices of the Bar Date and proof of claim forms to, among others, all of the Debtors' creditors and other known holders of claims as of the Commencement Date. Notice of the Bar Date also was published once in *The New York Times (National Edition), The Wall Street Journal, The Seattle Times*, and *The Seattle Post-Intelligencer*.

## Proofs of Claim

10. Over 3,750 proofs of claim have been filed in these chapter 11 cases. The Debtors are in the process of reviewing and reconciling the filed proofs of claim. To date, approximately 938 claims have been expunged and 170 claims have been withdrawn.

11. As part of their ongoing review, the Debtors have reviewed the Claims and have concluded that they are appropriately objected to on the basis set forth below.

## Objection to the Claims

12. Prior to the Commencement Date, Cassese, Rush, and Schroer (the "Prepetition Plaintiffs") filed a class action styled *Cassese et al. v. Washington Mutual, Inc. et al.* (E.D.N.Y. Case No. 05-cv-2724), in the United States District Court for the Eastern District of New York (the "Prepetition Class Action"). The Prepetition Plaintiffs generally allege that WMI, Washington Mutual Bank, FA (n/k/a WMB), WMBfsb, Washington Mutual Bank, a Washington state chartered stock savings bank, and Washington Mutual Home Loans, Inc. charged improper prepayment fees, charges, and penalties in connection with the payoff of

mortgage loans. Even though WMI does not now, and never did, issue or service mortgage loans, the Prepetition Plaintiffs allege that WMI supervised and controlled the other defendants.

13. On or about March 30, 2009, Cassese, Rush, Schroer filed Claim 2463, Claim 2470, and Claim 2500, respectively, seeking at least Five Million Dollars ($5,000,000.00) based on the allegations in the Prepetition Class Action.

14. On or about March 30, 2009, Whalen & Tusa filed Claim 2505 seeking attorney's fees based on its representation of the Prepetition Plaintiffs in connection with the Prepetition Class Action.

15. Also, on March 30, 2009, the Prepetition Plaintiffs moved to lift and modify the automatic stay to allow the Prepetition Class Action to proceed as to WMI. Debtors objected; Prepetition Plaintiffs replied. After a hearing on August 24, 2009, this Court entered an order (the "Stay Relief Order"), dated September 10, 2009 [D.I. 1602], which modified the automatic stay to allow the Prepetition Class Action against WMI to "continue for the purpose of determining the amount of liability, if any, owed by WMI in the Pre-Petition Class Action." Stay Relief Order at ¶ 2. The Prepetition Class Action is proceeding in the United States District Court for the Eastern District of New York.

16. WMI submits this Twenty-Third Omnibus Objection to preserve its rights to move to estimate the Claims for purposes of allowance pursuant to sections 105(a) and 502(c) of the Bankruptcy Code. Section 502(c) provides that "[t]here shall be estimated for purpose of allowance…any contingent or unliquidated claim, the fixing or liquidation of which…would unduly delay the administration of the case." Although the Prepetition Class Action is proceeding in the Eastern District of New York, the case is still in its early stages. WMI does

not know how long the case would take to reach a determination of WMI's liability, if any, in the Prepetition Class Action. The Debtors intend to submit a chapter 11 plan shortly.

17.  WMI also submits the Twenty-Third Omnibus Objection because WMI disagrees with and disputes the Claims. WMI understands, however, that the United States District Court for the Eastern District of New York will decide the amount of liability, if any, owed by WMI in the Prepetition Class Action.

## Reservation of Rights

18.  Pursuant to Local Rule 3007-1(f)(iii), "[a]n objection based on substantive grounds shall include all substantive objections to such claim." See Local Rule 3007-1(f)(iii). The Debtors, after reviewing the Claims, have determined that, on the face of the Claims, the Debtors have no liability on account thereof. To conserve property of these estates, the Debtors have not made specific inquiry into the amounts asserted in the Claims, or vetted any other defenses thereto. Accordingly, the Debtors request that, to the extent this Court finds that the Debtors may, in fact, be liable on account of the Claims, they be granted limited relief from Local Rule 3007-1(f)(iii) to further object to the Claims. The Debtors also request that, to the extent they are liable, they be allowed to seek to impose on the Claims any applicable claim amount cap prescribed by the Bankruptcy Code.

## Notice

19.  No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Objection has been provided to: (i) the U.S. Trustee, (ii) counsel for the Creditors' Committee, (iii) counsel for the Equity Committee, (iv) the Claimants, and (v) those parties entitled to receive notice in these chapter 11 cases, pursuant to Bankruptcy Rule 2002. In light

of the nature of the relief requested, WMI submits that no other or further notice need be provided.

20.     Pursuant to Bankruptcy Rule 3007, the Debtor has provided all claimants affected by the Twenty-Third Omnibus Objection with at least thirty (30) days' notice of the hearing to consider the Twenty-Third Omnibus Objection.

## Separate Contested Matters

21.     To the extent that a response is filed regarding any of the Claims and the Debtor is unable to resolve the response, each such Claim, and the objection by the Debtor to each such Claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in the Twenty-Third Omnibus Objection shall be deemed a separate order with respect to each of the Claims.

## Statement of Compliance with Local Rule 3007-1

22.     The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Twenty-Third Omnibus Objection substantially complies with that Local Rule.  To the extent that the Twenty-Third Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

## No Previous Request

23. No previous request for the relief sought herein has been made by WMI to this or any other court.

WHEREFORE WMI respectfully requests that the Court grant the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
March 1, 2010

*/s/ Mark D. Collins*

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
– and –
Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
John P. Mastando III, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
– and –
Thomas C. Frongillo, Esq.
WEIL, GOTSHAL & MANGES LLP
100 Federal Street, Floor 34
Boston, Massachusetts 02110
Telephone: (617) 772-8300
Facsimile: (617) 772-8333

ATTORNEYS TO THE DEBTORS
AND DEBTORS IN POSSESSION