UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                                :
*In re:*                        :    Chapter 11
                                :
WASHINGTON MUTUAL, INC., et al., :   Case No. 08-12229 (MFW)
                                :    (Jointly Administered)
                     Debtors.   :
                                :
---------------------------------------------------------x
OFFICIAL COMMITTEE OF EQUITY         Adversary Proceeding No. _____
SECURITY HOLDERS,

Plaintiff,

v.

WASHINGTON MUTUAL, INC.,

Defendant,

# COMPLAINT

Plaintiff, the Official Committee of Equity Security Holders (the "Equity Committee" or "Plaintiff"), representing shareholders of Debtor, Washington Mutual, Inc. ("Debtor" or "WMI"), bring this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") 7001 and Revised Code of Washington ("RCW") 23B.07.030 and 23B.07.010 to compel a WMI shareholders' meeting.

## NATURE OF ACTION

1. This action is brought as a result of Debtor's failure to convene its annual shareholders' meeting for nearly two years. Debtor, a publicly traded company, has also failed to

submit any required annual and quarterly reports, including financial statements, with the U.S. Securities and Exchange Commission ("SEC") for two years. Consequently, Debtor has deprived the Equity Committee and other shareholders of useful and relevant information regarding WMI's operations and has prevented them from nominating and voting for WMI directors.

2. Accordingly, Plaintiff seeks an order pursuant to RCW 23B.07.030(1)(a) summarily compelling Debtor to hold the required shareholders' meeting on a date certain, to be fixed by the Court, in accordance with Washington law, and to issue additional orders pursuant to RCW 23B.07.030(2) and 23B.07.010.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 959, 1334, and Bankruptcy Rule 7001. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

5. WMI is a corporation organized and existing under the laws of the State of Washington. It maintains its registered office in Thurston County, Washington. WMI's registered agent for service of process in Washington is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

6. The Office of the United States Trustee appointed the Official Committee of Equity Security Holders on January 11, 2010 (the "Equity Committee") [Docket No. 2130]. On

January 27, 2010, the Equity Committee filed an Application to Employ Venable LLP ("Venable") as counsel nunc pro tunc to January 11, 2010 [Docket No. 2256], and the Court entered an Order approving Venable's employment on February 22, 2010 [Docket No. 2404].

## FACTUAL ALLEGATIONS

7. WMI is a savings bank holding company and the owner of Washington Mutual Bank, which was the largest savings and loan association in the United States of America. On September 25, 2008, the United States Office of Thrift Supervision ("OTS") seized Washington Mutual Bank from WMI and placed it into the receivership of the Federal Deposit Insurance Corporation ("FDIC"). The FDIC sold the banking subsidiaries (minus unsecured debt or equity claim) to JP Morgan Chase for $1.9 billion. The next day, September 26, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States.

8. WMI has issued approximately 3 million shares of Class R Preferred Stock, approximately 20 million shares of Class K preferred stock, and approximately 1.7 billion shares of common stock.

9. Members of the Equity Committee are shareholders of WMI and the beneficial owners of shares of preferred and common stock of WMI. They are entitled to vote in the election of directors of WMI at an annual meeting.

10. RCW 23B.07.030(1) provides that the superior court of the county in which a corporation's registered office is located may, after notice to the corporation, summarily order a meeting to be held: (a) On application of any shareholder of the corporation entitled to vote in the election of directors at an annual meeting, if an annual meeting was not held within the

earlier of six months after the end of the corporation's fiscal year or fifteen months after its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting; or (b) On application of a shareholder who executed a demand for a special meeting valid under RCW 23B.07.020, if (i) Notice of the special meeting was not given within thirty days after the date the demand was delivered to the corporation's secretary; or (ii) The special meeting was not held in accordance with the notice.

11. WMI's 2007 fiscal year follows the calendar year, and therefore ended on December 31, 2007.

12. WMI's last annual shareholder meeting was held on or about April 20, 2008.

13. WMI's 2008 fiscal year ended on December 31, 2008, and an annual WMI shareholders' meeting was not held within six months after the end of WMI's 2008 fiscal year.

14. An annual WMI shareholders' meeting was not held within fifteen months after its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting.

15. WMI's 2009 fiscal year ended December 31, 2009. WMI has not set a date for an annual meeting of shareholders in 2010, which, under WMI's Bylaws, would normally by held on April 20, 2010.

16. WMI has not taken any action by written consent to elect WMI directors in lieu of an annual meeting.

17. RCW 23B.07.010 provides that a corporation shall hold an annual meeting of shareholders for the purpose of electing directors.

18. RCW 23B.07.030(2) provides that the court may, after notice to the corporation,

fix the time and place of the meeting, determine the shares and shareholders entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the manner, form, and content of the meeting notice, fix the quorum required for specific matters to be considered at the meeting, or direct that the votes represented at the meeting constitute a quorum for approval of those matters, and enter other orders necessary to accomplish the purpose or purposes of the meeting.

19. WMI should be compelled to schedule and hold an annual shareholders' meeting on a date certain, pursuant to RCW 23B.07.030 and 23B.07.010.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

(i) Directing Debtor to promptly convene and hold an annual shareholders' meeting for the nomination and election of directors;

(ii) Designating the time, place, and procedures to be followed to hold the annual meeting, as well as the form of notice of the meeting to be delivered to all shareholders by Debtor; and

(iii) Entering further orders as necessary to accomplish the purposes of the meeting.

Dated: March 3, 2010.
Wilmington, Delaware

Respectfully submitted,

/s/ Bradford J. Sandler
Bradford J. Sandler (#4142)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Tel: 302-468-7750
Fax: 302-442-7012

-and-

Gregory A. Cross
Jorian L. Rose
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas
25th Floor
New York, New York 10020
Tel: 212-370-5500
Fax: 212-307-5598

Counsel to the Official Equity
Committee of Washington Mutual, Inc.