UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WASHINGTON MUTUAL, INC., et al.[1] | ) | |
| | ) | Case No. 08-12229 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Hearing Date: April 6, 2010 at 2:00 p.m. (EDT) |
| | ) | Response Deadline: March 5, 2010 at 5:00 p.m. (EST) |
| | ) | |
| | | Re: Docket No. 2469 |

**PRELIMINARY RESPONSE OF THE WMB NOTEHOLDER GROUP PARTICIPANTS TO THE DEBTORS' TWENTIETH (20TH) OMNIBUS (SUBSTANTIVE) <u>OBJECTION TO CLAIMS</u>**

The holders of senior and subordinated notes issued by Washington Mutual Bank ("WMB") identified on Schedule 1 hereto (the "WMB Noteholder Group Participants")[2] file this preliminary response (the "Response") to the Debtors' Twentieth (20th) Omnibus (Substantive) Objection to Claims (the "Objection"). The Objection related to the WMB Noteholder Group Participants' proof of claim number 2480 (the "Proof of Claim", attached hereto as Exhibit A)[3] and the Bank Bondholders'[4] proofs of claims numbers 3710 and 3711 (the "Bank Bondholders' Proofs of Claim"). Pursuant to an agreement reached among the parties and as more particularly described in the Bank Bondholders' Preliminary Response to the Legal Issues Set Forth in Debtors' Twentieth (20th) Omnibus (Substantive) Objection to Claims (the "Bank Bondholders'

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395).

[2] The sole client of counsel is the WMB Noteholder Group as a whole and counsel does not purport to represent individual WMB Noteholder Group Participants in any manner other than in respect of the expression of their consensus views through the vehicle of the WMB Noteholder Group.

[3] As of the date the WMB Noteholder Group Participants filed the Proof of Claim, the WMB Noteholder Group Participants included more than 35 institutions and fund managers who were the legal or beneficial holders of, or had control of or discretionary investment authority with respect to, approximately $1.9 billion in aggregate principal amount outstanding of Senior Notes and Subordinated Notes issued by WMB. Each WMB Noteholder Group Participant executed the Proof of Claim solely on its own behalf and participates in the WMB Noteholder Group as a matter of convenience and fee-sharing only. Each WMB Noteholder Group Participant does not act for, or purport to represent or speak on behalf of, any other WMB Noteholder Group Participant or any other holder of WMB Senior or Subordinated Notes.

[4] Defined terms not otherwise defined herein have the meaning set forth in the Proof of Claim or the Objection.

Preliminary Response"), this Response addresses only the legal issues raised in the Objection. Additionally, this Response is only as to those claims set forth in Section II through VII of the WMB Noteholder Group Participant's Proof of Claim. Certain of the WMB Noteholder Group Participants are filing a separate response with respect to Section VIII of the Proof of Claim.

In support of the Response, the WMB Noteholder Group Participants respectfully represent as follows:

## BACKGROUND

On March 27, 2009, each WMB Noteholder Group Participant timely filed the Proof of Claim against Debtor Washington Mutual, Inc. The Proof of Claim asserts substantially the same claims as those asserted in the Bank Bondholders' Proofs of Claims.

On January 22, 2010, the Debtors filed their Objection seeking an order immediately disallowing and expunging the Proof of Claim and the Bank Bondholders' Proofs of Claim. On February 5, 2010, the Debtors filed their corrected Objection seeking the same relief. The Objection did not comply fully with Bankruptcy Rule 3007. However, given the agreement noted above to postpone various deadlines and hearings in respect of the Proof of Claim, the WMB Noteholder Group Participants are not challenging such non-compliance.

## RESPONSE

The Debtors primarily assert two objections to the claims set forth in Sections II through VII of the Proof of Claim. First, the Debtors assert that such claims should be dismissed for lack of standing because only the FDIC has standing to assert such claims and the FDIC has done so in its own proof of claim (the "FDIC Claim"). However, because the FDIC Claim has not yet been allowed or otherwise resolved, the Debtors' standing objection is premature.

2

Second, the Debtors argue that the Proof of Claim fails to plead each claim with particularity. However, a proof of claim is a notice pleading and is not required to set forth the detailed information required in a civil complaint.

In support of the arguments above, the WMB Noteholder Group Participants adopt and join in the sections of the Bank Bondholders' Preliminary Response that set forth these arguments in detail, in particular Sections I, II.A, II.B and II.C.3 thereof.

**WHEREFORE,** each WMB Noteholder Group Participant respectfully requests that the Court deny the Debtors' Objection to Sections II through VII of the Proof of Claim to the extent it asserts lack of standing and failure to plead each claim with particularity.

Dated: March 5, 2010                    POTTER ANDERSON & CORROON LLP

By: _R. Stephen McNeill_
Theresa V. Brown-Edwards (Bar No. 4225)
R. Stephen McNeill (Bar No. 5210)
Hercules Plaza, 6th Floor
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000

- and -

BRACEWELL & GIULIANI LLP
Evan D. Flaschen
Renée M. Dailey
Kevin O' Connor
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, Connecticut 06103
Telephone: (860) 947-9000

- and -

BRACEWELL & GIULIANI LLP
Sanford M. Brown
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202
Telephone: (214) 468-3800

*Attorneys for the WMB Noteholder Group Participants*