# Exhibit A

**WMB Noteholder Group Participants' Proof of Claim No. 2480**

B 10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT    District of Delaware | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Washington Mutual, Inc., et al. | Case Number:<br>08-12229 (MFW) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Washington Mutual Bank in Receivership and the creditors listed on the signature pages hereto | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>WMB Noteholder Group c/o Evan D. Flaschen, Esq.<br>Bracewell & Giuliani LLP 225 Asylum Street, Suite 2600 Hartford, CT 06103<br><br>Telephone number:<br>(860) 256-8537 | **Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br>FDIC as Receiver of Washington Mutual Bank<br>1601 Bryan Street Dallas, TX 75201<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**    $See Addendum

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**    See Addendum
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

    **3a. Debtor may have scheduled account as:** _____
        (See instruction #3a on reverse side.)

**4. Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
**Describe:** See Addendum

Value of Property:$_____ Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $See Addendum Amount Unsecured: $See Addendum

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(9 ).

**Amount entitled to priority:**

$See Addendum

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| Date:<br>03/27/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>See Attached Signature Pages From Each WMB Noteholder Group Participant | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) **CHAPTER 11** |
| | ) |
| **WASHINGTON MUTUAL, INC., et al.** | ) **CASE NO. 08-12229 (MFW)** |
| | ) |
| Debtors. | ) **JOINTLY ADMINISTERED** |
| | ) |

## ADDENDUM TO THE PROOF OF CLAIM OF THE
## INFORMAL GROUP OF WASHINGTON MUTUAL BANK NOTEHOLDERS

The informal group of Washington Mutual Bank Noteholders (the **"WMB Noteholder Group"**)[1] hereby files this Addendum to its Proof of Claim. Specifically, the WMB Noteholder Group is filing a claim with regard to amounts that may be due (1) Washington Mutual Bank (now Washington Mutual Bank in Receivership) (**"WMB"**) from Washington Mutual, Inc. (**"WMI"**) based on claims by WMB for (a) its portion of an expected tax refund, (b) certain litigation judgments, (c) disputed deposits currently held by JPMorgan Chase Bank, National Association (**"JPM"**), (d) claims based on WMI's potential regulatory violations, (e) fraudulent transfer, and (f) breach of fiduciary duties and other torts, and (2) the WMB Group Participants from WMI based on claims by the WMB Group Participants for misrepresentations made by WMI. In support of these claims, each of the undersigned states as follows:

---

[1] The participants (the **"WMB Group Participants"**) in the WMB Noteholder Group include more than 35 insurance companies, institutional fund managers, investment banks and private investment funds who are the legal or beneficial holders of, or have control or discretionary investment authority with respect to, approximately $1.9 billion in aggregate principal amount outstanding of Senior Notes and Subordinated Notes issued by Washington Mutual Bank (**"WMB"**). Each of the WMB Group Participants has executed this addendum individually as a holder of Notes for their respective funds or institutions only. As a matter of convenience only, they are filing this in the form of a consolidated proof of claim. As to the claims outlined in Sections II through VII, such claims are filed as a protective proof of claim in the event that the FDIC does not timely file a claim against WMI that includes all of the claims herein. The misrepresentation claims outlined in Section VIII are direct claims held by each WMB Group Participant and are separate from any claims that the WMB Receivership estate and the FDIC may have against WMI.

The WMB Group Participants participate in the WMB Noteholder Group as a matter of convenience and fee-sharing only and each WMB Group Participant does not act for, or purport to represent or speak on behalf of, any other WMB Group Participant or any other holder of WMB Senior or Subordinated Notes.

## I.    BACKGROUND[2]

1.    The Office of Thrift Supervision (the "**OTS**") placed WMB into receivership (the "**Receivership**") on September 25, 2008.

2.    At the time of the Receivership, WMB had outstanding approximately $6.1 billion in Senior Notes and approximately $7.6 billion in Subordinated Notes (together, the "**Notes**") issued under a global note program without an indenture trustee or other centralized agent representing the interests of the holders of the Notes generally.

3.    Collectively, the WMB Noteholder Group holds approximately $1.1 billion in Senior Notes and approximately $0.8 billion in Subordinated Notes.

4.    The Federal Deposit Insurance Corporation (the "**FDIC**" or the "**Receiver**") entered into a purchase and assumption agreement (the "**Purchase Agreement**") with JPM on September 25, 2008 whereby JPM expressly assumed and agreed to pay, perform, and discharge certain liabilities of WMB and acquired certain assets of WMB, all for a purchase price of $1.9 billion. JPM did <u>not</u> assume the liability on the Notes.

## II.    CLAIM FOR PORTION OF AN EXPECTED TAX REFUND

5.    For the tax years ended December 31, 2006 and 2007, WMB reported, in the aggregate, profits of approximately $4 billion and over $2 billion in income tax expense.[3] In 2008, however, WMB incurred losses in excess of $3 billion in the first six months of the year.[4] In the absence of sufficient publicly available information, it is reasonable to conclude that WMB had significant taxable income in 2006 and 2007 and incurred substantial tax losses in 2008 prior to the Receivership (the "**WMB Pre-Closing Losses**"). It is also believed that WMB incurred losses as a result of the Receiver's sale of WMB's assets to JPM (the "**Sale Losses**") and has generated and will

---

[2] All statements of fact in this Background section are upon information and belief based on publicly-filed information, not on the personal knowledge of the undersigned.

[3] Washington Mutual Inc., Annual Report (Form 10-K) (Year Ended Dec. 31, 2006); Washington Mutual Inc., Annual Report (Form 10-K) (Year Ended Dec. 31, 2007).

