IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| WASHINGTON MUTUAL, INC., et al.,[1] | : | Case No. 08-12229 (MFW) |
| Debtors. | : | Jointly Administered |
| | : | Ref. Docket No. 2205 |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF THE FDIC, AS RECEIVER IN RESPONSE TO THE DEBTORS' TWENTIETH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS

The Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), submits the following limited objection and reservation of rights with respect to the twentieth omnibus objection to claims (the "Objection") by the debtors Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (together, the "Debtors") in response to proofs of claim filed by certain holders of public notes of Washington Mutual Bank ("WMB").[2]

## LIMITED OBJECTION

1. As the Court is aware, the FDIC-Receiver was appointed receiver of WMB in an order issued by the Office of Thrift Supervision dated September 25, 2008. As a result, by operation of law, the FDIC-Receiver succeeded, *inter alia*, to "all rights, titles, powers, and privileges" of WMB. 12 U.S.C. § 1821(d)(2)(A). The FDIC-Receiver filed a timely proof of claim in this jointly administered case as to which no objection has been filed to

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

[2] At the FDIC-Receiver's request, the Debtors agreed to a one business day extension of its time to file a response to the Objection until March 8, 2010.

date. The FDIC-Receiver's proof of claim asserts a wide variety of different claims amounting, in the aggregate, to many billions of dollars. Many of those matters also are the subject of pending litigation among the Debtors, the FDIC-Receiver and JPMorgan Chase Bank, N.A. ("JPMC"), both in this Court and in the United States District Court for the District of Columbia.

2. The current Objection is not directed to the FDIC-Receiver's proof of claim. Rather, the Objection concerns proofs of claim that have been filed by various holders of public debt that was issued by WMB before its receivership. As the Debtors have observed, many of the WMB bondholders' claims overlap claims that were included in the FDIC-Receiver's proof of claim.

3. Based on conversations with the Debtors' counsel, the FDIC-Receiver understands that, in asserting their Objection with respect to the WMB bondholders' claims, the Debtors are not now seeking a judicial determination as to any aspect of the FDIC-Receiver's proof of claim and that any ruling on the Objection will be without prejudice to the FDIC-Receiver and will not preclude the FDIC-Receiver from making any legal or factual argument with respect to its own proof of claim (or its disputes with the Debtors in any forum or proceeding). The FDIC-Receiver respectfully submits that any Order entered by the Court with respect to the Objection should expressly include such limitations.

4. Similarly, the FDIC-Receiver disputes many of the Debtors' assertions of fact in the Objection, which are the subject of pending litigation involving the FDIC-Receiver in two adversary proceedings that are pending before this Court, *JPMorgan Chase Bank, N.A. v. Washington Mutual, Inc.*, Adv. Proc. No. 09-50551 (MFW), and *Washington Mutual, Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Proc. No. 09-50934 (MFW), in pending appeals and in the action pending in the District of Columbia district court, *Washington Mutual, Inc. v. F.D.I.C.*,

No. 09-CV-0533 (D.D.C.). By agreement, the Debtors have bifurcated proceedings with respect to the Objection so that only "legal issues" will be heard in this initial stage and that none of these disputed issues of fact will be presented. The FDIC-Receiver reserves all of its rights to object to any procedure in which any such disputed issues of fact are addressed in the guise of an objection to the WMB bondholder claims rather than as part of the broader litigation that is pending among the parties.

5. The FDIC-Receiver also respectfully submits the following several points in response to the Objection.

6. *First*, the FDIC-Receiver previously has stated its position with respect to the standing of the WMB bondholders to assert claims against the Debtors here. Derivative claims belonging to the Bank are for the recovery of the WMB receivership and should be pursued by the FDIC-Receiver. However, the FDIC-Receiver does not represent WMB's creditors in this chapter 11 case to the extent those Bank creditors can articulate a theory of direct, rather than derivative, harm that was caused to them by the Debtors independently of harm caused to the Bank. The WMB bondholders have not taken issue with this distinction. *See* Bank Bondholders' Prelim. Response at 29 ("To the extent any of the Claims they are pursuing are in fact derivative, the Bank Bondholders are, of course, neither seeking nor expecting to jump ahead of other, senior unpaid creditors of the Receivership Estate or to obtain a double recovery; instead, the Bank Bondholders are simply trying to preserve any such Claims and to make sure that they are in fact pursued for the benefit of all WMB creditors, to be distributed in accordance with the applicable priorities under the FDI Act.").

