# EXHIBIT 12

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
                       :

*In re*                        :     Chapter 11

WASHINGTON MUTUAL, INC., et al.,[1]    :     Case No. 08-12229 (MFW)

                       :
          Debtors.           :     (Jointly Administered)
                       :
                       :
------------------------------------------------------------x

## DECLARATION OF CHARLES EDWARD SMITH IN SUPPORT OF DEBTORS' OBJECTION TO MOTION OF DENISE CASSESE, GEORGE RUSH AND RICHARD SCHROER FOR RELIEF FROM AUTOMATIC STAY TO CONTINUE PRE-PETITION CLASS ACTION AGAINST WASHINGTON MUTUAL, INC.

I, Charles Edward Smith, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

    1.     I currently hold the position of Executive Vice President, General Counsel & Secretary with Washington Mutual, Inc. ("WMI" and, together with WMI Investment Corp. ("WMI Investment"), the "Debtors"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called to testify, could competently swear to such facts.

    2.     I submit this Declaration in support of the Debtors' objection to the motion (the "Motion") of Denise Cassese, George Rush, and Richard Schroer (collectively, the "Movants") for an order lifting the automatic stay to allow a prepetition class action styled as

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

Cassese, et al. v. Washington Mutual, Inc., et al., Case No. 05-cv-2724 (the "Prepetition Class Action"), pending in the United States District Court for the Eastern District of New York (the "Eastern District Court").

3. On September 25, 2008, the Director of the Office of Thrift Supervision appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for Washington Mutual Bank ("WMB") and advised that the receiver was immediately taking possession of WMB. Immediately after its appointment as receiver, the FDIC sold (the "Sale Transaction") substantially all the assets of WMB, including the stock of WMB's wholly-owned subsidiary, Washington Mutual Bank fsb ("WMBfsb"), to JPMorgan Chase Bank, N.A. ("JPMC").

4. Prior to the Sale Transaction, I was employed by WMB for a period of approximately six (6) years and held the position of First Vice President, Assistant General Counsel and Team Lead (Corporate Finance). In that regard, I was responsible for supporting certain of the ongoing operations of WMB. Pursuant to my experience at WMB and WMI, I am generally knowledgeable about the business operations of these entities. In addition, I am generally familiar with WMI's bankruptcy case.

WMI

5. WMI is a Washington corporation, with principal offices in Seattle, Washington. Among other things, WMI's business is to act as a holding company. WMI previously owned WMB and such bank's subsidiaries, including WMBfsb. WMI currently owns WMI Investment, as well as certain non-banking, non-debtor subsidiaries.

6. WMI itself does not currently and never has originated or serviced loans anywhere in the United States or elsewhere. Based on my understanding of WMI's business,

WMI did not assess any of the disputed charges at issue in the Prepetition Class Action, and Movants have no legal relationship with WMI.

WMB

7. WMB was formerly known as Washington Mutual Bank, FA. Prior to the Sale Transaction, WMB originated and serviced loans in various states, including New York, New Jersey, and North Carolina. WMB used the trade names "Washington Mutual" and "Washington Mutual Bank" in its mortgage servicing business.

8. Based upon my review of the declaration submitted by Bruce S. Marshak [D.I. 185-1][2] in the Prepetition Class Action in support of defendants' opposition to Movants' class certification motion, including the exhibits attached thereto (copies of which declaration and exhibits are attached hereto as Exhibit "A"), it appears likely that Movants were borrowers of WMB (as successor in interest to Washington Mutual Bank, FA) and WMB originated their loans and performed all processing services with respect thereto. In addition, based upon my experience at WMB and WMI, I am not aware of any common contractual obligation among WMI and WMB regarding the fees and charges in dispute in the Prepetition Class Action.

Prejudice to the Debtors' Estate

9. Because WMI's financial and personnel resources are so constrained, allowing Movants to proceed with the Prepetition Class Action against WMI will result in substantial prejudice to the Debtors' estate. WMI's management and professionals will be forced to divert their attention – which already is short in availability and long on demand – to assisting counsel to defend Movants' claims. The Debtors are in the process of working with their bankruptcy advisors to determine the amount of assets available for distribution to creditors

---

[2] All references herein to "D.I." shall be to the docket for the Prepetition Class Action in the United States District Court for the Eastern District of New York, Case No. 05-cv-2724.

(which includes prosecuting and defending the various actions among WMI, the FDIC, and JPMC) and formulate the Debtors' chapter 11 plan. This is in addition to attending to the various day-to-day tasks and issues attendant to these chapter 11 cases. The Debtors cannot afford a further drain on management's limited time and attention.

10. In addition, defense of the Prepetition Class Action will require substantial financial resources to litigate. I understand that none of the expenses incurred pursuant to these efforts would be covered by insurance proceeds, and WMI's defense counsel is not retained on a contingency fee basis.

11. Furthermore, lifting the stay and permitting Movants to proceed with the Prepetition Class Action is reasonably expected to open the floodgates for a multitude of other parties to seek similar relief. Currently, there are approximately 180 prepetition litigations against the Debtors in various state and federal forums. To allow each one of these cases to proceed would overwhelm the Debtors. It would be virtually impossible for the Debtors to defend each one.

Dated: August 17, 2009

By: _____
Charles Edward Smith