# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 Cases |
| | Case No. 08-12229 (MFW) |
| WASHINGTON MUTUAL, INC., et al.,[1] | Jointly Administered |
| Debtors. | |

### OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WASHINGTON MUTUAL, INC., ET AL. TO THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' MOTION TO SHORTEN NOTICE OF THE MOTION FOR THE APPOINTMENT OF AN EXAMINER PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Washington Mutual, Inc., et al. (collectively, the "Debtors"), by and through the Creditors' Committee's undersigned co-counsel, submits this objection (the "Objection") to the Motion (the "Motion") [Docket No. 3580] of the official committee of equity security holders (the "Equity Committee") to shorten notice of the motion for the appointment of an examiner pursuant to section 1104(c) of the Bankruptcy Code.

The appointment of an examiner in these chapter 11 cases, which the Equity Committee concedes are at a "critical juncture,"[2] should not be taken lightly or considered in haste, and the Equity Committee has given no compelling reason for giving the parties in interest insufficient notice to properly consider this important matter. The Court should deny the Motion and give the parties in interest the proper time to consider and respond to the Motion.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are Washington Mutual, Inc. (3725) and WMI Investment Corporation (5395). The Debtors' principal offices are located at 925 Fourth Avenue Suite 2500, Seattle, Washington 98104.

[2] Motion at 2.

## OBJECTION

These cases indeed are at a critical juncture. Yet by its Motion, the Equity Committee asks this Court to ignore the requirement of Rule 2007.1(a) of the Federal Rules of Bankruptcy Procedure and Delaware Bankruptcy Local Rule 9006-1(c) that creditors receive at least 17 days notice of a motion and have at least 7 days to respond before a hearing. The Debtors' constituencies and this Court must be given an opportunity to fully consider the effect of appointing an examiner at this stage of these cases and to respond appropriately. The Equity Committee has made no showing of exigency that warrants denying creditors and other parties in interest their right to fully consider and respond to so weighty a matter as the appointment of an examiner.

The Equity Committee has offered no justification for shortening time. The Equity Committee refers to the hearing on the Debtors' proposed disclosure statement scheduled for May 19, 2010, but the timing of the disclosure statement hearing is irrelevant to the appointment of an examiner, which the Court may order "at any time before the confirmation of a plan." 11 U.S.C. § 1104. The processes, litigation, and discussions leading to the global settlement have been ongoing for more than 19 months, and the Equity Committee – which has had ample time to move for the appointment of an examiner since its appointment more than three months ago – has articulated no reason that the giving of the full 17 days' notice will prejudice its rights. In contrast, the rushed timetable proposed by the Motion will prejudice the rights of the Creditors' Committee, its constituents, and all other parties in interest who will be deprived of an opportunity to fully consider the relief sought in the motion to appoint the examiner and to respond thereto. Finally, the Equity Committee's assertion of exigency is belied by the matters that the Equity Committee proposes that the newly appointed examiner investigate – causes of action and assets that arise from the prepetition period – and by the Equity

Committee's own proposed timetable, which would not require the examiner to file a report until five months after the examiner's appointment.

The Creditors' Committee, therefore, requests that the Court deny the Motion and calendar the Equity Committee's motion for the appointment of an examiner on a date that gives all parties in interest proper notice and an opportunity to respond. The Creditors' Committee, which will brief the Court on the merits of that motion in due course, hereby reserves its right to respond substantively to the Equity Committee's motion for the appointment of an examiner.

Dated: April 27, 2010

Respectfully Submitted,

**PEPPER HAMILTON LLP**

David B. Stratton (DE No. 960)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19801
Tel. (302) 777-6500
Fax (302) 421-8390

- and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: _____
Fred S. Hodara (admitted pro hac vice)
Robert A. Johnson (admitted pro hac vice)
One Bryant Park
New York, NY 10036
Tel. (212) 872-1000
Fax (212) 872-1002

Attorneys for the Official Committee of Unsecured Creditors of Washington Mutual, Inc., *et al.*