UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                                :
*In re*                                                         :    Chapter 11
                                                                :
WASHINGTON MUTUAL, INC., et al.,[1]                             :    Case No. 08-12229 (MFW)
                                                                :
  Debtors.                                                      :    (Jointly Administered)
                                                                :
                                                                :    Hearing Date: June 3, 2010 at 10:30 a.m. (EDT)
---------------------------------------------------------------x    Obj. Deadline: May 27, 2010 at 4:00 p.m. (EDT)

## MOTION OF DEBTORS PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(a) FOR APPROVAL OF SETTLEMENT WITH LUMBERMENS MUTUAL CASUALTY COMPANY, AMERICAN MOTORISTS INSURANCE COMPANY, AMERICAN MANUFACTURING MUTUAL INSURANCE COMPANY, AMERICAN PROTECTION INSURANCE COMPANY AND JPMORGAN CHASE BANK, N.A.

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment"), as debtors and debtors in possession (collectively, the "Debtors"), hereby file this motion (the "Motion") for approval of a settlement among the Debtors, Lumbermens Mutual Casualty Company, American Motorists Insurance Company, American Manufacturing Mutual Insurance Company and American Protection Insurance Company (collectively, "Lumbermens") and JPMorgan Chase Bank, N.A. ("JPMC") pursuant to which, among other things, JPMC shall assume all liabilities and obligations of the Debtors and their non-debtor affiliates to Lumbermens under the Insurance Agreements (defined below), as set forth in that certain Settlement Agreement, dated April 20, 2010, a copy of which is annexed hereto as Exhibit "A" (the "Settlement Agreement"), and respectfully represent:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). As of the date hereof, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 3, 2008, this Court entered an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the joint administration of the Debtors' chapter 11 cases.

## The Settlement Agreement

4. Lumbermens provided workers' compensation and employers' liability, commercial general liability and business automobile liability insurance to WMI and its affiliates, including WMB, through various policies of insurance for the period between May 12, 1986 and June 10, 2003 (collectively, the "Policies"). Lumbermens issued these policies pursuant to various annual program agreements (the "Program Agreements" and, together with the Policies, the "Insurance Agreements").

5. The vast majority of the employees covered by the Insurance Agreements were employees of WMB and its subsidiaries, substantially all of whom transferred employment to JPMC on September 25, 2008. In view of this transition of employment, the Debtors, on

behalf of themselves and their affiliates, have entered into the Settlement Agreement, pursuant to which JPMC has agreed to assume all of the liabilities and obligations of WMI and its affiliates to Lumbermens under the Insurance Agreements, including those not directly related to WMB, in exchange for the Debtors' agreement to assign and transfer all of their rights, title and interest in any return premium or dividends now owing or which may become due to them with respect to the Policies to JPMC. As of the date hereof, no amounts are outstanding.

6. In addition, pursuant to the Settlement Agreement, the parties have agreed that—

- On the later to occur of (i) the date this Court has entered an order approving this Agreement (the "Effective Date") and (ii) JPMC's execution of the Policy Assumption Agreement[2] (the "Consummation Date"), WMI, on behalf of itself and its non-debtor direct and indirect subsidiaries (the "Non-Debtor Affiliates"), and WMI Investment shall be deemed to have assigned to JPMC all of their rights, title and interest in the Return Premium, the Escrow, the Subrogation Recoveries and the Policy Rights.

- JPMC shall (i) within five (5) days after the Effective Date, enter into a Policy Assumption Agreement with Lumbermens in the form attached to the Settlement Agreement; (ii) as of the Consummation Date, be deemed to have amended the Proof of Claim it filed in the Bankruptcy Case, Claim No. 2343, to withdraw, with prejudice, its claims related to the Insurance Agreements, the Escrow and the existing letter(s) of credit ("Existing Letters of Credit") issued on behalf of JPMC to Lumbermens in connection with the Insurance Agreements; and (iii) as of the Consummation Date, be deemed to have released and forever discharged the Debtors, the Debtors' Estates and the Non-Debtor Affiliates and all of their affiliates, subsidiaries, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns, and other representatives from any liability for any and all claims, controversies, actions, causes of action, demands, debts,

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past, present or future, in contract, in tort or otherwise that they have, whether or not now or heretofore known, suspected, or claimed against them relating to the Insurance Agreements, the Existing Letters of Credit, the Return Premium, the Escrow, the Subrogation Recoveries or the Policy Rights. Except for the claims released and discharged in Section 4(c) of the Settlement Agreement, notwithstanding anything contained in Section 4(c) of the Settlement Agreement or elsewhere in the Settlement Agreement to the contrary, nothing in the Settlement Agreement shall release or discharge, or have the effect of releasing or discharging, any of the claims and causes of action asserted in <u>JPMorgan Chase Bank, N.A. v. Washington Mutual, Inc., et al.</u>, Adv. Proc. No. 09-50551 (MFW) (Bankr. D. Del.); <u>Washington Mutual, Inc., et al. v. JPMorgan Chase Bank, N.A., et al.</u>, Adv. Proc. No. 09-50934 (MFW) (Bankr. D. Del.); or <u>Washington Mutual, Inc., et al. v. Federal Deposit Insurance Corporation, et al.</u>, Case No. 09-cv-00533 (RMC) (D.D.C.).

- As of the Consummation Date, the Debtors, the Debtors' Estates and the Non-Debtor Affiliates shall be deemed to have released and forever discharged JPMC and all of their affiliates, subsidiaries, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns, and other representatives from any liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past, present or future, in contract, in tort or otherwise that they have, whether or not now or heretofore known, suspected, or claimed against them relating to the Insurance Agreements, the Existing Letters of Credit, the Return Premium, the Escrow, the Subrogation Recoveries or the Policy Rights. Except for the claims released and discharged in Section 5 of the Settlement Agreement, notwithstanding anything contained in Section 5 of the Settlement Agreement or elsewhere in the Settlement Agreement to the contrary, nothing in the Settlement Agreement shall release or discharge, or have the effect of releasing or discharging, any of the claims and causes of action asserted in <u>JPMorgan Chase Bank, N.A. v. Washington Mutual, Inc., et al.</u>, Adv. Proc. No. 09-50551 (MFW) (Bankr. D. Del.); <u>Washington Mutual, Inc., et al. v. JPMorgan Chase</u>

Bank, N.A., et al., Adv. Proc. No. 09-50934 (MFW) (Bankr. D. Del.); or Washington Mutual, Inc., et al. v. Federal Deposit Insurance Corporation, et al., Case No. 09-cv-00533 (RMC) (D.D.C.).

- Except as provided for in the Settlement Agreement, as of the Consummation Date, the Debtors and the Non-Debtor Affiliates shall be deemed to have released and forever discharged Lumbermens and all its affiliates, subsidiaries, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns, and other representatives from any liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past, present or future, in contract, in tort or otherwise that they have, whether or not now or heretofore known, suspected, or claimed against them relating to the Insurance Agreements, the Existing Letters of Credit, the Return Premium, the Escrow, the Subrogation Recoveries or the Policy Rights; provided, however, Lumbermens will continue to defend and pay all claims insured under the Policies in accordance with the terms of the Policies and the applicable law.

- Except as provided for in the Settlement Agreement, as of the Consummation Date, Lumbermens shall be deemed to have released and forever discharged the Debtors, the Debtors' estates and each of the Non-Debtor Affiliates and each of their officers, directors, employees, agents, attorneys, successors, assigns, and other representatives from liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past, present or future, whether or not now or heretofore known, suspected, or claimed against them relating to the Insurance Agreements, the Existing Letters of Credit, the Return Premium, the Escrow, the Subrogation Recoveries or the Policy Rights.

- To the extent required under the Insurance Agreements, JPMC, the Debtors and the Non-Debtor Affiliates will continue to cooperate with Lumbermens and provide Lumbermens with the necessary information required under the Insurance Agreements, including, but not limited to, providing claims information and documentation. JPMC, the Debtors and the Non-Debtor Affiliates will promptly upon written request from

Lumbermens provide Lumbermens with the information it
needs to conduct premium audits for the Policies.

**Relief Requested**

7. By this Motion, the Debtors seek entry of an order, substantially in the form annexed hereto as Exhibit "B" (the "Proposed Order"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), approving the Settlement Agreement.

**Approval of the Settlement Agreement is Appropriate and Warranted
Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019**

8. The Debtors submit that the Court should approve the Settlement Agreement pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a). Bankruptcy Code section 105(a) provides that, "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) governs the approval of compromises and settlements, and provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019(a). A starting point in analyzing any proposed settlement agreement is the general policy of encouraging settlements and favoring compromises. See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996). The standard by which courts evaluate a proposed compromise and settlement is well established. The United States District Court for the District of Delaware "has described the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'" In re Marvel Entm't Group, Inc., 222 B.R. 243, 249 (D. Del. 1998) (quoting In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997)).

9.  The decision to approve a particular settlement lies within the sound discretion of the bankruptcy court. In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006). In determining whether to approve a proposed settlement, a bankruptcy court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)); see also World Health Alternatives, 344 B.R. at 296; In re Key3Media Group, Inc., 336 B.R. 87, 92-93 (Bankr. D. Del. 2005).

10.  When considering whether a proposed settlement is fair, reasonable, and in the best interests of a debtor's estate and within the "range of reasonableness," a court should consider four principal factors: (1) the probability of success in litigation, (2) the likely difficulties in collection, (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it, and (4) the paramount interest of the creditors. Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); In re RFE Industries, Inc., 283 F.3d 159, 165 (3d Cir. 2002); Martin, 91 F.3d at 393; World Health Alternatives, 344 B.R. at 296. These factors continue to be applied by courts in this Circuit. See, e.g., Will v. Northwestern Univ. (In re Nutraquest, Inc.), 434 F.3d 639, 644 (3d Cir. 2006); In re RNI Wind Down Corp., No. 06-10110, 2007 WL 949647 at *4 (Bankr. D. Del. March 29, 2007). These factors seek to balance the probable benefit and potential cost of pursuing a claim or defense against the costs of the proposed settlement.

11.  The Debtors submit that, in light of the above-referenced factors, the Settlement Agreement is fair, reasonable, and in the best interests of the Debtors' estates and

creditors. Approval of the Settlement Agreement will extinguish the obligations and liabilities of the Debtors and their non-debtor affiliates to Lumbermens. Without approval of the Settlement Agreement, the Debtors will remain jointly and severally liable for all amounts due pursuant to the Insurance Agreements, including losses, premiums and indemnification expenses. Absent the Settlement Agreement, the Debtors and their non-debtor affiliates could continue to be liable for these amounts, even though WMB historically paid all premiums due under the Insurance Agreements and the vast majority of the employees covered by the Policies have transferred their employment to JPMC.

12. Accordingly, the Settlement Agreement will reduce the Debtors' outstanding obligations and liabilities and protect the estates' assets. In addition, JPMC has agreed to amend, with prejudice, the proof of claim it filed against the Debtors in these chapter 11 cases to withdraw its claims relating to the Insurance Agreements, the Escrow and the Existing Letters of Credit, as well as waive and release the Debtors from all liability or claims relating to the Insurance Agreements. The withdrawal of these claims and the waivers and releases inure to the benefit of the Debtors' estates and creditors. For all of these reasons, the Debtors submit that entry into the Settlement Agreement is in the best interests of the Debtors' estates and creditors.

## Notice

13. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion and the Motion have been provided to: (i) the U.S. Trustee; (ii) counsel to the Statutory Committee of Unsecured Creditors appointed in these chapter 11 cases; (iii) counsel to the Statutory Committee of Equity Security Holders appointed in these chapter 11 cases; (iv) counsel to Lumbermens; (v) counsel to JPMC; and (vi) parties entitled to receive

notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

### No Previous Request

14. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 7, 2010
Wilmington, Delaware

/s/ Mark D. Collins
_____
Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Julie A. Finocchiaro (No. 5303)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
Michael F. Walsh, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for the Debtors and Debtors in Possession*