UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x

In re                                                     Chapter 11

WASHINGTON MUTUAL, INC., *et al.*,[1]                     Case No. 08-12229 (MFW)

                Debtors.                  Jointly Administered

                                            Hearing Date: May 19, 2010 at 11:30 am
                                            Objection Deadline: May 13, 2010 at 4:00 pm
                                            Re: Docket No. 3568

------------------------------------------------------------x

**STATEMENT AND RESERVATION OF RIGHTS OF
WILMINGTON TRUST COMPANY, SOLELY IN ITS CAPACITY
AS GUARANTEE TRUSTEE, TO MOTION OF DEBTORS FOR AN ORDER,
PURSUANT TO SECTIONS 105, 502, 1125, 1126 AND 1128 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 2002, 3003, 3017, 3018 AND 3020, (I) APPROVING
THE PROPOSED DISCLOSURE STATEMENT AND THE FORM AND MANNER OF
THE NOTICE OF THE DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING
SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING A
CONFIRMATION HEARING, AND (IV) ESTABLISHING NOTICE AND OBJECTION
PROCEDURES FOR CONFIRMATION OF THE DEBTORS' JOINT PLAN**

      Wilmington Trust Company ("Wilmington Trust"), in its capacity as Guarantee Trustee, by and through its undersigned counsel, Arent Fox LLP and Polsinelli Shughart PC, hereby files this Statement and Reservation of Rights with respect to the approval of (a) Motion of Debtors for an Order, Pursuant to Sections 105, 502, 1125, 1126 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020, (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Plan [Docket No. 3568] (the "Disclosure Statement Approval Motion") and (b) the Disclosure

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

NYC/481743.4
1854875.1

Statement for the Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 2623] (the "Disclosure Statement").[2]  In support of this Statement and Reservation of Rights, Wilmington Trust states as follows:

**PRELIMINARY STATEMENT**

1.      Wilmington Trust has several issues, concerns and objections with respect to the Disclosure Statement and certain provisions and terms contained in the Plan.  Indeed, Wilmington Trust has requested further discussions, amplifications and clarifications with respect to the Disclosure Statement.  As of the date hereof, a number of significant comments made by Wilmington Trust have not been incorporated into the Disclosure Statement.  Wilmington Trust has also provided certain requested changes to enable confirmation by removing and modifying infirmities contained in the Plan.  Wilmington Trust is currently seeking to work with the Debtors and their professionals in an effort to reach a consensual resolution with respect to these issues and concerns.  In the event that parties are unable to reach an agreement, Wilmington Trust files this Statement and Reservation of Rights in order to preserve its rights pending the conclusion of these proceedings and reserves its right to address such issues and concerns at the hearing to approve the Disclosure Statement or at any other hearing with respect thereto or the Plan.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement.

# BACKGROUND[3]

## I.  The WMB/CCB Subordinated Notes and the WMI Guarantees

### A.  The WMB/CCB Subordinated Notes

2.  Washington Mutual Bank ("WMB"), in connection with its acquisition of Commerce Capital Bancorp in 2006 and Hawthorne Financial Corporation, became the successor issuer of seven series of junior subordinated debt securities (the "WMB/CCB Subordinated Notes") in the aggregate original principal amount of $68,580,000.  Each series of WMB/CCB Subordinated Notes was issued pursuant to a separate indenture (each, a "WMB/CCB Indenture").  The issues of WMB/CCB Subordinated Notes are as follows:

(i) Floating Rate Junior Subordinated Debt Securities due 2033 issued pursuant to the Indenture dated as of September 25, 2003, in the original principal amount of $7,732,000 (the "CCB IV Notes");

(ii) Floating Rate Junior Subordinated Notes due 2034 issued pursuant to the Indenture dated as of December 9, 2003, in the original principal amount of $10,310,000 (the "CCB V Notes");

(iii) Floating Rate Junior Subordinated Notes due 2034 issued pursuant to the Indenture dated as of March 31, 2004, in the original principal amount of $10,310,000 (the "CCB VI Notes");

(iv) Floating Rate Junior Subordinated Debt Securities due 2034 issued pursuant to the Indenture dated as of May 27, 2004, in the original principal amount of $7,732,000 (the "CCB VII Notes");

(v) Floating Rate Junior Subordinated Debt Securities due 2034 issued pursuant to the Indenture dated as of June 22, 2004 in the original principal amount of $7,732,000 (the "CCB VIII Notes");

(vi)  Junior Subordinated Notes due 2035 issued pursuant to the Indenture dated as of February 2, 2005, in the original principal amount of $15,464,000 (the "CCB IX Notes"); and

---

[3] Due to the complexities of the Debtors' capital structure and in the interest of brevity, Wilmington Trust does not set forth the complete background of such structure in this Statement and Reservation of Rights.  Rather, Wilmington Trust briefly sets forth only that portion of the Debtors' capital structure that relates to its issues and concerns with respect to the Plan and Disclosure Statement.

(vii) 10.18% Junior Subordinated Deferrable Interest Debentures due June 8, 2034 issued pursuant to the Indenture dated as of March 28, 2001, in the original principal amount of $9,300,000 (the "HFC Notes").

3. Wilmington Trust is the successor Indenture Trustee under the WMB/CCB Indenture for the following five series of WMB/CCB Subordinated Notes: the CCB IV Notes; CCB V Notes; CCB VII Notes; CCB VIII Notes and HFC Notes.

B. The Capital Trusts

4. Each series of the WMB/CCB Subordinated Notes was sold to a separate special purpose Delaware statutory trust. Specifically, (i) the CCB IV Notes were sold to the CCB Capital Trust IV, (ii) the CCB V Notes were sold to the CCB Capital Trust V, (iii) the CCB VI Notes were sold to the CCB Capital Trust VI, (iv) the CCB VII Notes were sold to the CCB Capital Trust VII, (v) the CCB VIII Notes were sold to the CCB Capital Trust VIII, (vi) the CCB IX Notes were sold to the Capital Trust IX, and (vii) the HFC Notes were sold to the HFC Capital Trust I.[4]

5. Each Capital Trust was organized and issued capital securities to investors (the "Capital Securities") and common securities ("Common Securities") to WMB pursuant to separate declarations of trust (the "Trust Declarations"). The Capital Securities and the Common Securities (collectively, the "Trust Securities") evidence beneficial ownership interests in the assets of the related Capital Trust, and are entitled to received distributions ("Distributions") as a result of payments on the WMB/CCB Subordinated Notes.

6. Wilmington Trust serves as successor (a) Delaware Trustee, Institutional Trustee, Paying Agent, Registrar and Transfer Agent under the Trust Declaration for the following four series of WMB/CCB Subordinated Notes: the CCB IV Notes, CCB V Notes, CCB VII Notes and

---

[4] The CCB IV Capital Trust, CCB V Capital Trust, CCB VI Capital Trust, CCB VII Capital Trust, CCB VIII Capital Trust, CCB IX Capital Trust and HFC Capital Trust I shall collectively be referred to herein as the "Capital Trusts".

CCB VIII Notes, and (b) Property Trustee and Delaware Trustee under the Trust Declaration for the HFC Notes.

    C.    <u>The Guarantees</u>

    7.    In addition, pursuant to a Guarantee Agreement for each series of the WMB/CCB Subordinated Notes (the "WMB Guarantees"), WMB guaranteed the payment of (i) accumulated and unpaid Distributions when due, to the extent each Capital Trust has funds legally available therefor, (ii) the redemption price of the Capital Securities, to the extent each Capital Trust has funds legally available therefor, and (iii) upon dissolution, winding up or liquidation of a Capital Trust, the lesser of (a) the aggregate liquidation amount and all accumulated and unpaid distributions, to the extent the Capital Trust has funds legally available therefor and (b) the amount of assets of the Capital Trust remaining available for distribution to the holders after satisfaction of liabilities to creditors of the Capital Trust as required by applicable law.

    8.    Wilmington Trust serves as successor Guarantee Trustee under the WMB Guarantees for following series of WMB/CCB Subordinated Notes: the CCB IV Notes, CCB V Notes, CCB VII Notes, CCB VIII Notes and HFC Notes.

    9.    In connection with a merger and restructuring of Washington Mutual Inc's ("WMI") corporate structure, on November 1, 2007, WMI entered into separate guarantees (each a "CCB Guarantee")[5] relating to each of the Capital Trusts. Pursuant to the CCB Guarantees, WMI guaranteed, among other things, that the principal of and premium, if any, and interest on all of the related WMB/CCB Subordinated Notes will be paid in full when due and all other obligations of WMB to the holders and the Trustee under the WMB/CCB Indentures and the WMB/CCB Subordinated Notes will be promptly paid in full or performed in accordance with

---

[5] The Indenture, Trust Declarations, WMB Guarantees and CCB Guarantees (collectively, the "Trust Documents") are voluminous and, as a result, are not attached hereto. To the extent necessary, Wilmington Trust can provide copies of the Trust Documents to the Court and/or the Debtors upon request.

the applicable terms thereof. WMI further guaranteed the payment and performance of all obligations of WMB under the related WMB/CCB Indentures, the WMB Guarantees and the Trust Declarations.

10. Wilmington Trust serves as successor Guarantee Trustee under the CCB Guarantees for the following series of WMB/CCB Subordinated Notes: the CCB IV Notes, CCB V Notes, CCB VII Notes, CCB VIII Notes and HFC Notes.

## II. The Receivership, the Bankruptcy Filing Petition and Filing of the Plan and Disclosure Statement

11. On September 25, 2008, pursuant to order number 2008-36, the Director of the Office of Thrift Supervision appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for WMB and on the same date the FDIC sold substantially all of the assets of WMB to JPMorgan Chase Bank, National Association ("JPMC"), pursuant to a certain Purchase and Assumption Agreement dated as of September 25, 2008.

12. On September 26, 2008 (the "Petition Date"), WMI and WMI Investment Corp. (the "Debtors"), as debtor and debtor-in-possession, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"). The Debtors remain in possession of their assets as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

13. On October 15, 2008, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") pursuant to Section 1102 of the Bankruptcy Code. Wilmington Trust, in its capacity as Guarantee Trustee, is a member of the Committee.

14. On January 11, 2010, the U.S. Trustee appointed an official committee of WMI's equity security holders (the "Equity Committee").

15.     On March 26, 2009, Wilmington Trust, in its capacity as Guarantee Trustee, filed proofs of claim against WMI for WMI's obligations for both principal and interest as well as compensation and indemnity under the CCB Guarantees and related and ancillary documents and instruments (Proof of Claim Nos. 2113 – 2122) (collectively, the "WMI Proofs of Claim"). WMI and Wilmington Trust have agreed on the amount of principal and interest in the following amounts:[6]

| Trust | Principal | Interest | Total |
|---|---|---|---|
| CCB IV Capital Trust | $ 7,732,000.00 | $ 97,777.67 | $ 7,829,777.67 |
| CCB V Capital Trust | $ 10,310,000.00 | $ 103,244.98 | $ 10,413,244.98 |
| CCB VII Capital Trust | $ 7,732,000.00 | $ 73,982.29 | $ 7,805,982.29 |
| CCB VIII Capital Trust | $ 7,732,000.00 | $ 78,851.03 | $ 7,810,851.03 |
| HFC Capital Trust I | $ 9,300,000.00 | $ 284,022.00 | $ 9,584,022.00 |

16.     On March 26, 2010, the Debtors filed the Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 2622] (the "Plan") and the related Disclosure Statement. The Plan purports to implement a settlement between the Debtors, JPMC and the FDIC as well as provides for a distribution of the Debtors' assets according to the priority scheme set forth in the Bankruptcy Code and the various contractual obligations of the Debtors.

17.     In addition, on April 23, 2010, the Debtors filed the Disclosure Statement Approval Motion requesting Court approval of the Disclosure Statement and authorization to solicit acceptances or rejections of the Plan.

## STATEMENT

18.     Wilmington Trust, in its capacity as Guarantee Trustee, has reviewed the Plan and Disclosure Statement. As a result of such a review, Wilmington Trust believes that the

---

[6] WMI and Wilmington Trust are currently in the process of finalizing a proposed stipulation and agreement with respect to the agreed amount of principal and interest owed by WMI under the CCB Guarantees, which will be filed as soon as possible.

Disclosure Statement is deficient and should not be approved at this time. Specifically, the Disclosure Statement contains an inadequate discussion concerning (a) the distributions and related mechanics, (b) recoveries and (c) the Debtors' rationale, support and basis for, among other things, (i) the proposed disparate treatment of similarly situated unsecured creditors under the Plan, (ii) the competing subordination provisions, proposed treatment and the effect on distributions to be made to bondholders, (iii) plan distribution mechanics, including subrogation, and their consistencies with various indenture documents and Section 510(a) of the Bankruptcy Code, (iv) the releases and opt-out provision contained in the Plan and the effect on distributions under the Plan and (v) disparate treatment afforded to the professionals of the indenture trustees and ad hoc committees. Because of the lack of disclosure on these substantive issues, in its current form, the Disclosure Statement is misleading and confusing as it relates to the purported distributions on behalf of the Debtors' obligations under the CCB Guarantees. These lack of disclosures affect the ability of holders of the Capital Securities to make an informed decision on whether to vote to accept or reject the Plan. Accordingly, the Disclosure Statement should not be approved until the Debtors make the appropriate revisions thereto.

19. In addition to the lack of disclosure, Wilmington Trust believes that the underlying substance of the provisions discussed above may violate, *inter alia*, Sections 510 and 1129 of the Bankruptcy Code. Wilmington Trust has provided requested changes or modifications to enable confirmation of the proposed Plan by removing or modifying such infirmities in the Plan. Although not Disclosure Statement issues *per se*, Wilmington Trust is hopeful that these Plan-related issues will be resolved by the parties prior to the hearing on confirmation of the Plan (the "Confirmation Hearing"). In the event that these issues are not

satisfactorily resolved, Wilmington Trust reserves its rights to address these issues by further submission to the Court or at the Confirmation Hearing.

## **RESERVATION OF RIGHTS**

20. Wilmington Trust reserves its rights to further address the Disclosure Statement, the Plan, confirmation thereof and other ancillary issues and to respond to any reply of the Debtors, or any other party, either by further submission to this Court, at oral argument or testimony to be presented at any hearing. Wilmington Trust further reserves all rights to object to confirmation of the Plan on any grounds whatsoever regardless of whether such grounds are addressed herein.

## CONCLUSION

WHEREFORE, Wilmington Trust respectfully requests that the Court deny approval of the Disclosure Statement and Disclosure Statement Approval Motion on the limited basis set forth herein and respectfully request that the Court grant such other and further relief as this Court deems just and proper.

Dated: May 13, 2010

Respectfully submitted,

/s/ Christopher A. Ward
Christopher A. Ward (Del. Bar No. 3877)
Polsinelli Shughart PC
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Tel: 302-252-0922
Fax: 302-252-0921
cward@polsinelli.com

and

Andrew I. Silfen
Leah M. Eisenberg
Arent Fox LLP
1675 Broadway
New York, NY 10019
Tel: 212-484-3900
Fax: 212-484-3990
silfen.andrew@arentfox.com
eisenberg.leah@arentfox.com

**Counsel to Wilmington Trust Company, solely in its capacity as Guarantee Trustee**