IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| WASHINGTON MUTUAL, INC., et al.,[1] | : | Case No. 08-12229 (MFW) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

## OBJECTION OF THE FDIC-RECEIVER TO DEBTORS' PROPOSED DISCLOSURE STATEMENT FOR THE JOINT PLAN OF AFFILIATED DEBTORS

The Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this objection to the proposed Disclosure Statement [D.I. 2623] (the "Disclosure Statement") filed in these chapter 11 cases on March 26, 2010 by debtors and debtors in possession Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (together, the "Debtors") with respect to the proposed Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code [D.I. 2622] (the "Plan"), and to the Debtors' motion dated April 23, 2010 to approve the Disclosure Statement and for other related relief (the "Motion") [D.I. 3568].

## OBJECTION

1. The Disclosure Statement concerns a proposed plan of reorganization that is premised on a proposed "global settlement" of substantial litigation pending among the Debtors, JPMorgan Chase Bank, N.A. ("JPMC") and the FDIC-Receiver in this Court and in the United States District Court for the District of Columbia.[2] Indeed, the Debtors' proposed Plan

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

[2] In addition to the Debtors, JPMC and the FDIC-Receiver, the draft Global Settlement Agreement listed as parties the FDIC in its corporate capacity ("FDIC Corporate"), the Official

attached a draft of a Global Settlement Agreement that the Plan and the Disclosure Statement both acknowledged was only a draft that had not been agreed to by all of the parties.

2.  As the Debtors' own filings concede, confirmation of their proposed Plan requires a definitive Global Settlement Agreement and the satisfaction of the conditions thereunder. With no such definitive agreement, and without the other conditions to any settlement being satisfied, the Plan cannot be confirmed. "[W]here a plan is on its face nonconfirmable, as a matter of law, it is appropriate for the court to deny approval of the disclosure statement describing the nonconfirmable plan." In re Silberkraus, 253 B.R. 890, 899 (Bankr. C.D. Cal. 2000); see also In re Filex, Inc., 116 B.R. 37, 41 (Bankr. S.D.N.Y. 1990) (denying approval of a disclosure statement for a nonconfirmable plan).

3.  These are the circumstances presented by the Disclosure Statement and Motion filed by the Debtors here. There is currently no definitive Global Settlement Agreement and the conditions to any such definitive Global Settlement Agreement have not been satisfied. As a result, the Disclosure Statement should not be approved by the Court, and the Debtors' Motion should be denied.

4.  As the Court is aware, at a hearing on March 12, 2010, the Debtors' counsel, Brian Rosen of Weil Gotshal & Manges LLP, announced that the Debtors and certain other parties had reached an understanding that could lead to a definitive settlement of the various pending litigation among the Debtors, JPMC and the FDIC-Receiver. In his remarks, however, Mr. Rosen acknowledged that any such proposed settlement would be subject to the negotiation and execution of definitive documentation. There were other conditions that Mr. Rosen also expressly mentioned, including the disallowance in their entirety of claims that had been asserted against the Debtors by certain holders of public debt that was issued by

---

Committee of Unsecured Creditors (the "Creditors Committee") and certain holders of WMI securities (the "WMI Subordinated Debt Holders").

Washington Mutual Bank (the "Bank Bondholders") and approval of a definitive settlement agreement by the boards of directors of WMI, JPMC and the FDIC.[3]

5. Although Mr. Rosen did not mention it at the March 12th hearing, the parties understood at the time that there were other material terms that had not been agreed upon, including, among others, the comparative treatment of claims made against certain insurance policies by the FDIC-Receiver, the Debtors and other parties. It was understood that unresolved issues would need to be addressed if a definitive settlement agreement were to be reached. During the course of subsequent negotiations, those issues have not been resolved and other differences have become apparent. Although it is not by any account the only material open issue, one of the many unresolved issues that causes the FDIC particular concern is the scope of the releases being sought, which as others have noted, purport to immunize insiders of, and pre-receivership professionals who provided services to, Washington Mutual Bank ("WMB") from enforcement and other actions brought by the FDIC-Receiver or FDIC-Corporate. Such broad releases obviously could impinge upon the FDIC's important responsibilities outside of this litigation, as a bank regulator and as a receiver for the largest failed bank in United States history. To date, however, efforts to limit the scope of these releases have not been successful, as have efforts to come to agreement on many other unresolved material terms.[4]

---

[3] There is a disagreement between the Debtors and the FDIC concerning the mechanics of the Bank Bondholder condition. In the Debtors' view, however, consummation of the proposed settlement required that the Bank Bondholders' claims be disallowed in their entirety, and that was reflected in the draft Proposed Global Settlement Agreement that was attached to the Plan.

[4] Other issues that have become apparent during the discussion of definitive settlement documents include the Debtors' demand that the FDIC-Receiver withdraw administrative Orders of Investigation that have been issued relating to WMB and its failure; the Debtors' demand that the FDIC-Receiver waive rights to receive restitution payments that may be ordered as a result of criminal misconduct by WMB insiders; and the Debtors' attempt to prevent the FDIC-Receiver from intervening in derivative actions that assert claims that the FDIC-Receiver concludes are owned by WMB. These issues are listed by way of illustration only, and this list is not intended to be comprehensive.

6.  In addition to the parties' inability, to date, to reach a meeting of the minds on all of the material terms of a settlement, at least two of the express conditions that were outlined by Mr. Rosen at the March 12th hearing have not been satisfied. First, at a hearing on April 6, 2010, the Court denied the Debtors' 20th Omnibus Objection to Claims, in which the Debtors sought to expunge and disallow the claims filed against them by the Bank Bondholders. *See* Order entered April 21, 2010 [D.I. 3549]. As a result, the Debtors' insistence that Bank Bondholder claims be disallowed in their entirety as a condition to any settlement has not been satisfied and is unlikely to be satisfied at least in the foreseeable future due to the need for discovery and litigation with respect to those issues. Second, at a meeting on May 11, 2010, the FDIC board of directors adopted a resolution disapproving of the proposed settlement in its current form and directing the FDIC's staff to continue negotiations in an effort to resolve material open issues and reach a definitive agreement that can be approved.

7.  Confirmation of the Debtors' Plan is conditioned upon approval of the proposed Global Settlement Agreement that was annexed to that Plan when it was filed. See Plan, § 2.1. It is a condition precedent to confirmation of the Plan that the Court enter an order "approving the Global Settlement Agreement in accordance with its terms . . ." Plan § 37.1(a)(5). In the Disclosure Statement, the Debtors themselves acknowledge that the Plan is not feasible if there is not a definitive Global Settlement Agreement. Because there is no such definitive agreement at present, and other conditions to the settlement have not been satisfied, the Disclosure Statement should not be approved.

8.  The FDIC-Receiver believes that prospects remain for a "global settlement" that would result in a resolution of the substantial pending litigation among the parties and a confirmable plan of reorganization. The FDIC-Receiver (along with FDIC-Corporate) continues to engage in discussions with the parties in the hope that open issues can be

resolved and such a resolution can be achieved. Under the circumstances as they currently exist, however, the Plan is not feasible and the Disclosure Statement should not be approved.[5]

9. The FDIC-Receiver reserves all of its rights to make any objection it deems necessary and appropriate at the hearing regarding the Disclosure Statement. If the Disclosure Statement is approved, the FDIC-Receiver reserves all rights to raise any objection to confirmation at the hearing on confirmation of the Plan.

Date: Wilmington, Delaware
May 13, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

M. Blake Cleary (No. 3614)
Jaime N. Luton (No. 4936)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mbcleary@ycst.com
jluton@ycst.com

- and -

Thomas R. Califano
John J. Clarke, Jr
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for the FDIC-Receiver

---

[5] Counsel for FDIC-Corporate has reviewed this objection to the Debtor's proposed Disclosure Statement and has authorized FDIC-Receiver to state that FDIC-Corporate concurs with the representations contained herein.