IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WASHINGTON MUTUAL, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br>Jointly Administered<br>Related to Docket Nos. 3568 and 2623<br>Hearing Date: May 19, 2010 at 11:30 a.m. (ET)<br>Response Deadline: May 13, 2010 at 4:00 p.m. (ET) |

## OBJECTION OF PAULSON & CO. INC. TO THE DEBTORS' MOTION TO APPROVE DISCLOSURE STATEMENT

Paulson & Co. Inc. ("Paulson"), a creditor and party in interest in these cases, files this objection to the Motion of Debtors for an Order Pursuant to Sections 105, 502, 1125, and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020, (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Plan (D.I. 3568, the "Disclosure Statement Motion"). Specifically, the Debtors' Proposed Disclosure Statement (D.I. 2623, the "Disclosure Statement") does not address the potential effects of the subordination provisions of junior notes of the Debtor WMI.[2]

### Background

The Debtor WMI has several tiers of unsecured notes. These include Senior Notes, Senior Subordinated Notes, and Junior Subordinated Notes. The Disclosure Statement briefly

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Washington Mutual, Inc. ("WMI") (3725) and WMI Investment Corp. ("WMI Investment," and together with WMI, the "Debtors") (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington.

[2] Capitalized terms defined in the Disclosure Statement and not otherwise defined herein are used herein with the meanings so defined.

outlines the subordination terms. It also notes that, under the Plan, there is a waterfall of recoveries to noteholders.

As this Court is aware, this is primarily a liquidating case in which cash recovered over time from various assets will be distributed to creditors. The Plan and Disclosure Statement contemplate that (i) there will be several distributions from and after the Effective Date of the Plan, (ii) that Senior Noteholders (such as Paulson) will be paid in full (including post-petition interest), (iii) the payments to Senior Noteholders may not all come at the time of the initial distribution and (iv) some payments will be made to subordinated holders *before* Senior Noteholders are paid in full. In other words, while Senior Noteholders should expect full recovery, that recovery may take some time and junior holders are entitled to receive some recoveries before the Senior Noteholders are paid in full.

The Plan does not provide for, and the Disclosure Statement does not disclose, that the Senior Noteholders are entitled to postpetition interest up to the date they are actually paid in full. Notably, while the Plan provides for (and the Disclosure Statement describes) payment to Senior Noteholders of "Postpetition Interest Claims," that term is defined to only include interest accruing up to the Effective Date of the Plan. *See* Plan § 1.135.

In addition, the Disclosure Statement does not discuss the fact that junior holders are not entitled to any recoveries unless and until the Senior Notes are paid in full with all accrued interest thru the date of final payment.

### Subordination

The Plan contains (and the Disclosure Statement describes) a "waterfall" of recoveries to unsecured noteholders. *See* Plan Exhibit H. This waterfall only provides that Senior Notes will recover in first priority up to the amount of their prepetition claim. Postpetition interest is to be

paid only on a *pro rata* basis with the principal and interest claims of the subordinated noteholders. The Disclosure Statement does not meet the requirements of adequate disclosure because it fails to disclose that these terms vary from the simple terms of the indentures, which require that Senior Notes be paid first until they are paid in full.

### Post-Effective Date Interest

Under the terms of the subordinated indentures, subordinated noteholders are required to turn over proceeds until the Senior Notes are paid in full in cash. The Plan provides that such full payment may not occur until some time after the Effective Date. Accordingly, any unpaid amounts on the Senior Notes (from and after each distribution that is made under the Plan) will still accrue interest, until aggregate distributions (plus turnover from subordinated holders) pay all accrued amounts due to Senior Noteholders in full.

The Disclosure Statement does not describe this potential additional recovery to the Senior Notes, and does not describe the risk of reduced recovery to the subordinated notes depending on how long distributions will take to actually occur.

### Joinder

In addition to the arguments set forth herein, Paulson joins in the arguments set forth by the Washington Mutual, Inc. Noteholders Group in opposition to the Disclosure Statement Motion as if set forth in full herein.

**WHEREFORE,** Paulson respectfully requests that the Court deny approval of the Disclosure Statement unless the Debtors' revise it to address the fact that senior WMI noteholders must be paid in full first all postpetition interest, before junior holders can receive any recovery, and that senior noteholders will be entitled to post-petition interest after the effective date of a plan, with respect to delayed distributions under the plan, and for such other relief as is just and proper under the circumstances.

SAUL EWING LLP

By: _____
Mark Minuti (No. 2659)
222 Delaware Avenue, Suite 1200
P. O. Box 1266
Wilmington, DE 19899
Tel: 302-421-6840
Fax: 302-421-5873

-and-

ROPES & GRAY LLP
D. Ross Martin
Andrew G. Devore
One International Place
Boston, MA 02110
Tel: (617) 951-7000
Fax: (617) 235-9715

*Counsel for Paulson & Co.*

Dated: May 13, 2010