UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

In re:

WASHINGTON MUTUAL, INC., *et al.*,[1]

Debtors.

---

Chapter 11

Case No. 08-12229 (MFW)

(Jointly Administered)

Re: Dkt. No. 3568

**RESERVATION OF RIGHTS IN CONNECTION WITH THE
DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTIONS
105, 502, 1125, 1126, AND 1128 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 2002, 3003, 3017, 3018 AND 3020,
(I) APPROVING THE PROPOSED DISCLOSURE STATEMENT
AND THE FORM AND MANNER OF THE NOTICE OF THE
DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING
SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING
A CONFIRMATION HEARING, AND (IV) ESTABLISHING
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION
OF THE DEBTORS' JOINT PLAN [RE: DKT. NO. 3568]**

Each of (i) Appaloosa Management, L.P. ("Appaloosa"), (ii) Aurelius Capital Management, LP, ("Aurelius"), (iii) Centerbridge Partners, L.P., ("Centerbridge"), and (iv) Owl Creek Asset Management, L.P., ("Owl Creek," and together with Appaloosa, Aurelius and Centerbridge, the "Creditors"), as creditors or whose managed fund entities are creditors of the above captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel hereby submit this reservation of rights (the "Reservation of Rights") in connection with the motion (the "Motion")[2] of the Debtors for an Order, pursuant to Section 105, 502, 1125, 1126, and 1128 under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of

---

[1] The Debtors are: (i) Washington Mutual, Inc.; and (ii) Washington Mutual Investment Corp.
[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Motion.

131127.01600/40188486v.1

Bankruptcy Procedure (the "Bankruptcy Rules"), (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Plan [Dkt. No. 3568]. In support of the Objection, the Creditors respectfully state as follows:

## STATEMENT OF FACTS

1. On September 26, 2008 (the "Petition Date"), each of the Debtors commenced with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") voluntary cases pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). As of the date hereof, the Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 15, 2008, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On January 11, 2010, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

3. On March 26, 2010, the Debtors filed a plan [Dkt. No. 2622] (the "Plan") and related disclosure statement [Dkt. No. 2623]("Disclosure Statement") with the Bankruptcy Court. The Plan incorporated an unexecuted global compromise and settlement (the "Settlement Agreement") of all claims and causes of action by and between the Debtors, the Federal Deposit Insurance Corporation ("FDIC") and JPMorgan Chase & Co. ("JPMC"). Although all parties, including the Creditors, have worked tirelessly to reach an accord concerning the open issues with respect to the Settlement Agreement, as of the date hereof, no agreement has been reached.

2

4.  In fact, it was not until two days prior to the objection deadline for the Motion that the Debtors circulated to its constituents revised drafts of the Plan and Settlement Agreement and not until only twenty hours prior to the objection deadline for the Motion that the Debtors circulated to its constituents a revised draft of the Disclosure Statement.

## **RESERVATION OF RIGHTS**

5.  As the Creditors were only provided revised drafts of the Plan, Disclosure Statement and Settlement Agreement within the last forty-eight hours, and these agreements are still not in final form, the Creditors are unable to determine whether the Disclosure Statement contains adequate information. Accordingly, the Creditors expressly reserve their right to respond to or object to the adequacy of the Disclosure Statement once a revised Disclosure Statement is filed with the Bankruptcy Court.

131127.01600/40188486v.1

Dated: Wilmington, Delaware  **BLANK ROME LLP**
May 13, 2010

*/s/ Victoria Guilfoyle*
Michael D. DeBaecke (DE No. 3186)
Victoria Guilfoyle (DE No. 5183)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile:  (302) 425-6464
E-mail: Debaecke@BlankRome.com
        Guilfoyle@BlankRome.com

-and-

Brad Eric Scheler, Esq.
Michael de Leeuw, Esq.
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, New York  10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000
E-mail: brad.eric.scheler@friedfrank.com
        michael.deleeuw@friedfrank.com

*Attorneys for the Creditors*