Mensah Residence
2 Stadelman Court
Kendall Park, NJ 08824

Email: ymensah1@gmail.com  Tel: 732 398 1751

May 12, 2010

Honorable Judge Mary Walrath
Bankruptcy Court
824 North Market Street, 5th Floor
Wilmington, DE 19801

Dear Honorable Judge Walrath,

    I hereby strongly object to the Joint Plan of Affiliated Debtors and the related proposed Disclosure Statement for the Joint Plan of Affiliated Debtors (the Disclosure Statement). I would also like to point out to the court that the notice to the shareholders was mailed so late that I received mine only yesterday when the deadline to respond is tomorrow (May 13th). Furthermore, I requested a hard copy of the disclosure statement, but have not received received it yet, so I have had to rely on the online version. I have concluded that these actions are purposeful delays designed to frustrate the ability of ordinary stakeholders like me (who are not attorneys) from exercising their legal right to express an opinion on the proposed Plan of Reorganization and the purported Disclosure Statement. For this reason, I hope that the court will consider this if all the objections that I suspect will be ultimately received by the court are not timely.

    I own (directly or as trustee for minors) Washington Mutual Stock in the following amounts:

WAMPQ (preferred): # of shares_____1,150_____

WAMKQ (preferred) # of shares_____0_____

WAMUQ (common) # of shares _____419,800_____

I object to the proposed POR and the purported Disclosure Statement on the following grounds:

1. The Debtors propose, in their proposed Global Settlement, to dispose of their remaining corporate assets with blatant disregard for their true values, including for example the VISA shares for virtually pennies on the dollar;
2. The proposed settlement disposes of valid claims against the FDIC and/or JPMorgan for what amounts to virtual giveaways, including in particular, the "fraudulent conveyances", the goodwill litigation proceeds from the Anchor Savings case, and the business tort claims asserted against JPMorgan Chase.
3. The debtors appear to be purposely giving away any remaining value of the company, current or future, simply in order to be done with this case quickly, with no regard as to the true value of its current assets or the future value of the lawsuits currently pending in Washington DC.
4. The purported Disclosure Statement does not list all the remaining assets of the Debtors and their current estimated value, nor does it indicate which assets were seized as part of WMB Bank by the FDIC and purportedly sold to JP Morgan Chase. Absent such a full disclosure, it is impossible for anyone to make an informed decision on whether the assets of the Debtors are being maximized under the proposed settlement.

What is especially troubling to laymen like me is that the Debtors do not appear to be upholding their fiduciary responsibility to maximize the value of the estate (Washington Mutual Inc.) for all stakeholders, including the equity holders. Indeed, it would appear from even a casual examination of the publicly-available information that the Debtors and their legal counsel are doing their best to minimize the potential value of the estate at this stage of the bankruptcy proceedings in order to transfer all residual value to the WMI bondholders. After emergence from bankruptcy (or as a result of an orderly liquidation) when the underlying value of the assets become apparent, the equity holders (particularly common equity) would have been wiped out, and the potentially enormous residual value would accrue principally to the WMI bondholders. This explanation would seem to account for why the WMI bonds are consistently trading above par value. On investor websites and internet bulletin boards, this use of the bankruptcy courts to transfer wealth from common equity holders to bondholders is being referred to as the *"K-Mart" model of reorganization* – a reference to the approach used by the old K-Mart bondholders to wipe out the existing common shareholders in order to gain enormous profits for themselves after the bankruptcy.

Such practices lead to a diminishment of respect for the law, since laymen such as myself don't see any reason why the bankruptcy courts

(which are supposed to be courts of equity) should be used to rob common equity holders of whatever residual equity value remains in bankrupt companies. I do not believe that this is in keeping with either the intent of the law or any reasonable standard of ethics. Furthermore, it has been widely noted that Weil, Gotshal and Manges (the Debtors' main legal counsel) have some conflict of interest in this case involving their continuing business relationships with JPMorgan Chase, a party with interests adverse to the Debtors.

Sincerely,

Yaw M. Mensah

I, <u>Yaw M. Mensah,</u> hereby certify that I caused, on <u>May 12, 2010</u>, one copy of the foregoing document to be served upon the parties of the attached list by First Class US Mail.

Signature _____ Date __5/12/10__

Printed or Typed Name   Yaw M. Mensah

(i) Washington Mutual Inc,
   (Attn: Charles E.Smith, Esq.),
   925 Fourth Avenue,
   Seattle, WA 98104

(ii) Weil, Gotshal & Manges LLP,
   (Attn: Brian S. Rosen, Esq.)
   767 Fifth Avenue,
   New York, NY 10153

(iii) Richards Layton & Finger P.A.,
   (Attn: Mark D. Collins, Esq.),
   One Rodney Square, 920 North King Street,
   Wilmington, DE 19899

(iv) Quinn Emanuel Urquhart & Sullivan, LLP,
   (Attn: Peter Calamari, Esq.),
   55 Madison Avenue, 22nd Floor,
   New York, NY 10010

(v) Office of the United States Trustee for the District of Delaware,
   (Attn: Joseph McMahon, Esq.)
   844 King Street, Suite 2207, Lockbox 35,
   Wilmington, DE 19899-0035,

(vi) Akin Gump Stauss Hauer & Feld LLP,
   (Attn: Fred S. Hodara, Esq.)
   One Bryant Park,
   New York, NY 10036

(vii) Pepper Hamilton LLP,
   (Attn: David B. Stratton, Esq)
   Hercules Plaza Ste 5100,
   1313 N. Market Street,
   Wilmington, DE 19801

(viii) Ashby & Geddes, P.A.,
   (Attn: William P. Bowden, Esq)
   500 Delaware Avenue, 8th Floor,
   P.O. Box 1150,
   Wilmington, DE 19899

(ix) Sullivan & Cromwell LLP,
   (Attn: Stacey R. Friedman, Esq.)
   125 Broad Street,
   New York, NY 10004

(x) Landis Rath & Cobb LLP,
   (Attn: Adam G. Landis, Esq)
   919 Market Street, Suite 1800,
   P.O. Box 2087,
   Wilmington, DE 19899