FILED

2010 MAY 13 PM 1:47

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Prashant Bhardwaj
3586 Martigues Ct.
San Jose, CA 95148.

Honorable Judge Mary Walrath
Bankruptcy Court
824 North Market Street
5th Floor
Wilmington, DE 19801

May 11, 2010.

Dear Judge Mary Walrath,

I hereby strongly object to the Joint Plan of Affiliated Debtors and the related proposed Disclosure Statement for the Joint Plan of Affiliated Debtors (the Disclosure Statement). Let me also point out to the court that the mailing of notice to the shareholders was so late in being sent, that many shareholders still have not received their copy of the letter instructing them of this requirement for objection as of May 11, 2010. One must wonder if this is a purposeful act in order to exclude any objection to the proposed Plan and Disclosure Statement. I do hope the court will consider this if any objections are not received timely.

I own Washington Mutual Stock in the following amounts:

WAMPQ (preferred): # of shares_____

WAMKQ (preferred) # of shares_____

WAMUQ (common) # of shares _____33500_____

I object on the basis that the Debtors have been selling WMI assets with blatant disregard for their true value, and that the proposed statement does not pursue the FDIC or JPMorgan for any of the damages that Washington Mutual is due. The debtors appear to be purposely giving away any remaining value of the company, current or future, simply in order to be done with this case quickly, with no regard as to the true value of its current assets or the future value of the lawsuits currently pending in Washington DC. The Debtors appear to be just giving everything to JPMorgan Chase, and receiving nothing in return. This begs the question "WHY?

The Debtors are not upholding their fiduciary responsibility to maximize the value of the estate (Washington Mutual Inc.) at the expense of the shareholders, the proper owners of

the company. In fact, the reverse is true. The Debtors appear to be motivated by something else as they are giving the entirety of assets, current and future, away for nothing in exchange.

This is not in keeping with the intent of the law, nor is it in keeping with any reasonable standard of ethics.
It has been widely noted that Weil, Gotshal and Manges do have some conflict of interest in this case, with regard to their other business relationships with JPMorgan Chase----so much so that the Board of Directors recently pointed that out in a filing that determined Quinn Emmanual would be handling more of the case in the future.

Neither Weil, Gotshal and Manges, or Quinn Emmanual are doing an efficient or proper job of maximizing the value of the estate, in fact they seem to be doing the reverse. They appear to be giving away any value that remains, for reasons unbeknownst to the owners of the company, the shareholders.

They have refused to provide information to the Equity Committee, as evidenced by a recent filing by Venable LLC (their filing for compensation). They are not cooperating with any requests for information that would allow shareholders to ascertain the true value of the company. This begs the question "WHY?"

The Board of Directors is obviously not working on our behalf, even though WE, the owners of the company pay their salary, and have for many years. The debtors attorneys are not doing their job either, they are not maximizing the value of the estate. One must question their motives.

I hope you see fit to stop this egregious miscarriage of justice. It has come to light in recent investigations that Washington Mutual Bank should not have been seized to begin with per John Reich, recent head of the OTS. Please do not let these people once again destroy what little the shareholders of this company have left. The shareholders of this company deserve to be treated fairly. Many of them have lost their retirements through this injustice. Please insure the Debtors be required to treat them fairly in the resolution of this Bankruptcy Case and Reorganization Plan.

Sincerely,

signature_____ date: May 11, 2010
Printed Name: Prashant Bhardwaj

I, **Prashant Bhardwaj**, hereby certify that I caused, on May 11, 2010, one copy of the foregoing document to be served upon the parties of the attached list by First Class US Mail.

Signature_____date: May 11, 2010

Printed: Prashant Bhardwaj

(i) Washington Mutual Inc, 925 Fourth Avenue, Seattle, Washington 98104 (Attn: Charles E.Smith, Esq.),

(ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Brian S. Rosen, Esq.),

(iii) Richards Layton & Finger P.A.,
One Rodney Square, 920 North King Street, Wilmington, Delaware 19899 (Attn: Mark D. Collins, Esq.),

(iv) Quinn Emanuel Urquhart & Sullivan, LLP, 55 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Peter Calamari, Esq.),

(v) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite
2207, Lockbox 35, Wilmington, Delaware 19899-0035 (Attn: Joseph McMahon, Esq.),

(vi) Akin Gump Stauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Fred S. Hodara, Esq.)

(vii) Pepper Hamilton LLP, Hercules Plaza Ste 5100, 1313 N.
Market Street, Wilmington, Delaware 19801 (Attn: David B. Stratton, Esq)

(viii) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, P.O. Box 1150, Wilmington, Delaware 19899 (Attn: William P. Bowden, Esq)

(ix) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York, 10004 (Attn: Stacey R.
Friedman, Esq.)

(x) Landis Rath & Cobb LLP, 919 Market Street,
Suite 1800, P.O. Box 2087, Wilmington, Delaware 19899 (Attn: Adam G. Landis, Esq