# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re                                   :  Chapter 11
                                        :
WASHINGTON MUTUAL, INC., et al.,[1]     :  Case Nos. 08-12229 (MFW)
                                        :
        Debtors.                        :  Jointly Administered
                                        :
                                        : :
------------------------------------------------------------x

## NOTICE OF DEPOSITION OF
## CORPORATE REPRESENTATIVES OF THE DEBTORS

**TO**:   Brian S. Rosen, Weil, Gotschall & Manges LLP, 767 Fifth Avenue, New York, NY, 10153, counsel of record for the Debtors.

**PLEASE TAKE NOTICE** that pursuant to pursuant to Fed. R. Civ. P. 30(b)(6), made applicable to the pending matter by Fed. R. Bankr. P. 9014, the Washington Mutual, Inc. Noteholders Group (the "WMI Noteholders") will take the deposition of the Designated Representatives of Washington Mutual, Inc. ("WMI") and WMI Investment Corp., (collectively with WMI, the "Debtors").

The deposition will be conducted before an officer designated or appointed under Rule 28 of the Federal Rules of Civil Procedure, and will be conducted on **May 28, 2010 at 9:30 a.m.** EST at the offices of White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036, or such other time and place as the parties shall agree. The deposition will take place before a court reporter and will be recorded by stenographic means. The deposition may also be videotaped. The deposition will continue from day to day until it has been completed.

---

[1] The Debtors in the above-captioned cases (the "Chapter 11 Cases") are: (i) Washington Mutual, Inc. and (ii) WMI Investment Corp.

Pursuant to Federal Rules of Civil Procedure 30(b)(6), the Debtors must designate one or more officers, directors, or managing agents, or other persons ("Designated Representatives") to testify on behalf of the Debtors with regard to all matters known or reasonable available to the Debtors on each of the following topics:

### Rule 30(b)(6) Topics

1. Any and all costs and/or administrative expenses incurred, or projected to be incurred, by the Debtors in these Chapter 11 Cases, including the fees and expenses incurred by (or projected to be incurred by) any professionals or advisors retained by the Debtors, the Official Committee of Unsecured Creditors and/or the Official Committee of Equity Security Holders.

2. The business and operations of the Debtors, including (i) the management of the Debtors operations, (ii) the operating expenses of the Debtors, and (iii) the assets of the Debtors, including tax attributes.

3. The proposed business and operation of the Reorganized Debtors,[2] including (i) the proposed management of the Reorganized Debtors, (ii) the projected assets of the Reorganized Debtors, including tax attributes, and (iii) the anticipated value of stock in the Reorganized Debtors and the projected returns on investment in the Reorganized Debtors.

4. The Plan and the negotiation thereof, including but not limited to the negotiation of the Global Settlement Agreement attached as Exhibit H to the Plan and any other attempt to compromise or settle any disputes between the Debtors, JPMC, the FDIC and/or the Bank Bondholders.

5. The Debtors' assessment, evaluation, consideration or analysis of any plan structures other than the structure contained in the Plan, including any plan of reorganization involving liquidation or not involving the Reorganized Debtors continuing as an operating business, and the Debtors' assessment of recoveries to creditors under any such plan.

6. The Debtors' Liquidation Analysis.

7. The termination of exclusivity under section 1121 of the Bankruptcy Code, including but not limited to any projected expenses or costs to the Debtors related to the solicitation of competing plans of reorganization filed by plan proponents other than the Debtors.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the WMI Noteholders' First Request for Production of Documents to the Debtors.

8. The Equity Committee's motion to compel a shareholders meeting, including any assessment, evaluation, consideration or analysis of the impact of such motion and the election of new directors.

Dated: May 18, 2010
Wilmington, Delaware

        FOX ROTHSCHILD LLP

By:   */s/ Eric M. Sutty*
    Jeffrey M. Schlerf, Esq. (No. 30 7)
    Eric M. Sutty, Esq. (No. 4007)
    John H. Strock (No. 4965)
    Citizens Bank Center
    919 North Market Street, Suite 1600
    Wilmington Delaware 19801
    Telephone: (302) 654-7444

    -and-

    WHITE & CASE LLP
    Thomas E Lauria
    Wachovia Financial Center
    200 South Biscayne Boulevard
    Suite 4900
    Miami, FL 33131
    Telephone: (305) 371-2700
    Facsimile: (305) 358-5744

    Gerard Uzzi
    Gregory M. Starner
    1155 Avenue of the Americas
    New York, New York 10036
    Telephone: (212) 819-8200
    Facsimile: (212) 354-8113

    Of Counsel:
    KASOWITZ BENSON TORRES & FRIEDMAN LLP
    David S. Rosner
    Paul M. O'Connor III
    Adam L. Shiff
    Seth A. Moskowitz
    1633 Broadway
    New York, New York 10019

Telephone: (212) 506-1700

Attorneys for the Washington Mutual, Inc. Noteholders Group