## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| *In re* | : | **Chapter 11** |
| **WASHINGTON MUTUAL, INC., et al.,**[1] | : | **Case No. 08-12229 (MFW)** |
| **Debtors.** | : | **(Jointly Administered)** |

**Proposed Hearing Date: 6/3/2010 at 10:30 p.m. (ET)**
**Proposed Obj. Deadline: 6/2/2010 at 12:00 p.m. (ET)**

-------------------------------------------------------------x

## MOTION OF DEBTORS
## FOR AN ORDER, PURSUANT TO SECTION 105(a) OF THE
## BANKRUPTCY CODE, ESTABLISHING, AMONG OTHER THINGS,
## PROCEDURES AND DEADLINES CONCERNING OBJECTIONS
## <u>TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH</u>

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI

Investment," and together with WMI, the "Debtors"), as debtors and debtors in possession,

hereby file this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States

Code (the "Bankruptcy Code") and Rules 7026, *et seq.*, of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), for the establishment of procedures and deadlines

concerning objections to plan confirmation and discovery in connection therewith, and

respectfully represent as follows:

### <u>Preliminary Statement</u>

1.      The Debtors' chapter 11 cases have been pending for approximately

twenty (20) months.  Now, with confirmation clearly in sight, various parties have served what

are largely overlapping discovery requests, both informal and formal, upon the Settling Parties,

---

[1]  The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395).  The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

as defined below, in connection with, among other matters, the Plan and the Agreement, each as defined below. These parties include, among others, the official committee of equity security holders (the "Equity Committee") appoint in these chapter 11 cases and a purported consortium of Trust Preferred security holders. The requests are extremely broad and, in certain instances, demand irrelevant information far beyond what is needed to evaluate the Plan and the Agreement. Responding on a piecemeal basis to these multiple, overlapping, and broad requests would result in substantial and unwarranted cost, burden, and delay

2.       Accordingly, the Debtors propose to implement a discovery mechanism, used by other courts, designed to promote disclosure, expedience, and access to the Court if necessary.

### Jurisdiction

3.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.       On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Court entered an order, pursuant to Bankruptcy Rule 1015(b), authorizing the joint administration of the Debtors' chapter 11 cases.

5.       On October 15, 2008, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the

"Creditors' Committee"). On January 11, 2010, the U.S. Trustee appointed the Equity Committee.

6.     On March 26, 2010, the Debtors filed their *Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* and a related disclosure statement. A hearing to consider the adequacy of the information contained in the disclosure statement was set for May 19, 2010, with objections to be filed before such date. In response to objections, and to address certain minor changes, on May 16, 2010, the Debtors filed their *First Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* and a related disclosure statement. On May 19, 2010, the Court held a status conference, scheduled a hearing for June 3, 2010 to consider approval of the Debtors' disclosure statement, and requested that the Debtors file a revised plan and disclosure statement by May 21, 2010. The Debtors filed their *Second Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* on May 21, 2010 (the "Plan"), and a related disclosure statement (the "Disclosure Statement").

### WMI's Business

7.     WMI, a holding company incorporated in the State of Washington, is the direct parent of WMI Investment, which served as an investment vehicle for WMI and holds a variety of securities. WMI Investment is incorporated in the State of Delaware.

8.     Prior to the Commencement Date, WMI operated as a savings and loan holding company that owned Washington Mutual Bank ("WMB") and, indirectly, such bank's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI still owns all of the outstanding stock of WMB, and WMI also has certain non-banking, non-debtor subsidiaries (the "Non-debtor Subsidiaries"). Like all savings and loan holding companies, WMI was subject to

regulation by the Office of Thrift Supervision (the "OTS"). WMB and WMBfsb, in turn, like all depository institutions with federal thrift charters, were subject to regulation and examination by the OTS. In addition, WMI's banking and nonbanking subsidiaries were overseen by various federal and state authorities, including the FDIC.

9.     On September 25, 2008, the Director of the OTS, by order number 2008-36, appointed the FDIC as receiver for WMB and advised that the receiver was immediately taking possession of WMB (the "Receivership"). Immediately after its appointment as receiver, the FDIC purportedly sold substantially all the assets of WMB, including WMB's oter banking subsidiaries (the "WMB Banking Subsidiaries"), to JPMorgan Chase pursuant to that certain *Purchase and Assumption Agreement, Whole Bank,* dated as of September 25, 2008 (the "Purchase Agreement").

10.     WMI's assets include its common stock interest in WMB, its interest in its non-banking subsidiaries, and more than $4 billion of cash that WMI and its non-banking subsidiaries (including WMI Investment) had on deposit at WMB and WMBfsb immediately prior to the time the FDIC was appointed as receiver.

**RELIEF REQUESTED**

11.     The Plan incorporates, among other items, a compromise and settlement set forth in that certain Settlement Agreement, dated May 21, 2010 (the "Agreement"), by and among the Debtors, the Creditors' Committee, JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), the Federal Deposit Insurance Corp., in both its corporate capacity and as receiver for WMB (the "FDIC"), and certain creditor groups (collectively, the "Settling Parties").

12.     Various parties have served what are largely overlapping discovery requests, both informal and formal, upon the Settling Parties in connection with the Plan and the

Agreement. These parties include, *inter alia*, the Equity Committee and a purported consortium of Trust Preferred security holders (the "Requesting Parties").[2] The Debtors and the other Settling Parties believe that many of the discovery requests go beyond what is necessary or appropriate to evaluate the adequacy of the Disclosure Statement, the reasonableness of the compromise and settlement set forth in the Agreement, or the merits of and the Court's ability to confirm the Plan. Moreover, certain of the requests, including those submitted by the Equity Committee, inappropriately seek privileged materials, including attorney-client communications and materials subject to attorney work-product protections. The Debtors also are also faced with several threats by certain of the Requesting Parties to file motions to compel with the Court absent immediate compliance with their discovery requests.

13. To facilitate an orderly and efficient discovery and confirmation process, by this Motion, the Debtors request entry of an order, in the form attached hereto as Exhibit "C" (the "Order"), authorizing the Debtors to establish and implement exclusive global discovery procedures, pursuant to sections 105(a) and Bankruptcy Rules 7026, *et seq.*, relating to the Agreement and the Plan. The proposed global procedures include provisions concerning: (i) access to pertinent materials relating to the Agreement itself, including non-privileged communications between the parties negotiating the settlement; (ii) access to non-privileged materials actually relied upon by Debtors and their counsel in connection with their analysis of claims and the settlement; (iii) depositions or interviews with individuals who engaged in negotiations regarding the Agreement concerning those negotiations, as is appropriate; (iv)

---

[2] See notices of service of requests for production of documents: (a) the WMI Noteholders Group's request to the Debtors [Docket No. 3809]; (b) the request of the Consortium of Trust Preferred Securities Holders to the Debtors [Docket No., 3696]; (c) the WMI Noteholders Group's request to the FDIC [Docket No. 3977]; (d) the Equity Committee's request to JPMorgan Chase [Docket No. 4301] (collectively, and together with all other formal or informal requests outstanding as of the date hereof, the "Pending Requests").

confidentiality protections and limitations on access to any of the foregoing materials, as is appropriate; and (v) protecting against the inadvertent waiver of privileges, attorney work-product, and other immunities from disclosure as is necessary to foster access to the pertinent materials without undue delay. The Pending Requests would be duplicative or otherwise denied on the basis that appropriate discovery will be provided in accordance with the global discovery procedures proposed herein. Similar procedures have been approved in other large, complex chapter 11 cases with many overlapping issues. See In re Enron Corp., et al., Ch. 11 Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004), *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Docket No. 16233], a copy of which is attached hereto as Exhibit "B".

14.     These uniform global procedures will provide needed clarity to the Debtors and the Requesting Parties, and allow the Requesting Parties to obtain the documents they seek in an orderly, expeditious, and efficient fashion, without wasteful discovery-based motion practice on an individual basis and other motions seeking expedited relief before this Court. The proposed global discovery procedures will ensure that document discovery is conducted without needless duplication and expense. Likewise, the global discovery procedures will ensure that there are not needless or duplicative depositions or undue burden of witnesses.

15.     In addition, if the Debtors are unable to establish and implement a uniform set of global discovery procedures, the Debtors will be faced with a logjam of discovery motion practice at a time when they need to focus on the most critical aspects of their chapter 11 process. Such a result could unnecessarily impede and delay the confirmation of the Plan, thereby multiplying costs and interest expense which are expected to be generated. The proposed procedures will streamline the discovery process and permit the Debtors to focus on

their business operations and restructuring efforts, while not prejudicing any Requesting Party's rights.

16.     As a backdrop, the Debtors propose scheduling the hearing to consider confirmation of the Plan for August 2-4, 2010, commencing at 9:30 a.m.  By extending the previously requested date, the Requesting Parties as well as any others which would qualify under the proposed procedures, would have more than sufficient time to address their discovery needs.

## THE GLOBAL DISCOVERY PROCEDURES

### Designation of the Debtors' Confirmation Hearing Witnesses

17.     On or before June 21, 2010, the Debtors shall publish a list (the "Debtors' Witness List") setting forth (a) the names of the witnesses that the Debtors anticipate presenting at the Confirmation Hearing, including, without limitation, any professionals retained in these chapter 11 cases, and (b) the general area for which the testimony of any such witness shall be offered; provided, however, that, in the event that the Debtors determine to supplement the Debtors' Witness List, for any reason, subsequent to July 19, 2010, the date the Court establishes as the deadline to object to confirmation of the Plan (the "Objection Deadline"), the Debtors shall publish a supplement to the Debtors' Witness List, setting forth such additional witness(es) and the general areas of testimony to be offered.  Notwithstanding the designation of a person on the Debtors' Witness List, as the same may be supplemented, the Debtors would not be (a) required to present any such person during the Confirmation Hearing or (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Debtors' Witness List for the limited purpose of responding to any objections to confirmation that may be interposed or in rebuttal to testimony offered or adduced at the Confirmation Hearing in opposition to confirmation of the Plan.

18.     For purposes of the hearing to consider confirmation of the Plan, proposed to commence on August 2, 2010 (the "Confirmation Hearing"), the Debtors may present the testimony of any designated person by direct examination, a proffer of such person's testimony, use of deposition testimony in accordance with Bankruptcy Rule 7032 or the submission of an affidavit of such person, subject to (a) the rights of any party that has filed an objection to confirmation of the Plan on or before the Objection Deadline to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law.  In the event that the Debtors intend to introduce such testimony by the submission of one or more affidavits, (i) such affidavits shall be filed with the Court and served in accordance with the provisions of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") no later than two (2) Business Days[3] prior to the commencement of the Confirmation Hearing and (ii) any such affiant shall be present at the Confirmation Hearing and be available for cross-examination.

**Discovery of the Debtors and other Settling Parties**

19.     Notwithstanding the Objection Deadline, any party or party in interest (an "Eligible Objectant") who files an objection to confirmation of the Plan on or prior to June 21, 2010 (an "Initial Objection"), setting forth the legal and factual basis in support thereof, and serves such objection in accordance with the order approving the Disclosure Statement (the "Disclosure Statement Order"), shall be entitled to seek appropriate discovery of the Settling Parties in connection with confirmation of the Plan and the Agreement underlying the Plan, solely to the extent of the issues set forth in such objection, in accordance with the procedures set forth herein; provided, however, that nothing shall preclude (i) an Eligible Objectant from, on or

---

[3] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Plan.

prior to the Objection Deadline, (a) filing a supplemental objection to confirmation to raise additional objections and provide legal and factual support therefor; provided, however, that, notwithstanding the filing of such supplemental objection, the discovery to be conducted by any such Eligible Objectant shall be limited to the issues set forth in the Initial Objection; (b) supplementing an Initial Objection by providing additional legal authorities and argument in support of the Initial Objection; and (c) supplementing an Initial Objection to include factual bases developed through the course of discovery provided herein or (ii) any party in interest from seeking discovery of any party, other than the Settling Parties, in connection with a properly filed objection to confirmation of the Plan and such party objecting thereto.

20. The Debtors submit that any party or party in interest who does not file an Initial Objection should not be permitted to seek discovery of the Settling Parties by any method in connection with confirmation of the Plan and the global compromise and settlement underlying the Plan, notwithstanding the filing of any objection other than an Initial Objection; provided, however, that nothing should inhibit the rights of any party or party in interest to object to confirmation of the Plan during the period from June 21, 2010 up to and including the Objection Deadline and, if any such objection is interposed and served on or prior to the Objection Deadline, to attend, but not participate in, depositions taken pursuant to Deposition Notices, as defined below, and prosecute such objection during the Confirmation Hearing.

**Establishment of Debtors' Document Depository**

21. On or before June 23, 2010, the Debtors shall establish and staff an electronic document depository (the "Depository") which shall include the following documents (collectively, the "Depository Documents"):

 a. Settling Parties' relevant non-privileged documents concerning resolution of disputes with the Debtors, including documents concerning issues associated with the Agreement;

  b.  Debtors' relevant non-privileged documents actually relied upon by Debtors and their counsel in analyzing the various claims and causes of action being compromised and settled and/or assets referenced in Section 2 of the Plan, including WMB documents available to the Debtors pursuant to Section 2.20 of the Agreement;

  c.  Debtors' relevant non-privileged documents concerning the Debtors' investigation of JPMorgan Chase pursuant to Bankruptcy Rule 2004, including documents produced to the Debtors by JPMorgan Chase; and

  d.  Debtors' relevant non-privileged documents supporting the analysis of The Blackstone Group set forth in the Disclosure Statement.

The Depository shall contain an electronic index of all documents in the Depository. The Debtors shall use their reasonable best efforts to place Depository Documents in the Depository in accordance with the categories set forth in subsections (a) through (d) of this paragraph 21; provided, however, that the Depository shall contain a disclaimer expressly stating, among other things, that (i) the Debtors shall not be responsible for the mis-categorization of any particular Depository Document and (ii) each Eligible Objectant should not rely upon the categorization of the Depository Documents and should review all categories of Depository Documents in their entirety. Any Eligible Objectant who executes an acknowledgement in the form annexed to the Order as Exhibit 2 (an "Acknowledgement Form") shall be provided access to the Depository within one (1) Business Day of execution and delivery thereof.

  22.  The Debtors and the other Settling Parties shall prepare a privilege log of all documents responsive to the categories set forth in paragraphs 21(a) through (d) hereof to which any of the Settling Parties asserts an available privilege (the "Privilege Log"), including a general description of any such document. The Privilege Log shall be posted in the Depository on or prior to June 23, 2010. In the event that an Eligible Objectant objects to the designation of a document as "privileged," such objection shall be resolved in accordance with the procedures

set forth in paragraph 32 hereof. For the avoidance of doubt, the Debtors shall not include in the Privilege Log or include in the Depository any attorney work-product.

23. Notwithstanding the placement of any document in the Depository and the review of any such document by an Eligible Objectant, the Debtors and the other Settling Parties shall maintain the right to object to the use or introduction of any document in the Depository in any matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to the extent that a document contained in the Depository has been created by the Debtors or the other Settling Parties, such party shall have waived the right to object to the use or introduction of such document on the basis of authenticity. Additionally, to the extent that the Debtors inadvertently include privileged materials in the Depository, it shall not be deemed to comprise any waiver of any applicable privilege. Such protective measures are necessary in order to provide the Requesting Parties access to relevant materials in a timely and efficient manner.

**Additional Discovery of the Debtors or the other Settling Parties**

24. In addition to being provided access to the Depository, on or before June 28, 2010, any of the Eligible Objectants may serve upon or notice the Debtors or the other Settling Parties only the following types of discovery requests in connection with the Confirmation Hearing and the global compromise and settlement underlying the Plan (collectively, the "Permitted Discovery"):

a. Requests for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7034 and 9014 (a "Production Request");

b. Notices for Depositions upon Oral Examination of the persons on the Debtors' Witness List pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014 (a "Deposition Notice"); and

c.   Requests for Admissions pursuant to Rule 36, as incorporated by Rules 7036 and 9014, solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing (an "Admission Request").

Notwithstanding the foregoing, in the event that an Eligible Objectant determines a need to depose someone other than a person listed on the Debtors' Witness List, (i) on or before June 28, 2010, such Eligible Objectant shall provide the Debtors and the other Settling Parties, with a copy to the Court, a list of such additional persons and stating the relationship of such additional person to the Initial Objection interposed by such Eligible Objectant and setting forth why the additional person's testimony is reasonably necessary, and not duplicative, given the availability of testimony from persons listed on the Debtors' Witness List and (ii) the Court shall conduct a status conference on July 8, 2010, at 10:00 a.m., or as soon thereafter as counsel may be heard, to determine whether such persons should be deposed and a Deposition Notice issued in connection therewith. Additionally, such Deposition Notice shall be limited to a Rule 30(b)(6) deposition of the other Settling Parties.

25.   In the event that a Production Request is timely and properly served, such Production Request must be accompanied by a certification, executed by counsel for the Eligible Objectant, stating the relationship of such Production Request to the Initial Objection interposed by such Eligible Objectant and setting forth why the additional Production Request is reasonably necessary given the availability of information in the Depository. Any Production Request must be served on or before June 28, 2010.

26.   The Debtors and other Settling Parties, as the case may be, shall respond to a Production Request on or before July 6, 2010 if served in accordance with the Local Rules and the Disclosure Statement Order, and actually received by counsel as follows:

Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: brian.rosen@weil.com

- and -

Fred Hodara, Esq.
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: fhodara@akingump.com

- and –

Hydee Feldstein, Esq.
Robert A. Sacks, Esq.
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800
Email: feldsteinh@sullcrom.com
Email: sacksr@sullcrom.com

- and -

Stacey Friedman, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: friedmans@sullcrom.com

- and -

Thomas R. Califano, Esq.
DLA PIPER LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: thomas.califano@dlapiper.com

Nothing contained herein shall inhibit the rights of a recipient of a Permitted Discovery request to object or respond to a Production Request, a Deposition Notice or an Admission Request as permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the Bankruptcy Rules. In the event that, subsequent to July 6, 2010, an Eligible Objectant receives documents in response to a Production Request and such documents provide factual support for the Initial Objection or any supplement thereto previously interposed by such Eligible Objectant, such Eligible Objectant may, on or prior to July 19, 2010, supplement such Initial Objection or any supplement thereto, as the case may be, to the extent of such additional factual information or legal issues arising therefrom.

27. In the event that a Deposition Notice is timely and properly served, on or prior to July 8, 2010, the Debtors shall publish a schedule in accordance with the Local Rules of the date, time and place at which depositions shall be held; provided, however, that, in the event that the Debtors supplement the Debtors' Witness List in accordance with the provisions of paragraph 17 hereof, each Eligible Objectant shall be entitled to serve a Deposition Notice with respect to any such supplemental witness up to the close of business on the third (3rd) Business Day following the publishing of such supplemental Debtors' Witness List and, within two (2) Business Days thereof, the Debtors shall inform such Eligible Objectant serving such supplemental Deposition Notice of the date, time and place at which such supplemental depositions shall be held; and, provided, further, that an Eligible Objectant may participate at any

such deposition telephonically or in-person. Any party in interest, other than an Eligible Objectant, that files an objection to confirmation of the Plan during the period from June 21, 2010 up to and including the Objection Deadline, shall be entitled to attend (telephonically or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice.

28. Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties. However, if additional time is needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, shall consider and grant additional time if appropriate. Additionally, to the extent that the Debtors or the other Settling Parties seek to examine the deponent, such examination shall not be included in the proscribed seven (7) hour limitation.

29. Pursuant to Rule 16(c)(6) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7016, no party in interest, Eligible Objectant or otherwise, shall serve any discovery request in connection with the Confirmation Hearing and the Agreement that is outside the scope of Permitted Discovery herein. In the event that the Debtors, an affiliate of the Debtors, or the other Settling Parties receive or have received a discovery request, including the Pending Requests, that is not designated as Permitted Discovery, the Debtors, such affiliate of the Debtors, and the other Settling Parties shall be relieved from responding to any such request pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7016 and 7026.

**Designation of Witnesses and Discovery of Eligible Objectants and Other Parties**

30. Nothing shall be construed to limit the rights of the Debtors, the Creditors' Committee, or any other party in interest from taking discovery of any Eligible Objectant or any other party which interposes an objection to confirmation of the Plan on or prior to the Objection Deadline (collectively, the "Objecting Parties") through the use of: (i) a Production Request; (2) a Deposition Notice with regard to a person set forth on the Objecting Parties' Witness List, as defined below; provided, however, that, in the event that the Debtors or the other Settling Parties determines a need to depose someone other than a person listed on the Objecting Parties' Witness List, the Debtors or the other Settling Parties, as the case may be, shall provide the appropriate Eligible Objectant, with a copy to the Court, a list of such additional persons and the Court shall conduct a status conference as soon as practicable to determine whether such persons should be deposed and a Deposition Notice issued in connection therewith; or (3) an Admission Request. Without limiting the foregoing, (a) on or before June 21, 2010, the Objecting Parties shall file in accordance with the Local Rules, a list of the witnesses such parties anticipate presenting at the Confirmation Hearing, including the date(s) during the period from June 28, 2010 up to and including July 16, 2010, time(s), and location(s) each such witness will be available for deposition by Debtors, the other Settling Parties, or any other party in interest (the "Objecting Parties' Witness List") and (b) in the event that a Production Request or an Admission Request is served upon an Objecting Party, such party shall respond to such Production Request or Admission Request, as the case may be, within five (5) days of service thereof.

31. Notwithstanding the designation of a person on the Objecting Parties' Witness List, the Objecting Parties shall not be required to present any such person during the Confirmation Hearing. For purposes of the Confirmation Hearing, the Objecting Parties may

present the testimony of any designated person through direct examination, a proffer of such person's testimony, use of deposition testimony or the submission of an affidavit of such person, subject to the rights of the Debtors or the other Settling Parties to object to the presentation thereof and such other rights afforded by the Federal Rules of Evidence and applicable law. In the event that the Objecting Parties intend to introduce such testimony through the submission of one or more affidavits, (a) such affidavits shall be filed with the Court and served in accordance with the provisions of the Case Management Order no later than two (2) Business Days prior to the commencement of the Confirmation Hearing and (b) any such affiant shall be present at the Confirmation Hearing and be available for cross-examination.

**Discovery Disputes**

32.     In the event that a dispute arises concerning any request for discovery in connection with confirmation of the Plan, propounded by any of the Debtors, the other Settling Parties, or an Eligible Objectant, the party alleging non-compliance with any such request shall inform the non-responsive party of such dispute, with a copy to the Debtors in accordance with the notice provision set forth in paragraph 27 hereof, and, within one (1) Business Day thereof, (a) the Debtors shall inform the Court of the existence of any such dispute via telephone and the Court shall schedule a chambers conference, telephonic or in-person, as soon as possible to resolve or rule upon any such issues involved in such dispute and (b) each of the parties to such dispute shall provide the Court with a letter describing the issues associated therewith and setting forth the legal support for the position taken by such party. Pending resolution of any such dispute, the parties to such dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

**Pre-Confirmation Hearing Conference**

33. The Debtors request that the Court conduct a pre-Confirmation Hearing conference on or about July 28, 2010, to discuss motions in limine, the presentation of testimony, in support and in opposition to confirmation of the Plan, the number of witnesses to be presented, including, without limitation, the persons on the Debtors' Witness List and the Objecting Parties' Witness List, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

**Confidentiality**

34. The Debtors request that the Court approve the provisions governing Confidential Information or Highly Confidential Information contained in Exhibit "A" to this Motion.

35. In addition, the Debtors request that, pursuant to Federal Rule of Evidence 502(d), any order by the Court approving the proposed global discovery procedures, and as included in the proposed order annexed hereto, shall also order that any inadvertent disclosure of Confidential Information or Highly Confidential Information by the Debtors or other Settling Parties in connection with these chapter 11 cases shall not be deemed to comprise any waiver of any applicable privilege, and that such order will be enforceable in any and all other federal and state court proceedings.

## BASIS FOR RELIEF

36. "Bankruptcy Courts are essentially courts of equity, governed by equitable principles." Official Committee of Asbestos Claimants of G-I Holdings, Inc., v. Building Materials Corp., (In re G-I Holdings, Inc.), 327 B.R. 730, 740 (Bankr. D. N.J. 2005) (citing cases). The extent of this equitable power is defined by section 105(a) of the Bankruptcy Code,

which provides that bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. The one major limitation on the exercise of such equitable power, is that they "must and can only be exercised within the confines of the Bankruptcy Code and cannot be used in a manner inconsistent with the commands of the Bankruptcy Code." Id., 327 B.R. at 740.

37. Bankruptcy Rules 7026, *et seq.*, as stated above, sets forth the requirements for the gathering of information in bankruptcy proceedings, with provisions governing, among other items, discovery, depositions, the production of documents, interrogatories, and admissions. Nothing in the proposed global discovery procedures is inconsistent with or alters the rights of parties under any of these statutory provisions. On the contrary, the proposed global discovery procedures are "necessary and appropriate to carry out the provisions" of Bankruptcy Rules 7026, *et seq.*, as they would allow the Requesting Parties to obtain the documents they seek in an orderly, expeditious, and efficient fashion, without prejudicing the rights of any Requesting Party. 11 U.S.C. § 105(a).

38. Relief similar to that requested in this Motion has been granted in other large complex chapter 11 bankruptcy cases. See, e.g., In re Enron Corp., et al., Ch. 11 Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004), *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Docket No. 16233]. In fact, the proposed global discovery procedures are in large part similar to the procedures approved by the bankruptcy court in *Enron*, a case in which, similar to these cases, the chapter 11 plan at issue incorporated a significant, global settlement and compromise.

39.     The Debtors believe their ability to respond to discovery requests pursuant to uniform global discovery procedures will assist in the efficient administration of the Debtors' chapter 11 process without unnecessary litigation expense, and, ultimately, the maximization of value for the Debtors, their estates, and all parties in interest.  Therefore, the Debtors submit that the relief requested in this Motion is necessary and appropriate, is in the best interests of their estates and stakeholders, and should be granted in all respects.

### Notice

40.     No trustee or examiner has been appointed in these chapter 11 cases.  A motion (the "Motion to Shorten Notice") to shorten notice of, and schedule an emergency hearing on, this Motion has been filed as of the date hereof.  Notice of this Motion and the Motion to Shorten Notice has been provided to:  (i) the U.S. Trustee; (ii) counsel for the Creditors' Committee; (iii) counsel for the Equity Committee; and (iv) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

### No Previous Request

41.     No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE WMI respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as is just.

Dated: Wilmington, Delaware
     May 27, 2010

                                Mark D. Collins, Esq. (No. 2981)
                                Chun I. Jang, Esq. (No. 4790)
                                RICHARDS, LAYTON & FINGER, P.A.
                                One Rodney Square
                                920 North King Street
                                Wilmington, Delaware 19801
                                Telephone: (302) 651-7700
                                Facsimile:  (302) 651-7701

                                      – and –

                                Marcia L. Goldstein, Esq.
                                Brian S. Rosen, Esq.
                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsímile:  (212) 310-8007

                                ATTORNEYS TO THE DEBTORS
                                AND DEBTORS IN POSSESSION