**Exhibit C**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
          :

*In re*                          :     **Chapter 11**
          :

**WASHINGTON MUTUAL, INC., et al.,**[1]   :     **Case No. 08-12229 (MFW)**
          :

        **Debtors.**          :     **(Jointly Administered)**
          :

---------------------------------------------------------------x   Re: Docket No. ____

## ORDER ESTABLISHING, AMONG OTHER THINGS, PROCEDURES AND DEADLINES CONCERNING OBJECTIONS TO CONFIRMATION AND DISCOVERY IN CONNECTION THEREWITH

Upon the motion, dated May 27, 2010 (the "Motion"), of Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment," and together with WMI, the "Debtors"), as debtors and debtors in possession, for entry of an order (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7026, *et seq.*, of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the establishment of procedures and deadlines concerning objections to plan confirmation and discovery in connection therewith, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to those parties identified therein, and no other or further notice being required; and the Court being cognizant of (a) the complexity of the issues attendant to the global compromise and settlement

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

underlying the Plan and set forth in detail in the Disclosure Statement, (b) the need to establish additional procedures to facilitate the conduct of the Confirmation Hearing, and (c) the need to establish additional procedures to facilitate discovery requests that may be made in connection with such global compromise and settlement and other issues attendant to confirmation of the Plan;; and the Court having held a hearing on June 3, 2010, to consider the Proposed Order; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED AS FOLLOWS:

      1.    The Motion is GRANTED as set forth herein.

**Designation of the Debtors' Confirmation Hearing Witnesses**

      2.    On or before June 21, 2010, the Debtors shall publish a list (the "Debtors' Witness List") setting forth (a) the names of the witnesses that the Debtors anticipate presenting at the Confirmation Hearing, including, without limitation, any professionals retained in these chapter 11 cases, and (b) the general area for which the testimony of any such witness shall be offered; provided, however, that, in the event that the Debtors determine to supplement the Debtors' Witness List, for any reason, subsequent to July 19, 2010, the deadline to object to confirmation of the Plan (the "Objection Deadline"), the Debtors shall publish a supplement to the Debtors' Witness List, setting forth such additional witness(es) and the general areas of testimony to be offered.  Notwithstanding the designation of a person on the Debtors' Witness List, as the same may be supplemented, the Debtors shall not be (a) required to present any such person during the Confirmation Hearing or (b) precluded from offering witnesses at the Confirmation Hearing that do not appear on the Debtors' Witness List for the limited purpose of

responding to any objections to confirmation that may be interposed or in rebuttal to testimony offered or adduced at the Confirmation Hearing in opposition to confirmation of the Plan.

3. For purposes of the hearing to consider confirmation of the Plan, scheduled to commence on August 2, 2010 (the "Confirmation Hearing"), the Debtors may present the testimony of any designated person by direct examination, a proffer of such person's testimony, use of deposition testimony in accordance with Bankruptcy Rule 7032 or the submission of an affidavit of such person, subject to (a) the rights of any party that has filed an objection to confirmation of the Plan on or before the Objection Deadline to object to the presentation thereof and (b) such other rights afforded by the Federal Rules of Evidence and applicable law. In the event that the Debtors intend to introduce such testimony by the submission of one or more affidavits, (i) such affidavits shall be filed with the Court and served in accordance with the provisions of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") no later than two (2) Business Days[2] prior to the commencement of the Confirmation Hearing and (ii) any such affiant shall be present at the Confirmation Hearing and be available for cross-examination.

**Discovery of the Debtors and other Settling Parties**

4. Notwithstanding the Objection Deadline, any party or party in interest (an "Eligible Objectant") who files an objection to confirmation of the Plan on or prior to June 21, 2010 (an "Initial Objection"), setting forth the legal and factual basis in support thereof, and serves such objection in accordance with the order approving the Disclosure Statement (the "Disclosure Statement Order"), shall be entitled to seek appropriate discovery of the Settling Parties in connection with confirmation of the Plan and the Agreement underlying the Plan,

---

[2] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Plan.

solely to the extent of the issues set forth in such objection, in accordance with the procedures set forth herein; provided, however, that nothing contained herein shall preclude (i) an Eligible Objectant from, on or prior to the Objection Deadline, (a) filing a supplemental objection to confirmation to raise additional objections and provide legal and factual support therefor; provided, however, that, notwithstanding the filing of such supplemental objection, the discovery to be conducted by any such Eligible Objectant shall be limited to the issues set forth in the Initial Objection; (b) supplementing an Initial Objection by providing additional legal authorities and argument in support of the Initial Objection; and (c) supplementing an Initial Objection to include factual bases developed through the course of discovery provided herein or (ii) any party in interest from seeking discovery of any party, other than the Settling Parties, in connection with a properly filed objection to confirmation of the Plan and such party objecting thereto.

5.    Any party or party in interest who does not file an Initial Objection shall not be permitted to seek discovery of the Settling Parties by any method in connection with confirmation of the Plan and the global compromise and settlement underlying the Plan, notwithstanding the filing of any objection other than an Initial Objection; provided, however, that, notwithstanding the foregoing, nothing contained in this Order shall inhibit the rights of any party or party in interest to object to confirmation of the Plan during the period from June 21, 2010 up to and including the Objection Deadline and, if any such objection is interposed and served on or prior to the Objection Deadline, to attend, but not participate in, depositions taken pursuant to Deposition Notices, as defined below, and prosecute such objection during the Confirmation Hearing.

**Establishment of Debtors' Document Depository**

6.    On or before June 23, 2010, the Debtors shall establish and staff an electronic document depository (the "Depository") which shall include the following documents

(collectively, the "Depository Documents"):

<blockquote>

a.    Settling Parties' relevant non-privileged documents concerning resolution of disputes with the Debtors, including documents concerning issues associated with the Agreement;

b.    Debtors' relevant non-privileged documents actually relied upon by Debtors and their counsel in analyzing the various claims and causes of action being compromised and settled and/or assets referenced in Section 2 of the Plan, including WMB documents available to the Debtors pursuant to Section 2.20 of the Agreement;

c.    Debtors' relevant non-privileged documents concerning the Debtors' investigation of JPMorgan Chase pursuant to Bankruptcy Rule 2004, including documents produced to the Debtors by JPMorgan Chase; and

d.    Debtors' relevant non-privileged documents supporting the analysis of The Blackstone Group set forth in the Disclosure Statement.

</blockquote>

The Depository shall contain an electronic index of all documents in the Depository. The Debtors shall use their reasonable best efforts to place Depository Documents in the Depository in accordance with the categories set forth in subsections (a) through (d) of this decretal paragraph; provided, however, that the Depository shall contain a disclaimer expressly stating, among other things, that (i) the Debtors shall not be responsible for the mis-categorization of any particular Depository Document and (ii) each Eligible Objectant should not rely upon the categorization of the Depository Documents and should review all categories of Depository Documents in their entirety. Any Eligible Objectant who executes an acknowledgement in the form annexed to the Order as Exhibit 2 (an "Acknowledgement Form") shall be provided access to the Depository within one (1) Business Day of execution and delivery thereof.

    7.    The Debtors and the other Settling Parties shall prepare a privilege log of all documents responsive to the categories set forth in decretal paragraphs 7(a) through (d) hereof to which any of the Settling Parties asserts an available privilege (the "Privilege Log"), including a general description of any such document. The Privilege Log shall be posted in the Depository

on or prior to June 23, 2010. In the event that an Eligible Objectant objects to the designation of

a document as "privileged," such objection shall be resolved in accordance with the procedures

set forth in decretal paragraph 18 hereof. For the avoidance of doubt, the Debtors shall not

include in the Privilege Log or include in the Depository any attorney work-product.

8.     Notwithstanding the placement of any document in the Depository and the

review of any such document by an Eligible Objectant, the Debtors and the other Settling Parties

shall maintain the right to object to the use or introduction of any document in the Depository in

any matter or proceeding on relevance grounds, on privilege grounds, or as otherwise permitted

in accordance with the Federal Rules of Evidence and applicable law; provided, however, that, to

the extent that a document contained in the Depository has been created by the Debtors or the

other Settling Parties, such party shall have waived the right to object to the use or introduction

of such document on the basis of authenticity. Additionally, to the extent that the Debtors

inadvertently include privileged materials in the Depository, it shall not be deemed to comprise

any waiver of any applicable privilege. Such protective measures are necessary in order to

provide the Requesting Parties access to relevant materials in a timely and efficient manner.

**Additional Discovery of the Debtors or the other Settling Parties**

9.     In addition to being provided access to the Depository, on or before

June 28, 2010, any of the Eligible Objectants may serve upon or notice the Debtors or the other

Settling Parties only the following types of discovery requests in connection with the

Confirmation Hearing and the global compromise and settlement underlying the Plan in

accordance with the terms of this Order (collectively, the "Permitted Discovery"):

    a.     Requests for Production pursuant to Rule 34 of the Federal Rules of Civil
           Procedure, as incorporated by Bankruptcy Rules 7034 and 9014 (a
           "Production Request");

   b. Notices for Depositions upon Oral Examination of the persons on the Debtors' Witness List pursuant to Rule 30 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 7030 and 9014 (a "Deposition Notice"); and

   c. Requests for Admissions pursuant to Rule 36, as incorporated by Rules 7036 and 9014, solely with respect to the authentication of documents intended to be offered as exhibits at the Confirmation Hearing (an "Admission Request").

Notwithstanding the foregoing, in the event that an Eligible Objectant determines a need to depose someone other than a person listed on the Debtors' Witness List, (i) on or before June 28, 2010, such Eligible Objectant shall provide the Debtors and the other Settling Parties, with a copy to the Court, a list of such additional persons and stating the relationship of such additional person to the Initial Objection interposed by such Eligible Objectant and setting forth why the additional person's testimony is reasonably necessary, and not duplicative, given the availability of testimony from persons listed on the Debtors' Witness List and (ii) the Court shall conduct a status conference on July 8, 2010, at 10:00 a.m., or as soon thereafter as counsel may be heard, to determine whether such persons should be deposed and a Deposition Notice issued in connection therewith. Additionally, such Deposition Notice shall be limited to a Rule 30(b)(6) deposition of the other Settling Parties.

   10. In the event that a Production Request is timely and properly served in accordance with the provisions of this Order, such Production Request must be accompanied by a certification, executed by counsel for the Eligible Objectant, stating the relationship of such Production Request to the Initial Objection interposed by such Eligible Objectant and setting forth why the additional Production Request is reasonably necessary given the availability of information in the Depository. Any Production Request must be served on or before June 28, 2010.

11.    The Debtors and other Settling Parties, as the case may be, shall respond

to a Production Request on or before July 6, 2010 if served in accordance with the Local Rules

and the Disclosure Statement Order, and actually received by counsel as follows:

Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153-0119
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  brian.rosen@weil.com

- and –

Fred Hodara, Esq.
AKIN, GUMP, STRAUSS, HAUER & FELD LLP
One Bryant Park
New York, New York  10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002
Email:  fhodara@akingump.com

- and –

Hydee Feldstein, Esq.
Robert A. Sacks, Esq.
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California  90067
Telephone:  (310) 712-6600
Facsimile:  (310) 712-8800
Email:  feldsteinh@sullcrom.com
Email:  sacksr@sullcrom.com

- and -

Stacey Friedman, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588
Email:  friedmans@sullcrom.com

- and -

Thomas R. Califano, Esq.
DLA PIPER LLP
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: thomas.califano@dlapiper.com

Nothing contained herein shall inhibit the rights of a recipient of a Permitted Discovery request

to object or respond to a Production Request, a Deposition Notice or an Admission Request as

permitted by the Federal Rules of Civil Procedure governing discovery, as incorporated by the

Bankruptcy Rules.  In the event that, subsequent to July 6, 2010, an Eligible Objectant receives

documents in response to a Production Request and such documents provide factual support for

the Initial Objection or any supplement thereto previously interposed by such Eligible Objectant,

such Eligible Objectant may, on or prior to July 19, 2010, supplement such Initial Objection or

any supplement thereto, as the case may be, to the extent of such additional factual information

or legal issues arising therefrom.

       12.     In the event that a Deposition Notice is timely and properly served in

accordance with this Order, on or prior to July 8, 2010, the Debtors shall publish a schedule in

accordance with the Local Rules of the date, time and place at which depositions shall be held;

provided, however, that, in the event that the Debtors supplement the Debtors' Witness List in

accordance with the provisions of decretal paragraph 3 hereof, each Eligible Objectant shall be

entitled to serve a Deposition Notice with respect to any such supplemental witness up to the

close of business on the third (3rd) Business Day following the publishing of such supplemental

Debtors' Witness List and, within two (2) Business Days thereof, the Debtors shall inform such

Eligible Objectant serving such supplemental Deposition Notice of the date, time and place at

which such supplemental depositions shall be held; and, provided, further, that an Eligible Objectant may participate at any such deposition telephonically or in-person. Any party in interest, other than an Eligible Objectant, that files an objection to confirmation of the Plan during the period from June 21, 2010 up to and including the Objection Deadline, shall be entitled to attend (telephonically or in-person), solely as an observer, the deposition of the deponent designated in a Deposition Notice.

13.     Pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7030, depositions shall be limited to one (1) day of seven (7) hours, and parties permitted to take any such depositions shall be required to allocate such time among such parties. However, if additional time is needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the deposition, then the Court, consistent with Rule 26(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7026, shall consider and grant additional time if appropriate. Additionally, to the extent that the Debtors or the other Settling Parties seek to examine the deponent, such examination shall not be included in the proscribed seven (7) hour limitation.

14.     Pursuant to Rule 16(c)(6) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7016, no party in interest, Eligible Objectant or otherwise, shall serve any discovery request in connection with the Confirmation Hearing and the Agreement that is outside the scope of Permitted Discovery herein. In the event that the Debtors, an affiliate of the Debtors, or the other Settling Parties receive or have received a discovery request, including the Pending Requests, that is not designated as Permitted Discovery, the Court hereby relieves the Debtors, such affiliate of the Debtors, and the other Settling Parties from responding to any such request pursuant to Rules 16 and 26 of the Federal Rules of Civil

Procedure, as incorporated by Bankruptcy Rules 7016 and 7026.

**Designation of Witnesses and Discovery of Eligible Objectants and Other Parties**

15. Nothing contained in this Order shall, nor shall it be construed to, limit the rights of the Debtors, the Creditors' Committee, or any other party in interest from taking discovery of any Eligible Objectant or any other party which interposes an objection to confirmation of the Plan on or prior to the Objection Deadline (collectively, the "Objecting Parties") through the use of: (i) a Production Request; (2) a Deposition Notice with regard to a person set forth on the Objecting Parties' Witness List, as defined below; provided, however, that, in the event that the Debtors or the other Settling Parties determines a need to depose someone other than a person listed on the Objecting Parties' Witness List, the Debtors or the other Settling Parties, as the case may be, shall provide the appropriate Eligible Objectant, with a copy to the Court, a list of such additional persons and the Court shall conduct a status conference as soon as practicable to determine whether such persons should be deposed and a Deposition Notice issued in connection therewith; or (3) an Admission Request. Without limiting the foregoing, (a) on or before June 21, 2010, the Objecting Parties shall file in accordance with the Local Rules, a list of the witnesses such parties anticipate presenting at the Confirmation Hearing, including the date(s) during the period from June 28, 2010 up to and including July 16, 2010, time(s), and location(s) each such witness will be available for deposition by Debtors, the other Settling Parties, or any other party in interest (the "Objecting Parties' Witness List") and (b) in the event that a Production Request or an Admission Request is served upon an Objecting Party, such party shall respond to such Production Request or Admission Request, as the case may be, within five (5) days of service thereof.

16. Notwithstanding the designation of a person on the Objecting Parties' Witness List, the Objecting Parties shall not be required to present any such person during the

Confirmation Hearing. For purposes of the Confirmation Hearing, the Objecting Parties may present the testimony of any designated person through direct examination, a proffer of such person's testimony, use of deposition testimony or the submission of an affidavit of such person, subject to the rights of the Debtors or the other Settling Parties to object to the presentation thereof and such other rights afforded by the Federal Rules of Evidence and applicable law. In the event that the Objecting Parties intend to introduce such testimony through the submission of one or more affidavits, (a) such affidavits shall be filed with the Court and served in accordance with the provisions of the Case Management Order no later than two (2) Business Days prior to the commencement of the Confirmation Hearing and (b) any such affiant shall be present at the Confirmation Hearing and be available for cross-examination.

**Discovery Disputes**

17. In the event that a dispute arises concerning any request for discovery in connection with confirmation of the Plan, propounded by any of the Debtors, the other Settling Parties, or an Eligible Objectant, the party alleging non-compliance with any such request shall inform the non-responsive party of such dispute, with a copy to the Debtors in accordance with the notice provision set forth in decretal paragraph 12 hereof, and, within one (1) Business Day thereof, (a) the Debtors shall inform the Court of the existence of any such dispute via telephone and the Court shall schedule a chambers conference, telephonic or in-person, as soon as possible to resolve or rule upon any such issues involved in such dispute and (b) each of the parties to such dispute shall provide the Court with a letter describing the issues associated therewith and setting forth the legal support for the position taken by such party. Pending resolution of any such dispute, the parties to such dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

**Pre-Confirmation Hearing Conference**

18.     The Court shall conduct a pre-Confirmation Hearing conference on July 28, 2010, or as soon thereafter as counsel may be heard, to discuss motions in limine, the presentation of testimony, in support and in opposition to confirmation of the Plan, the number of witnesses to be presented, including, without limitation, the persons on the Debtors' Witness List and the Objecting Parties' Witness List, as the same may have been revised, the estimated time for presentation of any such witnesses' testimony and the pre-admission of exhibits to be offered at the Confirmation Hearing.

**Confidentiality**

19.     The provisions governing Confidential or Highly Confidential Information contained in Exhibit 1 hereto are APPROVED in their entirety.

20.     In addition, pursuant to Federal Rule of Evidence 502(d), it is ordered that any inadvertent disclosure of Confidential Information or Highly Confidential Information by the Debtors or other Settling Parties in connection with these chapter 11 cases shall not be deemed to comprise any waiver of any applicable privilege, with such order to be enforceable in any and all other federal and state court proceedings.

21.     No Warranty of Accuracy. Each Eligible Objectant understands that Plan Representatives will endeavor to include in the Confidential or Highly Confidential Information materials relevant for the purpose of evaluation of the Confirmation Matter, but each Eligible Objectant acknowledges that the Plan Representatives do not make any representation or warranty as to the accuracy or completeness of any Confidential or Highly Confidential Information so provided, and none of the Plan Representatives shall have any liability to any Eligible Objectant or its Representatives resulting from the use of such information by an Eligible Objectant or its Representatives.

22.   No Waiver.  No failure or delay in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

23.   Remedies, Jurisdiction and Governing Law.  Without determining the effect of any breach, money damages may not be a sufficient remedy for any breach of this Order by an Eligible Objectant or its Representatives, and specific performance and injunctive relief are available as remedies upon proof of any such breach.  Such remedies shall not be deemed to be the exclusive remedies for a breach of this Order by an Eligible Objectant or any of its Representatives but shall be in addition to all other remedies available at law or in equity.  Each Eligible Objectant and the Debtors shall confer in good faith over any disagreement in connection with this Order before claiming noncompliance to any third party or this Court; provided, however, that the Debtors shall have the right to refuse continued access to the Depository to such Eligible Objectant and its Representatives if the Debtors determine that such Eligible Objectant has breached its obligations hereunder.  The parties hereto shall have the right to immediately apply to the Court to resolve any issue in connection with this Order or alleged breach thereof, including, without limitation, the assessment of damages as a result thereof, and, in the event that an Eligible Objectant's access to the Depository has been terminated by the Debtors, the Court shall conduct a chambers conference with respect thereto, in accordance with the provisions of decretal paragraph 18 hereof, no later than 12:00 noon of the following Business Day.

## Notice

24.   Upon entry hereof, the Debtors shall serve a copy of this Order upon all parties entitled to service in accordance with the Local Rules.

## Jurisdiction

25.     This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: June __, 2010
       Wilmington, Delaware

                                            _____
                                            THE HONORABLE MARY F. WALRATH
                                            UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Provisions Governing Confidential Information and Highly Confidential Information

    1.    <u>Definitions</u>:

    a.    <u>"Document"</u> shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure, including all tangible written, recorded or graphic material, and intangible data files, such as magnetic computer files, whether produced or created by the Debtors, the other Settling Parties, or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above, whether in the Depository or produced pursuant to Permitted Discovery.

    b.    <u>"Confidential Information"</u>. "Confidential Information" means all information that is furnished to an Eligible Objectant or its Representatives by the Debtors, the other Settling Parties, or their directors, officers, employees, attorneys, Representatives or other representatives (collectively, the "<u>Plan Representatives</u>") through the Depository or Permitted Discovery in connection with the Confirmation Matter, and is designated in writing (on the document itself, in the case of a document that is Confidential Information) either as confidential, proprietary or otherwise not generally available to the public. Notwithstanding the foregoing, the following will not constitute Confidential Information: (i) information that is or becomes generally available to the public other than as a result of a breach of this Order by such Eligible Objectant or its Representatives or through discovery; <u>provided</u>, <u>however</u>, any such information obtained through discovery which is subject to a confidentiality agreement or other

restrictions will remain subject to such agreement or restrictions, (ii) information that was already in its files on a nonconfidential basis prior to being furnished to such Eligible Objectant by the Debtors, (iii) information that becomes available to such Eligible Objectant on a nonconfidential basis from a source other than the Debtors or the other Settling Parties if such source was not, to the best of its knowledge, subject to any prohibition against transmitting the information to such Eligible Objectant, or (iv) information independently developed by such Eligible Objectant without use of Confidential Information. Derivations, summaries and analyses of Confidential Information prepared by an Eligible Objectant or on its behalf shall be "Confidential Information"; provided, however, that conclusions, recommendations and positions asserted by, or on behalf of, an Eligible Objectant shall not be deemed "Confidential Information" if such conclusions, recommendations or positions do not include or set forth Confidential Information.

        c.        "Confidential Bank Information" means any information the disclosure of which is prohibited or limited in accordance with the applicable banking privileges or bank regulatory laws and regulations.

        d.        "Highly Confidential Information" shall include (i) information about clients and customers of Washington Mutual Bank, Henderson, Nevada, Washington Mutual Bank, fsb, Utah, or JPMorgan Chase, including the banking activity of such clients and customers; (ii) any information protected from public disclosure pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., or any other or similar state or federal law regarding the protection of private customer information (together, with (i), "Protected Client and Customer Information"); (iii) any trade secret, (iv) any Unpublished OTS Information; (v) documents embodying nonpublic communications within any disclosing governmental agency or between

such disclosing governmental agency and another governmental agency (or agencies);

(vi) documents embodying non-public financial, market, or business analysis conducted by any disclosing governmental agency whose public disclosure may affect market activity or behavior or the business interests of a subject of the analysis; (vii) confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), and Non-public OCC information, as set forth in 12 C.F.R. § 4.32(b); and (viii) documents that are exempt from public requests for information under the Freedom of Information Act, 5 U.S.C, § 552. **All protections applicable under this Order to Confidential Information apply as well to Highly Confidential Information**. "Highly Confidential Information" does not include any information that a Party has made publicly available. Pursuant to the requirements of the Order, JPMorgan Chase and the Debtors may be required to disclose to Eligible Objectants or other parties documents that may include Protected Client and Customer Information in order to comply with their discovery obligations pursuant to this Order. By entry of this Order, the Court finds that the Debtors and JPMorgan Chase are undertaking reasonable measures to prevent the disclosure of Protected Client and Customer Information and orders that all Eligible Objectants and other parties that receive copies of or access to Documents or other information pursuant to this Order, whether in the Depository or through Permitted Discovery, must maintain the confidentiality and avoid disclosure of Protected Client and Customer Information.

e.      "Unpublished OTS Information" is described in 12 C.F.R. § 510.5 and includes, but is not limited to, "records created or obtained in connection with the OTS's performance of its responsibilities, such as records concerning supervision, regulation, and examination of savings associations, their holding companies, and affiliates, and records compiled in connection with the OTS's enforcement responsibilities. Unpublished OTS

information also includes information that current and former employees, officers, and agents obtained in their official capacities." Unpublished OTS Information shall be deemed to include all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Unpublished OTS Information.

2. <u>Permissible Use of Confidential and Highly Confidential Information</u>. Documents and data produced through the Depository or Permitted Discovery may contain Protected Client and Customer Information. All parties, including but not limited to the Debtors, the other Settling Parties, and the Eligible Objectants, agree to take all necessary steps to maintain the confidentiality and avoid disclosure of Protected Client and Customer Information in keeping with the confidentiality requirements that may apply to Protected client and Customer Information that is produced in discovery governed by this Order.

a. Third parties who are requested to produce or provide documents or things or provide testimony pursuant to the Permitted Discovery may avail themselves of the provisions of this Order, and may produce or provide documents, information, things or testimony containing Confidential or Highly Confidential information in accordance with its provisions without further action by the Court.

b. Confidential or Highly Confidential Information may be disclosed only to those persons identified in paragraphs 4 and 5 respectively, below. Any person obtaining access to Confidential or Highly Confidential Information in the Depository or through Permitted Discovery shall use that information **solely** in connection with the prosecution of its objection to confirmation of the Plan, including, without limitation, in furtherance of any of the Permitted Discovery, as the same may be authorized by this Order or such other order as may be entered by the Court (the "<u>Confirmation Matter</u>"), and shall not use such Confidential or Highly

4

Confidential Information for any other purpose, including, but not limited to, the furtherance of that person's business interests or in any administrative or other judicial proceeding, other than as specified herein. Highly Confidential Information may not be disclosed in any plan or disclosure statement. If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief from this or any other Court, including sanctions. OTS shall receive notice of such request for relief and be afforded an opportunity to be heard on the sanctions issues. In the event that a violation has occurred or is about to occur with respect to Unpublished OTS Information, OTS may seek appropriate injunctive relief.

   c.  In addition, each Eligible Objectant shall not disclose the Confidential or Highly Confidential Information provided by the Debtors or the other Settling Parties and contained in the Depository Documents without the Debtors' prior written consent to any person not bound by the provisions of this Order, other than such Eligible Objectant's agents, representatives, or other professional representatives (collectively, the "Representatives") who need to know the Confidential or Highly Confidential Information for the Confirmation Matter. Representatives shall (i) be informed by each Eligible Objectant of the confidential nature of the Confidential or Highly Confidential Information and the requirement that such Confidential or Highly Confidential Information not be used other than for the purposes described above, (ii) be required to be bound to maintain the confidentiality of Confidential or Highly Confidential Information pursuant to the terms of this Order as a condition of receiving the Confidential or Highly Confidential Information, and (iii) be required to sign the Acknowledgement Form, attached to the Order as Exhibit 2; provided, however, that a non-testifying consultant shall (1) be obligated to execute an Acknowledgement Form and the Eligible Objectant shall retain such executed Acknowledgement Form pending the designation of

such person on the Objecting Parties' Witness List, at which time, the executed Acknowledgement Form shall be provided to the Debtors, and (2) in the event not designated on the Objecting Parties' Witness List, upon conclusion of the Confirmation Hearing, return to the Debtors all Confidential or Highly Confidential Information received by such non-testifying consultant. Each Eligible Objectant shall be responsible for any breach of this Order by any of their Representatives; provided, however, that so long as each Eligible Objectant has complied with clauses (i) through (iii) above, the providing of Confidential or Highly Confidential Information to its Representatives shall not constitute a breach of this Order. Each Eligible Objectant will safeguard Confidential or Highly Confidential Information from unauthorized disclosure with the same standard of care each Eligible Objectant uses in maintaining the confidentiality of its own confidential information of a similar nature, which shall, under no circumstances, be less than a reasonable standard of care. If the person signing an Acknowledgement Form is an attorney, he or she is authorized to provide the Confidential or Highly Confidential Information to his or her client(s) only if such client(s) execute(s) the Acknowledgement Form prior to the dissemination of Confidential or Highly Confidential Information by such attorney to such client(s) and returns such executed Acknowledgement Form to the Debtors (to the attention of Brian S. Rosen, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153) and a copy to (i) the Creditors' Committee (to the attention of Fred Hodara, Esq., Akin, Gump, Strauss, Hauer & Feld LLP, One Bryant Park, New York, New York 10036), (ii) JPMorgan Chase (to the attention of Hydee Feldstein, Esq. and Robert A. Sacks, Esq., Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, California 90067 and Stacey Friedman, Esq., Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004), and (iii) the FDIC (to the attention of Thomas R. Califano, Esq., DLA

Piper LLP, 1251 Avenue of the Americas, New York, New York 10020). The term "person" as used in paragraphs 1 through 16 hereof shall be broadly interpreted to include, without limitation, any corporation, company, partnership, individual or other entity. To the extent that Confidential or Highly Confidential Information is to be shared by an Eligible Objectant with any of its Representatives, and such person has not previously executed a confidentiality agreement with the Debtors specifically covering the Confidential or Highly Confidential Information, such person shall execute the Acknowledgement Form prior to the dissemination of Confidential or Highly Confidential Information, or such other form of confidentiality arrangement as may be acceptable to the Debtors and other Settling Parties, and return such executed Acknowledgement Form to the Debtors (to the attention of Brian S. Rosen, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153) and a copy to (i) the Creditors' Committee (to the attention of Fred Hodara, Esq., Akin, Gump, Strauss, Hauer & Feld LLP, One Bryant Park, New York, New York 10036), (ii) JPMorgan Chase (to the attention of Hydee Feldstein, Esq. and Robert A. Sacks, Esq., Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, California 90067 and Stacey Friedman, Esq., Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004), and (iii) the FDIC (to the attention of Thomas R. Califano, Esq., DLA Piper LLP, 1251 Avenue of the Americas, New York, New York 10020)

        d.      Confidential or Highly Confidential Information shall not be copied or reproduced for use in connection with the prosecution of an objection to confirmation of the Plan, including, without limitation, in furtherance of any of the Permitted Discovery except to the extent such copying or reproduction is reasonably necessary to the conduct of such Permitted Discovery, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential or Highly

Confidential Information are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

e.       Notwithstanding the designation of information as Confidential or Highly Confidential by a producing party, nothing in this Order shall prevent an Eligible Objectant or its Representatives from disclosing Confidential or Highly Confidential Information if required to do so by applicable law.

f.       Except with respect to a request of Congress or any committee, joint committee or subcommittee thereof or request of the Comptroller General, if an Eligible Objectant or its Representatives are requested or required (by oral question, interrogatories, requests for information or documents, subpoena, civil investigative demand or request, or similar process or pursuant to applicable law, including any request made pursuant to the Freedom of Information Act ("FOIA"), or similar state or local law, litigation based on FOIA or such state or local law, to the extent applicable) to disclose any Confidential or Highly Confidential Information, such Eligible Objectant will promptly give the Debtors (to the attention of Brian S. Rosen, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153), the Creditors' Committee (to the attention of Fred Hodara, Esq., Akin, Gump, Strauss, Hauer & Feld LLP, One Bryant Park, New York, New York 10036), JPMorgan Chase (to the attention of Hydee Feldstein, Esq. and Robert A. Sacks, Esq., Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, California 90067 and Stacey Friedman, Esq., Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004), and the FDIC (to the attention of Thomas R. Califano, Esq., DLA Piper LLP, 1251 Avenue of the Americas, New York, New York 10020) written notice of such request or requirement as far in advance of any disclosure as

is practicable so the parties may seek an appropriate protective order or waiver in compliance with provisions of this Order. If, in the absence of a protective order or the receipt of a waiver hereunder, an Eligible Objectant or its Representatives are required or requested to disclose the Confidential or Highly Confidential Information, such Eligible Objectant may disclose only such of the Confidential or Highly Confidential Information to the party compelling disclosure that it is required or requested to disclose. Each Eligible Objectant shall not be liable for the disclosure of Confidential or Highly Confidential Information pursuant to the preceding sentence. Each Eligible Objectant will reasonably cooperate with the parties to obtain a protective order or other reliable assurance that confidential treatment will be accorded the Confidential or Highly Confidential Information..

      3.    <u>Designation of Confidential or Highly Confidential Information</u>. The Debtors and other Settling Parties may designate documents or information as Confidential or Highly Confidential by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the document. Notwithstanding anything otherwise contained herein, all Unpublished OTS Information shall be deemed Highly Confidential Information whether or not designated as such by any party. A designation of confidentiality shall constitute a representation to the Court, made in good faith, that the information so designated constitutes Confidential or Highly Confidential Information as defined in this Order.

      a.    Transcripts of depositions taken in the Permitted Discovery shall be given the protections afforded Confidential Information under this Order for a period of thirty (30) days after a complete copy of the transcript has been provided to the deponent or his or her

counsel in order to give the Debtors and other Settling Parties an opportunity to designate information contained in the transcript as Confidential or Highly Confidential Information. In the event that any Unpublished OTS Information is used or referred to at a deposition, those portions of the transcript referring to Unpublished OTS Information shall be deemed Highly Confidential Information whether or not designated as such by the parties. During the 30-day period in which the Debtors and other Settling Parties may determine whether to designate portions of a deposition transcript as Confidential or Highly Confidential, court papers that contain or refer to that deposition transcript must be filed under seal.

   b.  No more than thirty (30) days after receipt of the complete deposition transcript, counsel for any of the Debtors, other Settling Parties, or the deponent may designate the portions of the deponent's deposition that qualify as Confidential or Highly Confidential Information by transcript page number. Such designation shall be communicated in writing to all parties. Any Debtor, other Settling Party, or deponent may also designate specific testimony or transcript pages as Confidential or Highly Confidential Information by notice on the record at the deposition.

   c.  Inadvertent failure to designate documents or information as Confidential or Highly Confidential at the time of production may be remedied if, within the latter of either (i) 45 days after such documents or information was produced without the appropriate confidentiality stamp, or (ii) 30 days of notice of the inadvertent failure to designate, the producing party notifies the receiving Eligible Objectant that such documents or information had previously been produced without the appropriate confidentiality stamp. The producing party shall stamp such newly designated material as "Confidential" or "Highly Confidential" as appropriate. All parties shall return to the producing party, or destroy, any unstamped copies of

such documents or information upon receipt of such documents or information bearing the appropriate confidentiality stamp.

        d.     In the event a Debtor or other Settling Party produces two or more identical or substantially identical copies of a document or other material, and any copy is designated Confidential or Highly Confidential, while other copies are not so designated, all such identical or substantially identical documents or other materials shall be treated as either Confidential or Highly Confidential as appropriate, to the extent the producing party notifies the parties of the existence and bates numbers or other identifying information of such non-designated copies.

        e.     The burden of proving that any information is Confidential or Highly Confidential shall remain with the party making such designation.

        4.     <u>Permissible Disclosure of Confidential Information</u>.  Subject to paragraph 6 below, Confidential Information may be disclosed only to:

        a.     Current and former employees, officers or directors of the Debtors and other Settling Parties, the Debtors and other Settling Parties themselves and persons producing the information, provided that disclosure is permitted by paragraph 2 above, and is reasonably necessary to the prosecution of an objection to confirmation of the Plan, including, without limitation, in furtherance of any of the Permitted Discovery;

        b.     Counsel for the Eligible Objectants, including in-house counsel, outside counsel of record who has appeared in these chapter 11 cases on behalf of an Eligible Objectant, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with these chapter 11 cases, but only to the extent reasonably necessary to render professional services in these chapter 11 cases;

c.     Litigation support services, including outside copying services;

d.     Persons expected to be deponents, trial witnesses, and hearing witnesses in these chapter 11 cases and counsel to such persons;

e.     Any person identified as an author of a document designated as containing Confidential Information, or any person to whom a copy of such document was sent prior to its production in the Depository or Permitted Discovery;

f.     Court officials involved in these chapter 11 cases;

g.     Court reporting personnel involved in taking or transcribing testimony in these chapter 11 cases;

h.     Any mediator or arbitrator engaged by the Debtors, other Settling Parties, or Eligible Objectants, or appointed by the Court;

i.     Outside consultants, financial advisors or experts retained for the purpose of assisting in-house counsel, or outside counsel of record who has appeared in these chapter 11 cases on behalf of an Eligible Objectant, described in paragraph 4(b) above, provided that they comply with the requirements of paragraph 6;

5.     <u>Permissible Disclosure of Highly Confidential Information</u>.  Subject to paragraph 6 below, Highly Confidential Information may be disclosed only to:

a.     Current employees, officers or directors of the Debtor or other Settling Party designating the information as Highly Confidential;

b.     Former employees, officers or directors of the Debtor or other Settling Party designating the information as Highly Confidential, provided that counsel has a good-faith basis for believing that such former employees had access to the Highly Confidential Information when they were current employees of the designating party or person, and provided

that counsel must ascertain as soon as practicable whether such former employees had such access, and provided that upon the first indication that such former employees did not have such access, counsel must immediately refrain from any further disclosure to such former employees;

c. Counsel for the Eligible Objectants, including in-house counsel, outside counsel of record who has appeared in these chapter 11 cases on behalf of an Eligible Objectant, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with these chapter 11 cases, but only to the extent reasonably necessary to render professional services in these chapter 11 cases

d. Litigation support services, including outside copying services;

e. Persons expected to be deponents, trial witnesses and hearing witnesses in these chapter 11 cases and counsel to such persons, provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Highly Confidential Information, and provided that counsel must ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses;

f. Any person identified as an author of a document designated as Highly Confidential, or any person to whom a copy of such document was sent prior to its production in the Depository or Permitted Discovery;

g. Court officials involved in these chapter 11 cases;

h. Court reporting personnel involved in taking or transcribing testimony in these chapter 11 cases;

i.     Any mediator or arbitrator engaged by the Debtors, other Settling Parties, or Eligible Objectants, or appointed by the Court; and

j.     Outside consultants, financial advisors or experts retained for the purpose of assisting in-house counsel, or outside counsel of record who has appeared in these chapter 11 cases on behalf of an Eligible Objectant, described in paragraph 5(c) above, provided that they comply with the requirements of paragraph 6.

6.     <u>Confidentiality Undertaking</u>.  Before any person described in paragraphs 4(i) and 5(j) above is given access to Confidential or Highly Confidential Information, the individual to whom disclosure is to be made shall first read this Order, and execute an Acknowledgment in the form attached to the Order as <u>Exhibit 2</u>.  Execution of that agreement confirms the signatory's understanding of this Order, willingness to be bound by the provisions of this Order, and agreement to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Order by such means as the Court deems appropriate.  Copies of such agreements shall be held by counsel of record for the Debtor or other Settling Party so disclosing the Confidential or Highly Confidential Information.  The agreements executed pursuant to this paragraph shall be discoverable only upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Order.  Counsel for the Eligible Objectants to whom Confidential or Highly Confidential Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.  All persons who have received Confidential or Highly Confidential Information shall take reasonable steps to safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

7.     Challenges to Designations of Confidentiality.  Any Eligible Objectant may, after attempting to resolve the matter by agreement, apply to the Court pursuant to the applicable rules, for a ruling that certain documents or testimony designated as Confidential or Highly Confidential, or the information therein, is not entitled to confidential status or protection or, if designated Highly Confidential, is entitled only to be designated as Confidential.  It is understood and agreed that the producing party will have the burden of establishing the grounds for confidential treatment of the document or testimony at issue.  The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom.  The provisions of this paragraph permitting challenges to a confidentiality designation shall not apply to Unpublished OTS Information.  The parties shall not be obligated to challenge the propriety of any designation of information as Confidential or Highly Confidential, and the failure to do so shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such information to persons not referred to in paragraphs 4 and 5 above.

8.     Special Rules for Filings and Submissions.  If an Eligible Objectant or its Representatives determine to file or otherwise submit to the Court any documents or exhibits containing or making references to the content of Confidential or Highly Confidential Information, including, but not limited to, pleadings, memoranda, transcripts and discovery responses, such documents or exhibits shall be filed under seal in a sealed envelope marked with the caption of the Confirmation Hearing and bearing the following statement:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY
AGREEMENT DATED _____. THIS ENVELOPE IS
NOT TO BE OPENED NOR THE CONTENTS THEREOF
DISPLAYED OR REVEALED EXCEPT BY OR AS DIRECTED
BY THE COURT.

; unless (i) at least two (2) business days (but in no event less than 48 hours) prior to the

commencement of Confirmation Hearing, an Eligible Objectant designates to the Debtors

(a) such documents or exhibits it determines to file or otherwise submit to the Bankruptcy Court

and/or (b) the Confidential or Highly Confidential Information an Eligible Objectant determines

to reference or otherwise use at the Confirmation Hearing, and (ii) such Eligible Objectant either

(1) obtains from the Debtors, with respect to Confidential or Highly Confidential Information

provided by the Debtors or the other Settling Parties, a waiver of the prohibition against (y) filing

such designated documents or exhibits (except under seal) and/or (z) using such designated

Confidential or Highly Confidential Information at the Confirmation Hearing, or (2) obtains an

order of the Court, upon prior written notice to the Debtors and the other Settling Parties,

modifying or eliminating such prohibition.

9. <u>Nonwaiver of Privileges</u>. In accordance with the applicable Rules

(including Federal Rule of Evidence 502(d)), disclosure in the course of Permitted Discovery of

any document or information (whether designated as Confidential, Highly Confidential, or not)

shall not be deemed to waive whatever attorney-client privilege, work-product protection or

other privilege or immunity that would otherwise attach to the document or information

produced or to other documents or information. If any Eligible Objectant or their Representative

receives any information that is either (i) subject to a good faith claim of privilege or (ii) upon

reasonable review appear to be subject to a legally recognized privilege, the Eligible Objectant or

their Representative shall provide immediate notice to providing party, shall not review the apparently privileged information, and shall return any materials containing the apparently privileged information, as well as delete or destroy any copies of such materials. Upon notification by the Debtors that any of the Debtors or the other Settling Parties has inadvertently included information in the Depository or produced pursuant to a Production Request that should not have been included (whether because of applicable privilege or otherwise), each Eligible Objectant shall return or destroy any copies of such information retained within twenty-four (24) hours of notification and each Eligible Objectant shall not contest the Debtors' recall of such information until after its return or destruction.

a. The return of any documents claimed to be privileged shall not constitute an acknowledgment that the claimed documents or information is in fact privileged or entitled to protections or immunity. Notwithstanding the foregoing, an Eligible Objectant may promptly present the information to the Court under seal for determination of the producing party's claim that the documents or information is privileged or entitled to protections or immunity and retain a copy of the document for this limited purpose until the Court resolves the claim of privilege. The producing party must preserve the information until the claim is resolved. Nothing in this paragraph will modify any obligation a party otherwise has with respect to inadvertent production under the law or ethical rules.

b. Nothing herein shall affect any Debtor or other Settling Party's right or obligation to withhold from disclosure documents or information that is privileged, Confidential Bank Information, or information that is otherwise protected from disclosure. With the exception of Unpublished OTS Information which may be disclosed pursuant to the confidentiality protections provided herein, to the extent that bank regulatory laws and

regulations, or any other governmental restrictions, limit disclosure of Confidential Bank Information, a Debtor or other Settling Party served with requests for documents containing Confidential Bank Information agrees to work with the applicable agency to gain its consent for production of such documents and all parties agree to work together to ensure that additional confidentiality protections, if any, are put in place to facilitate disclosure.

c. Certain information, including certain Confidential Bank Information and information protected by the attorney-client privilege, may be appropriately disclosed among, depending on the circumstances, some or all of WMI, JPMorgan Chase and the FDIC, but may not be disclosed to other parties or persons. Such Confidential or Highly Confidential Information may be offered in evidence at trial or offered in any court hearing subject to the procedures contained herein.

10. Nonwaiver of Objection to Discovery. Nothing herein shall affect any Debtor or Settling Party's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information.

11. Production of Documents Prior to Litigation Use. Any document subject to the discovery process that is used at a deposition, trial, or hearing, or included in any court papers (including, without limitation, briefs, exhibits, affidavits, and affirmations), must have been appropriately produced in accordance with the discovery process before the date on which the deposition, trial, or hearing will occur, and before the date on which the court papers are filed. Any document subject to the discovery process that is used at a deposition, trial, or hearing, or in court papers, must be Bates stamped, and if applicable, marked with a confidentiality designation prior to or during the deposition, trial, or hearing, and before or on the

date on which the court papers are filed. Any document that is used at a deposition must also be designated by deposition exhibit number

        12.    <u>Subpoenas Seeking Confidential or Highly Confidential Information</u>. If any Eligible Objectant or their Representative that has obtained Confidential or Highly Confidential Information under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information (the "<u>Subpoena</u>"), such Eligible Objectant shall promptly notify the Debtor or other Settling Party that designated the information or documents as Confidential or Highly Confidential of the service of the Subpoena. The Eligible Objectant or their Representative receiving the Subpoena shall not produce any Confidential or Highly Confidential Information in response to the Subpoena without either the prior written consent of the Debtor or other Settling Party that designated the documents or information as Confidential or Highly Confidential, or the OTS as to any Unpublished OTS Information, or an order of a court of competent jurisdiction. However, the Debtor or other Settling Party that designated such Confidential or Highly Confidential Information in such case shall have the burden of seeking a court order relieving the subpoenaed Eligible Objectant of the obligations of the Subpoena prior to the return date of such Subpoena, or the subpoenaed Eligible Objectant shall be relieved of its obligations under this paragraph.

        13.    <u>Return of Information Upon Request</u>. The written Confidential or Highly Confidential Information, except for that portion of the Confidential or Highly Confidential Information that may be found in analyses, compilations, studies or other documents prepared by or for an Eligible Objectant, shall promptly, upon request, be returned to the Debtors. Upon such request, that portion of the Confidential or Highly Confidential Information that may be found in analyses, compilations, studies or other documents prepared by or for an Eligible Objectant

(including all written material, memoranda, notes and other writings or recordings whatsoever), oral Confidential or Highly Confidential Information and written Confidential or Highly Confidential Information not so requested or returned will be promptly destroyed and a certificate of destruction shall be delivered to the Debtors by each Eligible Objectant or one of its Representatives who shall have supervised such destruction. Nothing set forth in this paragraph 6 shall require the destruction of work product. The return and/or destruction of Confidential or Highly Confidential Information referenced in this paragraph 13 shall not be required prior to the entry of a Final Order (or orders) confirming the Plan, as the same may be amended, modified or supplemented.

14.     <u>Return of Information Upon Plan Confirmation</u>.  The provisions of this Order shall not terminate upon entry of a Final Order (or orders) confirming the plan. Within sixty (60) days after the entry of a Final Order (or orders) confirming the plan, Confidential or Highly Confidential Information (including all Unpublished OTS Information) and all copies of same, and all documents containing or referring to Confidential or Highly Confidential Information (including Unpublished OTS Information), other than trial transcripts and trial exhibits admitted into evidence, and copies of any pleading or paper filed of record with the Court, shall either be returned to the producing party or person or destroyed; <u>provided</u>, <u>however</u>, that privileged documents, documents containing Confidential Bank Information, and documents containing attorney work product need not be returned but instead shall be destroyed. Thereafter, no party shall reveal or disclose any Unpublished OTS information to any person not subject to this Order.

15.     <u>12 U.S.C. § 1828(x) – Nonwaiver of Privilege for Documents Disclosed to</u> <u>Banking Agency</u>.  The protections of 12 U.S.C. § 1828(x)3 shall apply to all documents that are

subject to this Order.  12 U.S.C. § 1828(x) currently reads as follows:

**(x) Privileges not affected by disclosure to banking agency or supervisor:**

> **(1) In general.** The submission by any person of any information to any Federal banking agency, State bank supervisor, or foreign banking authority for any purpose in the course of any supervisory or regulatory process of such agency, supervisor, or authority shall not be construed as waiving, destroying, or otherwise affecting any privilege such person may claim with respect to such information under Federal or State law as to any person or entity other than such agency, supervisor, or authority.
>
> **(2) Rule of construction.** No provision of paragraph (1) may be construed as implying or establishing that—
>
>> (A) any person waives any privilege applicable to information that is submitted or transferred under any circumstance to which paragraph (1) does not apply; or
>>
>> (B) any person would waive any privilege applicable to any information by submitting the information to any Federal banking agency, State bank supervisor, or foreign banking authority, but for this subsection.

16.     Application of Securities Laws.  Each person signing an Acknowledgement Form understands that, as a result of its receipt of the Confidential or Highly Confidential Information and participation in discussions with respect to the Confirmation Matter, such person may be deemed to be in possession of material, nonpublic information relating to the Debtors.  Each such person acknowledges that it is aware (and that the Representatives, directors, officers, employees, and representatives who are apprised of this matter have been advised) that the United States securities laws apply to such person.  If a person signing an Acknowledgement Form trades securities, such person represents that it has implemented and will comply with one or a combination of policies and procedures, reasonable and appropriate under the circumstances, taking into consideration the nature of its business, to ensure individuals making investment decisions with respect to the securities of the Debtors, whether for the individuals or clients or customers, do not violate the Securities Exchange Act of 1934, as amended (the "1934 Act") or related rules and similar state laws.

**Exhibit 2**

**ACKNOWLEDGEMENT**

I hereby certify to Washington Mutual, Inc., its affiliated debtor WMI Investment Corp., JPMorgan Chase, N.A., the Federal Deposit Insurance Corporation, and the Official Committee of Unsecured Creditors, that I have read the attached *Order Establishing, Among Other Things, Procedures And Deadlines Concerning Objections To Confirmation And Discovery In Connection Therewith*, dated June __, 2010 (the "Order"), and that I understand that I may not disclose any Confidential Information (as defined therein) except as provided in the Order. I further recognize that I am bound by the terms of the Order and I agree to comply with those terms and submit to the jurisdiction of the United States Bankruptcy Court for the District of Delaware for purposes of enforcement of the Order.

Dated: _____

_____
Signature


Name: _____

Address: _____