# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | : Chapter 11 |
| WASHINGTON MUTUAL, INC., *et al.*[1], | : Case No. 08-12229 (MFW) |
| Debtors. | : Jointly Administered |
| | : Objection Deadline: May 27, 2010 at 4:00 p.m. |
| | : Hearing Date: June 3, 2010 at 10:30 a.m. |
| | : Related Docket No. 3651 |

## BANK BONDHOLDERS' JOINDER IN MOTION OF THE WASHINGTON MUTUAL, INC. NOTEHOLDERS GROUP FOR AN ORDER UNDER 11 U.S.C. § 1112(b), CONVERTING THESE CHAPTER 11 CASES TO CHAPTER 7, OR, IN THE ALTERNATIVE, FOR AN ORDER UNDER 11 U.S.C. § 1104(a) APPOINTING A TRUSTEE TO ADMINISTER THE DEBTORS' ESTATES

The holders of senior notes (the "Senior Notes") issued by Washington Mutual Bank ("WMB") (the "Bank Bondholders") listed below[2] hereby join in the Motion of the Washington

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395).

[2] The Bank Bondholders include Anchorage Capital Master Offshore, Ltd.; GRF Master Fund, L.P. c/o Anchorage Advisors, L.L.C.; PCI Fund, L.L.C. c/o Anchorage Advisors, L.L.C.; Allen Arbitrage, L.P.; Allen Arbitrage Offshore; Bank of Scotland plc; Brownstone Asset Management, L.P.; Caspian Alpha Long Credit Fund, L.P.; Caspian Capital Partners, LP; Caspian Select Credit Master Fund, Ltd.; Cetus Capital, LLC; Citigroup Global Markets, Inc.; CVI GVF (Lux) Master S.a.r.l.; D. E. Shaw Laminar Portfolios, L.L.C; Drawbridge DSO Securities LLC; Drawbridge OSO Securities LLC; Worden Master Fund LP; Farallon Capital Management, LLC; Gruss Global Investors Master Fund, Ltd.; Gruss Global Investors Master Fund (Enhanced), Ltd.; Halcyon Master Fund L.P. c/o Halcyon Offshore Asset Management LLC; King Street Capital, L.P.; King Street Capital Master Fund, Ltd., assignee of King Street Capital, Ltd.; Longacre Master Fund, Ltd.; Longacre Capital Partners (QP), L.P.; Longacre Master Fund II, L.P.; Longacre CE Master Fund, L.P.; Longacre Opportunity Fund, L.P., Longacre Opportunity Offshore, Ltd.; Marathon Credit Opportunity Master Fund, Ltd.; Marathon Special Opportunity Master Fund, Ltd.; OCP Investment Trust; Onex Debt Opportunity Fund, Ltd.; Plainfield Special Situations Master Fund II, Limited; Plainfield OC Master Fund II Limited; Plainfield Liquid Strategies Master Fund Limited; Quintessence Fund L.P. c/o QVT Associates GP LLC; QVT Fund LP c/o QVT Associates GP LLC; Stone Lion Portfolio L.P.; Mariner-Tricadia Credit Strategies Master Fund, Ltd.; Structured Credit Opportunities Fund II, L.P.; UBS Securities LLC; The Värde Fund, L.P.; The Värde Fund VI-A, L.P.; The Värde Fund VII-B, L.P.; The Värde Fund VIII, L.P.; The Värde Fund IX, L.P.; The Värde Fund IX-A, L.P.; Värde Investment Partners (Offshore) Master, L.P.; Värde Investment Partners, L.P.; Venor Capital Master Fund LTD; HFR ED Select Fund IV Master Trust; Lyxor/York Fund Limited; Permal York Ltd.; York Capital Management, L.P.; York Credit Opportunities Fund, L.P.; York

Mutual, Inc. Noteholders Group (the "Senior WMI Noteholders") For An Order Under 11 U.S.C. § 1112(b), Converting These Chapter 11 Cases To Chapter 7, or, in the Alternative, For an Order Under 11 U.S.C. § 1104(a) Appointing a Trustee to Administer the Debtors' Estates, filed on May 4, 2010 (the "Motion").

1. Although Debtors have now filed yet another plan (the "Plan") attaching another proposed "Global Settlement Agreement," that purported agreement, as attached to the Plan, is, like the prior ones, not fully executed. In particular, the signature lines for the so-called Appaloosa Parties, the Centerbridge Parties, the Aurelius Parties and the Owl Creek Parties (collectively, the "Subordinated WMI Holders") – hedge funds that the Bank Bondholders understand own large positions in WMI subordinated notes – are conspicuously blank. Accordingly, to the knowledge of the Bank Bondholders, the agreement has not even been fully accepted by the supposed parties thereto.

2. But even if all the parties to the agreement eventually do sign off on the agreement in the form in which it has been filed, the purported agreement is by no means "Global." The Bank Bondholders, who have billions of dollars in claims against the WMI Estates that the Debtors have disputed but that the Court has declined to dismiss, have certainly not agreed to either the proposed settlement or the Plan. The proposed settlement would give the supposed parties to the agreement – including, the Subordinated WMI Holders – huge windfalls at the expense of the Bank Bondholders, and is conditioned upon this Court's approval of broad non-consensual third party releases (including releases by the Bank Bondholders against the Subordinated WMI Holders, the FDIC and others) that cannot be reconciled with controlling Third Circuit law and this Court's own precedents. For these reasons and others (which the

---

Credit Opportunities Master Fund, L.P.; York Investment Master Fund, L.P.; York Select, L.P.; York Select Master Fund, L.P.

- 2 -

Bank Bondholder will fully set forth in their objections to the Plan at the appropriate time), the Bank Bondholders intend to object to confirmation of the proposed Plan. Multiple other parties in interest have also indicated their objection to the proposed settlement and their intent to challenge the Plan. Thus, even if the "Global Settlement Agreement" is finalized, that by no means will herald a quick end to this bankruptcy case.

3. Thus, while the Bank Bondholders do not agree with all of the positions expressed by the WMI Noteholders in the Motion, the Bank Bondholders agree with the relief requested. Despite having over 18 months and collecting an extraordinary amount of professional fees (some $80 million), the professionals running the Debtors have been unable to negotiate a deal that all parties with real economic interests can accept. And, as the WMI Noteholders explain, this case is and never has been about "reorganizing" the Debtors. That the proposed Plan is structured to include a purported reorganization of a non-debtor subsidiary of WMI in an ill-fated attempt to allow WMI, contrary to clear tax law, to trade in tax losses generated by WMB, does not change that fact. There is no reorganization benefit to be lost by converting the case or appointing a trustee to administer the Debtors' estates. Accordingly, the Motion should be granted.

[Remainder of Page Left Intentionally Blank]

| | |
|---|---|
| Dated: May 27, 2010 | WILMER CUTLER PICKERING HALE & DORR LLP<br>Philip D. Anker<br>399 Park Avenue<br>New York, NY 10022<br>Telephone: (212) 230-8800<br>Facsimile: (212) 230-8888<br><br>-and-<br><br>WILMER CUTLER PICKERING HALE & DORR LLP<br>Russell J. Bruemmer<br>Nancy L. Manzer<br>Gianna M. Ravenscroft<br>Lisa E. Ewart<br>1875 Pennsylvania Avenue, N.W.<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>-and-<br><br>PACHULSKI STANG ZIEHL & JONES LLP<br><br>/s/ *signature*<br>_____<br>Laura Davis Jones (Bar No. 2436)<br>Timothy P. Cairns (Bar No. 4228)<br>Mark M. Billion (Bar No. 5263)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>       tcairns@pszjlaw.com<br>       mbillion@pszjlaw.com<br><br>Counsel for the Bank Bondholders |