IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br><br>(Jointly Administered)<br><br>Hearing Date: June 3, 2010 at 10:30 a.m.<br>Objection Deadline: May 27, 2010 at 4:00 p.m.<br>Related Docket No. 3651 |

**RESPONSE OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO THE MOTION OF THE WASHINGTON MUTUAL, INC. NOTEHOLDERS GROUP FOR AN ORDER UNDER 11 U.S.C. § 1112(b) CONVERTING THE DEBTORS' CASES TO CHAPTER 7 OR, IN THE ALTERNATIVE, FOR AN ORDER UNDER 11 U.S.C. § 1104(a) APPOINTING A TRUSTEE TO ADMINISTER THE DEBTORS' ESTATES**

The Official Committee of Equity Security Holders (the "Equity Committee") of Washington Mutual, Inc. ("WMI" and, together with its chapter 11 debtor-affiliate, WMI Investment Corp., the "Debtors"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the *Motion of the Washington Mutual, Inc. Noteholders Group for an Order Under 11 U.S.C. § 1112(b) Converting the Debtors' Cases to Chapter 7 or, in the Alternative, for an Order Under 11 U.S.C. § 1104(a) Appointing a Trustee to Administer the Debtors' Estates* (Docket No. 3651) (the "Conversion Motion"). In support of this Objection, the Equity Committee respectfully states as follows:

## RESPONSE

1. The Conversion Motion is nothing more than the WMI Noteholders' attempt to thwart the WMI shareholders' valid exercise of their corporate governance rights to nominate and elect a new board of directors. Ironically, the WMI Noteholders accuse the Equity

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Washington Mutual, Inc. (3725) and WMI Investment Corp. (5396). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

Committee of attempting to "hijack this case" and appoint a "pseudo-trustee." The movants' characterization of the Equity Committee's efforts could not be farther from the truth. In fact, the Equity Committee is attempting to preserve substantial value for the estate for the benefit of all interested parties. Current management has abandoned and intends to release causes of action potentially worth billions of dollars without the benefit of having conducted a thorough investigation. Pursuit of these claims will benefit all those with a stake in the case (not just equity). As such, any time and expense associated with investigating and prosecuting these claims is far outweighed by the potential recovery that may be realized. While the Equity Committee believes that current management has not administered these cases in the best interests of the estate, conversion of these cases to chapter 7 is not the appropriate remedy.

2. Generally, the Court must commence a hearing on a motion to convert the case to chapter 7 within thirty days after the motion is filed, unless compelling circumstances prevent the Court from meeting such time limit. 11 U.S.C. § 1112(b)(3). Here, compelling circumstances require consideration of the Conversion Motion to be deferred pending the outcome of the Shareholder Action (as defined herein).

3. As the Court is well aware, two WMI shareholders filed a complaint in Washington state court to compel WMI to hold a long overdue annual shareholder meeting (the "Shareholder Action") (*Michael Willingham v. Washington Mutual, Inc.*, No. 10-2-00854-1 (Wash. Super. Ct. Apr. 26, 2010)). Recently, however, WMI filed a notice of removal and a motion to transfer venue, arguing that the Shareholder Action should be transferred, stayed or dismissed so that the plaintiffs' claim can be decided in the context of the adversary proceeding pending in this Court (*Official Committee of Equity Security Holders v. Washington Mutual, Inc.*, Adv. Pro. No. 10-50731 (MFW) (Bankr. D. Del.)). WMI has rejected plaintiffs' offer to stipulate to transfer the Shareholder Action to this Court for decision on the merits and thus WMI's

motion to transfer is scheduled to be considered by the Washington Bankruptcy Court on June 11, 2010. As a result of WMI's delay tactics, the Equity Committee recently filed an application requesting the opportunity to present argument to this Court on its fully briefed motion for summary judgment so that the merits of the shareholder litigation may be adjudicated without further delay [Adv. Docket No. 27].

4. In light of current management's attempt to abandon and release potential causes of action against JPMorgan Chase, the FDIC and numerous other as yet unidentified parties – causes of action that may provide significant recovery to the estate in the range of multiple billions of dollars – the Shareholder Action is of vital importance to these cases. The Shareholder Action will provide WMI shareholders an opportunity to nominate and elect a new board of directors to replace current management. Importantly, the new board will be subject to the very same fiduciary duties as current management and can be expected to do what is in the best interests of the estate in considering the potential causes of action and the Global Settlement. *See In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 565 (Bankr. M.D. Pa. 2007) ("[A] debtor-in-possession owes a fiduciary duty to its creditors."). Thus, replacement of current management is not something to be feared but, indeed, should be welcomed. The new board of directors will not have the same motivation as current management to obtain broad releases under the Debtors' proposed plan of reorganization, which they have tied to approval of the Proposed Settlement with its concomitant release of JPMorgan Chase.

5. The WMI Noteholders inaccurately portray the shareholders' lawful exercise of their corporate governance rights under both the bylaws and Washington state law as commandeering these cases and attempting to appoint a pseudo-trustee. (Motion ¶ 45). However, as this Court has already determined, the actions of the shareholders are well within the bounds of the law. *See* April 26, 2010 Order (Adv. Dkt. No. 20); *see also In re Marvel*

*Entmt't Group, Inc.*, 209 B.R. 832, 838 (D. Del. 1997) ("Shareholders . . . 'should have the right to be adequately represented in the conduct of a debtor's affairs, particularly in such an important matter as the reorganization of the debtor.'" (quoting *In re Johns-Manville Corp.*, 801 F.2d 60, 65 (2d Cir. 1986))); *In re Allegheny Int'l, Inc.*, 1988 WL 212509, at *5 (W.D. Pa. May 31, 1988) ("[T]he ability of shareholders to exercise their rights to corporate governance cannot be enjoined simply on the basis that a group of shareholders may be successful in their bid to elect directors whose views concerning a plan of reorganization may differ from those of existing management.").

6. Because the Shareholder Action may substantially impact these cases, it would be premature to consider the Conversion Motion prior to the outcome of the Shareholder Action. *See In re Key Airlines, Inc.*, 1993 WL 13003251, at *2 (Bankr. S.D. Ga. Oct. 5, 1993) (continuing hearing on motion to convert over objection of movant where the potential benefit of an agreement was a key element of the objector's defense to the conversion motion). In fact, granting the Conversion Motion will likely moot the Shareholder Action. At the very least, the Court should delay consideration of the Conversion Motion until after this Court renders a decision on the merits of the Shareholder Action and/or the Equity Committee's summary judgment motion.

## CONCLUSION

**WHEREFORE**, based on the foregoing, the Equity Committee respectfully requests that an order be entered (i) denying the relief requested in the Motion or, in the alternative (ii) adjourning consideration of the Motion to a date following a decision on the merits of the claims asserted in the Shareholder Action or this Court renders a decision on the Equity Committee's summary judgment motion, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: May 27, 2010
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ William P. Bowden*

William P. Bowden (DE Bar No. 2553)
Gregory A. Taylor (DE Bar No. 4008)
Benjamin Keenan (DE Bar No. 4724)
Stacy L. Newman (DE Bar No. 5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile : (302) 654-2067
E-mail:  wbowden@ashby-geddes.com
 gtaylor@ashby-geddes.com
 snewman@ashby-geddes.com

-and-

**SUSMAN GODFREY, L.L.P.**
Stephen D. Susman (NY Bar No. 3041712)
Seth D. Ard (NY Bar No. 4773982)
654 Madison Avenue, 5th Floor
New York, NY 10065
E-mail:
ssusman@susmangodfrey.com
sard@susmangodfrey.com

Parker C. Folse, III (WA Bar No. 24895)
Edgar Sargent (WA Bar No. 28283)
Justin A. Nelson (WA Bar No. 31864)
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
E-mail:
pfolse@susmangodfrey.com
esargent@susmangodfrey.com
jnelson@susmangodfrey.com

*Co-Counsel for the Official Committee of Equity Security Holders of Washington Mutual, Inc., et al.*

{00407235;v2}  5