UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
*In re*                                                    :    Chapter 11
                                                           :
WASHINGTON MUTUAL, INC., *et al.*,[1]                      :    Case No. 08-12229 (MFW)
                                                           :
        Debtors.   :    Jointly Administered
                                                           :
                                                           :    **Re: Docket No. 3929**
---------------------------------------------------------- x

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION
TO THE EQUITY COMMITTEE'S PETITION FOR CERTIFICATION
OF DIRECT APPEAL TO THE THIRD CIRCUIT OF ITS APPEAL
FROM ORDER DENYING APPOINTMENT OF AN EXAMINER**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Washington Mutual, Inc. and WMI Investment Corp. (collectively, the "Debtors"), submits this objection (the "Objection") to the *Official Committee of Equity Security Holders' Petition, Pursuant to 11 U.S.C. § 105(a), 28. U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8001(f), for Certification of Direct Appeal to the United States Court of Appeals for the Third Circuit of its Appeal from Order Denying Appointment of an Examiner* [Docket No. 3929] (the "Certification Motion"). In support of this Objection, the Creditors' Committee respectfully represents as follows:

**THE EQUITY COMMITTEE FAILED TO IDENTIFY A QUESTION OF LAW
THAT WARRANTS DIRECT APPEAL**

1. Under 28 U.S.C. § 158(d)(2)(A)(i), this Court can certify an appeal directly to the circuit court of appeals if the appeal "involves a question of law as to which there is no

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases") and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395).

controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States . . . ." The Official Committee of Equity Security Holders (the "Equity Committee") has not done so.

2. The legislative history for section 158(d)(2)(A) "confirms that Congress intended [it] to facilitate [a court of appeals'] provision of guidance on pure questions of law." Weber v. United States Trustee, 484 F.3d 154, 158 (2d Cir. 2007). Thus, when the issue sought to be directly appealed includes significant factual issues, "a pure question of law has not been stated." In re 15375 Memorial Corp., Civ. A. No. 08-313-SLR, 2008 WL 2698678, at *1 (D. Del. Jul. 3, 2007) (refusing to certify where the inquiry required was "necessarily fact intensive").

3. Here, the Equity Committee does not seek to appeal a pure question of law, but instead a mixed question of law and fact: Specifically, whether this Court properly refused to appoint an examiner based upon a determination that the unique facts of the case would render any investigation inappropriate. The question of whether any investigation is appropriate – and thus whether an examiner should be appointed to conduct that investigation – is a joint question of fact and law that cannot be certified for direct appeal. It would be a tortured statutory construction to parse the operative phrase of 11 U.S.C. § 1104(c), "shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate," into first appointing an examiner and then determining, based on the unique facts of the case, whether no investigation is appropriate and thus whether the examiner has nothing to do. Such a statutory construction is nonsensical. Interpretation of the phrase "shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate" thus presents a mixed question of law and fact because it contains an embedded, implicit requirement that the court

determine what – if anything – would be appropriate for examination.  Accordingly, the Equity Committee's certification request fails the requirements of 28 U.S.C. § 158(d)(2)(A)(i).

4. With respect to the remainder of the arguments concerning the certification statute, the Creditors' Committee joins in the arguments made by the Debtors in their Objection to the Certification Motion and adopts those arguments as its own herein.

Dated: May 27, 2010
Wilmington, Delaware

Respectfully submitted,

**PEPPER HAMILTON LLP**

By:    /s/ John H. Schanne, II
David B. Stratton (DE No. 960)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, Delaware  19801
Tel:  (302) 777-6500
Fax: (302) 421-8390

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Fred S. Hodara (admitted pro hac vice)
Robert A. Johnson (admitted pro hac vice)
One Bryant Park
New York, NY
Tel:  (212) 872-1000
Fax: (212) 872-1002

Attorneys for the Official Committee of Unsecured Creditors of Washington Mutual, Inc., *et al.*