UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                  : Chapter 11
                                        :
WASHINGTON MUTUAL, INC., et al.,        : Case Nos. 08-12229 (MFW)
                                        : (Jointly Administered)
                Debtors.                :
                                        :
                                        :
                                        : **Hearing Date: June 3, 2010 at 10:30 a.m. (ET)**
                                        : **Related to Docket Nos. 3730 and 4242**
                                        :
---------------------------------------------------------- x

## SUPPLEMENTAL OBJECTION OF THE WASHINGTON MUTUAL INC. NOTEHOLDERS GROUP TO THE DEBTORS' DISCLOSURE STATEMENT FOR THE SECOND AMENDED JOINT PLAN OF AFFILIATED DEBTORS PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

The Washington Mutual, Inc. Noteholders Group (the "WMI Noteholders"), whose members hold in the aggregate approximately $2.3 billion in face amount of outstanding debt securities issued by Washington Mutual, Inc. ("WMI," and collectively with WMI Investment Corp., the "Debtors"), submits this supplemental objection (the "Supplemental Objection") to the Disclosure Statement [Docket No. 4242] (the "Disclosure Statement") for the Second Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 4241] (the "Plan") and to the Motion of Debtors for an Order, Pursuant to Sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020, (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Plan [Docket No. 3568] (the

"Motion"). In support of the Supplemental Objection, the WMI Noteholders respectfully represent as follows:

## OBJECTION

1. On May 13, 2010, the WMI Noteholders filed the Objection of the Washington Mutual Inc. Noteholders Group to the Debtors' Disclosure Statement for the Joint Chapter 11 Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 3730] (the "Objection"). In the Objection, the WMI Noteholders argued that (i) in the absence of an executed global settlement agreement, it would be inefficient and wasteful for the Debtors to solicit a plan based upon such an agreement and (ii) the Plan patently violates the rights of the WMI Noteholders and other holders of the Senior Notes[1] under various contractual subordination agreements by (a) seeking to provide distributions to junior stakeholders prior to providing payment in full to holders of Senior Notes, (b) effectively enjoining holders of Senior Notes from exercising and enforcing their subordination rights in violation of section 510(a) of the Bankruptcy Code, (c) employing a "waterfall" distribution scheme that misapplies the pay-over provisions contained in the applicable subordination agreements and (d) arbitrarily and improperly suspending the accrual of unpaid interest on the Senior Notes while continuing distributions to junior creditors.

2. Since the filing of the Objection, the Debtors have made modifications to the Plan and Disclosure Statement which alleviate certain, but not all of the WMI Noteholders' objections to the Plan and Disclosure Statement. Specifically, the global settlement agreement has now been executed by the Debtors, the FDIC, JPMC and the Creditors Committee and is attached as Exhibit "H" to the Plan. Further, the definition of Postpetition Interest has been

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection and the Plan.

modified to provide that such interest will accrue from the Petition Date up to and including the date that Allowed Senior Note Claims are paid in full. Additionally, while not fixing the waterfall, the Plan has been amended to provide that to the extent that the priorities set forth in the Subordination Model conflict with the contractual subordination provisions of the Senior Subordinated Notes Indenture, CCB-1 Guarantee Agreements, CCB-2 Guarantee Agreements, Junior Subordinated Notes Indenture and/or PIERS Guarantee Agreement, the contractual subordination provisions of such Indentures and Guarantee Agreements shall govern. See Plan at Section 6.1 (Treatment of Senior Notes Claims). It is unclear, however, how broadly this "saving clause" that provides for contractual subordination rights to govern over conflicting Plan provisions is intended to apply.

3.  For instance, the Plan provides that holders of PIERS Claims are entitled to receive Subscription Rights without reference to the Subordination Model and therefore possibly regardless of whether the Allowed Claims and Postpetition Interest Claims of the holders of Senior Notes have been paid in full in direct violation of governing contractual subordination provisions.[2] Furthermore, certain "rights of election" purport to limit subordination rights.[3] Finally, the Plan effectively enjoins holders of Senior Notes from exercising and enforcing their subordination rights in violation of section 510(a) of the Bankruptcy Code to the extent that such rights have not been adjudicated at the Confirmation

---

[2] See Plan at Section 20.4 (providing Subscription Rights to holders of PIERS Claims).

[3] While the Plan purports to preserve the contractual subordination rights of creditors with respect to the distribution of Cash and Liquidating Trust Interests, the current Plan, <u>without explanation</u>, inappropriately prevents holders of Allowed Senior Notes Claims from enforcing their subordination rights with respect to Reorganized Common Stock. See Plan at Section 6.1 (Treatment of Senior Notes Claims), Section 7.1 (Treatment of Senior Subordinated Note Claims) and Section 20.1 (Treatment of PIERS Claims). Section 6.2 (Right of Election) provides holders of Senior Notes Claims with rights to "elect" to receive Reorganized Common Stock, but imposes limitations on such rights and waivers of subordination rights to the extent the elections are not made in accordance with the Plan.

Hearing.[4]

4. To the extent that the contractual subordination provisions are intended to govern over conflicting Plan provisions, the Plan and Disclosure Statement should be clarified to so provide. To the extent that Plan provisions are intended to trump contractual subordination rights, the Debtors should explain their basis for doing so.

## RESERVATION OF RIGHTS

5. The WMI Noteholders expressly reserve their rights to supplement and amend the Objection and Supplemental Objection, seek discovery with respect to the same, and introduce evidence at any hearing relating to the Objection, Supplemental Objection or to consider the Disclosure Statement or Motion, without in any way limiting any other rights that the WMI Noteholders may have. The WMI Noteholders expressly reserve their rights to respond to or object to the adequacy of any revised Disclosure Statement that is filed with the Court. The WMI Noteholders also expressly reserve their rights to object to confirmation of the Plan on any grounds as may be appropriate.

## CONCLUSION

For the foregoing reasons, the WMI Noteholders respectfully request that the Court enter an order denying approval of the Disclosure Statement and granting the WMI Noteholders such further relief as the Court deems appropriate.

---

[4] Specifically, the Plan provides, among other things, that rights afforded and distributions to be made under the Plan are not subject to levy, garnishment, attachment or like legal process by reason of contractual subordination rights. See Plan at Section 33.5 (Claims of Subordination).

Dated: May 28, 2010
Wilmington, Delaware

        FOX ROTHSCHILD LLP

        By: _____
        Jeffrey M. Schlerf, Esq. (No. 3047)
        Eric M. Sutty, Esq. (No. 4007)
        John H. Strock (No. 4965)
        Citizens Bank Center
        919 North Market Street, Suite 1600
        Wilmington Delaware 19801
        Telephone: (302) 654-7444

        -and-

        WHITE & CASE LLP
        Thomas E Lauria
        Wachovia Financial Center
        200 South Biscayne Boulevard
        Suite 4900
        Miami, FL 33131
        Telephone: (305) 371-2700
        Facsimile: (305) 358-5744

        Of Counsel:
        KASOWITZ BENSON TORRES & FRIEDMAN LLP
        David S. Rosner
        Paul M. O'Connor III
        Adam L. Shiff
        Seth A. Moskowitz
        1633 Broadway
        New York, New York 10019
        Telephone: (212) 506-1700

        Attorneys for the Washington Mutual, Inc. Noteholders Group