UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| WASHINGTON MUTUAL, INC., *et al.*,[1] | |
| Debtors. | Case Number 08-12229 (MFW) (Jointly Administered) |
| | **Hearing Date: June 3, 2010 at 10:30 A.M.** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 502, 1125, 1126 AND 1128 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 3003, 3017, 3018 AND 3020 (I) APPROVING THE DISCLOSURE STATEMENT AND THE FORM AND MANNER OF THE NOTICE OF THE DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING A CONFIRMATION HEARING, AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE DEBTORS' JOINT PLAN (RELATED TO DOCKET ENTRY # 3568)**

In support of her objection to the Debtors' motion for an order, pursuant to sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020 (i) approving the proposed disclosure statement and the form and manner of the notice of disclosure statement hearing, (ii) establishing solicitation and voting procedures, (iii) scheduling a confirmation hearing, and (iv) establishing notice and objection procedures for confirmation of the Debtors' joint plan (the "Motion"), Roberta A. DeAngelis, Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through her counsel, avers:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

**INTRODUCTION**

1. Under 28 U.S.C. §§ 157(b)(2), 1334 and (an) applicable order(s) of the United States District Court for the District of Delaware, this Court has jurisdiction to hear and determine matters in connection with the Disclosure Statement, including the Motion.

2. Under 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee is charged with monitoring plans and disclosure statements filed under chapter 11 of title 11 and filing with the court "comments with respect to such plans and disclosure statements."

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Disclosure Statement and the Motion.

**GROUNDS/BASIS FOR RELIEF**

4. In the Motion, the Debtors seek authority to solicit a "consensual" third-party release that is not consensual. As the Debtors make clear in Plan § 43.6, the Debtors apparently intend to prove at confirmation that those "Entities" which "consent" to a third-party release by "opting out" of same will nonetheless be giving the same release which they chose not to give. The Debtors are seeking approval of a "consensual" third-party release of claims against the Released Parties[2] that would bind "each Entity that currently holds or may hold a Released Claim or any Equity Interest

---

[2] The Plan term "Released Parties"

> means each of (a) the Debtors, their non-Debtor Affiliates including the Subsidiary Non-Debtors and the Reorganized Debtors, (b) the Creditors' Committee, in such capacity, and its present and former members, in their capacity as members of the Creditors' Committee, (c) the Senior Lenders, the Senior Loan Agent, the Senior Lender Settlement Committee, the Bridge Lenders, the Bridge Loan Agent, in each case in all of their respective capacities, (d) the EGI-TRB LLC Noteholders and the holders of the EGI-TRB Warrant, (e) Centerbridge, the Senior Noteholders, and the foregoing parties; provided, however, in each case only if the applicable party has not returned a Ballot opting out of the releases in Section 11.2.2 of the Plan and, if entitled to vote on the Plan, has voted to accept the Plan (Plan § 1.1.149).

that is terminated . . . ." Plan § 43.6. The third-party release provision is subject to the following two provisos:

> provided, however, that each Entity that has submitted a Ballot may elect, by checking the appropriate box on its Ballot, not to grant the releases set forth in Section 43.6 of the Plan with respect to those Released Parties other than (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Trustees, and (iv) the Creditors' Committee and its members in such capacity and for their actions as members, their respective Related Persons, and their respective predecessors, successors and assigns (whether by operation of law or otherwise), **in which case, such Entity that so elects to not grant the releases will not receive a distribution hereunder**; and provided, further, that, because the Plan and Global Settlement Agreement, and the financial contributions contained therein, are conditioned upon the aforementioned releases, and, as such, these releases are essential for the successful reorganization of the Debtors, pursuant to the Confirmation Order, **those Entities that opt out of the releases provided hereunder shall be bound and shall receive the distributions they would otherwise be entitled to receive pursuant to the Plan.** (Bold in original removed, emphasis in above text added).

5. There are two key problems with the Debtors' proposal. First, soliciting a "consensual" release and prosecuting a non-consensual, third party release are mutually exclusive events. If the consent of parties in interest to the release provisions is irrelevant to the Debtors because the third-party release is critical to the Plan's implementation, the Debtors should be left to their "zero-sum" strategy and should not be permitted to solicit releases from creditors based upon the false premise that their choice matters.

6. Second, the "trap door" concept – if you don't give a release, you lose your distribution – is unduly coercive and effectively vitiates any proposed consent that may be obtained. Further, the provision probably renders the plan unconfirmable, as creditors within voting classes will undoubtedly be unfairly discriminated against depending upon whether they gave a release.

3

## **CONCLUSION**

WHEREFORE the U.S. Trustee requests that this Court issue an order consistent with her objection(s).

          Respectfully submitted,

          **ROBERTA A. DeANGELIS**
          **ACTING UNITED STATES TRUSTEE**

      **BY:** /s/ Joseph J. McMahon, Jr.
          Joseph J. McMahon, Jr., Esquire (# 4819)
          Trial Attorney
          United States Department of Justice
          Office of the United States Trustee
          J. Caleb Boggs Federal Building
          844 King Street, Room 2207, Lockbox 35
          Wilmington, DE  19801
          (302) 573-6491
Date:  May 27, 2010          (302) 573-6497 (Fax)