## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x

| | | |
|---|---|---|
| **In re :** | : | **Chapter 11** |
| | : | |
| **WASHINGTON MUTUAL, INC., et. al.,** | : | **Case No. 08-12229 (MFW)** |
| | : | |
| **DEBTORS** | : | **Jointly Administered** |

-------------------------------------------------------------- x

### THE WMB NOTEHOLDERS' OBJECTIONS TO
### DISCLOSURE STATEMENT FOR THE SECOND AMENDED
### JOINT PLAN OF AFFILIATED DEBTORS PURSUANT TO
### CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

The WMB Noteholders[1] file this Objection to the Disclosure Statement for the Second

Amended Joint Plan ("Plan") of Affiliated Debtors filed on May 21, 2010 ("Disclosure

Statement") and respectfully represent as follows:

### BACKGROUND

The WMB Noteholders Misrepresentation Claims

1.      The WMB Noteholder Group[2] filed a proof of claim (the "WMB Proof of Claim")

against debtor WMI alleging, *inter alia*, that they were induced to purchase or retain bonds

issued by WMI subsidiary Washington Mutual Bank ("WaMu Bank" or "WMB") based on false

representations made by WMI that caused the prices of their WaMu Bank bonds to be artificially

inflated.  The WMB Noteholders have retained separate counsel (Grant & Eisenhofer P.A. and

Drinker Biddle & Reath LLP) to proceed against WMI with regard to that portion of their WMB

---

[1]     The WMB Noteholders are listed on Exhibit A attached hereto and are the legal or beneficial holders of, or have control or discretionary investment authority with respect to, in excess of $600 million in aggregate principal amount outstanding of Senior Notes and Subordinated Notes issued by Washington Mutual Bank but solely with respect to the Misrepresentation Claims (as defined below).

[2]     The WMB Noteholder Group is defined in the Proof of Claim and includes each of the WMB Noteholders.

Proof of Claim alleging misrepresentation, as set forth in pages 9-10 of the WMB Proof of Claim (the "Misrepresentation Claim").[3]

2.      On January 22, 2010, the Debtors filed their Twentieth (20th) Omnibus (Substantive) Objection to Claims, in which they objected to the WMB Proof of Claim and asked the Court to disallow and expunge the claims in full as a matter of law. *See* Dkt. No. 2205, Case No. 08-12229 (Bank. D. Del. Jan. 22, 2010). A hearing on the objection was held on April 6, 2010, at the conclusion of which the Court denied the objection, holding, inter alia, that with the Misrepresentation Claims are direct claims held by the WMB Noteholders' and are not derivative claims. This Court entered an order denying the objection on April 21, 2010. *See* Dkt. No. 3549, Case No. 08-12229 (Bankr. D. Del. Apr. 21, 2010).

The Treatment of the Misrepresentation Claim Under the Plan

3.      The Plan has been amended to add a new Class (Class 17) called Non-Subordinated Bondholder Claims dealing with, inter alia, the WMB Proof of Claim. See Plan, §21.1. More specifically, section 21.1 of the plan provides:

> 21.1    **Treatment of Non-Subordinated Bank Bondholder Claims**: If Class 17 votes to accept the Plan (in accordance with Section 30.2 herein), then, in full satisfaction, release and exchange of the Non-Subordinated Bank Bondholder Claims, the Non-Subordinated Bank Bondholder Claims shall be deemed Allowed Claims and each holder of a Non-Subordinated Bank Bondholder Claim shall receive such holder's Pro Rata Share of BB Liquidating Trust Interests (which interests, in the aggregate, represent a right to receive 5.357% of the Homeownership Carryback Refund Amount, as defined and set forth in Section 2.4 of the Global Settlement Agreement, subject to a cap of One Hundred Fifty Million Dollars ($150,000,000.00) in the aggregate), subject to contractual subordination rights among the holders of Non-Subordinated Bank Bondholder Claims. If Class 17 votes to reject the Plan (in accordance with Section 30.2 herein), the sole amount of reserve for distribution to the holders of Non-

---

[3]      As to claims other than the Misrepresentation Claim, the WMB Noteholders are represented by Bracewell & Giuliani LLP.

Subordinated Bank Bondholder Claims if, pursuant to a Final Order of the Bankruptcy Court, such Claims are determined to be Allowed Claims, shall be the BB Liquidating Trust Interests.

Plan at §21.1.

4.      In addition, if the Debtors are successful in seeking to subordinate a Bank Bondholder Claim, such claim would then be included in Class 18 (Subordinated Claims) instead of Class 17.

### THE DISCLOSURE STATEMENT DOES NOT CONTAIN ADEQUATE INFORMATION CONCERNING THE TREATMENT OF NON-SUBORDINATED BANK BONDHOLDER CLAIMS (CLASS 17)

5.      The Disclosure Statement should not be approved because it fails to provide "adequate information," within the meaning of 11 U.S.C. §1125(a), upon which creditors can make an informed judgment regarding the Plan.

6.      The provision of adequate information is essential for a disclosure statement. *See* 11 U.S.C. 1125(a) & (b); *see also In re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991). The disclosure statement must describe all factors known to the plan proponent that may impact the success or failure of the proposals contained in the plan. *See, e.g., In re Beltrami Enters.*, 191 B.R. 303, 304 (Bankr. M.D. Pa. 1995); *In re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D. Ohio 1990); *In re Stanley Hotel, Inc.*, 13 B.R. 926, 929 (Bankr. D. Colo. 1981).

7.      Adequate information is defined in the Bankruptcy Code as:

[I]information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information

to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1). What constitutes adequate information in any particular instance will be determined on a case by case basis, *In re River Village Assocs.*, 181 B.R. 795, 804 (E.D. Pa. 1995), and the Bankruptcy Court has considerable discretion in considering the adequacy of a disclosure statement. *Id.*

8. The Disclosure Statement fails to provide adequate information with respect to the following:

- The Debtors have not identified which Bank Bondholder Claims they consider to be "Non-Subordinated" and included in Class 17 and which they consider to be "Subordinated" and included in Class 18. The Disclosure Statement should specify, at least for voting purposes, which of the Bank Bondholder Claims the Debtors intend to seek to subordinate.

- The Plan provides that "each holder of a Non-Subordinated Bank Bondholder Claim shall receive such holder's [pro rata share of the $150,000,000]." Disclosure Statement at §V.B.17. Yet the Disclosure Statement seems to indicate that the Non-Subordinated Bank Bondholder Claims are derivative. Thus, the Disclosure Statement does not make clear as to whether each Non-Subordinated Bank Bondholder Claim included in Class 17 is being treated as a direct claim or as a derivative claim. In other words, under the Plan, who is entitled to receive the Distribution on account of each of the Non-Subordinated Bank Bondholder Claim?

- Section I.C.10 of the Disclosure Statement (at page 14) provides:

  pursuant to the Global Settlement Agreement, the parties thereto have agreed that the Bank Bondholders' claims against the Debtors are derivative in nature of the claims and causes of action asserted by the FDIC Receiver, FDIC Corporate and the Receivership in the FDIC Claim and the D.C. Action and the claims and causes of action that have or may be asserted by the FDIC Receiver, FDIC Corporate and the Receivership against the Debtors and their estates are being released, discharged or settled as a result of the Global Settlement Agreement and the Plan.

  Such statement is false and misleading. This Court has found that the Misrepresentation Claims are not derivative and belong to the WMB Noteholders. Not only is such statement false, but the Disclosure Statement

4

fails to explain why such claims which are not derivative in nature should be included in Class 17 rather than Class 12 (General Unsecured Claims).

- Distributions in Class 17 apparently are intended to take into account contractual subordination at the WMB level. The Misrepresentation Claims are not subject to any contractual subordination rights at the WMB level. Moreover, to the extent to which the WMB Subordinated Notes are subordinated in the WMB Receivership estate to WMB Senior Notes, they are not subordinated in the WMI Chapter 11 case and should not be treated as such. There is no explanation as to (i) exactly what claims would be subject to subordination; (ii) the legal theory as to why any subordination would apply; and (iii) why the Debtors are seeking to become involved in any subordination issues to which they are not contractually or otherwise bound.

- The Plan provides for different treatment of creditors in Class 17 depending on whether the Class votes to accept the Plan. However, the Debtors have objected to the vast majority in dollar amounts of the claims which comprise Class 17. To the extent the Debtors intend that the holders of the WMB Proof of Claim not be entitled to vote, the WMB Noteholders request that the Court treat this portion of the Objection as a motion for an order pursuant to Bankruptcy Rule 3018(a) to temporarily allow the WMB Proof of Claim with respect to the Misrepresentation Claim for voting purposes on the Plan.

*[Remainder of page intentionally left blank]*

WHEREFORE, for all the above reasons, the WMB Noteholders requests that the Disclosure Statement provide adequate disclosure regarding the WMB Noteholders and granting such other and further relief as is just and equitable.

Dated: May 28, 2010                           **DRINKER BIDDLE & REATH LLP**

/s/  Jeffrey M. Schwartz
Jeffrey M. Schwartz (Pro Hac Vice)
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606-1698
312.569.1208
312.569.3208 (facsimile)
Jeffrey.schwartz@dbr.com

- and -

Andrew C. Kassner (DE Bar # 4507)
David D. Primack (DE Bar # 4449)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
302.467.4200
302.467.4201 (facsimile)
andrew.kassner@dbr.com
david.primack @dbr.com

- and -

GRANT & EISENHOFER P.A.
Jay W. Eisenhofer (DE Bar # 2864)
Geoffrey C. Jarvis (DE Bar # 4064)
Christine M. Mackintosh (DE Bar # 5585)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
302.622.7000
302.622.7100 (facsimile)
jeisenhofer@gelaw.com
gjarvis@gelaw.com
cmackintosh@gelaw.com

*Attorneys for the WMB Noteholders*

# Exhibit A

# WMB Noteholders

Thrivent Financial for Lutherans
AEGON USA Investment Management, LLC
AEGON Life Insurance (Taiwan)
Legal & General Investment Management America
Legal & General Investment Management
New York Life Investment Management LLC
The Northwestern Mutual Life Insurance Company
Northwestern Long Term Care Insurance Company
Northwestern Mutual Series Fund, Inc. and its Select Bond Portfolio
Northwestern Mutual Series Fund, Inc. and its Balanced Portfolio
PPM America, Inc.
Prudential Assurance Company Ltd.
JNL VA High Yield Bond Fund
Jackson National Life Insurance Company of New York
Jackson National Life Insurance Company
ING Direct NV
Sucursal en España

```
------------------------------------------------------- x
```
In re :                                    :        **Chapter 11**
                                           :
**WASHINGTON MUTUAL, INC., et. al.,**      :        **Case No. 08-12229 (MFW)**
                                           :
    **DEBTORS**         :        **Jointly Administered**
```
------------------------------------------------------- x
```

## CERTIFICATE OF SERVICE

I, David P. Primack, hereby certify that on the 28th day of May 2010, I caused a true and correct copy of ***The WMB Noteholders' Objections To Disclosure Statement For The Second Amended Joint Plan Of Affiliated Debtors Pursuant To Chapter 11 Of The United States Bankruptcy Code*** to be served upon all parties via CM/ECF and the parties listed below in the manner indicated:

*Hand Delivery*
Mark D. Collins, Esq.
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801

*Hand Delivery*
Joseph McMahon, Esq.
Office of the United States Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, Delaware 19899-0035

*First Class Mail*
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153

*First Class Mail*
Fred S. Hodara, Esq.
Akin Gump Stauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036

*First Class Mail*
Charles E. Smith, Esq.
925 Fourth Avenue
Seattle, Washington 98104

*Hand Delivery*
David B. Stratton, Esq.
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19801

*First Class Mail*
Peter Calamari, Esq.
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
55 Madison Avenue, 22nd Floor
New York, New York 10010

***Hand Delivery***
William P. Bowden, Esq.
ASHBY & GEDDES P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899

***First Class Mail***
Stephen D. Susman, Esq.
SUSMAN GODFREY LLP
654 Madison Avenue, 5th Floor
New York, New York 10065

***First Class Mail***
Stacey R. Freidman, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004

***Hand Delivery***
Adam G. Landis, Esq.
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
P.O. Box 2087
Wilmington, Delaware 19899

***First Class Mail***
Thomas Califano, Esq.
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020

Dated: May 28, 2010

**DRINKER BIDDLE & REATH LLP**

/s/  David P. Primack
David D. Primack (DE 4449)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

Counsel for The WMB Noteholder Subgroup