UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re Washington Mutual, Inc., et al.　　　Case No. 08-12229 (MFW)
　　　　　　　　　　　　　　　　　　　　　Reporting Period: 04-01-10 to 04-30-10

## MONTHLY OPERATING REPORT

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached |
|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1 | Yes | |
| Bank Reconciliation (or copies of Debtors' bank reconciliations) | MOR-1a | Refer to attached stmt | |
| Schedule of Professional Fees Paid | MOR-1b | Yes | |
| Copies of bank statements | MOR-1c | Refer to attached stmt | |
| Cash disbursements journals | | n/a | Refer to MOR 1 for summary of all disbursements. |
| Statement of Operations | MOR-2 | Yes | See attached notes |
| Balance Sheet | MOR-3 | Yes | See attached notes |
| Status of Post petition Taxes | MOR-4 | Yes | |
| Copies of IRS Form 6123 or payment receipt | | n/a | Payroll services outsourced including remission of taxes |
| Copies of tax returns filed during reporting period | | n/a | See listing of filings |
| Summary of Unpaid Post petition Debts | MOR-4 | n/a | Detail on face of balance sheet. |
| Listing of aged accounts payable | MOR-4 | Yes | |
| Accounts Receivable Reconciliation and Aging | MOR-5 | n/a | No trade receivables |
| Debtor Questionnaire | MOR-5 | Yes | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and correct to the best of my knowledge and belief.

_____　　　　　May 28, 2010
Signature of Authorized Individual*　　　　　Date

John Maciel　　　　　　　　　　　　　　　Chief Financial Officer
_____　　　　　_____
Printed Name of Authorized Individual　　　　Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

In re Washington Mutual, Inc., et al
Case No. 08-12229 (MFW)

# DISCLAIMER

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (together, the "Debtors") caution investors and potential investors in WMI not to place undue reliance upon the information contained in this Monthly Operating Report, which was not prepared for the purpose of providing the basis for an investment decision relating to any of the securities of WMI. The Monthly Operating Report is limited in scope, covers a limited time period, and has been prepared solely for the purpose of complying with the monthly operating guidelines as described in the Chapter 11 Trustee Handbook, United States Department of Justice, May 2004 in accordance with 28 U.S.C §586(a)(3). The Monthly Operating Report was not audited or reviewed by independent accountants; does not purport to present the financial statements of WMI in accordance with generally accepted accounting principles; does not purport to present the market value of WMI's assets and liabilities or the recoverability of WMI's assets; is in a format prescribed by applicable bankruptcy laws; and is subject to future adjustment and reconciliation. There can be no assurance that, from the perspective of an investor or potential investor in WMI's securities, the Monthly Operating Report is complete. Results set forth in the Monthly Operating Report should not be viewed as indicative of future results. This disclaimer applies to all information contained herein.

On September 26, 2008 (the "Petition Date"), the Debtors each commenced voluntary cases under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Prior to the Petition Date, on September 25, 2008, the Director of the Office of Thrift Supervision, appointed the Federal Deposit Insurance Corporation (the "FDIC") as receiver for Washington Mutual Bank ("WMB") and advised that the receiver was immediately taking possession of WMB's assets. Immediately after its appointment as receiver, the FDIC sold substantially all the assets of WMB, including the stock of Washington Mutual Bank fsb, to JPMorgan Chase Bank, National Association ("JPMorgan") pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 (the "Sale").

Prior to the Petition Date, WMI and WMB jointly maintained their respective financial records. As a result of the Sale, many of the Debtors' books and records were seized by the FDIC and transferred to the custody of JPMorgan. Accordingly, the Debtors are not in control of certain information relating to their operations and financial affairs, including, but not limited to, certain accounting information. In addition, as of the date of the Sale, substantially all of WMB's employees became employees of JPMorgan. Accordingly, this Monthly Operating Report was prepared, in part, based upon the information and work product and/or representations made available to the Debtors and their professionals by representatives of WMB and JPMorgan.

Results represented in this Monthly Operating Report are consistent with WMI's accounting practices as of the Petition Date. However, records of prepetition assets and liabilities, including, among other things, liabilities owed by WMI to WMB and its affiliates are likely to be adjusted. Further, claims have been filed against the Debtors in their chapter 11 cases that are not currently recorded on WMI's books that, if allowed, would change the reported balances for pre-petition liabilities. The Debtors reserve all rights to amend the results represented in this Monthly Operating Report.

Washington Mutual, Inc., et al.  
Case No. 08-12229 (MFW)  
April 2010 Monthly Operating Report -- UNAUDITED  
MOR 1 -- Schedule of Cash Receipts and Disbursements

| Account<br>Bank<br>Bank Account<br>GL Account | Deposit<br>WMB/JPM<br>xxx0667<br>70 / 10450 | Deposit<br>WMB/JPM<br>xxx4234<br>70 / 10441 | Washington Mutual, Inc.<br>Deposit<br>WMB/JPM<br>xxx9626<br>70 / 10451 | Deposit<br>WMB/JPM<br>xxx9663<br>70 / 10452 | Money Market<br>Bank of America<br>xxx0658<br>70 / 12510 | General<br>Bank of America<br>xxx4228<br>70 / 10305 | WMI<br>Total | WMI Investment Corp.<br>Deposit<br>WMB/JPM<br>xxx4704<br>467 / 10450 | General<br>Bank of America<br>xxx4231<br>467 / 10305 | WMI Inv Corp<br>Total | Combined<br>Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Opening Balance - 03/31/2010 | 261,971,934 | 3,676,983,920 | 4,660 | 749,607 | 6,947,385 | 6,563,772 | 3,953,221,278 | 53,617,915 | 258,089 | 53,876,004 | 4,007,097,282 |
| **Receipts** | | | | | | | | | | | |
| Interest & investment returns | 31,130 | 436,936 | - | 89 | 2,263 | - | 470,419 | 6,575 | - | 6,575 | 476,994 |
| Tax refunds | | | | | | 370,303 | 370,303 | | | - | 370,303 |
| Reimbursements/distributions from subs | | | | | | - | - | | | - | - |
| Sales of assets/securities | | | | | | - | - | | | - | - |
| Net proceeds from BOLI/COLI | | | | | | 46,125,649 | 46,125,649 | | | - | 46,125,649 |
| Other miscellaneous receipts | | | | | | 274 | 274 | | | - | 274 |
| Total Receipts | 31,130 | 436,936 | - | 89 | 2,263 | 46,496,226 | 46,966,644 | 6,575 | - | 6,575 | 46,973,220 |
| **Transfers** | | | | | | | | | | | |
| Sweep to/(from) Money Market account | | | | | 8,000,000 | (8,000,000) | - | | | - | - |
| Transfer (to)/from Wells Managed Account | | | | | - | - | - | | | - | - |
| Total Transfers | - | - | - | - | 8,000,000 | (8,000,000) | - | - | - | - | - |
| **Disbursements** | | | | | | | | | | | |
| Salaries and benefits | | | | | | 349,450 | 349,450 | | | - | 349,450 |
| Travel and other expenses | | | | | | 33,331 | 33,331 | | | - | 33,331 |
| Occupancy and supplies | | | | | | 123,546 | 123,546 | | | - | 123,546 |
| Professional fees | | | | | | 10,923,645 | 10,923,645 | | 6,000 | 6,000 | 10,929,645 |
| Other outside services | | | | | | 552,802 | 552,802 | | | - | 552,802 |
| Bank fees | | | | | | 57,956 | 57,956 | | 9 | 9 | 57,965 |
| US Trustee quarterly Fees | | | | | | - | - | | | - | - |
| Directors fees | | | | | | 60,000 | 60,000 | | | - | 60,000 |
| Ahmanson Executive Plan Settlement | | | | | | 31,482,976 | 31,482,976 | | | - | 31,482,976 |
| Taxes paid | | | | | | 2,686 | 2,686 | | | - | 2,686 |
| Total Disbursements | - | - | - | - | - | 43,586,393 | 43,586,393 | - | 6,009 | 6,009 | 43,592,402 |
| Net Cash Flow | 31,130 | 436,936 | - | 89 | 8,002,263 | (5,090,167) | 3,380,252 | 6,575 | (6,009) | 566 | 3,380,818 |
| Cash - End of Month | 262,003,064 | 3,677,420,856 | 4,660 | 749,696 | 14,949,648 | 1,473,605 | 3,956,601,530 | 53,624,490 | 252,080 | 53,876,570 | 4,010,478,100 |
| GL Balance | 262,003,064 | 3,677,420,856 | 4,660 | 749,696 | 14,949,648 | 1,473,605 | 3,956,601,529 | 53,624,490 | 252,080 | 53,876,570 | 4,010,478,099 |
| Net value - short-term securities | | | | | | | 613,266,871 | | | 221,402,356 | 834,669,227 |
| Total Cash & Cash Equivalents | | | | | | | 4,569,868,400 | | | 275,278,926 | 4,845,147,326 |

In re Washington Mutual, Inc., et al.
Case No. 08-12229 (MFW)

April 2010 Monthly Operating Report -- UNAUDITED
MOR 1a and MOR 1c -- Cash

## Bank Reconciliations

The above-captioned debtors (the "Debtors") hereby submit this attestation regarding bank account reconciliations in lieu of providing copies of bank statements and copies of all account reconciliations.

I attest that each of the Debtors' bank accounts is reconciled to monthly bank statements except those certain accounts ending in 0667, 9626, and 9663 (the "Excluded Accounts"). The Debtors' standard practice is to ensure that each bank account is reconciled to monthly bank statements for each calendar month 30 days after month end.

In May 2009, JPMorgan started transitioning bank accounts from the WMB deposit platform to the JPMorgan deposit platform. Since the transition, JPMorgan has only provided the Debtors with bank account statements for certain months. The Debtors have not received bank statements for the period covered by this MOR for the Excluded Accounts. Therefore, the Debtors are unable to reconcile information related to the Excluded Accounts against a related bank statement. The Debtors have continued to record interest income on the accounts consistent with prior practice and based on an existing agreement with JPMorgan.

John Maciel
Chief Financial Officer
Washington Mutual, Inc.

Washington Mutual, Inc., et al
Case No. 08-12229 (MFW)
MOR-1B: Schedule of Professional Fees Paid
Month Ended Apr 30, 2010

Washington Mutual, Inc.

| Payee | Period Covered | Check Number | Check Date | Amount Paid - Apr'10* Fees | Amount Paid - Apr'10* Expense | Amount Paid CTD Fees | Amount Paid CTD Expense |
|---|---|---|---|---|---|---|---|
| Akin, Gump, Strauss, Hauer & Feld LLP | 10/01/09 - 02/28/10 | Wire | 04/29/10 | $ 860,813.97 | $ - | $ 10,293,681.23 | $ 305,566.47 |
| Alvarez & Marsal | 03/01/10 - 03/31/10 | Wire | 04/29/10 | 2,315,174.25 | 86,867.82 | 36,119,968.49 | 1,730,188.49 |
| CONSOR Intellectual Asset Management | | | | - | - | 255,318.00 | 3,249.00 |
| CP Energy Group, LLC | | | | | | 91,347.88 | 159.47 |
| Davis Wright Tremaine LLP | 10/01/09 - 01/31/10 | 2443 | 04/29/10 | 4,061.10 | - | 676,128.50 | 24,499.50 |
| Elliott Greenleaf | 10/01/09 - 01/31/10 | Wire, 2444 | 04/01/10, 04/29/10 | 159,653.95 | - | 579,917.25 | 32,756.45 |
| FTI Consulting, Inc. | 10/01/09 - 01/31/10 | Wire | 04/29/10 | 183,404.00 | - | 4,323,738.30 | 35,856.90 |
| Gibson, Dunn & Crutcher LLP | 06/01/09 - 01/31/10 | 2398, 2445 | 04/15/10, 04/29/10 | 65,087.90 | 2,306.63 | 680,607.25 | 12,423.11 |
| Grant Thornton | 10/01/09 - 01/31/10 | 2399, 2446 | 04/15/10, 04/29/10 | 47,162.20 | 3,520.22 | 414,433.40 | 35,171.96 |
| Joele Frank, Wilkinson Brimmer Katcher | 03/01/10 - 03/31/10 | 2383 | 04/08/10 | 17,836.88 | 2,594.36 | 156,173.13 | 12,150.76 |
| John W. Wolfe, P.S. | 10/01/09 - 02/28/10 | Wires | 04/15/10, 04/29/10 | 315,240.70 | 316.36 | 1,541,124.90 | 2,245.19 |
| Kurtzman Carson Consultants LLC | 03/01/10 - 03/31/10 | Wire | 04/22/10 | 71,383.22 | 144,345.16 | 1,603,463.19 | 144,345.16 |
| McKee Nelson LLP / Bingham McCutchen LLP | 10/01/09 - 02/28/10 | Wires | 04/15/10, 04/29/10 | 448,657.68 | 51,645.99 | 2,230,904.03 | 168,219.65 |
| Miller & Chevalier Chartered | 06/01/09 - 2/28/10 | 2405, 2423, Wire | 04/15/10, 04/22/10, 04/29/10 | 187,733.22 | 974.24 | 29,697.49 | 1,084.87 |
| Milliman | | | | | | 29,697.49 | |
| Pepper Hamilton LLP | 10/01/09 - 01/31/10 | Wire | 04/29/10 | 62,857.10 | - | 1,839,164.73 | 90,677.25 |
| Perkins Coie LLP | 09/01/09 - 01/31/10 | Wires | 04/15/10, 04/29/10 | 116,717.50 | 5,311.94 | 1,589,837.54 | 71,816.76 |
| PricewaterhouseCoopers LLP | 03/01/09 - 01/31/10 | Wire | 04/29/10 | 404,141.80 | - | 2,061,829.00 | 184,532.35 |
| Quinn Emanuel Urquhart Oliver & Hedges | 10/01/09 - 01/31/10 | Wires | 04/01/10, 04/15/10, 04/29/10 | 1,710,032.10 | 52,020.28 | 7,916,840.50 | 238,139.26 |
| Richards, Layton & Finger P.A. | 10/01/09 - 02/28/10 | Wire | 04/29/10 | 54,212.20 | - | 467,877.80 | 52,362.93 |
| Shearman & Sterling LLP | 10/01/09 - 01/31/10 | 2407, 2456 | 04/15/10, 04/29/10 | 52,408.56 | 733.08 | 945,101.96 | 18,898.61 |
| Silverstein & Pomerantz, LLP | | | | | | 14,826.00 | 77.53 |
| Simpson Thacher & Bartlett LLP | 11/01/09 - 01/31/10 | 2408, 2457 | 04/15/10, 04/29/10 | 5,207.20 | - | 455,476.25 | 11,045.33 |
| Towers, Perrin, Forster & Crosby, Inc. | | | | | | 127,901.43 | - |
| Venable LLP | 01/11/10 - 01/31/10 | Wire | 04/29/10 | 184,473.96 | - | 184,473.96 | |
| Weil, Gotshal & Manges LLP | 09/01/09 - 12/31/10 | Wires | 04/15/10, 04/29/10 | 3,306,749.90 | - | 18,939,325.90 | 456,149.30 |
| Total | | | | $10,573,009.39 | $350,636.08 | $94,000,005.07 | $3,631,616.30 |

WMI Investment Corp.

| Payee | Period Covered | Check Number | Check Date | Amount Paid - Apr'10* Fees | Amount Paid - Apr'10* Expense | Amount Paid CTD Fees | Amount Paid CTD Expense |
|---|---|---|---|---|---|---|---|
| CP Energy Group, LLC | | | | | | 22,000.00 | 42.77 |
| Goldman, Sachs & Co. | | | | | | 300,000.00 | - |
| Total | | | | $ - | $ - | $ 322,000.00 | $ 42.77 |

* Interim fee applications and multiple invoices were paid paid during this period.

Washington Mutual, Inc., et al.  Case No. 08-12229 (MFW)
April 2010 Monthly Operating Report -- UNAUDITED
MOR 2 Statement of Operations for the period 04/1/10 to 04/30/10

|  | Washington Mutual, Inc. | | WMI Investment Corp. | |
|---|---:|---:|---:|---:|
|  | April 2010 | Cumulative to Date | April 2010 | Cumulative to Date |
| **Revenues:** | | | | |
| Interest income: | | | | |
|   Cash equivalents | 595,357 | 14,473,186 | 34,580 | 754,525 |
|   Securities | 247,365 | 4,973,668 | - | 2,976,201 |
|   Notes receivable - intercompany | 48,480 | 1,309,496 | - | 1 |
|   Other | 155 | 1,031,266 | - | - |
|     Total interest income | 891,356 | 21,787,617 | 34,580 | 3,730,727 |
| Earnings (losses) from subsidiaries and other equity investments | 7,419,538 | (180,258,572) | (358,974) | (5,496,152) |
| Gains (losses) from securities / investments | (42,022) | (10,043,716) | - | (112,260,368) |
| Other income | 172,637 | 3,451,242 | - | (0) |
|   Total revenues | 8,441,509 | (165,063,429) | (324,394) | (114,025,793) |
| **Operating expenses:** | | | | |
| Compensation and benefits | 639,812 | 8,239,054 | - | - |
| Occupancy and equipment | 80,823 | 1,735,361 | - | - |
| Professional fees | 721,391 | 11,251,660 | - | 148 |
| Loss / (Income) from BOLI/COLI policies | (517,595) | (7,661,278) | - | - |
| Management fees / Transition services | 30,000 | 2,270,014 | - | - |
| Insurance | 225,000 | 16,104,204 | - | - |
| Other | 394,884 | 2,567,746 | 14,453 | 495,181 |
|   Total operating expenses | 1,574,315 | 34,506,762 | 14,453 | 495,329 |
| Net profit (loss) before other income and expenses | 6,867,194 | (199,570,191) | (338,847) | (114,521,123) |
| **Other income and expenses:** | | | | |
| Interest expense: | | | | |
|   Notes payable - intercompany | - | - | - | - |
|   Borrowings | - | - | - | - |
|     Total interest expense | - | - | - | - |
| Other expense / (income) | - | (55,028,000) | - | - |
| Net profit (loss) before reorganization items | 6,867,194 | (144,542,191) | (338,847) | (114,521,123) |
| **Reorganization items:** | | | | |
| Professional fees | 6,446,753 | 102,797,774 | - | 322,043 |
| Claims Adjustments | 1,060,528 | 24,336,509 | - | - |
| US Trustee quarterly fees | 30,000 | 143,000 | 325 | 11,375 |
| Gains (losses) from sale of assets | - | - | - | - |
| Other reorganization expenses | 258,105 | 9,249,598 | - | - |
|   Total reorganization items | 7,795,386 | 136,526,881 | 325 | 333,418 |
|   Net profit (loss) before income taxes | (928,192) | (281,069,072) | (339,172) | (114,854,540) |
| **Income taxes** | - | 4,050 | - | - |
| **Net profit (loss)** | (928,192) | (281,073,122) | (339,172) | (114,854,540) |
| Income tax rate | 0.0% | 0.0% | 0.0% | 0.0% |

Washington Mutual, Inc., et al.  
April 2010 Monthly Operating Report -- UNAUDITED  
MOR 3 Balance Sheet as of 04/30/2010 and 9/26/2008

Case No. 08-12229 (MFW)

|  | Washington Mutual, Inc. | | WMI Investment Corp. | |
|---|---:|---:|---:|---:|
|  | 4/30/2010 | 9/26/08 | 4/30/2010 | 9/26/08 |
| **Assets:** | | | | |
| Unrestricted cash and cash equivalents | 4,569,868,400 | 4,018,083,009 | 275,278,926 | 52,974,376 |
| Restricted cash and cash equivalents | 94,604,280 | 145,668,884 | - | - |
| Investment securities | 68,453,974 | 59,688,627 | - | 266,444,881 |
| Accrued interest receivable | 764,264 | 413,253 | 3,746 | 4,084,658 |
| Income tax receivable | 475,913,725 | 742,680,150 | 22,187,560 | 22,187,560 |
| Prepaid expenses | 2,821,518 | 11,311,510 | - | - |
| Cash surrender value of BOLI/COLI | 44,364,032 | 84,039,738 | - | - |
| Funded Pension | 39,173,922 | 638,870,071 | - | - |
| Other investments | - | 23,668,909 | 58,171,550 | 65,952,708 |
| Investment in subsidiaries | 1,484,162,277 | 1,895,218,467 | - | - |
| Notes receivable - intercompany | 12,699,618 | 58,001,133 | 565,844,197 | 565,844,197 |
| Fixed Assets | 79,113 | - | - | - |
| Other assets | 96,532,643 | 23,489,277 | - | - |
| Total assets | 6,889,437,767 | 7,701,133,028 | 921,485,980 | 977,488,380 |
| **Liabilities not subject to compromise (Postpetition):** | | | | |
| Accounts payable | 2,298,719 | - | 4,875 | - |
| Accrued wages and benefits | 547,063 | - | - | - |
| Other accrued liabilities | 15,369,966 | - | 14,825 | - |
| Minority interest | 1,113,533 | 3,104,022 | - | - |
| Total post-petition liabilities | 19,329,282 | 3,104,022 | 19,700 | - |
| **Liabilities subject to compromise (Pre-petition):** | | | | |
| Senior debt | 4,132,421,622 | 4,126,545,947 | - | - |
| Subordinated debt | 1,666,464,970 | 1,662,295,485 | - | - |
| Junior subordinated debt | 765,674,200 | 752,445,436 | - | - |
| Intercompany payables | 684,095,259 | 684,095,258 | - | - |
| Accounts payable | 4,480,720 | 3,941,450 | - | - |
| Taxes payable | 550,769,514 | 550,080,833 | - | - |
| Payroll and benefit accruals | 386,864,900 | 407,215,221 | - | - |
| Other accrued liabilities | 76,325,795 | 92,259,015 | - | - |
| Other pre-petition liabilities | 198 | 223 | - | - |
| Total pre-petition liabilities | 8,267,097,177 | 8,278,878,868 | - | - |
| Total liabilities | 8,286,426,458 | 8,281,982,890 | 19,700 | - |
| **Shareholders' equity:** | | | | |
| Preferred stock | 3,392,341,954 | 3,392,341,953 | - | - |
| Common stock | 12,988,753,556 | 12,988,753,556 | 1,000,000,000 | 1,000,000,000 |
| Other comprehensive income | (754,819,113) | (222,770,180) | 22,187,560 | (36,644,880) |
| Retained earnings - pre-petition | (16,742,191,966) | (16,739,175,191) | 14,133,260 | 14,133,260 |
| Retained earnings - post-petition | (281,073,122) | - | (114,854,540) | - |
| Total shareholders' equity | (1,396,988,691) | (580,849,862) | 921,466,280 | 977,488,380 |
| Total liabilities and shareholder's equity | 6,889,437,767 | 7,701,133,028 | 921,485,980 | 977,488,380 |

In re Washington Mutual, Inc., et al.
Case No. 08-12229 (MFW)

NOTES TO MOR-2 and MOR-3

# Note 1: Plan of Reorganization and Settlement Agreement

On March 26, 2010, the Debtors filed a proposed plan of reorganization pursuant to chapter 11 of the Bankruptcy Code and related Disclosure Statement, which were first amended on May 16, 2010.

On May 21, 2010, the Debtors filed their Second Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code [D.I. 2622] (the "Plan") and related Disclosure Statement [D.I. 2623] (the "Disclosure Statement") with the Bankruptcy Court. The Plan is premised upon implementation of a Settlement Agreement (the "Settlement Agreement") which represents a compromise of certain disputes among the Debtors, JPMorgan, the FDIC (as receiver for WMB and in its corporate capacity), the Creditors' Committee and certain significant creditor constituencies (as described below).

The Settlement Agreement is an integral part of the Plan and is subject to final confirmation of the Plan. On the basis of the foregoing, the balance sheet and operating statement in this monthly operating report do not reflect any of the financial arrangements or settlements set forth in the Settlement Agreement.

The foregoing notwithstanding, aspects of the Plan are referred to in the Notes to MOR 2 and MOR 3 herein; however, users of this monthly operating report should refer to the Plan, Disclosure Statement, Settlement Agreement and related documents directly for complete information.

# Note 2: Washington Mutual Preferred Funding

On September 25, 2008, the Office of Thrift Supervision concluded that an "Exchange Event" had occurred with respect to the following securities (the "Securities"):

- Washington Mutual Preferred Funding Trust I Fixed-to-Floating Rate Perpetual Non-cumulative Trust Securities (to be exchanged into depositary shares representing Series I Perpetual Non-Cumulative Fixed-to-Floating Rate Preferred Stock of WMI);

- Washington Mutual Preferred (Cayman) I Ltd. 7.25% Perpetual Non-cumulative Preferred Securities, Series A-1 (to be exchanged into depositary shares representing Series J Perpetual Non-Cumulative Fixed Rate Preferred Stock of Washington Mutual, Inc. ("WMI"));

- Washington Mutual Preferred (Cayman) I Ltd. 7.25% Perpetual Non-cumulative Preferred Securities, Series A-2 (to be exchanged into depositary shares representing Series J Perpetual Non-Cumulative Fixed Rate Preferred Stock of WMI);

- Washington Mutual Preferred Funding Trust II Fixed-to-Floating Rate Perpetual Non-cumulative Trust Securities (to be exchanged into depositary shares representing Series L Perpetual Non-Cumulative Fixed Rate Preferred Stock of WMI);

- Washington Mutual Preferred Funding Trust III Fixed-to-Floating Rate Perpetual Non-cumulative Trust Securities (to be exchanged into depositary shares representing Series M Perpetual Non-Cumulative Fixed Rate Preferred Stock of WMI); and

- Washington Mutual Preferred Funding Trust IV Fixed-to-Floating Rate Perpetual Non-cumulative Trust Securities (to be exchanged into depositary shares representing Series N Perpetual Non-Cumulative Fixed-to-Floating Rate Preferred Stock of WMI).

In accordance with the terms of the documents governing the Securities, the Conditional Exchange (as defined in the disclosure materials related to the Securities) of the Securities occurred on Friday, September 26, 2008 at 8:00 A.M. (New York time). The documentation governing the Securities contemplates that at the time of the

Conditional Exchange, each outstanding Security was intended to be exchanged automatically for a like amount of newly issued Fixed Rate Depositary Shares or newly issued Fixed-to-Floating Rate Depositary Shares, as applicable, each representing a 1/1000th interest in one share of the applicable series of preferred stock of WMI. If and until such depositary receipts are delivered or in the event such depositary receipts are not delivered, any certificates previously representing Securities are deemed for all purposes, effective as of 8:00 AM (New York time) on September 26, 2008, to represent Fixed Rate Depositary Shares or Fixed-to-Floating Rate Depositary Shares, as applicable.

WMI and its advisors currently are assessing a number of legal, accounting and tax issues related to the Securities and the transactions related to the Conditional Exchange. Because of these unresolved issues, WMI has not yet reflected the Conditional Exchange and/or its attendant transactions on its financial statements, including any possible interests (direct or indirect, contingent or otherwise) in the Securities and the assets, as the case may be, of Washington Mutual Preferred Funding LLC.

Assuming that the Conditional Exchange had been completed in accordance with the terms of the relevant documentation, on *a pro forma* basis, WMI's financial statements would reflect (a) a credit to shareholders' equity of approximately $3.9 billion upon issuance of the new classes of preferred stock; (b) an investment in subsidiary (i.e. WMB) of approximately $3.9 billion upon contribution of the Preferred Securities by WMI to WMB; and (c) an immediate and corresponding write-down of such investment in subsidiary.

Pursuant to the terms of the Settlement Agreement, upon consummation of the Plan, WMI and relevant third parties will complete the Conditional Exchange.

## Note 3: Restricted Cash and Cash Equivalents

WMI's restricted cash and cash equivalents of $95 million includes $36 million of accumulated dividends related to amounts held in escrow pertaining to that certain action styled as *American Savings Bank, F.A et al. v United States*, Case No 92-872C pending in the United States Court of Federal Claims, $53 million in a deposit account pledged as collateral to secure prepetition intercompany transactions between WMI and WMB and $6 million held as part of a Rabbi Trust.

Pursuant to the terms of the Settlement Agreement, upon consummation of the Plan, WMI will take possession of the $53 million deposit account pledged as collateral for prepetition intercompany transactions with WMB, free and clear of any interest or liens asserted by JPMorgan.

## Note 4: BOLI/COLI

On April 2, 2010, the Bankruptcy Court entered an order approving a settlement between WMI and certain employee benefit plan participants. Pursuant to that order and the settlement agreement, participants in the H.F. Ahmanson & Company Senior Executive Life Insurance Plan (SELIP) surrendered life insurance policies in which WMI held a collateral assignment, resulting in the liquidation of WMI's share of such policies' cash value. In consideration thereof, WMI provided the participants with funds intended to (i) replicate the cost for each participant to purchase a new life insurance policy providing the same death benefit and (ii) assist with related tax liabilities. Further, in a compromise and settlement of certain claims asserted by the plan participants, WMI agreed to pay amounts owed under the H.F. Ahmanson Supplemental Executive Retirement Plan to the plan participants.

WMI received $14.6 million pursuant to the H.F Ahmanson & Company SELIP settlement.

## Note 5: Investment in Subsidiaries

WMI's investment in subsidiaries represents the book value of WMI's subsidiaries, including WMI Investment. This balance does not represent the market value of these entities.

WMI subsidiaries hold unsecured notes receivable from WMB or JPMorgan, as the case may be, totaling approximately $180 million.

Pursuant to the terms of the Settlement Agreement, upon consummation of the Plan, JPMorgan will repay with interest the unsecured notes receivable to WMI subsidiaries.

## Note 6: Funded Pension

The funded pension balance reflects the (1) the market value of assets as of December 2, 2008 less (2) the November 2008 actuarial estimated settlement value of September 25, 2008 liabilities. The value does not reflect any recent changes in market values, interest rate assumptions and the participants since November 2008 which could materially affect the results.

Pursuant to the terms of the Settlement Agreement, upon consummation of the Plan, WMI will transfer sponsorship of the pension plan to JPMorgan, including certain related assets, and JPMorgan will assume the pension plan liabilities.

## Note 7: Taxes

The tax asset and liability balances are recorded consistent with WMI's historical accounting practices as of the Petition Date and adjusted for refunds collected. Generally, tax related claims and payables are recorded on WMI's books and records on a consolidated basis with the other members of the consolidated tax group and have not been adjusted for any potential claims against these assets. The current recorded balances do not reflect all expected refunds or payments as these amounts are currently being reviewed. The current estimate for the total expected refunds, net of potential payments, is in the range of approximately $2.7 - $3.0 billion (including interest but excluding tax refunds attributable to the Act, as described below). Various parties claim ownership rights to these refunds. As set forth in the Settlement Agreement, upon consummation of the Plan, WMI and JPMorgan will split the above-referenced net tax refunds 20%/80%, respectively (once received). Further, since Petition Date, WMI has received approximately $250 million in tax refunds. These refunds are subject to the same allocation as referenced above.

On November 6, 2009, the Worker, Homeownership, and Business Assistance Act of 2009 (the "Act") was enacted into law. The Act provides, in pertinent part, that corporate taxpayers, subject to certain limitations, may elect to extend the permitted Net Operating Loss ("NOL") carryback period from two years to five years (with such taxpayers only receiving half this benefit in the fifth year). Pursuant thereto, WMI elected to carry back its 2008 NOL five years. WMI currently estimates an additional expected tax refund attributable to the Act of approximately $2.8 billion, including interest, as to which there are competing claims of ownership. As set forth in the Settlement Agreement, upon consummation of the Plan, WMI and the FDIC will split the tax refunds attributable to the Act (and actually received) 65.178%/34.822%, respectively. Pursuant to the terms of the Plan and the Settlement Agreement, if the Class of Non-Subordinated Bank Bondholder Claims (as defined in the Plan) votes to accept the Plan, then, such claims will be deemed allowed against the Debtors and will receive 5.357% of refunds attributable to the Act, subject to a cap of $150 million. If the Class of Non-Subordinated Bank Bondholder Claims votes to reject the Plan, then the Debtors will distribute amounts for such claims to the extent they are determined to be allowed by the Bankruptcy Court against the Debtors.

No provision or benefit from income taxes has been recorded as the NOLs are expected to be sufficient to offset income during the reported period. Income tax expense contains minimum taxes paid in certain states.

# Note 8: Liabilities Subject to Compromise (Pre-Petition) – Payroll and Benefit Accruals

WMI's pre-petition payroll and benefit accruals include balances reflecting WMI's historic accounting policies related to pension accounting. Prior to the Petition Date, WMI recorded a $274 million liability in respect of such accruals and WMB recorded a $274 million asset, which amounts were netted out and eliminated on a consolidated basis. Neither balance was reported as an intercompany balance. WMI is analyzing these accounting entries and treatment within the context of its bankruptcy proceedings.

As set forth in the Settlement Agreement, upon consummation of the Plan, any potential liability related to this pension accounting will be waived.

Washington Mutual, Inc. / WMI Investment Corp.
April 2010 Monthly Operating Report -- UNAUDITED
MOR 4 Status of Postpetition Taxes

| | | Washington Mutual, Inc. | | | | | WMI Investment Corp | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Federal | NOTES | Beginning Tax Liability | Amt approved for pmt | Taxes collected | Taxes remitted | Closing Balance Post Petition | Beginning Tax Liability | Amt approved for pmt | Taxes collected | Taxes remitted | Closing Balance Post Petition |
| Withholding | * | 29,986.00 | - | 9,596,244.37 | (9,599,783.37) | 26,447.00 | | | | | |
| FICA -- Employee | * | 4,500.19 | - | 195,935.13 | (196,364.06) | 4,071.26 | | | | | |
| FICA -- Employer | * | 4,500.19 | 195,935.13 | - | (196,364.06) | 4,071.26 | | | | | |
| Unemployment | * | 952.00 | 672.00 | - | (1,624.00) | - | | | | | |
| Income | * | - | - | - | - | - | | | | | |
| Other | | - | - | - | - | - | | | | | |
| Total Federal | | 39,938.38 | 196,607.13 | 9,792,179.50 | (9,994,135.49) | 34,589.52 | - | - | - | - | - |
| State and Local | | | | | | | | | | | |
| CA Withholding | * | - | - | 2,864,445.26 | (2,864,445.26) | - | | | | | |
| CA Disability | * | - | - | 12,317.76 | (12,317.76) | - | | | | | |
| CA Unemployment | * | - | 2,856.00 | - | (2,856.00) | - | | | | | |
| CA Employment Training Tax | * | - | 84.00 | - | (84.00) | - | | | | | |
| WA Withholding | n/a | - | - | - | - | - | | | | | |
| WA Disability | | 1,165.31 | 230.65 | 165.14 | (1,165.31) | 395.79 | | | | | |
| WA Unemployment | | 16,478.45 | 1,066.96 | - | (16,478.45) | 1,066.96 | | | | | |
| Sales/Use | ** | - | - | - | - | - | | | | | |
| Real Property | n/a | - | - | - | - | - | | | | | |
| Personal Property | n/a | - | - | - | - | - | | | | | |
| Other | | 2,686.14 | 928.38 | - | (2,686.13) | 928.39 | | | | | |
| Total State and Local | | 20,329.90 | 5,165.99 | 2,876,928.16 | (2,900,032.91) | 2,391.14 | - | - | - | - | - |
| Total Taxes | | 60,268.28 | 201,773.12 | 12,669,107.66 | (12,894,168.40) | 36,980.66 | | | | | |

NOTES

\* WMI has booked no federal income tax on its post-petition income tax provision, nor has it made any federal payments.
\*\* WMI does not have any Washington or City of Seattle sales/use tax liability for the month of April
\*\*\* Includes effect of tax withholding from payout to SSERP/SELIP participants

I attest that all tax returns have been filed in accordance with federal / state / county / city requirements for the above period

John Maciel
Chief Financial Officer
Washington Mutual, Inc., et al

Washington Mutual, Inc. and WMI Investment Corp.
Tax Return Filings
For the Period 4/1/2010 through 4/30/2010

### Property Tax Filings:

No property tax returns were filed during the period 4/1/2010 through 4/30/2010.

### Sales/Use Tax Filings:

No sales/use tax returns were filed during the period 4/1/2010 through 4/30/2010.

### Payroll Tax Filings:

| Entity | Jurisdiction | Filing Description | Due Date | Date Filed |
|---|---|---|---|---|
| WMI | IRS (Federal) | Withholding summary of deposits and filings (semi-weekly) | 4/07/2010 | 4/07/2010 |
| WMI | IRS (Federal) | Withholding summary of deposits and filings (semi-weekly) | 4/16/2010 | 4/16/2010 |
| WMI (1) | California | Withholding summary of deposits and filings | 4/16/2010 | 4/15/2010 |
| WMI (1) | California | Disability insurance filings | 4/16/2010 | 4/15/2010 |
| WMI (1) | California | Unemployment summary of deposits and filings | 7/31/2010 | 4/15/2010 |
| WMI (1) | California | Employment training tax reporting | 7/31/2010 | 4/15/2000 |
| WMI | Washington | Unemployment summary of deposits and filings (quarterly) | 4/30/2010 | 4/30/2010 |
| WMI | Washington | Labor and industries (quarterly) | 4/30/2010 | 4/30/2010 |

### Corporate Income Tax/Franchise Tax/Gross Receipts Tax Filings:

| Entity | Jurisdiction | Filing Description | Due Date | Date Filed |
|---|---|---|---|---|
| WMI & Subs | Alaska | Corporation income tax return | 4/15/2010 | 4/13/2010 |
| WMI | Washington | Business and occupation tax return | 4/30/2010 | 4/23/2010 |
| WMI | City of Seattle | Business license tax return | 4/30/2010 | 4/23/2010 |

(1) Filings required based on tax withholdings from SSERP/SELIP payouts

Washington Mutual, Inc., et al
MOR-4: Post Petition Accounts Payable Aging by Vendor
As of April 30, 2010

Case No. 08-12229 (MFW)

Washington Mutual, Inc.

| Vendor | Current* | 31 - 60 | 61 - 90 | 91 and Over | Total |
|---|---|---|---|---|---|
| Akin, Gump, Strauss, Hauer & Feld LLP | $ 108,706.45 | $ - | $ - | $ - | $ 108,706.45 |
| BANG Office Interiors | 1,267.92 | - | - | - | 1,267.92 |
| Bingham McCutchen LLP / McKee Nelson LLP | 49,799.40 | - | - | - | 49,799.40 |
| Bowne of Los Angeles, Inc. | 103,234.80 | - | - | - | 103,234.80 |
| Brouwer, Curt | 2,128.54 | - | - | - | 2,128.54 |
| Comcast | 199.90 | - | - | - | 199.90 |
| CVM | 25,667.00 | - | - | - | 25,667.00 |
| Davis Wright Tremaine LLP | 7,271.45 | - | - | - | 7,271.45 |
| FTI Consulting, Inc. | 482,109.38 | - | - | - | 482,109.38 |
| Grant Thornton | 27,401.82 | - | - | - | 27,401.82 |
| John W. Wolfe, P.S. | 269,283.09 | - | - | - | 269,283.09 |
| Miller & Chevalier Chartered | 125,928.42 | - | - | - | 125,928.42 |
| Pepper Hamilton LLP | 42,648.70 | - | - | - | 42,648.70 |
| Pitney Bowes Inc. | 1,379.39 | - | - | - | 1,379.39 |
| Quinn Emanuel Urquhart Oliver & Hedges | 750,621.28 | - | - | - | 750,621.28 |
| Richards, Layton & Finger P.A. | 7,092.40 | - | - | - | 7,092.40 |
| Shearman & Sterling LLP | 56,674.94 | - | - | - | 56,674.94 |
| Silverstein & Pomerantz, LLP | 3,706.50 | - | - | - | 3,706.50 |
| Simpson Thacher & Bartlett LLP | 5,159.50 | - | - | - | 5,159.50 |
| Struck, Peter | 1,438.55 | - | - | - | 1,438.55 |
| Towers Watson Pennsylvania Inc. | 227,000.00 | - | - | - | 227,000.00 |
| **Total** | **$ 2,298,719.43** | **$ -** | **$ -** | **$ -** | **$ 2,298,719.43** |

WMI Investment Corp.

| Vendor | Current | 31 - 60 | 61 - 90 | 91 and Over | Total |
|---|---|---|---|---|---|
| U.S. Trustee | $ 4,875.00 | $ - | $ - | $ - | $ 4,875.00 |
| **Total** | **$ 4,875.00** | **$ -** | **$ -** | **$ -** | **$ 4,875.00** |

NOTES
*Any holdback for professionals pursuant to their respective retention orders are included in "Current."

## DEBTOR QUESTIONNAIRE

| Must be completed each month | Yes | No |
|---|---|---|
| 1. Have any assets been sold or transferred outside the normal course of business this reporting period? If yes, provide an explanation below. | X | |
| 2. Have any funds been disbursed from any account other than a debtor in possession account this reporting period? If yes, provide an explanation below. | | X |
| 3. Have all post petition tax returns been timely filed? If no, provide an explanation below. | X | |
| 4. Are workers compensation, general liability and other necessary insurance coverage in effect? If no, provide an explanation below. | X | |
| 5. Has any bank account been opened during the reporting period? If yes, provide documentation identifying the opened account(s). If an investment account has been opened provide the required documentation pursuant to the Delaware Local Rule 4001-3. | | X |

Explanations:

1. During April 2010, various life insurance policies underlying the Supplemental Executive Life Insurance Plan established for eligible senior executives of H. F. Ahmanson & Company (HFA) in 1993-94 were surrendered and WMI received distribution of the proceeds, pursuant to the order of the Bankruptcy Court dated April 2, 2010. WMI acquired HFA on October 2, 1998 and assumed all rights and obligations of HFA under the plans.