# EXHIBIT A



JEREMY B. COFFEY
Counselor at Law
direct dial: 617-856-8595
direct fax: 617-289-0518
jcoffey@brownrudnick.com

One
Financial
Center
Boston
Massachusetts
02111
tel 617.856.8200
fax 617.856.8201

May 27, 2010

VIA E-MAIL

Brian S. Rosen
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Re: <u>In re Washington Mutual, Inc., et al. ("Debtors")</u>

Dear Brian:

    We have reviewed the Debtors' second amended disclosure statement (the "<u>Disclosure Statement</u>"), in comparison to the objection (the "<u>Objection</u>") of the TPS Consortium to the prior version of the Disclosure Statement. In our view, the amendments to the Disclosure Statement fail to resolve the issues raised by the Objection, and the Disclosure Statement remains deficient in significant respects.

    At your invitation, we offer in this letter examples of additions to the Disclosure Statement we believe are necessary to provide "adequate information" within the meaning of Bankruptcy Code Section 1125.

| DS Reference/Topic | Requested Addition/Modification |
|---|---|
| § I.B. | In connection with the discussions regarding the "D.C. Action," the "JPMC Adversary," and the "Turnover Action," please provide disclosure regarding the amount of discovery conducted by or on behalf of the Debtors in connection with each action, including the number of depositions conducted and the amount or type of other discovery completed. |

| DS Reference/Topic | Requested Addition/Modification |
|---|---|
| § I.B.2.b. | Please add the following language at the end of the second paragraph of Section I.B.2.b: <br><br> The documents on which the FDIC apparently relies in asserting the existence of that commitment were not disclosed to the public at the time of the issuance of the Trust Preferred Securities or at any time prior to the seizure and sale of WMB. Parties proposed to be treated under Class 19 of the Plan have taken the position that certain third parties may have significant liability for, among other matters, the failure to disclose these documents. <br><br> Please add the following language at the end of the third paragraph of Section§ I.B.2.b: <br><br> Throughout these cases, the Debtors have stated, in each of their monthly operating reports, that neither the Exchange Event nor its attendant transactions has been reflected on the Debtors' financial statements. By the Global Settlement, the Debtors seek to take steps necessary to consummate and/or effectuate the Exchange Event. A consortium of holders proposed to be treated under Class 19 of the Plan has raised questions, inter alia, as to whether the Exchange Event: (a) occurred; and/or (b) should be given effect. To the extent such holders are correct, the Trust Preferred Securities would not be part of the Debtors' estates and could not be transferred to JPMC pursuant to the Global Settlement. <br><br> Please provide disclosure regarding the current status of the asset trust(s) associated with the Trust Preferred Securities, including current balance(s), performance of the underlying assets during the pendency of the cases, and the amount of dividends or other payments made on account of the Trust Preferred Securities during the cases. |

| DS Reference/Topic | Requested Addition/Modification |
|---|---|
| § I.C. | Please provide additional disclosure regarding the "careful analysis" referenced in Section I.C. In particular, please provide further disclosure regarding who conducted that analysis, what was considered, and when that analysis was conducted.<br><br>Please provide additional disclosure regarding the "substantial expense of litigating" referenced in Section I.C., including the Debtors' estimates as to the cost of pursuing claims proposed to be compromised under the Plan and how such estimates were derived.<br><br>Please provide additional disclosure regarding the "length of time necessary to resolve each of the issues" referenced in Section I.C., including the Debtors' estimates as to the amount of time necessary to pursue the various actions proposed to be compromised under the Plan and how such estimates were derived. |
| § I.C.3. | Please provide an estimate of the value of each asset proposed to be transferred to JPMC under the Plan, and a description of the methodology or process by which those values were derived. |
| § I.C.4.a. | Please provide additional disclosure regarding the valuation of the Class B Shares of Visa Inc., including an explanation of the reasons the amount to be paid by JPMC for those shares decreased by 50% from the initially-disclosed proposed settlement.<br><br>Please provide additional disclosure regarding the amount of liability related to the "Interchange" litigation purported to be assumed by JPMC under the Global Settlement. |
| § I.C.4.b. | Please provide additional disclosure regarding the intercompany obligations purported to be assumed or forgiven by JPMC under the Global Settlement, including the nature and amount of such obligations. |

| DS Reference/Topic | Requested Addition/Modification |
|---|---|
| § I.C.4.d. | Please provide an estimate of the liabilities or obligations to be assumed by JPMC related to remediation or clean-up costs and expenses associated with the BKK Litigation.<br><br>Please provide additional disclosure regarding the nature and estimated amount of any tort liability not to be assumed by JPMC in connection with the BKK Litigation. |
| § I.C.4.e. | Please provide, in the Disclosure Statement, disclosure regarding the dollar amount and nature of the JPMC Assumed Liabilities.<br><br>Please provide disclosure regarding the nature and amount of any liabilities or obligations carved out of the JPMC Assumed Liabilities. |
| § I.C.5. | Please provide disclosure as to the rights, titles or interests JPMC will sell, transfer or assign to the WMI Entities under the Global Settlement.<br><br>Please provide disclosure as to any rights or claims proposed to be waived or released by the JPMC Entities, the FDIC Receiver or FDIC Corporate under the Global Settlement. |
| § I.C.5. | Please disclose the current estimated amount of the JPMC Allowed Unsecured Claim. |
| § I.C.8. | Please provide disclosure as to the identities of the parties purported to have negotiated on behalf of holders of the REIT Series with respect to "Settlement with the REIT Series Holders" referenced in the Disclosure Statement, including the $50 million payment from JPMC to Class 19 under the Plan. |
| § IV.D. | Please disclose the face amount of the D&O Policies and an estimate of available coverage remaining thereunder. |

| DS Reference/Topic | Requested Addition/Modification |
|---|---|
| Negotiation of the Global Settlement | Please provide disclosure of any conflicts of interest amongst professionals acting on behalf of the Debtors and other parties to the negotiation of the proposed Global Settlement or who are proposed to receive value or releases under the Plan, including JPMC, the FDIC and the OTS. Please provide information as to how (if at all) such conflicts were accounted for the in the negotiation of the Global Settlement or in the formulation of the Plan. |
| Releases | Please provide disclosure as to the investigation or evaluation (if any) by the Debtors or their representatives of third party claims proposed to be released, enjoined or barred under the Plan.<br><br>Please add the following language to the end of Section I.C.9:<br><br>Parties proposed to be treated under Class 19 of the Plan have indicated their intention to oppose the Debtors' efforts to impose third-party releases on members of Class 19. These parties have asserted that the proposed releases are impermissible under applicable law and beyond the jurisdiction granted to the Bankruptcy Court. Finally, these parties have taken the position that the "opt out" procedure proposed by the Debtors is inappropriate and that releases may be enforced only against stakeholders who affirmatively elect to grant such releases. |
| Additional Claims Against JPMC | In Section I.C. (page 8), of the original version of the Disclosure Statement, reference was made to the Debtors' "inquiry into the existence of potential additional claims and causes of action of the Debtors and the Debtors' chapter 11 estates against JPMC . . ." That reference has been stricken from the current Disclosure Statement. Please provide disclosure as to the nature of any additional claims or causes of action the Debtors determined to exist against JPMC. |


Again, we believe the Disclosure Statement continues to fail to provide adequate information, and the Debtors should address the above issues, among others, before distribution of the Disclosure Statement to stakeholders. To the extent the Debtors refuse to make appropriate modifications to the Disclosure Statement, the TPS Consortium will press its Objection at any resumed Disclosure Statement hearing. Please contact us with any questions regarding the above.

Very truly yours,

Jeremy B. Coffey