# **EXHIBIT B**



JEREMY B. COFFEY
Counselor at Law
direct dial: 617-856-8595
direct fax: 617-289-0518
jcoffey@brownrudnick.com

One
Financial
Center
Boston
Massachusetts
02111
tel 617.856.8200
fax 617.856.8201

May 28, 2010

RE: <u>In re Washington Mutual, Inc., et al. (the "Debtors")</u>

To the Holders of Class 19 Interests:

We write today in our capacity as counsel to a consortium of investors (the "<u>TPS Consortium</u>") proposed to be treated under Class 19 of the Debtors' chapter 11 plan (the "<u>Plan</u>"), a copy of which is enclosed in the solicitation materials you have received with this letter. In connection with your receipt of the Plan and accompanying materials, the Debtors are seeking your approval of the Plan, which would then be subject to consideration by the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

**AS DISCUSSED BELOW, THE TPS CONSORTIUM BELIEVES THE PLAN, IF APPROVED IN ITS CURRENT FORM, WOULD INAPPROPRIATELY: (A) DEPRIVE HOLDERS OF CLASS 19 INTERESTS OF SIGNIFICANT VALUE; AND (B) RELEASE INAPPROPRIATELY VALUABLE CLAIMS AND CAUSES OF ACTION OF CLASS 19 INTEREST HOLDERS AGAINST NUMEROUS THIRD PARTIES. AS SUCH, THE TPS CONSORTIUM BELIEVES THE MEMBERS OF CLASS 19 SHOULD VOTE AGAINST THE PLAN AND DECLINE TO GRANT THE PROPOSED RELEASES (AS DISCUSSED BELOW).**

The TPS Consortium and its professionals have carefully reviewed the Plan, including the proposed "global settlement" in connection with which the Debtors seek authority to deliver significant additional value (in the form of assets and/or valuable releases of claims) to: (a) JPMorgan Chase, N.A. ("<u>JPMC</u>"); (b) other parties involved in the seizure and sale of Washington Mutual Bank to JPMC in September 2008; and (c) third parties involved in creation, issuance and sale of the Trust Preferred Securities associated with your Class 19 interest. Before casting your vote on the Plan, you should carefully review the accompanying disclosure statement.


And, the TPS Consortium believes you should also be made aware of the following issues the TPS Consortium has raised and will continue to raise in its opposition to Court-approval of the Plan:

- Prior to entering into the "global settlement," the Debtors initiated significant litigation against, among others, JPMC, the FDIC (the agency responsible for seizing and selling Washington Mutual Bank), and the Office of Thrift Supervision (the agency responsible for regulating Washington Mutual Bank during the period in which Congress has suggested the bank was involved in fraudulent conduct and excessively risky business practices). In connection with that litigation, the Debtors represented that the claims were meritorious.

- The Debtors had conducted, in the view of the TPS Consortium, minimal (and in some cases, perhaps, no) discovery or analysis of such claims at the time the Debtors entered into the "global settlement."

- It appears the Debtors' attorneys responsible for negotiating the "global settlement" had potentially disabling conflicts of interest with certain parties who, under the settlement, would receive significant additional benefits, including, without limitation: (i) JPMC; (ii) Goldman, Sachs & Co.; (iii) Citigroup; (iv) Morgan Stanley; (v) the FDIC; and (vi) the Office of Thrift Supervision.

- By the "global settlement," the Debtors seek permission to release their claims against JPMC, the FDIC, the Office of Thrift Supervision, and others. Through the Plan, the Debtors also seek an Order of the Court prohibiting **you** from pursuing potentially valuable claims against, among others: (i) JPMC; (ii) Goldman, Sachs & Co.; (iii) Citigroup; (iv) Morgan Stanley; (v) the FDIC; and (vi) the Office of Thrift Supervision.

- The Plan purports to allow you to "opt out" of such releases of your claims. But, the Debtors have also indicated an intent to ask the Court to ignore your exercise of such "opt out" rights, and still force you to release your claims. The TPS Consortium believes a forced release of your claims is inappropriate and contrary to applicable law.

- The TPS Consortium believes there are substantial arguments that the members of Class 19 still hold the Trust Preferred Securities, rather than preferred stock of Debtor Washington Mutual, Inc. (including that, under the operative documents and applicable law, the "Conditional Exchange" never occurred). If those arguments are successful, members of Class 19 would, potentially, be entitled to recovery of the full $4 billion liquidation preference.

- The "global settlement" includes a distribution to members of Class 19 amounting only to approximately one and one-quarter cents on the dollar – and seeks to deliver the Trust Preferred Securities, with a $4 billion liquidation preference, to JPMC for $50 million in cash or JPMC stock (at JPMC's election). The TPS Consortium believes members of Class 19 are entitled to significantly better recoveries, either from the Debtors or through the prosecution of the claims the Debtors seek to force you to release.

In sum, the TPS Consortium believes the Plan and "global settlement" fail to provide members of Class 19 with an appropriate recovery on account of their interests. In that regard, the TPS Consortium believes members of Class 19 will be benefited by voting against the Plan and electing to "opt out" of the releases proposed to be granted to JPMC, the FDIC, the Office of Thrift Supervision and others.

We would welcome the opportunity to speak with you and further explain our views prior to the casting of your ballot. In that regard, please feel free to contact me (617-856-8595) or my partner, Sigmund Wissner-Gross (212-209-4930), if you would like to discuss the TPS Consortium's position.

Very truly yours,

Jeremy B. Coffey