IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| WASHINGTON MUTUAL, INC., et al.,[1] | : | Case No. 08-12229 (MFW) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |

**OBJECTION OF THE BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM TO THE COMMITTEE
OF EQUITY SECURITY HOLDERS'
MOTION FOR RELIEF PURSUANT TO BANKRUPTCY RULE 2004**

The Board of Governors of the Federal Reserve System (the "Board of Governors"), submits the following objection to the Official Committee of Equity Security Holders' ("Committee") Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of the FDIC and Certain Third Parties [Docket # 4414] (the "Motion"). For the reasons stated below, the Court should deny the Motion as to Board of Governors.

**The Board of Governors and the Washington Mutual Entities**

1. The Board of Governors did not supervise the Debtors or any of their affiliates. The Board of Governors also is not the federal regulator of JPMorgan Chase Bank, N.A., the entity that acquired Washington Mutual from the FDIC, as receiver. The Board of Governors is the federal supervisor under the Bank Holding Company Act, 12 U.S.C. § 1841 *et seq.*, of JPMorgan Chase and Co. ("JPMC"), the parent of JPMorgan Chase Bank, N.A.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

2.      The Board of Governors was not the supervisor that appointed the FDIC as receiver of Washington Mutual Bank (that was the Office of Thrift Supervision ("OTS")), did not enter into an agreement to transfer certain assets and liabilities of Washington Mutual Bank to JPMorgan Chase Bank, N.A. (that was the FDIC in its receivership capacity), and did not approve the merger of Washington Mutual Bank into JPMorgan Chase Bank, N.A. (that was the Office of the Comptroller of the Currency). Accordingly, the Board of Governors was not a decisionmaker with respect to any of the transactions that the Committee is seeking to examine.

**ARGUMENT**

3.      The Board of Governors wholly joins the Objections filed by the FDIC-Receiver, the Objections filed by the U.S. Department of the Treasury, and the Objections filed by the OTS to the instant Motion.

4.      Even assuming that the Committee could demonstrate "good cause" for conducting a renewed Rule 2004 Examination to determine if the Debtor may have claims against JPMC, the Court must still weigh the interests of remote third parties such as the Board of Governors against those of the Committee. *See In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008) (balancing test is required in Rule 2004 to ensure that the intrusiveness is not greater than the expected benefit to the party seeking discovery). The party "seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *Eagle-Picher Indus.*, 169 B.R. 130,134-35 (Bankr. S.D. Ohio 1994)(Rule 2004 subpoena quashed where the proposed discovery was "extremely broad and would clearly be disruptive and costly" to the examinee "while the benefit to movants in assessing the proposal [was] far from clear"). As this Court recognized in denying the Debtors' earlier requests to subpoena third parties for the Debtors' Rule 2004 Examination, the balance militates against additional

discovery of third parties like the Board of Governors. *See In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998) ("if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied"). Indeed, nowhere in its motion papers does the Committee make any assertion – supported or otherwise – that the Board of Governors engaged in any act or otherwise has information in its possession that would advance its proposed Rule 2004 examination or any resulting claims. Accordingly, under any application of a balancing test, the Committee has failed to meet its burden of justifying a subpoena to the Board of Governors.

5.  In addition to those objections, the Board of Governors notes that the Committee has not yet complied with the *Touhy* regulations of the Board of Governors that require agency authorization before an employee may testify or confidential supervisory information be disclosed with respect to litigation. *See* 12 C.F.R. §§ 261.22 & .23; *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) (recognizing agency authority to proscribe regulations governing the production of agency documents and the examination of witnesses who are employed or were formerly employed by an agency). Accordingly, even if the Court authorizes the Committee's Rule 2004 examination, the Board of Governors specifically reserves the right to file a timely motion to quash (pursuant to Bankruptcy Rule 9016 and Federal Rule of Civil Procedure 45(c)), to include, *inter alia*, arguments related to the Committee's failure to comply with the Board of Governors' regulations regarding the production of information for use in legal proceedings.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Committee's Motion as to the Board of Governors.

Date: June 2, 2010 Respectfully submitted,

/s Stephen H. Meyer
STEPHEN H. MEYER
Assistant General Counsel
Board of Governors of the Federal Reserve System
20th & C Sts., NW
Washington, DC 20551
(202) 452-2522
(202) 736-5699 (fax)
stephen.h.meyer@frb.gov
Attorney for the Board of Governors
 of the Federal Reserve System