IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | : Chapter 11 |
| WASHINGTON MUTUAL, INC., et al.,[1] | : Case No. 08-12229 (MFW) |
| Debtors. | : Jointly Administered |
| | : RE: Docket No. 4376 |

**LIMITED RESPONSE OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, TO MOTION OF DEBTORS FOR AN ORDER, PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE, ESTABLISHING, AMONG OTHER THINGS, PROCEEDINGS AND DEADLINES CONCERNING OBJECTIONS TO CONFIRMATIONS AND DISCOVERY IN CONNECTION THEREWITH**

The Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits the following limited response (the "Limited Response") to the Motion of Debtors for an Order, Pursuant to Section 105(a) of the Bankruptcy Code, Establishing, Among Other Things, Proceedings and Deadlines Concerning Objections to Confirmations and Discovery in Connection Therewith [D.I. 4376] (the "Scheduling and Procedures Motion").

**LIMITED RESPONSE**

1. The FDIC-Receiver supports the Debtors' Scheduling and Procedures Motion and believes that the procedures proposed are reasonable and necessary in order to permit parties to efficiently conduct discovery in connection with the plan confirmation process in these bankruptcy cases. Nevertheless, the FDIC-Receiver files this Limited Response in order to preserve its rights and clarify exactly what discovery requests the FDIC-Receiver believes to be relevant under the terms proposed in the Scheduling and Procedures Motion.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

2.      The Scheduling and Procedures Motion seeks to establish a comprehensive plan for the confirmation process, including discovery and related issues which will limit the burden on third parties while preserving the rights of objectors to the Debtors' Second Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated May 21, 2010 (the "Plan") and related disclosure statement (the "Disclosure Statement"). Specifically with respect to the FDIC-Receiver, the Scheduling and Procedures Motion calls for an electronic document depository that would include "Settling Parties' relevant non-privileged documents concerning resolution of disputes with the Debtors, including documents concerning issues associated with the [Global Settlement Agreement]." Scheduling and Procedures Mot. ¶ 21. Such a procedure is necessary to avoid the inefficiency, burden and expense associated with uncoordinated, overlapping and overbroad discovery requests that parties have already filed in these cases. Furthermore, the relief sought in the Scheduling and Procedures Motion appropriately limits discovery to information relevant to objections to the Disclosure Statement and Plan confirmation.

3.      While the FDIC-Receiver supports the procedures set forth in the Scheduling and Procedures Motion, the FDIC-Receiver believes that any order entered in connection therewith should be modified in such a way as to appropriately limit potential discovery required on the part of the FDIC-Receiver. The FDIC-Receiver agrees to populate the document depository with all documents its outside counsel has within its possession that contain communications between the FDIC-Receiver's outside counsel and the Debtors regarding the Global Settlement Agreement. The FDIC-Receiver believes that providing such documents should satisfy the discovery needs of any objecting party. In the event that an objecting party wishes to seek further discovery from the FDIC-Receiver, they may request such documentation from the FDIC-Receiver after having reviewed the information provided by the FDIC-Receiver

to the document depository, and to the extent such request is consistent with the terms of any order this Court enters approving the Scheduling and Procedures motion.

4. The FDIC-Receiver believes the only information that is relevant to confirmation of the Plan is whether the compromises embodied in the Plan and the Global Settlement Agreement are a proper exercise of the Debtors' business judgment. Any information that the FDIC-Receiver could possibly have within its possession that would relate to whether the Debtors properly exercised their business judgment in determining whether to enter into the Global Settlement Agreement would necessarily be in the possession of the Debtors themselves. As contemplated in the Scheduling and Procedures Motion, this information will be made available by the Debtors in the proposed document depository to which all objecting parties will have access. As such, there is no need to impose upon the FDIC-Receiver the considerable time and expense of identifying any documentation beyond that which it has agreed to provide because any other documents the FDIC-Receiver could supply would inevitably be duplicative of the Debtors' production. Accordingly, the FDIC-Receiver reserves all rights to object to any discovery requests.

5. Additionally, Part 309 of Title 12 the Code of Federal Regulations sets forth the FDIC-Receiver's procedures for complying with third-party discovery requests for "exempt" documents and provides the FDIC with considerable discretion in determining the information it will provide. See 12 C.F.R. 309.6. Exempt records under Part 309 include commercial or financial information that is privileged or confidential, as well as records related solely to the internal personnel rules and practices of the FDIC. See 12 C.F.R. 309.5. Section 309.6 provides that the FDIC's general counsel, or his or her designee, "may disclose or authorize the disclosure of any exempt record in response to a valid judicial subpoena." 12 C.F.R. 309.6. In determining whether to make such a disclosure, the general counsel must

"consider the relevancy of such exempt records or testimony to the litigation, and the interests of justice, in determining whether to disclose such records or testimony." Id. Accordingly, the FDIC-Receiver reserves all rights to object to any discovery requests that include sensitive, confidential commercial or financial information that would be considered "exempt" under Part 309 and therefore may only be produced by the FDIC-Receiver where the FDIC's general counsel or designee exercises his or her discretion and chooses to comply with that request.

6. Accordingly, for all of the foregoing reasons, the Scheduling and Procedures Motion should be granted subject to the limitations set forth herein.

Date: Wilmington, Delaware
June 2, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

M. Blake Cleary (No. 3614)
Jaime N. Luton (No. 4936)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mbcleary@ycst.com
jluton@ycst.com

- and –

Thomas R. Califano
John J. Clarke, Jr
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Attorneys for the FDIC-Receiver