UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
        Debtors. : (Jointly Administered)
:
: Re: D.I. 4645
:
------------------------------------------------------------x

### DEBTORS' OBJECTION TO THE MOTION TO SHORTEN AND SCHEDULE HEARING ON MOTION OF THE OFFICIAL COMMITTEE OF EQUITY HOLDERS IN SUPPORT OF ORDER DIRECTING APPOINTMENT OF AN EXAMINER UNDER § 1104(c)

Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as debtors and debtors in possession (collectively, the "Debtors"), submit this objection (the "Objection") to the *Motion to Shorten Notice and Schedule Hearing on Motion of the Official Committee of Equity Security Holders in Support of Order Directing Appointment of an Examiner under 11 U.S.C. §1104(c) of the Bankruptcy Code* [Docket No. 4645] (the "Motion to Shorten"), filed by the Official Committee of Equity Security Holders (the "Equity Committee") with respect to the *Motion of the Official Committee of Equity Security Holders in Support of Order Directing Appointment of an Examiner under 11 U.S.C. §1104(c) of the Bankruptcy Code* [Docket No. 4644] (the "New Examiner Motion"). In support of this Objection, the Debtors respectfully represent as follows:

1. Despite the fact that there are two omnibus hearings scheduled each month in these cases, the Equity Committee has again requested a hearing on shortened notice. This time,

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue Suite 2500, Seattle, WA 98104.

RLF1 3579845v. 1

by its Motion to Shorten filed on June 8, 2010, the Equity Committee seeks to schedule the New Examiner Motion to be heard at the omnibus hearing currently scheduled for June 17, 2010 at 10:30 a.m. (the "June 17 Hearing") and set an objection deadline for June 14, 2010 at 4:00 p.m.

2. At a hearing on June 3, 2010, the Court requested that numerous parties take part in a meet and confer regarding discovery process and scheduling. Such meeting is scheduled to take place on June 10, 2010. The Debtors have been meeting and have engaged in discussions with the Equity Committee to address their discovery needs. In addition, there have been discussions between the parties regarding providing the Equity Committee with access to work product. The parties should be allowed to play out this process and report to the Court at the June 17 Hearing on the results of the meet and confer and the ongoing discussions with the Equity Committee. It is the Debtors' belief that it would be appropriate at that point for the Court to decide on scheduling a hearing on the New Examiner Motion.

3. The Equity Committee asserts that the proposed timing is appropriate because of changed circumstances. Motion to Shorten at ¶ 7. The underlying circumstances cited by the Court in its decision not to appoint an Examiner, however, have not changed. As the Court noted, these debtors "have been investigated to death," and "even the most experienced and talented investigator that the United States Trustee could appoint would not find any stone unturned." Hr'g Tr. 98:14-17, May 5, 2010. The only effect would be to saddle the creditors "with the cost of an investigation into systemic problems that would only benefit future parties but not benefit the parties in this case." Hr'g Tr. 99:9-11, May 5, 2010.

4. Also as stated by the Court, "the appointment of a third party to conduct that investigation and to report to the Court its conclusion is no substitute for the adversarial process extant in bankruptcy court and the duty of the Court, after hearing the views of the opposing

2

parties, to make a decision as to what assets the debtor owns, what the value of those assets is, whether a settlement is reasonable, in resolving a conflicting claim to those — to ownership to those assets." Hr'g Tr. 100:14-21, May 5, 2010.

5. As the Court is aware, the June 17 Hearing will also be the hearing on the approval of the Disclosure Statement where the Debtors will need to address over 600 objections to the Disclosure Statement filed thus far. Responding to and preparing for a hearing on the New Examiner Motion would be unduly burdensome in the short time frame requested by the Equity Committee, especially considering the number of items that are already scheduled to be heard at the June 17 Hearing.

6. Thus, under these circumstances, requiring the Debtors to respond to the New Examiner Motion on a shortened timeframe is unduly burdensome. The Debtors and other parties in interest should be granted the full amount of time allotted to them under the Bankruptcy Rules to be able to focus on the tasks at hand and also to analyze and respond to the New Examiner Motion. Accordingly, the Motion to Shorten should be denied.

3

Dated: June 8, 2010
      Wilmington, Delaware

/s/ Chun I. Jang

Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Chun I. Jang (No. 4790)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS TO THE DEBTORS
AND DEBTORS IN POSSESSION