UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WASHINGTON MUTUAL, INC., et al. | ) | |
| | ) | Case No. 08-12229 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | **Response Deadline: June 11, 2010** |
| | ) | **Hearing Date: June 17, 2010 at 10:30 a.m.** |
| | ) | **Re Docket Nos.: 3568, 4422, 4456, 4462, 4470 and 4484** |

## WMB NOTEHOLDER GROUP'S SUPPLEMENTAL OBJECTION TO THE DISCLOSURE STATEMENT FOR THE THIRD AMENDED JOINT PLAN

At the June 3, 2010 hearing on the Debtors' Third Amended Disclosure Statement (the "**DS**"), the Court originally indicated it would review the Debtors' responses to the various objections to the DS without the need for any supplemental objections. At the end of the hearing, however, the Court appeared to indicate that it would consider limited supplemental objections. This Supplemental Objection of the WMB Noteholder Group is being submitted on that basis and is intended only to identify the two objections to which the WMB Noteholder Group does not believe the Debtors have adequately responded.[1]

### SUMMARY OF OBJECTION

1. The WMB Noteholder Group's Supplemental Objection relates solely to those provisions of the DS addressing the treatment of the Group's Proof of Claim that remain unresolved following the Debtors' Omnibus Response to Disclosure Statement Objections (the "**DS Chart**") (Dkt. No. 4462) filed on June 2, 2010. First, the DS still does not clearly classify the Proof of Claim as a Non-Subordinated Bank Bondholder Claim (Class 17) or a Subordinated

---

[1] The WMB Noteholder Group's original objection was filed on May 28, 2010 (the "**First Objection**"; Dkt. No. 4422). All capitalized terms not otherwise defined herein shall have the meaning as set forth in the First Objection or in the Third Amended Plan and DS.

970339/33537

Bank Bondholder Claim (Class 18). Second, the DS is not clear as to exactly which claims, measured at which time, are entitled to vote on the plan and receive a distribution.

2. In the event that the Court determines that the Proposed DS Order (Dkt. No. 4484) filed on June 2, 2010 governs the WMB Noteholder Group's ability to vote on the Plan, the WMB Noteholder Group respectfully requests that the Court treat this Supplemental Objection as a motion for allowance of the Proof of Claim for voting purposes pursuant to Bankruptcy Rule 3018.

## SUPPLEMENTAL OBJECTION

### A. The Debtors have not identified which Bank Bondholder Claims are "Non-Subordinated" and "Subordinated."

3. The WMB Noteholder Group POC Participants renew and reassert in its entirety the argument set forth in the First Objection regarding the ambiguity surrounding the classification of the Proof of Claim as either a Non-Subordinated Bank Bondholder Claim (Class 17) or a Subordinated Bank Bondholder Claim (Class 18). *See* First Objection at ¶¶ 14-15. The current Plan still defines a "Non-Subordinated Bank Bondholder Claim" as a Bank Bondholder Claim listed on Exhibit B to the GSA (which includes the WMB Noteholder Group's Proof of Claim) to the extent such claim is not a Subordinated Bank Bondholder Claim. *See* Plan at § 1.125 and DS at § V.B.17. A Subordinated Bank Bondholder Claim is defined as a Bank Bondholder claim that has been "determined by a Final Order to be subordinated in accordance with section 510(b) of the Bankruptcy Code." Plan at § 1.180.

4. However, the DS does not provide any information as to when the Debtors must file a motion to subordinate or by when the "Final Order" must be entered. In response to the First Objection, the Debtors merely noted in the DS Chart that they "reserve the right to assert that the Bank Bondholder Claims, and any portion thereof, should be subordinated pursuant to

section 510(b) of the Bankruptcy Code." DS Chart at pp. 17-18. Accordingly, it is possible that a WMB Noteholder Group POC Participant could vote in favor of the Plan with the expectation that its claim is being classified as a Class 17 claim, and, therefore, be entitled to its pro rata share of up to $150 million, and only later find out that the Debtors are seeking to subordinate its claim and treat it as a Class 18 claim. Adequate information requires, at a minimum, that creditors like the WMB Noteholder Group POC Participants understand how they will be classified and treated prior to voting on the Plan.

B. **The Debtors have not clarified the voting rights of the WMB Noteholder Group POC Participants.**

5. The WMB Noteholder Group POC Participants noted in the First Objection that the DS is not clear which parties are entitled to vote – the original signatories of the Proof of Claim or the WMB Noteholder Group members as of the proposed voting date (now proposed to be June 21, 2010). *See* First Objection at ¶¶ 22-24. As a proposed solution, the Group suggested that the voting record date for the Proof of Claim be deemed to be the date that the Proof of Claim was signed, and that all parties who signed the Proof of Claim vote in the amount held on that date.[2] *See* First Objection at ¶ 25.

6. The Debtors' response in the DS Chart to this objection did not resolve the matter and only created further confusion. In the DS Chart the Debtors noted that "[b]ecause the Debtors have objected to all Bank Bondholder Claims, such claims (including the Bracewell Giuliani Group's claims) are disallowed for voting purposes, unless the Court orders otherwise prior to the Voting Deadline (July 21, 2010)." DS Chart at p. 18.

---

[2] The WMB Noteholder Group understands that the other group of holders of WMB Notes (the "Bank Bondholders") may be filing an amended proof of claim to adjust for the current members of that group (including some who did not sign their original proof of claim) and the current holdings of such members (including if different from the holdings stated in the original proof of claim). If the Court prefers this approach, the WMB Noteholder Group can also file an amended proof of claim so that it is acting in a consistent manner.

7. It seems contrary, or at least circular, to provide in the DS that if Class 17 votes to accept the Plan, the Bank Bondholder Claims will be deemed Allowed and the holders will receive the proposed distribution, but then at the same time provide that all claims in Class 17 have been objected to and, therefore, cannot vote on the Plan.

8. Accordingly, the WMB Noteholder Group POC Participants respectfully maintain their request that this Court treat the Objection as a motion for an order pursuant to Bankruptcy Rule 3018(a) to temporarily allow the Proof of Claim in the amount of $1.9 billion for purposes of voting on the Plan.[3]

## CONCLUSION

**WHEREFORE,** the WMB Noteholder Group respectfully requests that the DS be amended and clarified so that the WMB Noteholder Group POC Participants understand (i) whether their claims are being classified as a Non-Subordinated Bank Bondholder Claim (Class 17) or a Subordinated Bank Bondholder Claim (Class 18), (ii) whether the WMB Noteholder Group POC Participants are entitled to vote on the plan, pursuant to Rule 3018 or otherwise, (iii) in what amount they are entitled to vote, and (iv) if the original signatories to the Proof of Claim should vote or if the Court would prefer that the Group amend its Proof of Claim.

---

[3] The Debtors list the Proof of Claim on Exhibit B to the GSA in the amount of $1.9 billion.

Dated: June 11, 2010　　　　　　　　POTTER ANDERSON & CORROON LLP

By: _____
Theresa V. Brown-Edwards (Bar No. 4225)
R. Stephen McNeill (Bar. No. 5210)
Hercules Plaza, 6th Floor
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000

- and -

BRACEWELL & GIULIANI LLP
Evan D. Flaschen
Renée M. Dailey
Goodwin Square
225 Asylum Street, Suite 2600
Hartford, Connecticut 06103
Telephone: (860) 947-9000

*Attorneys for the WMB Noteholder Group*