IN THE UNITED STATES BANKRUPTY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC. *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 4470, 4242, 3568 and 2623<br><br>**Hearing Date: June 17, 2010 at 10:30 a.m.**<br>**Objection Deadline: June 11, 2010 at 4:00 p.m.** |

## LEAD PLAINTIFF'S SUPPLEMENTAL OBJECTION (A) TO DISCLOSURE STATEMENT FOR THE JOINT PLAN OF AFFILIATED DEBTORS PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE AND (B) TO THE SUPPORTING MOTION TO APPROVE THE DISCLOSURE STATEMENT AND PROPOSED SOLICITATION AND VOTING PROCEDURES

Lead Plaintiff, Ontario Teachers' Pension Plan Board ("Ontario Teachers"), in the consolidated securities class action entitled *In re Washington Mutual Securities Litigation*, Case No. C08-387 (MJP) (W.D. Wash.) (the "Securities Litigation"), on behalf of the securities class of all persons who purchased or otherwise acquired certain debt and equity securities issued by Washington Mutual, Inc. ("WMI"), one of the Debtors[1] herein, between October 19, 2005 and July 23, 2008, hereby submits this supplemental objection (the "Supplemental Objection") to the Debtors' motion to approve (i) the Disclosure Statement (the "Disclosure Statement") for the Third Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"), and, (ii) the proposed solicitation and voting procedures (the "Motion") (Docket No. 3568), and states the following:

---

[1] Capitalized terms shall have the meanings ascribed to them in the Disclosure Statement unless defined otherwise herein.

22244/2
06/11/2010 14520092.2

## PRELIMINARY STATEMENT

1.  The claimants in the Securities Litigation (the "Securities Litigation Claimants") submit this Supplemental Objection in opposition to the Debtors' Motion based upon certain statements made in the Debtors' Omnibus Reply (the "Omnibus Reply") to the objections to the Motion relating to the classification of the claims of the Securities Litigation Claimants. While classification may ultimately be an issue for confirmation, the position taken by the Debtors in their Omnibus Reply requires a response.

2.  Ignoring the language of 11 U.S.C. §510(b), Debtors argue that all of the claims of the Securities Litigation Claimants for damages arising from the purchase of certain of WMI debt securities are subordinated to all claims pursuant to 11 U.S.C. §510(b), and, as a result, the Securities Litigation Claimants should all be classified as holding Subordinated Claims under the Plan. The Securities Litigation Claimants submit that the Securities Claims, as defined below, specifically, those based on the purchase of WMI senior unsecured debt ("Senior Debt"), subordinated notes at a fixed rate of 7.25% (the "Subordinated Notes") and PIERS Preferred Securities, are subordinated only to those claims that are senior to or equal claims or interests represented by Senior Debt, Subordinated Notes and PIERS Preferred Securities, respectively, in accordance with the dictates of 11 U.S.C. §510(b). Neither the Debtors' Motion nor their Omnibus Reply presents any evidence or legal basis on which the Debtors may subordinate these claims to any lesser priority than as required by Section 510(b). Indeed, the Debtors', while relying on the Stipulation, as defined below, fundamentally ignore the language and purpose of the Stipulation in taking such a position in their Omnibus Reply.

## SUPPLEMENTAL FACTS

3.  On May 13, 2010, Ontario Teachers filed an objection to the Disclosure Statement for the Plan and supporting Motion (the "Objection") (Docket No. 3718).

4.  Previously, to resolve the Twenty-Eighth Omnibus Objection filed by the Debtors, Ontario Teachers and the Debtors entered into a stipulation (the "Stipulation") to

subordinate the Lead Plaintiff's proof of claim (Claim No. 2759), the Ontario Teachers individual proof of claim (Claim No. 2761), and the Brockton Contributory Retirement System individual proof of claim (Claim No. 2763) (collectively, the "Securities Claims"). Therein, the parties agreed that "the Securities Claims shall be subordinated to the allowed claims of the Debtors' other creditors consistent with section 510(b) of the Bankruptcy Code as it separately relates to the subordination of claims for damages in connection with the purchase or sale of WMI debt securities and/or WMI equity securities." Stipulation at ¶ 1. Nowhere did the Securities Litigation Claimants agree to subordinate all of their claims to the Debtors' other creditors or agree that all such claims based upon the purchase of debt securities should be classified as Subordinated Claims under the Plan.

5. On June 2, 2010, the Debtors filed the Omnibus Reply. In its Omnibus Reply, the Debtors stated that on May 19, 2010, the Court entered an order (Docket No. 3814) approving the Stipulation in which the stipulating plaintiffs "agreed that, pursuant to section 510(b) of the Bankruptcy Code, their claims against the Debtors are Subordinated Claims, as defined in section 1.182 of the Third Amended Plan." Omnibus Reply at p. 23.

**SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS**

**CLAIMS FOR DAMAGES ARISING FROM THE PURCHASE OF SENIOR DEBT SECURITIES OR SUBORDINATED DEBT SECURITIES ARE NOT SUBORDINATED TO ALL CLAIMS BUT, PURSUANT TO 11 U.S.C. §510(B), ARE SUBORDINATED ONLY TO CLAIMS OR INTERESTS SENIOR OR EQUAL TO THOSE REPRESENTED BY SENIOR DEBT, SUBORDINATED DEBT OR PIERS PREFERRED SECURITIES, AS THE CASE MAY BE**

6. There appears to be no dispute that 11 U.S.C. §510(b) applies to the Securities Claims. 11 U.S.C. §510(b) provides:

> *For the purposes of distribution under this title*, a claim for damages arising from the purchase or sale of [a security of the debtor or an affiliate of the debtor] ... shall be subordinated to all claims or interest *that are senior to or equal the claim or interest represented by such security* except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. §510(b) (emphasis added). As claims for damages arising from the purchase or sale of a security, the Securities Claims based upon the purchase of Senior Debt, Subordinated Notes and PIERS Preferred Securities are subject to 11 U.S.C. §510(b), as the Securities Litigation Claimants have stipulated.

7. The Securities Litigation Claimants submit that the language of Section 510(b) does not subordinate claims for the purchase of unsecured debt instruments to holders of junior debt instruments that are subordinate to the senior security at issue. This is the only construction that gives effect to the plain language and purposes of 11 U.S.C. § 510(b). One must look to the nature of the underlying security to determine whether other claims are senior or equal to the claim represented by that security and the extent of subordination.

8. Under the Debtors' Plan, claims subject to subordination under Section 510(b), are defined as "Other Subordinated Claims" and classified in Class 18, Subordinated Claims. On the other hand, the holders of senior debt, subordinated debt and PIERS Preferred Securities receive distributions under the Plan in the form of cash, stock or other rights. As set forth in its Plan and Omnibus Reply, the Debtors' belief that the Securities Claims are subordinated to all claims does not consider Section 510(b) in its entirety where it requires that a claim for damages arising from the purchase or sale of a security be subordinated only to the claims or interest senior or equal to those "represented by such security". The statute does not say that a claim based upon the purchase or sale of a security will be subordinated to *all* claims, but only to those claims senior or equal to the claims of the holders of that particular security. The Disclosure Statement does not provide any basis for the classification of all Securities Claims as Subordinated Claims under the Plan which is violative of 11 U.S.C. §1122(a) and 11 U.S.C.

§1123(a)(4). Other than distinguishing between purchases of equity securities and purchases of debt securities in the definition of Other Subordinated Claims, there is no discussion in the Disclosure Statement of why purchasers of debt securities are all lumped into Class 18.

9. While this may be an issue ultimately left for confirmation, the conclusion asserted by the Debtors in their Omnibus Reply cannot go unchallenged. The flawed classification described in the Disclosure Statement and the Plan should be addressed now or, at the very least, in the context of confirmation.

## CONCLUSION

10. Based on the foregoing and lead Plaintiff's original Objection, Lead Plaintiff respectfully requests that an order be entered (i) denying approval of the (a) Disclosure Statement and (b) the voting and solicitation procedures; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: June 11, 2010
      Wilmington, Delaware

CROSS & SIMON LLC

By: /s/ CPS
Christopher P. Simon (Bar No. 3697)
913 North Market St., 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
302.777.4200 (Telephone)
302.777.4224 (Facsimile)
csimon@crosslaw.com

- and -

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
Erin S. Levin, Esq. (EL 3043)
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiff and the Putative Class*