IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                                           :
In re:                                                     :    Chapter 11
                                                           :
WASHINGTON MUTUAL, INC., et al.,                           :    Case Nos. 08-12229 (MFW)
                                                           :    (Jointly Administered)
                    Debtors.                               :
                                                           :
                                                           :
                                                           :    **Hearing Date: June 17, 2010, 10:30 a.m. ET**
                                                           :    **Re: Docket No. 4644**
                                                           :
---------------------------------------------------------- x

## OBJECTION BY THE WASHINGTON MUTUAL INC. NOTEHOLDERS GROUP TO THE SECOND MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR AN APPOINTMENT OF AN EXAMINER PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE

The Washington Mutual, Inc. Noteholders Group (the "WMI Noteholders"), whose members hold in the aggregate approximately $2.3 billion in face amount of outstanding debt securities issued by Washington Mutual, Inc. ("WMI," and collectively with WMI Investment Corp., the "Debtors"), hereby files this objection (the "Objection") to the second motion for the appointment of an examiner pursuant to section 1104(c) of title 11 of the United States Code (the "Second Examiner Motion") filed by the official committee of equity security holders (the "Equity Committee"). In opposition to the Second Examiner Motion, the WMI Noteholders respectfully represent as follows:

## OBJECTION

1. On April 26, 2010, the Equity Committee filed a motion to appoint an examiner under 11 U.S.C. § 1104(c) [Docket No. 3579] (the "Initial Examiner Motion"). On May 4, 2010, the WMI Noteholders filed an objection to the Initial Examiner Motion [Docket No. 3633] (the "Initial WMI Noteholders' Objection"). A hearing was held on the Initial Examiner Motion on May 5, 2010 (the "Initial Examiner Hearing"), at the conclusion of which the Court denied the Equity Committee's request to appoint an examiner. In addition to pursuing an appeal of the Court's order denying its request, on June 8, 2010, the Equity Committee filed the Second Examiner Motion seeking, once again, to have an examiner appointed.

2. These cases are at a crucial juncture. Despite a global settlement with the FDIC,[1] JPMC and many of the Debtors' largest stakeholders, the parties face significant obstacles in trying to resolve these cases. There is a real risk that further delay will only result in a multi-plan process with different stakeholders filing competing plans, not to reorganize or rehabilitate a business but to stake out their own conflicting litigation positions. The Equity Committee has already embarked on a plot to hijack the debtor-in-possession by attempting to replace the Debtors' board. And now, for the second time, the Equity Committee seeks to delay these cases by adding a fourth estate-paid constituency to investigate what this Court described as already having been "investigated to death." 5/5/2010 Tr. 98:14-15. An additional layer of administration, however, will not advance any cognizable interest in the case; it will only result in unnecessary delay and expense. Moreover, the Equity Committee is not entitled to an examiner to assist them in doing what they are entitled to do as a committee. Put simply, this case cries out for fewer layers of administration and complexity, not more.

---

[1] All capitalized terms not herein defined shall have the meanings ascribed to them in the Initial WMI Noteholders' Objection.

3. For the reasons articulated by the Court at the Initial Examiner Hearing as well as the reasons set forth in the Initial WMI Noteholders' Objection (which is incorporated herein), the WMI Noteholders object to the Equity Committee's second request for an examiner.

## RESERVATION OF RIGHTS

4. The WMI Noteholders reserve their rights to supplement and amend this Objection, seek discovery with respect to the same, and to be heard at any hearing relating to this Objection or the Second Examiner Motion, all without in any way limiting any other rights of the WMI Noteholders to further object to the Second Examiner Motion on any grounds as may be appropriate.

## CONCLUSION

For the foregoing reasons, the WMI Noteholders respectfully request that the Court enter an order denying the Second Examiner Motion and granting the WMI Noteholders further relief as the Court deems appropriate.

Dated: June 14, 2010
      Wilmington, Delaware

                        FOX ROTHSCHILD LLP

                        By: _____
                          Jeffrey M. Schlerf, Esq. (No. 3047)
                          Eric M. Sutty, Esq. (No. 4007)
                          Citizens Bank Center
                          919 North Market Street, Suite 1600
                          Wilmington Delaware 19801
                          Telephone: (302) 654-7444

                          -and-

                          WHITE & CASE LLP
                          Thomas E Lauria
                          Wachovia Financial Center
                          200 South Biscayne Boulevard

Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

Of Counsel:
KASOWITZ BENSON TORRES & FRIEDMAN LLP
David S. Rosner
Paul M. O'Connor III
Adam L. Shiff
Seth A. Moskowitz
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700

Attorneys for the Washington Mutual, Inc. Noteholders Group