IN THE UNITED STATES BANKRUPTCY COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br><br>(Jointly Administered)<br><br>Ref. No. 4644 |

## JPMORGAN CHASE BANK, N.A.'S RESPONSE AND OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR AN ORDER DIRECTING APPOINTMENT OF AN EXAMINER UNDER SECTION 1104(c)

On May 5, 2010, this Court denied the motion of the Official Committee of Equity Security Holders (the "Equity Committee") to appoint an examiner in these proceedings. After filing a notice of appeal with the U.S. District Court for the District of Delaware and after obtaining certification to appeal that denial to the U.S. Court of Appeals for the Third Circuit, the Equity Committee has filed a new motion, again seeking the appointment of an examiner. JPMorgan Chase Bank, National Association, respectfully submits this response and objection to the Equity Committee's motion.

Although questions were raised regarding the need for an examiner to review to certain privileged information of the Debtors, we understand that the Debtors have fully answered those questions by providing the Equity Committee with the relevant materials. Accordingly, the reasons why the appointment of an examiner was unwarranted in May, hold true today. The Equity Committee's request to investigate (and presumably provide grounds for

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors continue to share their principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

{683.001-W0008212.}

the Equity Committee to challenge) the pending proposed plan and Global Settlement Agreement is not a proper basis for appointment of an examiner. As the court recognized in *Spansion*, a proposed inquiry such as this amounts to nothing more than "a classic confirmation dispute, rather than grounds for an investigation by an examiner." *In re Spansion, Inc.*, No. 09-10690, 2010 WL 1292837, at *8 (Bankr. D. Del. April 1, 2010) (Carey, J.). The confirmation process is adequately designed to enable the Equity Committee to express its views on the claims being settled and released, including the claims raised in the pending adversary proceedings and the purported "business tort" claims already investigated by Debtors and the Official Committee of Unsecured Creditors.

Therefore, JPMC respectfully incorporates by reference, as if fully set out here, its prior Response and Objection to Motion of the Official Committee of Equity Security Holders for the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (Docket No. 3627), which is attached hereto as Exhibit 1.

Dated: June 14, 2010
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

---

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
919 Market Street Suite 1800
Wilmington, Delaware 19801
Tel: (302) 467-4400
Fax: (302) 467-4450

– and –

Robert A. Sacks
Hydee R. Feldstein
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Tel: (310) 712-6600
Fax: (310) 712-8800

Bruce E. Clark
Stacey R. Friedman
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588

*Counsel for JPMorgan Chase Bank, N.A.*