# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WASHINGTON MUTUAL, INC., *et al.*, | ) | |
| | ) | |
| | ) | Case No. 08-12229 (MFW) |
| | ) | |
| Debtors, | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | |

## LIMITED SUPPLEMENTAL OBJECTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. TO DISCLOSURE STATEMENT FOR THE JOINT PLAN AND RELATED SOLICITATION PROCEDURES MOTION

The Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee for the Senior Notes ("BNY Mellon" or the "Trustee") hereby supplements its prior objection (docket no. 3714, hereafter the "Objection") to the Disclosure Statement for the Joint Plan of the above captioned Debtors, dated March 26, 2010 and related solicitation procedures motion (the "Solicitation Motion"). (Capitalized terms not defined herein shall have the meaning ascribed to them in the Fourth Amended Joint Plan of the Affiliated Debtors, dated June 14, 2010 (the "Plan") and in the proposed Disclosure Statement relating thereto.) In between the date of the Objection and the date hereof the Debtors have filed three subsequent iterations of the Plan and Disclosure Statement, the most recent being the Fourth Amended Plan and Disclosure Statement dated June 14, 2010. For the most part, the Fourth Amended Plan and Disclosure Statement resolves the Objection.

1. However as to one subordination issue, set forth below, the Fourth Amended Plan and Disclosure Statement and current form of ballot risk preordaining the outcome of an issue that could and should be reserved for confirmation, namely the details of

500539673v3

how Reorganized Common Stock, if realizable from the application of subordination rights, might be distributed to some or all of the Senior Noteholders. The Trustee raised these points with the Debtors on June 11th and it was not until the Fourth Amended Plan was filed on June 14th that it became apparent that the Trustee's concerns were not addressed. Specifically the Trustee believes that at confirmation the Court should order that subordination rights regarding Reorganized Common Stock be exercisable by individual holders (which is consistent with the Plan's treatment of initial distributions of stock as elective). This is important because there is no assurance that the Reorganized Common Stock will be capable of being monetized.

2. The subordination rights of BNY Mellon and the holders of the Senior Notes are governed by Article XV of the Senior Notes Indenture. Section 15.2(a) states, inter alia, that until the Senior Notes are paid in full any cash or other distribution (including of stock) otherwise payable to junior classes "shall be paid over to the holders of such Senior Debt *pro rata*" (emphasis added). Section 15.3 states, inter alia, that payover of any distribution to junior classes shall be paid over "to the holders of Senior Debt or their representative or representatives or to the trustee . . . *ratably*" (emphasis added).

3. Section 15.7 states that "Each holder of Securities . . .by his acceptance thereof, authorizes and directs the Trustee in his behalf to take such action as may be necessary or appropriate to effectuate the subordination provided in this Article XV and appoints the Trustee his attorney-in-fact for any and all such purposes."

4. Section 15.11 states that "The right of the holders of Senior Debt and the obligations of the Trustee and the Holders of Securities . . . are subject to the power of a court of competent jurisdiction to make other equitable provision reflecting the rights conferred in this

Indenture upon the Senior Debt and the holders thereof . . . by a plan of reorganization under applicable bankruptcy law."

5.	Pursuant to its authority conferred on it in section 15.7, the Trustee believes that, consistent with the above provisions, "ratably" and "pro rata" permit the Trustee to enforce subordination rights by enabling each holder to choose for itself whether to enforce subordination rights against distributions of Reorganized Common Stock. Accordingly the Trustee believes that the form of ballot should make provision for such a choice in the form attached hereto, and that the Disclosure Statement so indicate as set forth on the attachment hereto. (The ballot already contains similar elections in respect of initial distributions of Reorganized Common Stock.) The Court need not decide the effect of such election until confirmation, but unless the holders are requested to indicate their choice the Court's hands will be tied at confirmation, because it will have no practical ability to order that subordination rights in respect of Reorganized Common Stock be an individual holder choice.

Dated: June 16, 2010

                                              Respectfully submitted,

                                              /s/ Norman M. Monhait
                                            Norman M. Monhait (No. 1040)
ROSENTHAL, MONHAIT & GODDESS, PA
Citizens Bank Center, Suite 1401
919 Market Street, PO Box 1070
Wilmington, DE 19899
Telephone: 302.656.4433
Facsimile: 302.658.7567

And

Leo T. Crowley
Margot P. Erlich
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

*Attorneys for The Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee for the Senior Notes*

Ballot insert top of page 6 of Senior Notes ballot, right under second check the box in item 5:

If the Plan and Confirmation Order provide that Reorganized Common Stock is subject to payover rights under the applicable contractual subordination provisions in the Indentures and Guarantee Agreements and exercisable individually per holder, please indicate below the percentage of such Reorganized Common Stock you would elect to receive.

_____ % of such holder's pro rata share of remaining claim to be received on account of such payover rights to be distributed as Reorganized Common Stock to the extent available..

Disclosure Statement – Insert on page 75 at the end of the right of election paragraph:

The Ballot you will receive will request you indicate the percentage of Reorganized Common Stock you would elect to receive on account of subordination and payover rights if they are held to be applicable and exercisable separately by each holder.