# IN THE UNITED STATES BANKRUPTCY COURT
# FOR DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 8, 2010 at 10:00 a.m. (ET)**<br>**Objection Deadline: June 16, 2010 at 4:00 p.m. (ET)**<br><br>Ref. No. 4493 |

## JPMORGAN CHASE BANK, N.A.'S LIMITED RESPONSE TO DEBTORS' OBJECTION TO THE PROOF OF CLAIM OF PLAINTIFFS IN THE PUTATIVE CLASS ACTION IN *IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT-DISCOUNT ANTITRUST LITIGATION* (CLAIM NO. 2812)

JPMorgan Chase Bank, N.A. ("JPMC"), by its undersigned attorneys, submits this limited response to the Objection of Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment") (collectively, the "Debtors") dated June 2, 2010 to the Proof of Claim of Plaintiffs in the Putative Class Action in In re Payment Card Interchange Fee and Merchant-Discount Antitrust Litigation (Claim No. 2812) (the "Objection"). In support of this limited response, JPMC respectfully submits as follows:

1. With their Objection and the Declaration of Colleen M. Martin Pursuant to Local Rule 3007-1 in Support of Debtors' Objection (the "Martin Declaration"), Debtors seek the disallowance of Claim No. 2812[2] on several independent bases. Although JPMC does not disagree with WMI's position that Claim No. 2812 is without merit and should be disallowed in its entirety, Debtors' Objection and the Martin Declaration mischaracterize the obligations and

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors continue to share their principal offices with the employees of JPMorgan Chase located at 1301 Second Avenue, Seattle, Washington 98101.

[2] Capitalized terms not defined herein have the same meaning as set forth in Debtors' Objection.

{683.001-W0008248.}

liabilities that JPMC acquired pursuant to the September 25, 2008 Purchase and Assumption Agreement (the "P&A Agreement," Exhibit 2 to the Martin Declaration) entered into between the Federal Deposit Insurance Corporation (the "FDIC") in its capacity as receiver of Washington Mutual Bank ("WMB") and JPMC. JPMC therefore submits this limited response in order to correct these misstatements.

2. Specifically, Debtors assert that under the P&A Agreement JPMC assumed responsibility for obligations and liabilities related to WMB's debit and credit card activities, regardless of whether these activities took place before or after September 25, 2008. Paragraph 42 of the Objection states: "In addition, all obligations, if there are any, flowing from WMB's card activities, including the setting, charging and collection of interchange fees, reside with JPMC pursuant to the terms and conditions of the Purchase and Assumption Agreement, and not WMI." Similarly, Paragraph 27(i) of the Martin Declaration states: "As discussed in ¶¶ 12-13 above, JPMC purchased WMB's debit and credit card business and is, therefore, responsible for all obligations (if any) related to that business pursuant to the terms and conditions of the Purchase and Assumption Agreement."

3. JPMC disagrees with Debtors' characterization of the obligations and liabilities that JPMC acquired from the FDIC under the P&A Agreement. Under Section 4.2 of the P&A Agreement, JPMC "agree[d] to honor and perform, from and after Bank Closing,[3] all duties and obligations with respect to the Failed Bank's debit and credit card business, and/or processing related to debit and credit cards, if any, and assume[d] all outstanding extensions of credit with respect thereto." In addition, Section 2.1 of the P&A Agreement states, in pertinent part, that JPMC "expressly assumes at Book Value . . . all of the liabilities of the Failed Bank

---

[3] "Bank Closing" is defined in the P&A Agreement as "the close of business of the Failed Bank on the date on which the Chartering Authority closed such institution."

which are reflected on the Books and Records of the Failed Bank as of Bank Closing."[4] Accordingly, by the P&A Agreement's express terms, JPMC agreed to honor and perform all duties and obligations related to WMB's debit and credit business from and after September 25, 2008, but not any duties and obligations for action or inaction of WMB that occurred before September 25, 2008, other than liabilities expressly assumed under the P&A Agreement and further subject to JPMC's indemnification rights under the P&A Agreement. Debtors' assertion that JPMC assumed anything more than what is provided for by the terms of the P&A Agreement should be rejected.

4. Relatedly, Debtors also state that JPMC's assumption of Debtors' liability relating to the Interchange Litigation[5] pursuant to the Settlement Agreement (that is subject to Court approval) provides support for Debtors' assertion that "JPMC purchased, and assumed the assets and businesses of WMB, including the debit and credit card business, as well as certain liabilities" and therefore "Claim No. 2812 seeks recovery against WMI for conduct attributable, if at all, to other parties." (Objection ¶ 29 (quoting Settlement Agreement, Section 2.15(a)(e)(i)).) This is incorrect for two principal reasons. *First*, the Settlement Agreement was a product of negotiations and compromise among all parties to that agreement and is not an acknowledgement by JPMC concerning the obligations or liabilities that it assumed under the P&A Agreement, or that exist if the Settlement Agreement does not become effective. (*See generally* Settlement Agreement, Section 8.2 ("No Admission of Liability").) *Second*, by its express terms, under the Settlement Agreement JPMC only assumed the liability of *the WMI*

---

[4] "Book Value" is defined in the P&A Agreement as the "dollar amount" of any asset acquired or "Liability Assumed . . . stated on the Accounting Records of the Failed Bank."

[5] "Interchange Litigation" is defined in the Settlement Agreement to "mean, collectively, that certain litigation styled (a) In re Payment Card Interchange Fee and Merchant-Discount Antitrust Litigation, Master File No. 1:05-md-1720-JG-JO, currently pending in the United States District Court for the Eastern District of New York and (b) Attridge v. Visa U.S.A. Inc. et al., Case No. CGC-04-436920, currently pending in California Superior Court."

*Entities* relating to the Interchange Litigation, not the liability of WMB or the FDIC-Receiver and, as a result, Section 2.15(a)(e)(i) of the Settlement Agreement has no bearing on whether JPMC could be or is liable for obligations or liabilities that are not first adjudicated to be the responsibility of the Debtors. (*See* Settlement Agreement, Section 2.15(a)(e)(i) ("JPMC shall assume all liabilities and obligations of . . . the WMI Entities arising from or relating to the Interchange Litigation, other than claims, liabilities and obligations associated with directors' and officers' liability in connection with the Interchange Litigation.").)

     5.    JPMC reserves all rights.

Dated: June 16, 2010  
       Wilmington, Delaware

LANDIS RATH & COBB LLP

Adam G. Landis (No. 3407)  
Matthew B. McGuire (No. 4336)  
919 Market Street Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450

– and –

Robert A. Sacks  
Hydee R. Feldstein  
**SULLIVAN & CROMWELL LLP**  
1888 Century Park East  
Los Angeles, California 90067  
Telephone: (310) 712-6600  
Facsimile: (310) 712-8800

Bruce E. Clark  
Stacey R. Friedman  
**SULLIVAN & CROMWELL LLP**  
125 Broad Street  
New York, New York 10004  
Telephone: (212) 558-4000  
Facsimile: (212) 558-3588

*Counsel for JPMorgan Chase Bank, National Association*