------------------------------------------------x

In re:    :

   :    Chapter 11

WASHINGTON MUTUAL, INC., et al.,[1]    :    Case No. 08-12229 (MFW)

   :

Debtors.    :    (Jointly Administered)

   :    Related to Docket #4688 & #4689

   :    Hearing Date: July 8th 2010

------------------------------------------------x

## THIRD SUPPLEMENTAL OBJECTION OF INDIVIDAL SHAREHOLDERS TO DEBTORS' MOTION FOR APPROVAL OF DISCLOSURE STATEMENT FOR THE JOINT PLAN OF AFFILIATED DEBTORS PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

The following persons, Michael Rozenfeld and Sean Fitzgerald (the "Shareholders"), having filed their original objection [**Docket # 3776**], supplemental objection [**Docket # 4350**,] and second supplemental objection [**Docket # 4658**] within the prescribed time window, hereby file this third supplemental objection to the Debtors' Motion for an Order, Pursuant to Sections 105, 502, 1125, 1126 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020, (i) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Plan [**Docket # 4688, 4689, & 4691**].

Having received the debtors responses to our arguments [**Docket #4684. 58-64**] which continues to **group us with dozens of other "Non-Confirming Shareholder Objections"** and fails to even recognize that these supposedly "Individual Common Interest Equity Shareholders" don't even hold common interest in the company [only preferred stock & subordinated debt], the shareholders file this third supplemental

1

objection, which includes responses to the debtor's dismissive and inadequate comments and includes further evidence of their dereliction of fiduciary duty. The **debtor continues to ignore our arguments which should disallow the disclosure statement in its entirety as it fails to adequately address many of the issues that these individual shareholders have brought up.** The shareholders have included a **chart attached as Exhibit A** detailing their original objections showing the lack of adequate response by the debtor and further discussion regarding why each point should result in denial of the disclosure statement. This chart also includes the few additional comments that the debtor has made in their latest omnibus response.

In support of this objection, the shareholders respectfully represent the following:

## Statements

1.     The debtor has failed to respond to a number of the Shareholders' substantive arguments and continued to purposely sidestep others **[Exhibit A].** This seems to be a consistent theme the debtor has shown thought-out this bankruptcy by continually ignoring objecting parties and not addressing any of their arguments directly. This situation is not unique to the Shareholders as it is clear other parties in the case, such as the TPS Consortium, have made comments to the same effect. By ignoring these issues, the debtor seems to believe that they will go away. The fact they are ignored must mean they have validity as the debtor is afraid of directly addressing them.

2.     A number of the Shareholders' arguments have shown that the Debtor has been continually acting in bad faith and has failed to fulfill its fiduciary duties. The Debtor has

not responded to a number of these arguments **[Exhibit A]** and continues to fail to provide an adequate defense for its actions and behavior.

The Shareholders further would like to show an actual example of Weil's work in the past to show why their arguments have merit and need to be addressed directly, without misdirection of their actual points.

Weil was involved in the Enron bankruptcy. **Enron creditors have received over 300% of the company's original estimated recovery [Exhibit B]. Weil's website claims success for this bankruptcy case noting:**

"Enron became synonymous with corporate malfeasance after details of company fraud leading to its bankruptcy were made public in 2001, **but nearly two-and-a-half years later, Enron became notable for another novel concept – the amazing speed with which its Chapter 11 reorganization plans were confirmed and made effective**"

Given that the last major bankruptcy Weil was involved in had such **wrong estimates** of corporate value and it is again trying **to rush through another Chapter 11 reorganization** plan in a similar fashion, do they actually have any remaining credibility? Since they fail to directly answer the Shareholder's objectives which directly pertain to these issues, it does not seem so.

## RESERVATION OF RIGHTS

3.     The shareholders expressly reserve all of their rights to object to the Plan

and/or the Disclosure Statement on any grounds whatsoever, including by joining in the

objections of other parties, regardless of whether those grounds are addressed herein.

## CONCLUSION

4.    As noted herein, the Disclosure Statement fails to provide stakeholders with

"adequate information" (within the meaning of Bankruptcy Code Section 1125) to

evaluate the Plan and, may contain misleading information about the current financial

condition of WMI. Additionally, the plan itself may have been negotiated in bad faith

given the parties that were involved.

**WHEREFORE**, Michael Rozenfeld and Sean Fitzgerald respectfully request that

the Court: (a) deny the Motion, and (b) grant such other and further relief as it deems just

and proper.

Dated:  Houston, TX

June 23rd, 2010

Respectfully submitted,

Michael Rozenfeld

Sean Fitzgerald                                          06/23/2010

In re Washington Mutual, Inc., Case No. 08-12229 (MFW)
United States Bankruptcy Court, District of Delaware

I am submitting the enclosed third supplement objection to the debtor's motion for approval of disclosure statement for the joint plan of affiliated debtors pursuant to Chapter 11 of the United States Bankruptcy Code.

Please include the enclosed objection in the docket of Case No. 08-12229 Washington Mutual, Inc.

Thank you,

06/23/2010

06/23/2010