UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re*                                    :     Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1]         :     Case No. 08-12229 (MFW)
:
:     (Jointly Administered)
**Debtors.**                                :
:     Hearing Date: July 20, 2010 at 10:30 .am. (EDT)
:     Objection Deadline: July 13, 2010 at 4:00 p.m. (EDT)
---------------------------------------------------------------x

## DEBTORS' SUPPLEMENTAL APPLICATION PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ENLARGE THE RETENTION OF PERKINS COIE LLP AS SPECIAL COUNSEL TO THE DEBTORS

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment"), as debtors and debtors in possession (collectively, the "Debtors"), hereby file this supplemental application (the "Supplemental Application") for authorization to expand the scope of employment of Perkins Coie LLP ("Perkins") and respectfully represent:

### Background

1. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Court entered an order, pursuant to Rule

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' chapter 11 cases.

2. On October 15, 2008, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On January 11, 2010, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

3. On March 26, 2010, the Debtors filed their *Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* and a related disclosure statement, which were subsequently amended. Most recently, on June 14, 2010, the Debtors filed their *Fourth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code*, and a related disclosure statement (the "Disclosure Statement"). A hearing to consider approval of the Disclosure Statement is scheduled for July 8, 2010.

### Retention of Perkins Coie

4. By order, dated November 25, 2008 [Docket No. 351], this Court authorized the Debtors to retain Perkins as special counsel in these chapter 11 cases (the "Retention Order"). Copies of the Retention Order and the Supplemental Declaration of John S. Kaplan in Support of the Debtors' Motion for an Order Authorizing Debtors to Retain Perkins [Docket No. 326], are attached hereto as Exhibits C and D. Pursuant to the Retention Order, Perkins was retained to provide certain corporate law services, employment law services, intellectual property counsel, and to continue to provide legal services in connection with certain matters worked on prepetition.

## The Washington State Action

5.     On March 3, 2010, the Equity Committee filed an adversary proceeding seeking an order under Washington law compelling WMI to hold an annual shareholders' meeting for the election of WMI's board of directors. On March 11, 2010, the Equity Committee moved for summary judgment or, alternatively, for relief from the automatic stay. Because issues of Washington state law were implicated, the Debtors' bankruptcy counsel sought the advice of corporate and litigation attorneys at Perkins.

6.     On April 7, 2010, the Debtors answered the Equity Committee's adversary complaint and opposed the Equity Committee's summary judgment motion. WMI also asserted a counterclaim for relief under 11 U.S.C. § 105(a) asserting that, because the Equity Committee's attempt to force WMI to convene and hold an annual WMI shareholders' meeting constitutes "clear abuse," the Delaware Bankruptcy should stay the adversary proceeding and bar the Equity Committee from seeking relief in Washington state court in order to compel a WMI shareholders' meeting.

7.     On April 26, 2010, this Court issued an order finding that the automatic stay was inapplicable to any action by any one or more shareholders of WMI seeking to compel WMI to hold an annual shareholders' meeting.

8.     On April 26, 2010, Michael Willingham and Esopus Creek Value LP (the "Plaintiffs") filed a complaint in the Superior Court of the State of Washington for the County of Thurston ("Washington State Court") seeking an order requiring WMI to immediately convene and hold an annual shareholders' meeting for the nomination and election of WMI's board of directors (the "State Court Action"). On May 4, 2010, Plaintiffs filed an amended complaint asserting the same claim seeking the same relief against WMI.

9. On May 13, 2010, WMI timely removed the State Court Action to the United States Bankruptcy Court for the Western District of Washington and answered the amended complaint (collectively with the State Court Action, the "Washington Proceedings").

10. On May 14, 2010, WMI filed a motion to transfer, stay, or dismiss the State Court Action. On May 21, 2010, the Plaintiffs filed a motion to remand the State Court Action back to Washington State Court.

11. By order, dated June 21, 2010, Judge Snyder of the United States Bankruptcy Court for the Western District of Washington granted WMI's motion to transfer the case and preserved the issue of remand for this Court's determination.

## WMI's Business

12. WMI, a holding company incorporated in the State of Washington, is the direct parent of WMI Investment, which served as an investment vehicle for WMI and holds a variety of securities. WMI Investment is incorporated in the State of Delaware.

13. Prior to the Commencement Date, WMI operated as a savings and loan holding company that owned Washington Mutual Bank ("WMB") and, indirectly, such bank's subsidiaries, including Washington Mutual Bank fsb ("WMBfsb"). WMI still owns all of the outstanding stock of WMB, and WMI also has certain non-banking, non-debtor subsidiaries (the "Non-debtor Subsidiaries"). Like all savings and loan holding companies, WMI was subject to regulation by the Office of Thrift Supervision (the "OTS"). WMB and WMBfsb, in turn, like all depository institutions with federal thrift charters, were subject to regulation and examination by the OTS. In addition, WMI's banking and nonbanking subsidiaries were overseen by various federal and state authorities, including the FDIC.

14. On September 25, 2008 (the "Receivership Date"), the OTS, by order number 2008-36, closed WMB, appointed the FDIC as receiver for WMB (the "FDIC Receiver") and advised that the FDIC Receiver was immediately taking possession of WMB's assets (the "Receivership"). Immediately after its appointment as receiver, the FDIC Receiver sold substantially all the assets of WMB, including the stock of WMBfsb, to JPMorgan Chase Bank, National Association pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008.

15. WMI's assets include its common stock interest in WMB, its interest in its non-banking subsidiaries, and more than $4 billion of cash that WMI and its non-banking subsidiaries (including WMI Investment) had on deposit at WMB and WMBfsb immediately prior to the time the FDIC was appointed as receiver.

## Jurisdiction

16. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

17. By this Supplemental Application, the Debtors request, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules"), entry of the proposed order, substantially in the form attached hereto as Exhibit B, expanding the retention of Perkins as special counsel for the Debtors for the additional purpose of assisting the Debtors with the shareholders' demands and the Washington Proceedings. In support of this Supplemental Application, the Debtors submit and rely on the Second Supplemental Declaration

of John S. Kaplan (the "Second Supplemental Kaplan Declaration"), a copy of which is annexed hereto as Exhibit A.

### Services to be Rendered

18. As set forth above, the Debtors have requested and Perkins has provided services related to the Washington Proceedings. With Perkins' assistance, the Debtors have been able to prosecute and defend the State Court Action. Specifically, with Perkins' assistance, the Debtors:

- Removed the State Court Action to the Bankruptcy Court for the Western District of Washington;

- Filed a Motion to Transfer, Stay or Dismiss the State Court Action;

- Answered the Complaint filed in State Court Action;

- Filed an Opposition to Plaintiffs' Motion to Remand or in the Alternative, Transfer for Hearing on Remand; and

- Filed a Reply in Support of WMI's Motion to Transfer, Stay, or Dismiss the State Court Action.

Perkins' services may also include litigating the State Court Action in Washington State Court if the Plaintiffs' renew their motion to remand the case back to Washington State Court and such motion is granted by this Court.

19. The Debtors believe that Perkins is uniquely suited to assist the Debtors in the Washington Proceedings due to their expertise with Washington State law – a central issue in the Washington Proceedings – and due to their familiarity with the Debtors' businesses and financial affairs. As described in the Debtors' original application to retain Perkins filed with the Court on October 24, 2008 [Docket No. 157] (the "Original Retention Application"), Perkins has provided legal services to the Debtors since 2000 in connection with intellectual property, corporate, transactional, litigation, employment and other matters. And, since the

Commencement Date, Perkins has served as special counsel to the Debtors in connection with certain employment law and intellectual property matters, and has continued to provide legal services in connection with certain other matters worked on prepetition.

20. The Debtors believe that the employment of Perkins to assist with the Washington Proceedings has and will enable the Debtors to avoid the unnecessary delay and expense otherwise attendant to another law firm familiarizing itself with the matters described above. In view of Perkins' extensive experience with and knowledge of WMI, and its familiarity with Washington State law, Perkins' availability to assist the Debtors in connection with the Washington Proceedings is beneficial to the Debtors' estates.

21. For these reasons, the Debtors submit that expanding the scope of Perkins' retention is in the best interests of the Debtors, their estates, and creditors.

### Perkins Holds No Interest Adverse To the Debtors or Their Estates

22. To the best of the Debtors' knowledge, information, and belief, and except as otherwise set forth in the Second Supplemental Kaplan Declaration, Perkins does not have any connection with, or any interest adverse to, the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, with respect to the matters on which Perkins is to be retained or employed in these chapter 11 cases. *See* 11 U.S.C. § 327(e).

23. The Debtors have been informed that Perkins will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Perkins will promptly supplement this disclosure to the Court.

## Terms of Compensation

24. Subject to Court approval, the Debtors will compensate Perkins in accordance with the terms set forth in the Original Retention Application and in the original Kaplan Declaration, dated October 23, 2008, attached to the Original Retention Application (the "Original Kaplan Declaration").

25. Specifically, for services rendered by Perkins in connection with the Washington Proceedings, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Amended Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated November 14, 2008 [Docket No. 302] (the "Guidelines"), and further orders of this Court (the "Orders"), propose to pay Perkins its customary hourly rates that are in effect from time to time, as set forth in the Original Kaplan Declaration. The Debtors respectfully submit that such rates are reasonable and comparable to the rates other firms charge for similar services.

26. In addition to the foregoing, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any Orders, the Debtors propose to reimburse Perkins for expenses incurred in connection with their representation of the Debtors in the Washington Proceedings, including, among other things, filing fees, word processing, telephone and telecopier usage, photocopying charges, travel expenses, expenses for "working meals," computer-aided research, as well as non-ordinary overhead expenses such as secretarial overtime. The Debtors understand that Perkins will charge the Debtors for these expenses in a manner and at rates consistent with charges made prior to and after the Commencement Date.

27. The Debtors understand that Perkins intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses Filed under 11 U.S.C. § 330, the Guidelines, and any Orders for all services performed and expenses incurred and to be incurred in connection with the Washington Proceedings.

28. Perkins does and will continue to maintain time records in summary format, which shall set forth a description of the services rendered by each professional and the amount of time spent on each date, in one-tenth hour increments. Information regarding reimbursement of actual and necessary expenses incurred by Perkins also will be maintained.

## The Relief Requested is Appropriate

29. Since the commencement of the Washington Proceedings, Perkins has performed services for the Debtors in connection therewith in good faith to properly advance and protect the interests of the Debtors. Perkins performed this work at the direction of the Debtors as the need to immediately respond to the Washington Proceedings was paramount. Accordingly, it is appropriate that the scope of Perkins' employment be expanded.

30. Perkins has and will continue to coordinate with Weil, Gotshal & Manges LLP ("WG&M") to ensure that services provided in connection with the Washington Proceedings are, to the maximum extent possible, complementary and not duplicative. In view of Perkins' extensive experience with and knowledge of WMI, its familiarity with Washington law, and its proximity to the Washington State Court and the United States Bankruptcy Court for the Western District of Washington, it is important for Perkins to continue to be available to assist WG&M in connection with the Washington Proceedings.

31. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**Notice**

32. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Supplemental Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Equity Committee; (iii) counsel to the Creditors' Committee; and (iv) all other persons who have requested to receive notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

**No Previous Request**

33. Except as provided in Perkins' Original Retention Application, no previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: June 30, 2010
      Wilmington, Delaware

/s/ *signature*

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Drew G. Sloan (No. 5069)
Julie A. Finocchiaro (No. 5303)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS TO THE DEBTORS
AND DEBTORS IN POSSESSION