IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 8, 2010 at 10:00 a.m. (ET)**<br>**Related Docket No. 4739** |

## OPPOSITION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO JPMORGAN CHASE BANK, N.A.'s MOTION FOR A PROTECTIVE ORDER WITH RESPECT TO PLAN OBJECTORS' REQUESTS FOR PRODUCTION

The Official Committee of Equity Security Holders of Washington Mutual Inc. ("EC"), by and through its undersigned counsel, hereby respectfully submits this opposition to the *Motion of JPMorgan Chase Bank, N.A. ("JPMC") For Entry of a Protective Order With Respect to Plan Objectors' Requests For Discovery* (Docket # 4739).

1. In an effort to investigate the reasonableness of the Debtors' proposed comprehensive settlement with JPMC, the EC filed a motion with this Court seeking authorization under Rule 2004 to serve document requests on JPMC and to take depositions (Docket # 4301). At the hearing on June 3, 2010, this Court deferred ruling on the Rule 2004 motion and instructed the parties to try and reach agreement on the reasonable scope of settlement and plan confirmation discovery. On June 16, 2010, JPMC submitted a supplemental opposition to both the EC's Rule 2004 motion and to discovery requests propounded by certain holders of Trust Preferred Securities. In conjunction with its opposition to existing discovery requests, JPMC moved for a protective order that would prohibit any party from enforcing its pending discovery requests.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Washington Mutual, Inc. (3725) and WMI Investment Corp. (5396). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

{00420737;v1}

2. JPMC asks the Court to bless JPMC's current production (some of which has only been promised, not yet delivered) as a full and complete response to all of the outstanding discovery. There is no basis for entering such an order.

3. Both the EC and the Trust Preferred Securities holders have rejected JPMC's position that its production satisfies its discovery obligations for purposes of settlement and plan confirmation. The inadequacies are numerous and will be explained in greater detail in a status report on the discovery negotiations with all parties that the EC intends to file by July 6, 2010.[2]

4. In short, JPMC has relied almost entirely on the approximately fifteen boxes of documents it provided to the Debtors in response to last year's Rule 2004 requests. These boxes consist exclusively of the results of searches of email maintained by seventeen JPMC employees. JPMC searched no internal records other than email (i.e. no accounting records, no legal files, no hardcopy paper files whatsoever), and it confined even this email-only search to seventeen "custodians" of its own choosing, although its Washington Mutual due diligence and acquisition involved over one-hundred employees.

5. JPMC's proposed supplementation does not cure the deficiencies. It has agreed to search the email files from up to ten additional employees chosen by JPMC (which do not include a number of key employees whose emails and related documents were requested by both the EC and the Debtors); it has agreed to produce some limited accounting records, all non-privileged settlement documents, and a database of material, mostly from pre-seizure Washington Mutual files, provided to the U.S. Senate PSI (a database that was never produced or disclosed to the Debtors.) Tellingly, JPMC has refused the EC's request to take a Rule 30(b)(6) deposition of a document custodian who could explain, on the record, how JPMC's files are

---

[2] The Opposition of the Consortium of Trust Preferred Security Holders To Motion Of JPMorgan Chase For Protective Order, filed July 1, 2010, also elaborates on the deficiencies of JPMC's production to date and proposed supplementation.

maintained to enable the other parties to verify JPMC's assertions about the reasonableness of this limited, email-centric production.

6. JPMC complains repeatedly about the burden of having to respond to discovery requests, but these complaints ring utterly hollow. JPMC is one of the largest, and wealthiest, financial institutions in the world. By its own admission it has made *billions* of dollars from its acquisition of Washington Mutual. It has apparently succeeded in avoiding discovery in all lawsuits that have been filed to date over its acquisition of WMB. There is no justification for JPMC's claim that it should, once again, be entitled to avoid having to conduct a reasonable search for documents in its own files. JPMC's motion for a protective order should be denied.

Dated: July 1, 2010
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ William P. Bowden*
William P. Bowden (DE Bar No. 2553)
Gregory A. Taylor (DE Bar No. 4008)
Stacy L. Newman (DE Bar No. 5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile : (302) 654-2067
wbowden@ashby-geddes.com
gtaylor@ashby-geddes.com
snewman@ashby-geddes.com

*Co- Counsel to the Official Committee of Equity Security Holders of Washington Mutual, Inc. et al.*

-and-

**SUSMAN GODFREY, L.L.P.**
Stephen D. Susman (NY Bar No. 3041712)
Seth D. Ard (NY Bar No. 4773982)
654 Madison Avenue, 5th Floor
New York, NY 10065
ssusman@susmangodfrey.com
sard@susmangodfrey.com

Parker C. Folse, III (WA Bar No. 24895)
Edgar Sargent (WA Bar No. 28283)
Justin A. Nelson (WA Bar No. 31864)
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
pfolse@susmangodfrey.com
esargent@susmangodfrey.com
jnelson@susmangodfrey.com

*Co-Counsel to the Official Committee of Equity Security Holders of Washington Mutual, Inc. et al.*