**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------- x
                                                          :
In re:                                                    :      Chapter 11
                                                          :
WASHINGTON MUTUAL, INC., *et al.*,[1]                     :      Case No. 08-12229 (MFW)
                                                          :
                                      Debtors.            :      Jointly Administered
                                                          :
-------------------------------------------------------- x

## CONFIDENTIALITY AGREEMENT GOVERNING CONFIRMATION DISCOVERY

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment," and together with WMI, the "Debtors"), are prepared to provide discovery requested and other information in connection with objections to plan confirmation in the Debtors' chapter 11 cases, which may involve the production of information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privileges (the "Discovery Materials"). The Debtors are entering into this agreement (the "Agreement") with the signatories to this Agreement (the "Parties") to govern the production, exchange, and use of all Discovery Materials, whether in response to formal discovery requests, deposition notices, or other forms of formal or informal discovery or information sharing.

1.      Definitions:

a.      "Document" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure, including all tangible written, recorded or graphic material, and intangible data files, such as magnetic computer files, whether produced or

---

[1]      The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395).

created by the Debtors, the other parties (the "Settling Parties") to the proposed Global Settlement Agreement, dated, May 21, 2010 (the "GSA"), or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above, whether in the Depository[2] or produced pursuant to discovery permitted by the Court ("Permitted Discovery").

b. "Confidential Information" means all information that is furnished to any party or party in interest (an "Eligible Objectant") or its representatives ("Representatives") who intend to file an objection to confirmation of the plan, by (i) the Debtors, (ii) the other Settling Parties, or (iii) their directors, officers, employees, attorneys, other representatives (collectively, the "Plan Representatives") through the Depository or Permitted Discovery in connection with the Confirmation Matter (as defined herein), and is designated in writing (on the document itself, in the case of a document that is Confidential Information) either as confidential, proprietary or otherwise not generally available to the public. Notwithstanding the foregoing, the following will not constitute Confidential Information: (i) information that is or becomes generally available to the public other than as a result of a violation of this Agreement by such Eligible Objectant or its Representatives or through discovery; provided, however, any such information obtained through discovery which is subject to a confidentiality agreement or other restrictions will remain subject to such agreement or restrictions, (ii)

_____

[2] The Debtors are establishing and staffing an electronic document depository (the "Depository" or "Document Depository").

information that was already in its files on a nonconfidential basis prior to being furnished to such Eligible Objectant by the Debtors, (iii) information that becomes available to such Eligible Objectant on a nonconfidential basis from a source other than the Debtors or the other Settling Parties if such source was not, to the best of its knowledge, subject to any prohibition against transmitting the information to such Eligible Objectant, or (iv) information independently developed by such Eligible Objectant without use of Confidential Information. Derivations, summaries and analyses of Confidential Information prepared by an Eligible Objectant or on its behalf shall be "Confidential Information"; provided, however, that conclusions, recommendations and positions asserted by, or on behalf of, an Eligible Objectant shall not be deemed "Confidential Information" if such conclusions, recommendations or positions do not include or set forth Confidential Information.

c. "Confidential Bank Information" means any information the disclosure of which is prohibited or limited in accordance with the applicable banking privileges or bank regulatory laws and regulations.

d. "Highly Confidential Information" shall include (i) information about clients, customers and employees of Washington Mutual Bank, Henderson, Nevada, Washington Mutual Bank, fsb, Utah, or JPMorgan Chase, including the banking activity of such clients, customers and employees; (ii) any information protected from public disclosure pursuant to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq., or any other or similar state or federal law regarding the protection of private customer information (together, with (i), "Protected Client and Customer Information"); (iii) any trade secret, (iv) any Unpublished OTS Information; (v) documents embodying nonpublic communications within any disclosing governmental agency or between such disclosing governmental agency and another

governmental agency (or agencies); (vi) documents embodying non-public financial, market, or business analysis conducted by any disclosing governmental agency whose public disclosure may affect market activity or behavior or the business interests of a subject of the analysis; (vii) confidential supervisory information of the Board of Governors of the Federal Reserve System as set forth in 12 C.F.R. § 261.2(c), and Non-public OCC information, as set forth in 12 C.F.R. § 4.32(b); (viii) documents that are exempt from public requests for information under the Freedom of Information Act, 5 U.S.C, § 552; and (ix) non-privileged email communications regarding the negotiation of the GSA, between and among the parties to the GSA and their respective counsel, consultants and advisors. **All protections applicable under this Agreement to Confidential Information apply as well to Highly Confidential Information**. "Highly Confidential Information" does not include any information that any party has made publicly available. JPMorgan Chase and the Debtors may be required to disclose to Eligible Objectants or other parties documents that may include Protected Client and Customer Information in order to comply with their discovery obligations. By entry into this Agreement, the Parties agree that the Debtors and JPMorgan Chase are undertaking reasonable measures to prevent the disclosure of Protected Client and Customer Information and agree that all Eligible Objectants and other parties that receive copies of or access to Documents or other information pursuant to this Agreement, whether in the Depository or through Permitted Discovery, must maintain the confidentiality and avoid disclosure of Protected Client and Customer Information. The production of any Highly Confidential Information shall not constitute a waiver of any objections to the admissibility of such documents or information at the hearing to consider confirmation of the Plan (the "Confirmation Hearing").

e.    "Highly Confidential – Attorneys' Eyes Only Information Restricted to EC" shall be limited to information which the designating party believes should be afforded the highest level of confidentiality, *e.g.*, certain memoranda, presentations and formal analyses regarding pertinent claims and causes of action covered by the GSA from the files of Debtors' counsel. **All protections applicable under this Agreement to Confidential Information and Highly Confidential Information apply as well to Highly Confidential – Attorneys' Eyes Only Information Restricted to EC**. By entry into this Agreement, the Parties agree that the Debtors and JPMorgan Chase are undertaking reasonable measures to prevent the disclosure of Highly Confidential – Attorneys' Eyes Only Information Restricted to EC and agree that any party that receives copies of or access to Documents or other information pursuant to this Agreement, whether in the Depository or through Permitted Discovery, must maintain the confidentiality and avoid disclosure of the Highly Confidential – Attorneys' Eyes Only Information Restricted to EC. The production of any Highly Confidential – Attorneys' Eyes Only Information Restricted to EC shall not constitute a waiver of: (i) any attorney client, work product or other legal privileges or (ii) any objections to the admissibility of such documents or information at the Confirmation Hearing.

f.    "Unpublished OTS Information" is described in 12 C.F.R. § 510.5 and includes, but is not limited to, "records created or obtained in connection with the OTS's performance of its responsibilities, such as records concerning supervision, regulation, and examination of savings associations, their holding companies, and affiliates, and records compiled in connection with the OTS's enforcement responsibilities. Unpublished OTS information also includes information that current and former employees, officers, and agents obtained in their official capacities." Unpublished OTS Information shall be deemed to include

all copies, abstracts, excerpts, analyses, or other writings or documents that contain, reflect, or disclose Unpublished OTS Information.

2.     <u>Permissible Use of Confidential, Highly Confidential Information and Highly Confidential—Attorneys' Eyes Only Information Restricted to EC</u>.  Documents and data produced through the Depository or Permitted Discovery may contain Protected Client and Customer Information.  All parties, including but not limited to the Debtors, the other Settling Parties, and the Eligible Objectants, agree to take all necessary steps to maintain the confidentiality and avoid disclosure of Protected Client and Customer Information in keeping with the confidentiality requirements that may apply to Protected Client and Customer Information that is produced in discovery governed by this Agreement.  Any party that may gain access to Highly Confidential—Attorneys' Eyes Only Information Restricted to EC shall take all necessary steps to maintain the confidentiality and avoid disclosure of the Highly Confidential—Attorneys' Eyes Only Information Restricted to EC in keeping with the confidentiality requirements that apply to such information that is produced in discovery governed by this Agreement.

a.     Third parties who are requested to produce or provide documents or things or provide testimony pursuant to the Permitted Discovery may avail themselves of the provisions of this Agreement, and may produce or provide documents, information, things or testimony containing Confidential or Highly Confidential Information in accordance with its provisions without further action by the Court.

b.     Confidential, Highly Confidential Information or Highly Confidential—Attorneys' Eyes Only Information Restricted to EC may be disclosed only to those persons identified in paragraphs 4, 5 and 6, respectively, below.  Any person obtaining

access to Confidential, Highly Confidential Information and/or Highly Confidential—Attorneys' Eyes Only Information Restricted to EC in the Depository or through Permitted Discovery shall use that information **solely** in connection with the prosecution of its objection to confirmation of the Plan, including, without limitation, in furtherance of any of the Permitted Discovery, as the same may be authorized by this Agreement or such order as may be entered by the Court (the "Confirmation Matter"), and shall not use such Confidential, Highly Confidential Information or Highly Confidential—Attorneys' Eyes Only Information Restricted to EC for any other purpose, including, but not limited to, the furtherance of that person's business interests or in any administrative or other judicial proceeding, including within the Debtors' chapter 11 bankruptcy cases, other than as specified herein. Highly Confidential Information and/or Highly Confidential—Attorneys' Eyes Only Information Restricted to EC may not be disclosed in any plan or disclosure statement. If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief from this or any other Court, including sanctions. OTS shall receive notice of such request for relief and be afforded an opportunity to be heard on the sanctions issues. In the event that a violation has occurred or is about to occur with respect to Unpublished OTS Information, OTS may seek appropriate injunctive relief.

c.      In addition, each Eligible Objectant shall not disclose the Confidential or Highly Confidential Information provided by the Debtors or the other Settling Parties and contained in the Depository Documents without the Debtors' prior written consent to any person not bound by the provisions of this Agreement, other than such Eligible Objectant's agents, representatives, or other professional representatives (collectively, the "Representatives") who need to know the Confidential or Highly Confidential Information for the Confirmation

Matter.  Representatives shall (i) be informed by each Eligible Objectant of the confidential nature of the Confidential or Highly Confidential Information and the requirement that such Confidential or Highly Confidential Information not be used other than for the purposes described above, (ii) be required to be bound to maintain the confidentiality of Confidential or Highly Confidential Information pursuant to the terms of this Agreement as a condition of receiving the Confidential or Highly Confidential Information, and (iii) be required to sign the Acknowledgement Form, attached to the Agreement as Exhibit 1; provided, however, that a non-testifying consultant shall (1) be obligated to execute an Acknowledgement Form and the Eligible Objectant shall retain such executed Acknowledgement Form pending the designation of such person on the Eligible Objectant's witness list, at which time, the executed Acknowledgement Form shall be provided to the Debtors, and (2) in the event not designated on the Eligible Objectant's witness list, upon conclusion of the Confirmation Hearing, return to the Debtors all Confidential or Highly Confidential Information received by such non-testifying consultant.  Each Eligible Objectant shall be responsible for any violation of this Agreement by any of their Representatives; provided, however, that so long as each Eligible Objectant has complied with clauses (i) through (iii) above, the providing of Confidential or Highly Confidential Information to its Representatives shall not constitute a violation of this Agreement. Each Eligible Objectant will safeguard Confidential or Highly Confidential Information from unauthorized disclosure with the same standard of care each Eligible Objectant uses in maintaining the confidentiality of its own confidential information of a similar nature, which shall, under no circumstances, be less than a reasonable standard of care.  If the person signing an Acknowledgement Form is an attorney, he or she is authorized to provide the Highly Confidential Information to his or her client(s) only if such client(s) execute(s) the

Acknowledgement Form prior to the dissemination of the Highly Confidential Information by such attorney to such client(s). The term "person" as used in paragraphs 1 through 15 hereof shall be broadly interpreted to include, without limitation, any corporation, company, partnership, individual or other entity. To the extent that Highly Confidential Information is to be shared by an Eligible Objectant with outside consultants, financial advisors or experts retained for the purposes of assisting in-house counsel or outside counsel of record who has appeared in these chapter 11 cases on behalf of an Eligible Objectant, such person shall execute the Acknowledgement Form prior to the dissemination of Highly Confidential Information, or such other form of confidentiality arrangement as may be acceptable to the Debtors and other Settling Parties, and return such executed Acknowledgement Form to the Debtors (to the attention of Brian S. Rosen, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153) and a copy to (i) the Creditors' Committee (to the attention of Fred Hodara, Esq., Akin, Gump, Strauss, Hauer & Feld LLP, One Bryant Park, New York, New York 10036), (ii) JPMorgan Chase (to the attention of Hydee Feldstein, Esq. and Robert A. Sacks, Esq., Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, California 90067 and Stacey Friedman, Esq., Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004), and (iii) the FDIC (to the attention of Thomas R. Califano, Esq., DLA Piper LLP, 1251 Avenue of the Americas, New York, New York 10020) (collectively the "Discovery Notice Parties"). To the extent such consultants, financial advisors or experts are entities, the execution of one Acknowledgement Form on behalf of any such entity shall be sufficient to bind any and all partners and employees of such entity. Highly Confidential – Attorneys' Eyes Only Information Restricted to EC shall only be disseminated to outside counsel for the Official Committee of Equity Security Holders of Washington Mutual, Inc., et al. (the "Equity Committee") and the

members of the Equity Committee after counsel for the Equity Committee returns an executed Acknowledgement Form to the Discovery Notice Parties.

d.     Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC shall not be copied or reproduced for use in connection with the prosecution of an objection to confirmation of the Plan, including, without limitation, in furtherance of any of the Permitted Discovery except to the extent such copying or reproduction is reasonably necessary to the conduct of such Permitted Discovery, and all such copies or reproductions shall be subject to the terms of this Agreement. If the duplicating process by which copies or reproductions of Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC are made does not preserve the confidentiality designation that appears on the original documents, all such copies or reproductions shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION RESTRICTED TO EC" as appropriate.

e.     Notwithstanding the designation of information as Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC by a producing party, nothing in this Agreement shall prevent an Eligible Objectant or its Representatives from disclosing Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC if required to do so by applicable law.

f.     Except with respect to a request of Congress or any committee, joint committee or subcommittee thereof or request of the Comptroller General, if an Eligible Objectant or its Representatives are requested or required (by oral question, interrogatories,

requests for information or documents, subpoena, civil investigative demand or request, or similar process or pursuant to applicable law, including any request made pursuant to the Freedom of Information Act ("FOIA"), or similar state or local law, litigation based on FOIA or such state or local law, to the extent applicable) to disclose any Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC, such Eligible Objectant will promptly give the Debtors (to the attention of Brian S. Rosen, Esq., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153), the Creditors' Committee (to the attention of Fred Hodara, Esq., Akin, Gump, Strauss, Hauer & Feld LLP, One Bryant Park, New York, New York 10036), JPMorgan Chase (to the attention of Hydee Feldstein, Esq. and Robert A. Sacks, Esq., Sullivan & Cromwell LLP, 1888 Century Park East, Los Angeles, California 90067 and Stacey Friedman, Esq., Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004), and the FDIC (to the attention of Thomas R. Califano, Esq., DLA Piper LLP, 1251 Avenue of the Americas, New York, New York 10020) written notice of such request or requirement as far in advance of any disclosure as is practicable so the parties may seek an appropriate protective order or waiver in compliance with provisions of this Agreement.  If, in the absence of a protective order or the receipt of a waiver hereunder, an Eligible Objectant or its Representatives are required or requested to disclose the Confidential or Highly Confidential Information, such Eligible Objectant may disclose only such of the Confidential or Highly Confidential Information to the party compelling disclosure that it is required or requested to disclose.  Each Eligible Objectant shall not be liable for the disclosure of Confidential or Highly Confidential Information pursuant to the preceding sentence.  Each Eligible Objectant will reasonably cooperate with the Parties to obtain a protective order or other reliable assurance that confidential treatment will be accorded the Confidential or Highly

Confidential Information.  Outside counsel for the Equity Committee, any persons identified in paragraph 6(c) and any other party that may be provided access to Highly Confidential – Attorneys' Eyes Only Information Restricted to EC (as may be directed by the Bankruptcy Court) shall not disclose any such information without the prior written consent of the Debtors or the applicable designating party.  Outside counsel for the Equity Committee, any persons identified in paragraph 6(c) and any other party that may be provided access to Highly Confidential – Attorneys' Eyes Only Information Restricted to EC (as may be directed by the Bankruptcy Court) will reasonably cooperate with the Debtors or other applicable Settling Parties to obtain a protective order to prevent the disclosure of such information.

3.      Designation of Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC.  The Debtors and other Settling Parties may designate documents or information as Confidential, Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION RESTRICTED TO EC" on each page of the document.  Notwithstanding anything otherwise contained herein, all Unpublished OTS Information shall be deemed Highly Confidential Information whether or not designated as such by any party.  A designation of confidentiality shall constitute a representation to the Parties, made in good faith, that the information so designated constitutes Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC as defined in this Agreement.

a. Transcripts of depositions taken in the Permitted Discovery shall be given the protections afforded Confidential Information under this Agreement for a period of fifteen (15) days after a complete copy of the transcript has been provided to the deponent or his or her counsel in order to give the Debtors and other Settling Parties an opportunity to designate information contained in the transcript as Confidential or Highly Confidential Information; provided, however, that portions of any transcripts of depositions containing discussions of Highly Confidential – Attorneys' Eyes Only Information Restricted to EC shall be designated as Highly Confidential – Attorneys' Eyes Only Information Restricted to EC. In the event that any Unpublished OTS Information is used or referred to at a deposition, those portions of the transcript referring to Unpublished OTS Information shall be deemed Highly Confidential Information whether or not designated as such by the parties. During the 15-day period in which the Debtors and other Settling Parties may determine whether to designate portions of a deposition transcript as Confidential or Highly Confidential, court papers that contain or refer to that deposition transcript must be filed under seal. Any court papers that contain or refer to Highly Confidential – Attorneys' Eyes Only Information Restricted to EC must be filed under seal.

b. No more than fifteen (15) days after receipt of the complete deposition transcript, counsel for any of the Debtors, other Settling Parties, or the deponent may designate the portions of the deponent's deposition that qualify as Confidential or Highly Confidential Information by transcript page number. Such designation shall be communicated in writing to all parties. Any Debtor, other Settling Party, or deponent may also designate specific testimony or transcript pages as Confidential or Highly Confidential Information by notice on the record at the deposition.

c. Inadvertent failure to designate documents or information as Confidential or Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC at the time of production may be remedied if, within the latter of either (i) 45 days after such documents or information was produced without the appropriate confidentiality stamp, or (ii) 30 days of notice of the inadvertent failure to designate, the producing party notifies the receiving Eligible Objectant that such documents or information had previously been produced without the appropriate confidentiality stamp. The producing party shall stamp such newly designated material as "Confidential" or "Highly Confidential" or "Highly Confidential – Attorneys' Eyes Only Information Restricted to EC" as appropriate. All parties shall return to the producing party, or destroy, any unstamped copies of such documents or information upon receipt of such documents or information bearing the appropriate confidentiality stamp.

d. In the event a Debtor or other Settling Party produces two or more identical or substantially identical copies of a document or other material, and any copy is designated Confidential, Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC, while other copies are not so designated, all such identical or substantially identical documents or other materials shall be treated as either Confidential, Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC, as appropriate, to the extent the producing party notifies the parties of the existence and bates numbers or other identifying information of such non-designated copies.

e. The burden of proving that any information is Confidential, Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC shall remain with the party making such designation. The production of any Highly Confidential –

Attorneys' Eyes Only Information Restricted to EC shall not constitute a waiver of any attorney-client, work product and/or other applicable privileges.

4.     Permissible Disclosure of Confidential Information.  Subject to paragraph 7 below, in addition to Eligible Objectants, Confidential Information may be disclosed only to:

a.     Current and former employees, officers or directors of the Debtors and other Settling Parties, the Debtors and other Settling Parties themselves and persons producing the information, provided that disclosure is permitted by paragraph 2 above, and is reasonably necessary to the prosecution of an objection to confirmation of the Plan, including, without limitation, in furtherance of any of the Permitted Discovery;

b.     Counsel for the Eligible Objectants, including in-house counsel, outside counsel of record who has appeared in the Debtors' chapter 11 cases on behalf of an Eligible Objectant, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with these chapter 11 cases, but only to the extent reasonably necessary to render professional services in these chapter 11 cases;

c.     Litigation support services, including outside copying services;

d.     Persons expected to be deponents, trial witnesses, and hearing witnesses in these chapter 11 cases and counsel to such persons;

e.     Any person identified as an author of a document designated as containing Confidential Information, or any person to whom a copy of such document was sent prior to its production in the Depository or Permitted Discovery;

f.     Court officials involved in these chapter 11 cases;

g.     Court reporting personnel involved in taking or transcribing testimony in these chapter 11 cases;

h. Any mediator or arbitrator engaged by the Debtors, other Settling Parties, or Eligible Objectants, or appointed by the Court;

i. Outside consultants, financial advisors or experts retained for the purpose of assisting in-house counsel, or outside counsel of record who has appeared in these chapter 11 cases on behalf of an Eligible Objectant, described in paragraph 4(b) above, provided that they comply with the requirements of paragraph 7;

5. <u>Permissible Disclosure of Highly Confidential Information</u>. Subject to paragraph 7 below, in addition to Eligible Objectants, Highly Confidential Information may be disclosed only to:

a. Current employees, officers or directors of the Debtor or other Settling Party designating the information as Highly Confidential;

b. Former employees, officers or directors of the Debtor or other Settling Party designating the information as Highly Confidential, provided that counsel has a good-faith basis for believing that such former employees had access to the Highly Confidential Information when they were current employees of the designating party or person, and provided that counsel must ascertain as soon as practicable whether such former employees had such access, and provided that upon the first indication that such former employees did not have such access, counsel must immediately refrain from any further disclosure to such former employees;

c. Counsel for the Eligible Objectants, including in-house counsel, outside counsel of record who has appeared in these chapter 11 cases on behalf of an Eligible Objectant, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with these chapter 11 cases, but only to the extent reasonably necessary to render professional services in these chapter 11 cases;

d.      Litigation support services, including outside copying services;

e.      Persons expected to be deponents, trial witnesses and hearing witnesses in these chapter 11 cases and counsel to such persons, provided that counsel has a good-faith basis for believing that such witnesses had access to or knowledge of the Highly Confidential Information, and provided that counsel must ascertain as soon as practicable whether such witnesses had such access or knowledge, and provided that upon the first indication that such witnesses did not have such access or knowledge, counsel must immediately refrain from any further disclosure to such witnesses;

f.      Any person identified as an author of a document designated as Highly Confidential, or any person to whom a copy of such document was sent prior to its production in the Depository or Permitted Discovery;

g.      Court officials involved in these chapter 11 cases;

h.      Court reporting personnel involved in taking or transcribing testimony in these chapter 11 cases;

i.      Any mediator or arbitrator engaged by the Debtors, other Settling Parties, or Eligible Objectants, or appointed by the Court; and

j.      Outside consultants, financial advisors or experts retained for the purpose of assisting in-house counsel, or outside counsel of record who has appeared in these chapter 11 cases on behalf of an Eligible Objectant, described in paragraph 5(c) above, provided that they comply with the requirements of paragraph 7.

6.      <u>Permissible Disclosure of Highly Confidential – Attorneys' Eyes Only Information Restricted to EC</u>.   Highly Confidential—Attorneys' Eyes Only Information Restricted to EC may be disclosed only to:

a. Current employees, officers or directors of the Debtor or other Settling Party designating the information as Highly Confidential—Attorneys' Eyes Only Restricted to EC;

b. Former employees, officers or directors of the Debtor or other Settling Party designating the information as Highly Confidential—Attorneys' Eyes Only Restricted to EC, provided that counsel has a good-faith basis for believing that such former employees had access to the Highly Confidential—Attorneys' Eyes Only Information Restricted to EC when they were current employees of the designating party or person, and provided that counsel must ascertain as soon as practicable whether such former employees had such access, and provided that upon the first indication that such former employees did not have such access, counsel must immediately refrain from any further disclosure to such former employees;

c. Outside Counsel for the Equity Committee, outside counsel of record who has appeared in these chapter 11 cases on behalf of the Equity Committee, and legal assistants, secretaries, staff or agents and consultants working with or for such counsel in connection with these chapter 11 cases, but only to the extent reasonably necessary to render professional services in these chapter 11 cases, and members of the Equity Committee;

d. Litigation support services, including outside copying services;

e. Any person identified as an author of a document designated as Highly Confidential—Attorneys' Eyes Only Restricted to EC, or any person to whom a copy of such document was sent prior to its production in the Depository or Permitted Discovery;

f. Court officials involved in these chapter 11 cases;

g. Court reporting personnel involved in taking or transcribing testimony in these chapter 11 cases; and

h.      any mediator or arbitrator engaged by the Debtors, other Settling Parties, or Eligible Objectants, or appointed by the Court.

7.      <u>Confidentiality Undertaking</u>.  Before any person described in paragraphs 4(i), 5(j) and 6(c) above is given access to Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC, the individual to whom disclosure is to be made shall first read this Agreement, and execute an Acknowledgment in the form attached to the Agreement as <u>Exhibit 1</u>.  Execution of that Acknowledgment confirms the signatory's understanding of this Agreement, willingness to be bound by the provisions of this Agreement, and agreement to waive any objection, jurisdictional or otherwise, to the exercise by the Court of its power to enforce the terms of this Agreement by such means as the Court deems appropriate.  Copies of such agreements shall be held by counsel of record for the Debtor or other Settling Party so disclosing the Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC.  The agreements executed pursuant to this paragraph shall be discoverable only upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Agreement.  Counsel for the Eligible Objectants to whom Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Agreement.  All persons who have received Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC shall take reasonable steps to safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

8.      <u>Challenges to Designations of Confidentiality</u>.  Any Eligible Objectant

may, after attempting to resolve the matter by agreement, apply to the Court pursuant to the applicable rules, for a ruling that certain documents or testimony designated as Confidential, Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC, or the information therein, is not entitled to confidential status or protection or, if designated Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC, is entitled only to be designated as Confidential or Highly Confidential as the case may be. It is understood and agreed that the producing party will have the burden of establishing the grounds for confidential treatment of the document or testimony at issue. The confidential status of the documents, testimony, or information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom. The provisions of this paragraph permitting challenges to a confidentiality designation shall not apply to Unpublished OTS Information. The Debtors and the other Settling Parties shall not be obligated to challenge the propriety of any designation of information as Confidential, Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC, and the failure to do so shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such information to persons not referred to in paragraphs 4 through 6 above.

9. <u>Special Rules for Filings and Submissions</u>. If an Eligible Objectant or its Representatives determine to file or otherwise submit to the Court any documents or exhibits containing or making references to the content of Confidential, Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC, including, but not limited to, pleadings, memoranda, transcripts and discovery responses, such documents or exhibits shall be filed under seal in a sealed envelope marked with the caption of these chapter 11 cases, the highest level of confidentiality applicable (either "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL INFORMATION" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY INFORMATION RESTRICTED TO EC" and bearing the following statement:

> FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY
> AGREEMENT DATED _____.  THIS ENVELOPE IS
> NOT TO BE OPENED NOR THE CONTENTS THEREOF
> DISPLAYED OR REVEALED EXCEPT BY OR AS DIRECTED
> BY THE COURT.

unless (i) at least two (2) business days (but in no event less than 48 hours) prior to the

commencement of Confirmation Hearing, an Eligible Objectant designates to the Debtors and

the party that produced the document or information (a) such documents or exhibits it determines

to file or otherwise submit to the Bankruptcy Court and/or (b) the Confidential, Highly

Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted

to EC an Eligible Objectant determines to reference or otherwise use at the Confirmation

Hearing, and (ii) such Eligible Objectant either (1) obtains from the Debtors or the other Settling

Parties, with respect to Confidential, Highly Confidential or Highly Confidential – Attorneys'

Eyes Only Information Restricted to EC provided by the Debtors or the other Settling Parties, to

the extent applicable, a waiver of the prohibition against (y) filing such designated documents or

exhibits (except under seal) and/or (z) using such designated Confidential, Highly Confidential

Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC at the

Confirmation Hearing, or (2) obtains an order of the Court, upon prior written notice to the

Debtors and the other Settling Parties, modifying or eliminating such prohibition.

   10. <u>Nonwaiver of Privileges</u>. In accordance with the applicable Rules

(including Federal Rule of Evidence 502(d)), disclosure in the course of Permitted Discovery of

any document or information (whether designated as Confidential, Highly Confidential, Highly

Confidential – Attorneys' Eyes Only Information Restricted to EC, or not) shall not be deemed

to waive whatever attorney-client privilege, work-product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information. If any Eligible Objectant or their Representative receives any information that is either (i) subject to a good faith claim of privilege or (ii) upon reasonable review appear to be subject to a legally recognized privilege, the Eligible Objectant or their Representative shall provide immediate notice to providing party, shall not review the apparently privileged information, and shall return any materials containing the apparently privileged information, as well as delete or destroy any copies of such materials. Upon notification by the Debtors or any other Settling Party that any of the Debtors or the other Settling Parties has inadvertently included information in the Depository or produced pursuant to a Production Request that should not have been included (whether because of applicable privilege or otherwise), each Eligible Objectant shall return or destroy any copies of such information retained within twenty-four (24) hours of notification and each Eligible Objectant shall not contest the Debtors' or other Settling Party's recall of such information until after its return or destruction.

a. The return of any documents claimed to be privileged shall not constitute an acknowledgment that the claimed documents or information is in fact privileged or entitled to protections or immunity. Notwithstanding the foregoing, an Eligible Objectant may promptly present the information to the Court under seal for determination of the producing party's claim that the documents or information is privileged or entitled to protections or immunity and retain a copy of the document for this limited purpose until the Court resolves the claim of privilege. The producing party must preserve the information until the claim is

resolved. Nothing in this paragraph will modify any obligation a party otherwise has with respect to inadvertent production under the law or ethical rules.

b. Nothing herein shall affect any Debtor or Settling Party's right or obligation to withhold from disclosure documents or information that is privileged, Confidential Bank Information, or information that is otherwise protected from disclosure. With the exception of Unpublished OTS Information which may be disclosed pursuant to the confidentiality protections provided herein, to the extent that bank regulatory laws and regulations, or any other governmental restrictions, limit disclosure of Confidential Bank Information, a Debtor or Settling Party served with requests for documents containing Confidential Bank Information agrees to work with the applicable agency to gain its consent for production of such documents and all parties agree to work together to ensure that additional confidentiality protections, if any, are put in place to facilitate disclosure.

c. Certain information, including certain Confidential Bank Information and information protected by the attorney-client privilege, may be appropriately disclosed among, depending on the circumstances, some or all of WMI, JPMorgan Chase and the FDIC, but may not be disclosed to other parties or persons. Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC may be offered in evidence at the Confirmation Hearing or offered in any court hearing in connection with the Debtors' chapter 11 cases subject to the procedures contained herein.

11. _Nonwaiver of Objection to Discovery_. Nothing in this Agreement shall affect any Debtor or other Settling Party's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information.

12. _Production of Documents Prior to Litigation Use_. Any document subject

to the discovery process that is used at a deposition, trial, or hearing, or included in any court papers (including, without limitation, briefs, exhibits, affidavits, and affirmations), must have been appropriately produced in accordance with the discovery process before the date on which the deposition, trial, or hearing will occur, and before the date on which the court papers are filed. Any document subject to the discovery process that is used at a deposition, trial, or hearing, or in court papers, must be Bates stamped, and if applicable, marked with a confidentiality designation prior to or during the deposition, trial, or hearing, and before or on the date on which the court papers are filed. Any document that is used at a deposition must also be designated by deposition exhibit number.

13. <u>Subpoenas Seeking Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC.</u> If any Eligible Objectant or their Representative that has obtained Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC under the terms of this Agreement receives a subpoena or other legal process commanding the production of any such documents or information (the "<u>Subpoena</u>"), such Eligible Objectant shall promptly notify the Debtor or Settling Party that designated the information or documents as Confidential, Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC of the service of the Subpoena. The Eligible Objectant or their Representative receiving the Subpoena shall not produce any Confidential, Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC in response to the Subpoena without either the prior written consent of the Debtor or Settling Party that designated the documents or information as Confidential, Highly Confidential or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC, or the OTS as to any Unpublished OTS

Information, or an order of a court of competent jurisdiction. However, the Debtor or Settling Party that designated such Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC in such case shall have the burden of seeking a court order relieving the subpoenaed Eligible Objectant of the obligations of the Subpoena prior to the return date of such Subpoena, or the subpoenaed Eligible Objectant shall be relieved of its obligations under this paragraph.

        14.    <u>Return of Information Upon Request</u>. The written Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC, except for that portion of the Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC that may be found in analyses, compilations, studies or other documents prepared by or for an Eligible Objectant, shall promptly, upon request, be returned to the Debtors. Upon such request, that portion of the Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC that may be found in analyses, compilations, studies or other documents prepared by or for an Eligible Objectant (including all written material, memoranda, notes and other writings or recordings whatsoever), oral Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC and written Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC not so requested or returned will be promptly destroyed and a certificate of destruction shall be delivered to the Debtors by each Eligible Objectant or one of its Representatives who shall have supervised such destruction. Nothing set forth in this paragraph 14 shall require the destruction of the Eligible Objectant or its Representatives' work product. The return and/or destruction of Confidential, Highly Confidential or Highly Confidential –

Attorneys' Eyes Only Information Restricted to EC referenced in this paragraph 14 shall not be required prior to the entry of a Final Order (or orders) confirming the Plan, as the same may be amended, modified or supplemented.

15.     <u>Return of Information Upon Plan Confirmation</u>.   The provisions of this Agreement shall not terminate upon entry of a Final Order (or orders) confirming the plan. Within sixty (60) days after the entry of a Final Order (or orders) confirming the plan, Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC (including all Unpublished OTS Information) and all copies of same, and all documents containing or referring to Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC (including Unpublished OTS Information), other than trial transcripts and trial exhibits admitted into evidence, and copies of any pleading or paper filed of record with the Court, shall either be returned to the producing party or person or destroyed; <u>provided</u>, <u>however</u>, that privileged documents, documents containing Confidential Bank Information, and documents containing attorney work product need not be returned but instead shall be destroyed.   Thereafter, no party shall reveal or disclose any Unpublished OTS information to any person not subject to this Agreement.

16.     <u>12 U.S.C. § 1828(x) – Nonwaiver of Privilege for Documents Disclosed to Banking Agency</u>.   The protections of 12 U.S.C. § 1828(x)3 shall apply to all documents that are subject to this Agreement.   12 U.S.C. § 1828(x) currently reads as follows:

**(x) Privileges not affected by disclosure to banking agency or supervisor:**

**(1) In general.** The submission by any person of any information to any Federal banking agency, State bank supervisor, or foreign banking authority for any purpose in the course of any supervisory or regulatory process of such agency, supervisor, or authority shall not be construed as waiving, destroying, or

otherwise affecting any privilege such person may claim with respect to such information under Federal or State law as to any person or entity other than such agency, supervisor, or authority.

**(2) Rule of construction.** No provision of paragraph (1) may be construed as implying or establishing that—

(A) any person waives any privilege applicable to information that is submitted or transferred under any circumstance to which paragraph (1) does not apply; or

(B) any person would waive any privilege applicable to any information by submitting the information to any Federal banking agency, State bank supervisor, or foreign banking authority, but for this subsection.

17.    <u>Other Obligations</u>.  The provisions of this Agreement shall not contravene any written confidentiality agreement to which any Debtor agreed to be bound prior to the commencement of these cases.

18.    <u>Application of Securities Laws</u>.    Each person signing an Acknowledgement Form understands that, as a result of its receipt of the Confidential, Highly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information Restricted to EC and participation in discussions with respect to the Confirmation Matter, such person may be deemed to be in possession of material, nonpublic information relating to the Debtors.  Each such person acknowledges that it is aware (and that the Representatives, directors, officers, employees, and representatives who are apprised of this matter have been advised) that the United States securities laws apply to such person.  If a person signing an Acknowledgement Form trades securities, such person represents that it has implemented and will comply with one or a combination of policies and procedures, reasonable and appropriate under the circumstances, taking into consideration the nature of its business, to ensure individuals making investment decisions with respect to the securities of the Debtors, whether for the individuals or clients, customers or employees, do not violate the Securities Exchange Act of 1934, as amended (the "<u>1934 Act</u>") or related rules and similar state laws.

19.     No Bar Against Seeking Further Protection.  Nothing in this Agreement shall be construed as preventing any Party from seeking further protection from the Bankruptcy Court for any materials produced during discovery.

20.     No Admission Regarding Admissibility or Relevancy.  Nothing in this Agreement shall be construed to affect in any way the admissibility or relevancy of any materials produced during discovery or other evidence.

21.     Binding Effect.  This Agreement shall bind the Parties and any person who executes an Acknowledgement Form.  Any violation of this Agreement shall be subject to enforcement and penalties as if it had been so ordered by the Bankruptcy Court.

22.     Continuing Jurisdiction.  The Bankruptcy Court retains exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Agreement upon appropriate motion by a party in interest.

23.     Execution of Agreement.  This Agreement may be executed by facsimile, electronically and in counterparts.

_____/s/ Neil R. Lapinski_____

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153

**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801

*Co-Counsel to Affiliated Debtors*

Dated: July 1, 2010

_____/s/ Neil R. Lapinski_____

**Quinn Emanuel Urquhart & Sullivan, LLP**
55 Madison Avenue, 22nd Floor
New York, NY 10010

*Co-Counsel to the Debtors*

Dated: July 1, 2010

**AGREED TO AND ACCEPTED BY:**

---

**SUSMAN GODFREY, L.L.P.**
645 Madison Avenue, 5th Floor
New York, NY 10065

**ASHBY & GEDDES, P.A.**
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

*Co-Counsel for the Official Committee of Equity*
*Security Holders of Washington Mutual, Inc. et al.*

Dated: June ___, 2010

**AGREED TO AND ACCEPTED BY:**

by _____Cl· Ca_____

_____Christopher W. Carty_____

_____Akin Gump Strauss Hauer &Feld LLP_____

_____One Bryant Park_____

_____New York, NY 10036_____

*Counsel for* _____Official Committee of_____

_____Unsecured Creditors_____

Dated: _____July 1_____, 2010