IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 08-12229 (MFW) |
| WASHINGTON MUTUAL, INC., *et al.*, | § | |
| | § | CHAPTER 11 |
| DEBTORS. | § | (Jointly Administered) |
| | § | |
| | § | Hearing Date: July 8, 2010 at 10 a.m. ET |
| | § | RE: D.I. No. 4739 |
| | § | |

## THE TEXAS GROUP'S RESPONSE AND OPPOSITION TO MOTION OF JPMORGAN CHASE BANK, N.A. FOR ENTRY OF A PROTECTIVE ORDER WITH RESPECT TO THE PLAN OBJECTORS' REQUESTS FOR DISCOVERY

American National Insurance Company, American National Property and Casualty Company, Farm Family Life Insurance Company, Farm Family Casualty Insurance Company, and National Western Life Insurance Company (collectively, the "Texas Group"), parties in interest, file this Response and Opposition to the Motion of JPMorgan Chase Bank, N.A. ("JPMC Bank") for Entry of a Protective Order With Respect to Plan Objectors' Requests For Discovery ("JPMC Bank's Motion"), and respectfully submits the following:

## I.
## PRELIMINARY STATEMENT

JPMC Bank asks the Court to "stop" the "ANICO Plaintiffs efforts to open a new Rule 2004 investigation."[1] However, the Texas Group does not seek to open a new Rule 2004 investigation, nor has it ever stated that it intended to open a Rule 2004 investigation. There is already pending before this court a Motion for a Rule 2004 examination against JPMorgan Chase & Co. ("JPMC & Co.") and JPMC Bank, filed by the Official Committee of Equity Security Holders (the "Equity Committee") on May 25, 2010, which the Texas Group considers

---

[1] JPMC Bank's Motion and Response, p. 13. JPMC Bank refers to the Texas Group as the "ANICO Plaintiffs." The Texas Group will continue referring to themselves, as in all previous pleadings to this Court, as the "Texas Group."

to be sufficient.[2] Moreover, the Texas Group does not seek any discovery directly from JPMC Bank. JPMC Bank's Motion therefore fails because it is founded upon a misunderstanding of the Texas Group's communications and intentions.[3]

However, JPMC Bank's Motion should be denied for the additional reason that it seeks to obscure the fact that JPMC & Co. has never responded to any formal discovery requests in these bankruptcy cases. By way of background, on May 1, 2009, the Debtors filed a motion for a Rule 2004 examination, seeking to investigate potential claims against JPMC Bank "based on the alleged misconduct that is the subject of [the Texas Action]."[4] The May 1, 2009 Rule 2004 Motion attached the Texas Group's state court complaint as Exhibit A, and extensively quoted the complaint in support of its motion.[5] On June 24, 2009, the Court granted the Debtors' Rule 2004 Motion, and ordered that an examination of JPMC Bank be conducted. *In re: Washington Mutual, Inc.*, 408 B.R. 45 (Bankr. D. Del. 2009). Notably, the Debtors did not ask for and the Court did not order an examination of JPMC & Co.

In response to the Debtors' document requests, JPMC Bank fired off a "blizzard of written objections,"[6] and ultimately made responses that were "woefully incomplete."[7] It is unclear whether the Debtors ever determined whether JPMC Bank was limiting its responses to documents in the possession, custody and control of JPMC Bank rather than JPMC & Co.[8] The

---

[2] *See* Equity Committee's Motion of the Official Committee of Equity Security Holders for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Examination of JPMorgan Chase (Docket No. 4301), filed May 25, 2010 ("EC Motion for Rule 2004 Examination of JPMC").
[3] Docket No.. 4739
[4] *See* Motion for 2004 Examination of JPMorgan Chase Bank, N.A. (Docket No. 974) ("May 1, 2009 Rule 2004 Motion"), ¶1.
[5] *Id.*, Exhibit A.
[6] EC Motion for Rule 2004 Examination of JPMC, ¶3.
[7] *Id.*, ¶38.
[8] *Cf. Id.*, Exhibits G and H (Debtors' correspondence regarding JPMC Bank's incomplete Rule 2004 responses, which fails to discuss whether JPMC & Co. documents were produced) and Exhibit I (correspondence from JPMC Bank counsel regarding discovery, which refers only to JPMC Bank).

2

current EC Motion for a Rule 2004 Examination of JPMC rectifies the previous motion's shortcoming – it specifically requests an examination of JPMC & Co.

It is clear that JPMC & Co. considers itself separate from JPMC Bank. For example, in the Texas Litigation, JPMC & Co. submitted an affidavit of a Senior Vice President and Secretary of JPMC & Co. who averred that JPMC Bank "is a wholly separate entity from JPMC & Co. The Board of Directors of JPMC & Co. is separate from the Board of JPMC Bank and consists of fully independent directors and one inside director."[9] Given other evidence of "discovery games" by JPMC Bank, it is entirely reasonable to inquire whether JPMC Bank may have obscured the limited scope of its discovery responses in order to prevent discovery of a greater amount of relevant material from its parent company.

The primary role that JPMC & Co. played in the claims asserted in the Texas Litigation, which the Debtors seek to release by way of its plan of reorganization ("Plan") and the related global settlement, is evident from the Texas Group's proposed Plaintiffs' First Amended Complaint, attached to the Motion to Amend or Alter Judgment and Request for Leave to File Amended Complaint, which motions are pending.[10] For example:

- "JPMC & Co. created a project group from top executives from multiple business units within the company with the goal to exploit Washington Mutual's financial difficulties in order to acquire its banking operations. This group was given the code name 'Project West,' which was known only to JPMC & Co. insiders and certain third parties such as rating agencies and regulators. . . ." (Amended Complaint, ¶20).

- "According to emails between JPMC & Co. executives, in March of 2008, JPMC & Co. was developing a plan to acquire WMB through government intervention, with stakeholders of WMB being stripped of their rights." (Amended Complaint ¶23).

---

[9] Affidavit of Anthony J. Horan, paragraph 2, attached as Exhibit A to Declaration of James Roquemore (the "Roquemore Decl.").
[10] *American National, et al., v. JPMorgan Chase & Co*, No. 09-1743 (RMC) (D.D.C. May 10, 2010), Doc. 119-1, attached as Exhibit B to the Roquemore Decl.

3

- JPMC & Co. acquired confidential information of Washington Mutual for purposes of its unlawful scheme. (Amended Complaint ¶21, 36-39, 45-47, 51).

- JPMC & Co. obstructed potential Washington Mutual suitors. (Amended Complaint ¶29, 30).

- JPMC & Co. conducted sham negotiations with WMI. (Amended Complaint ¶46, 47, 51, 54).

- JPMC & Co. negotiated with federal regulators using illegally acquired Washington Mutual information (Amended Complaint ¶65).

- JPMC & Co. leaked confidential information to media in order to incite depositor withdrawals. (Amended Complaint ¶56-58).

- JPMC & Co.'s Powerpoint presentations and other internal documents show that it intended that WMB bondholders would lose their rights to cash flows from WMB assets as a result of JPMC & Co.'s scheme, and which otherwise show JPMC & Co.'s and JPMC Bank's culpability (Amended Complaint ¶20 26, 28-34, 53-55).

- JPMC & Co. disregarded at least one confidentiality agreement made with the FDIC. (Amended Complaint ¶37-41).

Thus, when it became apparent to the Texas Group that the Debtors' proposed discovery protocol created an ambiguity as to whether JPMC & Co. would be subject to reasonable discovery,[11] the Texas Group wrote to the Debtors, and asked:

> <u>Is JPMorgan Chase & Co. a "Settling Party" upon whom "Permitted Discovery" may be made?</u> The term "Settling Parties" is not defined in the Proposed Agreed Order. The Debtors' prior Rule 2004 examination was limited to an examination of JPMorgan Chase Bank, N.A., not JPMorgan Chase & Co. As you know, JPMC Bank interposed sweeping objections to all production requests by the Debtors. It is unclear whether JPMC & Co. ever meaningfully produced documents regarding its involvement in the business torts alleged in the Texas Litigation. If JPMC & Co. will not voluntarily agree to be a "Settling Party" subject to requirements to produce documents pursuant to the Agreed Order and Confidentiality Provisions, then a Rule 2004 examination should be conducted

---

[11] The Settlement Agreement does not list JPMC & Co. as a party, either in its prefatory language or in its signature sections. *See* Settlement Agreement, pp. 1 and 75. JPMC Bank is a party, and is described as "'JPMC' and, collectively with those of JPMC's affiliates that have filed proofs of claim against the Debtors and the Debtors' chapter 11 estates or that are Acquisition JPMC Entities, as defined below, the 'JPMC Entities.'" *Id* at p. 1. The Settlement Agreement was executed by a representative of JPMC Bank, but not JPMC & Co. *Id.* at p. 75. The Settlement Agreement does, however, seek to release the JPMC Entities' "parent entities." *Id.* at p. 51.

upon JPMC & Co., independent of this discovery protocol and confidentiality agreement.[12]

The Debtors subsequently failed to address this ambiguity in the discovery protocol, so the Texas Group sent an email to the Debtors on June 30, 2010, asking that the term "Settling Parties" be defined.[13] As the Texas Group explained, "It would be efficient to be clear as to whether JPMC & Co. is subject to the proposed Discovery Procedures Order. This is especially true given the uncertainty as to whether JPMC & Co. fully responded to the Debtors' prior Rule 2004 discovery requests, which will presumably populate WMI's Depository."[14] To date, neither JPMC Bank nor JPMC & Co. has confirmed whether JPMC & Co. fully responded to formal discovery other than to state, "JPMorgan stands by its discovery responses."[15]

## II.
## DISCUSSION

JPMC Bank has failed to meet its burden to establish good cause for a protective order with regard to the Texas Group.

> The burden of proving that good cause exists for the entry of a protective order rests on the party seeking the order.
>
> In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that "good cause" exists for the order of protection. Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity.

*In re Am. Business Financial Servs. Inc.*, No. 05-10203, 2008 WL 3906894, at *3-4 (Bankr. D. Del. 2008) (Walrath, J.) (punctuation and citations omitted).

---

[12] *See* Exhibit C to Roquemore Decl.
[13] *See* Email from James Roquemore to Brian Rosen, counsel to the Debtors, dated June 30, 2010, attached as Exhibit D to Roquemore Decl.
[14] *Id.*
[15] Statement of Stacey Friedman, counsel to JPMC and JPMC & Co., dated June 16, 2010 (paraphrased). *See* Roquemore Decl., paragraph 6.

JPMC Bank fails to specify any formal or informal discovery request made by the Texas Group to JPMC Bank. The letter cited by JPMC Bank does not refer to JPMC Bank, but instead refers to JPMC & Co., a wholly separate entity. In any event, even as to JPMC & Co., the June 15, 2010 letter states only that "a Rule 2004 examination should be conducted upon JPMC & Co.," not that the Texas Group intends to ask for one. To be clear, the Texas Group has no intention to seek any Rule 2004 investigation as imagined by JPMC Bank. As such, JPMC Bank falls far short of showing any injury with specificity that would warrant issuance of a protective order, as required by Federal Rule of Civil Procedure 26(c).[16]

The remainder of JPMC Bank's discussion relating to the Texas Group provides no basis for entry of a protective order, even if discovery was being sought by the Texas Group directly against JPMC Bank. JPMC Bank argues that the Texas Group has "not filed a claim in the bankruptcy" and has "no claims against the Debtors."[17] These factors, even if assumed to be true, have no effect on the Texas Group's right to participate in reasonable discovery.

The Texas Group undoubtedly is a party in interest in these bankruptcy cases. The Debtors, and JPMC Bank and the FDIC, both non-debtor third parties, are attempting, by way of releases contained in the Debtors' Plan, to forever extinguish claims of the Texas Group asserted against JPMC Bank, JPMC & Co., and the FDIC in the Texas Action. If the releases in the Plan are approved by this Court, the Texas Groups' claims against the above parties will be forever waived and released.

Bankruptcy case law makes plain that the Texas Group is a party in interest and, notwithstanding the Debtors' and JPMC Bank's contentions, has a right to engage in discovery

---

[16] JPMC Bank's concerns of "discovery issues that are necessarily and inextricably intertwined" (JPMC Bank's Motion, n. 2) and its lament of "collective efforts" by parties including the Texas Group (*Id.* at 16) to overburden JPMC Bank are similarly baseless.

[17] JPMC Bank's Motion, p. 14.

in these bankruptcy cases. More to the point, under 11 U.S.C. § 1109(b), any party in interest may appear and be heard in a chapter 11 case. A "party in interest" is defined as a party "with a sufficient stake in the proceeding so as to require representation." *In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985) (future claimants are sufficiently affected by proceedings to require representation). There is no requirement that the party file a proof of claim against a debtor or make a "claim" against the debtor in order to be a party in interest. *See Unofficial Comm. of Zero Coupon Noteholders v. Grand Union Co.*, 179 B.R. 56, 58 (D. Del. 1995) (district court granted party-in-interest standing to bondholders of the debtor's parent corporation who claimed that a plan of reorganization would render the parent unable to meet its obligations on the bonds); *see also, In Re Ionosphere Clubs*, 101 B.R. 844 (S.D.N.Y. 1989) (if a party is affected by the reorganization process, then that party should be considered a party in interest). Notwithstanding the Debtors' and JPMC Bank's misunderstanding of the relevant case law, the Texas Group clearly will be directly effected by the releases in the Plan and is, therefore, a party in interest.

The Debtors in the instant case seek to "settle" and "release" the Texas Group's claims against JPMC Bank and JPMC & Co. despite not being a party to the Texas Litigation and without providing any consideration to the Texas Group.[18] *See In re: Washington Mutual, Inc.*, 408 B.R. 45, 51 n. 12 (Bankr. D. Del. 2009) (in the Court's opinion regarding the Debtors' Rule 2004 motion, "the Debtor is not a party to the Texas Action."). The Texas Group has a clear and direct financial stake in the outcome of these bankruptcy cases - if the releases in the Debtors' Plan are approved, then the Texas Group's claims against JPMC Bank, JPMC & Co., and the FDIC will be forever extinguished. The Texas Group members are, therefore, parties in interest

---

[18] *See, e.g.*, Chapter 11 Plan of Reorganization (Docket No. 2622), filed March 26, 2010, §§ 1.182 (naming the Texas Group's action as the "Texas Litigation"), 1.146 (including "Texas Litigation" in "Related Actions"), and 2.1 (releasing "Related Actions").

entitled to participate fully in these cases, including participation in reasonable discovery regarding the Debtors' Plan, including the reasonableness of the Plan and the proposed settlements and releases of parties' claims and parties' liability contained therein.

**WHEREFORE**, based on the foregoing, counsel respectfully submits that JPMC Bank's Motion regarding the Texas Group should be denied, the proposed form of Order filed contemporaneously herewith should be entered, and the Court should grant all other relief it deems necessary and appropriate.

Dated: July 2, 2010

Respectfully Submitted.

SMITH, KATZENSTEIN & FURLOW LLP
By: /s/ Michael P. Migliore
Michael P. Migliore (Del. Bar No. 4331)
The Corporate Plaza
800 Delaware Avenue
Suite 1000, P.O. Box 410
Wilmington, DE 19899
Tel. 302-652-8400 x216
Fax 302-652-8405
Email: mpm@skfdelaware.com

-and-

GREER, HERZ & ADAMS, LLP
Andrew J. Mytelka (Texas Bar No. 14767700)
Frederick E. Black (Texas Bar No. 02371100)
Tara B. Annweiler (Texas Bar No. 00783547)
James M. Roquemore (Texas Bar No. 24058082)
One Moody Plaza, 18th Floor
Galveston, Texas 77550
Tel. (409) 797-3200
Fax (409) 766-6424

Counsel to The Texas Group