# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* | Chapter 11 |
| WASHINGTON MUTUAL, INC., et al.,[1] | Case No. 08-12229 (MFW) |
| Debtors. | Jointly Administered |
|  | Hearing Date: July 8, 2010 |

### OPPOSITION OF THE OFFICE OF THRIFT SUPERVISION TO THE MOTION OF THE CONSORTIUM OF TRUST PREFERRED SECURITY HOLDERS TO COMPEL PRODUCTION

The Office of Thrift Supervision ("OTS" or "Agency") submits the following opposition to the motion of the Consortium of Trust Preferred Security Holders ("Consortium") to compel production. At the hearing held June 3, 2010 in this case, this Court indicated that it was not inclined to allow discovery of third parties other than the FDIC and JPMorgan (Tr. at 121, line 25, through 122, line 8). Notwithstanding this Court's direction, the Consortium served OTS, a third party other than the FDIC and JPMorgan, with a purported request to produce documents under Rule 34 of the Federal Rules of Civil Procedure and applicable rules of Bankruptcy Procedure. OTS objected and the Consortium has now moved to compel. (The request to produce and objection are annexed as Exs. A and B to the Consortium's Motion.)

This Court should deny the Consortium's motion. The Consortium's attempt to obtain discovery from OTS contravenes this Court's direction, defies the Federal Rules – which do not provide for a Rule 34 request to third parties – and is unnecessary and unduly burdensome. Importantly, most of the information that the Consortium seeks from OTS is

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

already in the possession of the Debtors, JP Morgan and the FDIC, the very entities that this Court has indicated discovery should proceed against. OTS has acted to facilitate discovery of information from the Debtors by authorizing them to produce OTS information in their possession to parties objecting to the proposed settlement upon the objectants' execution of the protective order entered by this Court on July 2, 2010. That order has already been signed by counsel for the Official Committee of Unsecured Creditors and perhaps other objectants and explicitly covers, among other things, the exchange of OTS information. The Consortium should execute that stipulation and order and, consistent with this Court's direction, obtain discovery of OTS information from the Debtors, JP Morgan and/or the FDIC.

Background

1. OTS previously regulated Washington Mutual, Inc., a savings and loan holding company, and its thrift subsidiaries. On September 25, 2008, OTS appointed the FDIC as receiver for Washington Mutual Bank and the Debtors subsequently initiated these bankruptcy proceedings.

2. OTS is not a party to these bankruptcy proceedings or to any pending adversary proceeding. Nor is it a claimant against the Debtors or any other party in these proceedings. And no party to these proceedings has asserted a claim against OTS. The Agency has appeared solely for purposes of executing applicable confidentiality stipulations facilitating the production of OTS information and to respond to discovery demands such as the one served by the Consortium.

Argument

3. There is no basis for the Consortium to seek document discovery from OTS. First, this Court indicated at the June 3rd hearing that discovery should not proceed against third

parties such as OTS. Second, Rule 34 of the Federal Rules of Civil Procedure, the rule the Consortium relied upon in serving its request, does not provide for discovery against non-parties.[2]

4. In its motion, the Consortium nonetheless suggests that it is entitled to Rule 34 discovery from OTS because OTS is a "party in interest" and "would appear to be a beneficiary of the broad third party releases contained in the Global Settlement Agreement…" Neither point has merit. The Consortium never explains what it means by a "party in interest" or how that label could justify service of a Rule 34 document request on OTS. Moreover, as noted, OTS has appeared solely for purposes of responding to discovery requests directed to it and executing applicable confidentiality stipulations and protective orders to facilitate the production of OTS information.

5. As to the releases in the settlement agreement, neither the Debtors nor the Consortium have asserted – or, for that matter, could assert – any claim against OTS. It is well established that the United States may not be sued without its consent and that the existence of such consent is an absolute prerequisite for jurisdiction. *See United States v. Mitchell,* 463 U.S. 206, 212 (1983). The doctrine of sovereign immunity applies not only to the United States but also to its component branches and agencies, including OTS. *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). The narrow waiver of sovereign immunity that Congress has enacted with respect to suits against OTS expressly excludes claims by any party, such as the Consortium, that is not a federal savings association or director or officer thereof *and* also expressly excludes all claims by any party for money damages. 12 U.S.C. §1464(d)(1)(A). Moreover, while a federal savings

---

[2] The Consortium misrepresents OTS' position in its motion. OTS has never claimed some sort of "absolute immunity" from discovery. Rather, OTS has taken the position that: (i) Rule 34 does not permit discovery against a non-party such as OTS; and (ii) given this Court's direction at the June 3 hearing, discovery should not proceed as against OTS.

association may challenge the appointment of a receiver for it, that claim must be brought within 30 days of the appointment of the receiver. 12 U.S.C. §1464(d)(2)(B). Washington Mutual Bank brought no such claim within the applicable time period and is now barred from asserting such a claim. In short, even assuming that the beneficiary of a release is somehow a "party" for purposes of Rule 34 – itself a doubtful proposition – OTS is not receiving any right or benefit from the releases in the Global Settlement beyond those that it already has as a matter of law.

6. As the Court recognized at the June 3 hearing, and as remains the case today, the Consortium and other objectants should obtain discovery from the truly interested parties – the Debtors, JPMorgan, and the FDIC – not third parties such as OTS. OTS has facilitated the production of OTS information in the possession of the Debtors by authorizing them to produce OTS information in their possession to parties objecting to the proposed settlement upon the objectants' execution of the stipulation and protective order entered on July 2, 2010 by this Court. That information includes documents, such as the complete administrative record supporting the appointment of a receiver, which OTS has previously produced to the Debtors. The simple fact is that most of the OTS information sought by the Consortium – including all communications between OTS, on the one hand, and the Debtors, JPMorgan, or the FDIC, on the other – are in the possession of those parties and can and should be obtained by the Consortium from them.

7. The Consortium lastly tries to justify discovery from OTS on the grounds that its requests are "narrow" and can be responded to without burden. This is not the case. Every request that the Consortium has propounded to OTS is a classic "any and all documents …" request. In order to respond, OTS would need to search both paper files and electronic databases

for responsive information.  This would be both a burdensome and costly undertaking and one that, in all events, OTS could not complete by the July 19th date requested by the Consortium.

For all of the reasons stated above, this Court should deny the Consortium's motion.

Date:   July 7, 2010                                    Respectfully submitted,

                                                  DEBORAH DAKIN
Acting Chief Counsel

DIRK S. ROBERTS
Deputy Chief Counsel, Litigation


/s/_Martin Jefferson Davis_____
MARTIN JEFFERSON DAVIS  (NJ 260491970)
CHRISTOPHER A. STERBENZ (DC 437722)
Senior Attorney
Office of Thrift Supervision
1700 G. Street, N.W.
Washington, D.C.  20552
Tel:  (202) 906-6756
Fax:  (202) 906-6353
E-mail:  martin.davis@ots.treas.gov

Attorneys for the Office of Thrift Supervision