# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CHAPTER 11 |
| | ) | |
| WASHINGTON MUTUAL, INC., *et al.*[1], | ) | Case No. 08-12229 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket Nos. 2087, 2202 and 3216** |

## REQUEST FOR A STATUS AND SCHEDULING CONFERENCE

SILAS B. WRIGLEY AND BARBARA WRIGLEY ("the Wrigleys") request that the Court set a status and scheduling conference on their pending stay relief motion and related claim objection.

1. The Wrigleys filed their proof of claim (the "Claim") on March 31, 2009. The Claim is based on a state court lawsuit filed in 2005 in which the Wrigleys sued Washington Mutual Bank and Washington Mutual, Inc. for a wrongful foreclosure on their house. The wrongful foreclosure resulted from a single default on a real estate tax obligation stemming from Mrs. Wrigley's hospitalization for cancer.

2. On January 5, 2010, the Debtors filed their Nineteenth Omnibus (Substantive) Objections to Claims (the "Claim Objection", D.I. 2087) including the Claim. Through their attorney in the State Court Action, the Wrigleys filed a response to the Claim Objection on January 22, 2010 (D.I. 2202), arguing that the Claim should be adjudicated in the state court action.

---

[1] The debtors are Washington Mutual, Inc. and WMI Investment Corp. The Debtors' principal offices are located at 1301 Second Avenue, Seattle, WA 98101.

REQUEST FOR STATUS CONFERENCE.DOC

3. In further support of their request that the Claim be adjudicated in the state court action, on April 13, 2010 the Wrigleys filed a motion for relief from the automatic stay (D.I. 3216, the "Stay Relief Motion") in which they seek to liquidate the Claim in the state court action.

4. The hearings on the Stay Relief Motion and the Claim Objection have been continued consensually several times. However, at this point, the Wrigleys would like to make some progress in this matter.

5. The Debtors and the Wrigleys have reached an impasse as to scheduling issues. The Wrigleys would like to proceed with the hearing on the Stay Relief Motion *before* a hearing on the substance of the Claim Objection. Indeed, one of the purposes of the Stay Relief Motion is to avoid the cost of litigating the underlying Claim in Delaware, which would be extremely expensive for the Wrigleys as two sets of counsel would have to be involved.

6. The Debtors would like to have the Stay Relief Motion and the Claim Objection heard at the same time, allegedly for reasons of efficiency.

7. Undersigned counsel to the Wrigleys, recognizing this impasse, suggested to Debtors' counsel that this scheduling issue be addressed by presenting it to the Court at a status and scheduling conference, which, at the Court's pleasure, could be conducted telephonically. The Debtors would not agree to that, apparently believing that this issue concerning scheduling should be addressed through motion practice or not addressed at all.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

8. The Wrigleys submit that the most efficient and cost-effective manner to address this scheduling dispute is to hold an in-person or telephonic scheduling conference. The Wrigleys also believe that a scheduling conference would relieve the Court of having to review motion papers on what is a purely procedural issue. The Wrigleys would be pleased to have such a conference held at the next omnibus hearing on July 20, 2010.

DATED: July 8, 2010

                                                                       _____
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone:   (302) 654-0248
Facsimile:    (302) 654-0728
Email:        loizides@loizides.com

*Counsel for Silas B. Wrigley and Barbara Wrigley*