# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | : | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| WASHINGTON MUTUAL, INC., et al.,[1] | : | Case No. 08-12229 (MFW) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | RE: Docket No. 4644 |

## ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER

Upon the motion, dated June 8, 2010 (the "Second Motion"), of the Official Committee of Equity Security Holders (the "Equity Committee") for entry of an order appointing an examiner pursuant to section 1104 of title 11 of the United States Code (the "Bankruptcy Code"); and Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (together, the "Debtors") having filed the Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated July 1, 2010, as may be further amended from time to time (the "Plan"), which embodies the compromise and settlement set forth in that certain Settlement Agreement, dated as of May 21, 2010 (the "Settlement Agreement"),[2] by and among the Debtors, the Creditors' Committee, JPMC, the FDIC Receiver, FDIC Corporate and the other parties thereto, and a disclosure statement in connection therewith (the "Disclosure Statement"); and by motion, dated April 26, 2010 (the "First Motion"), the Equity Committee having previously requested the appointment of an examiner pursuant to section 1104 of the Bankruptcy Code; and by order, dated May 5, 2010 (the "Denial Order"), the Court having

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification numbers are: (a) Washington Mutual, Inc. (3725); and (b) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

[2] Unless other wise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Settlement Agreement.

denied the relief requested in the First Motion; and by separate notices of appeal, the Equity Committee and the Office of the United States Trustee (the "U.S. Trustee") having appealed from the Denial Order (collectively, the "Appeals"); and by petition, dated July 7, 2010, the Equity Committee having requested that the United States Court of Appeals for the Third Circuit consider its Appeal of the Denial Order under direct certification; and by order, dated July ___, 2010, (the "DS Order"), the Court contemporaneously herewith having (a) approved the Disclosure Statement in connection with the Plan in accordance with section 1125 of the Bankruptcy Code, (b) authorized, among other things, the solicitation of acceptances and rejections with respect to the Plan and (c) established November 1, 2010, at 9:30 a.m., as the date and time for the hearing to consider confirmation of the Plan in accordance with section 1129 of the Bankruptcy Code (the "Confirmation Hearing"); and upon due consideration and sufficient cause appearing therefore, it is hereby ORDERED as follows:

1. The U.S. Trustee is directed to (a) solicit from the Parties and the Equity Committee, and the Parties and the Equity Committee shall provide within one (1) business day of entry of this Order, the names of persons such entities believe are qualified to serve as examiner (the "Examiner") to perform the Investigation, as defined below, and (b) appoint the Examiner pursuant to section 1104 of the Bankruptcy Code within five (5) business days of entry of this Order.

2. The Examiner is directed to examine (the "Investigation") (a) whether the Debtor' Board of Directors acted reasonably in determining whether to enter into the Settlement Agreement (b) whether the negotiations which led to the Settlement Agreement were free from collusion and undue influences, and (c) whether the Debtor's Board, management or professionals had conflicts of interest in connection with the Settlement Agreement.

3. The Examiner shall, before commencing the Investigation, promptly meet and confer, separately if requested, with the Debtors, each of the other Parties, the Equity Committee, and, if the U.S. Trustee requests participation, the U.S. Trustee. The Parties and the Equity Committee shall use their respective best efforts to coordinate with the Examiner and to avoid unnecessary interference with, or duplication of, the Investigation, and the Examiner, in his or her conduct of the Investigation, shall use best efforts to utilize relevant materials obtained by the Parties and the Equity Committee in the course of any informal and/or formal discovery to avoid unnecessary duplication of work performed to date.

4. Within three (3) business days of the date on which the U.S. Trustee appoints the Examiner, the Examiner shall propose a work and expenses plan (the "Work and Expenses Plan"), which shall include a good faith estimate of the fees and expenses to be incurred by or on behalf of the Examiner in connection with the Investigation. The Court will hold a status conference on July ___, 2010, at _____, __.m., to (a) consider the Work and Expenses Plan (along with any responses thereto) and (b) order, if appropriate, further relief as will aid the Examiner in the performance of the Examiner's duties and/or to accommodate the needs of the Debtors' estates. Notwithstanding the foregoing, the Examiner is authorized to commence the Investigation after completing the "meet and confer" discussions referenced in the prior paragraph of this Order.

5. The Examiner shall prepare and file his or her report, as required by 11 U.S.C. § 1106(a)(4), on or before October 22, 2010 (the "Report"); provided, that the findings and conclusions of the Examiner as contained in the Report shall not be binding upon the Court.

6. Until the Examiner has filed the Report, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the

performance of the Examiner's duties, except in hearings before the Court; provided, however, that no information asserted to be confidential pursuant to applicable agreement, law or regulation, privileged or treated as such pursuant to court order, nor any evaluation of the strengths or weaknesses of any potential claim or right of action any of the Parties or the Equity Committee or any other party in interest may have or suggested litigation strategy in connection therewith (the "Evaluation Information"), shall be disclosed by the Examiner publicly or to any other party other than the party or parties providing such information, or, in the case of Evaluation Information, to any person other than publicly in connection with the filing of the Report without further order of the Court.

7. The Debtors and the Equity Committee are directed to fully cooperate with the Examiner in conjunction with the performance of any of the Examiner's duties and the Investigation, and the Debtors and the Equity Committee shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation. The Debtors shall provide to the Examiner all documents and information relevant to the investigation that the Examiner requests. Nothing herein shall prohibit the Debtors (or any other of the Settling Parties subject to requests) from objecting to requests, including, without limitation, on the ground that the documents or information requested are beyond the scope of the Investigation or are not within the jurisdiction of this Court.

8. The Examiner may retain counsel and other professionals if the Examiner determines that such retention is necessary to discharge the Examiner's duties, with such retention to be subject to Court approval after notice under standards equivalent to those set forth in 11 U.S.C. § 327 and with the fees and expenses for such professionals to be subject to the

estimates provided by the Examiner in the Work and Expenses Plan, as the same may be supplemented upon notice and order of the Court from time to time.

9. The Examiner and any professionals retained by the Examiner pursuant to order of this Court shall be compensated and reimbursed for their expenses pursuant to any procedures for interim compensation and reimbursement of professionals which are established in these cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330 and subject to the Work and Expenses Plan.

10. Without limiting the provisions of decretal paragraph 7 hereof, the Debtors and the Examiner shall mutually coordinate and cooperate in connection with the performance of the Examiner's duties. In addition to full access to the documents in the Depository, as set forth below, the Debtors shall provide to the Examiner all other non-privileged documents and information relevant to the Investigation that the Examiner requests. Nothing herein shall prohibit the Debtors from objecting to requests, including, without limitation, on the ground that the documents or information requested are unduly burdensome or beyond the scope of the Investigation. If the Examiner seeks the disclosure of documents or information as to which the Debtors assert or have previously asserted a claim of privilege or have objected and the Examiner and the Debtors are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution. The Debtors' and the Creditors' Committee's privileges, including, but not limited to, the attorney-client privilege and attorney work-product privilege, in accordance with Federal Rule of Evidence 502(d), remain and are not deemed waived or in any way

impaired by any production to the Examiner of materials protected by such privileges, or by any other aspect of this Order.

11. Subject to any applicable confidentiality agreement and orders entered by this Court, the Parties will as promptly as practicable take all necessary and appropriate steps to give the Examiner and professionals retained by the Examiner access to the Depository referenced in that certain Confidentiality Agreement Governing Confirmation Discovery, as "So Ordered" in accordance with that certain Order Governing the Production and use of Discovery Materials in Connection with Plan Confirmation, dated July 2, 2010 (the "Depository Order"). The Examiner and professionals retained by the Examiner shall have full and complete access to all documents in the depository, notwithstanding the rights of Producing Parties (as that term is defined in the Depository Order) to object to the review of documents produced by such Producing Party. Notwithstanding any other provision of this Order, documents in the Depository and other information subject to orders of this Court relating to confidentiality shall not be disclosed by the Examiner, except in accordance with such orders or further order of this Court. The Parties shall reasonably cooperate with the Examiner.

12. The Examiner shall have the standing of a party in interest with respect to matters that are within the scope of the Investigation until such time as the Report is completed by the Examiner.

13. The Equity Committee and the U.S. Trustee are directed to take all such actions as are necessary to withdraw, with prejudice, the Appeals, including, without limitation, filing such pleadings as are appropriate with Clerks of the Court of the United States Court of Appeals for the Third Circuit.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: July ___, 2010
      Wilmington, Delaware

                                            THE HONORABLE MARY F. WALRATH
                                            UNITED STATES BANKRUPTCY JUDGE