**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WASHINGTON MUTUAL, INC., et al.,[1] | Case No. 08-12229 (MFW) |
| Debtors. | Jointly Administered<br>**Hearing Date: August 24, 2010 at 2:00 p.m.**<br>**Objection Deadline: August 17, 2010 at 4:00 p.m.** |

**APPLICATION OF THE EXAMINER FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. AS HIS DELAWARE COUNSEL *NUNC PRO TUNC* TO JULY 26, 2010**

Joshua R. Hochberg, the Examiner appointed on July 26, 2010 in the above-captioned bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors") by the United States Trustee for Region 3 (the "U.S. Trustee"), pursuant to the Court's Agreed Order Directing the Appointment of an Examiner, entered July 22, 2010 [Docket No. 5120] ("the "Examiner Order"), and whose appointment was approved by the Court in an Order entered on July 28, 2010 [Docket No. 5162] (the "Examiner"), hereby applies to the Court for entry of an order, the proposed form of which is attached hereto as Exhibit A, authorizing the Examiner to retain and employ Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz" or the "Firm") as Delaware counsel for the Examiner in the Chapter 11 Cases, effective as of July 26, 2010 (the "Application"). In support of the Application, the Examiner relies upon the Declaration of J. Kate Stickles (the "Stickles

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Washington Mutual, Inc. (3725) and WMI Investment Corp. (5396). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

Declaration") attached hereto as Exhibit B and incorporated herein by reference, and respectfully represents as follows:

## Jurisdiction, Venue and Statutory Predicate

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. The statutory predicate for the relief requested herein are sections 105(a) and 327 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code") and the Examiner Order which provides, in pertinent part, that "[t]he Examiner may retain counsel and other professionals if the Examiner determines that such retention is necessary to discharge the Examiner's duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327." See Examiner Order at paragraph 8. Accordingly, the relief herein is requested in accordance with the standards set forth in section 327 of Bankruptcy Code, Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## Background

2. On September 26, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their affairs as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On January 11, 2010, the U.S. Trustee for the District of Delaware appointed an official committee of equity security holders (the "Equity Committee").

4. On June 8, 2010, the Equity Committee filed its Motion in Support of Order Directing Appointment of an Examiner Under 11 U.S.C. § 1104(c) [Docket No. 4644].

5. On July 22, 2010, this Court entered the Examiner Order [Docket No. 5120].

6. On July 26, 2010, the U.S. Trustee appointed Joshua R. Hochberg as Examiner in the Chapter 11 Cases, subject to further Court approval, and filed her Notice of Appointment of Examiner [Docket No. 5141].

7. Also on July 26, 2010, the U.S. Trustee filed her Application for Order Approving Appointment of Examiner [Docket No. 5142].

8. On July 28, 2010, this Court entered an order approving the appointment by the U.S. Trustee of Joshua R. Hochberg as Examiner in the Chapter 11 Cases [Docket No. 5162].

9. In the Examiner Order, the Court directed the Examiner to investigate "(a) the claims and assets that may be property of the Debtors' estates that are proposed to be conveyed, released or otherwise compromised and settled under the Plan[2] and Settlement Agreement, including all Released Claims, as defined in the Settlement Agreement, and the claims and defenses of third parties thereto (the 'Settlement Component') and (b) such other claims, assets and causes of actions which shall be retained by the Debtors and/or the proceeds thereof, if any, distributed to creditors and/or equity interest holders pursuant to the Plan, and the claims and defenses of third parties thereto (the 'Retained Asset Component')" (collectively, the "Investigation"). See Examiner Order at ¶ 2.

---

[2] Capitalized terms used but not defined herein shall have the meaning set forth in the Examiner Order.

## Relief Requested

10. By this Application, the Examiner requests entry of an order approving the retention of Cole Schotz as Delaware counsel to the Examiner during the Chapter 11 Cases, *nunc pro tunc* as of July 26, 2010. The Examiner requests that Cole Schotz be retained as Delaware counsel to perform the services described in this Application on the terms set forth herein.

## Basis for Relief

### Selection of Cole Schotz

11. The Examiner has selected Cole Schotz to serve as his Delaware counsel in the Chapter 11 Cases because the members and associates of Cole Schotz possess extensive knowledge and considerable experience in the fields of bankruptcy, insolvency, debtors' and creditors' rights, litigation and business reorganizations under chapter 11 of the Bankruptcy Code. The Examiner has also selected Cole Schotz because of its experience and knowledge practicing before this Court, as well as its proximity to Court, and its ability to respond quickly to emergency matters in the Court. The Examiner believes that Cole Schotz is well-qualified and uniquely able to represent him in the Chapter 11 Cases in an efficient and timely manner.

12. The Examiner has also filed an application to retain the law firm of McKenna Long & Aldridge LLP ("MLA") to act as his counsel in the Chapter 11 Cases, effective as of July 26, 2010. MLA does not maintain an office in the State of Delaware, and the Examiner is required to retain Delaware counsel. Cole Schotz's and MLA's bankruptcy lawyers have worked together on matters in the past and have conferred about their respective roles in the Chapter 11 Cases in order to avoid duplication of effort.

**Services to be Provided by Cole Schotz**

13. The employment by the Examiner of Cole Schotz is necessary to assist the Examiner in faithfully executing his duties pursuant to Section 1106(a) of the Bankruptcy Code to render the following types of services, among others, as directed by the Examiner:

a. taking all necessary actions to assist and advise the Examiner with respect to the discharge of his duties and responsibilities under the Examiner Order and the Bankruptcy Code in the Chapter 11 Cases;

b. assisting the Examiner in preparing pleadings and applications as may be necessary in the discharge of the Examiner's duties;

c. representing the Examiner at all hearings and other proceedings before this Court and any appellate courts; and advocating and protecting the interests of the Examiner before such courts and the United States Trustee;

d. representing the Examiner in any dealings he may have with various governmental and regulatory authorities;

e. representing the Examiner in any dealings he may have with the Debtors, the Official Committees, general creditors or any third party concerning matters related to the Debtors' estates;

f. assisting the Examiner in preparing his work plan and budget;

g. assisting the Examiner in retaining and directing the work of forensic accountants and investigative personnel;

h. assisting with interviews and examinations in connection with the Investigation;

i. assisting the Examiner in preparing his report; and

j. performing all other necessary legal services and providing all other necessary legal advice to the Examiner in connection with the Chapter 11 Cases including assisting the Examiner in undertaking additional tasks that the Court may direct.

14. As noted above, Cole Schotz will work with any other professionals engaged by the Examiner to avoid duplication of effort and to move the investigation forward as quickly, harmoniously and efficiently as possible.

**Disclosures of Cole Schotz**

15. Cole Schotz received from the Examiner and his proposed counsel MLA, a list of creditors and parties in interest in the Chapter 11 Cases (the "Identified Parties"). As described in detail in the Stickles Declaration, Cole Schotz has conducted an extensive search of its conflict database with respect to Identified Parties. The scope of that conflicts search is set out on Exhibit 1 to the Stickles Declaration and the results of the conflicts search are set forth on Exhibit 2 to the Stickles Declaration. Based on the results of that conflicts search, Cole Schotz has informed the Examiner that, as set forth in more detail in the Stickles Declaration and subject to any explanations and/or exceptions contained therein, that Cole Schotz its members, attorneys and special counsel:

(a) are not creditors, equity security holders, or insiders of any of the Debtors;

(b) are not, and were not, within 2 years before the date of the filing of the petitions by any of the Debtors, a director, officer, or employee of any of the Debtors; and

(c) do not have an interest materially adverse to the interest of the estate or any of the class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor, or for any other reason.

16. To the best of the Examiner's knowledge, information and belief, and based upon the Stickles Declaration, Cole Schotz does not hold any disqualifying interest adverse to the Debtors' estates in the matters upon which Cole Schotz is to be engaged by the Examiner.

17. As set forth in the Stickles Declaration, the Examiner understands that Cole Schotz and certain of its attorneys may represent, or may in the past have represented creditors or other parties in interest in connection with matters entirely unrelated to the matters on which the Examiner seeks to employ Cole Schotz.

18. Based upon the foregoing, the Examiner does not believe that any of the above-referenced connections should be disqualifying and has determined that the retention and

employment of Cole Schotz is in the best interest of the Debtors' estates and their creditors. Accordingly, the Examiner believes that Cole Schotz, its disinterested, as that term is defined in section 101(14) of the Bankruptcy Code.

19. The Examiner understands that the disclosures by Cole Schotz as set forth in the Stickles Declaration, and the Exhibits thereto, have been made based upon a review of the best information available at the this time. Cole Schotz has informed the Examiner that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Cole Schotz will supplement its disclosure to the Court.

20. Cole Schotz has informed the Examiner that it has not shared or agreed to share any compensation received in connection with these Chapter 11 Cases with any entity other than its members, special counsel or associates in accordance with section 504(b) of the Bankruptcy Code.

**Compensation of Cole Schotz**

21. Cole Schotz will maintain detailed, contemporaneous time records and will request reimbursement for actual and necessary expenses incurred in connection with rendering its services and intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court, the administrative order governing the payment of case professionals, and any other applicable orders entered in these cases.

22. The current rates of Cole Schotz members, associates and paralegals are as follows:

| Professionals | Rates |
|---|---|
| Members | $380.00 - $725.00 |
| Associates | $240.00 - $415.00 |
| Paralegals | $145.00 - $230.00 |

The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate fairly the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Cole Schotz's hourly rates are subject to periodic adjustment from time to time in accordance with the Firm's established billing practices and procedures.

23. The principal attorneys who are proposed to represent the Examiner in the Chapter 11 Cases and their respective hourly rates are J. Kate Stickles ($550) and Patrick J. Reilley ($365).

24. In addition to the hourly rates set forth above, it is Cole Schotz's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier (outgoing only) toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of 10¢ per page, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Cole Schotz will charge the Examiner for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and the Local Rules.

25. The Examiner submits that such rates are reasonable and should be approved by the Court subject to a determination of the amount to be paid to Cole Schotz in accordance with the rules and orders of the Court.

**Notice**

12. Notice of this Application has been given to: (a) the United States Trustee; (b) counsel to the Debtors; (c) counsel to the Equity Committee; and (d) all parties who have filed a notice of appearance in the Chapter 11 Cases. In light of the nature of the relief requested herein, the Examiner respectfully requests that such notice be deemed adequate and sufficient, and no further notice be required.

**No Prior Request**

26. No previous request for the relief sought herein has been made to this or any other Court.

[SIGNATURE ON NEXT PAGE]

WHEREFORE, the Examiner respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit A authorizing the Examiner to retain Cole Schotz as Delaware counsel for the Examiner, *nunc pro tunc* to July 26, 2010; and grant such other and further relief as is just and proper.

Dated: August 7, 2010

Respectfully submitted,

JOSHUA R. HOCHBERG,
Examiner of Washington Mutual, Inc.
and WMI Investment Corp.