# Exhibit A

**(Stipulation)**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        : Chapter 11
                                                               :
WASHINGTON MUTUAL, INC., et al.,[1]                            : Case No. 08-12229 (MFW)
                                                               :
        Debtors.                                               : (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## STIPULATION AND AGREEMENT BETWEEN THE DEBTORS AND WILMINGTON TRUST COMPANY, REDUCING AND ALLOWING, IN PART, CERTAIN PROOFS OF CLAIMS

Washington Mutual, Inc., as debtor and debtor in possession ("WMI" and, together with WMI Investment Corp., the "Debtors"), and Wilmington Trust Company (the "Indenture Trustee," and, together with WMI, the "Parties"), as indenture trustee under the various indentures more fully described herein (each, an "Indenture" and, together the "Indentures"), by and through their counsel, hereby enter into this stipulation and agreement (this "Stipulation") and do hereby stipulate as follows:

## RECITALS

A.   On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.   On September 25, 2008, the Office of Thrift Supervision, by order number 2008-36, closed Washington Mutual Bank ("WMB"), appointed the Federal Deposit Insurance

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

Corporation (the "FDIC") as receiver for WMB (the "FDIC Receiver") and advised that the FDIC Receiver was immediately taking possession of WMB's assets (the "Receivership"). Immediately after its appointment as receiver, the FDIC purportedly sold substantially all the assets of WMB, including the stock of Washington Mutual Bank fsb, to JPMorgan Chase Bank, National Association ("JPMC") pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 (the "Purchase and Assumption Agreement").

C. As of the date hereof, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

D. On October 3, 2008, the Bankruptcy Court entered an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the joint administration of the Debtors' chapter 11 cases.

E. Pursuant to certain Guarantee Agreements, each dated as of November 1, 2007, WMI guaranteed (the "CCB Guarantees") the payment of the obligations and liabilities under certain agreements and principal amount of junior subordinated deferrable interest debentures acquired by HFC Capital Trust I, CCB Capital Trust IV, CCB Capital Trust V, CCB Capital Trust VI, CCB Capital Trust VII, CCB Capital Trust VIII, and CCB Capital Trust IX (collectively, the "CCB Securities").

F. By order, dated January 30, 2009 (the "Bar Date Order"), the Court established March 31, 2009 (the "Bar Date") as the deadline for filing proofs of claim against the Debtors in these chapter 11 cases.

US_ACTIVE:\43356122\06\79831.0003
RLF1 3601781v. 1

2

G. Prior to the Commencement Date, the CCB Securities were each issued pursuant to a governing indenture. Pursuant to such indentures, the respective indenture trustees were required to file a proof of claim on behalf of all holders of the CCB Securities.

H. Pursuant to the Bar Date Order, as indenture trustee under the indentures relating to HFC Capital Trust I, CCB Capital Trust IV, CCB Capital Trust V, CCB Capital Trust VII, and CCB Capital Trust VIII, the Indenture Trustee was authorized to file, on behalf of itself and the holders of the Guarantee Claims (as defined below), proof of claims.

I. On or about March 26, 2009, the Indenture Trustee filed proofs of claim against WMI (the "Indenture Trustee Proofs of Claim"), wherein the Indenture Trustee, on behalf of itself and other holders of debt issued pursuant to the Indentures, asserted claims for, among other things, unliquidated guarantee claims as of the Commencement Date (the "Guarantee Claims"), which claims were assigned the claim numbers noted below by the Debtors' court-approved claims and noticing agent:

| Claim Number | Indenture Date | Interest Rate | Maturity Date | Claimed Principal | Claimed Interest |
|---|---|---|---|---|---|
| 2113 | March 28, 2001 | 10.18% | 2031 | $9,300,000 | $286,651.83 |
| 2116 | September 25, 2003 | Floating Rate | 2033 | $7,732,000 | $98,999.89 |
| 2118 | December 19, 2003 | Floating Rate | 2034 | $10,310,000 | $104,833.37 |
| 2120 | May 27, 2004 | Floating Rate | 2034 | $7,732,000 | $75,120.48 |
| 2122 | June 22, 2004 | Floating Rate | 2034 | $7,732,000 | $80,064.13 |

J. In addition to the Guarantee Claims, the Indenture Trustee Proofs of Claim asserted claims for the continuing accrual of interest and various other unliquidated amounts allegedly due and owing under the Indentures for both the pre- and post-petition periods

(including, but not limited to, the fees and expenses of the Indenture Trustee and its professionals) (the "Additional Unliquidated Claims").

K. The Debtors and the Indenture Trustee, after good-faith and arms' length negotiations, have determined that the Guarantee Claims should be set at an amount that is different from the amount that was asserted in the Indenture Trustee Proofs of Claim.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Debtors and the Indenture Trustee as follows:

**AGREEMENT**

1. This Stipulation shall not become effective until such date as the Stipulation is approved by order of the Bankruptcy Court (the "Effective Date").

2. Upon the Effective Date, and subject to the proviso set forth below, the Guarantee Claims of the Indenture Trustee Proofs of Claim shall be deemed modified, reduced and allowed in the following amounts as of the Commencement Date:

| Claim Number | Indenture Date | Interest Rate | Maturity Date | Allowed Amount |
|---|---|---|---|---|
| 2113 | March 28, 2001 | 10.18% | 2031 | $9,584,022 |
| 2116 | September 25, 2003 | Floating Rate | 2033 | $7,829,778 |
| 2118 | December 19, 2003 | Floating Rate | 2034 | $10,413,245 |
| 2120 | May 27, 2004 | Floating Rate | 2034 | $7,805,982 |
| 2122 | June 22, 2004 | Floating Rate | 2034 | $7,810,851 |

provided, however, the Allowed Amount of each of the Guarantee Claims shall be further reduced, on a dollar-for-dollar basis by the amount, if any, of distributions received by the Indenture Trustee from or on account of the Receivership.

3. The Parties' rights with respect to the Additional Unliquidated Claims in the Indenture Trustee Claims are hereby expressly preserved in their entirety.

4. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

5. The Bankruptcy Court shall have sole and exclusive jurisdiction to hear disputes arising out of or related to this Stipulation.

Dated: Wilmington, Delaware
August 20, 2010

/s/ Chun I. Jang

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Julie A. Finocchiaro (No. 5303)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for the Debtors and
Debtors-in-Possession*

Andrew I. Silfen
Leah M. Eisenberg
ARENT FOX LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

– and –

Jeffrey N. Rothleder
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

*Counsel for the Indenture Trustee*

Dated: Wilmington, Delaware
August __, 2010

_____
Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Lee E. Kaufman (No. 4877)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for the Debtors and
Debtors-in-Possession*

/s/ Leah M. Eisenberg
_____
Andrew I. Silfen
Leah M. Eisenberg
ARENT FOX LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990

– and –

Jeffrey N. Rothleder
ARENT FOX LLP
1050 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 857-6000
Facsimile: (202) 857-6395

*Counsel for the Indenture Trustee*