# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | § |
| | § CASE NO. 08-12229 (MFW) |
| WASHINGTON MUTUAL, INC., *et al.*, | § |
| | § CHAPTER 11 |
| DEBTORS. | § (Jointly Administered) |
| | § |
| | § Hearing Date: September 24, 2010 at 10:30 A.M. |
| | § Objection Deadline: September 20, 2010 at 4:00 P.M. |

## MOTION TO SUBMIT A DOCUMENT UNDER SEAL AND FOR DETERMINATION REGARDING WAIVER OF PRIVILEGE

American National Insurance Company, American National Property and Casualty Company, Farm Family Life Insurance Company, Farm Family Casualty Insurance Company, and National Western Life Insurance Company (collectively, the "Texas Group"), hereby move for a determination by this Court *in camera* as to whether the document referenced in paragraph 4 of this Motion is subject to an attorney-client or another privilege and, if it is, whether such privilege has been waived. As the document referenced herein is allegedly subject to privilege, the Texas Group further moves to file this document under seal, pursuant to Local Rule 9018-1. In support of this Motion, the Texas Group respectfully submits the following:

## BACKGROUND

1. The Texas Group was provided documents by way of the electronic document depository established by the Debtors in connection with discovery relating to confirmation of the Fifth Amended Joint Plan of Affiliated Debtors pursuant to Chapter 11 of the United States Bankruptcy Code [D.I. No. 4850], submitted on July 1, 2010 by the Debtors (the "Plan"). Among other things in relation to the Plan, the Texas Group seeks to investigate: (i) whether the

Debtors are able, in good faith, to assert ownership rights over the "Texas Litigation"[1], as the Debtors purport to do under the Global Settlement Agreement and the Plan and, if so, (ii) the value placed by the Debtors on a release in the Plan and the Global Settlement Agreement of the Texas Group claims against JPMorgan Chase & Co. and JPMorgan Chase Bank, NA in the "Texas Litigation."[2]

2.  As a condition to discovery, the Texas Group entered into a Confidentiality Agreement which governs the production, exchange and use of discovery materials. The Confidentiality Agreement contains a "clawback" provision that permits the Debtors to seek the return of allegedly privileged information that has been inadvertently produced by the Debtors.

3.  Specifically, the Confidentiality Agreement provides, in a case where a document was produced and is later claimed to be subject to privilege, that the Texas Group may submit the document to the Court under seal and request that the Court determine whether the document is, in fact, privileged. In particular, the Confidentiality Agreement, at paragraph 10a, states:

---

[1] Captioned as *American National Insurance Co. et. al. v. JPMorgan Chase & Co., et. al.*, Case No. 09-1743 (Dist. D.C.) (RMC), currently on appeal.
[2] As stated in its previous filings, the Texas Group contends that the "Texas Litigation" does not belong to the Debtors or its estates and that the Plan is defective for this as well as other reasons. In addition, the Texas Group respectfully contends that this Court cannot exercise jurisdiction over the Texas Litigation and the parties therein, and the Debtors have no right or authority to take any unilateral action to seek to compromise the "Texas Litigation."

a. The return of any documents claimed to be privileged shall not constitute an acknowledgment that the claimed documents or information is in fact privileged or entitled to protections or immunity. Notwithstanding the foregoing, an Eligible Objectant may promptly present the information to the Court under seal for determination of the producing party's claim that the documents or information is privileged or entitled to protections or immunity and retain a copy of the document for this limited purpose until the Court resolves the claim of privilege. The producing party must preserve the information until the claim is resolved. Nothing in this paragraph will modify any obligation a party otherwise has with respect to inadvertent production under the law or ethical rules.

## DISCUSSION

4. On August 31, 2010, the Debtors sent the Texas Group a letter seeking return of a document identified as 3553897_Global Settlement Worksheet_WMIPC_500451914 (the "Global Settlement Worksheet") on grounds of attorney-client and work-product privileges. A copy of the August 31, 2010 letter and cover email has been filed under seal with this Court pursuant to Local Rule 9018-1.

5. The Texas Group believes that the Global Settlement Worksheet is not subject to privilege because the worksheet constitutes "advice of counsel" that was relied upon by the Debtors in connection with the Global Settlement Agreement, the Disclosure Statement for the Fifth Amended Joint Plan of Affiliated Debtors pursuant to Chapter 11 of the United States Bankruptcy Code [D.I. No. 4851], submitted on July 1, 2010 (the "Disclosure Statement") and the Plan.[3]

---

[3] The Texas Group makes no representation regarding the content of the document under seal.

6. Notably, the Debtors made the following statement in the Disclosure Statement that suggests that the Debtors relied on advice of counsel in entering into the Global Settlement Agreement:

> After numerous months of litigation and careful analysis of the merits of their claims and the claims asserted against . . . . the Debtors have concluded that, because of the substantial expense of litigating the issues associated with their claims, the length of time necessary to resolve each of the issues presented in the pending litigation, the complexity and uncertainty involved and the corresponding disruption to their efforts to make distributions for the benefit of their creditors, it is in their best interests, and the best interests of their stakeholders, to resolve their disputes with JPMC, the FDIC Receiver, and FDIC Corporate, and related matters on the terms set forth in the Global Settlement Agreement[.][4]

7. Additionally, the Plan plainly states that the Debtors "shall be entitled to rely on advice of counsel with respect to the discharge of their duties and responsibilities under the Plan."[5]

8. Indeed, the Debtors explicitly stated that they relied upon the advice of counsel in formulating the settlement agreement. *See, e.g.*, the Plan, Exhibit H the Global Settlement Agreement, at p. 61 which states:

> "Section 4.10. Representations of the Parties as to this Agreement. Each Party represents and acknowledges that: . . . (b) in executing this Agreement, it has relied entirely upon its own judgment, beliefs and interest ***and the advice of its counsel*** and that it has had a reasonable period of time to consider the terms of this Agreement before entering into it[.]" (emphasis added).

9. When a party places the advice of its attorney in issue as a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication, the attorney-client privilege consequently is waived. *Rhone-Poulenc Rorer v.*

---

[4] The Disclosure Statement at p. 8.
[5] The Plan, section 43.8, p. 82.

*Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) (when the advice of counsel is placed at issue, it is well established that any privilege regarding that advice is waived).

10. The above statements make clear that the Debtors relied upon the advice of counsel in formulating and entering into the Global Settlement Agreement and in determining whether the settlement was reasonable.

11. The Global Settlement Agreement purports to extinguish the Texas Group's rights and claims in the Texas Litigation, and in matters incorporating the Global Settlement into the Plan and Disclosure Statement. Accordingly, among other reasons, the Global Settlement Worksheet is relevant to the Texas Group's review of the Plan and the Global Settlement Agreement and whether they are reasonable.

12. The Texas Group believes that the foregoing is sufficient evidence for the Court to determine that the Debtors, in fact, did rely upon "advice of counsel" in formulating the Global Settlement Agreement and the Plan. Consequently, the Texas Group submits that any privilege, if applicable in the first instance, has been waived by the Debtors in relation to the Global Settlement Worksheet. To the extent, however, that the Court is not inclined at this time to rule that any privilege relating to the Global Settlement Worksheet and the Plan has been waived, the Texas Group preserves its rights to raise this argument in the future based upon any additional or other facts.

## CONCLUSION

13. **WHEREFORE**, given the above, the Texas Group contends that, to the extent any privilege applied to the Global Settlement Worksheet, the privilege has been waived. Accordingly, the Texas Group submits the Global Settlement Worksheet to the Court for a

determination *in camera* of whether the Global Settlement Worksheet is subject to a privilege.

Dated: September 14, 2010

Respectfully Submitted,

SMITH, KATZENSTEIN & FURLOW LLP

By: /s/ Michael P. Migliore
Michael P. Migliore (Del. Bar No. 4331)
The Corporate Plaza
800 Delaware Avenue
Suite 1000, P.O. Box 410
Wilmington, DE 19899
Tel. 302-652-8400 x216
Fax 302-652-8405
Email: mpm@skfdelaware.com

-and-

GREER, HERZ & ADAMS, LLP
Andrew J. Mytelka (Texas Bar No. 14767700)
Frederick E. Black (Texas Bar No. 02371100)
Tara B. Annweiler (Texas Bar No. 00783547)
James M. Roquemore (Texas Bar No. 24058082)
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 - telecopier

Counsel to American National Insurance Company, American National Property and Casualty Company, Farm Family Life Insurance Company, Farm Family Casualty Insurance Company, and National Western Life Insurance Company