IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 08-12229 (MFW) |
| WASHINGTON MUTUAL, INC., *et al.*, | § § | CHAPTER 11 |
| DEBTORS. | § § § § § | (Jointly Administered) |

**REPLY TO DEBTORS' OBJECTION TO THE TEXAS GROUP'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE DEBTORS
AND TO EXERCISE ITS RIGHT TO PARTICIPATE IN GENERAL DISCOVERY
AVAILABLE TO ALL PARTIES**

American National Insurance Company, American National Property and Casualty Company, Farm Family Life Insurance Company, Farm Family Casualty Insurance Company, and National Western Life Insurance Company (collectively, the "Texas Group") reply and oppose the *Debtors' Objection to Texas Group's Motion to Compel Production of Documents from Debtors and to Exercise its Right to Participate in General Discovery Available to All Parties* (the "Objection") as follows.

  A. **The Debtors Wrongfully Seek to Preclude Discovery Relating to the Global Settlement, the Plan, and the Treatment of the Texas Litigation**

  1. The Texas Group contends that the Debtors cannot show a good faith basis to believe that they "owned" or held any right to compromise claims asserted against JPMC in the Texas Litigation.[1]

  2. Accordingly, because the Debtors did not have a good faith basis to include the Texas Litigation in the Global Settlement Agreement[2] and the Joint Plan,[3] the Debtors' Joint

---

[1] *American National Insurance Co., et al., v. JPMorgan Chase & Co., et al.*, Case No. 09-1743 (Dist. D.C.) (RMC).

10072|PLDG|10119715.DOC

Plan is fatally flawed, for this reason among others. In relevant part, Section 1129(a)(3) of the Bankruptcy Code requires that "The court shall confirm a plan only if all of the following requirements are met: . . . (3) The plan has been proposed in good faith and not by any means forbidden by law."

3. In fact, the Debtors, in the Global Settlement Agreement, admitted that they do not hold claims that are asserted in the Texas Litigation. Specifically, in section 4.4, entitled "Representation of the WMI Entities as to Debtors' Claims," the Debtors represented and warranted:

> Each of the WMI Entities hereby represents and warrants for itself, and on behalf of the other Debtors that: (a) *other than the claims asserted in the Actions,*[4] *none of the Debtors holds any claim or cause of action against the JPMC Entities, the FDIC Parties or the Receivership* and that any such claims or causes of actions are included among the JPMC Release Claims and the FDIC Release Claims, respectively and (b) they are not aware of any proofs of claim filed by or on behalf of the WMI Entities other than the claims set forth in the Recitals herein.[5] (emphasis added)

---

[2] Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, [D.I. No. 4850], Exhibit H ("Global Settlement Agreement").

[3] The Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, [D.I. No. 4850] (the "Joint Plan").

[4] "Actions" is defined as "collectively, the WMI Action, the JPMC Action, the Turnover Action, the Record Requests, the Rule 2004 Inquiry and the Bankruptcy Stay Motions, together with any and all appeals therefrom, the Rule 2019 Appeal and any proceeding arising from the motions, dated June 23, 2009, to withdraw the reference for the WMI Action and the JPMC Action, respectively." Global Settlement Agreement, p. 6.

Importantly, the "Texas Litigation" is defined separately and is not included within the scope of the term "Actions". *See* Global Settlement Agreement, p. 6.

The terms "Actions" and "Texas Litigation" are individually named in the definition of "Related Actions" – "'Related Actions' shall mean the Actions, the Texas Litigation or any claims objection process with respect to the JPMC Claims or the FDIC Claim or any similar proceeding that could have been brought by the Parties against any Releasees in the Bankruptcy Court or such other court of competent jurisdiction prior to the date hereof." Global Settlement Agreement, p. 13.

[5] Global Settlement Agreement, p. 59.

4. To investigate why the Debtors sought to extinguish the Texas Litigation, despite having no ownership over the claims asserted therein, the Texas Group served requests for production of documents upon the Debtors.[6] In their requests, the Texas Group sought, among other things, documents relating to the Debtors' inclusion of the Texas Litigation as a released claim in the Global Settlement Agreement and the Joint Plan.[7] The Debtors refused to permit any discovery. Consequently, the Texas Group filed the instant Motion to Compel.[8]

5. After the Texas Group filed their Motion to Compel, the Debtors gave the Texas Group access to the Debtors' online document depository. The Texas Group agreed to hold the Motion to Compel in abeyance while the Texas Group evaluated adequacy of the production of documents via the depository.

6. Subsequently, the Texas Group determined that the Debtors' depository contained restrictions on searches and downloads that reduced its utility. In addition, it became apparent that certain categories of documents were withheld from the depository.

7. The Texas Group therefore requested that the Debtors either supplement their production or specifically identify in the depository the documents that were exchanged by or

---

[6] *See* First Request of American National Insurance Company, *et al.*, to the Debtors for Production of Documents, attached as Exhibit B to the Texas Group's Motion to Compel, served June 8, 2010

[7] *Id.*, Requests Nos. 2, 3, 9, 34, 36, and 37.

[8] *See* the Texas Group's Motion to Compel, pp. 2-5, describing the Texas Group's efforts to work with the Debtors in good faith regarding reasonable discovery prior to filing the Motion to Compel, and the Debtors' refusal to permit discovery. After filing the Motion, the Texas Group has continued its efforts to resolve this dispute with the Debtors. However, these efforts have been fruitless.

3

among, the Debtors, JPMC and/or the FDIC, relating to the "*American National* litigation," including:

- Documents relating to telephone conferences and/or communications by WMI and/or its counsel with JPMC and/or the FDIC regarding the American National litigation, including telephone conferences on February 10, 11, 12, and 19, 2010;

- A stipulation submitted to WMI by JPMC on or about February 22, 2010, and any other documents exchanged by, between or among WMI, JPMC and/or the FDIC regarding release of any and all claims asserted in the Texas Litigation, WMI's potential intervention in the Texas Litigation, and other activity by WMI relating to the Texas Litigation;

- All documents provided or shared at, and any communications of any kind related to an "all-hands litigation assessment conference" on March 10, 2010;

- Any draft of a pleading or memorandum containing an opinion that WMI did not own the Texas Litigation and/or have grounds to intervene in the Texas Litigation, and any opinion regarding WMI's right to release the claims asserted by the plaintiffs in the Texas Litigation as part of a plan of reorganization in this bankruptcy case.

8. The Debtors have flatly refused to produce any additional documents.

### B. The Debtors Offer no Legal or Factual Basis to Deny the Texas Group's Reasonable Discovery

9. As the Texas Group shows in the Motion to Compel, the Texas Group members are "parties in interest" pursuant to Section 1109(b) of the Bankruptcy Code, and have standing to fully participate in these Bankruptcy proceedings and to challenge the Debtors' improper Joint Plan.[9]

---

[9] *Id.*, pp. 6-9.

{10072|PLDG|10119715.DOC}

10. The Debtors offer only specious arguments and half-truths in their Objection. The unsupported arguments and factual inaccuracies are easily disposed of.

11. The Debtors mistakenly argue that "Movants do not hold a claim against the Debtors' estates," are "third parties," and therefore are "not parties in interest with standing."[10] The Debtors cite no authority for their novel legal argument. Contrary to the Debtors' contention, Section 1109(b) of the Bankruptcy Code grants "party in interest" status to any person who has a financial stake in the outcome of the bankruptcy proceedings. *See Unofficial Comm. of Zero Coupon Noteholders v. Grand Union Co.* 179 B.R. 56, 59 (D. Del. 1995) (granting party-in-interest status to bondholders of debtor's parent corporation who claim that plan of reorganization would render parent unable to meet obligations on bonds); *see also, In Re Ionosphere Clubs*, 101 B.R. 844 (S.D.N.Y. 1989) (if a party is affected by the reorganization process then that party should be considered a party in interest).

12. The Debtors state in their Objection that "Movants formerly were plaintiffs in a now-dismissed action in the United States District Court for the District of Columbia . . ." However, as the Debtors are or should be aware, the Texas Group has appealed the District Court's order of dismissal, and the appeal is currently pending in the Court of Appeals for the District of Columbia.[11] Thus, the Texas Group has a significant and vital financial stake in the claims being pursued in the Texas Litigation. The Debtors' failure to mention the appeal is

---

[10] Objection, p. 1-2.

[11] See Exhibit A, Docket Order, *American National Insurance Company, et al. v. FDIC, as Receiver for Washington Mutual Bank, Henderson, Nevada, et al.*, No. 10-5245, District of Columbia Court of Appeals (filed July 20, 2010).

especially disingenuous given that the Global Settlement Agreement clearly calls for the Debtors to seek to extinguish any appeal if the Joint Plan is approved.[12]

13. The Debtors, more egregiously, misstate the circumstances and meaning of a Notice of Dismissal in the Texas Litigation.[13] On February 18, 2010, certain plaintiffs – those asserting claims based on injuries arising out of their ownership of Washington Mutual Inc. bonds and stock – dismissed their claims with prejudice. As the plaintiffs who were dismissing their claims explained in their Notice of Dismissal, the plaintiffs continued to assert that they had standing to pursue their claims against JPMC based on the plaintiffs' injuries stemming from JPMC's "purposeful misconduct that was directed towards and intended to harm the Plaintiffs and that the injury caused to the Plaintiffs – stripping away of their contract and property rights – is direct and not shared by WMI."[14]

14. The plaintiffs explicitly stated in their Notice of Dismissal that "the WMI bankruptcy trustee has no standing to bring the claims asserted by the Plaintiffs, which belong exclusively to Plaintiffs."[15] Citing Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416, 433-34 (1972) (Trustee lacked standing to sue a third party for damages incurred by debenture

---

[12] See Global Settlement Agreement, p. 32, Section 2.7, Texas Litigation, discussing using "reasonable best efforts to seek rulings from . . . the relevant appellate court . . . enjoining the plaintiffs in the Texas Litigation . . . to the extent that a final non-appealable judgment has not been entered previously against the plaintiffs in the Texas Litigation . . ."

[13] See Exhibit B, Plaintiffs' Notice of Dismissal of Washington Mutual, Inc. Bondholder and Stockholder Claims, American National Insurance Co. et al. v. JPMorgan Chase & Co., et al., Case No. 09-1743 (Dist. D.C.) (RMC). [Doc. No. 105].

[14] Id. at p. 2 (punctuation omitted).

[15] Id.

{10072|PLDG|10119715.DOC}

holders of the corporate debtor); *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008) (bondholders and bankruptcy estate both had standing to assert separate claims against a third party arising out of the same set of facts and circumstances). The plaintiffs explained that they "continue to contend that they have standing to assert all of the claims asserted in their Petition," but that that "dismissal of the named claims will simplify the procedural issues before this Court, [and] will promote the economic and speedy disposition of the entire controversy between the parties[.]" A copy of the Notice of Dismissal was sent to Debtors' counsel as a courtesy, and billing statements show that Debtors' counsel reviewed the Notice of Dismissal.

15. Nevertheless, in their Objection the Debtors tell the Court that "Movant previously voluntarily dismissed with prejudice all claims against JPMC that related to Movants' statuses as former shareholders of WMI, recognizing that those claims were derivative in nature and plainly were property of the WMI bankruptcy estate."[16] This statement is inaccurate.

16. In any event, the Notice of Dismissal speaks for itself. As a result of the dismissal of certain claims in the Notice of Dismissal, the remaining plaintiffs in the Texas Litigation – the Texas Group – are only bondholders of Washington Mutual Bank, Henderson Nevada ("WMB"). It was the claims of these WMB bondholders that the Debtors sought to bargain away when it signed the Global Settlement Agreement the following month.

17. The Debtors do not have a good faith basis to include the Texas Litigation in the Global Settlement Agreement. The only purpose served by the Global Settlement Agreement and the Joint Plan as it relates to the Texas Litigation is to abet JPMC in an unlawful attempt to

---

[16] Objection, p. 2.

7

make an "end-run" around the jurisdiction of the United States Court of Appeals for the District of Columbia Circuit.

**WHEREFORE**, the Texas Group requests that the Court issue an order compelling the Debtors to produce all documents in their possession responsive to the Texas Group's requests numbers: 2, 3, 9, 34, 36, and 37, and to respond to the particularized requests set forth in paragraph seven, above.

Dated: September 21, 2010

Respectfully Submitted,

SMITH, KATZENSTEIN & FURLOW LLP

By: /s/ Michael P. Migliore
Michael P. Migliore (Del. Bar No. 4331)
800 Delaware Avenue
Suite 1000, P.O. Box 410
Wilmington, DE 19899
Tel. 302-652-8400 x216
Fax 302-652-8405
Email: mpm@skfdelaware.com

-and-

GREER, HERZ & ADAMS, LLP
Andrew J. Mytelka (Texas Bar No. 14767700)
Frederick E. Black (Texas Bar No. 02371100)
Tara B. Annweiler (Texas Bar No. 00783547)
James M. Roquemore (Texas Bar No. 24058082)
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 - telecopier

Counsel to American National Insurance Company, American National Property and Casualty Company, Farm Family Life Insurance Company, Farm Family Casualty Insurance Company, and National Western Life Insurance Company

8