# Exhibit 3

**Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
WASHINGTON MUTUAL, INC., et al.,[1]     :    Case No. 08-12229 (MFW)
                                        :
         Debtors.                       :    (Jointly Administered)
                                        :
---------------------------------------------------------------x

NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT;
(II) ESTABLISHMENT OF VOTING RECORD DATE;
(III) HEARING ON CONFIRMATION OF THE PLAN AND
PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN;
AND (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN

TO PARTIES IN INTEREST IN THE CHAPTER 11 CASES OF:
Washington Mutual, Inc. (Case No. 08-12229 (MFW)) and
WMI Investment Corp. (Case No. 08-12228 (MFW)).

PLEASE TAKE NOTICE that:

1. *Approval of Disclosure Statement.* On October 18, 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") held a hearing at which it approved the Disclosure Statement for the Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated as of October 6, 2010 (as it may be further amended, the "Disclosure Statement")[2] of Washington Mutual, Inc. and WMI Investment Corp., as debtors and debtors in possession (collectively, the "Debtors") and thereafter entered an order (the "Order") with respect thereto. The Order authorizes the Debtors to solicit votes to accept or reject the Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated as of October 6, 2010 (as it may be further amended, the "Plan").

2. *Confirmation Hearing.* A hearing (the "Confirmation Hearing") to consider confirmation of the Plan will commence at **1:00 p.m. (Eastern Time) on December 1, 2010**, before the Honorable Mary F. Walrath, United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Wilmington, Delaware 19801 (the "Bankruptcy Court"). The Confirmation Hearing may be adjourned or continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3. *Record Date for Voting Purposes.* The following creditors who hold claims against or interests in the Debtors as of October 18, 2010 (the "Voting Record Date") are entitled to vote on the Plan:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement or, if not defined in the Disclosure Statement, in the Plan.

a) record holders, as of the Voting Record Date, of claims listed on the Debtors' schedules of liabilities, to the extent that such claims (i) are listed in an amount greater than zero and are not identified as contingent, unliquidated or disputed, and (ii) have not been superseded by a filed proof of claim; and

b) record holders as of the Voting Record Date, of claims, to the extent that such claims (i) are the subject of timely filed proofs of claim, (ii) have not been disallowed, expunged, disqualified or suspended prior to the Voting Record Date, and (iii) are not the subject of a pending claim objection or request for estimation as of October 18, 2010, unless a Rule 3018(a) Motion (as defined below) has been filed; provided, however, that the Voting Record Date for holders of WMB Senior Notes Claims shall be the Bar Date.

4. **Voting Deadline.** All votes to accept or reject the Plan must be actually received by the Debtors' voting and tabulation agent, Kurtzman Carson Consultants LLC, at the address set forth below, by no later than 5:00 p.m. (Pacific Time) on **November 15, 2010** (the "Voting Deadline"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

> Washington Mutual Ballot Processing
> c/o Kurtzman Carson Consultants
> 2335 Alaska Avenue
> El Segundo, California 90245

5. **Parties in Interest Not Entitled to Vote.** Holders of unimpaired claims in classes deemed to accept the Plan and holders of claims and equity interests in classes deemed to reject the Plan are not entitled to vote and will not receive a Ballot. Such holders will receive a Notice of Non-Voting Status rather than a Ballot. If you have timely filed a proof of claim and disagree with either (a) the Debtors' objection to your claim and believe that you should be entitled to vote on the Plan or (b) the Debtors' classification or request for estimation of your claim and believe that you should be entitled to vote on the Plan in a different amount or class, then you must serve on the parties identified in paragraph 6 below and file with the Court a motion (a "Rule 3018(a) Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before the 10th day after service of notice of an objection or request for estimation, if any, as to your claim, but in no event later than **October 25, 2010**. As to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court. Creditors may contact Kurtzman Carson Consultants LLC at **(888) 830-4644** to receive an appropriate Ballot for any claim for which a proof of claim has been timely filed and a Rule 3018(a) Motion has been granted. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

6. **Objections to Confirmation.**

   The deadline to object or respond to confirmation of the Plan is **November 19, 2010 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

   Objections and responses, if any, to confirmation of the Plan, must (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objecting party, the nature and amount of claims or interests held or asserted by the objecting party against the Debtors' estates or property, and (d) provide the basis for the objection and the specific grounds therefore.

   Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses in writing with the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 (Attn: Chambers of the Hon. Mary F. Walrath).

2

Any objections or responses must also be served upon the following parties so as to be received by no later than the Objection Deadline:

| *Debtors* | *Office of the U.S. Trustee* |
|---|---|
| Washington Mutual, Inc.<br>925 Fourth Avenue<br>Seattle, Washington 98104<br>Attn: Charles Edward Smith, Esq. | Office of the U.S. Trustee for the D. Del.<br>844 King Street, Suite 2207, Lockbox 35<br>Wilmington, Delaware 19899-0035<br>Attn: Jane Leamy, Esq. |
| *Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn: Brian S. Rosen, Esq. | Richards Layton & Finger P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19899<br>Attn: Mark D. Collins, Esq. |
| *Special Litigation and Conflicts Counsel to the Debtors* | |
| Quinn Emanuel Urquhart & Sullivan, LLP<br>55 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Attn: Peter Calamari, Esq. | |
| *Counsel to the Creditors' Committee* | *Co-Counsel to the Creditors' Committee* |
| Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Attn: Fred S. Hodara, Esq. | Pepper Hamilton LLP<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, Delaware 19801<br>Attn: David B. Stratton, Esq. |
| *Counsel to the Equity Committee* | *Co-Counsel to the Equity Committee* |
| Susman Godfrey LLP<br>654 Madison Avenue, 5th Floor<br>New York, New York 10065<br>Attn: Stephen D. Susman, Esq. | Ashby & Geddes, P.A.<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, Delaware 19899<br>Attn: William P. Bowden, Esq. |
| *Counsel to JPMorgan Chase* | *Co-Counsel to JPMorgan Chase* |
| Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, New York 10004<br>Attn: Stacey R. Friedman, Esq. | Landis Rath & Cobb LLP<br>919 Market Street, Suite 1800<br>P.O. Box 2087<br>Wilmington, Delaware 19899<br>Attn: Adam G. Landis, Esq. |

**IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE HEARING.**

7. *Parties That Will Not Be Entitled to Vote or Receive Any Distribution.* Any holder of a claim that is scheduled in the Debtors' schedules of assets and liabilities, statements of financial affairs and schedules of executory contracts and unexpired leases at $0, or in an unknown amount, or as disputed, contingent, or unliquidated, and that has not filed a timely proof of claim, shall not be treated as a creditor with respect to such claim for purposes of receiving distributions under the Plan. PLEASE NOTE THAT, NOTWITHSTANDING YOUR FAILURE TO FILE A PROOF OF CLAIM OR BE SCHEDULED, YOUR RIGHTS MAY NEVERTHELESS BE IMPAIRED BY THE PLAN.

8. *Additional Information.* Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should contact the Debtors' voting agent,

Kurtzman Carson Consultants LLC at **(888) 830-4644**. Interested parties may also examine the Disclosure Statement and the Plan free of charge at www.kccllc.net/wamu. In addition, the Disclosure Statement and Plan are on file with the Court and may be examined by accessing the Court's website: www.deb.uscourts.gov. Note that a PACER password and login are needed to access documents on the Court's website. A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

9. *Executory Contracts.*

   a) *Cure of Defaults for Assumed Executory Contracts and Unexpired Leases*: Except to the extent that different treatment has been agreed to by the non-debtor party or parties to any executory contract or unexpired lease to be assumed or assumed and assigned pursuant to Section 36.1 of the Plan, the Debtors will within at least (20) days prior to the Confirmation Hearing, file with the Bankruptcy Court and serve by first class mail on each non-debtor party to such executory contracts or unexpired leases to be assumed pursuant to Section 36.1 of the Plan, a notice, which shall include the cure amount as to each executory contract or unexpired lease to be assumed or assumed and assigned. **If you are a party to such executory contracts or unexpired leases to be assumed or assumed and assigned by the Debtors, you must file and serve any objection to the assumption or the cure amounts listed by the Debtors within twenty (20) days of the date of service of such notice.** If there are any objections filed, the Bankruptcy Court shall hold a hearing on a date to be set by the Bankruptcy Court. Notwithstanding Section 36.1 of the Plan, the Debtors retain their rights to reject any of their executory contracts or unexpired leases that are subject to a dispute concerning the amounts necessary to cure any defaults as of the Effective Date.

   b) *Bar Date for Filing Proofs of Claim Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan*: Proofs of Claim for damages, if any, arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan, if not already evidenced by a filed proof of Claim, must be filed with the Bankruptcy Court and served upon the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Brian S. Rosen, Esq.), or the Liquidating Trustee, no later than thirty (30) days after the later of (a) the date of entry of an order approving the rejection of such executory contract or unexpired lease, or (b) the date of entry of the Confirmation Order. **All such proofs of Claim not filed within such time will be forever barred from assertion against the Debtors, or their properties or agents, successors, or assigns, including, without limitation, the Reorganized Debtors and the Liquidating Trust.**

10. *Releases and Injunctions.*

The Plan contains releases of certain persons and entities, including, among others, the Debtors, certain of their creditors, JPMC, the Federal Deposit Insurance Corporation, and their respective officers, directors and representatives, all as more specifically set forth in the Plan, together with an injunction which, among other things, **prevents all Entities, and each Related Person of such Entities, who have held, hold or may hold Claims or any other debt or liability that is discharged or Equity Interests or other right of equity interest that is terminated or cancelled pursuant to the Plan or the Global Settlement Agreement, or who have held, hold or may hold Claims or any other debt or liability that is discharged or released pursuant to Sections 43.2, 43.6, 43.7, or 43.8 of the Plan, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such Claim or other debt or liability or Equity Interest that is terminated or cancelled pursuant to the Plan against any of the Released Parties or any of their respective assets, property or estates, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any of the Released Parties or any of their respective assets, property or estates, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets, property or estates, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559 or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets, property or estates, with respect to any such**

Claim or other debt or liability that is discharged or Equity Interest or other right of equity interest that is terminated or cancelled pursuant to the Plan, including as follows:

"43.6   **Releases by Holders of Claims and Equity Interests.** Except as otherwise expressly provided in the Plan, the Confirmation Order, or the Global Settlement Agreement, and except with respect to holders of WMB Senior Notes Claims and Non-Filing WMB Senior Note Holders who do not check the box labeled "Grant Plan Section 43.6 Release", on the Effective Date, for good and valuable consideration, each Entity that has held, currently holds or may hold a Released Claim or any Equity Interest that is terminated, and each of its respective Related Persons, on their own behalf and on behalf of anyone claiming through them, on their behalf, or for their benefit, shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge each and all of the Released Parties from any and all Released Claims in connection with or related to any of the Debtors, the Reorganized Debtors, the Affiliated Banks, or their respective subsidiaries, assets, liabilities, operations, property or estates, the Chapter 11 Cases or the Plan or the Disclosure Statement, the assets to be received by JPMC pursuant to the Global Settlement Agreement, the Plan Contribution Assets, the Debtors' Claims, the JPMC Claims, the FDIC Claim, the Purchase and Assumption Agreement, the WMI/WMB Intercompany Claims, any intercompany claims on the books of WMI or WMB related to the WaMu Pension Plan or the Lakeview Plan, claims related in any way to the Trust Preferred Securities (including, without limitation, the creation of the Trust Preferred Securities, the financing associated therewith, the requested assignment of the Trust Preferred Securities by the Office of Thrift Supervision and the transfer and the asserted assignment of the Trust Preferred Securities subsequent thereto), and/or any claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged in the Actions or in the Texas Litigation, or that could have been alleged in respect of the foregoing or other similar proceeding, including, without limitation, any such claim demand, right, liability, or cause of action for indemnification, contribution or any other basis in law or equity for damages, costs or fees incurred by the releasors herein arising directly or indirectly from or otherwise relating thereto; provided, however, that each Entity that has submitted a Ballot may elect, by checking or not checking, as applicable, the appropriate box on its Ballot, not to grant the releases set forth in Section 43.6 of the Plan with respect to those Released Parties other than (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Trustees, and (iv) the Creditors' Committee and its members in such capacity and for their actions as members, their respective Related Persons, and their respective predecessors, successors and assigns (whether by operation of law or otherwise), in which case, such Entity that so elects to not grant the releases will not receive a distribution hereunder; and provided, further, that, because the Plan and the Global Settlement Agreement, and the financial contributions contained therein, are conditioned upon the aforementioned releases, and, as such, these releases are essential for the successful reorganization of the Debtors, pursuant to the Confirmation Order, those Entities that opt out of the releases provided hereunder shall be bound and shall receive the distributions they otherwise would be entitled to receive pursuant to the Plan; and provided, further, that nothing contained in the Plan or the Confirmation Order shall (a) release, or is intended to release, any non-Debtor, including any non-Debtor Entity that may be a Released Party or a Related Person, in connection with any legal action or claim brought by the United States Securities and Exchange Commission or (b) prejudice the rights of any such non-Debtor Entity to defend or otherwise contest any such legal action or claim; and provided, further, that nothing contained in the Plan or the Confirmation Order shall (a) to the extent that (i) the Pension Plans are terminated from and after the Effective Date and (ii) the Pension Plans are underfunded as of the Effective Date, release, or is intended to release, any non-Debtor, including any non-Debtor Entity that may be a Released Party or a Related Person, from any liability as a fiduciary of the Pension Plans, under any law, government policy or regulatory provision, (b) enjoin or preclude the Pension Benefit Guaranty Corporation from enforcing such liability against such non-Debtor Entity during the applicable statute of limitations period set forth in 29 U.S.C. § 1303 following any such termination, or (c) prejudice the rights of any such non-Debtor Entity to defend or otherwise contest any such legal action or claim; and provided, further, that nothing in the Plan or the Confirmation Order is intended to, nor shall it, release any non-Debtor or non-Debtor Entity that may be a Released Party or a Related Person, in connection with any legal action or claim brought by CDTSC or the BKK Group relating to the BKK Site that is the subject of the BKK Litigation. In addition to, and not in any way limiting the foregoing, each holder of an Allowed WMB Senior Notes Claim and each Accepting Non-Filing WMB Senior Notes Holder shall be deemed to have released the Debtors, the Reorganized Debtors, the Liquidating Trustee, and each of their respective Related Persons from any and all direct and derivative claims arising from or related to such holder's WMB Senior Notes, as well as any misrepresentation or other similar claim for damages arising from the purchase or sale of such holder's WMB Senior Notes (including, without limitation, any Section 510(b) Subordinated WMB Notes Claims that such holder may have).

Several creditors and parties in interest have opposed the breadth and scope of the Plan's proposed releases and contend that they are not in accordance with applicable law.

"43.7   **Injunction Related to Releases.** Except as provided in the Plan, the Confirmation Order, or the Global Settlement Agreement, as of the Effective Date, (i) all Entities that hold, have held, or may hold a Released Claim or Equity Interest relating to any of the Debtors or the Reorganized Debtors or any of their respective assets, property and estates, that is released pursuant to Section 43.6 of the Plan, (ii) all other parties in interest, and (iii) each of the Related Persons of each of the foregoing entities, are, and shall be, permanently, forever and completely stayed, restrained, prohibited, barred and

5

enjoined from taking any of the following actions, whether directly or indirectly, derivatively or otherwise, on account of or based on the subject matter of such discharged Released Claims or such Equity Interests: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) in any forum; (ii) enforcing, attaching (including, without limitation, any prejudgment attachment), collecting, or in any way seeking to recover any judgment, award, decree, or other order; (iii) creating, perfecting or in any way enforcing in any matter, directly or indirectly, any Lien; (iv) setting off, seeking reimbursement or contributions from, or subrogation against, or otherwise recouping in any manner, directly or indirectly, any amount against any liability or obligation owed to any Entity released under Section 43.6 hereof; and (v) commencing or continuing in any manner, in any place of any judicial, arbitration or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Global Settlement Agreement, the Plan or the Confirmation Order.

"43.8    Exculpation. The Released Parties, members of the Plan Administration Committee and Plan Investment Committee of the WaMu Savings Plan, and each of their Related Persons shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Chapter 11 Cases (including any actions taken by the Creditors' Committee after the Effective Date), the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or any compromises or settlements contained therein, the Disclosure Statement related thereto, the Global Settlement Agreement, or any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Global Settlement Agreement; provided, however, that the foregoing provisions of this Section 43.8 shall not affect the liability of any Entity that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct. Any of the foregoing parties in all respects shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan."


**If you do not object to the Plan or if your objections are overruled, you will be bound by the confirmation of the Plan, and the Confirmation Order will make binding the releases and injunctions set forth therein as they relate to certain of the Released Parties.** In addition, if you do not opt out of granting the releases on your Ballot as they relate to the opt-out Released Parties set forth in Section 43.6 of the Plan, the Confirmation Order may, nonetheless, make binding the releases and injunctions set forth therein. However, be advised that the Debtors, at the Confirmation Hearing, intend to seek enforcement of the releases, injunction and exculpation contained in the Global Settlement Agreement and in Section 43.6, 43.7 and 43.8 of the Plan as to all parties, regardless of whether you elect to opt out.

DATED: October ___, 2010
Wilmington, Delaware

| RICHARDS, LAYTON & FINGER, P.A. | WEIL, GOTSHAL & MANGES LLP |
|---|---|
| One Rodney Square | 767 Fifth Avenue |
| 920 North King Street | New York, New York 10153 |
| Wilmington, Delaware 19801 | Telephone: (212) 310-8000 |
| Telephone: (302) 651-7700 | Facsimile: (212) 310-8007 |
| Facsimile: (302) 651-7701 | |

Attorneys for Debtors
and Debtors in Possession