UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                  :

*In re*                                         :      Chapter 11

WASHINGTON MUTUAL, INC., *et al.*,     :

                                            :      Case No. 08-12229 (MFW)

            Debtors.                     :      (Jointly Administered)

---------------------------------------------------------------x

# MODIFICATION OF SIXTH AMENDED JOINT PLAN OF AFFILIATED DEBTORS PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

- and -

RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700

Dated: October 29, 2010

Washington Mutual, Inc. and WMI Investment Corp. hereby modify the Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated October 6, 2010 (the "Plan"),[1] as follows:

1. Section 1.4 of the Plan, entitled "**Additional Common Stock**," is hereby amended by deleting "no par value" in the fourth line thereof and inserting "a par value of $0.00001 per share" in lieu thereof.

2. Section 1.162 of the Plan, entitled "**Reorganized Common Stock**," is hereby amended by deleting "no par value" in the third line thereof and inserting "a par value of $0.00001 per share" in lieu thereof.

3. Section 2.1(h) of the Plan, entitled "**Settlement with REIT Series Holders**," is hereby amended by deleting the provisions set forth therein and inserting the following in lieu thereof:

> In consideration for the releases by the REIT Series holders of any and all claims arising out of, related to, or resulting from, among other things, the issuance, sale or assignment of the Trust Preferred Securities, the commitments to or exchange event ordered by the Office of Thrift Supervision or any capital or other commitment, disclosure or non-disclosure with respect thereto, the assignment of the Trust Preferred Securities subsequent thereto, and any and all claims in any way related to the Trust Preferred Securities or the REIT Series, on the Effective Date, JPMC shall pay, or transfer to the Disbursing Agent, for payment to each Releasing REIT Trust Holder its pro rata share of Fifty Million Dollars ($50,000,000.00), determined by multiplying (a) Fifty Million Dollars ($50,000,000.00) times (b) an amount equal to (i) the principal amount of REIT Series held by such Releasing REIT Trust Holder on the Voting Record Date divided by (ii) the outstanding principal amount of all REIT Series (which is Four Billion Dollars ($4,000,000,000.00)); provided, however, that, at the election of JPMC, the amount payable to Releasing REIT Trust Holders pursuant to Section 2.24 of the Global Settlement Agreement may be paid in shares of common stock of JPMC, having an aggregate value equal to the amount of cash to be paid pursuant to Section 2.24 of the Global Settlement Agreement, valued at the average trading price during the thirty (30) day period immediately preceding the Effective Date. While JPMC's maximum liability pursuant to Section 2.24 of the Global Settlement Agreement is Fifty Million Dollars ($50,000,000.00), JPMC's liability shall be reduced to the extent the Releasing REIT Trust Holders comprise less than all of the outstanding REIT Series holders.

---

[1] All terms used but not defined herein shall have the meanings ascribed to them in the Plan.

4. Section 23.1 of the Plan, entitled "**Treatment of REIT Series**," is hereby amended by deleting the provisions set forth therein and inserting the following in lieu thereof:

> In the event that all Allowed Claims and Postpetition Interest Claims in respect of Allowed Claims are paid in full (including with respect to Allowed Subordinated Claims), the Liquidating Trust Interests shall be redistributed, and holders of the REIT Series shall be entitled to receive their Pro Rata Share of Liquidating Trust Interests, to be shared on a pari passu basis with holders of Preferred Equity Interests. In addition, and separate and distinct from the distribution to be provided to holders of the REIT Series from the Debtors, pursuant to the Global Settlement Agreement, and in exchange for the releases set forth in the Global Settlement Agreement and in Article XLIII herein, on the Effective Date, JPMC shall pay, or transfer to the Disbursing Agent, for payment to each Releasing REIT Trust Holder its pro rata share of Fifty Million Dollars ($50,000,000.00), determined by multiplying (a) Fifty Million Dollars ($50,000,000.00) times (b) an amount equal to (i) the principal amount of REIT Series held by such Releasing REIT Trust Holder on the Voting Record Date divided by (ii) the outstanding principal amount of all REIT Series (which is Four Billion Dollars ($4,000,000,000.00)); provided, however, that, at the election of JPMC, the amount payable to Releasing REIT Trust Holders pursuant to this Section 23.1 and Section 2.24 of the Global Settlement Agreement may be paid in shares of common stock of JPMC, having an aggregate value equal to the amount of cash to be paid pursuant to this Section 23.1 and Section 2.24 of the Global Settlement Agreement, valued at the average trading price during the thirty (30) day period immediately preceding the Effective Date. While JPMC's maximum liability pursuant to this Section 23.1 and Section 2.24 of the Global Settlement Agreement is Fifty Million Dollars ($50,000,000.00), JPMC's liability shall be reduced to the extent the Releasing REIT Trust Holders comprise less than all of the outstanding REIT Series holders.

5. Section 32.7 of the Plan, entitled "**Withholding and Reporting Requirements**," is hereby amended by deleting "hundred eighty (180) days" in the seventeenth line thereof and inserting "year" in lieu thereof.

6. Section 43.5 of the Plan, entitled "**Releases by the Debtors**," is hereby amended by inserting the following prior to the period at the conclusion thereof:

> ; provided, however, the foregoing release shall not extend to acts of gross negligence or willful misconduct; and, provided, further, that, notwithstanding the foregoing, solely for purposes of this Section 43.5, "Related Persons" shall not include the Debtors'

retained financial advisors, attorneys, accountants, investment bankers, consultants, agents, and professionals with respect to Claims and Causes of Action relating to the period prior to the Petition Date, with any Claims and Causes of Action against such Entities assigned or otherwise transferred to the Liquidating Trust on the Effective Date; and, provided, further, that the foregoing exclusions are not intended, nor shall they be construed, to limit or otherwise affect the releases granted pursuant to, or any other terms of, the Global Settlement Agreement.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

7. Except as expressly provided herein, the terms and provisions of the Plan shall remain in full force and effect.

Dated: Seattle, Washington
October 29, 2010

WASHINGTON MUTUAL, INC.

By: *William C. Kosturos*
    Name: William C. Kosturos
    Title: Chief Restructuring Officer

WMI INVESTMENT CORP.

By: *William C. Kosturos*
    Name: William C. Kosturos
    Title: President & Chief Executive Officer

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS TO THE DEBTORS
AND DEBTORS IN POSSESSION