November 1, 2010

**Re: *In re Washington Mutual, Inc., et al.*, Case Number 08-12229 (MFW) (Jointly Administered)**

To: Clerk, United States Bankruptcy Court, District of Delaware

Dear Sir or Madam:

Please include the enclosed letter to Judge Walrath the docket for the above-referenced case.

Thank you.

Daniel Hoffman
Southern California

**VIA FEDERAL EXPRESS**

November 1, 2010

Hon. Mary F. Walrath
United States Bankruptcy Court
District of Delaware
824 Market Street, 5th Floor
Wilmington, DE 19801

Re: *In re Washington Mutual, Inc., et al.*, Case Number 08-12229 (MFW) (Jointly Administered)

Dear Judge Walrath:

I am writing regarding the chapter 11 case of the above-referenced debtors ("WMI"). I own WMI equity – common and preferred – securities.

Specifically, I am writing to request that the following documents, which currently are under seal or have been otherwise withheld from public view, be docketed and posted for public viewing:

- a. the order granting the Official Committee of Equity Security Holders' (the "EC") 'Motion for Order Authorizing the Official Committee of Equity Security Holders to File Supplemental Filing Regarding the Examiner Motion and the Scope of Production Under Seal', filed July 7, 2010, Docket # 4893 (the "Sealing Motion");

- b. the order granting the EC's 'Motion to Shorten Notice and Schedule Hearing on Motion For Order Authorizing the Official Committee of Equity Security Holders to File Supplemental Filing Regarding Examiner Motion and the Scope of Production Under Seal', filed July 7, 2010, Docket # 4895 (the "Motion to Shorten Time");

- c. the cover sheet for the Sealing Motion (the "Cover Sheet"), as required by Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules");

- d. the order granting the EC's 'Motion for Order Authorizing the Official Committee of Equity Security Holders to File Supplemental Statement in Support of Motion for Examiner and on Timing for Resolution of Shareholder Meeting Under Seal', filed July 19, 2010, Docket # 5091 (the "July 19th Sealing Motion");

- e. the order granting the EC's 'Motion to Shorten Notice and Schedule Hearing on Motion For Order Authorizing the Official Committee of Equity Security Holders to File Supplemental Statement in Support of Motion for Examiner and on Timing for Resolution of Shareholder Meeting Under Seal', filed July 19, 2010, Docket # 5092 (the "July 19th Motion to Shorten Time");

- f. the cover sheet for the July 19th Sealing Motion (the "July 19th Cover Sheet");

- g. the document filed under seal pursuant to the Sealing Motion (the "Sealed Document");

1

h.  the document filed under seal pursuant to the July 19th Sealing Motion (the "July 19th Sealed Document"); and

i.  the transcript of a hearing you held in your chambers on July 8, 2010 relating to the Sealed Document (the "*In Camera* Hearing").

I.  **BACKGROUND**

On July 22, 2010 you signed the 'Agreed Order Directing the Appointment of An Examiner' (the "Examiner Order"). The hearing on the motion for the Examiner Order (the "Examiner Motion") was held on July 20, 2010. Also heard that day was a hearing on the Sealing Motion and the Motion to Shorten Time (collectively, the "Sealing Motions") as well as the July 19th Sealing Motion and the July 19th Motion to Shorten Time (collectively, the "July 19th Sealing Motions), all of which had bearing on the Examiner Motion.[1] At that hearing you orally granted the Sealing Motions and the July 19th Sealing Motions (collectively, the "Motions"), effectively sealing the Sealed Document and the July 19th Sealed Document (collectively, the "Sealed Documents") from public access.

Also on July 8, 2010, and in advance of the hearing on the Examiner Motion, you met with counsel for the *In Camera* Hearing. According to the Sealing Motions, the Sealed Document was provided to the EC by WMI pursuant to the 'Interim Order Pursuant to Federal Rule of Evidence 502(d)' (the "502(d) Order"), and the EC is required not to disclose its contents.

You reviewed the Sealed Documents prior to your ruling granting the Examiner Motion, but the public, given that the Sealed Documents were sequestered,[2] did not. You would also have had the opportunity to discuss the contents of the Sealed Documents with those present at the *In Camera* Hearing, and they were discussed given the EC's recount of that discussion in the July 19th Sealing Motion at p. 3, ¶ 7.

You denied a previous motion by the EC for appointment for an examiner on May 5, 2010 and signed an order to that effect on the same day (the "May 5th Order"), and it can be inferred that your review of the Sealed Documents and the *In Camera* Hearing (both of which immediately precipitated your bench ruling that an order appointing an examiner would be issued) had bearing on your decisions to (1) reverse the May 5th Order, (2) grant the Examiner Motion, and (3) issue the Examiner Order. As will be discussed later, the public, without explanation or paper trail other than the Motions themselves, has no information about either the content of the Sealed Documents or the statements made at the *In Camera* Hearing, and therefore has no information regarding the facts that influenced your July 8th rulings despite, as will be discussed, infra, the strong policy of openness in American jurisprudence and the express mandate of Rule 5001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that "[a]ll . . . hearings shall be conducted in open court".

---

[1] "[T]he document [to be sealed] is relevant to the issue of whether to appoint an examiner in these cases, and therefore would be helpful to the Court in considering the Equity Committee's examiner motion". *See* Motion to Shorten Time, p. 3, ¶ 7.

[2] Given Local Rule 9018-1(b), the EC presented the document proposed for sealing to you at least two days in advance of the *In Camera* Hearing.

2

II.     **STANDING**

WMI is owned by its equity holders until and unless its equity is cancelled. I assert that as WMI's equity has not been canceled, I am a party in interest. You have recognized the right of WMI shareholders to appear as parties in interest. As a party in interest I am entitled to challenge the orders[3] sealing Sealed Documents, respectively, under Bankruptcy Rule 2018(a) (see *In re Alterra Healthcare Corporation*, 353 B.R. 66, 70 (Bankr. D. Del. 2006)), and I contend that public right of access to the Sealed Documents arises under 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), specifically 11 U.S.C. § 107 ("Section 107") and (b) the law of the Third Circuit.

I have standing to challenge the sealing of both of the Sealed Documents as they present an obstacle to my attempt to access the information each contains and your decisions to disclose their respective contents would remedy that injury. Sitting as the court, you have recognized the standing of one seeking to unseal a document where the challenger of the sealed document alleges concealment of the document causes injury to himself, and not just to the public at large. *In re Alterra Healthcare Corporation*, 353 B.R. 66, 70 (Bankr. D. Del. 2006) (citing *United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir. 1994)). In *Alterra* you held that "[t]o find standing the Court must 'only find that the Order . . . being challenged presents an obstacle to the [challenger's] attempt to obtain access' and that a decision to unseal the [Sealed Documents] would remedy the injury." *Alterra*, at 70 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994)). Applying that case to the facts of the instant case, to grant me standing as one injured by the orders sealing the Sealed Documents you must only find that the orders sealing the Sealed Documents present obstacles to my attempt to obtain access to the Sealed Documents and that a decision to unseal the Sealed Documents would remedy that injury.

Additionally, however, I assert standing (1) because the Sealed Documents may contain information favorable to me as a shareholder, and (2) as a member of the public.

As stated previously, the filing of the Sealed Documents immediately precipitated your decision to vacate the May 5th Order and issue the Examiner Order, so logic dictates that the Sealed Documents contain information you relied upon in determining that an examiner was necessary. As I discuss later, given that all classes of equity holders receive little or nothing under WMI's plan of reorganization (the "Plan"), and therefore cannot receive less under the Plan, fulfillment of the EC's request to appoint an examiner suggests that the Sealed Documents contained information which could have a beneficial effect on WMI's equity classes.[4] Accordingly, concealment of the contents of the Sealed Documents injures me as a shareholder as it prohibits me from (a) determining if the Sealed Documents contain information helpful to WMI shareholders, and (b) if they do, accessing and using that information.

---

[3] The sealings would have been effected on your order because, as will be discussed, infra, Bankruptcy Rule 9018 provides that a party doesn't have the power to file a document under seal, a court 'orders' a document sealed. *See* Fed. R. Bankr. P. 9018. Moreover before such an order can issue, Third Circuit law requires the court to conduct a hearing on the matter. *See Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).

[4] The effect must be beneficial as under all versions of WMI's Plan common shareholders receive nothing and preferred shareholders receive 0% - 1%, virtually nothing. As it is not possible for things to be worse for equity classes under the Plan logically an examiner would not have been appointed unless such an appointment would improve equity classes' chances of a financial recovery.

Moreover, under *Alterra* I am not required to prove that the contents of the Sealed Documents are favorable to my interests as a shareholder; however, if the Sealed Documents contain information helpful to me as a shareholder then their concealment harms me and benefits someone probably adverse to WMI shareholders, and unless that someone can establish that Section 107 dictates the Sealed Documents should remain under seal, Section 107 and Third Circuit law require that they be unsealed.

Accordingly, as (1) a WMI shareholder, (2) a person injured (under *Alterra*) by the orders sealing the Sealed Documents, and (3) a member of the public, I have standing to request access to the contents of the Sealed Documents.

The foregoing claims of standing also hold for my request for release of these documents not under seal, but which have been withheld from the public: (1) the orders granting the Motions; (2) the Cover Sheets; and (3) any transcript of the *In Camera* Hearing.

### III. DISCLOSING THE (A) ORDERS GRANTING THE MOTIONS, (B) COVER SHEETS, AND (C) TRANSCRIPT (IF ANY) OF THE IN CAMERA HEARING

#### A. The Orders Granting the Motions

Notwithstanding your rulings granting the Motions, no orders in respect of those rulings appears in the court's docket. Bankruptcy Courts, like all other courts in our American legal system may issue their rulings verbally (i.e., 'from the bench'), but those rulings are ordinarily evidenced by an order. Further, as Bankruptcy Rule 5003 requires that the orders granting the Motions, be docketed. See Bankruptcy Rule 5003(a).

#### B. The Cover Sheets

Local Rule 9018-1 provides that "[if] the Court grants [a] motion to file under seal, the Clerk . . . shall electronically docket the cover sheet." Therefore, though you granted the Motions in court on July 20, 2010, no orders granting the Motions has been docketed for public viewing, electronically or otherwise, and the same is true of both the Cover Sheet and the July 19th Cover Sheet (collectively, the "Cover Sheets"). Nothing in Local Rule 9018-1, nor any other rule or law governing WMI's bankruptcy exempts any of these documents from public viewing.

#### C. The Transcript of the In Camera Hearing

A motion to seal a document requires a hearing. See Bankruptcy Rule 9018. Bankruptcy Rule 5001(b) requires that "[a]ll . . . hearings shall be conducted in open court". When a motion to seal a document is filed the court sets a time for a hearing on that motion so the moving party can present its case and any opposition has the chance to be heard. The *In Camera* Hearing was held out of the presence of the public and while a document may be withheld from public view while a determination is made that it is suitable for sealing, the discussion concerning whether it is suitable for sealing – i.e., the hearing on the matter– is not. Indeed, such dialogue should be in open court and on the record as otherwise the merits of the claim for sealing would not be vetted in a public forum and there would be no record for a reviewing court to examine if the sealing were challenged later.

4

In the instant case a shareholder attending the July 20th hearing (none of the Motions were heard on July 8th) would have expected to have the Motions discussed in open court, so he could ascertain the reasons for the sealings. Instead all he heard concerning them is the following except from pp. 123-124 of the transcript of that hearing:

> 18 THE COURT: Okay. Anything else set off for today?
> 19 MR. TAYLOR: Good afternoon, Your Honor. Greg Taylor
> 20 from Ashby & Geddes on behalf of the equity committee.
> 21 Just one or two clean up items, Your Honor. I think
> 22 agenda item 26 is a seal motion by the equity committee but I
> 23 don't believe we've seen an order one. It's one that was filed
> 24 several weeks ago.
> 25 THE COURT: Item 26?
> 1 MR. TAYLOR: And there's also a related motion to
> 2 shorten notice on that. I have copies of those orders with me.
> 3 THE COURT: I'll enter that unless anybody opposes it?
> 4 (No response)
> 5 THE COURT: All right. I'll enter that order.
> 6 MR. TAYLOR: The second item, Your Honor, is what we
> 7 filed last night. It was similarly a seal motion and a motion
> 8 to shorten notice, given that it was filed just yesterday I'm
> 9 happy to carry that to the next hearing or if there's no
> 10 objection we can deal with that today.
> 11 THE COURT: I think the debtors don't object to that.
> 12 MR. ROSEN: Your Honor, that can be filed under seal.
> 13 THE COURT: All right. I'LL grant both motions to
> 14 seal.
> 15 MR. TAYLOR: If I may approach, Your Honor.
> 16 (Pause)
> 17 THE COURT: Thank you. All right. I'll enter those
> 18 orders.

The official transcript reflects no discussion of the merits of the Motions because obviously that dialogue took place in advance of the hearing, *in camera*. All the shareholders know (from the Motions, only) is that the EC believed the Sealed Documents would make a material difference to its effort to get an examiner appointed and the EC could not make the Sealed Documents public because of the 502(d) Order. If there is no transcript of the *In Camera* Hearing there is no official record evidencing that the Third Circuit substantive and procedural requirements for determining if a document may be sealed, discussed infra, were met. Furthermore, as the Third Circuit said in *Publicker Industries v. Cohen*, 733 F.2d 1059, 1072, "it would be in the sound discretion of the [bankruptcy] court to consider an alleged confidential problem '*in camera* but with counsel present and on the record'". (Emphasis added.)

IV.     **UNSEALING THE SEALED DOCUMENTS**

A.      Section 107

Section 107 and Bankruptcy Rule 9018 do not allow a bankruptcy court to issue an order forbidding public access to information filed in connection with a bankruptcy case unless necessary to protect (1)

5

an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) a person with respect to scandalous or defamatory matter contained in a paper filed in a case filed under Title 11. See 11 U.S.C. § 107(b); Bankruptcy Rule 9018. *See also In re Muma Services Inc.*, 279 B.R. 478, 484 (Bankr. D. Del. 2002) ("Section 107(b) provides a narrow statutory exception to public accessibility in bankruptcy cases."). As the public doesn't know the nature of the information in the Sealed Documents shareholders cannot determine whether that information falls within the very limited category of information Section 107 protects from public view.

Section 107 is the U. S. Bankruptcy Code's embodiment of the Anglo-American policy of free access to court documents that Judge Higginbotham exhaustively discusses in *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984) (the court discussed the surpassing importance of openness in America's court system dating from its inception as a British colony), and that you echoed in *Alterra* where you said "[t]here is a strong presumption in favor of public access to bankruptcy proceedings and records." *Alterra*, at 73. Obviously, subject to its very limited restrictions, Congress designed Section 107 to create a mechanism to (a) prevent documents to be filed in court from being placed under seal, and (b) expose documents that have been placed under seal.

### B. Applicable Third Circuit Case Law

In *In re Alterra Healthcare Corporation*, 353 B.R. 66 (Bankr. D. Del. 2006), you said that documents filed in bankruptcy cases have historically been open to the press and general public. *Alterra*, 353 B.R., at 74 ("In fact, [with Section 107(a)] Congress has codified the history of open access in bankruptcy.").

In addition to your *Alterra* holding recognizing the public's right of access to court documents the Third Circuit Court of Appeals has held that the First Amendment grants a right of access to civil proceedings, *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984), which you acknowledged in *Alterra*.

*Publicker* is also important because in that case the Third Circuit set forth the procedural and substantive steps a Third Circuit court must take in assessing whether information should be withheld from the public:

Procedurally, a trial court in closing a proceeding must both articulate the countervailing interest it seeks to protect and make 'findings specific enough that a reviewing court can determine whether the closure order was properly entered.' Substantively, the record before the trial court must demonstrate 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Publicker*, 733 F.2d at 1071. (Citations omitted.)

Although the *Publicker* court was not deciding whether a bankruptcy court properly sealed a document and, therefore, did not apply Section 107, *Publicker*'s procedural and substantive instructions are applicable to the instant case for two reasons.

First, this court is a trial court within the Third Circuit, and therefore *Publicker* has stare decisis effect. Procedurally, a trial court in the Third Circuit of plenary or limited jurisdiction sealing a document must (a) "articulate the countervailing interest it seeks to protect", and (b) make "findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Publicker*, at 1071. Indeed, if a trial court did not follow both (a) and (b) an appeals court would be unable to determine whether the court followed either procedural or substantive standards. Accordingly, though

6

the *Publicker* court was referring to U.S. District Courts, its reasoning holds for federal courts of limited jurisdiction, so Third Circuit bankruptcy courts are required to conform to the procedural standards set forth in *Publicker*.

Per *Publicker* the Third Circuit requires 'findings', which of course would be transcribed in some sort of record ("it would be in the sound discretion of the district court to consider an alleged confidential problem '*in camera* but with counsel present and on the record'"; *Publicker*, at 1072), and therefore instructs that on July 8, 2010 a transcribed record should have been made during the *In Camera* Hearing including your articulation of (1) the compelling countervailing interests to be protected, and (2) your legal reasoning and factual determinations. To my knowledge, the public has no information about whether a transcript or other record of the *In Camera* Hearing was made. Also, *Publicker* findings should have been made at the July 20, 2010 hearing during which you granted the Motions, but were not.

Second, substantively, a trial court must find sealing a necessity. In bankruptcy cases Congress has limited the categories of documents requiring protection to those set forth in Section 107,[5] so a bankruptcy court in the Third Circuit can only seal a document if its contents fall into one or more of the categories set forth in Section 107.

Applying *Publicker* to the Sealed Documents nothing in the public record of WMI's Chapter 11 filing indicates that (1) there were any findings evidenced by a record stating precisely why the Sealed Documents were withheld from public view, or (2) the Sealed Documents are in the category of protected information as set forth in Section 107.

In *Miller v. Indiana Hospital*, 16 F.3d 549, 551 (3d Cir. 1994), the Third Circuit held that a party seeking to keep a document under seal has the formidable task of proving necessity of the non-disclosure. In that case the court said "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'") Id. (citing *Publicker*, 733 F.2d at 1071); *see also Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001) (holding that the party seeking to seal a document must clearly define the serious injury that would ensue from public disclosure of the sealed document). As in *Publicker Miller* must be viewed in light of Section 107's requirements that its substantive criteria be applied, not federal common law and, therefore, applying *Miller* to the Sealed Documents means anyone contesting their unsealing must show the content in each of the Sealed Documents is protected from exposure by Section 107. Given the utter lack of transparency neither the public nor a reviewing court can determine if the EC met this heavy burden.

Moreover, as the *Miller* court held, "[e]ven if the initial sealing was justified, when there is a subsequent motion to remove such a seal, the [bankruptcy] court should closely examine whether circumstances have changed sufficiently to allow the presumption allowing access to court records to prevail." *Miller*, at 551-552. The public does not know whether the initial concealment of the Sealed Documents and

---

[5] The substantive standard in *Publicker* is restricted by Section 107(b). To wit, *Publicker's* substantive instruction that "closure is essential to preserve higher values" is modified by Section 107(b) to mean 'closure is essential if the sealed document is a trade secret, confidential research, development or commercial information; or to protect an individual from scandalous or defamatory material contained in a filed document.' See *Publicker*, 733 F.2d at 1071; Section 107(b).

7

any transcript of the *In Camera* Hearing were in compliance with Section 107 and Third Circuit law, but their continued concealment must satisfy the rigid strictures set forth in *Miller* as discussed, supra.

The EC and its counsel were unable to advocate on behalf of shareholders at the July 8th hearing with respect to the Motions because of the 502(d) which, one expects, is precisely why the Sealed Documents were issued to the EC subject to that order. However, nothing in the 502(d) Order prevents me as a shareholder from demanding that the Sealed Documents be unsealed unless an objecting party shows at an open hearing that the contents of the Sealed Documents are protected under Section 107.

V.      CONCLUSION

In addition to being a party in interest I am (a) a member of the public, and (b) injured by the non-disclosure of the contents of the Sealed Documents. Therefore, I am entitled to know the contents of the Sealed Documents, and hereby request that you make them available to me and the public.

For the foregoing reasons I am also entitled to access (1) the orders granting the Motions, (2) the Cover Sheets, and (3) any transcript of the *In Camera* Hearing.

I can appear in court to be heard at a hearing regarding the foregoing.

Respectfully,

*Daniel Hoffman*

Daniel Hoffman, Pro Se
Southern California