IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WASHINGTON MUTUAL, et al. | : | |
| | : | Case No. 08-12229 (MFW) |
| | : | |
| | : | **Objections Due: November 19, 2010** |
| Debtors. | : | **Hearing Date: December 1, 2010 at 1:00 p.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF THE SIXTH AMENDED JOINT PLAN OF AFFILIATED DEBTORS PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**

In support of her objection (the "Objection") to Confirmation of the Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"), Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned counsel, states as follows:

1. This Court has jurisdiction to hear the above-referenced Objection.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the above-referenced Objection.

## BACKGROUND

4. On September 26, 2008 (the "Petition Date"), the Debtors[1] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On October 6, 2010, the Debtors filed their Sixth Amended Joint Plan of Affiliated Debtors (the "Plan").

## PRELIMINARY STATEMENT

6. A chapter 11 plan may not be confirmed unless the Court can find that the plan complies with the provisions of 11 U.S.C. § 1129 (a). A plan proponent bears the burden of proof with respect to each and every element of 11 U.S.C. § 1129 (a). *See In re Genesis Health Ventures, Inc.*, 266 B.R. 591 (Bankr. D. Del. 2001). As discussed below, the Plan is not confirmable because (a) it contains a third party release provision that is contrary to applicable law in this District and (b) it improperly denies distributions to certain creditors who elect to opt out of the releases provided in the Plan in violation of Bankruptcy Code section 1123(a)(4).

## GROUNDS/BASIS FOR RELIEF

*Release Provisions*

7. Section 43.6 of the Plan, Releases by Holders of Claims and Equity Interests, states in pertinent part that:

> Except as otherwise expressly provided in the Plan, the Confirmation Order, or the Global Settlement Agreement, and except with respect to holders of WMB Senior Notes Claims and Non-Filing WMB Senior Note Holders who do not check the box labeled "Grant Plan Section 43.6 Release," on the Effective Date, for good and valuable

---

[1]/ All capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

consideration, each Entity that has held, currently holds or may hold a Released Claim or any Equity Interest that is terminated, and each of its respective Related Persons, on their own behalf and on behalf of anyone claiming through them, on their behalf, or for their benefit, shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge each and all of the Released Parties[2] from any and all Released Claims. . . ***provided, however, that each Entity that has submitted a Ballot may elect, by checking the appropriate box on its Ballot, not to grant the releases set forth in Section 43.6 of the Plan with respect to those Released Parties other than (I) the Debtors, (ii) the Reorganized Debtors, (iii) the Trustees, and (iv) the Creditors Committee and its members in such capacity and for their actions as members, their respective Related Persons, and their respective predecessors, successors and assigns* (whether by operation of law or otherwise)*, in which case, such Entity that so elects to not grant the releases will not receive a distribution hereunder; and provided, further, that, because the Plan and Global Settlement, and the financial contributions contained therein, are conditioned upon the aforementioned releases, and, as such, these releases are essential for the successful reorganization of the Debtors, pursuant to the Confirmation Order, those Entities that opt out of the releases provided hereunder shall be bound and shall receive the distributions they otherwise would be entitled to receive pursuant to the Plan;***

(emphasis added)

8. The language at issue in section 43.6 of the Plan contemplates release by all entities that hold a Released Claim or an Equity Interest that has been terminated, unless such parties opt out of the releases. To the extent such parties do not vote in favor of the plan, however, they have not consented to a release. In addition, as noted in the Final Report of the Examiner (Docket No. 5735) (p.23), the opt-out is not a complete out out; parties opting out still release all claims against the

---

[2] Released Parties is defined in section 1.160 of the Plan as "[c]ollectively, each of the WMI Entities, WMB, each of the Debtors' estates, the Reorganized Debtors, the Creditors' Committee and each of its members in their capacity as members of the Creditors' Committee, the Trustees, the Liquidating Trust, the Liquidating Trustee, the JPMC Entities, the Settlement Note Holders, the FDIC Receiver and FDIC Corporate, and each of the foregoing parties' respective Related Persons."

3

Debtors, the Reorganized Debtors, the Trustees, the Creditors' Committee, and each of their Related Persons.³ Pursuant to section 43.6, the Debtors have also made clear their intention to seek at the confirmation hearing enforcement of the releases as to all parties, regardless of whether such parties have opted out. It is not clear how the Debtors can argue that parties can be bound to a release with respect to which such parties have clearly opted out.

9. In *In re Zenith Electronics Corp.*, 241 B.R. 92 (Bankr. D. Del. 1999), this Court considered the permissibility of non-consensual non-debtor releases in a plan. This Court considered the proposed release of the creditors' claims against the plan funder where a creditor voted to accept the plan, or was in a class that voted to accept the plan, or where the creditor was to receive a distribution under the plan. With respect to the latter two instances, this Court concluded that the release was inappropriate. This Court held that such release may only be obtained consensually with the affirmative agreement of the affected creditor. *Id.*

10. In *In re Continental Airlines*, 203 F.3d 203 (2d Cir. 2000), the Third Circuit noted that a permanent injunction in favor of non-debtors is a "rare thing" that should not be considered absent a showing of exceptional circumstances in which certain key factors are present. The Third Circuit determined that fairness requires a showing that sufficient consideration was given to

---

³/ "Related Persons" is defined in section 1.158 of the Plan as follows: [w]ith respect to any Entity, such predecessors, successors and assigns (whether by operation of law or otherwise) and their respective present and former Affiliates and each of their respective current and former members, partners, equity holders, officers, directors, employees, managers, shareholders, partners, financial advisors, attorneys, accountants, investment bankers, consultants, agents and professionals (including, without limitation, any and all professionals retained by WMI or the Creditors' Committee in the Chapter 11 Cases either (a) pursuant to an order of the Bankruptcy Court other than ordinary course professionals or (b) as set forth on Schedule 3.1(a) to the Global Settlement Agreement), or other representatives, nominees or investment managers, each acting in such capacity, and any Entity claiming by or through any of them (including their respective officers, directors, managers, shareholders, partners, employees, members and professionals), but excluding the "Excluded Parties," as such term is defined in the Global Settlement Agreement.

4

creditors whose claims were to be released and that such consideration renders the plan feasible. *Id*. at 213-214. The Third Circuit noted that the success of the plan must be based on the releases, and that there be an identity of interest between the debtor and the non-debtor so that the debtor would likely bear the cost of the litigation against the non-debtor. *Id* at 216.

11. In *In re Genesis Health Ventures, Inc*., 266 B.R. 591 (Bankr. D. Del. 2001), this Court examined the release of a secured creditor by the unsecured creditors of the estate. To establish the necessity of such releases, the court declared that the debtors were required to demonstrate that the success of its reorganization was related to such non-consensual releases and the releases provided a "critical financial contribution" that was necessary to render the plan feasible. *Id.* at 607.

12. The court noted that unlike the approval of releases in cases such as *A.H. Robins*, in which the 'the entire reorganization' of a massive and complex chapter 11 case 'hinged,' the 'necessity' of the release of the lenders in *Genesis* was more marginal. *Id*. at 607-608.

13. In the instant case, the non-debtor release provision is overbroad and is impermissible under *Zenith*, *Continental* and *Genesis*. The vast majority of parties sought to be released have not provided a 'critical financial contribution' necessary to render the plan feasible. To the extent holders of Claims do not affirmatively indicate their consent to the non-Debtor releases, they should not be approved.

14. On October 29, 2010, the Debtors filed a Modification of Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (Docket No. 5714). The modification amends section 43.5 of the Plan, 'Releases by the Debtors,' by adding the following language: "provided, however, the foregoing release shall not extend to acts of gross negligence or willful misconduct; and, provided, further, that, notwithstanding the foregoing, solely

5

for purposes of this section 43.5, "Related Persons" shall not include the Debtors' retained financial advisors, attorneys, accountants, investment bankers, consultants, agents and professionals with respect to Claims and Causes of Action relating to the period prior to the Petition Date, with any claims and Causes of Action against such Entities assigned or otherwise transferred to the Liquidating Trust on the Effective Date;. . . "

15. It appears that this modification was made to conform to the standard for releases for fiduciaries including official committee members and debtor professionals as articulated by *PWS Holding Corp*, 228 F.3d 224 (3d Cir. 2000). However, the modification should not just be limited to Debtor Releases but should be extended to section 43.6, 'Releases by Holders of Claims and Equity Interests.'

16. In *PWS*, the United States Court of Appeals for the Third Circuit examined the question of whether limited exculpation for official committee members and professionals retained by the debtors was appropriate. The Third Circuit ruled that the exculpation was appropriate because the provision at issue correctly stated the standard of liability for fiduciaries including official committee members and debtor professionals. *See also In re Coram Healthcare Corp.*, 315 B.R. 321, 337 (Bankr. D. Del. 2004) (stating that "[third party release provisions against Trustee, Equity Committee and their respective agents and professionals] are not permissible except to the extent they are limited to post-petition activity which does not constitute gross negligence or willful misconduct.")

*Unfair Discrimination*

17. Section 1123(a)(4) of the Bankruptcy Code provides that, "Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall - (4) provide the same treatment of each claim

6

or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest; . . .

18. Section 43.6 of the Plan contains restrictions that deny distributions to members of classes that opt out of the releases provided in the Plan. The language at issue violates Bankruptcy Code section 1123(a)(4) because the Plan treats holders of such claims and interests differently based on whether they opt out.

19. Section 43.6 thus violates the "fundamental bankruptcy policy of 'equality of distribution among creditors.'" *See In re Combustion Engineering, Inc.*, 391 F.3d 190, 241, 248 (3d Cir. 2004) (vacating confirmation and remanding for further proceedings based on apparent disparate treatment of creditors within a class). A decision to opt out of the releases cannot be considered agreement by the holders to less favorable treatment. Tying the grant of a release to the ability to obtain a distribution is unduly coercive and should not be permitted.

WHEREFORE the U.S. Trustee requests that this Court issue an order granting such relief as this Court deems appropriate, fair and just.

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

**By:**   /s/ Jane M. Leamy
　　　Jane M. Leamy (#4113)
　　　Trial Attorney
　　　J. Caleb Boggs Federal Building
　　　844 King Street, Suite 2207, Lockbox 35
　　　Wilmington, DE 19801
　　　(302) 573-6491
　　　(302) 573-6497 (Fax)

Dated: November 19, 2010