IN THE UNITED STATES BANKRUPTY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WASHINGTON MUTUAL, INC. *et al.*, | Case No. 08-12229 (MFW) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 5971 |
| | **Hearing Date: December 17, 2010 at 10:30 a.m.**<br>**Objection Deadline: December 15, 2010 at 4:00 p.m.**<br>**(by agreement)** |

## SECURITIES PLAINTIFFS' OBJECTION TO DEBTOR'S MOTION TO ESTIMATE MAXIMUM AMOUNT OF CERTAIN CLAIMS FOR PURPOSES OF ESTABLISHING RESERVES UNDER THE DEBTORS' CONFIRMED CHAPTER 11 PLAN

Policemen's Annuity and Benefit Fund of the City of Chicago ("Chicago PABF") and

Doral Bank Puerto Rico ("Doral"), the Lead Plaintiffs in a consolidated putative securities class

action entitled *Boilermakers National Annuity Trust Fund, on Behalf of Itself and All Others

Similarly Situated. v. WaMu Mortgage Pass Through Certificates, Series AR1, et al.*, Case No.

C09-0037 (MJP) (W.D. Wash.) (the "Securities Litigation"), on behalf of the putative class of all

persons who purchased or otherwise acquired interests in certain Washington Mutual Pass-

Through Trusts (the "Securities Plaintiffs"), as more particularly described in the Second

Amended Consolidated Complaint suing for Violations of Sections 11, 12 and 15 of the

Securities Act of 1933, hereby submit this objection (the "Objection") to the Debtors' Motion to

Estimate Maximum Amount of Certain Claims for Purposes of Establishing Reserves Under the

Debtors; Confirmed Chapter 11 Plan (the "Estimation Motion")[1], and state the following:

## BACKGROUND

### The Securities Litigation

1.      Prior to the Petition Date, two putative securities class actions were filed in and one putative class action was removed to the United States District Court for the Western District of Washington (the "District Court").  On October 23, 2009, the actions were consolidated and Chicago PABF was appointed Lead Plaintiff by Judge Pechman in the District Court.  On December 31, 2009, Lead Plaintiff filed a consolidated complaint (the "CAC") asserting violations of certain federal securities laws, including Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, and certain Washington State statutes (RCW §§ 21.20.010(2) and (3) and 21.20.430(1) and (3)), against the Debtors and certain non-Debtors, including corporate affiliates of WMI and their officers and directors in connection with the purchase by Lead Plaintiffs and the putative class, of certificates issued pursuant to public offerings for securitizations conducted and underwritten by the Debtors and the Affiliate Defendants of mortgage-backed securities (the "Certificates").

2.      A fourth class action was filed by Doral Bank on October 30, 2009, in the District Court (the "Doral Action").  The Doral Action asserted claims for the violations of the same federal securities and state laws against the same defendants in connection with Certificates that Doral Bank had purchased.  The Doral Action was transferred to Judge Pechman as a related case.

3.      On March 24, 2010, Judge Pechman consolidated the Doral Action and the consolidated class action into a single action (the "Consolidated Action"), and appointed

---

[1]   Capitalized terms shall have the meanings ascribed to them in the Estimation Motion unless defined otherwise herein.

Chicago PABF and Doral Bank as co-lead plaintiffs. On April 1, 2010, Chicago PABF and Doral Bank filed the Second Amended Consolidated Complaint (the "SACC"). The SACC asserted claims for violations of Sections 11, 12 and 15 of the Securities Act of 1933, and other laws, against defendants WaMu Asset Acceptance Corporation ("WMAAC") and WaMu Capital Corporation ("WCC"), non-debtor affiliates of the Debtors, and certain of the non-debtor affiliates' officers and directors (collectively the "Affiliate Defendants"), and also companies that had rated the Certificates purchased pursuant to the two Registration Statements, filed on December 30, 2005 (amended on January 6, 2006) and on March 13, 2007 (amended on April 9, 2007) and various prospectuses (the "Offering Documents") that purportedly contained false and misleading statements. Because of the automatic stay (11 U.S.C. §§362(a)) WMI *was not* named as a defendant in the SACC.

4.      The SACC alleged that the Offering Documents for the Certificates contained material misstatements and omissions, including, among others, false statements about the underwriting guidelines used for the mortgages underlying the Certificates. The Certificates were issued in a series of thirty-six public offerings which took place between January 26, 2006 and June 26, 2007. Pursuant to the Offering Documents, a total of $47.25 billion of Certificates were sold to the class defined in the SACC.

5.      District Judge Pechman, in her September 28, 2010 decision denying the WaMu defendants' motion to dismiss, in part, held that Lead Plaintiffs had adequately alleged false or misleading statements concerning the underwriting standards described in the Offering Documents but only for the particular public offerings in which they had purchased Certificates. *See Boilermakers Nat. Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates, Series AR1, et al.*, --- F.Supp.2d ----, 2010 WL 3815796 (W.D. Wash. Sept. 28. 2010). Thus, Judge

Pechman's order permitted the Consolidated Action to proceed with the claims asserted under Section 11 of the Securities Act against the Affiliate Defendants on behalf of purchasers of seven Certificate offerings, through which approximately *$10.8 billion* of securities were sold to investors. *See* SACC ¶¶2, 6 and 38.

6.      It is the understanding of the Securities Plaintiffs that officers and directors of the Affiliate Defendants that are sued in the Securities Litigation are covered by as much as $250 million in Directors & Officers ("D&O") liability insurance policies for the claims alleged in the Securities Litigation.

**The Relevant Proceedings In the Bankruptcy Action**

7.      On March 30, 2009, the MARTA/ATU Retirement Plan filed Claim No. 2689 (the "MARTA/ATU Claim"), asserting a contingent claim in the amount of $2,647,143.96, based on the purchase of WaMu Mortgage Pass-Through Trust Certificates purchased between February 16, 2006 and March 18, 2008.  On March 31, 2009, the New Orleans Retirement System ("New Orleans") and MARTA/ATU filed Claim No. 3515, asserting a contingent class proof of claim in the amount of $39,837,106,891.00, based on "Violation of Federal Securities Laws."

8.      On January 18, 2010, Chicago PABF filed an amended proof of claim (the "Chicago Class Proof of Claim") against the Debtors (Claim No. 3812) reflecting the then-current securities claims based upon the alleged violations of federal securities laws as described in the CAC, and WMI's conduct in connection therewith.  The Debtors objected to Claim Nos. 2689 and 3812 in the Thirty-Second Omnibus Objection to Claims.  Pursuant to a Stipulation and Order approved by this Court on November 23, 2010, a resolution was reached, as more fully

described below, whereby Claim Nos. 2689 and 3812 were withdrawn without prejudice and the Thirty-Second Omnibus Objection was withdrawn as moot with respect to those claims.

9.      On October 21, 2010, the Bankruptcy Court entered the Order Approving the Proposed Disclosure Statement (the "Disclosure Statement Order") [Doc. No. 5659], and scheduled a hearing on confirmation of the Plan to commence on December 1, 2010.    The confirmation hearing concluded on December 7, 2010 and the matter is currently sub judice before this Court.

10.     On November 17, 2010, the Debtors filed the Estimation Motion.

## OBJECTION

11.     The Estimation Motion, as it relates to the MARTA/ATU Claim and Chicago Class Proof of Claim, must be denied as moot.  As previously stated, the Court has entered an order on November 23, 2010 approving the Stipulation Resolving The Debtors' Thirty-Second Omnibus Objection (substantive) With Respect to Claim Numbers 3812 and 2689 (the "Stipulation and Order") (the Stipulation and Order is attached hereto as Exhibit "A").  The Stipulation and Order provides, in pertinent part, that the MARTA/ATU Claim and the Chicago Class Proof of Claim are withdrawn without prejudice.  Therefore, there is currently no proof of claim to estimate as it relates to the Securities Litigation.

12.     Moreover, as evident from a review of the Stipulation and Order, its purpose was to allow the parties to avoid any litigation (even estimation litigation) at a point in time where it appears that Class 18 Subordinated Claims under the Plan would not be receiving a distribution, according to the Debtors and the Official Committee of Unsecured Creditors.  The Stipulation and Order only contemplates the re-filing of the relevant proofs of claim "in the event that there

is a recovery for holders of Allowed Subordinated Claims, as defined in the Plan." *See,* Stipulation and Order, ¶1.

13.     The Estimation Motion asserts the same arguments regarding the merits of the MARTA/ATU and the Chicago Class Proof of Claim that were asserted and thereafter withdrawn as moot by virtue of the Stipulation and Order. *See* Stipulation and Order, ¶2. While the Debtors refer in the Estimation Motion to the agreement ultimately embodied in the Stipulation and Order, they continue to press the Estimation Motion even in the face of the entry of the Stipulation and Order. Securities Plaintiffs have requested that the Debtors withdraw the Estimation Motion to comport with the terms of the Stipulation and Order but the Debtors have not yet done so. Thus, the Securities Plaintiffs are compelled to file this Objection

## CONCLUSION

14.     Based on the foregoing, Securities Plaintiffs respectfully request that an order be entered (i) denying the Estimation Motion as to Claim Numbers 3812 and 2689; and (ii) granting such other and further relief as the Court deems just and proper.

**REMAINDER OF PAGE LEFT INTENTIONALLY BLANK**

Dated: December 15, 2010

**CROSS & SIMON LLC**

By: _____
Christopher P. Simon (No. 3967)
David G. Holmes (No. 4718)
913 North Market St., 11th Floor
Wilmington, Delaware 19899-1380
csimon@crosslaw.com
dholmes@crosslaw.com
302.777.4200 (Telephone)
302.777.4224 (Facsimile)


**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq. (ME 0570)
Ira M. Levee, Esq. (IL 9958)
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to Securities Plaintiffs
and the Putative Class*