UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re                                                          :    Chapter 11
                                                               :
WASHINGTON MUTUAL, INC., et al.,[1]                            :    Case No. 08-12229 (MFW)
                                                               :
        Debtors.                                               :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x    Re: Docket No. 5117

### SECOND ORDER GRANTING DEBTORS' FORTY-SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS

Upon the objection, dated July 21, 2010 (the "Forty-Sixth Omnibus Objection"), of Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (collectively, the "Debtors"), as debtors and debtors in possession, for entry of an order disallowing in their entirety certain claims filed against these estates, all as more fully set forth in the Forty-Sixth Omnibus Objection; and upon the *Declaration of John Maciel Pursuant to Local Rule 3007-1 in Support of Debtors' Forty-Sixth Omnibus (Non-Substantive) Objection to Claims*, dated as of July 21, 2010; and upon the *Supplemental Submission in Support of Debtors' Forty-Sixth Omnibus Objection to Claims*, dated as of December 9, 2010, which incorporates by reference the *Declaration Of Charles Edward Smith in Support of the Nineteenth Omnibus (Substantive) Omnibus Objection to Claims*, dated as of January 5, 2010; and the Court having jurisdiction to consider the Forty-Sixth Omnibus Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Forty-Sixth Omnibus Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Forty-Sixth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having entered an order, dated September 8, 2010, with respect to certain of the claims subject to the Forty-Sixth Omnibus Objection [Docket No. 5403]; and the Court having determined that the relief sought in the Forty-Sixth Omnibus Objection is in the best interest of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Forty-Sixth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Forty-Sixth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that the claim listed on Exhibit A hereto is hereby disallowed in its entirety; and it is further

ORDERED that, with respect to the claim listed on Exhibit B hereto, the hearing to consider the Forty-Sixth Omnibus Objection is continued, without prejudice, to the date reflected on Exhibit B, or as soon thereafter as counsel may be heard; and it is further

ORDERED that Kurtzman Carson Consultants, LLC, the Debtors' court-appointed claims and noticing agent, is authorized and directed to delete the claims disallowed pursuant to this Order from the official claims register in these chapter 11 cases; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: January 6, 2011
       Wilmington, Delaware

                                        THE HONORABLE MARY F. WALRATH
                                        UNITED STATES BANKRUPTCY JUDGE