FILED
2011 FEB 14 PM 5: 17
US BANKRUPTCY
DISTRICT OF DE

# REQUEST FOR INFORMATION REGARDING DISPOSITION OF SECOND & UNION LLC PURSUANT TO CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

VIA FEDERAL EXPRESS
January 25, 2011
Hon. Mary F. Walrath
United States Bankruptcy Court
District of Delaware
824 Market Street, 5th Floor
Wilmington, DE 19801
Re: *In re Washington Mutual, Inc.*, et al., *case* Number 08-12229 (MFW) (Jointly Administered)

Dear Judge Walrath:

We write this letter as a formal request for information regarding disposition of Second & Union LLC. Upon information and belief, Second &Union LLC is a direct subsidiary of Washington Mutual Inc.

This request arrives at the court in its third incarnation. While it is not our wish to burden the court with excessive paperwork, the debtors have refused to answer any of the questions initially raised in our objection to the plan of reorganization (docket number 5960) or in our reply to the debtors (docket number 6455). Eight weeks have elapsed since our reply to the debtors and formal request for information regarding assets that the debtors have ignored.

This is of serious concern to us as holders of Washington Mutual debt and equity. The debtors' refusal has prompted us to file a formal complaint of suspected bankruptcy fraud based on a number of missing and undervalued assets. We write this supplemental request as a third attempt to gain meaningful information from the debtors regarding what is, upon information and belief, an estate asset. More importantly, as the debtors and debtors' counsel attempt to rapidly close this case without providing an asset list, these questions are even more important so that future litigation based on breach of fiduciary duty and fraudulent conveyance of estate assets may be undertaken with speed and clarity. It is of paramount importance that the bankruptcy courts be counted on to protect all rights and interests.

## I. BACKGROUND

Second & Union LLC was the largest remaining subsidiary of Washington Mutual, Inc. after its seizure and sale in September of 2008. There is no mention of ownership or disposition of Second & Union LLC in the disclosure statement or the plan of reorganization.

## II. STANDING

WMI is owned by its equity holders and given historical and recent events related to tax issues, assets are currently above liabilities despite the best efforts of debtor's counsel to maintain the appearance of insolvency. You have recognized the right of WMI shareholders to appear as parties in interest. As a party in interest, we are entitled to a full accounting of assets under 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

It is our information and belief that assets have been obfuscated and this subsidiary represents a powerful and compelling case that the debtors and debtors' counsel are attempting to minimize rather than maximize estate values.

Accordingly, concealment of asset information injures us as shareholders as it prohibits us from determining if the Global Settlement is reasonable and has already impaired our ability to make an informed vote.

## III Basis for Objection and Request

The debtors have now twice ignored our request for asset valuations and ownership. Furthermore, the debtors attempt to rush modifications through the court after your honor's denial despite having never provided:
- a list of assets (even those that had no affiliation with WMB)
- valuation of claims (citing attorney-client privilege as if equity were not counsel's client)
- likelihood of success of those claims

We believe that the debtors are transferring property outside of the POR in violation of bankruptcy law so as to placate JP Morgan and the FDIC. Second & Union LLC is just one large example of such an asset.

### *Second & Union LLC*

The following is from the February 29, 2008 filing of the 10K, page 9 (see exhibit A), signed by Kerry Killinger and affirmed by Deloitte & Touche LLP.

"The Company's primary executive and business segment headquarters are located at 1301 Second Avenue, Seattle, Washington, 98101. In March 2006 Second and Union LLC, **a wholly-owned subsidiary of Washington Mutual, Inc.**, in a joint venture with the Seattle Art Museum, completed construction the Company's headquarters building and was granted an initial certificate of occupancy. At that time, Second and Union LLC took ownership of a condominium interest in the 944,000 square foot office tower and the attached 700 stall parking garage and the Company's employees began to relocate to the new space. Concurrently, the Seattle Art Museum completed and took ownership of 243,000 square feet of future expansion space that Second and Union LLC leased, and the Company's employees will occupy, for a period of up to 25 years. The Seattle Art Museum has the right to cancel the lease, in whole or in part, at any time after the tenth year of the lease. Certain leases covering downtown Seattle

locations were not renewed when their terms expired. The Company leases an additional 697,000 square feet in other downtown Seattle locations for administrative functions.

**As of December 31, 2007, the Company's owned and leased property in 36 states was comprised of 2,257 retail banking stores, 233 lending stores and centers and 290 administrative and other offices.** During 2007, the Company sold three administrative locations in California and Florida totaling 275,000 square feet and leased back 145,000 square feet. Administrative facilities involve the ownership of leasing of approximately 2.6 million square feet in California, 1.1 million square feet in Texas, 825,000 square feet in Florida and 463,000 square feet in Illinois."

It is unfortunate that so little information has been provided by the debtors and debtors' counsel that we are unable to assume estate maximization is or has ever been a central goal. Thus, regulatory filings must be consulted prior to accepting any statement regarding asset ownership.

- Upon information and belief, there were no corporate filings between the above date and the date of seizure that impacted Second & Union LLC's status as a direct subsidiary of WMI prior to the seizure and sale of Washington Mutual Bank. Also attached is a list of subsidiaries of JP Morgan Chase included in their annual filing (Exhibit B). Note that Second & Union is listed as a subsidiary of JP Morgan Chase. This subsidiary has unknown worth to the estate value, and given the inaccurate information provided in the SOFAs and MORs (for a review of these inaccuracies, see our formal reply to the debtors filed on December 18th) this information should have been presented to stakeholders in advance of any consideration of plan approval.

- If this subsidiary is indeed a direct subsidiary of WMI, then it represents a fraudulent conveyance to JP Morgan Chase. It would be difficult to find credibly any suggestion that the seasoned legal firms involved with this case have no awareness of this direct subsidiary relationship as well as its potential value. This suggests fraudulent conveyance has been committed in this case.

- While fraudulent conveyance, if proven, does not automatically grant us leave to file a cause of action against the debtors, debtors' counsel, or JP Morgan Chase, the bankruptcy court is empowered by 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The statute specifically allows a bankruptcy court to make " any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." In *Bessette v. Avco Fin. Servs.*, 230 F.3d 439, the Court of Appeals for the First Circuit stated "§ 105 does not itself create a private right of action, but a court may invoke § 105(a) "if the equitable remedy utilized is demonstrably necessary to preserve a right elsewhere provided in the Code."

## IV. Relief Requested

1) The Debtors should be required to demonstrate to the Court the corporate structure of WMI to the extent that Second & Union LLC's status is reasonably resolved.

2) If it is found that the debtors were aware of Second & Union LLC's status as a direct subsidiary of Washington Mutual Inc., that the decision to shift this large estate asset to JP Morgan Chase without compensation be explained thoroughly to the satisfaction of equity shareholders.

3) Last, if this asset has in fact been ignored, that attorneys for the equity committee be allowed sufficient time to address these overlooked assets in a formal valuation hearing or that this breach of fiduciary duty be remedied by a course of action the court finds reasonable.

In addition to being a party in interest we are (a) members of the public, and (b) injured by the nondisclosure of asset values as well as the settlement proposed by the debtors and supported by the Settlement Noteholders. Therefore, we are entitled to a reasonable and timely response regarding this large estate asset.

A representative of our group can appear in court to be heard at a hearing regarding this matter. A copy of this objection and request has been made available to all major parties.

Thank you for your time and attention to this matter.

Sincerely,

Joe Schorp

Washington Mutual Inc.
Charles E. Smith, Esq.
925 Fourth Avenue
Seattle, WA 98104

Weil, Gotshal & Manges LLP
Brian S. Rosen, Esq.
767 Fifth Avenue
New York, NY 10153

Richards Layton & Finger P.A.
Mark D. Collins, Esq.
One Rodney Square
920 North King Street
Wilmington, DE 19899

Quinn Emanuel, LLP
Peter Calamari, Esq.
22nd Floor
55 Madison Avenue
New York, NY 10010

The Office of the US Trustee
Jane Leamy
844 King Street
Suite 2207, Lockbox 35
Wilmington, DE 19899-0035

Akin Gump LLP
Fred S. Hodara, Esq.
One Bryant Park
New York, NY 10036

Pepper Hamilton LLP
David B. Stratton, Esq.
Hercules Plaza Ste 5100
1313 N. Market Street
Wilmington, DE 19801-6111

Ashby & Geddes, P.A.
William P. Bowden, Esq.
8th Floor
500 DE Avenue
Wilmington, DE 19801-7400

Sullivan & Cromwell LLP
Stacey R. Friedman, Esq.
125 Broad Street
New York, NY 10004

Landis Rath & Cobb LLP
Adam G. Landis
919 Market Street
Suite 1800
P.O. Box 2087
Wilmington, DE 19899

Susman Godfrey LLP
Susman Godfrey Esq.
5th Floor
654 Madison Avenue
New York, NY 10065



April 2001 to April 2002, he was an independent consultant, and from February 2000 to April 2001, he was President and Chief Operating Officer, First USA Bank.

### Operational Excellence and Business Process Outsourcing

Washington Mutual has long been known for its commitment to quality customer service and innovation in products and services. In 2003, when it introduced "Operational Excellence," the Company began moving toward a focus and philosophy of continuous and systematic improvement in efficiency, productivity and processes. Operational Excellence is an approach to continuous process improvement adapted from industry-recognized methodologies and tools like six sigma, lean and total quality management. Since introducing Operational Excellence, Washington Mutual has devoted resources to educating and engaging the Company's employees on the methods and tools of Operational Excellence and how the approach supports the long-term success of the Company. As a consequence, opportunities for improvement in efficiency, productivity and processes are being continuously identified through the enterprise-wide approach and governance framework of Operational Excellence. Business Process Outsourcing is a complementary strategy that further supports Washington Mutual's focus on continuous improvement in productivity, efficiency and processes through utilization of the services of global vendors.

From time to time, the implementation of an Operational Excellence or Business Process Outsourcing initiative may lead to changes in the Company's operations, resulting in staff reductions, the closure or relocation of administrative support facilities, the closure or relocation of one or more home loan centers, or the renegotiation or termination of lease agreements or other forms of contracts. Within the governance framework of Operational Excellence and Business Process Outsourcing, expenses and charges necessary to implement an individual initiative that involve changes to the Company's operations are forecasted and related cost savings are estimated. As these expenses and charges are incurred, accrued or accumulated during a financial period, the Company quantitatively and qualitatively assesses their significance to its consolidated financial statements and management's discussion and analysis, as part of its disclosure controls process.

### Properties

The Company's primary executive and business segment headquarters are located at 1301 Second Avenue, Seattle, Washington 98101. In March 2006, Second and Union LLC, a wholly-owned subsidiary of Washington Mutual, Inc., in a joint venture with the Seattle Art Museum, completed construction of the Company's headquarters building and was granted an initial certificate of occupancy. At that time, Second and Union LLC took ownership of a condominium interest in the 944,000 square foot office tower and the attached 700 stall parking garage and the Company's employees began to relocate to the new space. Concurrently, the Seattle Art Museum completed and took ownership of 243,000 square feet of future expansion space that Second and Union LLC leased, and the Company's employees will occupy, for a period of up to 25 years. The Seattle Art Museum has the right to cancel the lease, in whole or in part, at any time after the tenth year of the lease. Certain leases covering downtown Seattle locations were not renewed when their terms expired. The Company leases an additional 697,000 square feet in other downtown Seattle locations for administrative functions.

As of December 31, 2007, the Company's owned and leased property in 36 states was comprised of 2,257 retail banking stores, 233 lending stores and centers and 290 administrative and other offices. During 2007, the Company sold three administrative locations in California and Florida totaling 275,000 square feet and leased back 145,000 square feet. Administrative facilities involve the ownership or leasing of approximately 2.6 million square feet in California, 1.1 million square feet in Texas, 825,000 square feet in Florida and 463,000 square feet in Illinois.

| Name | Organized under the laws of |
| --- | --- |
| Seafair Securities Holding Corp. | Delaware |
| Second and Union, LLC | Delaware |
| South Cutler Corporation | Delaware |
| Stockton Plaza, Incorporated | Florida |
| WaMu Asset Acceptance Corp. | Delaware |
| WaMu Capital Corp. | Washington |
| Washington Mutual Mortgage Securities Corp. | Delaware |
| We Valoroso Holding Corp. | Delaware |
| WM Asset Holdings Corp. | Delaware |
| WM Marion Holdings, LLC | Delaware |
|    JPMC Mortgage Funding LLC | Delaware |
|       WaMu 2007 MF-1 Trust | United States |
|    JPMC Real Estate Investment Trust | Maryland |
|       Washington Mutual Preferred Funding LLC | Delaware |
|       Wamu 2006-OA1 | Delaware |
|       Wamu 2007-Flex 1 | United States |
|       WaMu 2008 SFR- 2 | United States |
|       Washington Mutual Home Equity Trust | Delaware |
|    JPMC Specialty Mortgage LLC | Delaware |
| WMB Baker LLC | Nevada |
| JPMorgan Chase Funding Inc. | Delaware |
|    J.P. Morgan Ventures Energy Corporation | Delaware |
|       BE Investment Holding Inc. | Texas |
|       Arroyo Energy Investors LLC | Delaware |
|          Argonaut Power LP | Delaware |
|          Arroyo DP Holding LP | Delaware |
|          Central Power Holdings LP | Delaware |
|          Okwari CB Holdings LP | Delaware |
|          Okwari UCF LP | Delaware |
|       Carbon Acquisition Company Limited | Jersey |
|       J.P. Morgan Commodities Canada Corporation | Canada |
|       JPMorgan Ventures Energy (Asia) Pte Ltd | Singapore |
|    PropPartners Master Fund L.P. | Cayman Islands |
| JPMorgan Distribution Services, Inc. | Delaware |
| JPMorgan Funds Management, Inc. | Delaware |
| JPMorgan Private Capital Asia Corp. | Delaware |
|    JPMorgan Private Capital Asia General Partner, L.P. | Cayman Islands |
|       JPMorgan Private Capital Asia Fund I, L.P. | Cayman Islands |
|          JPMorgan PCA Holdings (Mauritius) I Limited | Mauritius |
| JPMorgan Securities Holdings LLC | Delaware |
|    J.P. Morgan Commercial Mortgage Investment Corp. | Delaware |
|    J.P. Morgan Institutional Investments Inc. | Delaware |
|    Neovest, Inc. | Utah |
| JPMorgan Special Situations Asia Corporation | Delaware |
|    JPMorgan Mauritius Holdings VI Limited | Mauritius |
|       Harbour Formosa Investment Holdings Limited | Mauritius |
|       Harbour Victoria Investment Holdings Limited | Mauritius |
|       Indocean Financial Holding Limited | Mauritius |
|          JPMorgan Mauritius Holdings II Limited | Mauritius |
|       JPMorgan Mauritius Holdings IV Limited | Mauritius |
|       JPMorgan Mauritius Holdings Limited | Mauritius |
|       JPMorgan Mauritius Holdings VII Limited | Mauritius |
|    JPMorgan Special Situations (Mauritius) Limited | Mauritius |
|    J.P. Morgan Advisors India Private Limited | India |
|    Silver Summit (Delaware) Corporation | Delaware |
|    Magenta Magic Limited | British Virgin Islands |
| JPMP Capital Corp. | New York |
|    J.P. Morgan Partners, LLC | Delaware |
| JPMP Capital, LLC | Delaware |
|    J.P. Morgan Capital, L.P. | Delaware |
|       JPMCC Belgium (SCA) | Belgium |
|    J.P. Morgan Partnership Capital Corporation | Delaware |
|    J.P. Morgan Partnership Investment Corporation | Delaware |
|    Peabody Real Estate Partnership Corporation | Delaware |
|    The Peabody Fund Consultants, Inc. | Delaware |