## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------x

| | | |
|---|---|---|
| *In re* | : | **Chapter 11** |
| | : | |
| **WASHINGTON MUTUAL, INC., et al.,**[1] | : | **Case No. 08-12229 (MFW)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | Re: Docket No. 6858 |

-------------------------------------------------------------x

## RESERVATION OF RIGHTS BY DEBTORS WITH RESPECT TO MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR WASHINGTON MUTUAL BANK, FOR AN ORDER MODIFYING THE AUTOMATIC STAY

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment"), as debtors and debtors in possession (collectively, the "Debtors"), hereby file this reservation of rights (the "Reservation of Rights") with respect to the motion, dated March 4, 2011 (the "Motion"), filed by the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC Receiver"), seeking an order modifying the automatic stay, and respectfully represent:

### Background

1.    On September 26, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to operate their

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are now located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98101.

businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      Prior to the Petition Date, WMI procured and maintained a blended insurance program providing bankers professional liability, employment practices liability, fiduciary liability and financial institution bond insurance coverage to WMI and its affiliates, structured as a tower of related insurance (collectively, the "Blended Tower Insurance Program"). The Blended Tower Insurance Program provides One Hundred Ten Million Dollars ($110,000,000) in coverage, of which Thirty Five Million Dollars ($35,000,000) relates solely to financial institution bond insurance. In addition, WMI has various director and officer liability insurance policies (collectively, the "D&O Policies" and, together with the Blended Tower Insurance Program, the "Tower Insurance Programs") in connection with WMI's indemnification obligations to its officers and directors and to officers and directors of WMI's subsidiaries.

3.      The FDIC Receiver and WMI, among others, are parties to that certain Second Amended and Restated Global Settlement Agreement, dated as of February 7, 2011 (as amended, the "Amended Global Settlement Agreement") [D.I. 6696, Ex. H].[2] Pursuant thereto, the first Sixty Million Dollars ($60,000,000) of coverage under the Washington Mutual Financial Institution Blended Liability Program and related excess policies for the policy period May 1, 2007 to May 1, 2008 (the "2007-08 Blended Tower") is available to WMI and WMI's present and former officers, directors and employees (collectively, the "Insured Parties") on a priority basis as against any right of recovery of the JPMC Entities and the FDIC Parties.

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Amended Global Settlement Agreement.

RLF1 3926320v. 1

Amended Global Settlement Agreement, § 2.11. The Insured Parties' right to "priority"

recovery under the 2007-08 Blended Tower terminates upon the earlier to occur of (a) final

dismissal of the Buus Litigation and the ERISA Litigation, and (b) exhaustion of the first Sixty

Million Dollars ($60,000,000) from any combination of policies in the 2007-08 Blended Tower

through the actual payment of costs associated with the Buus Litigation and ERISA Litigation.

Id. Upon termination of the "priority" recovery right, WMI and the FDIC Receiver will have

their respective rights to pursue recoveries under the 2007-08 Blended Tower as are provided

under its policies and bonds and applicable law. Id.

       4.     By order, dated October 21, 2010, this Court approved a compromise and

settlement of the Buus Litigation settlement agreement [D.I. 5657]. The United States District

Court for the Western District of Washington (the "Washington District Court") rendered final

approval of that settlement agreement on November 2, 2010, and the compromise and

settlement set forth therein has been consummated. [D.I. 290, Buus v. Washington Mutual

Pension Plan, et al., No. 07-CV-903 (MJP)].

       5.     By order, dated October 21, 2010, this Court approved a compromise and

settlement of the ERISA Litigation [D.I. 5661]. The Washington District Court approved that

settlement agreement in a final judgment dated January 7, 2011, and the compromise and

settlement set forth therein has been consummated. [D.I. 227, In re Washington Mutual, Inc.

ERISA Litigation, No. 07-CV-01874 (MJP)]. As a result of both settlements, as well as legal

fees and expenses incurred in connection with the defense and settlement thereof,

approximately Sixty Million Dollars ($60,000,000) has been expended under the Blended

Tower Insurance Program.

6.      After payment of costs relating to the Buus Litigation and ERISA Litigation settlements, approximately Fifty Million Dollars ($50,000,000) of coverage remains under the Blended Tower Insurance Program.  Of such amount, Thirty Five Million Dollars ($35,000,000) exclusively covers financial institution bond insurance, and, accordingly, only the FDIC Receiver may assert claims against this amount.  Therefore, approximately Fifteen Million Dollars ($15,000,000) of coverage remains under the Blended Tower Insurance Program against which either WMI or the FDIC Receiver can assert claims.

7.      On March 4, 2011, the FDIC Receiver filed the Motion seeking an order, pursuant to section 362(d) of the Bankruptcy Code, modifying the automatic stay to permit the FDIC Receiver to assert bond claims against various insurance carriers in the 2007-08 Blended Tower, resulting from harm or loss to Washington Mutual Bank that arose or was discovered on or prior to September 25, 2008 [D.I. 6858].

4

## Reservation of Rights

8.      The Debtors do not oppose the relief sought by the FDIC Receiver in the

Motion, and, in fact, acknowledge the rights of all parties with respect to the 2007-08 Blended

Tower.  Consistent therewith, the Debtors reserve any and all rights they have under the Tower

Insurance Programs, including, without limitation, the 2007-08 Blended Tower and any and all

other policies and bonds set forth on Schedule 2.11(a) of the Amended Global Settlement

Agreement, and to seek payment therefrom for the benefit of the Debtors and their Chapter 11

estates.

Dated:  March 21, 2011
       Wilmington, Delaware

                                     _____
                                     Mark D. Collins (No. 2981)
                                     Chun I. Jang (No. 4790)
                                     RICHARDS, LAYTON & FINGER, P.A.
                                     One Rodney Square
                                     920 North King Street
                                     Wilmington, DE 19801
                                     Telephone:  (302) 651-7700
                                     Facsimile:  (302) 651-7701

                                       – and –

                                     Brian S. Rosen, Esq.
                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone: (212) 310-8000
                                     Facsimile:  (212) 310-8007

                                     Attorneys to the Debtors
                                     and Debtors in Possession