# Exhibit D

# Proposed Order

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :    **Chapter 11**
                                                               :    **Case No. 08-12229 (MFW)**
WASHINGTON MUTUAL, INC., et al.,[1]                            :
                                                               :
        Debtors.                                               :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x    Re: Docket No. ____

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) APPROVING THE *CASSESE* LITIGATION SETTLEMENT AGREEMENT AND (II) REDUCING AND ALLOWING CLAIMS RELATED TO THE *CASSESE* LITIGATION

Upon the motion, dated March 31, 2011 (the "Motion"),[2] of Washington Mutual, Inc. ("WMI"), as debtor and debtor in possession (collectively, with WMI Investment Corp., the "Debtors"), for entry of an order pursuant to section 105(a) of the title 11 of the Bankruptcy Code and Bankruptcy Rule 9019 approving that certain Class Action Settlement Agreement, dated February 15, 2011 (the "Settlement Agreement," "Settlement" or "Agreement"), by and among the Defendant WMI and Plaintiffs Denise Cassese, f/k/a Denise Caligiuri, George Scott Rush, Richard Schroer, and William Bloom (the "Named Plaintiffs"), on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), in the litigation captioned *Cassese v. Wash. Mutual, Inc.*, Case No. 05-cv-2724(ADS)(ARL) (E.D.N.Y.) (the "Cassese Litigation" or "Litigation"), all as more fully set forth in the Motion; and the Court having jurisdiction to

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

[2] Capitalized terms used but not otherwise defined herein will have the meanings ascribed to them in the Motion.

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, and all parties in interest; and Plaintiffs consent to the relief requested; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Settlement Agreement, a copy of which is attached to the Motion as Exhibit A, is approved in all respects; and it is further

ORDERED that the Debtors shall have the authority to take all steps necessary to implement the Settlement; and it is further

ORDERED that, upon the approval of the Settlement Agreement by the Bankruptcy Court, the entry of the Final Order by the District Court, and the Final Order becoming Final, (i) the Bankruptcy Proofs of Claim (*i.e.*, Claim Numbers 2463, 2470, 2500, and 2505) will be deemed reduced and allowed, in the aggregate, in an amount equal to the amount of the Gross Settlement Fund, and disallowed to the extent such claims, in the aggregate, exceed the amount of the Gross Settlement Fund, and (ii) each of the Bankruptcy Proofs of Claim will be deemed satisfied in full; and it is further

ORDERED, for the avoidance of doubt, that if the District Court enters a Final Order and the Final Order becomes Final, those the Bankruptcy Proofs of Claim will be satisfied

2

as, to the extent and in the form set forth in the Settlement Agreement, and the holders thereof have no rights arising under or related to the Plan, including, without limitation, any right to receive a distribution from WMI pursuant to the Plan or to make elections with respect thereto; and it is further

ORDERED that Kurtzman Carson Consultants, LLC, the Debtors' court-appointed claims and noticing agent, is authorized and directed to reflect, in the official claims register in these Chapter 11 Cases, that the Bankruptcy Claims are deemed full and satisfied upon payment;

ORDERED that Kurtzman Carson Consultants, LLC is hereby approved as the Settlement Administrator for this Settlement; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: May ___, 2011
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE