Honorable Judge Mary F. Walrath
United States Bankruptcy Court
District of Delaware
824 N. Market St. 5th. Floor
Wilmington, DE 19801

Re: In re Washington Mutual, Inc. et al., case Number 08-12229 (MFW) (Jointly Administered)

**OBJECTION TO DEBTORS APPLICATION OF WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS FOR DEBTORS FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED.**
**Month of December, 2010 fees**

Dear Honorable Judge Mary Walrath:

As an equity holder of Washington Mutual, using the guidelines provided by the Bankruptcy Reform Act final authority to award compensation and reimbursement under section 330 of the Code is vested in this Court, I object to these abusive allowances of compensation for professional service charges that have been submitted by the Debtors legal counsel.

http://www.kccllc.net/documents/0812229/0812229110318000000000005.pdf   Docket #6988 filed 3/18/2011
**Total fees = $2,398,878.00**
**Total expenses = $432,445.00**          an expense account with no oversight.
**EXAMPLES OF SOME ABUSE:**
**Outside temps -paralegals = $170,829.83**
**Airline Travel = $72,679.72**         Note: First class and other luxurious travel modes or
**Local Transportation = $9,267.43**          hotel expenses are objectionable.
**Duplicating cost = $59,423.00**
**Total hours billed = 4,348.60**
**Brian Rosen billed 227 hours - with many days of 19 plus billable hours** – It must be noted that many of WGM's attorneys have other clients/cases that may prove billable hours over 24 per day, per attorney!

Your Honor, WGM's requested fees do not approach "reasonable" by any stretch of the imagination. These Excessive Fees have been used as a Tool of Fraud to keep any assets out of the waterfall to equity. The Debtors made numerous block billing entries, many that seemed repetitive and appear to be nothing more than a fraudulent practice of Bill-Padding.

The debtors and counsel have proved to the world how expensive and inefficient our court system has become. They have proven that in bankruptcy with a large estate that they can hire hundreds of the most expensive attorneys that can flood the court with lengthy, complex documents, motions and objections that have been wasteful of the time and efforts of both the court and other counsel involved in this case. They have proven how easy it has been to profit from an unlimited expense account with no oversight and a system of Bill-Padding consisting of repetitive work month after month with no progress. Your Honor, I am respectfully requesting your review as the gatekeeper and one that can make a change to this greatly abused practice.

**Reasonableness of the requested fees.** See In re: Bonneville Pacific Corp., 147 BR 803, 805 (Bankr D Utah 1992) ("The ultimate determination that all requirements of the statute have been met rests with the Court". Whatever its responsibility may be in the absence of any objection, once an objection has been made and evidence and argument have been presented in support of the objection, a court may not adopt the ostrich's fabled position, but rather must assess the reasonableness of the fee application)".

### Lodestar Approach

The "lodestar" approach assesses the reasonableness of requested compensation by comparing it to the court's estimates of necessary time and reasonable rates. *In re McMullen*, 273 B.R. 558, 562 (Bankr. C.D.Ill. 2002). In arriving at a reasonable number of hours and a reasonable rate, courts will consider "the evidence presented and by the court's own experience and knowledge of customary fees and costs charged in comparable cases." *Id*. Under this approach, if the requested fee amount is less than the lodestar baseline, it typically will be allowed in full; if greater than the baseline, the fee may be reduced to the baseline amount. *Id*.

### Accumulation of excessive hours

WGM has filed numerous Joint Plan and Global Settlement Agreements and have now made Modifications to their Modified Plans all in an effort to drain the estate and collect their monthly fees. The Debtors continue to file their many modifications and solicit yet another non-confirmable plan which only increases a new flood of objections. This abused practice has been wasteful of the time and efforts of both the court and other counsel involved in this case. How many times can these attorneys bill for Revise Pleadings, Revise Draft, and Revised Modified Plan before one decides it has been repetitive for their own benefit – their monthly fees?

**This Objection is requesting a holdback/clawback of all fees that Debtors, their Counsel and co- counsel have overbilled WMI Estate. ADDITIONAL: Your Honor, I respectfully request you put a stop to this waste by letting all parties understand that a major clawback of up to 90% will occur, if their requested fees have paid been by WMI estate during any acts of fraud such as bill padding, undisclosed assets, fraudulent conveyance, conflicts of interest, or any other acts of fraud or breach of ethics that this court could rule on.**

**EXCESSIVE FEES PAID BY THE ESTATE CANNOT BE USED AS A TOOL TO COVER FRAUD!**

## CERTIFICATE OF SERVICES

I, David Shutvet, hereby certify that on March 30, 2011, I caused one copy of the foregoing to be served upon the parties listed below.

United States Bankruptcy Court
District of Delaware
WMI Case 08-12229 (MFW)
Honorable Judge Mary Walrath
824 N. Market St. 3th. Floor
Wilmington, DE 19801

Office of the United State Trustee Delaware
Jane Leamy, Esq.
844 King St Ste 2207
Lockbox 35
Wilmington, DE 19899-0035

Weil Gotshal & Manges LLP
Brian S. Rosen, Esq.
767 Fifth Avenue
New York, NY 10153

Alverez & Marsal
Bill Kosturos
100 Pine Street, Suite 900
San Francisco, CA. 94111

Susman Godfrey LLP
Stephen D Susman, Esq.
Seth D Ard, Esq.
560 Lexington, 15th Floor
New York, NY 10022

Dated: March 30, 2011

*David Shutvet*
David Shutvet