# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> WASHINGTON MUTUAL, INC., et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-12229 (MFW) <br><br> (Jointly Administered) <br><br> **Related Docket No. 7019** |

## OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS AMENDED FIRST DEPOSITION NOTICE TO APPALOOSA MANAGEMENT L.P.

**PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and Rules 7026 and 7030 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Equity Security Holders of Washington Mutual, Inc. (the "Equity Committee"), by and through its undersigned counsel, will take the deposition testimony of the Rule 30(b)(6) designee of Appaloosa Management L.P. on the topics listed below, at the offices of Susman Godfrey LLP, 560 Lexington Ave, 15th Floor, New York, New York 10022.

**PLEASE TAKE FURTHER NOTICE** that the deposition will commence at **10:00 a.m. (E.T.) on May 5, 2011** and will continue from day to day until completed.

**PLEASE TAKE FURTHER NOTICE** that the deposition will be taken before and transcribed by a certified court reporter who is authorized by law to administer oaths and may be videotaped. Testimony will be taken for all purposes permitted by the Federal Rules of Civil Procedure. You are invited to attend and cross-examine, if you so desire.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Washington Mutual, Inc. (3725) and WMI Investment Corp. (5396). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.

{00509400;v1}

# DEFINITIONS

Any capitalized terms not otherwise defined herein shall have the meaning given to such terms in the Modified Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code dated February 7, 2011 (the "Plan"). In addition, the following terms (whether or not capitalized) shall have the meanings set forth below:

1. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2. "Communication" means any oral, written or electronic transmission of information, including without limitation any letter, correspondence, memorandum, electronic-mail message, note or meeting log, conversation, meeting, discussion, telephone call, facsimile, telegram, telex, conference or message.

3. The term "Document" or "Documents" is used in the broadest sense permitted by the Federal Rules of Civil Procedure and means the original (or any copy when originals are not available) and any drafts or non-identical copies thereof, whether different from the original because of interlineations, receipt stamp, notation of copy sent or received or otherwise, of any email, instant message, voicemail, book, pamphlet, periodical, letter, report, note, memorandum, record, minutes, calendar or diary entry, transcript, study, compilation, analysis, tabulation, map, diagram, drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype or other messages, telegram, expense vouchers, instructions, bulletins or any other writing or recording

of information, as well as all tape recordings, computer tapes, discs and other electronic or mechanical recordings, however produced, maintained or reproduced, including information stored in or generated by a computer whether or not ever printed out or displayed, within the possession, custody or control of plaintiff or any of its officers, directors, employees, attorneys, or other agents and/or representatives.

4. "Including" means including but not limited to the referenced subject.

5. "Global Settlement" means or refers to that proposed agreement announced to the Court on or about March 12, 2010 by and among, *inter alia*, the Debtors, JPMC and the Federal Deposit Insurance Corp., the Settlement Noteholders and the Creditors' Committee, as amended or modified.

6. "Settlement Noteholders" means and refers to the Settlement Noteholders referenced in Judge Walrath's January 7, 2011 Order Denying Confirmation and their counsel including Owl Creek Asset Management, L.P., Appaloosa Management, L.P., Centerbridge Partners, LP, and Aurelius Capital Management LP, any current or former parent, affiliates or subsidiaries, or any of their members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns and any other person currently or formerly acting or purporting to act on each Settlement Noteholder's behalf, or on behalf of several Settlement Noteholders, for any purpose whatsoever from September 25, 2008 to the present.

7. "You" or "Your" refers to each and every member of the Settlement Noteholders, as applicable.

8. "Valuation" means or refers to the actual, perceived, estimated or appraised worth of any entity, asset or property whatsoever, and includes without limitation enterprise value,

going concern value, equity value, actual cash value, book value, intrinsic value, liquidation value, and market value.

9. Any ambiguity in a discovery request shall be construed to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

## TOPICS OF INQUIRY

1. Any buying or selling of any WMI or WMI Investment debt or equity security by You on or after the Petition Date.

2. Any confidential information received by You during negotiations among the Settlement Noteholders, the Debtors, JPMC, the FDIC and the Creditors Committee regarding the proposed terms of the Global Settlement and/or Plan.

3. Any ethical wall or other internal screening procedures you employ to ensure that your trading decisions, including trading decisions regarding any WMI or WMI Investment debt or equity security, are not informed or affected by any confidential information in your possession.

4. Any analysis or valuation of the Reorganized Debtor or any of its assets (including its Net Operating Loss), that you performed or created, or of which you learned the contents, and the circumstances under which the analysis or valuation were created.

Dated: April 19, 2011
      Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

/s/ William P. Bowden
William P. Bowden (DE Bar No. 2553)
Gregory A. Taylor (DE Bar No. 4008)
Stacy L. Newman (DE Bar No. 5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile : (302) 654-2067
wbowden@ashby-geddes.com
gtaylor@ashby-geddes.com
snewman@ashby-geddes.com

-and-

**SUSMAN GODFREY, L.L.P.**
Stephen D. Susman (NY Bar No. 3041712)
Seth D. Ard (NY Bar No. 4773982)
654 Madison Avenue, 5th Floor
New York, NY 10065
ssusman@susmangodfrey.com
sard@susmangodfrey.com

Parker C. Folse, III (WA Bar No. 24895)
Edgar Sargent (WA Bar No. 28283)
Justin A. Nelson (WA Bar No. 31864)
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
pfolse@susmangodfrey.com
esargent@susmangodfrey.com
jnelson@susmangodfrey.com

*Co-Counsel to the Official Committee of Equity Security Holders of Washington Mutual, Inc. et al.*