# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br><br>Jointly Administered<br><br>Hearing Date: May 24, 2011 at 11:30 a.m. (ET)<br>Objection Deadline: May 17, 2011 at 4:00 p.m. (ET) |

## MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS INDENTURE TRUSTEE, FOR ENTRY OF AN ORDER: (A) PARTIALLY LIQUIDATING AND ALLOWING PROOF OF CLAIM FOR FEES AND EXPENSES; AND (B) ESTABLISHING A PROTOCOL FOR REVIEW OF ADDITIONAL FEES AND EXPENSES

Law Debenture Trust Company of New York ("**Law Debenture**"), as successor indenture trustee under that certain indenture, dated as of April 4, 2000, between Washington Mutual, Inc. ("**WMI**," and, together with WMI Investment Corp., the "**Debtors**"), and The Bank of New York ("**BNY**"), as successor to Harris Trust and Savings Bank (as supplemented by that certain First Supplemental Indenture and Second Supplemental Indenture, dated as of August 1, 2002 and March 16, 2004, respectively (the "**Indenture**"), by this motion (the "**Motion**"), pursuant to sections 501, 502, 1123(b)(6) and 1129(a)(4) of title 11 of the United States Code (the "**Bankruptcy Code**") and pursuant to this Court's Opinion dated January 7, 2011 (the "**Opinion**") (Dkt. No. 6528), denying confirmation of the Debtors' Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "**Sixth Amended Plan**"), respectfully requests entry of an order: (a) allowing and partially liquidating one of the Law Debenture Claims (as defined below) in the amount of $1,171,831.81; (b) approving a procedure for a review of the fees and expenses that Law Debenture has incurred and will incur from April 1, 2011 through the conclusion of these cases; and (c) granting Law

3159948

Debenture such other or further relief as the Court deems just and proper. In support of the Motion, Law Debenture respectfully states as follows:

## Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding under 28 U.S.C. §157(b)(2). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### The Bankruptcy Cases

2. On September 26, 2008 (the "**Petition Date**"), WMI and WMI Investment Corp. (together, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their affairs pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On October 15, 2008, the United States Trustee for the District of Delaware (the "**US Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). Law Debenture was appointed to the Creditors' Committee on that date.

4. Law Debenture retained Patterson Belknap Webb & Tyler LLP ("**Patterson Belknap**") as its primary legal counsel and Edwards Angell Palmer & Dodge LLP ("**EAPD**") as its Delaware counsel.[1]

---

[1] In March 2011, the members of EAPD resigned and joined another firm, thereby leaving EAPD without a Wilmington, Delaware office. Accordingly, EAPD resigned as Law Debenture's local counsel. Law Debenture retained Morris James LLP ("**Morris James**") as its new local counsel. On March 24, 2011, Morris James filed a Notice of Substitution of Counsel and Notice of Appearance of Counsel to Law Debenture Trust Company of New York (Dkt. No. 7029). This Motion seeks allowance of EAPD's fees and expenses for its service as Law Debenture's local counsel through February 28, 2011, and allowance of Morris James' fees and expenses for its service as Law Debenture's local counsel through March 31, 2011.

2

### The Senior Subordinated Notes and the Indenture

5. Pursuant to the Indenture, WMI issued the following notes, all of which remain outstanding: (a) $500 million in aggregate principal amount of 8.250% Notes Due April 1, 2010 (the "**2010 Notes**"); (b) $750 million in aggregate principal amount of 4.625% Notes Dues April 1, 2014 (the "**2014 Notes**"); and (c) $500 million in aggregate principal amount of 7.250% Notes Due November 1, 2017 (the "**2017 Notes**," and, together with the 2010 Notes and the 2014 Notes, the "**Senior Subordinated Notes**"). Pursuant to an Agreement of Resignation, Appointment and Acceptance (the "**Successor Agreement**"), dated as of October 14, 2008, by and among the Debtors, Law Debenture and BNY, Law Debenture became successor indenture trustee under the Indenture. A copy of the Indenture was filed with the Bankruptcy Court on December 19, 2008 (Dkt. No. 473).

6. Section 6.7 of the Indenture requires WMI "to pay the Trustee from time to time reasonable compensation for all services rendered by it hereunder" and to "reimburse the Trustee upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and disbursements of its agents and counsel)...." Section 6.7 also provides: "[a]s security for the performance of the obligations of [WMI], the Trustee shall have a lien prior to the Securities upon all property and funds held or collected by the Trustee as such" except for funds held in trust for payment of principal or interest on the underlying securities.[2]

---

[2] This provision of the Indenture entitles Law Debenture to payment for such compensation and expenses incurred both pre-petition and post-petition as part of its allowed claim against WMI.

**Law Debenture's Claims**

7.  On or about March 24, 2009, Law Debenture timely filed a proof of claim against WMI asserting, among other things, principal and interest due on account of the Senior Subordinated Notes as well as compensation and indemnity due under the Indenture, which claim was assigned claim number 2479 on the official claims register ("**Claim No. 2479**"). A copy of Claim No. 2479 is attached as Exhibit A.

8.  On or about November 17, 2009, the Debtors and Law Debenture entered into a stipulation (the "**Claims Stipulation**") that set forth the agreed amount of principal and pre-petition interest due on account of the Senior Subordinated Notes. The Claims Stipulation provided that Law Debenture would file an additional proof of claim to allow the Debtors to bifurcate the obligations to Law Debenture between the fixed amounts due under the Indenture (*i.e.*, for principal and pre-petition interest) and the unliquidated amounts (*i.e.*, additional interest, fees and expenses, including but not limited to reasonable attorneys' fees, indemnity, etc.). On December 17, 2009, this Court entered an Order approving the Claims Stipulation, thereby fixing and allowing Claim No. 2479 for principal and pre-petition interest due on the Senior Subordinated Notes in the amounts agreed upon by the Debtors and Law Debenture (Dkt. No. 2017).

9.  On or about December 18, 2009, Law Debenture filed an additional proof of claim against WMI in accordance with the terms of the Claims Stipulation, which claim was assigned claim number 3807 on the official claims register ("**Claim No. 3807**," and, together with Claim No. 2479, the "**Law Debenture Claims**"). A copy of Claim No. 3807 is attached as Exhibit B. Pursuant to Claim No. 3807, Law Debenture sought payment on account of its claims for: (a) the continuing accrual of interest on the Senior Subordinated Notes, (b) indemnity under

4

the terms of the Indenture, and (c) all fees and expenses, including attorneys' fees, pursuant to the terms of the Indenture. Pursuant to this Motion, Law Debenture seeks partial allowance and liquidation of Claim No. 3807.

**Law Debenture's Role in the Debtors' Cases**

10. Law Debenture has served as indenture trustee under the Indenture since shortly after the Petition Date. Law Debenture continues to perform its obligations as required by the Indenture while participating in the resolution of these cases as a member of the Creditors' Committee. Under the Indenture, Law Debenture is entitled to compensation for performing its obligations. Law Debenture is entitled to default administration fees totaling $144,689.31 as well as annual administrative fees in the amount of $38,750.

11. James D. Heaney, a Managing Director and Senior Trust Officer with Law Debenture, performed the majority of work for Law Debenture. Among other things, Mr. Heaney participated in weekly Creditors' Committee calls as well as meetings with the Debtors and other parties regarding the global settlement agreement and the plan process. Mr. Heaney also reviewed pleadings filed on behalf of the Creditors' Committee and analyzed various drafts of the plan, related disclosure statements and the global settlement agreement. With rare exceptions, Mr. Heaney attended every Creditors' Committee meeting or conference call, and generally, on those rare occasions, one of his colleagues filled in for him.

12. Most of Patterson Belknap's work was performed by two attorneys, Daniel A. Lowenthal, a partner at the firm, and Brian P. Guiney, a senior associate. Both attorneys have experience representing indenture trustees in large, complex cases, including the bankruptcy cases of Dow Corning Corporation, The Finova Group, Inc., Armstrong World Industries, Inc., ICG Communications, Inc., Viatel, Inc., DURA Automotive Systems, Inc., and Black Gaming,

3159948

LLC. At times, Messrs. Lowenthal and Guiney sought assistance from other Patterson Belknap attorneys and paraprofessionals.

13. In order avoid a duplication of services, Law Debenture relied on counsel for the Creditors' Committee to perform legal research relating to issues germane to the Committee. In this regard, Law Debenture and Patterson Belknap reviewed memoranda prepared by counsel to the Creditors' Committee on many issues, including potential causes of action against JPMC, the FDIC and others, issues related to claims asserted against the Debtors by holders of claims against Washington Mutual Bank, and issues related to sales and divestitures of certain assets of the Debtors, just to name a few. By contrast, Patterson Belknap performed research and prepared legal memoranda for Law Debenture regarding issues relevant to the Senior Subordinated Notes.

14. In addition, Law Debenture and its professionals prepared and negotiated the Successorship Agreement, analyzed complex legal issues and reviewed various corporate documents (and specifically those related to the Senior Subordinated Notes). Law Debenture and its professionals also participated in conference calls with the Creditors' Committee and meetings with the Debtors and other stakeholders. Law Debenture and its professionals reviewed and analyzed, among other things: (a) drafts of bankruptcy plans and related disclosure statements; (b) drafts of the global settlement agreement; (c) various bondholder claims; and (d) subordination provisions.

15. Patterson Belknap also prepared various notices to holders about the status of these cases and the Law Debenture Claims, responded to inquiries from holders of the Senior Subordinated Notes and negotiated the Claims Stipulation, among other things. Patterson Belknap and EAPD attended major hearings, such as the hearings to consider approval of the

3159948

disclosure statements and confirmation of the Sixth Amended Plan. EAPD also assisted in filing a notice of appearance, a Rule 2019 statement, various *pro hac vice* motions, a supplemental disclosure statement objection and a statement in connection with confirmation on Law Debenture's behalf.

**Law Debenture's Fees and Expenses**

16. On October 6, 2010, the Debtors filed the Sixth Amended Plan. The provision in the Sixth Amended Plan pertaining to payment of indenture trustee fees and expenses, including Law Debenture, provided that such fees were to be paid in cash on the date the plan becomes effective, without Law Debenture having to file an application for allowance. The Sixth Amended Plan contemplated full recoveries (including post-petition interest) to almost all classes of creditors, including the holders of the Senior Subordinated Notes.

17. In the Opinion, the Court ruled that the global settlement agreement that serves as the bedrock of the Plan is fair and reasonable, but also that the fees of the indenture trustees, including Law Debenture, and various other parties in these cases, must be approved by the Court as reasonable before they are paid. Law Debenture files this Motion in accordance with the Opinion.

18. As of March 31, 2011, Law Debenture was owed approximately $1,171,831.81 in fees and expenses, which includes $184,153.56 for Law Debenture as indenture trustee, $906,384.21 for Patterson Belknap, $77,734.04 for EAPD and $3,560 for Morris James. Attached as <u>Exhibit C</u> are copies Law Debenture's invoices. Attached as <u>Exhibit D</u> are copies of Patterson Belknap's invoices through March 31, 2011. Attached as <u>Exhibit E</u> are copies of EAPD's invoices through February 28, 2011. Attached as <u>Exhibit F</u> are copies of Morris James' invoices through March 31, 2011.

## Relief Requested

19. Section 1129(a)(4) of the Bankruptcy Code provides, in pertinent part, that, "[t]he court shall confirm a plan only if all of the following requirements are met . . . (4) Any payment made or to be made . . . by the debtor . . . for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable." 11 U.S.C. 1129(a)(4). Pursuant to section 1129(a)(4) and the Opinion, Law Debenture respectfully requests that the Court (a) partially liquidate and allow Claim No. 3807 for its fees and expenses through and including March 31, 2011, and (b) approve a procedure for the review and approval of the fees and expenses incurred by Law Debenture from April 1, 2011 through the conclusion of these bankruptcy cases.[3]

### A. Claim No. 3807 for Reasonable Fees and Expenses Should be Allowed and Partially Liquidated.

20. Section 502(a) of the Bankruptcy Code provides:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C. § 502(a). Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a properly executed and filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Under the Bankruptcy Code, an indenture trustee is permitted to file a proof of claim. *See* 11 U.S.C. § 501(a).

---

[3] Law Debenture is **not** seeking payment of any amount at this time. The Modified Plan (as defined below), if confirmed, will govern the timing of payment to Law Debenture. Rather, Law Debenture seeks partial allowance of Claim No. 3807 at this time to avoid complications that could arise if the Court has not ruled on the reasonableness of Law Debenture's fees and expenses prior to the date on which distributions are made pursuant to the Modified Plan (if it is confirmed).

21. Because Law Debenture has a valid pre-petition contract, *i.e.* the Indenture, which authorizes payment of fees and expenses and these cases involve solvent estates, Claim No. 3807 can be allowed and partially liquidated. *See generally, Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 448-54 (2007). Accordingly, Law Debenture seeks partial allowance of Claim No. 3807, which was validly filed pursuant to an agreement with the Debtors (*i.e.*, the Claims Stipulation) and an order of this Court.

22. In addition, the timing of Law Debenture's motion is crucial to a seamless and efficient distribution under the Debtors' Modified Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, dated February 7, 2011 (the "**Modified Plan**"). Under Section 6.7 of the Indenture, Law Debenture has a lien upon all property and funds that it collects for distribution to holders of the Senior Subordinated Notes that is superior to the rights of the noteholders. Since the Debtors' general unsecured creditors will receive payment in full if the Modified Plan is confirmed, Law Debenture is entitled to full payment of its claim without having to enforce its charging lien. But absent Court approval of this Motion before distributions to holders of the Senior Subordinated Notes, Law Debenture may have no choice but to exercise its charging lien.[4] This could delay and dilute the distribution to such holders, a result that Law Debenture naturally seeks to avoid.

23. The compensation provision in the Indenture contemplates that Law Debenture will expend efforts and funds fulfilling its contractual obligations during the entire term of any debt issued thereunder, including a possible bankruptcy of the issuer. The services and expenses for which compensation is sought in this Motion — services that were performed effectively, efficiently and economically — were necessary and beneficial to the performance of Law

---

[4] *See* Modified Plan, Art. 32.12.

9

3159948

Debenture's obligations as indenture trustee. It is respectfully submitted that the fees and expenses incurred by Law Debenture are reasonable.

### B. Reasonableness of Fees and Expenses Incurred After March 31, 2011 Should be Determined Without Further Motion.

24. Law Debenture and the other indenture trustees have incurred and will continue to incur additional fees and expenses after March 31, 2011, and before the date on which distributions are made pursuant to the Modified Plan (if it is confirmed). In order to reduce the administrative burden on this Court and other parties in interest that would result from additional motion practice, Law Debenture respectfully requests that this Court establish a procedure (the "**Fee and Expense Protocol**") to review the reasonableness of the fees and expenses that it will incur from April 1, 2011 through the close of these bankruptcy cases. Law Debenture proposes the following Fee and Expense Protocol:

- After the occurrence of the Effective Date (as defined in the Modified Plan), any party requesting payment of a Trustee Claim or a Trustee Distribution Expense (each as defined in the Modified Plan) may complete and submit a written request, substantially in the form annexed to the proposed order attached hereto as Exhibit G, for approval by this Court of the fees and expenses incurred for the stated period (an "**Approval Request**"). For the convenience of the Court and other parties in interest, no party shall submit more than one Approval Request per month (and parties may file Approval Requests with less frequency if they so choose).

- Each Approval Request shall be filed on the docket, include all corresponding billing entries to support the amounts claimed, and served by overnight mail or hand delivery on the Office of the United States Trustee for the District of Delaware and counsel to the Debtors or, if applicable, counsel to the Liquidating Trustee (as defined in the Modified Plan).

- Any party that disputes the reasonableness of the fees and expenses set forth in an Approval Request shall have 10 days from the date of the Approval Request to object. Each objection shall be: (a) in writing, stating with particularity the grounds therefor, including whether the objecting party objects to all or only a portion of the fees and expenses requested, (b) filed on the docket of these cases, and (c) served on counsel to the party that submitted the Approval Request and the parties listed above.

10

- Upon receipt of an objection, the party that submitted the Approval Request shall schedule a hearing at the convenience of the Bankruptcy Court and provide not less than 10 days' notice of the hearing to all parties in interest.

- If no objection is made within 10 days, the party submitting the Approval Request shall submit a certificate of no objection in accordance with the Local Rules of the Bankruptcy Court. Upon receipt of the certificate, this Court may enter an order either granting the Approval Request (which order, substantially in the form annexed to the proposed order attached hereto as <u>Exhibit G</u>, will serve as a determination of the reasonableness of the requested fees and expenses) or scheduling a hearing thereon. The Disbursing Agent (as defined in the Plan) shall pay all fees and expenses that the Court determines are reasonable in accordance with the terms of the Modified Plan.[5]

25. These cases are ongoing and Law Debenture continues to incur post-petition costs performing its contractual obligations in accordance with the Indenture. The Fee and Expense Protocol will aid in the efficient administration of these cases by providing a procedure for this Court to assess the reasonableness of the fees and expenses that will be incurred by Law Debenture after March 31, 2011. Law Debenture respectfully submits that requiring parties to engage in further motion practice to obtain allowance and liquidation of their as-yet unliquidated claim for fees and expenses would create an unnecessary cost to these estates. Therefore, it is to the benefit of all interested parties that Law Debenture seek periodic partial liquidation and allowance of Claim No. 3807 by complying with the proposed Fee and Expense Protocol.

### No Prior Request

26. Law Debenture has not made a previous application for the relief requested in this Motion to this or any other Court.

---

[5] For the convenience of the Court, Law Debenture, through counsel, has consulted with the other indenture trustees to prepare this Fee and Expense Protocol.

11

3159948

## Notice

27. Notice of this Motion will be given to: (a) counsel to the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel for the Official Committee of Unsecured Creditors; (d) counsel for the Equity Committee; and (e) all parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Law Debenture submits that no further notice of this Motion is required.

WHEREFORE, Law Debenture respectfully requests that this Court enter an order, substantially in the form attached as <u>Exhibit G</u>, (a) allowing and partially liquidating Claim No. 3807 in the amount of $1,171,831.81; (b) approving a procedure for approval of compensation earned by and reimbursement of ongoing fees and expenses incurred by Law Debenture from April 1, 2011 through the conclusion of these bankruptcy cases; and (c) granting Law Debenture such other and further relief as the Court deems just and proper.

Dated: May 5, 2011

Respectfully submitted,

MORRIS JAMES LLP

Stephen M. Miller (DE Bar No. 2610)
Courtney R. Bookout (DE Bar No. 5432)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

– and –

PATTERSON BELKNAP WEBB & TYLER LLP
Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

*Counsel for Law Debenture Trust Company of New York*

3159948