UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 08-12229 (MFW)<br>Jointly Administered<br><br>Hearing Date: May 24, 2011 at 11:30 a.m. (ET)<br>Objection Deadline: May 17, 2011 at 4:00 p.m. (ET) |

**NOTICE OF MOTION OF WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS TRUST PREFERRED TRUSTEE, FOR ENTRY OF AN ORDER: (A) PARTIALLY LIQUIDATING AND ALLOWING PROOFS OF CLAIM FOR FEES AND EXPENSES; AND (B) ESTABLISHING A PROTOCOL FOR REVIEW OF ADDITIONAL FEES AND EXPENSES**

PLEASE TAKE NOTICE that pursuant to Sections 501, 502, 1123(b)(6) and 1129(a)(4) of title 11 of the United States Code (the "Bankruptcy Code") and pursuant to this Court's opinion dated January 7, 2011 (the "Opinion") (Docket No. 6528), denying confirmation of the above-captioned Debtors' Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, in a motion dated May 5, 2011 (the "Motion"), Wilmington Trust Company, in its capacity as Trust Preferred Trustee (as defined in the Motion), seeks entry of an order: (a) allowing and partially liquidating the Trust Preferred Trustee's proofs of claim as they relate to the fees and expenses of the Trust Preferred Trustee in the amount of $541,863.91; (b) approving a procedure for approval of compensation earned by and reimbursement of ongoing fees and expenses incurred by the Trust Preferred Trustee from May 1, 2011 through the conclusion of these chapter 11 cases; and (c) granting the Trust Preferred Trustee such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to the Motion, must be filed with the Court and served on the undersigned counsel so as to be received on or before May 17, 2011 at 4:00 p.m. (ET).

PLEASE TAKE FURTHER NOTICE, that a hearing on the Motion will be held on May 24, 2011 at 11:30 a.m. (ET) before The Honorable Mary F. Walrath, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 4, Wilmington, Delaware 19801 and that the hearing may be adjourned from time to time without further notice.

PLEASE TAKE FURTHER NOTICE, that any objection to the Motion shall be served upon the counsel listed below as counsel for the Trust Preferred Trustee.

PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO FILE AN OBJECTION TO THE MOTION OR APPEAR AT THE HEARING IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: New York, New York
May 5, 2011

    Respectfully Submitted,

    SEWARD & KISSEL LLP

    By:   /s/ Arlene R. Alves
        Arlene R. Alves (9171)
        One Battery Park Plaza
        New York, New York 10004
        Telephone No. (212) 574-1500
        Facsimile No. (212) 480-8421

    *Counsel to Wilmington Trust Company, in its capacity as Trust Preferred Trustee*

SK 02463 0016 1182802

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC., *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 08-12229 (MFW)<br>Jointly Administered<br><br>Hearing Date: May 24, 2011 at 11:30 a.m. (ET)<br>Objection Deadline: May 17, 2011 at 4:00 p.m. (ET) |

## MOTION OF WILMINGTON TRUST COMPANY, IN ITS CAPACITY AS TRUST PREFERRED TRUSTEE, FOR ENTRY OF AN ORDER: (A) PARTIALLY LIQUIDATING AND ALLOWING PROOFS OF CLAIM FOR FEES AND EXPENSES; AND (B) ESTABLISHING A PROTOCOL FOR REVIEW OF ADDITIONAL FEES AND EXPENSES

Wilmington Trust Company, solely in its capacity as Trust Preferred Trustee (as defined below) submits this motion (the "Motion") pursuant to Sections 501, 502, 1123(b)(6) and 1129(a)(4) of title 11 of the United States Code (the "Bankruptcy Code") and pursuant to this Court's Opinion dated January 7, 2011 (the "Opinion") (Docket No. 6528), denying confirmation of the above-captioned Debtors' Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Sixth Amended Plan"), for entry of an order: (a) allowing and partially liquidating the fee and expense claims of the Trust Preferred Trustee that were asserted in an unliquidated amount in the Trust Preferred Trustee's proofs of claim in the aggregate amount of $541,863.91; (b) approving a procedure for the approval of compensation earned by and reimbursement of ongoing fees and expenses incurred by the Trust Preferred Trustee from April 1, 2011 through the conclusion of these bankruptcy cases; and (c) granting the Trust Preferred Trustee such other or further relief as the Court deems just and proper. In support of the Motion, the Trust Preferred Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A.     <u>The Trust Preferred Trustee and the Trust Preferred Securities</u>

      2.     Wilmington Trust Company is:

      (a)     property trustee, Delaware trustee, depositary, paying agent and registrar and transfer agent, pursuant to the Amended and Restated Trust Agreement of Washington Mutual Preferred Funding Trust I, dated as of March 7, 2006, by and among Washington Mutual Preferred Funding LLC, as grantor, the property trustee and the Delaware trustee, relating to the issuance of certain fixed-to-floating rate perpetual non-cumulative trust securities;

      (b)     property trustee, Delaware trustee, depositary, paying agent and registrar and transfer agent, pursuant to the Amended and Restated Trust Agreement of Washington Mutual Preferred Funding Trust II, dated as of December 13, 2006, by and among Washington Mutual Preferred Funding LLC, as grantor, the property trustee and the Delaware trustee, relating to the issuance of fixed-to-floating rate perpetual non-cumulative trust securities;

      (c)     property trustee, Delaware trustee, depositary, paying agent and registrar and transfer agent, pursuant to the Amended and Restated Trust Agreement of Washington Mutual Preferred Funding Trust III, dated as of May 24, 2007, by and among Washington Mutual Preferred Funding LLC, as grantor, the property trustee and the Delaware trustee, relating to the issuance of fixed-to-floating rate perpetual non-cumulative trust securities;

      (d)     property trustee, Delaware trustee, depositary, paying agent and registrar and transfer agent, pursuant to the Amended and Restated Trust Agreement of Washington Mutual Preferred Funding Trust IV, dated as of October 25, 2007, by and among Washington Mutual Preferred Funding LLC, as grantor, the property trustee and the Delaware trustee, relating to the issuance of fixed-to-floating rate perpetual non-cumulative trust securities; and

      (e)     preferred securities paying agent, securities registrar and transfer agent, pursuant to the Agency Agreement, dated as of March 7, 2006, by and between Wilmington Trust (Cayman), Ltd. and Wilmington Trust Company, whereby Wilmington Trust (Cayman), Ltd. appointed Wilmington Trust Company to perform certain of it's duties and obligations under that certain Agency Agreement, dated as of

March 7, 2006, by and among Washington Mutual Preferred Funding (Cayman) I Ltd., Washington Mutual Preferred Funding LLC, Wilmington Trust (Cayman), Ltd. and J.P. Morgan Luxembourg S.A, pursuant to which Wilmington Trust (Cayman), Ltd. had agreed to act as preferred securities paying agent, securities registrar and transfer agent in respect of the 7.25% perpetual non-cumulative preferred securities, Series A-1 and A-2, issued by Washington Mutual Preferred Funding (Cayman) I Ltd.

Wilmington Trust Company, solely in the capacities described above, is referred to herein as the "Trust Preferred Trustee," the above referenced trusts are collectively referred to as the "Trust Preferred Trusts", and the trust securities issued by the Trust Preferred Trusts are collectively referred to as the "Trust Preferred Securities".

3. The Trust Preferred Trusts issued Trust Preferred Securities with an aggregate liquidation preference value of $4,000,000,000. In accordance with the transaction documents relating to the Trust Preferred Securities (collectively, the "Transaction Documents"), and subject to the conditions contained therein, upon the occurrence of an "exchange" event, the Trust Preferred Securities would be exchanged for a like amount of depository shares of Washington Mutual Inc. ("WAMU") the debtor herein (such shares referred to collectively as the "REIT Series").[1]

B. The Bankruptcy Cases

4. On September 26, 2008, WAMU and WMI Investment Corp. (collectively, the "Debtors") filed petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") with this Court. The Debtors cases are jointly administered for procedural purposes only.

5. The Court's Opinion, *inter alia*, denied confirmation of the Sixth Amended Plan. In the Opinion, the Court stated that pursuant to Section 1129(a)(4) of the Bankruptcy Code,

---

[1] Issues relating to the exchange are the subject of an adversary proceeding commenced by certain holders of Trust Preferred Securities (the "TPS Plaintiffs") entitled Black Horse Capital LP, et al. v. JP Morgan Chase Bank, N.A., et al., Adv. No 10-51387 (MFW) (the "TPS Action") and any representations made herein are without prejudice to the rights of the parties to the TPS Action. WAMU has maintained that an exchange event occurred and the Trust Preferred Securities were exchanged for REIT Series. The TPS Plaintiffs dispute this and in an Opinion dated January 7, 2011 (the "TPS Opinion") the Court ruled against the TPS Plaintiffs and granted defendants' motion for summary judgment. The TPS Plaintiffs have appealed the summary judgment order to the District Court.

the provision providing for the payment of trustees' fees and expenses contained in the Sixth Amended Plan "must provide that such fees are to be approved by the Court as reasonable before they are paid." Opinion at pp. 108-09.

6. On March 30, 2011, the Court entered an order (the "<u>Disclosure Statement Order</u>") which approved the disclosure statement relating to the Modified Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code, dated March 25, 2011 (the "<u>Modified Plan</u>"). Pursuant to the Disclosure Statement Order, the hearing to consider confirmation of the Modified Plan is scheduled for June 30, 2011.

7. Under the Modified Plan, holders of Trust Preferred Securities are treated as holders of REIT Series and classified as holders of Class 19 Claims. The Modified Plan entitles them to a pro rata share of Liquidating Trust Interests. As provided for in the Global Settlement Agreement, the Plan also provides that holders of REIT Series who satisfy certain criteria to become "Releasing REIT Holders" (as defined in the Modified Plan) are entitled to receive from JPMorgan Chase Bank, N.A. ("<u>JPMC</u>") a pro rata share of $50 million in cash or equivalent value of common stock of JPMC. Modified Plan Section 23.1. Pursuant to the Modified Plan and the Disclosure Statement Order, holders of REIT Series are not entitled to vote on the Modified Plan.

8. Section 32.12 of the Modified Plan provides for the payment of the reasonable fees and expenses, including, without limitation, reasonable attorneys' fees and expenses, of the Indenture Trustees, including the Trust Preferred Trustee, subject to approval by the Court as reasonable pursuant to Section 1129(b)(4) of the Bankruptcy Code.

C. <u>The Trust Preferred Trustee's Fees and Expenses</u>

9. On March 30, 2009, the Trust Preferred Trustee timely filed Proofs of Claim (collectively, the "<u>Claims</u>"), assigned claim numbers 2181, 2182, 2183 and 2184, against WAMU,

4

asserting, among other things, all damages of the Trusts, the Trust Preferred Trustee and the holders of Trust Preferred Securities, including but not limited to the fees and expenses of the Trust Preferred Trusts and Trust Preferred Trustee relating thereto. Copies of the Proofs of Claim are attached as Exhibit A. Pursuant to certain Fee Agreements relating to the Trust Preferred Trusts (collectively, the "Fee Agreements"), WAMU agreed to pay the fees and expenses of the Trust Preferred Trustee, including the fees and expenses of its counsel and agents.

10. Consistent with the Sixth Amended Plan, Section 32.12 of the Modified Plan provides for the payment of the Trust Preferred Trustee's reasonable fees and expenses, including counsel fees and expenses.

11. The Trust Preferred Trustee retained Seward & Kissel LLP to represent it in connection with the Debtors' Chapter 11 cases.[2] The Trust Preferred Trustee has performed and continues to perform its obligations as required by the Transaction Documents. In accordance with the Transaction Documents, including the Fee Agreements, the Trust Preferred Trustee is entitled payment of its fees and expenses in connection with the performance of its duties.

12. Mr. Joseph Feil, Vice President of Wilmington Trust Company, performed the majority of the work for the Trust Preferred Trustee and was assisted by counsel, Seward & Kissel LLP. The Trust Preferred Trustee's services include, but are not limited to:

    (a) analysis of the Transaction Documents regarding the rights and obligations of the Trust Preferred Trustee, the Trusts and the holders of the Trust Preferred Securities relating to the chapter 11 filings of the Debtors,

    (b) preparation and filing of the Claims,

    (c) preparation and dissemination of numerous notices to the holders of Trust Preferred Securities and others relating to among other things the alleged conditional exchange, the Debtors' chapter 11 cases, including, hearings on and

---

[2] Although the Trust Preferred Trustee and its counsel has closely monitored the Debtors' cases, it has not appeared before the Court. Therefore, the Trust Preferred Trustee has not retained local Delaware counsel and respectfully submits that local counsel is not required for this Motion relating to the liquidation of its fees and expenses.

approval of disclosure statements, filing of the Debtors' plans, the appointment of the examiner and the filing of the examiner's report, and the solicitation of votes,

(d)     monitoring of the Debtors' chapter 11 cases,

(e)     attendance at certain status conferences and hearings relating to discovery, approval of the Debtors' disclosure statement and confirmation of the Debtors' Sixth Amended Plan,

(f)     correspondence and discussions with the Debtors' counsel and others relating to the treatment of the Trust Preferred Trustee's proofs of claims, the holders of Trust Preferred Securities, the disclosure statement, plan solicitation and balloting,

(g)     analysis and monitoring of the TPS Action, including attendance at certain status and discovery conferences and hearing on summary judgment motions,

(h)     preparation of notices to holders relating to TPS Action, including the deadline to answer the complaint, conferences and trial date, and

(i)     analysis and response to TPS Plaintiffs' subpoena for deposition and production of documents, dated October 13, 2010, including preparation of objection thereto, production of documents and preparation and attendance at a deposition of the Trust Preferred Trustee.

13.     The Trust Preferred Trustee is not a member of the Creditors' Committee or Equity Committee. The Trust Preferred Trustee performed services relating to the TPS Action which named the Trust Preferred Trusts as defendants and responded to the TPS Plaintiffs' subpoena to the Trust Preferred Trustee.

14.     The services rendered by the Trust Preferred Trustee were necessary and appropriate to carry out its duties and protect the interest of the holders of the Trust Preferred Securities.

15.     The majority of Seward & Kissel LLP's services were performed by Arlene R. Alves, counsel at the firm. Ms. Alves has substantial experience representing indenture trustees in large, complex cases, including the bankruptcy cases of Muzak, Chemtura, Haights Cross, Adelphia, Worldcom, Aegis, American Home, C-Bass, Lyondell, as well as others. In light of the complexities of these cases, the unique structure of the Trust Preferred Securities, the TPS Action

and the numerous issues that arose during Seward & Kissel LLP's representation of the Trust Preferred Trustee, other attorneys, including those from the litigation and corporate trust departments, assisted as was required for the representation.

16. The Trust Preferred Trustee's fees and expenses, through and including April 30, 2011, aggregate $541,863.91 (the "Trust Preferred Trustee Fees") and are comprised of: (a) the Trust Preferred Trustee's annual fees in the amount of $74,750.00 and charges for default administration in the amount of $25,425.00, and (b) the fees and expenses of its counsel, Seward & Kissel LLP, in the aggregate amount of $441,688.91. Attached as Exhibit B and incorporated by reference herein are copies of the invoices of the Trust Preferred Trustee and its counsel, redacted to preserve privilege where appropriate. These invoices remain outstanding. The Trust Preferred Trustee Fees represent the Trust Preferred Trustee's customary fees and the invoices were prepared consistent with the Trust Preferred Trustee's business practice.

## RELIEF REQUESTED

17. Section 1129(a)(4) of the Bankruptcy Code provides that in order for a court to confirm a plan, "Any payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to approval of, the court as reasonable." In the Opinion, the Court provided that the fees and expenses of the indenture trustees, including the Trust Preferred Trustee, are to be approved by the Court as reasonable before they can be paid.

A. The Trust Preferred Trustee's Claims for Reasonable Fees and Expenses Should be Allowed and Partially Liquidated

18. Section 502(a) of the Bankruptcy Code provides:

A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest, including a creditor

7

of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C. § 502(a). Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a properly executed and filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Under the Bankruptcy Code, an indenture trustee is permitted to file a proof of claim. See 11 U.S.C. § 501(a).

19. Courts have allowed pre-petition unsecured claims for fees and expenses incurred post-petition. See generally, Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co., 549 U.S. 443, 448-54 (2007). Accordingly, the Trust Preferred Trustee seeks partial allowance of the Claims as they relate to its fees and expenses.[3]

B. The Fees and Expenses Requested Are Reasonable

20. The Trust Preferred Trustee's services and fees and expenses were necessary and appropriate to the performance of the Trust Preferred Trustee's obligations under the Transaction Documents. It is respectfully submitted that the fees and expenses incurred by the Trust Preferred Trustee are reasonable. The reasonableness of these services should be determined as of the time the services were rendered. As described above and in the invoices, the services rendered were reasonable and appropriate and should be approved by the Court.

21. The Trust Preferred Trustee in conjunction with the other indenture trustees, has requested the allowance of its fees and expenses in a liquidated amount through April 30, 2011 and approval of a protocol in advance of confirmation to facilitate efficient distributions under the Plan. The Trust Preferred Trustee's claim for fees and expenses is a general unsecured claim. The Debtors' general unsecured creditors will receive payment in full if the Modified Plan is confirmed,

---

[3] The Trustee Preferred Trustee is not seeking payment of its fees and expenses at this time. The Trust Preferred Trustee seeks partial allowance of its claims with payment to be made in accordance with the Modified Plan (if it is confirmed).

8

therefore the Trust Preferred Trustee is entitled to full payment of its claim for fees and expenses. In order to avoid any delay the Trust Preferred Trustee has filed the Motion in advance of confirmation.

C. Reasonableness of Fees and Expenses Incurred After May 1, 2011 Should be Determined Without Further Motion

22. The Trust Preferred Trustee and the other indenture trustees have incurred and will continue to incur additional fees and expenses for the period after May 1, 2011, until distributions are made pursuant to the Modified Plan (if it is confirmed). In order to reduce the administrative burden on this Court and other parties in interest that would result from additional motion practice, the Trust Preferred Trustee respectfully requests that this Court establish a procedure for conducting a review of the reasonableness of the fees and expenses that it will incur from May 1, 2011 through the close of these bankruptcy cases. Law Debenture Trust Company of New York as indenture trustee, in consultation with the other trustees, in its motion seeking similar relief has proposed a streamlined procedure (the "Fee and Expense Protocol") for conducting a review of the reasonableness of fees and expenses incurred by indenture trustees from May 1, 2011 to the close of these bankruptcy cases and the Trust Preferred Trustee supports the proposed Fee and Expense Protocol and respectfully requests that the Court approve it in the manner proposed.

## NO PRIOR REQUEST

23. No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

24. Notice of this Motion will be provided to: (i) counsel to the Debtors, (ii) counsel to the Creditors' Committee, (iii) counsel to the Equity Committee, (iv) the Office of the United States Trustee, and electronically to all other parties that have requested notice pursuant to

Rule 2002 of the Federal Rules of Bankruptcy Procedures. The Trust Preferred Trustee submits that no further notice of the Motion is required.

WHEREFORE, the Trust Preferred Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit C</u>, (a) allowing and partially liquidating the Trust Preferred Trustee's Claims for fees and expenses in the amount of $541,863.91, (b) approving a short form procedure for approval of compensation earned by and reimbursement of ongoing fees and expenses incurred by the Trust Preferred Trustee from May 1, 2011 through the conclusion of the Debtors' chapter 11 cases, and (c) granting the Trust Preferred Trustee such other and further relief as is just and proper.

Dated: New York, New York
      May 5, 2011

                              Respectfully Submitted,

                              SEWARD & KISSEL LLP

                              By:   /s/ Arlene R. Alves
                                    Arlene R. Alves (9171)
                                    One Battery Park Plaza
                                    New York, New York 10004
                                    Telephone No. (212) 574-1500
                                    Facsimile No. (212) 480-8421

                                    *Counsel to Wilmington Trust Company, in its capacity as Trust Preferred Trustee*

SK 02463 0016 1182732