UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

----------------------------------------------------------------x
:
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
: (Jointly Administered)
Debtors. :
: Hearing Date: 7/28/11 at 11:30 a.m. (EDT)
: Objection Deadline: 7/21/11 at 4:00 p.m. (EDT)
----------------------------------------------------------------x

## DEBTORS' SECOND SUPPLEMENTAL APPLICATION PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ENLARGE THE RETENTION OF PERKINS COIE LLP AS SPECIAL COUNSEL TO THE DEBTORS

Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as debtors and debtors in possession (collectively, the "Debtors"), hereby file this second supplemental application (the "Second Supplemental Application") for authorization to expand the scope of employment of Perkins Coie LLP ("Perkins") and respectfully represent:

### Background

1. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Court entered an order, pursuant to Rule

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

US_ACTIVE:\43717159\03\79831.0003

RLF1 4223521v. 1

1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the joint administration of the Debtors' chapter 11 cases.

2. On October 15, 2008, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On January 11, 2010, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

### Retention of Perkins Coie

3. Pursuant to an order, dated November 25, 2008 (the "First Retention Order") [D.I. 351], this Court authorized the Debtors to retain Perkins as special counsel in these chapter 11 cases in order to provide certain corporate law services, employment law services, intellectual property counsel, and to continue to provide legal services in connection with certain matters worked on prepetition. Pursuant to an order, dated July 19, 2010 (the "Second Retention Order") [D.I. 5094], this Court authorized the Debtors to expand the retention of Perkins as special counsel in these chapter 11 cases to assist with certain matters related to shareholder proceedings in the Superior Court of the State of Washington for the County of Thurston and the United States Bankruptcy Court for the Western District of Washington. The Debtors now seek to expand the scope of services to be provided by Perkins to include legal assistance as local counsel with respect to the Tax Proceeding (as defined below).

### The Tax Proceeding

4. In an action styled, *Washington Mutual, Inc. v. United States of America*, *W.D. Wash. No. C06-1550-MJP*, WMI challenged certain federal income tax payments (the "Tax Proceeding"). On November 5, 2009, the United States District Court for the Western District of Washington (the "District Court") rendered a judgment in the Tax Proceeding in favor of the

United States and, on December 15, 2009, WMI appealed such judgment to the United States Court of Appeals for the Ninth Circuit. On March 3, 2011, the Ninth Circuit reversed the District Court's judgment in the Tax Proceeding and remanded the matter back to the District Court for future proceedings.

5. To date, Shearman & Sterling LLP has been serving as primary counsel with respect to the Tax Proceeding. See *Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Shearman & Sterling LLP as Special Tax Counsel to the Debtors Nunc Pro Tunc to October 8, 2008*, dated November 25, 2008 [D.I. 353]. Prior to the Commencement Date, Perkins served as local counsel and assisted in the District Court proceedings and in the underlying factual and legal analysis. Perkins' assistance as local counsel is required again, now that the Tax Proceeding has returned to the District Court.

6. Pursuant to this Second Supplemental Application, the Debtors seek authority to expand the scope of services to be provided by Perkins to include legal assistance as local counsel with respect to the Tax Proceeding.

## Jurisdiction

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8. By this Second Supplemental Application, the Debtors request, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court District of Delaware (the "Local

US_ACTIVE:\43717159\03\79831.0003        3

RLF1 4223521v. 1

Rules"), entry of the proposed order, substantially in the form attached hereto as Exhibit B, further expanding the retention of Perkins as special counsel for the Debtors for the purpose of assisting the Debtors as local counsel for the Tax Proceeding. In support of this Second Supplemental Application, the Debtors submit and rely on the Third Supplemental Declaration of John S. Kaplan (the "Third Supplemental Kaplan Declaration"), a copy of which is annexed hereto as Exhibit A.

**Services to be Rendered**

9. As set forth above, the Debtors have previously relied upon Perkins as local counsel with respect to the Tax Proceeding. The Debtors believe that Perkins is uniquely suited to continue to assist the Debtors in the Tax Proceeding due to their previous role as local counsel in this same matter.

10. In view of Perkins' extensive experience with and knowledge of WMI and local rules issues, as well as its familiarity with the Tax Proceeding, the Debtors submit that expanding the scope of Perkins' retention is in the best interests of the Debtors, their estates, and creditors.

11. To the best of the Debtors' knowledge, information, and belief, and except as otherwise set forth in the Third Supplemental Kaplan Declaration, Perkins does not have any connection with, or any interest adverse to, the Debtors, their creditors, or any other party in interest, or their respective attorneys and accountants, with respect to the matters on which Perkins is to be retained or employed in these chapter 11 cases. See 11 U.S.C. § 327(e).

12. The Debtors have been informed that Perkins will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant

facts or relationships are discovered, Perkins will promptly supplement its disclosure to the Court.

## Terms of Compensation

13. Subject to Court approval, the Debtors will compensate Perkins in accordance with the terms (subject to customary increases in hourly rates) set forth in the *Application of Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Perkins Coie LLP as Special Counsel to the Debtors Nunc Pro Tunc to the Commencement Date*, dated October 24, 2008 [D.I. 157] (the "Original Retention Application") and in the original Kaplan Declaration, dated October 23, 2008, attached to the Original Retention Application (the "Original Kaplan Declaration").

14. Specifically, for services rendered by Perkins in connection with the Tax Proceeding, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Amended Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated November 14, 2008 [D.I. 302] (the "Guidelines"), and further orders of this Court (the "Orders"), propose to pay Perkins its customary hourly rates that are in effect from time to time, as set forth in the Original Kaplan Declaration. The Debtors respectfully submit that such rates are reasonable and comparable to the rates other firms charge for similar services.

15. In addition to the foregoing, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any Orders, the Debtors propose to reimburse Perkins for expenses incurred in connection with their representation of the Debtors in the Tax Proceeding, including, among other things, filing fees, word processing,

telephone and telecopier usage, photocopying charges, travel expenses, expenses for "working meals," computer-aided research, as well as non-ordinary overhead expenses such as secretarial overtime. The Debtors understand that Perkins will charge the Debtors for these expenses in a manner and at rates consistent with charges made prior to and after the Commencement Date.

16. The Debtors understand that Perkins intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses Filed under 11 U.S.C. § 330, the Guidelines, and any Orders for all services performed and expenses incurred and to be incurred in connection with the Tax Proceeding.

17. Perkins does and will continue to maintain time records in summary format, which shall set forth a description of the services rendered by each professional and the amount of time spent on each date, in one-tenth hour increments. Information regarding reimbursement of actual and necessary expenses incurred by Perkins also will be maintained.

## Notice

18. No trustee has been appointed in these chapter 11 cases. Notice of this Second Supplemental Application has been provided to: (i) the U.S. Trustee; (ii) counsel to the Equity Committee; (iii) counsel to the Creditors' Committee; and (iv) all other persons who have requested to receive notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## No Previous Request

19. Except as provided in Perkins' Original Retention Application and in the *Debtors' Supplemental Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Enlarge*

*the Retention of Perkins Coie LLP as Special Counsel to the Debtors*, dated June 30, 2010 [D.I. 4831], and as granted in the First Retention Order and the Second Retention Order, no previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: July 5, 2011
Wilmington, Delaware

/s/ Mark D. Collins
Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Travis A. McRoberts (No. 5274)
Julie A. Finocchiaro (No. 5303)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

- and -

Brian S. Rosen
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors and Debtors in Possession