# Exhibit A

# Third Supplemental Declaration of John S. Kaplan

US_ACTIVE:\43717159\03\79831.0003

RLF1 4223521v. 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
: (Jointly Administered)
Debtors. :
:
:
---------------------------------------------------------------x

## THIRD SUPPLEMENTAL DECLARATION OF JOHN S. KAPLAN IN SUPPORT OF DEBTORS' SECOND SUPPLEMENTAL APPLICATION FOR AN ORDER AUTHORIZING DEBTORS TO ENLARGE THE RETENTION OF PERKINS COIE LLP AS SPECIAL COUNSEL

JOHN S. KAPLAN declares and says:

        1.     I am a partner in the firm of Perkins Coie LLP ("Perkins"), and am admitted to practice law in the State of Washington, the United States District Courts for the Western and Eastern Districts of Washington, and the United States Court of Appeals for the Ninth Circuit. I submit this declaration in support of the application of Washington Mutual, Inc. ("WMI") and WMI Investment Corporation, as debtors and debtors in possession (collectively, the "Debtors"), for a second supplemental order authorizing the Debtors to expand the scope of Perkins retention as special counsel to assist with the Tax Proceeding[2] (the "Second Supplemental Application"). Except as otherwise indicated, I have knowledge of the matters set

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

[2] Capitalized terms used, but not defined herein, shall have the meanings ascribed to such terms in the Second Supplemental Application.

US_ACTIVE:\43717159\03\79831.0003

RLF1 4223521v. 1

forth herein, either from personal knowledge or review of information in Perkins' files conducted by Perkins lawyers and non-lawyer personnel involved in preparing this Declaration, and, if called as a witness, would testify thereto.[3] This Third Supplemental Declaration supplements my prior declarations filed in this case on October 24, 2008 [D.I. 157] (the "Original Kaplan Declaration"), on November 20, 2008 [D.I. 326] (the "Supplemental Kaplan Declaration"), and on June 30, 2010 [D.I. 4831] (the "Second Supplemental Kaplan Declaration").

2. I believe that Perkins is both well qualified and uniquely able to provide the services described below and that its retention would be in the best interests of the Debtors and their estates.

**Services to be Rendered**

3. Subject to further order of this Court, the Debtors have requested that Perkins expand the scope of its employment to assist the Debtors in connection with the Tax Proceeding.

4. Prior to the Commencement Date, Perkins was local counsel to WMI in the Tax Proceeding on the District Court level. As such, Perkins was significantly involved in the prior District Court proceedings, in the underlying factual and legal analysis, and has great familiarity with the local rules and practices for the District Court. The services to be rendered by Perkins in connection with the Tax Proceeding will not be duplicative of work performed by Shearman & Sterling LLP ("Shearman") – the Debtors' primary counsel for the Tax Proceeding – the Debtors' bankruptcy counsel, or any other law firm retained by the Debtors. Prior to the Commencement Date, Perkins and Shearman agreed upon a division of duties in connection with

---

[3] Certain of the disclosures herein relate to matters within the knowledge of other attorneys and personnel at Perkins and are based on information provided by them.

the Tax Proceeding. Consistent therewith, Perkins will maintain such divisions of duties to ensure that the services provided in connection with the Tax Proceeding are, to the maximum extent possible, complementary and not duplicative. The terms of Perkins' engagement by WMI, subject to further Court approval, are identical (except with respect to applicable billing rates) to the terms of Perkins' engagement previously approved by the First Retention Order, and attached to Perkins' Original Retention Application as Schedule 1.

5. As previously detailed in the Original Kaplan Declaration, Perkins currently serves as counsel to certain current and former non-management directors of WMI (the "Director Clients") regarding matters involving the Debtors. Consistent therewith, Perkins represents the Director Clients with respect to the *Debtors' Sixtieth Omnibus (Substantive) Objection to Claims*, dated November 17, 2010 [D.I. 5970]. As set forth in the Original Kaplan Declaration, Perkins has established an ethical screen whereby its lawyers representing the Director Clients will perform no work for WMI, and lawyers representing WMI will perform no work for the Director Clients. The representation of the Director Clients is unrelated to the representation for which Perkins seeks to be employed as special counsel herein.

6. Except as stated above and in my prior declarations in this case, and to the best of my knowledge, neither Perkins nor I (a) have any "connection" with the Debtors, their creditors, any other parties in interest herein or their respective attorneys or accountants, or the U.S. Trustee with respect to the matters on which Perkins is and is to be engaged, or (b) holds or represent any interest adverse to the Debtors with respect to the matters on which Perkins is or is to be engaged.

## Payment

7.  In consideration for the services to be rendered to the Debtors in connection with the Tax Proceeding, and except as set forth herein, Perkins will seek to be compensated for services rendered at its regular hourly rates and will be reimbursed for all reasonable out-of-pocket expenses. Perkins' hourly rates and billing policies are based on market conditions among certain firms of a size, location and practice comparable to Perkins. The terms of Perkins representation of the Debtors are set forth in the engagement letter, attached to Perkins' Original Retention Application as Schedule 1, which includes Perkins' detailed policy with respect to expense reimbursement.

8.  Consistent with past practice and its staffing procedures generally, a number of attorneys and paralegals at Perkins will provide services to the Debtors from time to time in connection with the Tax Proceeding. Those attorneys that will be representing the Debtors in connection with the Tax Proceeding, and the current hourly billing rate for each named attorney are set forth in <u>Schedule 1</u>. From time to time, additional attorneys may be active in representing the Debtors.

9.  Perkins maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in connection with providing services to its clients.

10. Perkins already submits applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of this Court. If approved by this Court, the additional work performed for the Debtors in connection with the Tax Proceeding will be added to these applications.

11. Other than as set forth above, no arrangement is proposed between the Debtors and Perkins for compensation to be paid in these cases.

I declare under penalty of perjury the foregoing to be true and correct to the best of my knowledge.

Dated: Seattle, Washington
June 27, 2011

_____
John S. Kaplan

# Schedule 1

| Name | Position | Practice Area | Rate |
|---|---|---|---|
| David J. Burman | Partner | Commercial Litigation | $790 |
| Jeff Hanson | Associate | IP Litigation | $460 |