UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] :
: Case No. 08-12229 (MFW)
:
: (Jointly Administered)
Debtors. :
: Hearing Date: July 28, 2011 at 11:30 AM ET
: Objection Deadline: July 21, 2011 at 4:00 PM ET
---------------------------------------------------------------x

APPLICATION OF DEBTOR PURSUANT TO SECTIONS
327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 2014 FOR AUTHORIZATION TO EMPLOY AND RETAIN
KLEE, TUCHIN, BOGDANOFF & STERN LLP, AS SPECIAL LITIGATION
COUNSEL TO WASHINGTON MUTUAL, INC., *NUNC PRO TUNC* TO JUNE 24, 2011

Washington Mutual, Inc. ("WMI"), as debtor and debtor in possession, hereby files this application (the "Application"), pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order substantially in the form annexed hereto as Exhibit B, authorizing the retention of Klee, Tuchin, Bogdanoff & Stern LLP ("KTBS") as special litigation counsel to WMI *nunc pro tunc* to June 24, 2011. In support of the Application, WMI relies on the Declaration of Martin R. Barash (the "Barash Declaration"), annexed hereto as Exhibit A. In further support of the Application, WMI respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101 (collectively, the "Debtors").

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On September 26, 2008 (the "Commencement Date"), each of the Debtors commenced with the Bankruptcy Court a voluntary case pursuant to chapter 11 of the Bankruptcy Code. As of the date hereof, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On October 3, 2008, the Bankruptcy Court entered an order pursuant to Bankruptcy Rule 1015(b) authorizing the joint administration of the Debtors' chapter 11 cases.

4. On October 15, 2008, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On January 11, 2010, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

5. On October 15, 2008, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"). On January 11, 2010, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

## RELIEF REQUESTED

6.  By this Application, WMI seeks entry of the proposed order, substantially in the form attached hereto as Exhibit B, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of KTBS, as special litigation counsel for WMI *nunc pro tunc* to June 24, 2011 to investigate, assess, and, if requested, potentially prosecute claims of the WMI estate against former officers and directors and other third parties, including former auditors, investment banking advisors, rating agencies, and others that may be identified (the "Potential Claims").

7.  In support of the Application, WMI relies on the Barash Declaration, a copy of which is annexed hereto as Exhibit A.

## Retention of KTBS

8.  Section 327(a) of the Bankruptcy Code provides:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

9.  Accordingly, on June 24, 2011, WMI selected KTBS, as special litigation counsel. WMI believes that retaining KTBS is reasonable and necessary in order for WMI to evaluate the Potential Claims and to discharge their responsibilities to their estates and creditors. In light of the advanced stage of these chapter 11 cases and the urgency to determine whether action on the Potential Claims is warranted, WMI requested that KTBS begin its work

immediately. Accordingly, as set forth in the Barash Declaration, beginning on June 24, 2011, KTBS began representing WMI in connection with the Potential Claims. Accordingly, WMI requests that the Court approve KTBS's retention *nunc pro tunc* to June 24, 2011.

10. KTBS possesses extensive knowledge, expertise, and experience in matters concerning reorganization, bankruptcy, bankruptcy litigation, general commercial litigation, general corporate law, financings, and acquisitions. This extensive experience in handling complex bankruptcy litigation makes KTBS particularly well-suited to deal effectively with the numerous legal issues that may arise regarding the Potential Claims.

11. The attorneys in charge of this engagement are Lee R. Bogdanoff, David M. Stern, Martin R. Barash, and Whitman L. Holt, partners each with significant restructuring and bankruptcy litigation experience. Messrs. Bogdanoff, Stern, Barash, and Holt, and other attorneys at KTBS who will be involved in this engagement, while with KTBS and at previous firms, have represented creditors' committees, bankruptcy trustees, debtors in possession, and other interests in special litigation matters arising in connection with the bankruptcy cases of Indymac Bancorp, Inc., Adelphia Communications, Brobeck Phleger & Harrison LLP, Burke Industries, Calpine, Enron Corp., Iridium, Latshaw Drilling Co. LLC, Owens Corning, Pacific Gas & Electric, as well as the Examiner in the Tribune Company cases, among others.

12. Importantly, KTBS's services are not duplicative of the services provided by other professionals presently retained in these chapter 11 cases. WMI will use reasonable efforts to coordinate KTBS's services with those of its other professionals to avoid unnecessary duplication of services. Weil and KTBS will work to ensure that they do not perform duplicative services for WMI.

### KTBS Holds No Interest Adverse To WMI Or Its Estate

13. To the best of WMI's knowledge, information, and belief, and except as otherwise set forth in the Barash Declaration, KTBS does not represent or hold any interest adverse to WMI or its estate and is disinterested within the meaning of the Bankruptcy Code. WMI has been informed that KTBS will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, KTBS will supplement its disclosure to the Court.

14. Based on the foregoing and the disclosures set forth in the Barash Declaration, KTBS does not hold or represent any interest adverse to WMI and its estate and is disinterested, in accordance with section 327(a) of the Bankruptcy Code.

15. To the best of WMI's knowledge, and upon information and belief, KTBS is not a creditor, equity security holder, or an insider of WMI.

### Compensation

16. WMI understands that KTBS hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses Filed under 11 U.S.C. § 330 (the "Guidelines"), that certain Amended Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated November 14, 2008, and further orders of this Court (the "Orders") for all services performed and expenses incurred after the date their retention is approved.

17. For services rendered by KTBS in these cases, WMI, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and

the Orders, propose to pay KTBS its customary hourly rates that are in effect from time to time, as set forth in the Barash Declaration. WMI respectfully submits that such rates are reasonable and comparable to the rates other firms charge for similar services.

18. In addition to the foregoing, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines and any Orders, WMI proposes to reimburse KTBS for all reasonable and necessary expenses incurred in connection with their representation of WMI, including, among other things, word processing, telephone and telecopier usage, photocopying charges, travel expenses, expenses for "working meals," and computer-aided research, courier services, deposition and transcript fees.

### The Relief Requested Is Appropriate

19. Since June 24, 2011, KTBS has performed work on WMI's behalf in good faith in order to properly advance and protect WMI's interests. KTBS has performed this work at the direction of WMI. Accordingly, it is appropriate that KTBS be retained *nunc pro tunc* to June 24, 2011.

20. Based on the foregoing, WMI submits that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### NOTICE

21. WMI shall serve notice of this Application on (i) the U.S. Trustee; (ii) counsel for the Creditors' Committee; (iii) counsel for the Equity Committee, and (iv) all parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. WMI submits that no other or further notice need be provided.

## NO PREVIOUS REQUEST

22. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE WMI respectfully requests that the Bankruptcy Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein, authorizing WMI to employee and retain KTBS as special litigation counsel, and such other and further relief as it deems just and proper.

Dated: July 8, 2011
Wilmington, Delaware

_/s/ _____
Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Travis A. McRoberts (No. 5274)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys to the Debtors
and Debtors in Possession