IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                               Chapter 11

WASHINGTON MUTUAL, INC., *et al*.[1],              Case No. 08-12229 (MFW)

               Debtors.                              (Jointly Administered)
---------------------------------------------------------x

### STATEMENT OF WILMINGTON TRUST COMPANY PURSUANT TO RULE 2019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Wilmington Trust Company ("Trustee" or "Wilmington Trust"), in its capacity as:

(i) (a) Trustee under the Indenture dated as of September 25, 2003, between Commercial Capital Bancorp, Inc. ("CCB") as issuer and Wilmington Trust as trustee, as supplemented by that First Supplemental Indenture dated October 1, 2006, between Wilmington Trust as trustee, New American Capital, Inc. and CCB and that Second Supplemental Indenture dated November 1, 2007, between Wilmington Trust as trustee, Washington Mutual Bank (the "Bank") and New American Capital, Inc. (collectively, the "Series IV Indenture");[2] (b) Delaware Trustee, Institutional Trustee, Paying Agent, Registrar and Transfer Agent under the Amended and Restated Declaration of CCB Capital Trust IV dated as of September 25, 2003 (as amended and/or supplemented, the "Series IV Trust Declaration") by and among the Delaware Trustee, the Institutional Trustee, CCB as sponsor, and Stephen H. Gordon, David S. DePillo and Christopher G. Hagerty as administrators; and (c) Guarantee Trustee under the Guarantee Agreement (the "Series IV Guarantee Agreement," together with the Series IV Indenture and Series IV Trust Declaration, the "Series IV Trust Documents") dated as of September 25, 2003;

(ii) (a) Trustee under the Indenture dated as of December 19, 2003, between CCB as issuer and Wilmington Trust as trustee, as supplemented by that First Supplemental Indenture dated October 1, 2006, between Wilmington Trust as trustee, New American Capital, Inc. and CCB and that Second Supplemental Indenture dated November 1, 2007, between Wilmington Trust as trustee, the Bank and New American Capital, Inc. (collectively, the "Series V Indenture");[3] (b) Delaware Trustee, Institutional Trustee, Paying Agent, Registrar and Transfer Agent under the Amended and Restated Declaration of CCB Capital Trust V dated as of December 19, 2003 (as amended and/or supplemented, the "Series V Trust Declaration") by and among the Delaware Trustee, the Institutional Trustee, CCB as sponsor, and Stephen H. Gordon, David S. DePillo and Christopher G. Hagerty as administrators; and (c) Guarantee Trustee ("Guarantee Trustee") under the Guarantee Agreement (the "Series V Guarantee Agreement,"

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1301 Second Avenue, Seattle, Washington 98101.
[2] A copy of the Series IV Indenture is available upon written request to the Trustee.
[3] A copy of the Series V Indenture is available upon written request to the Trustee.

together with the Series V Indenture and Series V Trust Declaration, the "Series V Trust Documents") dated as of December 19, 2003;

(iii) (a) Trustee under the Indenture dated as of May 27, 2004, between CCB as issuer and Wilmington Trust as trustee, as supplemented by that First Supplemental Indenture dated October 1, 2006, between Wilmington Trust as trustee, New American Capital, Inc. and CCB and that Second Supplemental Indenture dated November 1, 2007, between Wilmington Trust as trustee, the Bank and New American Capital, Inc. (collectively, the "Series VII Indenture");[4] (b) Delaware Trustee, Institutional Trustee, Paying Agent, Registrar and Transfer Agent under the Amended and Restated Declaration of CCB Capital Trust VII dated as of May 27, 2004 (as amended and/or supplemented, the "Series VII Trust Declaration") by and among the Delaware Trustee, the Institutional Trustee, CCB as sponsor, and Stephen H. Gordon, David S. DePillo and Christopher G. Hagerty as administrators; and (c) Guarantee Trustee ("Series VII Guarantee Trustee") under the Guarantee Agreement (the "Series VII Guarantee Agreement," together with the Series VII Indenture and Series VII Trust Declaration, the "Series VII Trust Documents") dated as of May 27, 2004;

(iv) (a) Trustee under the Indenture dated as of June 22, 2004, between CCB as issuer and Wilmington Trust as trustee, as supplemented by that First Supplemental Indenture dated October 1, 2006, between Wilmington Trust as trustee, New American Capital, Inc. and CCB and that Second Supplemental Indenture dated November 1, 2007, between Wilmington Trust as trustee, the Bank and New American Capital, Inc. (collectively, the "Series VIII Indenture");[5] (b) Delaware Trustee, Institutional Trustee, Paying Agent, Registrar and Transfer Agent under the Amended and Restated Declaration of CCB Capital Trust VIII dated as of June 22, 2004 (as amended and/or supplemented, the "Series VIII Trust Declaration") by and among the Delaware Trustee, the Institutional Trustee, CCB as sponsor, and Stephen H. Gordon, David S. DePillo and Christopher G. Hagerty as administrators; and (c) Guarantee Trustee under the Guarantee Agreement (the "Series VIII Guarantee Agreement," together with the Series VIII Indenture and Series VIII Trust Declaration, the "Series VIII Trust Documents") dated as of June 22, 2004; and

(v) (a) Trustee under the Indenture dated as of March 28, 2001, between Hawthorne Financial Corporation as issuer and Wilmington Trust as trustee, as supplemented by the First Supplemental Indenture dated as of June 4, 2004, between CCB and Wilmington Trust, the Second Supplemental Indenture dated as of October 1, 2006, between New American Capital, Inc., CCB and Wilmington Trust and the Third Supplemental Indenture dated as of November 1, 2007, between New American Capital, Inc., the Bank and Wilmington Trust (collectively, the "Hawthorne Indenture");[6] (b) Property Trustee and Delaware Trustee under the Amended and Restated Declaration of Trust Agreement of HFC Capital Trust I of Hawthorne Financial Corporation, dated as of March 28, 2001 (as amended and/or supplemented, the "Hawthorne Trust Declaration"); and (c)

---

[4] A copy of the Series VII Indenture is available upon written request to the Trustee.
[5] A copy of the Series VIII Indenture is available upon written request to the Trustee.
[6] A copy of the Hawthorne Indenture is available upon written request to the Trustee.

Guarantee Trustee under the Guarantee Agreement, dated November 1, 2007, by Washington Mutual Inc. and Wilmington Trust (as amended and/or supplemented, the "Hawthorne Guarantee Agreement," together with the Hawthorne Indenture, Hawthorne Trust Declaration, the "Hawthorne Trust Documents").[7]

hereby makes the following verified statement pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure (the "Statement"):

1. Wilmington Trust is a corporation duly organized and existing under the laws of the State of Delaware with its principal and corporate trust offices located at Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19801.

2. Wilmington Trust holds all rights and powers as are provided and set forth in the Trust Documents and all related and ancillary documents executed and delivered in connection therewith.

3. On September 25, 2008, pursuant to order number 2008-36, the Director of the Office of Thrift Supervision appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for the Bank and on the same date the FDIC sold substantially all of the assets of the Bank to JPMorgan Chase Bank, National Association, pursuant to a certain Purchase and Assumption Agreement dated as of September 25, 2008.

4. On September 26, 2008, Washington Mutual, Inc., *et al.* ("WMI" or the "Debtor"), as debtor and debtor-in-possession, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 08-12229. The appointment of the FDIC as receiver for the Bank and the bankruptcy filing by WMI each constitute an Event of Default and termination event as defined

---

[7] The Series IV Trust Documents, Series V Trust Documents, Series VII Trust Documents, Series VIII Trust Documents and Hawthorne Trust Documents shall collectively be referred to as the "Trust Documents". All capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Trust Documents.

2104357.1                                    3

in the Indenture, Guarantee Agreement, and related documents. Wilmington Trust hereby reserves all of its rights and powers as are provided and set forth in the Trust Documents and all related and ancillary documents executed and delivered in connection therewith.

5. The pertinent facts and circumstances with respect to the employment of Wilmington Trust are fully explained in the Trust Documents and all related ancillary documents.

6. Further information about the claims of Wilmington Trust, as Guarantee Trustee or any other capacity in which Wilmington Trust serves, are provided in its proofs of claim filed in the above-captioned cases.

7. In addition, as of the date of the filing of the Debtors' Chapter 11 bankruptcy petition, Wilmington Trust, as Guarantee Trustee, holds, among other claims against Washington Mutual, Inc., claims relating to or arising under the Trust Documents and other charges, fees and expenses due to Wilmington Trust, including, but not limited to: (a) unliquidated expenses and costs, (b) unliquidated attorneys' and professional fees, (c) contingent and unliquidated amounts for indemnity and (d) additional charges, expenses and fees arising under the Trust Documents and all related and ancillary documents. Wilmington Trust, as Guarantee Trustee, also holds other related, contingent and unliquidated claims under the Trust Documents and all related and ancillary agreements.

8. Wilmington Trust reserves the right to supplement or amend this Statement at any time.

9. The undersigned has direct knowledge of the statements herein and verifies that these statements are true and correct to the best of his knowledge and belief.

Dated: July 28, 2011

> WILMINGTON TRUST COMPANY, in its capacity as Trustee
>
> By:     */s/ Steven M. Cimalore*
>        Steven M. Cimalore

# UNSWORN DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, Steven M. Cimalore, of Wilmington Trust Company, declare under penalty of perjury that the foregoing Statement pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure is true and correct, and that the filing of this Statement on behalf of the corporation has been authorized.

Dated: New York, New York
July 28, 2011

WILMINGTON TRUST COMPANY, in its capacity as Trustee

By: */s/ Steven M. Cimalore*
Steven M. Cimalore

Dated: July 28, 2011
      Wilmington, Delaware

    Respectfully submitted,

    */s/ Christopher A. Ward*
    Christopher A. Ward (DE Bar No. 3877)
    Shanti M. Katona (DE Bar No. 5352)
    Polsinelli Shughart PC
    222 Delaware Avenue, Suite 1101
    Wilmington, Delaware 19801
    Tel: 302-252-0922
    Fax: 302-252-0921
    cward@polsinelli.com
    skatona@polsinelli.com

    -and-

    Andrew I. Silfen, Esq
    Leah M. Eisenberg, Esq.
    Arent Fox LLP
    1675 Broadway
    New York, NY 10019
    Tel: 212-484-3900
    Fax: 212-484-3990
    silfen.andrew@arentfox.com
    eisenberg.leah@arentfox.com

    **Counsel to Wilmington Trust Company, solely in its capacities as Indenture Trustee and Guarantee Trustee**