Honorable Judge Mary Walrath
United States Bankruptcy Court
District of Delaware
824 N. Market St. 5th. Floor
Wilmington, DE 19801

Re: Washington Mutual, Inc. et al., case Number 08-12229 (MFW) (Jointly Administered)

## OBJECTION TO THE APPLICATION OF MONTHLY FEES OF ALVAREZ & MARSAL AS RESTRUCTURING ADVISORS FOR DEBTORS IN POSSESION. Notice of <u>JUNE 2011 Monthly billing</u>

As an equity holder of Washington Mutual, I object to the abusive fees charged for restructuring advisors of the Debtors in Possession (DIP) that have been submitted by Alvarez & Marsal.

http://www.kccllc.net/documents/0812229/0812229110725000000000009.pdf  Docket # 8324 filed 7/27/2011

**Total fees =      $1,440,664.00**      No Blended hourly rate as per the "Guidelines"
**Total expenses =  $81,211.76**     Debtors supply <u>no detail to justify these expenses.</u> It's as though they are
on unlimited expenses account with no documents required. Debtors fail to follow the required guidelines.
**Total hours billed = 2,690.0  hours**

FEES AND EXPENSES INCURRED FROM  June 1, 2011 THROUGH June 30, 2011. These fees prove a
trend of abuse and must be ruled by your Honor as excessive and a clawback of those fees to the estate.
Debtors failed to follow required Guidelines as per 11 U.S.C. 330.

As an equity holder of Washington Mutual, using the guidelines provided by the Bankruptcy Reform Act final
authority to award compensation and reimbursement under Sections 330 and 331 of the Code, and Local Rule
2016-2, the Guidelines and the Administrative Order; I object to these abusive allowances of compensation for
professional service charges that ALVAREZ & MARSAL AS RESTRUCTURING ADVISORS FOR DEBTORS
IN POSSESION. The Guidelines require that time entries must be recorded and services should be noted in
detail with each service showing a separate time entry and not combined or "lumped" together.

**All descriptions from Debtors are true Block-Billing entries that fail to comply with Guidelines as per 11
U.S.C. 330. This practice has gone on for over two years and the court or US Trustee must stop this
abused practice.**

**Examples of repetitive Block-Billing that do not follow the guidelines as per 11 U.S.C. 330.** (v) Time entries
should be kept contemporaneously with the services rendered in time periods of tenths of an hour. Services should be noted in detail and not
combined or "lumped" together, with each service showing a separate time entry; however, tasks performed in a project which total a <u>de minimis</u>
amount of time can be combined or lumped together if they do not exceed .5 hours on a daily aggregate. Time entries for telephone calls, letters, and
other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and
conferences should identify the subject of the hearing or conference. If more than one professional from the applicant firm attends a hearing or
conference, the applicant should explain the need for multiple attendees.
Day Date Time Rate Billings Description

| Day | Date | Time | Rate | Billings | Description |
|---|---|---|---|---|---|
| Wed | 6/1/2011 | 4.50 | $ 775 | $ 3,487.50 | Review of outstanding plan issues, discussion with counsel, call with Blackstone |
| Thu | 6/2/2011 | 8.50 | 775 | 6,587.50 | Call with EC, UCC, JPM and Debtor. Review of plan |
| Fri | 6/3/2011 | 6.50 | 775 | 5,037.50 | Review of plan, CMM objections, call with UCC, negotiations |
| Sat | 6/4/2011 | 3.50 | 775 | 2,712.50 | Review of plan and support documents, review of recovery analysis |
| Sun | 6/5/2011 | 4.50 | 775 | 3,487.50 | Discussion with counsel, review of plan and settlement documents |
| Mon | 6/6/2011 | 2.50 | 775 | 1,937.50 | Discussion with counsel, calls with parties for negotiations, review of POR |
| Tue | 6/7/2011 | 3.50 | 775 | 2,712.50 | Discussion with counsel, calls with parties for negotiations, review of POR, review of recovery analysis scenarios |
| Wed | 6/8/2011 | 9.50 | 775 | 7,362.50 | Meeting with ucc, ec and ff, review of POR docs, meeting wit D&O lawyers |
| Thu | 6/9/2011 | 5.50 | 775 | 4,262.50 | Review of POR documents, call with counsel, negotiations on POR issues |
| Fri | 6/10/2011 | 5.50 | 775 | 4,262.50 | Review of POR documents, call with counsel, negotiations on POR issues |
| Sun | 6/12/2011 | 2.50 | 775 | 1,937.50 | Review of deal documentation, runoff notes,etc |
| Mon | 6/13/2011 | 2.50 | 775 | 1,937.50 | Review of deal documentation, runoff notes,etc. review of public co issues |
| Tue | 6/14/2011 | 9.50 | 775 | 7,362.50 | Review of deal documentation, runoff notes,etc. review of public co issues, negotiations with AOC, UCC and EC |
| Wed | 6/15/2011 | 8.50 | 775 | 6,587.50 | Review of deal documentation, runoff notes,etc. review of public co issues, negotiations with AOC, UCC and EC |
| Thu | 6/16/2011 | 8.50 | 755 | 6,587.50 | Review of emails, MORs, confidentiality agreements, correspondence, calls with constituents, calls with counsel |
| Fri | 6/17/2011 | 8.50 | 775 | 6,587.50 | Call with UCC, review of emails, MORs, confidentiality agreements, correspondence |
| Sat | 6/18/2011 | 4.50 | 775 | 3,487.50 | Review of emails, MORs, confidentiality agreements, correspondence |
| Sun | 6/19/2011 | 3.50 | 775 | 2,712.50 | Review of emails, MORs, confidentiality agreements, correspondence |
| Mon | 6/20/2011 | 2.50 | 775 | 1,937.50 | Discussion with counsel, WMI calls, call with UCC |
| Tue | 6/21/2011 | 2.50 | 775 | 1,937.50 | Call with UCC, calls with counsel, review of emails |

| Wed | 6/22/2011 | 3.50 | 775 | 2,712.50 | Review of emails, MORs, confidentiality agreements, correspondence |
| Thu | 6/23/2011 | 2.50 | 775 | 1,937.50 | Review of emails, MORs, confidentiality agreements, correspondence |
| Fri | 6/24/2011 | 6.50 | 775 | 5,037.50 | Calls with counsel, call with FDIC, call with CCC, review of documents |
| Sat | 6/25/2011 | 3.50 | 775 | 2,712.50 | Review of emails, MORs, confidentiality agreements, correspondence |
| Sun | 6/26/2011 | 4.50 | 775 | 3,487.50 | Review of emails, MORs, confidentiality agreements, correspondence |
| Mon | 6/27/2011 | 7.50 | 775 | 5,812.50 | Review of emails, MORs, confidentiality agreements, correspondence |
| Tue | 6/28/2011 | 9.50 | 775 | 7,362.50 | Prep for depositions, review of emails and MORS, LT budget issues |
| Wed | 6/29/2011 | 10.50 | 775 | 8,137.50 | Prep for depositions, review of emails and MORS, WMI reorg issues |
| Thu | 6/30/2011 | 10.50 | 775 | 8,137.50 | Prep for deposition, attend deposition, discussions with lawyers |

This goes on and on; it only takes a quick review to see their repetitive Bill-padding and Block-Billings that has taken place month after month.

**Reasonableness of the requested fees**. See In re: Bonneville Pacific Corp., 147 BR 803, 805 (Bankr D Utah 1992) ("The ultimate determination that all requirements of the statute have been met rests with the Court". Whatever its responsibility may be in the absence of any objection, once an objection has been made and evidence and argument have been presented in support of the objection, a court may not adopt the ostrich's fabled position, but rather must assess the reasonableness of the fee application)".

**Lodestar Approach**
The "lodestar" approach assesses the reasonableness of requested compensation by comparing it to the court's estimates of necessary time and reasonable rates. In re McMullen, 273 B.R. 558, 562 (Bankr. C.D.Ill. 2002). In arriving at a reasonable number of hours and a reasonable rate, courts will consider "the evidence presented and by the court's own experience and knowledge of customary fees and costs charged in comparable cases." Id. Under this approach, if the requested fee amount is less than the lodestar baseline, it typically will be allowed in full; if greater than the baseline, the fee may be reduced to the baseline amount. Id.

Another area that requires review is **Expense Detail** or lack of it. The **repetitive practice of billing for expenses with no detailed** as required per the guidelines such as: cost of meals, the cost of travel, both air and local limo, hotels and meals expenses. **Debtors again failed to follow guidelines and rules for claiming expense:** (iii) Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred. Unusual items require more detailed explanations and should be allocated, where practicable, to specific projects.

**This Expense Detail has NO DETAIL !**

**ALVAREZ & MARSAL**
100 Pine Street, Suite 900 ☒ San Francisco, CA 94111 ☒ Phone: 415.490.2300 ☒ Fax: 415.837.1684

Expense Detail
Period Covering
6/1 - 6/30/2011

| | |
|---|---|
| Airfare | $ 36,984.50 |
| Ground Transportation | 8,797.69 |
| Meals | 7,916.51 |
| Hotel | 26,483.95 |
| Telecom | 786.80 |
| Miscellaneous | 242.31 |
| Total Out-of-Pocket Expenses | $ 81,211.76 |

**ALL EXPENSE MUST BE DENIED UNTIL THE REQUIRED DETAIL AS PER GUIDELINES 11 U.S.C. 330 IS PROVIDED!**

(5) Reimbursement for Actual, Necessary Expenses. Any expense for which reimbursement is sought must be actual and necessary and supported by documentation as appropriate. Factors relevant to a determination that the expense is proper include the following:

(i) Whether the expense is reasonable and economical. For example, first class and other luxurious travel mode or accommodations will normally be objectionable.

(ii) Whether applicant has provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred.

**This objection requests the Office of the United States Trustee, and U.S. Bankruptcy Court review the guidelines as per 11 U.S.C. 330. Where is our gatekeeper that controls this abuse?** Why does the Office of the United States Trustee and U.S. Bankruptcy Court have these guidelines, but fail to enforce them?

**Bankruptcy courts have denied compensation for services found to be unnecessary when compensation was sought for preparing and defending a hopelessly unconfirmable plan** (*In re Rusty Jones, Inc.,* 134 B.R. 321, 339 – 340 (Bankr. N.D.Ill. 1991)) and for prosecuting a preference claim after it became apparent that the claim would not yield a net gain to the estate (*In re Taxman Clothing Co.,* 49 F.3d 310, 315 – 316 (7th Cir. 1995)).

ALVAREZ & MARSAL, the Debtors, have proven to be disorganized and wasteful of the time and efforts of both the court and other counsel involved in this case. It has become blatantly clear that their interest have never been aligned with WMI's Estate but rather with the Hedge funds and JP Morgan, which shows a clear path of bankruptcy fraud, and a Breach of their Fiduciary duties.

 Additionally the Debtors again are wasting estate dollars going to confirmation hearings with their Modified Sixth Amended Joint Plan which fails all legal reasonableness test, plus in light of new information ALVAREZ & MARSAL, have breached their fiduciary duties to the estate by failing to disclose that Settlement Note Holders, "SNH" participated in the drafting of "The Plan" and the "Global Settlement Agreement" while willfully trading equity of WMI in violation of Insider Trading Law. The Office of the United States Trustee, must review how deep this FRAUD goes, and consider the replacement of ALVAREZ & MARSAL.

**This Objection is requesting a holdback/clawback of all fees that Debtors, their Counsel and Co-Counsel have overbilled WMI Estate. ADDITIONALLY: Your Honor, I respectfully request you put a stop to this waste by letting all parties understand that a major clawback will occur, if their requested fees have paid been by WMI estate during any acts of fraud such as bill padding, undisclosed assets, fraudulent conveyance, conflicts of interest, or any other acts of fraud or breach of ethics that this court could rule on.**

**EXCESSIVE FEES PAID BY THE ESTATE CANNOT BE USED AS A TOOL TO COVER FRAUD!**

Sincerely,

*David Shutvet*

David Shutvet

CC: Office of the United State Trustee Delaware
CC: Robert A. DeAngelis
CC: The Debtors, Washington Mutual, Inc.
CC: Richards, Layton & Finger, P.A.
CC: Susman Godfrey LLP
CC: Brian S. Rosen, Esq.
CC: Justin Nelson Esq.