# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| WASHINGTON MUTUAL, INC., *et al.*, ) | |
| ) | |
| ) | Case No. 08-12229 (MFW) |
| ) | |
| Debtors, ) | |
| ) | Jointly Administered |
| ) | |
| ) | Hearing Date: September 6, 2011 at 11:30 a.m.. (ET) |
| ) | Objection Deadline: August 29, 2011 at 4:00 p.m. (ET) |

## NOTICE OF SECOND MOTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., IN ITS CAPACITY AS INDENTURE TRUSTEE, FOR ENTRY OF AN ORDER FURTHER PARTIALLY LIQUIDATING AND ALLOWING PROOF OF CLAIM FOR FEES AND EXPENSES

PLEASE TAKE NOTICE that pursuant to Sections 501, 502 and 1129(a)(4) of title 11 of the United States Code (the "**Bankruptcy Code**") and pursuant to this Court's Opinion dated January 7, 2011 (the "**Opinion**") (Dkt. No. 6528) denying confirmation of the above-captioned Debtors' Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "**Sixth Amended Plan**"), in a motion dated August 15, 2011 (the "**Motion**"), The Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee for the WMI Senior Debt ("**BNY Mellon**") seeks entry of an order: (i) further allowing and partially liquidating the BNY Mellon Proofs of Claim in the amount of $473,328.80; and (ii) granting BNY Mellon such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that objections to the Motion must be filed with the Court and served on undersigned counsel so as to be received on or before August 29, 2011 by 4:00 p.m.

500882230v7

PLEASE TAKE FURTHER NOTICE, that a hearing on the Motion will be held on September 6, 2011 at 11:30 a.m.

PLEASE TAKE FURTHER NOTICE, THAT IF YOU FAIL TO FILE AN OBJECTION TO THE MOTION OR APPEAR AT THE HEARING IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: Wilmington, Delaware
August 15, 2011

Respectfully submitted,

/s/ Norman M. Monhait
Norman M. Monhait (No. 1040)
ROSENTHAL, MONHAIT & GODDESS, PA
Citizens Bank Center, Suite 1401
919 Market Street, P.O. Box 1070
Wilmington, DE 19899
Telephone: (302) 656-4433
Facsimile: (302) 658-7567

And

Leo T. Crowley
Margot P. Erlich
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500

*Attorneys for The Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee for the WMI Senior Debt*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WASHINGTON MUTUAL, INC., *et al.*, | ) | |
| | ) | |
| | ) | Case No. 08-12229 (MFW) |
| | ) | |
| Debtors, | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | Hearing Date: September 6, 2011 at 11:30 a.m. (ET) |
| | ) | Objection Deadline: August 29, 2011 at 4:00 p.m. (ET) |

## SECOND MOTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., IN ITS CAPACITY AS INDENTURE TRUSTEE, FOR ENTRY OF AN ORDER FURTHER PARTIALLY LIQUIDATING AND ALLOWING PROOF OF CLAIM FOR FEES AND EXPENSES

The Bank of New York Mellon Trust Company, N.A., as successor to The Bank of New York Trust Company, N.A., in its capacity as indenture trustee for the WMI Senior Debt (as defined below) ("**BNY Mellon**") hereby moves (the "**Motion**") pursuant to Sections 501, 502 and 1129(a)(4) of title 11 of the United States Code (the "**Bankruptcy Code**") and pursuant to this Court's Opinion dated January 7, 2011 (the "**Opinion**") (Dkt. No. 6528) denying confirmation of the above-captioned Debtors' Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (the "**Sixth Amended Plan**"), for entry of an order providing that the proofs of claim filed by BNY Mellon on March 17, 2009 (Claim No. 1738) (the "**Original Proof of Claim**") and December 18, 2009 (Claim No. 3806) (the "**Other Proof of Claim**" and with the Original Proof of Claim, the "**BNY Mellon Proofs of Claim**") are further allowed and partially liquidated to the extent that BNY Mellon incurred various fees and expenses pursuant to an indenture, described below, with Washington Mutual,

500882230v7

Inc. ("**WMI**"), whereby WMI is obligated to pay BNY Mellon regular compensation as well as reimbursement for expenses incurred in the fulfillment of the trustee's obligations, including attorney and other professional fees. BNY Mellon previously filed a motion which sought approval of fees through March 31, 2011, in which $1,560,712.22 in fees and expenses was approved. In support of the Motion, BNY Mellon respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding under 28 U.S.C. §157(b)(2). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. Pursuant to a certain Indenture, dated August 10, 1999, a First Supplemental Indenture dated August 1, 2002, and a Second Supplemental Indenture dated November 20, 2002 (together as amended and supplemented, the "**WMI Senior Debt Indenture**"), BNY Mellon is the successor trustee with regard to certain senior debt securities issued thereunder by WMI (the "**WMI Senior Debt**"). As of September 26, 2008 (the "**Petition Date**"), approximately $4,121,231,000.00 in principal, plus accrued interest, was outstanding under the WMI Senior Debt Indenture.

3. Section 6.7 of the WMI Senior Debt Indenture requires WMI "to pay the Trustee from time to time reasonable compensation for all services rendered by it hereunder" and to "reimburse the Trustee upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and disbursements of its agents and counsel)...." Section 6.7 also provides: "[a]s security for the performance of the obligations of

2

500882230v7

[WMI], the Trustee shall have a lien prior to the Securities upon all property and funds held or collected by the Trustee as such" except for funds held in trust for payment of principal or interest on particular securities.

4. On May 5, 2011, BNY Mellon filed a Motion for Entry of an Order: (A) Partially Liquidating and Allowing Proof of Claim for Fees and Expenses; and (B) Establishing a Protocol for Review of Additional Fees and Expenses (the "**Prior Motion**") (Dkt. No. 7387). The Prior Motion requested allowance and partial liquidation of the BNY Mellon Proofs of Claim to the extent that BNY Mellon incurred $1,560,712.22 in fees and expenses from the Petition Date through March 31, 2011.[1]

5. Subsequently, at a hearing on June 8, 2011, this Court entered an Order dated June 8, 2011 (the "**Fee Order**") (Dkt. No. 7873) which partially liquidated and allowed the BNY Mellon Proofs of Claim in the amount requested by BNY Mellon in the Prior Motion. BNY Mellon now requests partial liquidation and allowance of the BNY Mellon Proofs of Claim to the extent that BNY Mellon incurred various fees and expenses from April 1, 2011 through July 31, 2011 (the "**Application Period**").

6. As explained in the Prior Motion, the timing of BNY Mellon's motion is crucial to a seamless and efficient distribution under the Modified Sixth Amended Joint Plan of the above captioned Debtors, dated February 7, 2011 (the "**Modified Sixth Amended Plan**") (Dkt. No. 6696). Under Section 6.7 of the WMI Senior Debt Indenture, BNY Mellon has a lien upon all property and funds collected that is superior to the rights of the noteholders. Since the Debtors' general unsecured creditors will receive payment in full if the Modified Plan is

---

[1] In addition, the Prior Motion sought approval of protocol for approval of compensation earned by, and reimbursement of ongoing fees and expenses incurred by, BNY Mellon from April 1, 2011 through the conclusion of these bankruptcy cases. That part of the Prior Motion was withdrawn.

3

500882230v7

confirmed, BNY Mellon is entitled to full payment of its claim without the need to enforce its charging lien. But, absent the Court's determination of the reasonableness of its fees and expenses prior to distributions to holders of the WMI Senior Debt, BNY Mellon may have no practical choice but to exercise its charging lien. This could delay and dilute the distribution to such holders, a result which BNY Mellon seeks to avoid.

7. The Prior Motion contains an extensive recitation of the relevant procedural and factual history of the case as well as facts underlying the retention of professionals. In the interest of brevity, this Motion incorporates and reiterates all facts provided for in the background section of the Prior Motion.

8. During the Application Period, BNY Mellon has continued to serve in its capacity as indenture trustee under the WMI Senior Debt Indenture. BNY Mellon continues to perform its obligations as required by the WMI Senior Debt Indenture while participating in the resolution of these bankruptcy cases in its own right and as a member of the Creditors' Committee. A detailed description of BNY Mellon's involvement and participation in these cases during the Application Period is provided in further detail below.

9. Gary Bush, a Vice President at BNY Mellon in the Default Administration Group of the Global Corporate Trust Unit, performed the majority of work on behalf of BNY Mellon during the Application Period. Mr. Bush participated in weekly Creditors' Committee conference calls as well as numerous meetings with the Debtors. In addition, Mr. Bush reviewed all pleadings filed on behalf of BNY Mellon during the Application Period. Mr. Bush also extensively analyzed various drafts of an anticipated Seventh Amended Joint Plan, which ultimately was not proposed to this Court.

10. During the Application Period, Pillsbury spent significant time and effort preparing for and attending the confirmation hearing for the Modified Sixth Amended Plan and reviewing and analyzing multiple drafts of a contemplated Seventh Amended Joint Plan. Time was also spent analyzing various complex legal issues regarding subordination rights and drafting responses to various objections to confirmation of the Modified Sixth Amended Plan. Additionally, during the Application Period, Pillsbury prepared a statement with respect to rights to elect reorganized stock under the Modified Sixth Amended Plan and drafted the Prior Motion. Finally, Pillsbury participated in weekly conference calls with the Creditors' Committee and various meetings with the Debtors.

11. Rosenthal assisted throughout the Application Period reviewing and filing numerous pleadings prepared by Pillsbury on behalf of BNY Mellon, and consistently provided substantive insight in the process. Rosenthal also spent time monitoring motion deadlines and reviewing objections. In addition, a Rosenthal attorney prepared for and attended the confirmation hearing for the Modified Sixth Amended Plan.

12. For fees and expenses during the Application Period, BNY Mellon is owed approximately $473,328.80 in fees and expenses, which includes $59,145.00[2] for BNY Mellon as indenture trustee, $395,238.27 for Pillsbury as counsel, and $18,945.53 for Rosenthal as Delaware counsel. Attached hereto as Exhibit A are copies BNY Mellon's time records. Attached hereto as Exhibit B are redacted copies of Pillsbury's invoices for the Application Period. Lastly, copies of Rosenthal's invoices for the Application Period are attached hereto as Exhibit C.

---

[2] This aggregate amount includes annual fees owed pro rata for the four-month Application Period in the amount of $18,345.00 as well as extraordinary time charges in the amount of $40,800.00 for the same period.

500882230v7

## ARGUMENT

13. Section 1129(a)(4) of the Bankruptcy Code provides, in pertinent part, that, "[t]he court shall confirm a plan only if all of the following requirements are met . . . (4) Any payment made or to be made . . . by the debtor . . . for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable." 11 U.S.C. §1129(a)(4). For this reason, as noted above, the Opinion requires that the fees of the indenture trustees, including BNY Mellon, and various other parties in these proceedings, be approved by the Court as reasonable before they are paid.

### A. The BNY Mellon Proofs of Claim Should Be Further Allowed and Partially Liquidated

14. Section 502(a) of the Bankruptcy Code provides:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C. § 502(a). Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a properly executed and filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Under the Bankruptcy Code, an indenture trustee is permitted to file a proof of claim. *See* 11 U.S.C. § 501(a).

15. Because BNY Mellon has a valid pre-petition contract, i.e. the WMI Senior Debt Indenture, which requires WMI to pay BNY Mellon's fees and expenses and these cases involve solvent estates, the BNY Mellon Proofs of Claim should be allowed and partially liquidated. *See generally, Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co.* ("*Travelers*"),

6

549 U.S. 443, 448-54 (2007). BNY Mellon hereby seeks partial allowance of the BNY Mellon Proofs of Claim, which were timely and validly filed.[3]

16. The provision of the WMI Senior Debt Indenture providing for compensation to BNY Mellon for services rendered and reimbursement of expenses, disbursements and advances entitles BNY Mellon to payment for such compensation and expenses incurred both pre-petition and post-petition as part of its allowed claim against WMI.

**B.     The Fees and Expenses Sought Are Reasonable**

17. The compensation provision in the WMI Senior Debt Indenture contemplates that BNY Mellon will expend efforts and funds in fulfilling its contractual obligations during the entire term of any debt issued thereunder, including a possible bankruptcy of the issuer. The fees and expenses incurred by BNY Mellon are reasonable, particularly in light of the complexity of these cases and the scope of BNY Mellon's involvement in its capacity as an indenture trustee and as a member of the Creditors' Committee.

18. During the Application Period, BNY Mellon has vigilantly avoided duplication of services and has kept its participation to the level necessary and appropriate in light of its role as trustee for over $4 billion of WMI Senior Debt. It relied on counsel to the Creditors' Committee in appropriate circumstances to perform the legal research required, and generally limited its participation to higher level review and analysis of the various legal issues and drafts of pleadings prepared by counsel to the Creditors' Committee. BNY Mellon also filed its own pleadings on behalf of the WMI Senior Debt when appropriate for BNY Mellon's constituency.

19. The services and expenses for which compensation is sought in this Motion were necessary and beneficial to the performance of BNY Mellon's obligations as indenture

---

[3] The substantial contribution standard set forth in Section 503(b) of the Bankruptcy Code is not applicable here and therefore BNY Mellon has not attempted in this Motion to satisfy that standard.

trustee, as well as a member of the Creditors' Committee. The services rendered were performed effectively, efficiently, and economically. Further, the requested compensation is reasonable in light of the nature, extent and value of the services rendered. Therefore, given the circumstances of these cases, it is respectfully submitted that the fees and expenses incurred are reasonable.

## NO PRIOR REQUEST

20. BNY Mellon has not made a previous application for the relief requested herein to this or any other Court.

## NOTICE

21. Notice of this Motion will be given to: (i) counsel to the Debtors; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel for the Official Committee of Unsecured Creditors; (iv) counsel for the Equity Committee; and (v) all parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. BNY Mellon submits that no further notice of this Motion is required.

WHEREFORE, BNY Mellon respectfully requests that this Court enter an order, substantially in the form attached hereto as <u>Exhibit D</u>, (i) allowing and partially liquidating the BNY Mellon Proofs of Claim in the amount of $473,328.80; and (ii) granting BNY Mellon such other and further relief as the Court deems just and proper.

Dated: August 15, 2011

                              Respectfully submitted,

                              /s/ Norman M. Monhait
                              Norman M. Monhait (No. 1040)
                              ROSENTHAL, MONHAIT & GODDESS, PA
                              Citizens Bank Center, Suite 1401
                              919 Market Street, P.O. Box 1070
                              Wilmington, DE 19899
                              Telephone: (302) 656-4433
                              Facsimile: (302) 658-7567

                              And

                              Leo T. Crowley
                              Margot P. Erlich
                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                              1540 Broadway
                              New York, New York 10036
                              Telephone: (212) 858-1000
                              Facsimile: (212) 858-1500

                              *Attorneys for The Bank of New York Mellon Trust*
                              *Company, N.A., in its capacity as indenture trustee*
                              *for the WMI Senior Debt*