# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WASHINGTON MUTUAL, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br><br>Jointly Administered<br><br>Hearing Date: September 6, 2011 at 2:00 p.m. (ET)<br>Objection Deadline: August 30, 2011 at 4:00 p.m. (ET) |

## MOTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK, IN ITS CAPACITY AS INDENTURE TRUSTEE, FOR ENTRY OF AN ORDER PARTIALLY ALLOWING AND LIQUIDATING PROOF OF CLAIM FOR FEES AND EXPENSES INCURRED FROM APRIL 1, 2011 THROUGH AND INCLUDING JULY 31, 2011

Law Debenture Trust Company of New York ("Law Debenture"), as successor indenture trustee under that certain indenture, dated as of April 4, 2000, between Washington Mutual, Inc. ("WMI," and, together with WMI Investment Corp., the "Debtors"), and The Bank of New York ("BNY"), as successor to Harris Trust and Savings Bank (as supplemented by that certain First Supplemental Indenture and Second Supplemental Indenture, dated as of August 1, 2002, and March 16, 2004, respectively, the "Indenture"), by this motion (the "Motion"), pursuant to sections 501, 502, 1123(b)(6), and 1129(a)(4) of title 11 of the United States Code (the "Bankruptcy Code") and this Court's Opinion dated January 7, 2011 (the "Confirmation Opinion") [Dkt. No. 6528], denying confirmation of the Debtors' *Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Sixth Amended Plan") [Dkt. No. 5548], respectfully requests entry of an order partially allowing and liquidating a portion of one of the Law Debenture Claims (as defined below) in the additional amount of $445,792.00. In support of the Motion, Law Debenture respectfully states as follows:

3681514

## Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a core proceeding under, *inter alia*, 28 U.S.C. §157(b)(2)(B). Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### The Bankruptcy Cases

2. On September 26, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their affairs pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On October 15, 2008, the United States Trustee for the District of Delaware (the "US Trustee") appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee"). Law Debenture was appointed to the Creditors' Committee on that date.

4. Law Debenture retained Patterson Belknap Webb & Tyler LLP ("Patterson Belknap") as its primary legal counsel and Edwards Angell Palmer & Dodge LLP ("EAPD") as its Delaware counsel. In March 2011, the members of EAPD resigned and joined another firm, thereby leaving EAPD without a Wilmington, Delaware office. Accordingly, EAPD resigned as Law Debenture's Delaware counsel. Law Debenture retained Morris James LLP ("Morris James") as its new Delaware counsel. On March 24, 2011, Morris James filed a *Notice of Substitution of Counsel and Notice of Appearance of Counsel to Law Debenture Trust Company of New York* [Dkt. No. 7029].

The Senior Subordinated Notes and the Indenture

5.  Pursuant to the Indenture, WMI issued the following notes, all of which remain outstanding: (a) $500 million in aggregate principal amount of 8.250% Notes Due April 1, 2010 (the "2010 Notes"); (b) $750 million in aggregate principal amount of 4.625% Notes Due April 1, 2014 (the "2014 Notes"); and (c) $500 million in aggregate principal amount of 7.250% Notes Due November 1, 2017 (the "2017 Notes," and, together with the 2010 Notes and the 2014 Notes, the "Senior Subordinated Notes"). Pursuant to an Agreement of Resignation, Appointment and Acceptance, dated as of October 14, 2008, by and among the Debtors, Law Debenture and BNY, Law Debenture became successor indenture trustee under the Indenture. A copy of the Indenture was filed with the Court on December 19, 2008 [Dkt. No. 473].

6.  Section 6.7 of the Indenture requires WMI "to pay the [indenture trustee] from time to time reasonable compensation for all services rendered by it hereunder" and to "reimburse the [indenture trustee] upon its request for all reasonable expenses, disbursements and advances incurred or made by [it] in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and disbursements of its agents and counsel) . . . ." Section 6.7 also provides: "[a]s security for the performance of the obligations of [WMI], the [indenture trustee] shall have a lien prior to the [holders of Senior Subordinated Notes] upon all property and funds held or collected by the [indenture trustee] as such" except for funds held in trust for payment of principal or interest on the underlying securities.[1]

Law Debenture's Claims

7.  On or about March 24, 2009, Law Debenture timely filed a proof of claim against WMI, asserting, among other things, principal and interest due on account of the Senior

---

[1] This provision of the Indenture entitles Law Debenture to payment for such compensation and expenses incurred both pre-petition and post-petition as part of its allowed claim against WMI.

Subordinated Notes as well as compensation and indemnity due under the Indenture, which claim was assigned claim number 2479 on the official claims register ("Claim No. 2479"). A copy of Claim No. 2479 was attached to the First Fee Motion (as defined below).

8. On or about November 17, 2009, the Debtors and Law Debenture entered into a stipulation (the "Claims Stipulation") that set forth the agreed amount of principal and pre-petition interest due on account of the Senior Subordinated Notes. The Claims Stipulation provided that Law Debenture would file an additional proof of claim to allow the Debtors to bifurcate the obligations to Law Debenture between the fixed amounts due under the Indenture (*i.e.*, for principal and pre-petition interest) and the unliquidated amounts (*i.e.*, additional interest, fees and expenses, including, but not limited to, reasonable attorneys' fees and amounts due under applicable indemnity provisions). On December 17, 2009, this Court entered an Order approving the Claims Stipulation [Dkt. No. 2017], thereby fixing and allowing Claim No. 2479 for principal and pre-petition interest due on the Senior Subordinated Notes in the amounts agreed upon by the Debtors and Law Debenture.

9. On or about December 18, 2009, Law Debenture filed an additional proof of claim against WMI in accordance with the terms of the Claims Stipulation, which claim was assigned claim number 3807 on the official claims register ("Claim No. 3807," and, together with Claim No. 2479, the "Law Debenture Claims"). A copy of Claim No. 3807 was attached to the First Fee Motion. Pursuant to Claim No. 3807, Law Debenture sought payment on account of its claims for: (a) the continuing accrual of interest on the Senior Subordinated Notes; (b) any amounts due under applicable indemnity provisions; and (c) all fees and expenses, including attorneys' fees, in each case, pursuant to the terms of the Indenture.

Approval of Law Debenture's Fees and Expenses

10. On October 6, 2010, the Debtors filed the Sixth Amended Plan, which provided that the fees and expenses of indenture trustees, including Law Debenture, were to be paid in cash on the effective date of the Sixth Amended Plan. In the Confirmation Opinion, however, the Court held that the fees of indenture trustees and various other parties in these cases must be reviewed by the Court under a reasonableness standard before such fees could be paid.

11. On May 5, 2011, Law Debenture filed a motion (the "First Fee Motion") [Dkt. No. 7384] to (a) partially allow and liquidate Claim No. 3807 for all post-petition fees and expenses accrued from the Petition Date through March 31, 2011 (the "First Fee Period"), in the amount of $1,171,831.81, and (b) establish a protocol for the Court's review of fees and expenses incurred by Law Debenture after the First Fee Period. No party objected to the First Fee Motion.

12. On June 8, 2011, the Court entered an order (the "Fee Order") [Dkt. No. 7874] partially allowing and liquidating Claim No. 3807 for all fees and expenses accrued during the First Fee Period. At the request of the Debtors, the Fee Order did not implement the protocol that Law Debenture requested in the First Fee Motion. Instead, the Fee Order directed that the reasonableness of the fees and expenses incurred by Law Debenture after the First Fee Period would be subject to a further order of the Court.

13. Law Debenture files this Motion for the partial allowance and liquidation of Claim No. 3807 for Law Debenture's fees and expenses incurred during the period from April 1, 2011, through and including July 31, 2011 (the "Second Fee Period").

Law Debenture's Continuing Role in the Debtors' Cases

14. Law Debenture has served as indenture trustee under the Indenture since shortly after the Petition Date. Law Debenture continues to perform its obligations as required by the Indenture while participating in the resolution of these cases as a member of the Creditors' Committee. During the Second Fee Period, James D. Heaney, a Managing Director and Senior Trust Officer at Law Debenture, continued to perform the majority of work on its behalf. Among other things, Mr. Heaney (a) participated in meetings and conference calls regarding the *Modified Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated February 7, 2011 (the "Modified Plan") [Dkt. Nos. 6696, 6964, 7038, and 7040], (b) participated in conference calls regarding possible further modifications to the Modified Plan, and (c) participated regularly in Creditors' Committee conference calls.

15. During the Second Fee Period, Patterson Belknap continued to represent Law Debenture as its lead bankruptcy counsel and Morris James continued to represent Law Debenture as its Delaware counsel. By way of example only, during the Second Fee Period Patterson Belknap attorneys: (a) participated in conference calls with the Creditors' Committee and meetings with the Debtors and other large stakeholders regarding possible modifications to the Modified Plan; (b) reviewed and analyzed objections to the Modified Plan and other relevant pleadings; (c) analyzed subordination provisions in the Indenture and the controlling indentures for other funded debt classes; (d) prepared a statement in support of the confirmation of the Modified Plan and in response to certain objections (the "Confirmation Response") [Dkt. No. 8101]; and (e) attended and participated in the hearing to consider confirmation of the Modified Plan (the "Confirmation Hearing"). Morris James provided support and assistance to Law Debenture and Patterson Belknap by reviewing and analyzing objections to the Modified Plan

and other relevant pleadings and with respect to the Confirmation Response, the Confirmation Hearing, and other matters.

Law Debenture's Fees and Expenses

16. As of August 1, 2011, Law Debenture was owed approximately $445,792.00 in fees and expenses for work performed by Law Debenture and its professionals during the Second Fee Period, which includes $29,476.67 for Law Debenture as indenture trustee, $368,038.53 for Patterson Belknap, and $48,276.80 for Morris James. Attached as Exhibit A are copies of Law Debenture's invoices for the Second Fee Period. Attached as Exhibit B are copies of Patterson Belknap's invoices for the Second Fee Period. Attached as Exhibit C are copies of Morris James' invoices for the Second Fee Period.

## Relief Requested

17. Section 1129(a)(4) of the Bankruptcy Code provides, in pertinent part, that, "[t]he court shall confirm a plan only if all of the following requirements are met . . . (4) Any payment made or to be made . . . by the debtor . . . for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable." Pursuant to section 1129(a)(4) of the Bankruptcy Code, the Confirmation Opinion, and the Fee Order, Law Debenture respectfully requests entry of an order, substantially in the form attached as Exhibit D, partially liquidating and allowing Claim No. 3807 for the fees and expenses it has incurred during the Second Fee Period.[2]

---

[2] Law Debenture is *not* seeking payment of any amount at this time. The Modified Plan, if confirmed, will govern the timing of payment to Law Debenture. Rather, Law Debenture seeks partial allowance of Claim No. 3807 at this time to avoid complications that could arise if the Court has not ruled on the reasonableness of Law Debenture's fees and expenses before the date on which distributions are made pursuant to the Modified Plan (if it is confirmed).

### A. Claim No. 3807 for Reasonable Fees and Expenses Should be Partially Allowed and Liquidated.

18. Section 502(a) of the Bankruptcy Code provides:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a properly executed and filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Under the Bankruptcy Code, an indenture trustee is permitted to file a proof of claim. *See* 11 U.S.C. § 501(a).

19. Because Law Debenture has a valid pre-petition contract, *i.e.* the Indenture, which authorizes payment of fees and expenses, and these cases involve solvent estates, Claim No. 3807 can be allowed and partially liquidated. *See generally, Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 448-54 (2007). Accordingly, Law Debenture seeks partial allowance of Claim No. 3807, which was validly filed pursuant to the Claims Stipulation and an order of this Court.

20. Additionally, the Court's approval of this Motion prior to the effective date of the Modified Plan (if confirmed) is crucial to a seamless and efficient distribution of the Debtors' assets. Under Section 6.7 of the Indenture, Law Debenture has a lien upon all property and funds that it collects for distribution to holders of the Senior Subordinated Notes that is superior to the rights of such holders. Since the Debtors' general unsecured creditors will receive payment in full if the Modified Plan is confirmed, Law Debenture is entitled to full payment of its claim without having to enforce its charging lien. However, absent Court approval of this Motion, Law Debenture may have no choice but to exercise its charging lien before the Debtors make

distributions to holders of the Senior Subordinated Notes.[3] This could delay and dilute the distribution to such holders, a result that Law Debenture naturally seeks to avoid.

21. The compensation provision in the Indenture (Section 6.7) contemplates that Law Debenture will expend efforts and funds fulfilling its contractual obligations during the entire term of any debt issued thereunder, including a possible bankruptcy of WMI. The services and expenses for which compensation is sought in this Motion – services that were performed effectively, efficiently, and economically – were necessary and beneficial to the performance of Law Debenture's obligations as indenture trustee. It is respectfully submitted that the fees and expenses incurred by Law Debenture during the Second Fee Period are reasonable.

## Notice

22. Notice of this Motion will be given to: (a) counsel to the Debtors; (b) the US Trustee; (c) counsel for the Creditors' Committee; (d) counsel for the Official Committee of Equity Security Holders; and (e) all parties that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Law Debenture submits that no further notice of this Motion is required.

*[Remainder of page intentionally left blank]*

---

[3] *See* Modified Plan, Art. 32.12.

WHEREFORE, Law Debenture respectfully requests that this Court enter an order, substantially in the form attached as Exhibit D, partially allowing and liquidating Claim No. 3807 in the additional amount of $445,792.00 and granting Law Debenture such other and further relief as the Court deems just and proper.

Dated: August 17, 2011

Respectfully submitted,

MORRIS JAMES LLP

By: Stephen M. Miller (DE Bar No. 2610)
    Courtney R. Hamilton (DE Bar No. 5432)
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

– and –

PATTERSON BELKNAP WEBB & TYLER LLP
Daniel A. Lowenthal
Brian P. Guiney
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Facsimile: (212) 336-2222

*Counsel for Law Debenture Trust Company of New York*