# Exhibit A

WASHINGTON MUTUAL INC.

To

THE BANK OF NEW YORK,

Trustee

INDENTURE

Dated as of April 30, 2001

Junior Subordinated Debt Securities

---

WASHINGTON MUTUAL INC.

Reconciliation and tie between
Trust Indenture Act of 1939
and Indenture,
dated as of April 30, 2001

| Trust Indenture Act Sections | Indenture Section |
|---|---|
| § 310(a)(1) | 609 |
| (a)(2) | 609 |
| (a)(3) | Not Applicable |
| (a)(4) | Not Applicable |
| (a)(5) | 609 |
| (b) | 608 |
|  | 610 |
| (c) | Not Applicable |
| § 311(a)(1) | 613(a) |
| (b) | 613(b) |
| (b)(2) | 703(a)(3) |
|  | 703(b) |
| § 312(a) | 701 |
|  | 702(a) |
| (b) | 702(b) |
| (c) | 702(c) |
| § 313(a) | 703(a) |

| | |
|---|---|
| (b) | 703(b) |
| (c) | 703(c) |
| (d) | 703(d) |
| § 314(a) | 704, 1007 |
| (b) | Not Applicable |
| (c)(1) | 102 |
| (c)(2) | 102 |
| (c)(3) | Not Applicable |
| (d) | Not Applicable |
| (e) | 102 |
| § 315(a) | 609(a) |
| | 601(c) |
| (b) | 602 |
| | 703(a)(7) |
| (c) | 601(b) |
| (d) | 601(c) |
| (d)(1) | 601(a) |
| (d)(2) | 601(c)(2) |
| (d)(3) | 601(c)(3) |
| (e) | 514 |
| § 316(a) | 101 |
| (a)(1)(A) | 104(h), 502 |
| | 512 |
| (a)(1)(B) | 104(h), 513 |
| (a)(2) | Not Applicable |
| (b) | 508 |

i

| | |
|---|---|
| § 317(a)(1) | 503 |
| (a)(2) | 504 |
| (b) | 1003 |
| § 318(a) | 107 |
| (c) | 107 |

ii

# Table of Contents

| | Page |
|---|---|
| ARTICLE ONE DEFINITIONS AND OTHER PROVISIONS OF GENERAL APPLICATION | 1 |
| SECTION 101. Definitions. | 1 |
| SECTION 102. Compliance Certificates and Opinions. | 8 |
| SECTION 103. Form of Documents Delivered to Trustee. | 8 |
| SECTION 104. Acts of Holders. | 9 |
| SECTION 105. Notices, etc. to Trustee and Company. | 10 |
| SECTION 106. Notice to Holders; Wavier. | 10 |
| SECTION 107. Conflict with Trust Indenture Act. | 11 |
| SECTION 108. Effect of Headings and Table of Contents. | 11 |
| SECTION 109. Successors and Assigns. | 11 |
| SECTION 110. Separability Clause. | 11 |
| SECTION 111. Benefits of Indenture. | 11 |
| SECTION 112. Governing Law. | 12 |
| SECTION 113. Legal Holidays. | 12 |
| SECTION 114. Counterparts. | 12 |

ARTICLE TWO DEBT SECURITY FORMS — 12
   SECTION 201. Forms Generally. — 12
   SECTION 202. Form of Trustee's Certificate of Authentication. — 13
   SECTION 203. Debt Securities in Global Form. — 13
ARTICLE THREE THE DEBT SECURITIES — 13
   SECTION 301. Amount Unlimited: Issuable in Series. — 13
   SECTION 302. Denominations. — 13
   SECTION 303. Execution, Authentication, Delivery and Dating. — 16
   SECTION 304. Temporary Debt Securities. — 16
   SECTION 305. Registration; Registration of Transfer and Exchange. — 18
   SECTION 306. Mutilated, Destroyed, Lost and Stolen Debt Securities. — 20
   SECTION 307. Payment of Interest; Interest Rights Preserved. — 23
   SECTION 308. Persons Deemed Owners. — 24
   SECTION 309. Cancellation. — 26
   SECTION 310. Computation of Interest. — 26
   SECTION 311. Certification by a Person Entitled to Delivery of a Bearer Security. — 26
   SECTION 312. Judgments. — 27
ARTICLE FOUR SATISFACTION AND DISCHARGE — 27
   SECTION 401. Satisfaction and Discharge of Indenture. — 27
   SECTION 402. Application of Trust Money and Eligible Instruments. — 27
ARTICLE FIVE REMEDIES — 28
   SECTION 501. Events of Default. — 29
   SECTION 502. Acceleration of Maturity; Rescission and Annulment. — 29
   SECTION 503. Collection of Indebtedness and Suits for Enforcement by Trustee. — 29
   SECTION 504. Trustee May File Proofs of Claim. — 29
   SECTION 505. Trustee May Enforce Claims without Possession of Debt Securities or Coupons. — 30
   SECTION 506. Application of Money Collected. — 31
   SECTION 507. Limitation on Suits. — 31
   SECTION 508. Unconditional Right of Holders to Receive Principal, Premium and Interest and to Exchange Debt Securities for Capital Securities. — 32
   SECTION 509. Restoration of Rights and Remedies. — 32

   SECTION 510. Rights and Remedies Cumulative. — 33
   SECTION 511. Delay or Omission Not Waiver. — 33
   SECTION 512. Control by Holders of Debt Securities. — 33
   SECTION 513. Waiver of Past Defaults. — 33
   SECTION 514. Undertaking for Costs. — 33
   SECTION 515. Waiver of Stay or Extension Laws. — 34
ARTICLE SIX THE TRUSTEE — 34
   SECTION 601. Certain Duties and Responsibilities. — 34
   SECTION 602. Notice of Defaults. — 34
   SECTION 603. Certain Rights of Trustee. — 35
   SECTION 604. Not Responsible for Recitals or Issuance of Debt Securities. — 35
   SECTION 605. May Hold Debt Securities or Coupons. — 37
   SECTION 606. Money Held in Trust. — 37
   SECTION 607. Compensation and Reimbursement. — 37
   SECTION 608. Disqualification. — 37
   SECTION 609. Corporate Trustee Required; Eligibility. — 37
   SECTION 610. Resignation and Removal; Appointment of Successor. — 38
   SECTION 611. Acceptance of Appointment by Successor. — 38
   SECTION 612. Merger, Conversion, Consolidation or Succession to Business. — 38
   SECTION 613. Preferential Collection of Claims Against Company. — 38
   SECTION 614. Authenticating Agent. — 40
ARTICLE SEVEN HOLDERS' LISTS AND REPORTS BY TRUSTEE AND COMPANY — 41
   SECTION 701. Company to Furnish Trustee Names and Addresses of Holders. — 41
   SECTION 702. Preservation of Information; Communications to Holders. — 44
   SECTION 703. Reports by Trustee. — 45
   SECTION 704. Reports by Company. — 45

ARTICLE EIGHT CONSOLIDATION, MERGER, CONVEYANCE, TRANSFER OR LEASE 48
    SECTION 801. Company May Consolidate, etc., Only on Certain Terms. 48
    SECTION 802. Successor Corporation Substituted. 49
ARTICLE NINE SUPPLEMENTAL INDENTURES 49
    SECTION 901. Supplemental Indentures without Consent of Holders. 49
    SECTION 902. Supplemental Indentures with Consent of Holders. 50
    SECTION 903. Execution of Supplemental Indentures. 51
    SECTION 904. Effect of Supplemental Indentures. 51
    SECTION 905. Conformity with Trust Indenture Act. 51
    SECTION 906. Reference in Debt Securities to Supplemental Indenture. 52
ARTICLE TEN COVENANTS 52
    SECTION 1001. Payment of Principal, Premium and Interest. 52
    SECTION 1002. Maintenance of Office or Agency. 52
    SECTION 1003. Money for Debt Securities Payments to Be Held in Trust. 53
    SECTION 1004. Officers' Certificate as to Default. 54
    SECTION 1005. Limitation on Disposition of Voting Stock of, and Merger and Sale of Assets by, the Bank. 54
    SECTION 1006. Payment of Additional Amounts. 55
    SECTION 1007. Waiver of Certain Covenants. 55
    SECTION 1008. Calculation of Original Issue Discount 55
ARTICLE ELEVEN REDEMPTION OF DEBT SECURITIES 56
    SECTION 1101. Applicability of Article. 56
    SECTION 1102. Election to Redeem; Notice to Trustee. 56
    SECTION 1103. Selection by Trustee of Debt Securities to Be Redeemed. 56

    SECTION 1104. Notice of Redemption. 56
    SECTION 1105. Deposit of Redemption Price. 57
    SECTION 1106. Debt Securities Payable on Redemption Date. 57
    SECTION 1107. Debt Securities Redeemed in Part. 58
ARTICLE TWELVE SINKING FUNDS 58
    SECTION 1201. Applicability of Article. 58
    SECTION 1202. Satisfaction of Sinking Fund Payments with Debt Securities. 58
    SECTION 1203. Redemption of Debt Securities for Sinking Fund. 58
ARTICLE THIRTEEN REPAYMENT AT THE OPTION OF HOLDERS 59
    SECTION 1301. Applicability of Article. 59
    SECTION 1302. Repayment of Debt Securities. 59
    SECTION 1303. Exercise of Option; Notice. 59
    SECTION 1304. Election of Repayment by Remarketing Entities. 59
    SECTION 1305. Debt Securities Payable on the Repayment Date. 60
ARTICLE FOURTEEN EXCHANGE OF CAPITAL SECURITIES FOR DEBT SECURITIES 61
    SECTION 1401. Applicability of Article. 61
    SECTION 1402. Exchange of Capital Securities for Debt Securities at Stated Maturity. 61
    SECTION 1403. Right of Early Exchange of Capital Securities for Debt Securities. 61
    SECTION 1404. Notices of Exchange. 62
    SECTION 1405. Rights and Duties of Holders of Debt Securities to be Exchanged for Capital Securities. 62
    SECTION 1406. Election to Exchange. 63
    SECTION 1407. Deposit of Capital Exchange Price. 65
    SECTION 1408. Debt Securities Due on Capital Exchange Date; Debt Securities Exchanged in Part. 65
    SECTION 1409. Form of Capital Security Election Form. 65
    SECTION 1410. Fractional Capital Securities. 65
    SECTION 1411. Company to Obtain Governmental and Regulatory Approvals. 66
    SECTION 1412. Taxes on Exchange. 67
    SECTION 1413. Covenants as to Capital Securities and Secondary Offering. 67
    SECTION 1414. Provision in Case of Consolidation, Merger or Transfer of Assets. 67
    SECTION 1415. Responsibility of Trustee. 67
    SECTION 1416. Revocation of Obligation to Exchange Capital Securities for Debt Securities. 68
    SECTION 1417. Optional Securities Funds. 68

| | |
|---|---|
| ARTICLE FIFTEEN SECURITIES FUNDS | 70 |
| SECTION 1501. Creation of Securities Funds. | 70 |
| SECTION 1502. Designations of Securities Funds. | 70 |
| SECTION 1503. Covenant of the Company to Obtain Securities Funds. | 71 |
| ARTICLE SIXTEEN MEETINGS OF HOLDERS OF DEBT SECURITIES | 71 |
| SECTION 1601. Purposes for Which Meetings May Be Called. | 71 |
| SECTION 1602. Call, Notice and Place of Meetings. | 71 |
| SECTION 1603. Persons Entitled to Vote at Meetings. | 71 |
| SECTION 1604. Quorum; Action. | 72 |
| SECTION 1605. Determination of Voting Rights; Conduct and Adjournment of Meetings. | 72 |
| SECTION 1606. Counting Votes and Recording Action of Meetings. | 73 |
| ARTICLE SEVENTEEN DEFEASANCE | 73 |
| SECTION 1701. Termination of Company's Obligations. | 73 |
| SECTION 1702. Repayment to Company. | 74 |
| SECTION 1703. Indemnity for Eligible Instruments. | 74 |

| | |
|---|---|
| ARTICLE EIGHTEEN SUBORDINATION OF DEBT SECURITIES | 75 |
| SECTION 1801. Debt Securities Subordinate to Senior Debt. | 75 |
| SECTION 1802. Trustee and Holders of Debt Securities May Rely on Certificate of Liquidating Agent; Trustee May Require Further Evidence as to Ownership of Senior Debt; Trustee Not Fiduciary to Holders of Senior Debt. | 77 |
| SECTION 1803. Payment Permitted if No Default. | 77 |
| SECTION 1804. Trustee Not Charged with Knowledge of Prohibition. | 77 |
| SECTION 1805. Trustee to Effectuate Subordination. | 78 |
| SECTION 1806. Rights of Trustee as Holder of Senior Debt. | 78 |
| SECTION 1807. Article Applicable to Paying Agents. | 78 |
| SECTION 1808. Subordination Rights Not Impaired by Acts or Omissions of the Company or Holders of Senior Debt. | 78 |
| ARTICLE NINETEEN CONVERSION OF CONVERTIBLE SECURITIES | 78 |
| SECTION 1901. Applicability of Article. | 78 |
| SECTION 1902. Right to Convert. | 78 |
| SECTION 1903. Exercise of Conversion Privilege; Delivery of Common Stock on Conversion; No Adjustment for Interest or Dividends. | 79 |
| SECTION 1904. Cash Payments in Lieu of Fractional Shares. | 80 |
| SECTION 1905. Conversion Price. | 80 |
| SECTION 1906. Adjustment to Conversion Price. | 80 |
| SECTION 1907. Effect of Reclassification, Consolidation, Merger or Sale. | 83 |
| SECTION 1908. Taxes on Shares Issued. | 83 |
| SECTION 1909. Shares to be Fully Paid; Compliance with Governmental Requirements; Listing of Common Stock. | 84 |
| SECTION 1910. Responsibility of Trustee. | 84 |
| SECTION 1911. Notice to Holders Prior to Certain Actions. | 84 |
| SECTION 1912. Covenant to Reserve Shares. | 85 |

INDENTURE (the "Indenture") dated as of April 30, 2001, between WASHINGTON MUTUAL INC., a Washington corporation (hereinafter called the "Company"), having its principal place of business at 1201 Third Avenue—WMT 1706, Seattle, Washington 98101 and THE BANK OF NEW YORK, a New York banking corporation (hereinafter called the "Trustee"), having its Corporate Trust Office at 101 Barclay Street, Floor 21 West, New York, New York 10286.

## RECITALS OF THE COMPANY

proper remedy.

SECTION 504. *Trustee May File Proofs of Claim.*

In case of the pendency of any receivership, insolvency, liquidation, bankruptcy, reorganization, arrangement, adjustment, composition or other judicial proceedings, or any voluntary or involuntary case under the Federal bankruptcy laws as now or hereafter constituted, relative to the Company or any other obligor upon the Debt Securities of a particular series or any related coupons or the property of the Company or of such other obligor or their creditors, the Trustee (irrespective of whether the principal of such Debt Securities shall then be due and payable as therein expressed or by declaration or otherwise and irrespective of whether the Trustee shall have made any demand on the Company for the payment of overdue principal or interest) shall be entitled and empowered, by intervention in such proceeding or otherwise,

(1) to file and prove a claim for the whole amount of principal (and premium, if any) and interest owing and unpaid in respect of the Debt Securities of such series and any appurtenant coupons and to file such other papers or documents as may be necessary or advisable in order to have the claims of the Trustee (including any claim for the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel) and of the Holders allowed in such judicial proceeding, and

(2) to collect and receive any moneys or other property payable or deliverable on any such claims and to distribute the same;

and any receiver, assignee, trustee, custodian, liquidator, sequestrator or other similar official in any such proceeding is hereby authorized by each Holder to make such payments to the Trustee, and in the event that the Trustee shall consent to the making of such payments directly to the Holders, to pay to the Trustee any amount due it for the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel, and any other amounts due the Trustee under Section 607.

Nothing herein contained shall be deemed to authorize the Trustee to authorize or consent to or accept or adopt on behalf of any Holder any plan of reorganization, arrangement, adjustment or composition affecting the Debt Securities or coupons or the rights of any Holder thereof, or to authorize the Trustee to vote in respect of the claim of any Holder in any such proceeding.

SECTION 505. *Trustee May Enforce Claims without Possession of Debt Securities or Coupons.*

All rights of action and claims under this Indenture or the Debt Securities or coupons may be prosecuted and enforced by the Trustee without the possession of any of the Debt Securities or coupons or the production thereof in any proceeding relating hereto, and any such proceeding instituted by the Trustee shall be brought in its own name, as trustee of an express trust, and any recovery of judgment shall, after provision for the payment of the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and counsel, be for the ratable benefit of the Holders of the Debt Securities and coupons in respect of which such judgment has been recovered.

31

SECTION 506. *Application of Money Collected.*

Any money collected by the Trustee pursuant to this Article shall be applied in the following order, at the date or dates fixed by the Trustee and, in case of the distribution of such money on account of principal (and premium, if any) or interest, upon presentation of the Debt Securities or coupons, or both, as the case may be, and the notation thereon of the payment if only partially paid and upon surrender thereof if fully paid:

FIRST: To the Trustee for payment of all costs and expenses of collection, including all sums paid or advanced by the Trustee and the reasonable compensation, expenses and disbursements of the Trustee, its agents and counsel, and any other amounts due the Trustee under Section 607;

SECOND: To the payment of amounts then due and unpaid to the holders of Senior Debt, to the extent

required by Article Eighteen;

THIRD: To the payment of the amounts then due and unpaid for principal of (and premium, if any) and interest on the Debt Securities and any coupons, in respect of which or for the benefit of which such money has been collected ratably, without preference or priority of any kind, according to the amounts due and payable on such Debt Securities and any coupons for principal (and premium, if any) and interest, respectively. The Holders of each series of Debt Securities denominated in ECU, any other composite currency or a Foreign Currency and any matured coupons relating thereto shall be entitled to receive a ratable portion of the amount determined by the Exchange Rate Agent by converting the principal amount Outstanding of such series of Debt Securities and matured but unpaid interest on such series of Debt Securities in the currency in which such series of Debt Securities is denominated into Dollars at the Exchange Rate as of the date of declaration of acceleration of the Maturity of the Debt Securities; and

FOURTH: The balance, if any, to the Person or Persons entitled thereto.

SECTION 507. *Limitation on Suits.*

No Holder of any Debt Security of any series or any related coupons shall have any right to institute any proceeding, judicial or otherwise, with respect to this Indenture, or for the appointment of a receiver or trustee, or for any other remedy hereunder, unless

(1) such Holder has previously given written notice to the Trustee of a continuing Event of Default with respect to the Debt Securities of such series;

(2) the Holders of not less than 25% in principal amount of the Outstanding Debt Securities of such series shall have made written request to the Trustee to institute proceedings in respect of such Event of Default in its own name as Trustee hereunder;

(3) such Holder or Holders have offered indemnity reasonable to the Trustee against the costs, expenses and liabilities to be incurred in compliance with such request;

(4) the Trustee for 60 days after its receipt of such notice, request and offer of indemnity has failed to institute any such proceeding; and

(5) no direction inconsistent with such written request has been given to the Trustee during such 60-day period by the Holders of a majority in principal amount of the Outstanding Debt Securities of such series;

it being understood and intended that no one or more of such Holders shall have any right in any manner whatever by virtue of, or by availing of, any provision of this Indenture to affect, disturb or prejudice the rights of any other such Holders, or to obtain or to seek to obtain priority or preference over any other of such Holders or to enforce any right under this Indenture, except in the manner herein provided and for the equal and ratable benefit of all of such Holders.

SECTION 508. *Unconditional Right of Holders to Receive Principal, Premium and Interest and to Exchange Debt Securities for Capital Securities.*

Notwithstanding any other provision in this Indenture, the Holder of any Debt Security or coupon shall have the right which is absolute and unconditional to receive payment of such coupon on the respective Stated Maturity or Maturities expressed in such Debt Security or coupon (or, in the case of redemption, on the Redemption Date or the Repayment Date, as the case may be), to have the Debt Securities exchanged for Capital Securities pursuant to Article Fourteen, if applicable, and to institute suit for the enforcement of any such payment or exchange, and such right shall not be impaired without the consent of such Holder, subject, however, to the provisions of Article Eighteen.

Indenture;

(m) The rights, privileges, protections, immunities and benefits given to the Trustee, including without limitation, its right to be indemnified, are extended to, and shall be enforceable by, the Trustee in each of its capacities hereunder, and to each agent, custodian and other Person employed to act hereunder; and

(n) The Trustee may request that the Company delivers an Officers' Certificate setting forth the names of officers authorized at such time to take specified actions pursuant to this Indenture, which Officers' Certificate may be signed by any person authorized to sign an Officers' Certificate, including any person specified as so authorized in any such certificate previously delivered and not superseded.

SECTION 604. *Not Responsible for Recitals or Issuance of Debt Securities.*

The recitals contained herein and in the Debt Securities, except the Trustee's certificates of authentication, and in any coupons, and the information in any registration statement, including all attachments thereto, except information provided by the Trustee therein, shall be taken as the statements of the Company, and the Trustee assumes no responsibility for this correctness. The Trustee makes no representations as to the validity or sufficiency of this Indenture or of the Debt Securities of any series or any coupons or any Capital Securities. The Trustee shall not be accountable for the use or application by the Company of any Debt Securities or the proceeds thereof. The Trustee shall not be responsible for and makes no representations to the Company's ability or authority to issue Bearer Securities or the lawfulness thereof.

SECTION 605. *May Hold Debt Securities or Coupons.*

The Trustee, any Paying Agent, the Security Registrar or any other agent of the Company or the Trustee, in its individual or any other capacity, may become the owner or pledgee of Debt Securities and coupons, and, subject to Sections 608 and 613, may otherwise deal with the Company with the same rights it would have if it were not Trustee, Paying Agent, Security Registrar or such agent.

SECTION 606. *Money Held in Trust.*

Money held by the Trustee or any Paying Agent in trust hereunder need not be segregated from other funds except to the extent required by law. Neither the Trustee nor any Paying Agent shall be under any liability for interest on any money received by it hereunder except as otherwise agreed with the Company.

SECTION 607. *Compensation and Reimbursement.*

The Company agrees

(1) to pay to the Trustee from time to time reasonable compensation for all services rendered by it hereunder (which compensation shall not be limited by any provision of law in regard to the compensation of a trustee of an express trust);

(2) except as otherwise expressly provided herein, to reimburse the Trustee upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and disbursements of its agents and counsel), except any such expense, disbursement or advance as may be attributable to its negligence or willful misconduct; and

(3) to indemnify the Trustee for, and to hold it harmless against, any loss, liability or expense including taxes (other than taxes based upon the income of the Trustee) incurred without negligence or willful misconduct on its part, arising out of or in connection with the acceptance or administration of this trust or performance of its duties hereunder, including the costs and expenses of defending itself against any claim

(whether asserted by the Company, or any Holder or any other Person) or liability in connection with the exercise or performance of any of its powers or duties hereunder.

As security for the performance of the obligations of the Company under this Section the Trustee shall have a claim prior to the Debt Securities and any coupons upon all property and funds held or collected by the Trustee as such, except funds held in trust for the payment of principal of (and premium, if any) or interest on particular Debt Securities or any coupons. The claims of the Trustee under this Section shall not be subject to the provisions or Article Eighteen.

When the Trustee incurs expenses or renders services in connection with an Event of Default specified in Section 501(1) or Section 501(2), the expenses (including reasonable fees and expenses of its counsel) and the compensation for the services in connection therewith are intended to constitute expenses of administration under Bankruptcy Law.

The provisions of this Section shall survive the termination of this Indenture.

SECTION 608. *Disqualification.*

This Indenture shall always have a Trustee who satisfies the requirements of Section 310(a)(1) of the Trust Indenture Act. The Trustee is subject to Section 310(b) of the Trust Indenture Act.

SECTION 609. *Corporate Trustee Required; Eligibility.*

There shall at all times be a Trustee hereunder which shall be a corporation organized and doing business under the laws of the United States, any State thereof or the District of Columbia, authorized under such laws to exercise corporate trust powers, having a combined capital and surplus of at least $5,000,000, and subject to supervision or examination by Federal or State authority; *provided, however,* that if Section 310(a) of the Trust Indenture Act or the rules and regulations of the Commission under the Trust Indenture Act at any time permit a corporation organized and doing business under the laws of any other jurisdiction to serve as trustee of an indenture qualified under the Trust Indenture Act, this Section 609 shall be automatically amended to permit a corporation organized and doing business under the laws of any such other jurisdiction to serve as Trustee hereunder. If such corporation publishes reports of condition at least annually, pursuant to law or to the requirements of the aforesaid supervising or examining authority, then for the purposes of this Section, the combined capital and surplus of such corporation shall be deemed to be its combined capital and surplus as set forth in its most recent report of condition so published. Neither the Company nor any person directly or indirectly controlling, controlled by or under common control with the Company may serve as Trustee. If at any time the Trustee shall cease to be eligible in accordance with the provisions of this Section, it shall resign immediately in the manner and with the effect hereinafter specified in this Article.

SECTION 610. *Resignation and Removal; Appointment of Successor.*

(a) No resignation or removal of the Trustee and no appointment of a successor Trustee pursuant to this Article shall become effective until the acceptance of appointment by the successor Trustee under Section 611.

(b) The Trustee may resign at any time with respect to the Debt Securities of one or more series by giving written notice thereof to the Company. If an instrument of acceptance by a successor Trustee shall not have been delivered to the Trustee within 30 days after the giving of such notice of resignation or removal, the retiring Trustee may petition at the expense of the Company any court of competent jurisdiction for the appointment of a successor Trustee with respect to the Debt Securities of such series.

(c) The Trustee may be removed at any time with respect to the Debt Securities of any series by Act of the Holders of a majority in principal amount of the Outstanding Debt Securities of such series, delivered to the Trustee and to the Company.