IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :   Chapter 11
                                                           :
WASHINGTON MUTUAL, INC., *et al.*,[1]                      :   Case No. 08-12229 (MFW)
                                                           :
                                    Debtors.               :   (Jointly Administered)
                                                           :   **Objection Deadline: 9/14/2011 @ 4 PM**
                                                           :   **Hearing: Only if Objections filed**
                                                           :
---------------------------------------------------------- x

## FIRST MONTHLY APPLICATION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP, SPECIAL LITIGATION COUNSEL TO THE DEBTOR, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 24, 2011 THROUGH JULY 31, 2011

| | |
|---|---|
| Name of Applicant: | Klee, Tuchin, Bogdanoff & Stern LLP |
| Authorized to Provide Professional Services to: | Washington Mutual, Inc. |
| Date of Retention: | June 24, 2011 |
| Period for which compensation and reimbursement are sought: | June 24, 2011 Through July 31, 2011 |
| Amount of compensation sought as actual, reasonable, and necessary: | $278,293.50 (80% is $222,634.80) |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $962.02 |

This is a(n):  _X_ monthly  __ interim  __ final     application.

**Prior Applications Filed:**

       None

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395).

| Professional | Year Admitted | Hourly Rate | Hours | Compensation |
|---|---|---|---|---|
| David M. Stern (Partner) | 1975 | $895 | 67.00 | $59,965.00 |
| Lee R. Bogdanoff (Partner) | 1985 | $895 | 97.50 | $87,262.50 |
| Lee R. Bogdanoff (No Charge) | | | 0.50 | No Charge |
| Martin R. Barash (Partner) | 1992 | $715 | 43.90 | $31,388.50 |
| Martin R. Barash (No Charge) | | | 10.10 | No Charge |
| Matthew C. Heyn (Partner) | 2003 | $600 | 134.90 | $80,940.00 |
| Matthew C. Heyn (No Charge) | | | 0.50 | No Charge |
| David M. Guess (Partner) | 2005 | $495 | 18.10 | $8,959.50 |
| David M. Guess (No Charge) | | | 0.20 | No Charge |
| Whitman L. Holt (Partner) | 2005 | $495 | 2.50 | $1,237.50 |
| Korin A. Elliott (Associate) | 2008 | $395 | 21.40 | $8,453.00 |
| Kathryn T. Zwicker (Law Clerk) | N/A | $175 | 0.50 | $87.50 |
| **Total:** | | **$721.34 (Blended Hourly Rate)** | **397.10** | **$9,778.00** |

**Summary of Services for Washington Mutual, Inc. by Matter Category, June 24 Through July 31, 2011:**

| Activity | Hours | Amount |
|---|---|---|
| 040 – Fee/Employment Applications | 18.80 | $13,169.50 |
| 120 – Litigation | 367.00 | $265,124.00 |
| **Total:** | **385.80** | **$278,293.50** |

**Actual and Necessary Expenses Incurred on Behalf of Washington Mutual, Inc., June 24 Through July 31, 2011:**

| Expense | Amount |
|---|---|
| Duplicating ($0.10) | $118.30 |
| Legal Research | $843.72 |
| **Total:** | **$962.02** |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
In re:                                                  :  Chapter 11
                                                        :
WASHINGTON MUTUAL, INC., et al.,[1]                     :  Case No. 08-12229 (MFW)
                                                        :
                     Debtors.                           :  (Jointly Administered)
                                                        :  Objection Deadline: 9/14/2011 @ 4 PM
                                                        :  Hearing: Only if Objections filed
------------------------------------------------------- x

# FIRST MONTHLY APPLICATION OF KLEE, TUCHIN, BOGDANOFF & STERN LLP, SPECIAL LITIGATION COUNSEL TO THE DEBTOR, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 24, 2011 THROUGH JULY 31, 2011

Pursuant to Bankruptcy Code section 330, Klee, Tuchin, Bogdanoff & Stern LLP ("KTBS"), special litigation counsel to Washington Mutual, Inc. ("WMI" and, collectively with WMI Investment Corp., the "Debtors"), hereby submits this *First Monthly Application of Klee, Tuchin, Bogdanoff & Stern LLP, Special Litigation Counsel to the Debtor, for Compensation and Reimbursement of Expenses for the Period June 24, 2011 Through July 31, 2011* (the "Application"). In support of the Application, KTBS respectfully represents as follows:

## BACKGROUND

1.  On September 26, 2008, both of the Debtors filed voluntary petitions with this Court, thereby commencing cases under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395).

October 3, 2008, the Court entered an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, authorizing the joint administration of the Debtors' chapter 11 cases.

2. On October 15, 2008, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in these cases (the "Creditors' Committee"). On January 11, 2010, the U.S. Trustee appointed an official committee of equity security holders in these cases (the "Equity Committee").

3. On November 14, 2008, the Court entered the *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 302] (the "Administrative Order"). Pursuant to the Administrative Order, KTBS and other professionals retained in these cases are authorized to file and serve on the Debtors and the parties identified in the Administrative Order (the "Notice Parties") monthly applications for approval of their fees and expenses. After the expiration of a 20-day objection period, the Debtors are authorized to promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the monthly fee applications, except to the extent that a Notice Party specifically objects to fees and/or expenses of a professional, or the Court orders otherwise.

4. On July 27, 2011, the Court entered its *Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment and Retention of Klee, Tuchin, Bogdanoff & Stern LLP as Special Litigation Counsel to Washington Mutual, Inc., Nunc Pro Tunc to June 24, 2011* [ECF No. 8316] (the "Retention Order"). The Retention Order approved WMI's application to employ and retain KTBS as special litigation counsel for WMI *nunc pro tunc* to June 24, 2011. The

Retention Order authorizes KTBS to be compensated in accordance with, *inter alia*, Bankruptcy Code section 330 and the Administrative Order.

5. On October 6, 2010, the Debtors filed the *Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* ("Sixth Amended Plan"). On February 8, 2011, the Debtors filed the *Modified Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* (the "Modified Plan") and a related supplemental disclosure statement.

6. On or about June 17, 2011, the Debtors filed and served a notice stating that the hearing to confirm the Modified Plan would commence on July 13, 2011. The hearing commenced on that date and concluded on July 21, 2011. Closing arguments with respect to confirmation of the Modified Plan commenced on August 24, 2011.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

7. By this Application, KTBS requests approval of $278,293.50 as compensation for professional services rendered for WMI from June 24, 2011 through July 31, 2011 (the "Application Period") and $962.02 as reimbursement for actual and necessary expenses incurred by KTBS for WMI during the Application Period. This does not include $8,226.00 for 11.70 hours of work, which has been written off in the exercise of billing discretion. This Application complies with Bankruptcy Code section 330, Rule 2016 of the Federal Rules of Bankruptcy Procedure, the Court's Local Rule 2016-2, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 issued by the Executive Office for United States Trustees (the "Guidelines") and the Administrative Order.

8. Other than compensation as may be approved by the Court, KTBS has

received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these cases. There is no agreement or understanding between KTBS and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

9. The fees charged by KTBS in these cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period. The rates KTBS charges for the services rendered by its attorneys and paralegal in these chapter 11 cases are the same rates KTBS charges for attorney and paralegal services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable and based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

10. KTBS maintains computerized records of the time spent by all KTBS attorneys and paraprofessionals in connection with its representation of WMI. Annexed hereto as Exhibit A and Exhibit B are copies of KTBS's itemized time records for attorneys who performed services for WMI for the months of June and July 2011, respectively. The time records have been redacted where necessary to preserve the attorney-client privilege and WMI's confidential litigation strategy. All entries itemized in KTBS's time records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines, including the use of separate work codes for different project types, as hereinafter described.

11. Attached as Exhibit C are KTBS's itemized records detailing expenses incurred on behalf of WMI for the months of June and July 2011, respectively. All

itemized expenses comply with the requirements set forth in Local Rule 2016-2 and the Guidelines.

## SUMMARY OF SERVICES

12. The following is a summary of the significant professional services rendered by KTBS during the Application Period.

### A. Category 040 – Fee and Employment Applications.

13. This category includes the preparation of the *Application of Debtor Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014 for Authorization to Employ and Retain Klee, Tuchin, Bogdanoff & Stern LLP, as Special Litigation Counsel to Washington Mutual, Inc., Nunc Pro Tunc to June 24, 2011* and the declaration in support thereof [ECF No. 8111], which detailed comprehensive and lengthy disclosures of KTBS's connections to parties in interest in these cases. This category also includes KTBS's review and submission of applications to appear *pro hac vice* in this Court.

### B. Category 120 – Litigation.

14. This category includes several discrete tasks that were specifically requested by WMI. Although Weil Gotshall & Manges, LLP continues to function as the Debtors' primary bankruptcy counsel, where it furthers the interest of economy and efficiency, KTBS has assisted with issues within its knowledge and experience. The tasks included, but were not limited to, (i) analyzing potential claims held by WMI; (ii) advising WMI regarding appropriate efforts to enter into tolling agreements to preserve any potential claims of the Debtors; (iii) preparing appropriate tolling agreements to preserve potential claims of the Debtors, (iv) investigating potential claims held by WMI and

5

advising WMI with respect to those claims; (v) analyzing the Debtors' insurance policies; (vi) preparing notices to the Debtors' insurance carriers based on allegations made in connection with confirmation hearings on the Modified Plan; and (vii) advising WMI in connection with the notices to the Debtors' insurance carriers. As reflected in the billing entries attached as Exhibit A and Exhibit B, KTBS's services have not been duplicative of the services of Weil Gotshal & Manges, LLP or Quinn Emanuel Urquhart & Sullivan, LLP.

15. The foregoing professional services performed by KTBS were (a) necessary and appropriate to the administration of the Debtors' chapter 11 cases, (b) in the best interests of the Debtors and their estates, and (c) provided without unnecessary duplication of effort or expense incurred by other professionals and paraprofessionals employed by the Debtors. Compensation for the foregoing services, as requested, is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

## REIMBURSEMENT OF EXPENSES

16. During the Application Period, KTBS incurred certain necessary expenses in rendering legal services to WMI. KTBS seeks reimbursement for its reasonable, necessary and actual expenses incurred during the Application Period for the total amount of $962.02. Attached as Exhibit C are KTBS's itemized records detailing expenses incurred on behalf of WMI for the months of June and July 2011, respectively. KTBS seeks reimbursement for computer assisted research at actual cost of such charge. Pursuant to Local Rule 2016-2(e)(iv), receipts or other support for the expense items are available on request.

## LEGAL STANDARD

17. Bankruptcy Code section 330(a) allows the payment of:

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1). Reasonableness of compensation is evaluated by the "market-driven approach" which considers the nature, extent and value of services provided by the professional and cost of comparable services in the non-bankruptcy contexts. *See Zolfo Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 258 (3d Cir. 1995); *In re Busy Beaver Building Ctr., Inc.*, 19 F.3d 833, 849 (3d Cir. 1994). Thus, the "baseline rule is for films to receive their customary rates." *Zolfo Cooper*, 50 F.3d at 259.

18. In accordance with its practices in non-bankruptcy matters, KTBS has calculated its compensation requested in its Application by applying its standard hourly rates, which it charges to other bankruptcy and non-bankruptcy clients. KTBS's hourly rates are within the range of rates that are charged by comparable firms in similar bankruptcy cases. Accordingly, KTBS's rates should be determined to be reasonable under Bankruptcy Code section 330 of the Bankruptcy Code.

19. Other guideline factors to be considered in awarding attorneys' fees were enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), a non-bankruptcy case. *See also In re First Colonial Corp. of Am.*, 544 F.2d 1291, 1298-99 (5th Cir. 1977) (applying the *Johnson* factor to a case under the Bankruptcy Act). The Third Circuit has suggested that the *Johnson* guideline factors, which are set forth below, may be relevant to determining attorneys' fees under the Bankruptcy Code. *See,*

*e.g., In re Lan Assocs. XI, L.P.*, 192 F.3d 109, 123 & n.8 (3d Cir. 1999) (enumerating the *Johnson* factors and noting that " many courts continue to employ the twelve factors set forth in *Johnson* ...."). KTBS respectfully submits that, if necessary, a consideration of these factors would result in this Court's allowance of the full compensation sought.

(1) **The Time and Labor Required.** The KTBS's professional services on behalf of WMI has required 385.80 hours of attorney time in the Application Period. KTBS has staffed these cases efficiently, with a few highly qualified and experienced attorneys providing the vast majority of the services. The services rendered required a high degree of professional competence and expertise.

(2) **The Novelty and Difficulty of Questions.** Novel and complex issues arose during the Application Period. KTBS has advised WMI with respect to these issues.

(3) **The Skill Requisite to Perform the Legal Services Properly.** These consolidated bankruptcy cases address issues hundreds of millions or billions of dollars are at stake and raises novel of law. The cases require a high level of skill and expertise to perform the legal services properly.

(4) **The Preclusion of Other Employment by Applicant Due to Acceptance of the Case.** KTBS is not aware of any other employment precluded by acceptance of these cases. However, KTBS attorneys who were busy providing services to WMI, were not available to service other clients at their customary rates.

(5) **The Customary Fee.** The compensation sought herein is based upon KTBS's normal hourly rates for services of this kind and is competitive with other national bankruptcy firms.

(6) **Whether the Fee is Fixed or Contingent.** KTBS's fees are fixed, not dependent on the outcome in these cases. However, pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professionals retained under sections 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court.

(7) **Time Limitation Imposed by Client or Other Circumstances.** KTBS was retained recently and was required to become familiar with a case that has a long history and complex facts very quickly in order to attend to time-sensitive issues as they have arisen. These time constraints have required KTBS attorneys assigned to these cases to work late evenings, early mornings, and on the weekends.

(8) **The Amount Involved and Results Obtained.** The amount of time spent on various tasks has been judicious, and KTBS believes that its efforts are benefiting WMI.

(9) **The Experience, Reputation and Ability of the Attorneys.** KTBS's attorneys involved in this representation have played a major role in several large bank bankruptcy cases and other complex bankruptcy litigation matters. KTBS currently represents the Chapter 7 Trustee of IndyMac Bancorp, Inc., and formerly represented the creditors committee of Fremont General Corp. KTBS served as litigation counsel to Enron Corp. in its mega claims litigation, and conflicts counsel to Adelphia Corporation. KTBS's experience enables it to perform the services described herein competently and efficiently.

(10) **The "Undesirability" of the Case.** Although not undesirable, these cases have required a significant commitment of time from several of KTBS's most experienced attorneys and other professionals.

(11) **Nature and Length of Professional Relationship.** KTBS was hired as special litigation counsel to WMI on June 24, 2011, and was retained nunc pro tunc to that date pursuant to an order of this Court entered July 27, 2011.

## RESERVATION

20. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Application Period but were not processed prior to the preparation of this Application, or KTBS has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Application Period, KTBS reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## NOTICE

21. No trustee has been appointed in these chapter 11 cases. Notice of this Application has been provided to (i) the U.S. Trustee; (ii) counsel for the Creditors' Committee; (iii) counsel for the Equity Committee; and (iv) parties entitled to receive

9

notice in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## CONCLUSION

**WHEREFORE**, KTBS respectfully requests (i) allowance of compensation for professional services rendered to WMI during the Application Period in the amount of $278,293.50 and reimbursement for actual and necessary costs and expenses incurred by KTBS during the Application Period in the amount of $962.02 for a total of $279,255.52; (ii) that, in accordance with the Administrative Order, the Court direct the Debtors to pay $223,596.82, representing 80% of the total amount of fees and 100% of the expenses allowed, (iii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to KTBS's right to seek further compensation for the full value of services performed and expenses incurred; and (iv) that the Court grant KTBS such other and further relief as is just.

Dated: August 25, 2011
Los Angeles, California

_____
Lee R. Bogdanoff (Admitted *Pro Hac Vice*)
David M. Stern (Admitted *Pro Hac Vice*)
Matthew C. Heyn (Admitted *Pro Hac Vice*)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090
Email: lbogdanoff@ktbslaw.com
Email: dstern@ktbslaw.com
Email: mheyn@ktbslaw.com

*Special Litigation Counsel to Washington Mutual, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     : Chapter 11
                                                           :
WASHINGTON MUTUAL, INC., *et al.*,[1]                      : Case No. 08-12229 (MFW)
                                                           :
                        Debtors.   : (Jointly Administered)
                                                           :
                                                           : Objection Deadline: 9/14/2011 @ 4 PM
                                                           : Hearing: Only if Objections filed
---------------------------------------------------------- x

## CERTIFICATION OF MATTHEW C. HEYN

I, Matthew C. Heyn, an attorney-at-law duly admitted in good standing to practice in the State of California, hereby certify that:

1. I am partner in the law firm Klee, Tuchin, Bogdanoff & Stern LLP ("KTBS"). I am duly authorized to make this certification on behalf of KTBS. KTBS was retained as special litigation counsel to Washington Mutual, Inc. pursuant to an order of the Court entered on July 27, 2011.

2. I have personally performed many of the legal services KTBS rendered on behalf of WMI and I am familiar with the other work performed on behalf of WMI by the other lawyers in the firm.

3. I prepared the *First Monthly Application of Klee, Tuchin, Bogdanoff & Stern LLP, Special Litigation Counsel to the Debtor, for Compensation and Reimbursement of Expenses for the Period June 24, 2011 Through July 31, 2011* (the "Application"). The facts set forth in the Application are true and correct to the best of my knowledge, information and belief.

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395).

4. I have reviewed the Court's Local Rule 2016-2 and the *United States Trustee's Guidelines for Review of Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "Guidelines"). The Application substantially complies with Local Rule 2016-2 and the Guidelines.

/s/ Matthew C. Heyn
Matthew C. Heyn