# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| *In re:* | : | **Chapter 11** |
|  | : |  |
| **WASHINGTON MUTUAL, INC., et al.,**[1] | : | **Case No. 08-12229 (MFW)** |
|  | : |  |
|  | : | **(Jointly Administered)** |
| **Debtors.** | : |  |
|  | : | Objection Deadline: October 6, 2011 at 4:00 p.m. (ET) |

----------------------------------------------------------------x

## THIRTY-FIRST MONTHLY APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS ATTORNEYS FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JUNE 1, 2011 THROUGH JUNE 30, 2011

| | |
|---|---|
| Name of Applicant: | Weil, Gotshal & Manges LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 30, 2008 *nunc pro tunc* to September 26, 2008 |
| Period for which compensation and reimbursement are sought: | June 1, 2011 through June 30, 2011 |
| Amount of compensation sought as actual, reasonable, and necessary | $2,217,145.60 (80% of $2,771,432.00) |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $81,464.49 |

This is a(n): __X__ monthly _____ interim _____ final application.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

**Prior Applications Filed:**

| Date Filed | Period Covered | Fees | Expenses |
|---|---|---|---|
| 12/8/08 | 9/26/08 through 10/31/08 | $ 1,822,321.75 | $ 22,814.37 |
| 1/12/09 | 11/1/08 through 11/30/08 | $ 1,629,218.00 | $ 47,680.84 |
| 2/27/09 | 12/1/08 through 12/30/08 | $ 1,862,930.00 | $ 54,866.09 |
| 3/13/09 | 1/1/09 through 1/31/09 | $ 2,217,478.25 | $ 57,514.95 |
| 8/11/09 | 2/1/09 through 4/30/09 | $ 3,813,194.25 | $ 108,324.71 |
| 9/1/09 | 5/1/09 through 5/31/09 | $ 717,499.25 | $ 13,574.84 |
| 9/21/09 | 6/1/09 through 6/30/09 | $ 732,010.00 | $ 25,375.67 |
| 10/2/09 | 7/1/09 through 7/31/09 | $ 607,907.50 | $ 20,471.82 |
| 11/9/09 | 8/1/09 through 8/31/09 | $ 451,557.00 | $ 13,583.38 |
| 12/10/09 | 9/1/09 through 9/30/09 | $ 805,270.50 | $ 19,865.79 |
| 1/25/10 | 10/1/09 through 10/31/09 | $ 1,417,804.50 | $ 72,076.84 |
| 3/5/10 | 11/1/09 through 11/30/09 | $ 1,320,483.50 | $ 64,606.47 |
| 3/11/10 | 12/1/09 through 12/31/09 | $ 1,416,109.25 | $ 60,935.68 |
| 5/9/10 | 1/1/10 through 1/31/10 | $ 1,344,987.00 | $ 47,362.35 |
| 5/11/10 | 2/1/10 through 2/28/10 | $ 1,044,942.25 | $ 43,172.51 |
| 6/24/10 | 3/1/10 through 3/31/10 | $ 2,410,265.25 | $ 39,182.46 |
| 7/1/10 | 4/1/10 through 4/30/10 | $ 1,588,150.25 | $ 67,938.65 |
| 7/19/10 | 5/1/10 through 5/31/10 | $ 2,565,767.75 | $ 68,737.22 |
| 9/14/10 | 6/1/10 through 6/30/10 | $ 2,187,051.50 | $ 72,423.11 |
| 9/28/10 | 7/1/10 through 7/31/10 | $ 1,676,321.00 | $ 56,220.99 |
| 11/15/10 | 8/1/10 through 8/31/10 | $ 2,154,870.75 | $ 57,256.54 |
| 12/22/10 | 9/1/10 through 9/30/10 | $ 2,457,538.00 | $ 177,529.54 |
| 2/11/11 | 10/1/10 through 10/31/10 | $ 3,902,489.00 | $ 230,362.56 |
| 3/4/11 | 11/1/10 through 11/30/10 | $ 5,520,967.75 | $ 705,257.25 |
| 3/18/11 | 12/1/10 through 12/30/10 | $ 2,398,878.00 | $ 432,445.00 |
| 4/4/11 | 1/1/11 through 1/31/11 | $ 1,984,463.25 | $ 116,084.03 |
| 5/3/11 | 2/1/11 through 2/28/11 | $ 1,640,264.00 | $ 86,524.38 |

| Date Filed | Period Covered | Fees | Expenses |
|------------|----------------|------|----------|
| 6/2/11 | 3/1/11 through 3/31/11 | $ 1,952,847.50 | $ 84,902.75 |
| 8/4/11 | 4/1/11 through 4/30/11 | $ 1,771,327.00 | $ 79,494.56 |
| 9/6/11 | 5/1/11 through 5/31/11 | $ 2,089,939.50 | $ 79,987.44 |

## COMPENSATION BY PROFESSIONAL
## JUNE 1, 2011 THROUGH JUNE 30, 2011

| NAME OF PROFESSIONAL PERSON | DEPARTMENT AND YEAR ADMITTED[2] | HOURLY BILLING RATE[3] | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| **PARTNERS & COUNSELS:** | **Position of the Applicant, Year of Obtaining License to Practice, Area of Expertise** | | | |
| Danilow, Greg A. | LR – 1975 | $1,075.00 | 10.20 | $10,965.00 |
| Gold, Simeon | CORP – 1974 | $1,075.00 | 142.10 | $152,757.50 |
| Goldring, Stuart J. | TAX – 1984 | $1,075.00 | 62.70 | $67,402.50 |
| Rosen, Brian | BFR – 1985 | $1,050.00 | 278.80 | $291,585.00 |
| Dixon, Catherine T. | CORP – 1982 | $1,025.00 | 14.00 | $14,350.00 |
| Miller, Ralph I. | LR – 1973 | $1,000.00 | 9.60 | $9,600.00 |
| Miller, Rodney D. | CORP – 1996 | $1,000.00 | 17.90 | $17,900.00 |
| Berz, David R. | LR – 1973 | $975.00 | 2.50 | $2,437.50 |
| Stangland, Elaine | CORP – 1978 | $975.00 | 56.90 | $55,477.50 |
| Slack, Richard W. | LR – 1987 | $950.00 | 51.40 | $48,830.00 |
| Frongillo, Thomas C. | LR – 1982 | $925.00 | 1.40 | $1,295.00 |
| Horton Jr., William H. | TAX – 1977 | $925.00 | 103.50 | $95,737.50 |
| Strochak, Adam P. | BFR – 1993 | $925.00 | 81.60 | $73,815.00 |
| Bower, David I. | TAX – 1979 | $900.00 | 5.70 | $5,130.00 |
| Hird, David B. | LR – 1977 | $900.00 | 91.60 | $82,440.00 |
| Mastando III, John P. | LR – 1997 | $900.00 | 116.50 | $104,850.00 |
| Sipple, John M.(Counsel) | LR – 1980 | $840.00 | 1.20 | $1,008.00 |
| Margolis, Steven M. (Counsel) | TAX – 1990 | $780.00 | 40.50 | $30,576.00 |
| Eskow, Lisa R. (Counsel) | LR – 1998 | $760.00 | 2.70 | $2,052.00 |
| **Total Partners and Counsels** | | | **1,090.80** | **$1,068,208.50** |

[2] BFR – Business Finance & Restructuring,  CORP – Corporate,  LR – Litigation/Regulatory,  TAX – Tax, LS – Litigation Support.

[3] Pursuant to Del. Bankr. L.R. 2016-2(d)(viii), travel time during which no work is performed is billed at 50% of regular hourly rates.  In compliance with this rule, Mr. Rosen had 2.2 hours billed at $525.00 per hour, Mr. Strochak had 3.6 hours billed at $462.50 per hour, and Mr. Margolis had 2.6 hours billed at $390.00 per hour.

| NAME OF PROFESSIONAL PERSON

ASSOCIATES: | DEPARTMENT AND YEAR ADMITTED[2]

Position of the Applicant, Year of Obtaining License to Practice, Area of Expertise | HOURLY BILLING RATE[4] | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Dummer, David W. | LR – 2002 | $750.00 | 51.90 | $37,425.00 |
| Johnson, Virginia H. | LR – 2003 | $750.00 | 53.20 | $39,900.00 |
| Eng, Diana M. | LR – 2004 | $740.00 | 243.60 | $180,264.00 |
| Petherbridge, Vaughan | CORP – 2003 | $740.00 | 132.30 | $97,754.00 |
| Platkov, Margarita | LR – 2001 | $740.00 | 100.80 | $74,592.00 |
| DiBlasi, Kelly | BFR – 2005 | $720.00 | 211.20 | $151,272.00 |
| Wright, Miles J. | LR – 2005 | $720.00 | 42.70 | $29,304.00 |
| Levine, Alexander | LR – 2006 | $685.00 | 14.10 | $9,658.50 |
| Chandis, Vanessa | LR – 2006 | $645.00 | 57.80 | $37,281.00 |
| Gurdian, Julio C. | BFR – 2007 | $645.00 | 101.30 | $65,338.50 |
| Wine, Jennifer L. | BFR – 2007 | $645.00 | 145.00 | $88,752.00 |
| Bell, Michael | LR – 2009 | $600.00 | 98.70 | $59,220.00 |
| Cloutier, Lisa N. | LR – 2008 | $600.00 | 3.90 | $2,340.00 |
| Klein, Daniel S. | LR – 2009 | $600.00 | 2.00 | $1,200.00 |
| Quinn, Georgia D. | CORP – 2008 | $600.00 | 57.40 | $34,440.00 |
| Tang, Amie | CORP – 2008 | $600.00 | 49.80 | $29,880.00 |
| Anusionwu, Ijeoma | BFR – 2009 | $560.00 | 12.90 | $7,224.00 |
| Astorga, Patricia | LR – 2009 | $560.00 | 121.30 | $66,360.00 |
| Coleman, Erica | BFR – 2009 | $560.00 | 88.20 | $49,392.00 |
| Hatcher, R. Todd T. | TAX – 2009 | $560.00 | 48.60 | $27,216.00 |
| Kau, Gregory L. | LR – 2010 | $560.00 | 25.00 | $14,000.00 |
| Sharma, Rahul K. | BFR – 2009 | $560.00 | 169.30 | $94,808.00 |
| Thompson, Sunny J. | LR – 2008 | $560.00 | 21.80 | $12,208.00 |
| Litvack, David | BFR – 2010 | $495.00 | 92.70 | $44,649.00 |

---

[4] Pursuant to Del. Bankr. L.R. 2016-2(d)(viii), travel time during which no work is performed is billed at 50% of regular hourly rates. In compliance with this rule, Mr. Dummer had 4.0 hours billed at $375.00 per hour, Ms. DiBlasi had 2.2 hours billed at $360.00 per hour, Mr. Wright had 4.0 hours billed at $360.00 per hour, and Ms. Wine had 14.8 hours billed at $322.50 per hour.

| | | | | |
|---|---|---|---|---|
| Mills, Marvin | BFR – 2010 | $495.00 | 77.40 | $37,026.00 |
| Swartz, Rachel B. | LR – 2009 | $495.00 | 243.30 | $115,978.50 |
| Wolfish, Eric S. | LR – 2010 | $495.00 | 133.00 | $60,687.00 |
| Horowitz, Michael | LR – 2010 | $430.00 | 41.70 | $17,931.00 |
| Hueske, Will A. | BFR – 2010 | $430.00 | 9.20 | $3,956.00 |
| Sachs, Alyson | CORP – 2010 | $430.00 | 3.40 | $1,462.00 |
| Sinensky, Abraham | TAX – 2009 | $430.00 | 16.30 | $7,009.00 |
| Wolper, Amy B. | BFR – 2011 | $430.00 | 176.30 | $75,809.00 |
| Moncada, Alcira (Staff Attorney) | LR - 2004 | $290.00 | 13.60 | $3,944.00 |
| **Total Associates** | | | **2,632.20** | **$1,578,280.50** |

| NAME OF PROFESSIONAL PERSON<br><br>SUMMER ASSOCIATES: | DEPARTMENT AND YEAR ADMITTED[2]<br><br>Position of the Applicant, Year of Obtaining License to Practice, Area of Expertise | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Algor, IV, Jonathan E. | Summer Associate | $250.00 | 9.50 | $2,375.00 |
| Bruemmer, Emily | Summer Associate | $250.00 | 10.50 | $2,625.00 |
| Goodman, Sarah M. | Summer Associate | $250.00 | 15.30 | $3,825.00 |
| **Total Summer Associates** | | | **35.30** | **$8,825.00** |

| NAME OF PROFESSIONAL<br><br>Paralegals, Clerks, Library Staff and Other Non-Legal Staff: | DEPARTMENT<br><br>Position of the Applicant, Area of Expertise | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $310.00 | 45.60 | $14,136.00 |
| Shrestha, Christine | CORP | $290.00 | 8.80 | $2,552.00 |
| Maravilla, Mel C. | CORP | $280.00 | 10.50 | $2,940.00 |
| Pesa, Snhezana | LR | $275.00 | 21.50 | $5,912.50 |
| Flinn, Deborah C. | LR | $265.00 | 4.30 | $1,139.50 |
| Hoilett, Leason | LR | $265.00 | 41.70 | $11,050.50 |
| Moezzi, Michelle S. | CORP | $265.00 | 46.70 | $12,375.50 |
| Oliva, Angela | LR | $265.00 | 6.00 | $1,590.00 |
| Yi, Casey | LR | $265.00 | 3.30 | $874.50 |

| NAME OF PROFESSIONAL<br><br>Paralegals, Clerks, Library Staff and Other Non-Legal Staff: | DEPARTMENT<br><br>Position of the Applicant, Area of Expertise | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| Martorell, Jorge | LS | $260.00 | 1.50 | $390.00 |
| Gordon, William H. | LR | $250.00 | 10.70 | $2,675.00 |
| Saviano, Toby T. | LR | $250.00 | 13.10 | $3,275.00 |
| Sykes, Jeremy A. | LR | $250.00 | 8.00 | $2,000.00 |
| Beiser, Elizabeth A. | LR | $240.00 | 3.20 | $768.00 |
| Eng-Bendel, Cheryl | LS | $235.00 | 21.30 | $5,005.50 |
| Wu, Kim | LS | $235.00 | 7.00 | $1,645.00 |
| Aliseo, Nicole K. | BFR | $230.00 | 53.20 | $12,236.00 |
| Amponsah, Duke | BFR | $230.00 | 13.70 | $3,151.00 |
| Malkovich, Yovanka | LR | $230.00 | 2.30 | $529.00 |
| Benjamin, Justin | LS | $220.00 | 1.10 | $242.00 |
| Masurka, Jason E. | LS | $220.00 | 2.00 | $440.00 |
| Bolle, MaryAnne | LS | $215.00 | 2.30 | $494.50 |
| Aaron-Betton, Merlyn | LR | $210.00 | 116.80 | $24,528.00 |
| Ialuna, Sabrina M. | LR | $200.00 | 2.00 | $400.00 |
| McLaughlin, Daniel F. | Library | $195.00 | 4.60 | $897.00 |
| Ghodasara, Priya K. | BFR | $175.00 | 4.00 | $700.00 |
| Spencer, Nicholas T. | LR | $175.00 | 8.90 | $1,557.50 |
| Sampson, Lamia | LR | $160.00 | 8.50 | $1,360.00 |
| Miller, Ryan A. | Managing Clerk | $150.00 | 4.50 | $675.00 |
| Carmant, Marie J. | Library | $145.00 | 2.00 | $290.00 |
| Greco, Maximiliano | Library | $85.00 | 3.40 | $289.00 |
| **Total Paraprofessionals** | | | **482.50** | **$116,118.00** |

| PROFESSIONALS TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Counsel | $979.29 | 1,090.80 | $1,068,208.50 |
| Associates | $599.61 | 2,632.20 | $1,578,280.50 |
| Summer Associates | $250.00 | 35.30 | $8,825.00 |
| Paraprofessionals | $240.66 | 482.50 | $116,118.00 |
| **Total Fees Incurred** | | 4,240.80 | $2,771,432.00 |
| **Blended Attorney Rate**[5] | **$706.52** | | |
| **Grand Total Fees Requested** | | **4,240.80** | **$2,771,432.00** |

---

[5] The blended attorney rate was calculated using total compensation of $2,655,314.00 and total hours billed of 3,758.3, including 35.3 hours billed by three summer associates at $250.00 per hour.

# COMPENSATION BY PROJECT CATEGORY
## JUNE 1, 2011 THROUGH JUNE 30, 2011

| PROJECT CODE | PROJECT DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| | **Bankruptcy-General Administration Issues** | | |
| 11100 | General Case Administration | 86.90 | $27,999.00 |
| 11160 | Monthly Operating Reports | 1.20 | $698.00 |
| 11170 | Agenda Letter | 2.60 | $1,544.50 |
| 11190 | Non-Working Travel | 33.40 | $12,339.00 |
| 11200 | General Case Strategy | 30.80 | $20,350.50 |
| | **Bankruptcy Meetings and Communications** | | |
| 12100 | General Communications | 1.10 | $655.50 |
| 12200 | Creditors Committee Communications/Meetings | 2.70 | $2,340.00 |
| 12400 | United States Trustee Communications | 10.30 | $7,664.00 |
| 12500 | WaMu Team Meetings | 31.90 | $21,599.00 |
| 12600 | General Hearing Preparation and Attendance | 14.60 | $11,151.50 |
| | **Bankruptcy – Retention and Compensation Issues** | | |
| 13200 | Retention – WGM | 4.50 | $1,395.00 |
| 13300 | Retention – Other Professionals | 26.00 | $15,732.50 |
| 13400 | Billing/Fee Applications – WGM | 65.90 | $27,417.50 |
| 13500 | Billing/Fee Applications – Other Professionals | 5.50 | $1,694.00 |
| | **Bankruptcy – Claims Issues** | | |
| 15100 | General Claims Matters | 2.60 | $1,971.00 |
| 15700 | Claims Determination/ Litigation | 231.50 | $152,080.50 |
| 15800 | Administrative Claim Matters | | |
| | **Bankruptcy – Plan Issues** | | |
| 16100 | General Plan Issues | 5.30 | $927.50 |
| 16400 | Plan Formulation | 583.10 | $505,052.50 |
| 16500 | Disclosure Statement | 246.20 | $157,323.00 |
| 16600 | Solicitation Process/Ballots/Voting | 45.00 | $24,771.50 |
| 16700 | Confirmation Process | 1,953.00 | $1,190,043.50 |
| 16710 | Confirmation Hearing | 1.70 | $391.00 |
| 16720 | Confirmation Appeals | 3.10 | $2,184.50 |
| 16800 | Plan Implementation | 136.40 | $105,916.00 |
| | **Litigation – Bankruptcy/Adversary Proceedings** | | |
| 18000 | General Bankruptcy Litigation Issues | 246.60 | $179,642.50 |
| | **Litigation – Non-Bankruptcy Litigation** | | |
| 19000 | General Non-Bankruptcy Litigation Issues | 208.20 | $123,836.50 |
| 19100 | BUUS Litigation | 3.30 | $2,574.00 |
| | **J. P. Morgan Issues** | | |
| 21000 | General JPM Issues | 5.80 | $6,117.50 |
| | **Governmental/Regulatory Issues** | | |
| 23100 | General Governmental/Regulatory Issues | 2.60 | $2,235.00 |
| | **Tax** | | |
| 24100 | General Tax Issues | 32.20 | $24,390.50 |

US_ACTIVE:\43799711\02\79831.0003

| PROJECT CODE | PROJECT DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| | **Employees** | | |
| 25100 | General Employee Issues | 163.80 | $106,207.50 |
| 25220 | Non-Qualified Plans | 0.60 | $564.00 |
| | **Corporate Issues** | | |
| 26100 | General Corporate Issues | 2.80 | $2,730.00 |
| 26300 | Corporate Governance and Board-Related Issues | 0.30 | $216.00 |
| 26400 | Corporate Communications/Filings | 12.40 | $3,893.00 |
| | **Insurance** | | |
| 27200 | D&O Insurance | 36.80 | $25,728.50 |
| | **Other Matters** | | |
| 28200 | Non-Debtor Issues | 0.10 | $56.00 |
| **TOTAL** | | **4,240.80** | **$2,771,432.00** |

## EXPENSE SUMMARY
## JUNE 1, 2011 THROUGH JUNE 30, 2011

| EXPENSES | AMOUNTS |
|---|---:|
| Domestic Travel/Domestic Travel Meals | $8,346.27 |
| Local Transportation | $2,790.75 |
| Meals | $2,302.81 |
| Postage | $0.44 |
| Duplicating – Firm | $10,212.50 |
| Duplicating – Firm Color Copies | $100.00 |
| Duplicating – External | $1,063.21 |
| Air Courier/Express Mail/UPS/Messenger | $1,542.76 |
| Process Service | $372.23 |
| Outside Temps – Paralegals/Other | $38,310.68 |
| Electronic Research | $11,468.88 |
| Computerized Research | $5.30 |
| Court Reporting | $15.00 |
| Online News Monitoring/News Watch and Clipping Service | $255.00 |
| Business Meals | $42.20 |
| Meetings and Conference Meals | $4,636.46 |
| **Total Expenses Requested:** | **$81,464.49** |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
---------------------------------------------------------------x
                                            :
```

*In re:*                                     :        **Chapter 11**

**WASHINGTON MUTUAL, INC., et al.,**[1]        :        **Case No. 08-12229 (MFW)**

                                             :        **(Jointly Administered)**

**Debtors.**                                 :

                                             :        Objection Deadline: October 6, 2011 at 4:00 p.m. (ET)

```
---------------------------------------------------------------x
```

### THIRTY-FIRST MONTHLY APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS ATTORNEYS FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM JUNE 1, 2011 THROUGH JUNE 30, 2011

Pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), the United States

Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330 issued by the Executive Office for United States Trustees

(the "Guidelines"), the Court's *Administrative Order Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses of Professionals* [D.I. 204], and the *Amended*

*Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of*

*Expenses of Professionals* [D.I. 302] (the "Administrative Order"), Weil, Gotshal & Manges

LLP ("Weil"), counsel for Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

debtors and debtors in possession (together, the "Debtors"), hereby files this thirty-first monthly

application (the "Application") for allowance of compensation for professional services rendered

and for reimbursement of actual and necessary expenses incurred in connection with Weil's

representation of the Debtors for the period commencing June 1, 2011 through and including

June 30, 2011 (the "Compensation Period"). In support of this Application, Weil respectfully

represents as follows:

## Background

1.     On September 26, 2008 (the "Commencement Date"), each of the Debtors

commenced with this Court a voluntary case pursuant to chapter 11 of the Bankruptcy Code.

The Debtors are authorized to continue to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On

October 3, 2008, the Court entered an order, pursuant to Bankruptcy Rule 1015(b), authorizing

the joint administration of the Debtors' chapter 11 cases.

2.     On October 15, 2008, the United States Trustee for the District of

Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the

"Creditors' Committee").  On January 11, 2010, the U.S. Trustee appointed an official

committee of equity security holders (the "Equity Committee").

3.     During the October 30, 2008 hearing before the Court, and by order, dated

November 11, 2008 [D.I. 244] (the "Retention Order"), the Court approved the Debtors'

application to employ and retain Weil as counsel for the Debtors nunc pro tunc to the

Commencement Date.  The Retention Order authorizes Weil to be compensated on an hourly

basis and to be reimbursed for actual and necessary out-of-pocket expenses, in accordance with

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Administrative Order.

4.      Similarly, by order, dated October 31, 2008 [D.I. 203], the Court approved the employment and retention of Richards, Layton & Finger, P.A. ("RL&F") as co-counsel for the Debtors. Weil and RL&F have divided responsibilities regarding representation of the Debtors and have made every effort to avoid and/or minimize unnecessary duplication of efforts in these chapter 11 cases.

5.      On March 26, 2010, the Debtors filed their *Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* and a related disclosure statement, which were subsequently amended. On October 6, 2010, the Debtors filed their *Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* (as amended, the "Sixth Amended Plan"). Embodied in the Sixth Amended Plan was a proposed Amended and Restated Settlement Agreement, dated October 6, 2010 (as amended, the "Global Settlement Agreement") that resolves certain disputes among the Debtors, JPMorgan Chase Bank, N.A., the Federal Deposit Insurance Corporation, and certain other parties in interest.

6.      Beginning on December 2, 2010, the Court held a hearing to consider confirmation of the Sixth Amended Plan. On January 7, 2011, the Court entered an Opinion [D.I. 6528] (i) determining that the compromise and settlement embodied in the Global Settlement Agreement and the transactions contemplated therein are fair, reasonable, and in the best interests of the Debtors, the Debtors' creditors, and the Debtors' chapter 11 estates, and (ii) identifying certain necessary modifications for approval of the Sixth Amended Plan.

7.      On February 8, 2011, the Debtors filed their *Modified Sixth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* (as

amended, the "Modified Plan"), and a related supplemental disclosure statement (as amended,

the "Supplemental Disclosure Statement"). By order, dated March 30, 2011 [D.I. 7081], the

Court, among other things, approved the adequacy of the information contained in the

Supplemental Disclosure Statement, established May 13, 2011 as the deadline to vote on the

Modified Plan, and scheduled a hearing to consider confirmation of the Modified Plan (the

"Confirmation Hearing") to commence on June 6, 2011.

        8.     Subsequently, with the full support of the Creditors' Committee, Equity

Committee and major creditor constituencies, the Debtors adjourned the Confirmation Hearing,

to permit, among other things, the negotiation and documentation of an agreed upon and

announced understanding among the Equity Committee and certain other parties in interest

regarding modifications to the Modified Plan. After several weeks of efforts to document such

understanding, the Equity Committee withdrew from negotiations and suggested the Debtors

proceed with confirmation of the Modified Plan. Consequently, the Debtors filed and served that

certain notice, dated June 17, 2011 [D.I. 7921], stating that the Confirmation Hearing would

commence on July 13, 2011. The Confirmation Hearing commenced on that date and the

evidentiary portion of the Confirmation Hearing completed on July 21, 2011. The Court heard

closing arguments with respect to confirmation of the Modified Plan on August 24, 2011.

        9.     On September 13, 2011, the Court entered an Opinion [D.I. 8613], in

which the Court reaffirmed that the compromise and settlement embodied in the Global

Settlement Agreement is fair and reasonable, and set forth limited modifications necessary for

approval of the Modified Plan.

## Summary of Professional Compensation
## and Reimbursement of Expenses Requested

10. By this Application, Weil requests allowance of $2,771,432.00 as compensation for professional services rendered during the Compensation Period and $81,464.49 as reimbursement for actual and necessary expenses incurred by Weil during the Compensation Period. All services for which compensation is requested by Weil were performed for or on behalf of the Debtors.

11. Weil has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered during the Compensation Period and addressed by this Application. There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

12. The fees charged by Weil in these cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period. The rates Weil charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates Weil charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters. Such fees are reasonably based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

13. Weil maintains computerized records of the time spent by all Weil attorneys and paraprofessionals in connection with its representation of the Debtors. Subject to redaction where necessary to preserve the attorney-client privilege, annexed hereto as <u>Exhibit A</u> are copies of Weil's itemized time records for professionals and paraprofessionals who performed services for the Debtors during the Compensation Period. All entries itemized in

Weil's time records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines, including the use of separate work codes for different project types, as hereinafter described.

14.     Annexed hereto as <u>Exhibit B</u> are Weil's itemized records detailing expenses incurred on behalf of the Debtors during the Compensation Period. All entries itemized in Weil's expense records comply with the requirements set forth in Local Rule 2016-2 and the Guidelines.

15.     I have read this Application and, to the best of my knowledge, it complies with sections 330 and 331 of the Bankruptcy Code, and the applicable sections of the Bankruptcy Rules, Local Rule 2016-2, the Guidelines and the Administrative Order.

<u>**Summary of Services**</u>

16.     The following is a summary of the significant professional services rendered by Weil during the Compensation Period. This summary is organized in accordance with the internal system of work codes set up by Weil at the outset of these chapter 11 cases, as reflected on pages ix-x of this Application. Only those work codes for which ten (10) or more hours of work was performed during the Compensation Period are listed below.

a.     <u>General Case Administration (Task Code 11100)</u>
        Fees: $27,999.00; Hours: 86.9

This category includes matters relating to, without limitation, circulation of recently-filed pleadings, organization of files and case binders, and general document management and review.

b.     <u>Non-Working Travel (Task Code 11190)</u>
        Fees: $12,339.00; Hours: 33.4

This category includes Weil employees' non-working travel time to hearings, meetings, and witness preparation sessions on behalf of the Debtors. In accordance with Local

Rule 2016-2(d)(viii), Weil billed the Debtors for each employee's non-working travel time at one-half of such employee's regular hourly rate.[6]

    c.    <u>General Case Strategy (Task Code 11200)</u>
        Fees: $20,350.50; Hours: 30.8

This category relates to overall case strategy, status, and pending issues, including, without limitation, research and review of pleadings, pending issues, and tasks, and meetings and other communications among Weil employees, the Debtors, and other professionals regarding the foregoing.

    d.    <u>United States Trustee Communications (Task Code 12400)</u>
        Fees: $7,664.00; Hours: 10.3

This category includes tasks related to the preparation of a letter to the U.S. Trustee regarding certain parties' request for the appointment of a special committee to represent litigation tracking warrant holders, and communications among Weil employees in connection therewith.

    e.    <u>WaMu Team Meetings (Task Code 12500)</u>
        Fees: $21,599.00; Hours: 31.9

This category includes Weil team meetings regarding outstanding issues and projects, case status, and strategy.

    f.    <u>General Hearing Preparation and Attendance (Task Code 12600)</u>
        Fees: $11,151.50; Hours: 14.6

This category includes Weil employees' preparation for and attendance at the omnibus hearings on June 8, 2011 and June 29, 2011.

---

[6] Specifically, Mr. Rosen had 2.2 hours billed at $525.00 per hour, Mr. Strochak had 3.6 hours billed at $462.50 per hour, Mr. Margolis had 2.6 hours billed at $390.00 per hour, Mr. Dummer had 4.0 hours billed at $375.00 per hour, Ms. DiBlasi had 2.2 hours billed at $360.00 per hour, Mr. Wright had 4.0 hours billed at $360.00 per hour, and Ms. Wine had 14.8 hours billed at $322.50 per hour.

g.     Retention – Other Professionals (Task Code 13300)
        Fees: $15,732.50; Hours: 26.0

This category primarily includes tasks related to the preparation of an application

to retain Klee, Tuchin, Bogdanoff & Stern LLP ("Klee Tuchin"), the preparation of a second

supplemental application for Perkins Coie LLP, the review of issues related to the retention of

Valuation Research Corporation, and communications among Weil employees, the Debtors, and

other professionals regarding the foregoing.

h.     Billing / Fee Applications – Weil (Task Code 13400)
        Fees: $27,417.50; Hours: 65.9

This category includes the review of attorney and paraprofessional billing entries

in accordance with the Guidelines, the preparation of Weil's twenty-ninth and thirtieth fee

applications, and communications related thereto.

i.     Claims Determination / Litigation (Task Code 15700)
        Fees: $152,080.50; Hours: 231.5

This category relates to the review and analysis of claims filed against the

Debtors, and includes, without limitation, (i) the review of documents related thereto, (ii) the

research and drafting of various claims objections and related documents, (iii) the preparation

and review of discovery requests, (iv) the review of stipulations with certain claimants, (v) the

preparation for hearings in connection with the litigation of various claims, and

(vi) communications among Weil employees, the Debtors, Alvarez and Marsal ("A&M"),

RL&F, other professionals, and claimants (or their counsel) regarding the foregoing.

j.     Plan Formulation (Task Code 16400)
        Fees: $505,052.50; Hours: 583.1

This category includes tasks relating to the formulation of a new plan of

reorganization based on a proposed (but ultimately failed) settlement with the Equity Committee

and certain other constituencies, including, among other things, (i) the review and revision of

proposed term sheets, (ii) the research of related issues, (iii) the preparation and revision of the new plan and related documents, (iv) the preparation for and participation in meetings among the negotiating parties, and (v) communications among Weil employees, the Debtors, A&M, counsel for the Equity Committee, counsel for the Creditors' Committee, counsel to certain other creditor constituencies, and other professionals regarding the foregoing.

      k.    Disclosure Statement (Task Code 16500)
             Fees: $157,323.00; Hours: 246.2

This category includes matters relating to the preparation of a disclosure statement for the new plan based upon the attempted settlement with the Equity Committee, including, among other things, (i) preparing a motion to approve the new disclosure statement and proposed solicitation procedures, (ii) updating relevant tax disclosures, (iii) updating litigation descriptions, (iv) revising the valuation analysis, and (v) communications regarding the foregoing among Weil employees, A&M, Blackstone Advisory Partners L.P. ("Blackstone"), and other professionals.

      l.    Solicitation Process / Ballots / Voting (Task Code 16600)
             Fees: $24,771.50; Hours: 45.0

This category includes matters relating to (i) the solicitation of votes on and elections with respect to the Modified Plan, (ii) the preparation of ballots and election forms with respect to the above-mentioned new plan, and (iii) communications regarding the foregoing between, among others, Weil employees, A&M, and Kurtzman Carson Consultants LLC ("KCC").

      m.    Confirmation Process (Task Code 16700)
             Fees: $1,190,043.50; Hours: 1,953.0

This category relates to the process for confirmation of the Modified Plan and includes, without limitation, (i) the preparation and review of discovery requests and responses,

and the review of related documents and issues; (ii) the research and review of objections to

confirmation and the preparation of an omnibus response thereto; (iii) the preparation of a

memorandum of law in support of confirmation of the Modified Plan; (iv) the development of a

comprehensive confirmation strategy, task list and timeline; (v) the preparation of testimony

outlines and declarations, other evidence, and demonstrative exhibits to be presented in support

of confirmation; (vi) the preparation for and participation in the deposition of certain witnesses

with respect to confirmation, and the review of related transcripts; (vii) participation in

preparation sessions for witnesses in support of confirmation; (viii) the research and preparation

of memoranda regarding issues related to confirmation of the Modified Plan; and

(ix) communications among Weil employees, the Debtors, A&M, Blackstone, RL&F, and other

professionals regarding the foregoing.

> n.  Plan Implementation (Task Code 16800)
>     Fees: $105,916.00; Hours: 136.4

This category relates to preparatory work in connection with implementation of

the Modified Plan (once confirmed), and includes, without limitation, the research and review of

issues and preparation of documents related to the reorganization of the Debtors and the

establishment of a liquidating trust and interests therein, and communications regarding the

foregoing among Weil employees, the Debtors, A&M, and other professionals.

> o.  General Bankruptcy Litigation Issues (Task Code 18000)
>     Fees: $179,642.50; Hours: 246.6

This category includes various tasks relating to the adversary proceeding

commenced by certain holders of litigation tracking warrants, including, without limitation,

(i) the review of pleadings filed; (ii) the development of strategies and preparation for trial;

(iii) the preparation of an answer to plaintiffs' third amended class complaint; (iv) the review of

discovery issues and related documents, and the preparation of responses to discovery requests;

(v) the negotiation of a proposed scheduling order; (vi) the preparation for a hearing regarding the motion to dismiss the plaintiffs' claims asserted against certain directors of WMI; (vii) coordination with a proposed expert witness and the review of related documents; (viii) the preparation for the depositions of certain witnesses; and (ix) related communications among Weil employees, the Debtors, A&M, plaintiffs' counsel, and other professionals. This category also includes tasks relating to the appeal of the Court's decision granting summary judgment in an adversary proceeding commenced by a consortium of holders of trust preferred securities, which tasks include, but are not limited to, the review of materials in connection therewith.

p.   General Non-Bankruptcy Litigation Issues (Task Code 19000)
Fees: $123,836.50; Hours: 208.2

This category relates to tasks regarding non-bankruptcy litigation involving the Debtors including, without limitation, (i) the negotiation, preparation and review of documents implementing settlements resolving (a) that certain class action lawsuit commenced by Denise Cassese, et al. (the "Cassese Litigation"), pending in the United States District Court for the Eastern District of New York; (b) that certain consolidated securities class action commenced by lead plaintiffs Walden Management Company Pension Plan and Metzler Investment GmbH, pending in the United States District Court for the Western District of Washington; and (c) that certain consolidated securities class action commenced by lead plaintiff Ontario Teachers' Pension Plan Board, pending in the United States District Court for the Western District of Washington, proceeding as part of the consolidated multi-district litigation in the same court; (ii) the preparation for and participation in the hearing on June 20, 2011 regarding the Cassese Litigation; (iii) the review of filings in certain cases commenced against WMI; and (iv) communications regarding strategy and issues related to the foregoing among Weil employees, the Debtors, A&M, KCC, and other professionals.

q. General Tax Issues (Task Code 24100)
   Fees: $24,390.50; Hours: 32.2

This category includes matters relating to the research and review of general federal and state tax issues, and multiple communications among Weil employees, the Debtors, A&M, and other professionals regarding the foregoing.

r. General Employee Issues (Task Code 25100)
   Fees: $28,150.00; Hours: 45.6

This category relates to general employee issues and includes, without limitation, (i) the review and research of interest crediting rate issues related to certain non-qualified employee benefit plans, (ii) the preparation of a letter from the administration committee for certain employee benefit plans responding to a certain former employee regarding certain claimed benefits, (iii) communications regarding the foregoing among Weil employees, the Debtors, A&M, and counsel for the Creditors' Committee.

s. Corporate Communications/Filings (Task Code 26400)
   Fees: $3,893.00; Hours: 12.4

This category includes the preparation of the Debtors' corporate filings, including a Form 8-K related to Debtors' monthly operating report, and communications among Weil employees in connection therewith.

t. D&O Insurance (Task Code 27200)
   Fees: $25,728.50; Hours: 36.8

This category includes matters relating to the Debtors' directors and officers' liability insurance policies, certain claims asserted with respect thereto, and communications and meetings among Weil employees, the Debtors, Klee Tuchin, counsel to the Equity Committee, counsel to the Creditors' Committee, counsel for the insurers, A&M, and other professionals to resolve such claims.

17.     The foregoing professional services performed by Weil were (a) necessary and appropriate to the administration of the Debtors' chapter 11 cases, (b) in the best interests of the Debtors and their estates, and (c) provided without unnecessary duplication of effort or expense incurred by professionals and paraprofessionals employed by RL&F.  Compensation for the foregoing services, as requested, is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.  The professional services were performed with expedition and in an efficient manner.

18.     A significant percentage of services performed by members, counsel, and associates of Weil were rendered by the Business Finance & Restructuring Department.  Weil has a preeminent practice in this area and enjoys a national reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately eighty attorneys specializing in this area of law.  Weil has been actively involved in many major chapter 11 cases, and currently represents or has represented, among others, the following debtors:  General Motors Corporation; Lehman Brothers Holdings Inc.; Enron Corp.; Blockbuster Inc.; Uno Restaurant Holdings Corp.; BearingPoint, Inc.; SemGroup L.P.; Extended Stay Inc.; Magna Entertainment Group; Finlay Enterprises, Inc.; LandSource Communities Development LLC; Vertis Holdings, Inc.; PRC, LLC; Charys Holding Co., Inc. and Crochet & Borel Services, Inc.; Sharper Image Corporation; Silicon Graphics, Inc.; Atkins Nutritionals, Inc.; Footstar, Inc.; New World Pasta Company; Parmalat USA Corp.; Loral Space & Communications Ltd.; TL Administration Corporation; Republic Engineered Product Holdings; WestPoint Stevens Inc.; Worldcom, Inc.; Adelphia Business Solutions, Inc.; APW Ltd.; Agway, Inc.; Formica Corp.; and Global Crossing Ltd.  As a consequence, Weil brings to these cases a

high level of expertise and experience that inures to the benefit of the Debtors and all parties in interest.

19.     Professional services performed by Weil on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 4,240.8 recorded hours by Weil's members, counsel, associates, and paraprofessionals.  Of the aggregate time expended, 1,090.8 recorded hours were expended by partners and counsel of Weil, 2,632.2 recorded hours were expended by associates, and 482.5 recorded hours were expended by paraprofessionals of Weil.

20.     During the Compensation Period, Weil's hourly billing rates for attorneys ranged from $250 to $1,075 per hour.  Allowance of compensation in the amount requested would result in a blended hourly rate for attorneys of approximately $706.52 (based upon 3,758.3 recorded hours at Weil's regular billing rates in effect at the time of the performance of services).[7]

### Actual and Necessary Disbursements of Weil

21.     Annexed hereto as Exhibit B are Weil's itemized records detailing expenses incurred on behalf of the Debtors during the Compensation Period.  Weil requests allowance of actual and necessary expenses incurred by Weil during the Compensation Period in the aggregate amount of $81,464.49.

22.     Weil's disbursement policies pass through all out of pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, with respect to duplication charges, Weil will charge $.10 per page because the actual cost is difficult to determine.  Similarly, as it relates to computerized research, Weil believes that

---

[7] The blended attorney rate was calculated using total compensation of $2,655,314.00 and total hours billed of 3,758.3, including 35.3 hours billed by three summer associates at $250.00 per hour.

it does not make a profit on that service as a whole although the cost of any particular search is difficult to ascertain. Other reimbursable expenses (whether the service is performed by Weil in-house or through a third party vendor) include, but are not limited to, facsimiles, toll calls, overtime, overtime meals, deliveries, court costs, cost of food at meetings, transcript fees, travel, and clerk fees. Notably, Weil charges all of its clients $1.00/page for out-going facsimile transmissions and does not charge its clients for incoming facsimile transmissions, and all travel expenses are billed at coach fare rates.

## Reservation

23. To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period but were not processed prior to the preparation of this Application, or Weil has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## Notice

24. No trustee has been appointed in these chapter 11 cases. Notice of this Application has been provided to: (i) the U.S. Trustee; (ii) counsel for the Creditors' Committee; (iii) counsel for the Equity Committee; and (iv) parties entitled to receive notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## Conclusion

WHEREFORE Weil respectfully requests (i) allowance of compensation for professional services rendered to the Debtors during the Compensation Period in the amount of

## VERIFICATION

STATE OF NEW YORK      )
                               ) s.s.:

COUNTY OF NEW YORK    )

         Brian S. Rosen, after being duly sworn according to law, deposes and says as follows:

         (a) I am a member with the applicant firm, Weil, Gotshal & Manges LLP, and have been admitted to appear before this Court.

         (b) I have personally performed many of the legal services rendered by Weil, Gotshal & Manges LLP, as counsel to the Debtors, and am thoroughly familiar with the other work performed on behalf of the Debtors by the lawyers in the firm.

         (c) I have reviewed the foregoing Application, and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016-2 and submit that the Application substantially complies with such rule.

                                    _____
                                     Brian S. Rosen, Esq.

SWORN TO AND SUBSCRIBED before
me this 16th day of September, 2011

_____
Notary Public

**KATHLEEN ANNE LEE**
Notary Public, State of New York
No. 01LE6119251
Qualified in New York County
Commission Expires November 29, 2012

$2,771,432.00 (80% of which equals $2,217,145.60) and reimbursement for actual and necessary costs and expenses incurred by Weil during the Compensation Period in the amount of $81,464.49 for a total of $2,852,896.49, (ii) that, in accordance with the Administrative Order, the Court direct the Debtors to pay Weil $2,298,610.09, representing 80% of the total amount of fees and 100% of the expenses allowed, (iii) that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Weil's right to seek such further compensation for the full value of services performed and expenses incurred, and (iv) that the Court grant Weil such other and further relief as is just.

Dated: September 16, 2011
      New York, New York

                               Brian S. Rosen, Esq.
                               WEIL, GOTSHAL & MANGES LLP
                               767 Fifth Avenue
                               New York, NY 10153
                               Telephone: (212) 310-8000
                               Facsimile: (212) 310-8007

                               ATTORNEYS FOR DEBTORS AND
                               DEBTORS IN POSSESSION