IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------)    Chapter 11
In re:                                           )
                                                 )    Case No. 08-12229 (MFW)
WASHINGTON MUTUAL, INC., et al.,[1]              )
                                                 )    Jointly Administered
       Debtors.                                  )
                                                 )    Re: Docket No: 8890
-------------------------------------------------)
```

## OBJECTION OF UTE BOMSDORF TO TWENTY-NINTH MONTHLY APPLICATION OF MILLER & CHEVALIER AS SPECIAL COUNCEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED SEPTEMBER 1, 2011 THROUGH SEPTEMBER 30, 2011

Now comes before this honorable court that I, Ute Bomsdorf, pro se, am an 'interested party' to this case with basis from my ownership of shares in WMI Common Securities. I submit this objection, pursuant to the guidelines of Sections 330 and 331 of the Bankruptcy Code, Local Rule 2016-2, and the Guidelines and Administrative Order provided by the Bankruptcy Reform Act of 1994.

This objection is submitted to this court, as it holds the final authority to award compensation and reimbursement – this power is fully vested, and solely, with the Court.

However, I also reference the parallel role and concurrent *responsibility* of the United States Trustee, under 28 U.S.C. 586(a)(3)(A), to provide that, whenever they deem appropriate, that the United States Trustee will <u>also</u> *review* applications for compensation and reimbursement of expenses.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104

However, this court must, as the final authority, take notice of my objections herein, and must ultimately and solely, apply conscience and law to the application for compensation.

Pursuant to the Miller & Chevalier "Notice of Twenty-Ninth Fee Application", I am submitting this objection on a timely basis, and to the parties required, before the established Objection Deadline of 11/15/11 at 4:00pm (EDT).

As elaborated further here, I object to the abusive allowances and request for compensation, for professional service charges that have been submitted by Miller & Chevalier.

I. **Pursuant to <u>Laffey v. Northwest Airlines, Inc.</u>,[2] that District Court ruled that hourly rates for attorneys practicing civil law in the Washington, DC metropolitan area could be categorized by years in practice and adjusted yearly for inflation.**

The Third Circuit Court of Federal Appeals adopted the Adjusted Laffey Matrix.[3] The Court of Appeals noted that the District Court "reviewed both indices [the DOJ Matrix and the Adjusted Laffey Matrix] and decided that [the Adjusted Laffey Matrix] represented a better measure of prevailing rates in Washington, DC.

In re <u>HPL Technologies, Inc. Securities Litigation</u>,[4] that court noted -- "It is the practice of the undersigned judge, however, to rely on official data to determine appropriate hourly rates, not on an attorney's self-proclaimed rates or declarations regarding hourly rates charged by law firms. One reliable official source for rates that vary by experience levels is the **Laffey matrix** used in the District of Columbia." (emphasis added) - <u>Garnes v. Barnhardt</u>.[5]

---

[2] 572 F. Supp. 354, 371 (D.D.C. 1983)
[3] <u>Interfaith Community Organization v. Honeywell International, Inc.</u>, 426 F.3d 694 (3rd Cir. 2005)
[4] 366 F.Supp.2d 912, 921 (N. Dist. Cal. 2005)
[5] 2006 U.S. Dist. LEXIS 5938 (N. Dist. Cal. 2006)

## Current Laffey Matrix

| Year | Adjustment Factor | Paralegal/Law Clerk | Years Out of Law School | | | | |
|---|---|---|---|---|---|---|---|
| | | | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/11 – 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10 – 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09 – 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |

This matrix is based on the hourly rates allowed by the District Court in Laffey v. Northwest Airlines, Inc.[6] It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix."

The recently updated matrix, supra, identifies the prevailing rates – adjusted for years of service – for the period of 6/1/11 through 5/31/12.

This objection questions this Court of the reasonableness of the fees being charged, to the estate, by Miller & Chevalier, and specifically their filing of the Twenty-Ninth Monthly Application for reimbursement of fees.

In the filing for compensation, Partners & Counsel Blended Attorney demonstrates rates above the Laffey range – and this simple percentage comparison assumes that all partners and Counsel represented have over 20 years of service.

A review of counsel biographies provided by Miller & Chevalier indicates certain partners and counsel within the billings as having less than 20 years of service. The incongruity of billing the estate in excess of the Laffey range, at a cost-per-hour further in excess of experience, is obviously excessive.

---

Note: Miller & Chevalier hourly rates are not only above the **Laffey matrix** but above pre-Petition rate fees previously approved by WMI.

I object to any billing by any Miller & Chevalier partner, counsel, paralegal, clerk or any other internal or external resource that exceeds the adjusted Laffey guidelines.

In the alternative to the Laffey Matrix, this court may, instead, turn to the Lodestar approach. The "Lodestar" approach assesses the reasonableness of requested compensation by comparing it to the court's estimates of necessary time and reasonable rates. In re McMullen[7] – "In arriving at a reasonable number of hours and a reasonable rate, courts will consider the evidence presented and by the court's own experience and knowledge of customary fees and costs charged in comparable cases."[8] "Under this approach, if the requested fee amount is less than the Lodestar baseline, it typically will be allowed in full; if greater than the baseline, the fee may be reduced to the baseline amount."[9]

II. **I object to the excessive billing by a not yet admitted to the bar by R. Winter at rates above Laffey matrix and with the appearance of being repetitive bill-padding. Note: there are pages of the same and with high hours for the same: Review materials in preparation for initial disclosure.**

(Intentionally left blank)

---

[7] 273 B.R. 558, 562 (Bankr. C.D. Ill. 2002)
[8] Id.
[9] Id.

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 09/22/2011 | R. Winter ** | Review materials in preparation for initial disclosure. | 7.50 | 320.00 | 2,400.00 |
| 09/22/2011 | L. E. Butler | Compile materials per S. Dixon. | 3.00 | 225.00 | 675.00 |
| 09/23/2011 | S. R. Dixon | Correspond with Home Savings counsel regarding protective order (0.4); compare and analyze revised protective order stipulation (0.5). | 0.90 | 620.00 | 558.00 |
| 09/23/2011 | R. Winter ** | Review materials in preparation for initial disclosure. | 7.30 | 320.00 | 2,336.00 |
| 09/24/2011 | R. Winter ** | Review materials in preparation for initial disclosure. | 5.00 | 320.00 | 1,600.00 |
| 09/25/2011 | R. Winter ** | Review materials in preparation for initial disclosure. | 8.00 | 320.00 | 2,560.00 |
| 09/26/2011 | S. R. Dixon | Review documents and prepare binder for trial preparation session. | 2.90 | 620.00 | 1,798.00 |
| 09/26/2011 | R. Winter ** | Review materials in preparation for initial disclosure. | 9.30 | 320.00 | 2,976.00 |
| 09/27/2011 | S. R. Dixon | Prepare and send binder for trial preparation session. | 0.50 | 620.00 | 310.00 |
| 09/27/2011 | R. Winter ** | Review materials in preparation for initial disclosure. | 9.80 | 320.00 | 3,136.00 |
| 09/27/2011 | L. E. Butler | Prepare materials for distribution per S. Dixon. | 1.50 | 225.00 | 337.50 |
| 09/28/2011 | S. R. Dixon | Review materials regarding trial preparation session. | 1.10 | 620.00 | 682.00 |
| 09/28/2011 | R. Winter ** | Review materials in preparation for initial disclosure. | 5.00 | 320.00 | 1,600.00 |
| 09/29/2011 | R. Winter ** | Review materials in preparation for initial disclosure. | 5.30 | 320.00 | 1,696.00 |
| 09/30/2011 | R. Winter ** | Review materials in preparation for initial disclosure. | 8.50 | 320.00 | 2,720.00 |
| Total Fees | | | | | $ 61,042.50 |

Therefore, I object to Miller & Chevalier billing the estate for an amount of $210,036 Expenses that list no detail as required per the Guidelines. The majority was for an expense of consulting of $209,007 with no detail. Miller & Chevalier provided no detail on what this consulting fee is for, and any benefit to the estate for such.

III.    **I object to Miller & Chevalier billing the estate for fees that appear to have no benefit to the estate. Miller & Chevalier was retained to litigate old tax cases of assets that the Debtors have transferred to JP Morgan. Two of the below cases have been suspended yet they continue to review, revise, and make it appear they are working for the best interest of the estate.**

Those Tax Cases are as follows:

- *Washington Mutual, Inc., as Successor in Interest to H.F. Ahmanson & Co. and Subsidiaries v. United States*, involving tax years 1990, 1992, and 1993, which was commenced in October 2006 in the United States District Court for the Western District of Washington (CV06-1550);

- *Washington Mutual Inc., as Successor in Interest to H.F. Ahmanson & Co. and Subsidiaries; Washington Mutual Bank, a Federal Association, as Successor in Interest to Home Savings of America; and Savings of America, Inc., as Substitute Agent for H.F. Ahmanson & Co. and Subsidiaries v. United States* (08-211), which was commenced in 2008 in the U.S. Court of Federal Claims and involves tax years 1991 and 1994; and

- *Washington Mutual, Inc., as Successor in Interest to H.F. Ahmanson & Co. and Subsidiaries; Washington Mutual Bank, a Federal Association, as Successor in Interest to Home Savings of America; and Savings of America, Inc., as Substitute Agent for H.F. Ahmanson & Co. and Subsidiaries v. United States* (08-321), which was commenced in 2008, involves tax years 1995 and 1998, and is pending in the U.S. Court of Federal Claims.

This court or the office of Trustee must consider if Miller & Chevalier services are even needed and if their fees are justified for the benefit of the estate or their own personal interest.

---

In Summary, I, Ute Bomsdorf, object to the billings reflecting unnecessary, inflated, arbitrary and/or exorbitant fees and expenses charged or seeking reimbursement from the estate by Miller & Chevalier.

In re <u>Busy Beaver Bldg. Centers, Inc.</u>,[10] - "the court should review a fee application to ensure the applicant exercises the same "billing judgment" as do non-bankruptcy attorneys by writing off unproductive research time, duplicative services, and redundant costs precipitated by overstaffing."

---

[10] 19 F.3d 833, 856 (3rd Cir. 1994)

The effective and judicious use of multiple highly paid professionals should be <u>closely</u> scrutinized by this court.

In re <u>Bonneville Pacific Corp.</u>,[11] - "The ultimate determination that all requirements of the statute have been met rests with the Court".

In re <u>TAK Communications, Inc.</u>,[12] the United States Bankruptcy Court for the Western District of Wisconsin noted "Whatever its responsibility may be in the absence of any objection, once an objection has been made and evidence and argument have been presented in support of the objection, a court may not adopt the ostrich's fabled position, but rather must assess the reasonableness of the fee application".

Respectfully,

*[signature: Ute Bomsdorf]*

October 30, 2011
Ute Bomsdorf
Stuttgart / Germany

---

[11] 147 BR 803, 805 (Bankr D Utah 1992)
[12] 154 B.R. 514 (Bankr W.D. Wisconsin)

## Certificate of Service

       I, Ute Bomsdorf, certify that on November 7, 2011, I caused one copy of the foregoing to be served upon the parties

United States Bankruptcy Court
District of Delaware
Clerk's Office
824 North Market Street 3rd Floor
Wilmington, Delaware 19801

Washington Mutual, Inc.
c/o Alvarez and Marsal
Attn. John Maciel, Esquire
1301 Second Ave, WMC3301
Seattle, WA 98101

Weil, Gotshal & Manges LLP
Brian S. Rosen, Esquire
767 Fifth Avenue
New York, NY 10153

Weil, Gotshal & Manges LLP
Marcia Goldstein, Esquire
767 Fifth Avenue
New York, NY 10153

Richards Layton & Finger PA
Mark D. Collins, Esquire
One Rodney Square
PO Box 551
920 North King Street
Wilmington, DE 19899

Office of the United States Trustee
Jane M. Leamy, Esquire
844 King Street, Suite 2313 Lockbox 35
Wilmington, DE 19801

Akin Gump Strauss Hauer & Feld LLP
Fred S. Hodara, Esquire
One Bryant Park
New York, NY 10036

Akin Gump Strauss Hauer & Feld LLP
Scott L. Alberino, Esquire
1333 New Hampshire Ave NW
Washington, D.C. 20036

Akin Gump Strauss Hauer & Feld LLP
David P. Simonds, Esquire
2029 Century Park E Ste 2400
Los Angeles, CA 90067

Pepper Hamilton LLP
David B. Stratton, Esquire
Hercules Plaza, Suite 5100
1313 N. Market St
Wilmington, DE 19801

Pepper Hamilton LLP
Evelyn J. Meltzer, Esquire
Hercules Plaza, Suite 5100
1313 N. Market St
Wilmington, DE 19801

Susman Godfrey LLP
Stephen D. Susman, Esquire
560 Lexington Ave Fl 15
New York, NY 10022-6828

Miller Chevalier Chartered
Mary Lou Soller
655 15th Street, NW
Suite 900
Washington, D.C. 20005