IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In Re: | Chapter 11 |
|---|---|
| WASHINGTON MUTUAL, INC., *et al.* | |
| Debtors. | Case No. 08-12229 (MFW)<br>(Jointly Administered) |
| | Objection Deadline: 12/5/11 at 4:00 p.m. (EST) |

**SUMMARY OF THIRTY-SIXTH MONTHLY APPLICATION OF
PERKINS COIE LLP FOR COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION FOR THE PERIOD FROM
SEPTEMBER 1, 2011 THROUGH SEPTEMBER 30, 2011**

| | |
|---|---|
| Name of Applicant: | Perkins Coie LLP |
| Authorized to provide professional services to: | Washington Mutual, Inc. and WMI Investment Corp. |
| Date of retention: | November 25, 2008 *nunc pro tunc* to September 26, 2008 |
| Period for which compensation and reimbursement is sought: | September 1, 2011 to September 30, 2011 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 74,339.50 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $ 11,956.41 |

This is a(n):  _X_ monthly  ____ interim  ____ final application

The applicant intends to seek compensation in connection with the preparation of this application at a later date.

If this is not the first application filed, disclose the following for each prior application:

| | | Requested | | Approved via Certificate of No Objection | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 2/6/2009 | 9/26/2008 – 10/31/2008 | $119,475.75 | $ 4,478.05 | $ 95,580.60 | $ 4,478.05 |

1

|  |  | Requested | | Approved via Certificate of No Objection | |
| --- | --- | --- | --- | --- | --- |
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 2/17/2009 | 11/1/2008 – 11/30/2008 | $132,554.50 | $ 3,866.85 | $ 106,043.60 | $ 3,866.85 |
| 2/25/2009 | 12/1/2008 – 12/31/2008 | $ 90,970.50 | $ 1,848.98 | $ 72,776.40 | $ 1,848.98 |
| 3/17/2009 | 1/1/2009 – 1/31/2009 | $134,815.00 | $ 3,053.28 | $ 107,852.00 | $ 3,053.28 |
| 4/13/2009 | 2/1/2009 – 2/28/2009 | $136,387.50 | $ 2,452.63 | $ 109,110.00 | $ 2,452.63 |
| 5/29/2009 | 3/1/2009 – 3/31/2009 | $166,344.50 | $ 1,213.98 | $ 133,075.60 | $ 1,213.98 |
| 7/15/2009 | 4/1/2009 – 4/30/2009 | $131,787.00 | $ 2,424.95 | $ 105,429.60 | $ 2,424.95 |
| 7/20/2009 | 5/1/2009 – 5/31/2009 | $124,213.50 | $ 5,458.37 | $ 99,370.80 | $ 5,458.37 |
| 9/17/2009 | 6/1/2009 – 6/30/2009 | $102,527.50 | $18,953.34 | $ 82,022.00 | $18,953.34 |
| 9/28/2009 | 7/1/2009 – 7/31/2009 | $ 58,951.50 | $ 9,104.62 | $ 47,161.20 | $ 9,104.62 |
| 10/7/2009 | 8/1/2009 – 8/31/2009 | $ 68,024.00 | $ 4,106.90 | $ 54,419.20 | $ 4,106.90 |
| 11/20/2009 | 9/1/2009 – 9/30/2009 | $ 70,894.50 | $ 2,498.79 | $ 56,715.60 | $ 2,498.79 |
| 1/5/2010 | 10/1/2009 – 10/31/2009 | $ 68,658.50 | $ 2,846.38 | $ 54,926.80 | $ 2,846.38 |
| 1/25/2010 | 11/1/2009 – 11/30/2009 | $ 52,459.50 | $ 2,511.95 | $ 41,967.60 | $ 2,511.95 |
| 2/12/2010 | 12/1/2009 – 12/31/2009 | $ 63,700.00 | $ 4,184.54 | $ 50,960.00 | $ 4,184.54 |
| 3/15/2010 | 1/1/2010 – 1/31/2010 | $ 65,575.00 | $ 5,311.94 | $ 52,460.00 | $ 5,311.94 |
| 5/13/2010 | 2/1/2010 – 2/28/2010 | $ 40,821.00 | $ 1,702.62 | $ 32,656.80 | $ 1,702.62 |
| 6/1/2010 | 3/1/2010 – 3/31/2010 | $158,452.80 | $ 6,877.24 | $ 126,762.24 | $ 6,877.24 |
| 7/1/2010 | 4/1/2010 – 4/30/2010 | $225,168.00 | $13,845.65 | $ 180,134.40 | $13,845.65 |
| 7/14/2010 | 5/1/2010 – 5/31/2010 | $137,170.50 | $ 4,350.70 | $ 109,736.40 | $ 4,350.70 |

| | | Requested | | Approved via Certificate of No Objection | |
|---|---|---|---|---|---|
| Date Filed | Period Covered | Fees | Expenses | Fees | Expenses |
| 8/20/2010 | 6/1/2010 – 6/30/2010 | $139,808.00 | $11,273.30 | $111,846.40 | $11,273.30 |
| 10/06/2010 | 7/1/2010 – 7/31/2010 | $101,411.00 | $2,724.20 | $81,128.80 | $2,724.20 |
| 10/27/2010 | 8/1/2010 – 8/31/2010 | $99,395.00 | $8,001.95 | $79,516.00 | $8,001.95 |
| 11/12/2010 | 9/1/2010 – 9/30/2010 | $111,926.50 | $6,126.09 | $89,541.20 | $6,126.09 |
| 12/28/2010 | 10/1/2010 – 10/31/2010 | $78,608.00 | $4,951.97 | $62,886.40 | $4,951.97 |
| 1/27/2011 | 11/1/2010 – 11/30/2010 | $83,226.50 | $2,986.99 | $66,581.20 | $2,986.99 |
| 2/16/2011 | 12/1/2010 – 12/31/2010 | $43,514.00 | $6,840.09 | $34,811.20 | $6,840.09 |
| 3/17/2011 | 1/1/2011 – 1/31/2011 | $101,315.30 | $2,760.71 | $81,052.24 | $2,760.71 |
| 4/18/2011 | 2/1/2011 – 2/28/2011 | $40,779.50 | $2,760.71 | $32,623.60 | $2,760.71 |
| 5/17/2011 | 3/1/2011 – 3/31/2011 | $56,952.00 | $934.60 | $45,561.60 | $934.60 |
| 6/27/2011 | 4/1/2011 – 4/30/20110 | $225,775.50 | $3,113.02 | $180,620.40 | $3,113.02 |
| 7/15/2011 | 5/1/2011 – 5/31/20110 | $176,797.75 | $627.42 | $141,438.20 | $627.42 |
| 8/16/2011 | 6/1/2011 – 6/30/20110 | $76,969.00 | $3,078.04 | $61,575.20 | $3,078.04 |
| 9/15/2011 | 7/1/2011 – 7/31/2011 | $118,465.00 | $1,948.20 | $88,002.76[1] | $1,948.20 |
| 10/18/2011 | 8/1/2011 – 8/31/2011 | $122,598.50[2] | $1,369.90 | | |

---

[1] An objection was filed [Dkt #8754] to a portion of Perkins Coie's fees for services provided in July 2011. A certificate of counsel was filed [Dkt #8880] requesting payment of 80% of the unopposed fees, i.e., $88,002.76.
[2] Objections were filed [Dkt #8980, #8981] to all of Perkins Coie's fees for services provided in August 2011.

## COMPENSATION BY TIMEKEEPER

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Bracewell, Rebecca A. | Joined the firm on 10/12/2002, Billable Docketing Specialist since 3/16/2004 | $ 95.00 | 18.50 | $ 1,757.50 |
| Cristy, J. Thomas | Joined the firm as an Associate on 12/30/92; Partner since 1/1/1996. Admitted to the Washington State Bar in 1993. | $ 695.00 | 0.40 | $ 278.00 |
| DeJong, Eric | Joined the firm as a Partner on 9/11/2000. Admitted to the Washington State Bar in 1994. | $ 640.00 | 0.80 | $ 512.00 |
| Glant, Ryan | Joined the firm as an Associate on 10/8/2007. Admitted to the Washington State Bar in 2007. | $ 390.00 | 5.00 | $ 1,950.00 |
| Graybeal, Lynne | Joined the firm as a Partner on 7/27/2000. Admitted to the Washington State Bar in 1983. | $ 660.00 | 9.60 | $ 6,336.00 |
| Hamilton, Kevin | Joined the firm as an Associate on 2/29/1988; Partner since 1/1/1994. Admitted to the Washington State Bar in 1986. | $ 595.00 | 20.50 | $ 12,197.50 |
| Henley, Julianne A. | Joined the firm as an Associate on 8/4/2008. Admitted to the Washington State Bar in 2006. | $ 365.00 | 6.70 | $ 2,445.50 |
| Hoskins, Rebecca H. | Joined the firm as an Associate on 6/25/2007. Admitted to the Washington State Bar in 2007. | $ 520.00 | 15.40 | $ 8,008.00 |
| Huso, Janine | Joined the firm on 6/1/1983. Paralegal since 2/16/1984 | $ 315.00 | 0.40 | $ 126.00 |
| Kaplan, John S. | Joined the firm as an Associate on 10/3/1994, Partner since 1/1/2001. Admitted to the Washington State Bar in 1994. | $ 580.00 | 6.50 | $ 3,770.00 |
| Kula, Donald J. | Joined the firm as a Partner on 5/1/2007. Admitted to the California State Bar in 1989. | $ 720.00 | 1.60 | $ 1,152.00 |

| Name of Professional Person | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including changes) | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Landefeld, Stewart M. | Joined the firm as an Associate on 9/24/1980, Partner since in 1987. Break from 12/10/2007-10/31/08. Admitted to the Washington State Bar in 1980. | $890.00 | 11.90 | $10,591.00 |
| Lang, Barbara J. | Joined the firm as a Paralegal on 2/11/2008. | $285.00 | 10.70 | $3,049.50 |
| Linsenmayer, Kurt | Joined the firm as Of Counsel on 9/21/1998. Partner since 1/1/2006. Admitted to the Washington State Bar in 1990. | $695.00 | 21.70 | $15,081.50 |
| Lintner, Laura | Joined the firm as an Associate 10/17/2005. Admitted to the Washington State Bar in 2005. | $445.00 | 1.80 | $801.00 |
| Maag, Mary Lou | Joined the firm on 4/14/1984; Paralegal since 8/2/1993. | $210.00 | 11.80 | $2,478.00 |
| Sipos, Charles | Joined the firm as an Associate on 4/9/2002; Partner since 1/1/2011. Admitted to the Washington State Bar in 2002. | $495.00 | 2.50 | $1,237.50 |
| Watt, Rebecca | Joined the firm as a Paralegal on 3/7/1983. | $295.00 | 1.10 | $324.50 |
| White, Willie J. | Joined the firm as an Associate on 1/4/2010. Admitted to the Washington State Bar in 2009. | $340.00 | 6.60 | $2,244.00 |
| **Blended Rate, Total Hours, Total Fees** | | $484.30 | 153.50 | $74,339.50 |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 46.60 | $13,913.00 |
| Business Operations | 90.80 | $55,454.50 |
| Fee/Employment Applications | 16.10 | $4,972.00 |
| **Total Fees** | 153.50 | $74,339.50 |

53000-0040/LEGAL22129126.1　　　　　　　　　　　　　　　　　　　　　　　　　　　　11/14/11

## EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Air Express | UPS | $ 20.12 |
| Conference Meals | | $ 28.71 |
| Filing Fees | United States Patent and Trademark Office | $ 1,200.00 |
| Long Distance | | $ 7.72 |
| Messenger Service | | $ 16.00 |
| Other | Domain ▓▓▓▓▓ | $ 69.00 |
| Photocopying | | $ 1.20 |
| Professional Services | Clark Wilson LLP | $ 1,901.16 |
| Professional Services - Mediation | Stokes Lawrence, P.S. | $ 8,712.50 |
| **Total Expenses** | | **$ 11,956.41** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>WASHINGTON MUTUAL, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br>(Jointly Administered)<br><br>**Objection Deadline: 12/5/11 at 4:00 p.m. (EST)** |

## THIRTY-SIXTH MONTHLY APPLICATION OF PERKINS COIE LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM SEPTEMBER 1, 2011 THROUGH SEPTEMBER 30, 2011

Pursuant to 11 U.S.C. §§ 330-331, Fed. R. Bankr. P. 2016, Local Bankruptcy Rule 2016, and the Court's Amended Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals dated November 14, 2008 (the "Administrative Order"), Perkins Coie LLP ("Perkins Coie" or the "Firm"), special counsel to Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment", together with WMI, the "Debtors"), files its Thirty-Sixth Monthly Application (the "Application") and hereby applies (i) for the allowance of interim compensation for professional services performed in the amount of $74,339.50 for the period September 1, 2011 through September 30, 2011 (the "Compensation Period"),[1] and (ii) for reimbursement of actual and necessary expenses for the same period in the amount of $11,956.41. In support of this Application, Perkins Coie respectfully represents as follows:

---

[1] In some instances, the invoices may contain time entries from a prior month which were not previously invoiced to the Debtor.

1

## Background

1.  On October 26, 2008, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.  Perkins Coie was retained effective as of the petition date by this Court's Order dated November 25, 2008 (the "Retention Order") as special counsel to continue to represent the Debtors in connection with matters Perkins Coie worked on prepetition, including intellectual property, general corporate, employment, tax and certain litigation matters. Perkins Coie was also retained to represent Debtors in connection with applications for employment of counsel and fee applications in connection with the bankruptcy matters. The Retention Order authorized Perkins Coie to be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court. On July 19, 2010, the Supplemental Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure authorizing the Debtors to Enlarge the Retention of Perkins Coie LLP as Special Counsel to the Debtors [docket no. 5094] (the "Supplemental Order") was entered. On July 27, 2011, the Second Supplemental Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Debtors to Enlarge the Retention of Perkins Coie LLP as Special Counsel to the Debtors [docket no. 8317] (the "Second Supplemental Order") was entered.

## Compensation Paid and Its Sources

3.  All services for which compensation is requested were performed for or on behalf of Debtors and not on behalf of any committee, creditor or other person.

4.  Perkins Coie has received no payment and no promises for payment from any source, other than the Debtors, for services rendered or to be rendered in any capacity

53000-0040/LEGAL22129158.1                                                      11/14/11

whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Perkins Coie and any other person (other than the partners of Perkins Coie) for the sharing of compensation to be received for services rendered in these cases.

### Descriptions of Services

5. Perkins Coie's invoices for the Compensation Period contain daily time logs describing the time spent by each professional for this period. The invoices were prepared under the same client and matter numbers established when the matters were opened during Perkins Coie's prepetition representation of WMI.

6. Detailed descriptions of services provided to Debtors in connection with asset disposition and intellectual property matters are included in the invoices attached as Exhibit A. A brief narrative of services performed on those matters is provided below under the project category Asset Disposition.

7. Detailed descriptions of the services provided to Debtors in connection with general corporate, SEC and employment law matters are included in the invoices attached as Exhibit B. A brief narrative of services performed on those matters is provided below under the project category Business Operations.

8. Detailed descriptions of the services provided to Debtors in connection with fee and employment applications in the bankruptcy matters are included in the invoices in Exhibit C. A brief narrative of these services is provided below under the project category Fee/Employment Applications.

53000-0040/LEGAL22129158.1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　11/14/11

## Statements of Expenses

9.     Expenses incurred are identified in each invoice attached in Exhibits A, B, and C, and a detailed description of all expenses is attached as Exhibit D.

10.     Perkins Coie's cost recovery policies are designed only to recover actual out-of-pocket expenses and not to make a profit on disbursements. For example, the Firm does not charge a "per page" fee for either sending or receiving faxes; any fax charges shown are the actual costs of long distance charged by the telephone company for each fax, without mark-up or service fees. The Firm's in-house photocopy and printing charges are recorded at $0.10 per page, which reflects the Firm's reasonable estimate of allocable copy machine costs. The costs for outside services, such as postage, messenger services, photocopy and mailing services, etc. are passed through to the client and billed at the same rate as the provider has invoiced the Firm, without mark-up or additional service fees. Overnight and express mail services are utilized only when the relevant time constraints justify the added cost. As with the costs of other outside services, overnight and express mail charges are passed through to clients without mark-up or additional service charges. Computer research charges are also passed through to clients, but clients benefit from the Firm's annual volume discount contract with Westlaw, which usually amounts to a reduction of approximately 50% from regular charges.

11.     Perkins Coie has made every effort to minimize its expenses in this case. The actual expenses incurred in providing professional services were necessary, reasonable, and tailored to serve the needs of the Debtors.

## Summary of Services by Project Category

12.     For purposes of this Application, a brief narrative of the services provided by Perkins Coie during the Compensation Period is provided by project category below. More

detailed descriptions of the actual services provided are set forth in the invoices attached as Exhibits A, B and C. A schedule of professionals who provided services for each of the categories below is attached as Exhibit E.

**Asset Analysis and Recovery**: No services this period.

**Asset Disposition**: Services provided this period included managing WMI's entire trademark, domain name and patent portfolios worldwide; rendering trademark and patent counseling services, software and patent licensing services, and services in selecting and registering trademarks and domain names; monitoring, protecting and defending trademark and domain names from infringement; reviewing advertising copy for trademark and copyright issues; prosecuting patent applications; analyzing patent infringement matters; managing all trademark, domain name and patent-related deadlines; and preparing documents for various related transactions.

The vast majority of the trademarks and domain names, some of the patent, and all of the pending patent applications used by WMI and its pre-bankruptcy affiliates, including Washington Mutual Bank ("WMB"), are registered in the name of WMI, and represent valuable assets of WMI's bankruptcy estate that should be preserved, pending a likely disposition.

Services are described in more detail in the invoices attached as Exhibit A.

**Business Operations**: Services provided by Perkins Coie during this period included counseling Debtors with respect to advice to the board, SEC filings, related insurance issues, and other general corporate governance issues. The Firm also advised Debtors in analyzing and responding to a claim made by a former employee pursuant to various alleged contractual and employee benefit plans obligations. Debtors or Debtors' bankruptcy counsel sought Perkins Coie's counsel on these issues based on its prior experience with the Debtors, as described in detail in the invoices attached at Exhibit B.

5

**Case Administration**: No services this period.

**Claims Administration and Objections**: No services this period.

**Employee Benefits/Pensions**: No services this period.

**Fee/Employment Applications**: During this period the Firm prepared for and participated in the eighth interim hearing on fee applications and prepared and filed its fee application for services provided in July 2011. Services are described in more detail in the invoices attached as Exhibit C.

**Fee/Employment Objections**: No services this period.

**Financing**: No services this period.

**Litigation**: No services this period.

**Plan and Disclosure Statement**: No services this period.

**Relief from Stay Proceedings**: No services this period.

**Tax Issues**: No services this period.

**Valuation**: No services this period.

## Valuation of Services

13. Professionals and paraprofessionals of Perkins Coie have expended and a total of 153.50 hours in connection with the above matters during the Compensation Period as shown in the Compensation by Timekeeper, Compensation by Project Category, and Project Category Detail tables set forth above and in Exhibit F attached. The nature of the work performed by these persons is fully set forth in the invoices attached in Exhibits A, B and C. Perkins Coie has billed its normal hourly rates for work of the nature performed by these persons. The reasonable value of the services rendered by Perkins Coie to the Debtors during the Compensation Period is $74,339.50.

14. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Perkins Coie respectfully submits that the amount requested by the Firm is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. Moreover, Perkins Coie has reviewed the requirements of Del. Bank. L.R. 2016-2 and believes that this Application complies with that Rule.

WHEREFORE, Perkins Coie respectfully requests that the court (i) allow interim compensation for professional services rendered during the Compensation Period in the amount of $74,339.50 (subject to the 20% holdback), and reimbursement for actual and necessary expenses the Firm incurred during the Compensation Period in the amount of $11,956.41; (ii) authorize such sums for payment in accordance with the terms of the Administrative Order; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: November 14, 2011
      Seattle, Washington

Respectfully submitted,

By:   */s/ John S. Kaplan*
John S. Kaplan, WSBA #23788
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, WA 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>WASHINGTON MUTUAL, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br>(Jointly Administered)<br><br>CERTIFICATION |

John S. Kaplan, after being duly sworn according to law, deposes and says:

1. I am a partner with the applicant firm, Perkins Coie LLP.

2. I have personally performed a number of the services rendered by the Firm as described in the attached Application, and am generally familiar with the other work performed on behalf of the Debtors by others in the Firm. Certain work described in the Application relates to matters within the knowledge of other attorneys and personnel at Perkins Coie and the statements in the application are based on information provided by them.

3. I have reviewed the attached Application and the requirements of Local Rule 2016-2 and believe the Application complies with the Local Rule.

Dated: November 14, 2011
      Seattle, Washington

Respectfully submitted,

By:    */s/ John S. Kaplan*
John S. Kaplan, WSBA #23788
PERKINS COIE LLP
1201 Third Avenue, 48th Floor
Seattle, WA 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000