[4] Washington Mutual Inc., Quarterly Report (Form 10-Q) (Period Ended June 30, 2008).

continue to generate tax losses from the disposition of its retained assets until the Receivership terminates (the **"WMB Post-Closing Losses"**). The WMB Noteholder Group does not have access to the books and records of WMB or WMI and is unable to quantify the exact amounts of the WMB Pre-Closing Losses, the Sale Losses, and the WMB Post-Closing Losses, but notes that WMI has anticipated that there will be a *"very substantial refund* owed by the IRS to the WMI consolidated group."[5]

6.    For U.S. federal income tax purposes, WMI and WMB are members of a consolidated group that files a single U.S. federal income tax return (the **"WMI Group"**). WMI has been the common parent of such group for at least the past three years, and WMB was a wholly-owned subsidiary of WMI during such time. WMI files tax returns, and pays the taxes owing, on behalf of the WMI Group.

7.    WMI and WMB are parties to a Tax Sharing Agreement dated August 31, 1999 by and between WMI and its subsidiaries (the **"Tax Sharing Agreement"**). The Tax Sharing Agreement generally provides that each subsidiary that is a party to the agreement shall pay to WMI its share of the taxes, and WMI will pay to each such subsidiary its share of the refunds, of the WMI Group (in the case of WMB, the **"WMB Tax Payment"**). A subsidiary's share of the group's tax liability or tax refunds is determined as the tax liability it would have incurred or the refund it would have earned had such subsidiary filed tax returns separately and not as a member of the consolidated group. Specifically, the Tax Sharing Agreement provides, in relevant part, that:

> WMI shall pay to [its subsidiaries] amounts that may be due them on account of (i) any overpayment of their said tax liability for a taxable year or (ii) any credit that may result from the utilization of their net operating loss for a taxable year, such credit being determined in accordance with the provisions of item 1 above,[6] within

---

[5] Debtor's Objection to Motion of the United States for an Order Lifting the Automatic Stay to Allow the United States to Assert Its Setoff Rights, Dkt. No. 585, at ¶ 13 (emphasis added).

[6] Item 1 of the Tax Sharing Agreement provides, in relevant part, that "[f]or all taxable years during which [any of its subsidiaries] is a member of an 'affiliated group' of WMI as defined in Section 1504 of the Internal Revenue Code and is required to join in the filing of a consolidated federal income tax return of WMI and its consolidated subsidiaries, the federal income tax liability of such consolidated group shall be

30 days after the consolidated return is filed for that taxable year or, to the extent any such amount due must be recovered from the IRS, within 30 days after payment is received from the IRS.[7]

The WMB Receivership estate is entitled therefore to the WMB Tax Payment.

8.  All or a portion of the tax refund claim may be secured based on a constructive trust or other trust theory.

## III.  CLAIMS FOR GOODWILL LITIGATION AWARDS

9.  On or about 1996, WMB acquired the operational thrift known as American Savings Bank, F.A. ("**New American**"). New American was a plaintiff in one of the *Winstar*-type cases, also known as the "goodwill litigation" (collectively, the "**Goodwill Litigation**"), that involved lawsuits against the United States (the "**Government**") by thrifts and thrift holding companies stemming from the changes in the thrift capitalization requirements following the enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("**FIRREA**").[8]

10.  On December 19, 2008, the United States Court of Federal Claims entered an order directing payment of a partial final judgment against the Government in the amount of $55,028,000 (the "**ASB Goodwill Judgment**") and in favor of WMI relating to the certain of the New American claims as compensation for losses incurred following the enactment of FIRREA. Liability on the remaining New American Goodwill Litigation claims against the Government has been established. The only matter still pending is a determination of damages.[9]

11.  In a similar Goodwill Litigation case,[10] WMB is the beneficiary of a judgment in the approximate amount of $356 million (the "**Anchor Goodwill Judgment**").

12.  Since WMB was the successor entity in each of the proceedings, the ASB Goodwill Judgment, the Anchor Goodwill Judgment and any other Goodwill Litigation judgments are

---

allocated and shared among [the subsidiaries] as if such entities filed a separate or consolidated return, as the case may be."

[7] Tax Sharing Agreement, at Section 2(b).
[8] 12 U.S.C.S. § 1646(t).
[9] *American Savings Bank v. United States*, United States Court of Federal Claims, Case No. 1:92-cv-00872.
[10] *Anchor Savings Bank, FSB v. United States*, 81 Fed. Cl. 1 (2008).

4

property of the WMB Receivership estate. Alternatively, WMB would have a claim in the WMI Bankruptcy for the ASB Goodwill Judgment, the Anchor Goodwill Judgment and any other Goodwill Litigation judgments.

## IV.   CLAIM FOR PORTION OF THE DEPOSIT ACCOUNTS AND RELATED CLAIMS

13.   As of the commencement of the WMI bankruptcy case, WMI claims to have had more than $4.4 billion of cash on deposit (the **"Deposits"** or the **"Accounts"**) at WMB and a wholly-owned subsidiary of WMB, Washington Mutual Bank fsb (**"WMBfsb"**).

14.   JPM and WMI claim that the Deposits were assumed by JPM under the Purchase Agreement, and that JPM may transfer the funds to WMI as WMI, in its sole and absolute discretion, may direct.

15.   By WMI's own admission, there has been a "fog of uncertainty surrounding the Deposits" from the outset.[11]   The Deposit Motion has been continued from time to time since October 2008, and, as of the date hereof, no decision has been rendered by the Bankruptcy Court.

16.   There is no publicly-available evidence that the Receiver, JPM, and WMI can locate deposit account agreements establishing the Accounts, any other agreements regarding the maintenance of or withdrawals from the Accounts or any signature cards or other specification of any authorized signatories with respect to the Accounts.

17.   Indeed, the only fact which can be established is that WMI had access to very substantial capital that it should have injected into WMB, but did not.   WMB may have claims against WMI for damages arising from WMI's failure to properly support its thrift subsidiary. Additionally, in the event that the Deposits or any portion thereof were in fact capital contributions, the WMB estate would be entitled to such funds.

---

[11] Motion of Debtors Pursuant to Sections 105(a), 361, 362 and 542(b) of the Bankruptcy Code Seeking Approval of a Stipulation and Agreement Concerning Deposit Accounts at JPMorgan Chase Bank, National Association (the **"Deposit Motion"**), Dkt. No. 74, at ¶ 17.

18.     JPM alleged in its recently filed Complaint[12] that, shortly before the receivership, WMI transferred approximately $3.7 billion of deposits that it had on deposit with WMB to WMBfsb. Without the benefit of discovery, the WMB Noteholder Group is unable to verify the foregoing. However, if true, such an act would be in direct conflict with WMI's obligations to operate itself and WMB in a "safe and sound" manner and to serve as a source of strength for WMB. Accordingly, WMB would have a claim against WMI for the damages caused as a result thereof.

## V.     CLAIMS BASED ON POSSIBLE REGULATORY VIOLATIONS

### A.     Capital Maintenance

19.     Based on publicly-available information,[13] the WMB Noteholder Group understands that, on February 27, 2008, the OTS issued an overall composite CAMELS downgrade to WMB, and the institution subsequently adopted a Board resolution in response to the OTS's supervisory concerns about the institution (the "**Board Resolution**"). Also, on or about June 30, 2008, the OTS initiated discussions about Memoranda of Understanding with WMI and WMB; and, on September 7, 2008, the OTS, WMI and WMB entered into Memoranda of Understanding. On September 18, 2008, the OTS issued an overall CAMELS rating downgrade of WMB. Despite repeated requests, the WMB Noteholder Group has been unable to obtain copies of the Board Resolutions and/or the Memoranda of Understanding.

20.     The various statements as to efforts by WMI to build WMB's capital level beginning in late 2006 and 2007, the timing of the Board Resolution, the massive losses sustained by WMB through June 30, 2008, the timing of the closing of the April 2008 equity offering shortly followed by discussions beginning June 30, 2008 regarding Memoranda of Understanding allow for the inference that WMB's capital appeared to be of significant concern to the OTS. It also leads to the

---

[12] *JPMorgan Chase, National Association v. Washington Mutual, Inc., WMI Investment Corp. & Federal Deposit Insurance Corporation (In re Washington Mutual, Inc.)*, Case No. 08-12229, Adv. Case No. 09-50551 (Bankr. D. Del. filed March 24, 2009) (Dkt. No. 809).

[13] OTS Fact Sheet, dated September 25, 2008, *available at* http://files.ots.treas.gov/730021.pdf.

inference that some regulatory measures were agreed to by WMI with respect to the capital levels of WMB. Most enforcement actions against institutions like WMB and WMI have provisions that require the insured depository institution to maintain certain levels of capital, and holding companies are often required to agree to support the institution's efforts to maintain the specified capital levels.

21.    If WMI was subject to any agreement to maintain capital at WMB and failed to do so, then such conduct would form the basis of a claim against WMI. Accordingly, and given the compulsion of the Bar Date, the WMB Noteholder Group hereby includes these claims in this proof of claim as a protective measure. Claims resulting from the failure of WMI to properly maintain a well-capitalized WMB may be a priority claim under 11 U.S.C. § 507(a).

**B.    Federal Reserve Act Violations**

22.    There may also be additional claims against WMI based on violations of Section 23A and Section 23B of the Federal Reserve Act ("**Section 23A**" and "**Section 23B**"). Section 23A and Section 23B provide for restrictions on certain transactions with "affiliates." Sections 23A and 23B "are important statutory provisions designed to protect against a depository institution suffering losses in transactions with affiliates."[14]

23.    WMI's failure to honor its obligations under the Tax Sharing Agreement would be a "covered transaction" under Section 23A of the Federal Reserve Act, which would be a violation of law thereby resulting in a claim against WMI in favor of the WMB Receivership. In addition, WMB and WMI may have engaged in additional "covered transactions" under Section 23A that could lead to a claim against WMI in favor of the WMB Receivership such as the upstream of dividends or capital distributions from WMB to WMI. To date, however, the WMB Noteholder Group has had no cooperation from either the FDIC or the OTS that would allow it to make that determination definitively, nor has it obtained sufficient information through its multiple FOIA

---

[14] 67 Fed. Reg. 76,560 (Dec. 12, 2002).

(Freedom of Information Act) requests. However, given the compulsion of the Bar Date, the WMB Noteholder Group hereby includes these claims in this proof of claim as a protective measure.

## VI.    FRAUDULENT TRANSFER

24.    WMB may have claims against WMI for transfers made for less than reasonably equivalent value or with the actual intent to hinder delay or defraud. Such claims arise both under the FDIA and under common law constructive fraudulent transfer principles.

25.    The Federal Deposit Insurance Act provides as follows:

> The Corporation, as . . . receiver for any insured depository institution . . . may avoid a transfer of any interest of an institution-affiliated party, or any person who the Corporation . . . determines is a debtor of the institution, in property, or any obligation incurred by such party or person, that was made within 5 years of the date on which the Corporation . . . was appointed . . . receiver if such party or person voluntarily or involuntarily made such transfer or incurred such liability with the intent to hinder, delay, or defraud the insured depository institution, the Corporation . . . or any other appropriate Federal banking agency. 12 U.S.C. §1821(d)(17)(A).

26.    Such claims may exist based on an up streaming of dividends or other distributions by WMB to WMI, or any other expenses paid for by WMB for the benefit of WMI or any other affiliate which did not benefit WMB.

## VII.    BREACH OF FIDUCIARY DUTY AND OTHER TORT CLAIMS

27.    WMB may also have claims based upon breaches of fiduciary duties owed by the directors of WMI to WMB and the liability of WMI in connection therewith.

28.    Such directors and officers may have failed to meet their lawful obligations and act in the best interests of WMB including, but not limited to, (i) directing and/or authorizing the various upstream dividend and/or other avoidable transfers, (ii) failing to adequately maintain the capitalization of WMB, (iii) failing to engage in suitable risk management and implementing substandard practices for loan underwriting and asset purchases and sales for WMB and (iv) repeatedly taking or omitting to take actions that would serve WMB's interests during the WMB financial crisis.

29.    The FDIC also has succeeded to rights, claims and causes of action by WMB against

directors, officers, professionals, and others who provided services to the failed institution. The WMB Noteholder Group reserves all of the Receivership's rights and remedies in and to any insurance policies potentially covering the FDIC's claims against such persons and entities including policies pursuant to which WMI and/or WMB are insureds or additional insureds.

30.    Further, WMB may have claims for undetermined amounts based on indemnity or contribution rights that WMB is entitled to assert against WMI due to possible WMI conduct relating to pending securities class actions and other claims to which WMB is or may be a named defendant.

## VIII.    MISREPRESENTATION

31.    From time to time, WMI publicly represented that it would "manage [itself] at the holding company to the same kind of standards as if we were a [Federal Reserve] regulated bank holding company."[15] WMI similarly represented in a press release in October 2006 that its reported "total risk-based capital ratio is estimated as if Washington Mutual, Inc. were a bank holding company subject to Federal Reserve Board capital requirements."[16] The import of these and similar statements is that WMI was agreeing to subject itself to the Federal Reserve Board's "source of strength" doctrine,[17] a highly material matter that provided substantial assurance to the WMB Noteholders that WMI funds would have been used to ensure the proper capital maintenance and liquidity at WMB. Had WMI fulfilled its promises to do so, it would have avoided the Receivership.

32.    It was reasonable for the WMB Noteholders to rely on these and similar public and clear representations made by WMI and the WMB Noteholders have been damaged by WMI for

---

[15]Statement by Kerry Killinger, CEO, Q3 2006 Washington Mutual Earnings Conference Call, Oct. 18, 2006, *available at* http://www.accessmylibrary.com/coms2/summary_0286-23815460_ITM.
[16]Washington Mutual Reports Third Quarter Earnings (company press release issued Oct. 18, 2006), *available          at*          http://newsroom.wamu.com/phoenix.zhtml?c=189529&p=irol-newsArticle&ID=918277&highlight=
[17]12 C.F.R. § 225.4(a)(1) ("A bank holding company shall serve as a source of financial and managerial strength to its subsidiary banks and shall not conduct its operations in an unsafe or unsound manner.").

9

failing to act in accordance with its representations. The claim for damages arises both under the federal and applicable state securities laws and under applicable statutory and common law fraud provisions.

## IX. SECURED CLAIMS

33. To the extent that the bank deposits or a portion thereof do indeed belong to WMI, WMB claims, or a portion thereof, as outlined herein may be secured by setoff rights against the deposits.

## X. MISCELLANEOUS

34. In executing and filing this proof of claim, each WMB Group Participant does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this claim.

35. In executing and filing this proof of claim, the WMB Noteholder Group does not waive (i) any of its rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate of the Debtor, an assignee, guarantor or otherwise and/or (ii) any right to seek to withdraw the reference or obtain a jury trial with respect to the subject matter of this claim or any objection, counterclaim or other proceeding commenced with respect thereto. The filing of this proof of claim is not an election of remedies.

36. The WMB Noteholder Group expressly reserves its right to amend or supplement this proof of claim in any respect and at any time.

37. This claim is filed by each WMB Group Participant not in their individual capacity, but as holder of WMB Notes. The claims stated in Sections II through VII are for the benefit of the WMB Receivership estate and, accordingly, any distribution on those claims should be made to the FDIC as Receiver of the WMB Receivership estate. The claim stated in Section VIII is a direct claim of the WMB Noteholders and, therefore, any distribution on such claim should be made directly to the WMB Noteholders.

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated: March 27, 2009**

**AEGON USA Investment Management, LLC
on behalf of AEGON Life Insurance (Taiwan)
Inc.**

By:
Name:    James K. Schaeffer
Title:    Senior Vice President

Address    4333 Edgewood Rd. NE
              Cedar Rapids, Iowa  52499

Phone No. (312) 596-3920

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated: March 27, 2009**

**Transamerica Financial Life Insurance**
**Company**

By:
Name: James K. Schaeffer
Title: Vice President
C/O AEGON USA Investment
Management, LLC
Address 4333 Edgewood Rd. NE
Cedar Rapids, Iowa 52499

Phone No. (312) 596-3920

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

Dated _March 26_, 2009

_Barclays Capital_
Name of Noteholder or Investment Manager

By: _[signature]_
Name: _DANIEL CROWLEY_
Title: _Managing Director_

Address _200 Park Avenue 5th floor_
_New York, NY 10166_

Phone No. _212 412 2865_

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
March 23 , 2009

**CVI GVF (Lux) Master S.a.r.l.**
Name of Noteholder or Investment Manager


By: _Peter A Vorbrich_
Name: Peter A. Vorbrich
Title: Manager / Director

Address  CVI GVF (Lux) Master S.a.r.l.
         C/O CarVal Investors, LLC
         12700 Whitewater Drive, MS 144
Phone No. Minnetonka, MN 55343
         Attn: Brett Stenberg
         Phone: 952-984-3012

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 20, 2009**

**Cedar Hill Capital Partners Offshore, Ltd.**
Name of Noteholder or Investment Manager


By:  Cedar Hill Capital Partners, LLC, as its
investment manager


By:
Name:    John Cipriano
Title:    Chief Operating Officer

Address    445 Park Ave., 5th Floor
New York, NY 10022
Attn: Legal Department
Phone No. 212.201.5815

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 20, 2009**

**Cedar Hill Capital Partners Onshore, LP**
Name of Noteholder or Investment Manager

By: Cedar Hill Capital Partners, LLC, as its
investment manager

By:
Name: John Cipriano
Title: Chief Operating Officer

Address    445 Park Ave., 5th Floor
           New York, NY 10022
           Attn: Legal Department
Phone No. 212.201.5815

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**

_March_ _26_, 2009

**Cerberus Series Four Holdings, L.L.C.**
Name of Noteholder or Investment Manager


By:

Name: Seth Plattus

Title: Senior Managing Director of Cerberus
Institutional Associates, L.L.C., the
general partner of Cerberus
Institutional Partners, L.P. - Series
Four, the managing member of
Cerberus Series Four Holdings, L.L.C.

Address: 299 Park Avenue, 22nd Floor
New York, NY 10171

Phone No.: (212) 891-2100

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated** _March____ 26_ , **2009**

**Cerberus International, Ltd.**
Name of Noteholder or Investment Manager


By:

Name:    Seth Plattus

Title:    Senior Managing Director of Partridge
         Hill Overseas Management, LLC, the
         investment manager of Cerberus
         International, Ltd.

Address:  299 Park Avenue, 22nd Floor
         New York, NY  10171


Phone No.:  (212) 891-2100

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**

_____ March _____ 26 , 2009

**Cerberus Partners, L.P.**
Name of Noteholder or Investment Manager


By: _____
Name:     Seth Plattus
Title:      Senior Managing Director of Cerberus
            Associates, L.L.C., the general partner
            of Cerberus Partners, L.P.
Address:  299 Park Avenue, 22nd Floor
            New York, NY 10171

Phone No.:  (212) 891-2100

11

Dated: March 26, 2009

_____

Name of Noteholder or Investment Manager

**CFIP MASTER FUND, LTD.**
By:   Chicago Fundamental Investment Partners, LLC,
      its Investment Manager

By:     /s/ Steven J. Novatney
Name:  Steven J. Novatney
Title:   General Counsel & Chief Compliance
       Officer

Address    71 South Wacker Drive, Suite 3495
         Chicago, Illinois 60606

Phone No.   (312) 416-4300

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
March _____ 26 , 2009

Chimney Rock Value Fund, L.P.
Name of Noteholder or Investment Manager


By: _____
Name: David Gray
Title: Manager of
Dillingham Holdings, LLC
Address: its General Partner
_____
_____

Phone No. _____

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated March 26, 2009**

_____
Name of Noteholder or Investment Manager


By:        Citigroup Global Markets Inc.
Name:      Carl Meyer
Title:     Managing Director

Address    390 Greenwich St.
           New York, NY 10013

Phone No. 212 723 6064

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March** 25 , 2009

---

Name of Noteholder or Investment Manager

Credit Suisse Securities (USA) LLC

By: _Christopher S Campbell_
Name: _Christopher S Campbell_
Title: _Director_

Address _11 MADISON Ave_
_New York, N.Y. 10010_

Phone _212 - 538 - 3441_
No.

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
_March_____ 27, 2009

**Davidson Kempner Distressed Opportunities Fund LP**
Name of Noteholder or Investment Manager

By: DK Group LLC, its general partner

By:
Name: Conor Bastable
Title: Managing Member

Address: 65 E. 55th Street
19th Floor
New York, NY 10022
Phone No. 212-446-4000

Signature Page to the Proof of Claim of the WMB Noteholder Group

Dated
*March 27*____, 2009

**Davidson Kempner Distressed Opportunities International Ltd.**
Name of Noteholder or Investment Manager

By:    DK Management Partners LP, its
        investment manager

By: _____
Name:  Conor Bastable
Title:   Partner

Address  65 E. 55th Street
         19th Floor
         New York, NY 10022
Phone No. 212-446-4000

**Dated**
_March_      _27_ , 2009

**Davidson Kempner International, Ltd.**
Name of Noteholder or Investment Manager

By:   Davidson Kempner International Advisors, L.L.C.,
        its investment manager

By:
Name:    Conor Bastable
Title:       Managing Member

Address    65 E. 55th Street
                 19th Floor
                 New York, NY 10022
Phone No. 212-446-4000

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
_March_ _27_, 2009

**Davidson Kempner Institutional Partners, L.P.**
Name of Noteholder or Investment Manager

By: Davidson Kempner Advisers, Inc., its
general partner

By:
Name: Conor Bastable
Title: Principal

Address    65 E. 55th Street
           19th Floor
           New York, NY  10022
Phone No. 212-446-4000

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
_MArch_ _27_, 2009

**Davidson Kempner Partners**
Name of Noteholder or Investment Manager

By: MHD Management Co., its general partner

By:
Name: Conor Bastable
Title: General Partner

Address: 65 E. 55th Street
19th Floor
New York, NY 10022
Phone No. 212-446-4000

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
_March_ . _27_ , 2009

**M. H. Davidson & Co.**
Name of Noteholder or Investment Manager

By:
Name: Conor Bastable
Title: General Partner

Address    65 E. 55th Street
           19th Floor
           New York, NY 10022
Phone No. 212-446-4000

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
March 26, 2009

FINTECH ADVISORY, INC ON BEHALF OF FIMEX
Name of Noteholder or Investment Manager      INTERNATIONAL, LTD.

By:  _____

Name:  JULIO HERRERA

Title:  ATTORNEY-IN-FACT

Address  c/o FINTECH ADVISORY, INC.
375 PARK AVENUE, SUITE 3804
NEW YORK, NEW YORK
10157

Phone No. (212) 593-4500

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**

_March_ _26_, 2009

_Goldman Sachs & Co_
Name of Noteholder or Investment Manager


By: _[signature]_
Name: _Paul Huchro_
Title: _Managing Director_

Address _1 New York Plaza_
_New York, NY 10004_

Phone No. _(212) - 902- 8250_

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 25, 2009**

**Gruss Global Investors Master Fund**
**(Enhanced), Ltd.**
Name of Noteholder or Investment Manager


By:      Gruss Asset Management, L.P., its
investment manager;
Gruss Co., L.L.C., its
general partner;
Michael Monticciolo, manager

Address   667 Madison Avenue, Third Floor
New York, N.Y. 10065


Phone No. 212 688-1500

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 25, 2009**

**Gruss Global Investors Master Fund, Ltd.**

Name of Noteholder or Investment Manager

By:      Gruss Asset Management, L.P., its
investment manager;
Gruss Co., L.L.C., its
general partner;
Michael Monticciolo, manager

Address   667 Madison Avenue, Third Floor
New York, N.Y. 10065

Phone No. 212 688-1500

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated: March 27, 2009**

Name of Noteholder or Investment Manager

**GRYPHON HIDDEN VALUES VIII LIMITED;**

**HALCYON MAC19 LTD;**

**HALCYON TRADING LIMITED; and**

**HALCYON MASTER FUND L.P.**

*BY THEIR INVESTMENT MANAGER, HALCYON OFFSHORE ASSET MANAGEMENT LLC*
By:

Name: James Sykes
Title: Managing Principal

Address   477 Madison Ave, 8th Floor
          New York, NY 10022

Phone No. (212) 303-9406

**GRYPHON HIDDEN VALUES VIII L.P.; and**

**INSTITUTIONAL BENCHMARK MASTER FUND LIMITED, ACTING IN RESPECT OF IZAR EVENT DRIVEN MULTI-STRATEGY SERIES**

*BY THEIR INVESTMENT MANAGER, HALCYON ASSET MANAGEMENT LLC*
By:

Name: James Sykes
Title: Managing Principal

Address   477 Madison Ave, 8th Floor
          New York, NY 10022

Phone No. (212) 303-9406

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 20, 2009**

**ING Direct NV, Sucursal en España**
Name of Noteholder or Investment Manager


By:        ING Direct NV, Sucursal en España
Name:    Alfonso Zapata García Herráiz (Deputy CEO)
            Miguel Crespo Rodríguez (Head of Legal)
Title:     Authorized Signatories

Address   c/ Severo Ochoa 2, P.E. MADRID-LAS
            ROZAS
            LAS ROZAS, MADRID (SPAIN)

Phone No. +34 91 634 92 00

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 26, 2009**

**Fernwood Associates LLC**
Name of Noteholder or Investment Manager


By:

Name:   Robert Gaviglio

Title:   Managing Director


Address   c/o Intermarket Corporation

         1370 Avenue of the Americas

         New York, NY 10019

Phone No. (212) 593-1550

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 26, 2009**

**Fernwood Restructurings, Ltd.**
Name of Noteholder or Investment Manager


By: _____
Name:   Robert Goviglio
Title:   Managing Director

Address   c/o Intermarket Corporation
          1370 Avenue of the Americas
          New York, NY 10019
Phone No. (212) 593-1550

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 26, 2009**

**Fernwood Foundation Fund LLC**
Name of Noteholder or Investment Manager

By:

Name: Robert Gaviglio

Title: Managing Director

Address: c/o Intermarket Corporation
1370 Avenue of the Americas
New York, NY 10019

Phone No. (212) 593-1550

Signature Page to the Proof of Claim of the WMB Noteholder Group

Dated
March 19, 2009

King Street Capital, L.P.
Name of Noteholder or Investment Manager

By:
Name: Bruce Darringer
Title: Chief Operating Officer

Address 65 E. 55th St. 30th Fl.
New York, NY 10022

Phone No. 212-812-3100

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**

March 19, 2009

King Street Capital, Ltd.
Name of Noteholder or Investment Manager

By:
Name: Bruce Darringer
Title: Chief Operating Officer

Address 65 E. 55th St. 30th FL.
New York, NY 10022

Phone No. 212-812-3100

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 20, 2009**

**Legal and General Investment Management America**
Name of Noteholder or Investment Manager

By:
Name:     David Knutson
Title:      Senior Analyst

Address   8755 West Higgins Road
                Suite 600
                Chicago, IL  60631
Phone No. 773-867-1650

Legal and General Investment Management America as investment manager for the following;

| Fund | Description |
|------|-------------|
| FB1-1764 | 1st British Equity |
| LGPL-NP | LGPL LGIMA NP PLUS |
| FB2-1718 | Equity Account |
| FBB-CA | 1st Brit Bermuda Cap Ass |
| LGAS-CB | LGAS Life $ ALL STKS COR |
| LGPLBBCB | Non Profit USD All Stks |
| TRAN-LD | LGP NP+$ ALL STOCKS CORP |
| **Total** | |

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
_____ SUNDAY, 22ⁿᵈ MARCH, 2009

_MASHREQ BANK PSC_____
Name of Noteholder or Investment Manager

*[signature]*

By: _____
Name: _ABDUL KADIR HUSSAIN_____
Title: _MANAGING DIRECTOR_____

Address _MASHREQ BANK BUILDING_
_OMAR BIN AL KHATTAB STREET, DEIRA_
_P.O. Box 1250, DUBAI, UAE_____
Phone No. _+971 4 207 8762_____

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
March                    23 , 2009

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
Name of Noteholder or Investment Manager

By:
Name:
Title:

STEVEN J. KATZ
SECOND VICE PRESIDENT AND
ASSOCIATE GENERAL COUNSEL

Address    c/o BABSON CAPITAL MANAGEMENT LLC
           1500 MAIN ST., Suite 2800
           Springfield, MA 01115
Phone No.  413-226-1059

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
March _____ 24 __, **2009**

**Metropolitan Life Insurance Company** _____
Name of Noteholder or Investment Manager


By: _C. Cromie_ _____
Name: Claudia Cromie _____
Title: Director _____

Address 10 Park Ave. _____
P.O. Box 1902 _____
Morristown, NJ 07962 _____
Phone No. 973-355-4000 _____

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 20, 2009**

**NEW YORK LIFE INSURANCE COMPANY**
Name of Noteholder or Investment Manager

By: _____
Name: Ronald G. Brandon
Title: Corporate Vice President

Address 51 Madison Avenue, 2nd Floor
New York, NY 10010

Phone No. 212.576.7585

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
March 27, 2009

_____
Name of Noteholder or Investment Manager

THE NORTHERN TRUST COMPANY, as
Lending Agent on behalf of various participating
Lenders in the European Core Collateral Section

By: _Jennifer M. Dirkin_____
Name: Jennifer M. Dirkin
Title: Senior Attorney

Address 50 South LaSalle Street (M-9)
Chicago, IL 60603

Phone No. 312/557-1865

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
March 27, 2009

_____
Name of Noteholder or Investment Manager

THE NORTHERN TRUST COMPANY, as
Lending Agent on behalf of Los Angeles City
Employees' Retirement System

By: _____
Name: Jennifer M. Dirkin
Title: Senior Attorney

Address 50 South LaSalle Street (M-9)
Chicago, IL 60603

Phone No. 312/557-1865

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
March 27, 2009

_____
Name of Noteholder or Investment Manager

THE NORTHERN TRUST COMPANY, as
Lending Agent on behalf of The Nestle Group

By: _Jennifer M. Dirkin_
Name: Jennifer M. Dirkin
Title: Senior Attorney

Address  50 South LaSalle Street (M-9)
Chicago, IL 60603

Phone No. 312/557-1865

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 26, 2009**

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY
Name of Noteholder or Investment Manager


By:
Name: _Christopher Swain_
Title: Managing Director of Mason Street
Advisors, LLC, investment advisor to
The Northwestern Mutual Life
Insurance Company

Address 720 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

Phone No. 414-271-1444

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 26, 2009**

NORTHWESTERN LONG TERM CARE
INSURANCE COMPANY
Name of Noteholder or Investment Manager

By:

Name: Christopher Swain

Title: Managing Director of Mason Street
Advisors, LLC, investment advisor to
Northwestern Long Term Care
Insurance Company

Address  c/o Northwestern Mutual
720 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

Phone No. 414-271-1444

**Dated**
**March 26, 2009**

NORTHWESTERN MUTUAL SERIES FUND,
INC. FOR ITS NORTHWESTERN MUTUAL
SERIES FUND SELECT BOND PORTFOLIO
Name of Noteholder or Investment Manager

By:
Name: Christopher Swain
Title: Managing Director of Mason Street
Advisors, LLC, investment advisor to
Northwestern Mutual Series Fund, Inc.
and its Select Bond Portfolio

Address  c/o Northwestern Mutual
720 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

Phone No. 414-271-1444

**Dated**
**March 26, 2009**

NORTHWESTERN MUTUAL SERIES FUND,
INC. FOR ITS NORTHWESTERN MUTUAL
SERIES FUND BALANCED PORTFOLIO
Name of Noteholder or Investment Manager

By:
Name: Christopher Swain
Title: Managing Director of Mason Street
Advisors, LLC, investment advisor to
Northwestern Mutual Series Fund, Inc.
and its Balanced Portfolio

Address c/o Northwestern Mutual
720 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

Phone No. 414-271-1444

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
MARCH          23, 2009

Sunrise Partners Limited Partnership

Name of Noteholder or Investment Manager

By:

Name:

Title:          Michael J. Berner, Vice President

Address          Two American Lane
                 Greenwich, CT 06836-2571

Phone No.          203 861 3235

Signature Page to the Proof of Claim of the WMB Noteholder Group

Dated _Morch_ _24_, 2009

_Paulsen & Co. Inc._
Name of Noteholder or Investment Manager

By: _[signature]_
Name: _Stuart Merzer_
Title: _Authorized Signatory_

Address _1251 Avenue of the Americas_
_50th Floor_
_New York, New York 10020_
Phone No. _212-956-2221_

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**26-March-09**

**Prudential Assurance Company, Ltd.**
Name of Noteholder or Investment Manager


By:      PPM America, Inc., its Attorney-in-Fact

By:
Name:    Joel Klein
Title:   Executive Vice President &
         Head of Debt Restructuring Group
Address  225 West Wacker Drive
         Suite 1200
         Chicago, Illinois 60606
Phone No. (312) 634-2559

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**26-March-09**

**JNL VA High Yield Bond Fund**
Name of Noteholder or Investment Manager

By:     PPM America, Inc., its Attorney-in-Fact

By:
Name:     Joel Klein
Title:     Executive Vice President &
            Head of Debt Restructuring Group
Address   225 West Wacker Drive
            Suite 1200
            Chicago, Illinois 60606
Phone No. (312) 634-2559

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**26-March-09**

**Jackson National Life Insurance Company of New York**
Name of Noteholder or Investment Manager


By:     PPM America, Inc., its Attorney-in-Fact


By:
Name:   Joel Klein
Title:   Executive Vice President &
        Head of Debt Restructuring Group
Address  225 West Wacker Drive
        Suite 1200
        Chicago, Illinois 60606
Phone No. (312) 634-2559

11

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**26-March-09**

**Jackson National Life Insurance Company**
Name of Noteholder or Investment Manager


By:     PPM America, Inc., its Attorney-in-Fact

By:
Name:   Joel Klein
Title:  Executive Vice President &
        Head of Debt Restructuring Group
Address 225 West Wacker Drive
        Suite 1200
        Chicago, Illinois 60606
Phone No. (312) 634-2559

**Dated**
**March 23, 2009**

PRINCIPAL LIFE INSURANCE COMPANY

By: Principal Global Investors, LLC
a Delaware limited liability company,
its authorized signatory

By: _____     ALAN B. KRESS, Counsel

By: _____     COLIN PENNYCOOKE, Counsel

Address for Notices:

Bonnie Haggerty
Principal Life Insurance Company
c/o Principal Global Investors, LLC
711 High Street, G-26
Des Moines, IA 50392-0800
515-235-1036
Haggerty.Bonnie@principal.com

Colin Pennycooke, Esq.
Principal Life Insurance Co.
711 High Street
Des Moines, IA 50392-0800
515-247-0613
Pennycooke.Colin@principal.com

Signature Page to the Proof of Claim of the WMB Noteholder Group

Dated _____, 2009

Coöperatieve Centrale Raiffeisen – Boerenleenbank B.A.
Name of Noteholder or Investment Manager

By:
Name: Arthur Staal / Peter Maaten
Title: Executive Vice President / Vice President

Address: P.O. Box 17100
3500 HG Utrecht
Netherlands

Phone No. +31 30 216 6315

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
_March_ _23_, 2009

_RCG  PB, Ltd._
Name of Noteholder or Investment Manager


By: _[signature]_
Name: _Owen Littman_
Title: _Authorized Signatory_

Address _c/o Ramius LLC_
_599 Lexington Ave., 21ʰ Fl._
_New York, NY 10022_
Phone No. _212-201-4841_

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
MARCH ___ 25 , **2009**

THE ROYAL BANK OF SCOTLAND PLC
Name of Noteholder or Investment Manager

By:
Name: STEWART HALL
Title: SOLICITOR

Address: 135 BISHOPSGATE
LONDON

Phone No. 02070853154

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
MARCH                    20, 2009

GREENWICH CAPITAL MARKETS INC
Name of Noteholder or Investment Manager


By:
Name:        JOHN GOUSIAS
Title:        Director

Address      600 Steamboat Rd
             Greenwich CT, 06830

Phone No.    203 618 6841

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
_____ March _____ 27 , **2009**

Castlerigg Master Investments Ltd.
By Sandell Asset Management Corp., investment manager

By:      _____
Name:    Ken Glassman
Title:   Senior Managing Director

Address  c/o Sandell Asset Management Corp.
         40 West 57th Street, 26th Floor
         New York, New York 10019
Phone No. 212-603-5700

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
_March 24_____, **2009**

Castlerigg Master Investments Ltd.
By Sandell Asset Management Corp., investment manager

By: _____
Name: Ken Glassman
Title: Senior Managing Director

Address   c/o Sandell Asset Management Corp.
          40 West 57th Street, 26th Floor
          New York, New York 10019
Phone No. 212-603-5700

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 24, 2009**

**STONE LION PORTFOLIO L.P.**
Name of Noteholder or Investment Manager

By:

Name: Claudia Borg

Title: Vice President

Address: 461 5th Avenue, 14th Floor
New York, New York 10017

Phone No. 212 843-1225

**STONE LION PORTFOLIO L.P.**
By: Stone Lion GP L.P., Its: General Partner
By: Stone Lion Capital Partners L.P., Investment Manager
By: SL Capital Partners LLC, Its: General Partner
By: Tudor Investment Corporation, Managing Member

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 25, 2009**

**Taconic Capital Advisors L.P. on behalf of**
**Taconic Capital Partners L.P.**
Name of Noteholder or Investment Manager


By:
Name: Jon Jachman
Title: Principal

Address    c/o Taconic Capital Advisors L.P.
              450 Park Avenue, 9th Floor
              New York, NY 10022
Phone No. 212-209-3100

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 25, 2009**

**Taconic Capital Advisors L.P. on behalf of**
**Taconic Capital Partners 1.5 L.P.**
Name of Noteholder or Investment Manager

By:
Name: Jon Jachman
Title: Principal

Address    c/o Taconic Capital Advisors L.P.
           450 Park Avenue, 9th Floor
           New York, NY 10022
Phone No. 212-209-3100

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 25, 2009**

**Taconic Capital Advisors L.P. on behalf of**
**Taconic Master Fund L.P.**

Name of Noteholder or Investment Manager

By:

Name: Jon Jachman

Title: Principal

Address: c/o Taconic Capital Advisors L.P.

450 Park Avenue, 9th Floor

New York, NY 10022

Phone No. 212-209-3100

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 25, 2009**

**Taconic Capital Advisors L.P. on behalf of**
**Taconic Master Fund 1.5 L.P.**
Name of Noteholder or Investment Manager


By:

Name: John Jackman

Title: Principal

Address: c/o Taconic Capital Advisors L.P.

450 Park Avenue, 9th Floor

New York, NY 10022

Phone No. 212-209-3100

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 25, 2009**

**Taconic Capital Advisors L.P. on behalf of**
**Taconic Opportunity Fund L.P.**
Name of Noteholder or Investment Manager


By:
Name: John Jachman
Title: Principal

Address  c/o Taconic Capital Advisors L.P.
450 Park Avenue, 9th Floor
New York, NY 10022
Phone No. 212-209-3100

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 25, 2009**

**Taconic Capital Advisors L.P. on behalf of**
**Taconic Opportunity Master Fund L.P.**
Name of Noteholder or Investment Manager


By:
Name: Jon Jachman
Title: Principal

Address: c/o Taconic Capital Advisors L.P.
450 Park Avenue, 9th Floor
New York, NY 10022
Phone No. 212-209-3100

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 25, 2009**

**Taconic Capital Advisors L.P. on behalf of**
**Taconic Market Dislocation Fund II L.P.**
Name of Noteholder or Investment Manager


By:
Name:   Jon Jachman
Title:    Principal

Address   c/o Taconic Capital Advisors L.P.
           450 Park Avenue, 9th Floor
           New York, NY 10022
Phone No. 212-209-3100

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
**March 25, 2009**

**Taconic Capital Advisors L.P. on behalf of**
**Taconic Market Dislocation Master Fund II L.P.**
Name of Noteholder or Investment Manager

By: _____
Name: Jon Jachman
Title: Principal

Address  c/o Taconic Capital Advisors L.P.
450 Park Avenue, 9th Floor
New York, NY 10022
Phone No. 212-209-3100

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
March 26, 2009

**Thrivent Financial for Lutherans**
Name of Noteholder or Investment Manager


By: _Mark O. Swenson_
Name: Mark O. Swenson
Title: Vice President

Address 625 Fourth Avenue South
Minneapolis, MN 55415

Phone No. 612.844.5489

Signature Page to the Proof of Claim of the WMB Noteholder Group

**Dated**
_____**March**_____ **20**, 2009

VR Global Partners, L.P.
Name of Noteholder or Investment Manager

By:
Name: Richard Deitz
Title: Director, VR Advisory Services Ltd.,
acting in its capacity as General Partner
Address c/o Admiral Administration Ltd.
Admiral Financial Center, 5th Floor,
90 Fort Street, P.O. Box 32021 SMB,
Georgetown, Grand Cayman,
KY1 1208, Cayman Islands
Phone No. +1 345 949 0704

**Dated**
_____**March**_____ **20**, 2009

VR Liquidity Crisis Recovery Fund, L.P.
Name of Noteholder or Investment Manager

By:
Name:     Richard Deitz
Title:       Director, VR Liquidity Crisis Recovery
             GP, Ltd.
             acting in its capacity as General Partner
Address   c/o Walkers SPV Limited,
             Walker House, 87 Mary Street
             Georgetown, Grand Cayman,
             KY1-9002, Cayman Islands
Phone No. +1 345 949 0100