7. The FDIC-Receiver agrees with the WMB bondholders that it is premature for the Court to determine the boundary between such direct and derivative claims, however, and

therefore that it would be inappropriate at this time to expunge the claims of the WMB bondholders on this basis. This is especially true given the fact that, to date, no discovery has occurred in any of the various pending litigation and that a form of scheduling order that would govern such coordinated discovery proceedings has not even been agreed to by the various parties (although significant progress toward such an agreement has been made).

8. *Second*, the Debtors assert in the Objection that the FDIC-Receiver does not have standing to assert the fraudulent transfer claim asserted by the [WMB] Bondholders here." Objection at 13 n.10. While the FDIC-Receiver disagrees with this assertion, the litigation of that disputed proposition of law is not presented by the Objection, which (as already noted) is not directed to any aspect of the FDIC-Receiver's proof of claim. The objection should be denied, however, to the extent that the Debtors are seeking to escape liability to the WMB receivership for the harm arising from their actual or constructive fraudulent transfers through a strategy of seriatim objections – first to such claims as they have been asserted by the WMB bondholders and later, one must anticipate, to similar claims as they have been asserted by the FDIC-Receiver. On the current state of the record, serious questions have been raised with respect to the intent and propriety of a number of different alleged transfers. Once again, the relief sought by the Debtors is premature. The determination of the Debtors' liability to the WMB receivership on this basis should await development of a full record following discovery that involves all of the potentially interested parties.

9. *Third*, as the "Bank Bondholders" have noted, the Objection does not raise objections (other than on standing grounds) to the WMB bondholders' claims with respect to the disputed deposit balances, the "Undercapitalization, Failure to Support, and Looting of the Bank," certain series of trust preferred securities, tax refunds and losses, and goodwill litigation

awards. Similar claims (along with many others) also have been asserted in the FDIC-Receiver's proof of claim. Because none of these claims by the WMB bondholders is discussed in the Objection, the FDIC-Receiver has been unable to evaluate the Debtors' substantive challenges to them (if any). Therefore, to the extent the Debtors purport to attack any of these other claims on the merits in their reply, at argument or otherwise in the course of the litigation of the Objection, the FDIC-Receiver respectfully submits that it should be permitted sufficient time to evaluate and respond to any such arguments to ensure that its rights are protected.

10. *Finally*, the FDIC-Receiver joins with JPMC in its other reservations of rights: (1) that any legal arguments raised in the Objection are only asserted with respect to the WMB bondholders' claims and that the FDIC-Receiver reserves its rights to oppose any such legal arguments to the extent they are asserted against the FDIC-Receiver or in any proceeding in which it is a party; (2) that the FDIC-Receiver reserves the right to dispute the Debtors' reading of any provision of the Purchase and Assumption Agreement dated as of September 25, 2008, as to which the Debtors are total strangers; and (3) that any statements by the FDIC-Receiver in this action or any of the pending litigation speak for themselves and the FDIC-Receiver objects to any characterization of them advanced by the Debtors.

## CONCLUSION

For all of the foregoing reasons, the Debtors' Objection to the various WMB bondholder proofs of claim should be denied at this time.

Date: Wilmington, Delaware
March 8, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ M. Blake Cleary*

M. Blake Cleary (No. 3614)
Jaime N. Luton (No. 4936)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mbcleary@ycst.com
jluton@ycst.com

- and -

Thomas R. Califano
John J. Clarke, Jr.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank