# Exhibit A

# Stipulation

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                              :
*In re*                                       :    Chapter 11
                                              :
WASHINGTON MUTUAL, INC., et al.,[1]           :    Case No. 08-12229 (MFW)
                                              :
        Debtors.                              :    (Jointly Administered)
                                              :
                                              :
---------------------------------------------------------------x

## STIPULATION MODIFYING AUTOMATIC STAY AND AUTHORIZING THE SETOFF OF PREPETITION OBLIGATION

Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as debtors and debtors in possession (collectively, the "Debtors"), and the Montana Department of Revenue ("Montana" and, together with the Debtors, the "Parties") hereby stipulate as follows:

RECITALS:

        A.      On September 26, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Since the Petition Date, the Debtors have continued to operate their businesses and manage their properties as debtors in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code.

        B.      On October 3, 2008, the Bankruptcy Court entered an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

authorizing the joint administration of the Debtors' chapter 11 cases.

C. On February 24, 2009, the Debtors filed their Second Amended Schedule of Assets and Liabilities [D.I. 0709] (the "Schedules"). Schedule E2 lists Montana as having a contingent, unliquidated priority claim (the "Bankruptcy Claim").[2] Montana never filed a proof of claim in the Debtors' chapter 11 cases.

D. On or about May 3, 2010, WMI, on behalf of itself and certain of its subsidiaries, filed amended corporate income tax returns (collectively, the "'01–'03 Amended Returns") with Montana for the filing periods ending on December 31, 2001, December 31, 2002 and December 31, 2003 (collectively, the "'01–'03 Filing Periods") reflecting federal income tax adjustments. As provided herein, the Parties agree that they do not owe one another any refunds or liabilities with respect to the '01-'03 Amended Returns.

E. On or about December 27, 2010, WMI, on behalf of itself and certain of its subsidiaries, filed amended corporate income tax returns (collectively, the "'04–'07 Amended Returns" and, together with the '01–'03 Amended Returns, the "Amended Returns") with Montana for the filing periods ending on December 31, 2004, December 31, 2005, December 31, 2006 and December 31, 2007 (collectively, the "'04–'07 Filing Periods" and, together with the '01–'03 Filing Periods, the "Filing Periods") reflecting federal income tax adjustments. According to the '04–'07 Amended Returns, as of the Petition Date, the Debtors owe a tax liability of $14,391 for the tax year ended December 31, 2004, and are owed refunds from

---

[2] Pursuant to the Schedules, the Debtors reserved the right to dispute the priority status of any claim on any basis. Further, the Schedules provide that listing any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under section 507 of the Bankruptcy Code.

Montana in the amounts of $38,694, $69,377 and $20,570 for the tax years ended December 31, 2005, December 31, 2006, and December 31, 2007, respectively.

F. The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the automatic stay to the limited extent provided herein.

NOW THEREFORE, the Parties, by and through their undersigned counsel, do hereby agree as follows:

AGREEMENT:

1. The Parties agree that, based upon the Amended Returns, as of the Petition Date, the Debtors owe Montana $14,391 (the "Debtors' Obligation") and Montana owes the Debtors $128,641 (the "Montana Obligation").

2. The Parties further agree that, other than the amounts set forth in decretal paragraph 1 hereof, there are no outstanding tax issues between them with respect to the Filing Periods.

3. Upon entry of an order of the Bankruptcy Court approving this Stipulation (the "Effective Date"), the automatic stay imposed by section 362 of the Bankruptcy Code shall be modified for the limited purpose of allowing Montana to offset the Montana Obligation against the Debtors' Obligation, and such setoff shall be in complete satisfaction and release of any and all claims Montana may hold against the Debtors with respect to the Filing Periods, including, without limitation, the Bankruptcy Claim, leaving a net balance (the "Net Balance") due to the Debtors in the amount of $114,250.

4. Within fifteen (15) business days after the Effective Date, Montana shall pay to the Debtors, by check or wire transfer, the Net Balance.

5. As of the Effective Date, Montana, its employees, agents, attorneys, and

representatives fully and finally waive, release, acquit and forever discharge the Debtors, their employees, officers, shareholders, agents, representatives, attorneys, successors and assigns (collectively, the "Released Debtor Parties"), from any and all claims (as such term is defined in section 101(5) of the Bankruptcy Code), demands, obligations, actions, causes of action, rights or damages under any legal theory, whether at law or at equity, based on, arising from or related to the Debtors' Obligation (including any and all interest earned thereon), the Amended Returns and/or the Filing Periods, which Montana may now have or may claim to have had, whether such claims are currently known, unknown, foreseen or unforeseen. Montana acknowledges that it may discover additional or different facts from those that it knows or believes to be true with respect to the Debtors' Obligation (including any and all interest earned thereon), the Amended Returns or the Filing Periods, but, except as provided herein, agrees to fully and forever release its claims, including unknown claims, against the Released Debtor Parties.

6. Upon the Debtors' receipt of the Net Balance from Montana, the Released Debtor Parties fully and finally waive, release, acquit and forever discharge Montana, its employees, agents, attorneys, and representatives from any and all claims (as such term is defined in section 101(5) of the Bankruptcy Code), demands, obligations, actions, causes of action, rights or damages under any legal theory, based on, arising from or related to the Montana Obligation (including any and all interest earned thereon), the Amended Returns or the Filing Periods, which the Debtors may now have or may claim to have had, whether such claims are currently known, unknown, foreseen or unforeseen. The Debtors acknowledge that they may discover additional or different facts from those that they know or believe to be true with respect to the Montana Obligation (including any and all interest earned thereon), the Amended Returns or the Filing Periods, but, except as provided herein, agree to fully and forever release their

claims, including unknown claims, against Montana, its employees, agents, attorneys and representatives.

7.  This Stipulation contains the entire agreement between the Parties and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof.

8.  This Stipulation shall have no force or effect unless and until it is approved by an order of the Bankruptcy Court.

9.  Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Parties hereto to be charged.

11. This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or their successors in interest.

12. Nothing in this Stipulation shall be deemed an admission or be binding upon the Parties in the event that an order approving the Stipulation is not entered by the Bankruptcy Court or such an order is later set aside.

13. Notwithstanding Bankruptcy Rule 6004, an order approving this Stipulation shall be immediately effective.

14. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

15. The Bankruptcy Court shall have sole and exclusive jurisdiction to hear

disputes arising out of or related to this Stipulation.

Dated: November 16, 2011
      Wilmington, Delaware

*Julie A. Moridian* (No. 5303)

Mark D. Collins, Esq. (No. 2981)
Michael J. Merchant, Esq. (No. 3854)
Travis A. McRoberts (No. 5274)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
– and –
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsímile: (212) 310-8007

**Attorneys for the Debtors and Debtors in Possession**

Teresa G. Whitney
Senior Tax Counsel
Special Assistant Attorney General
STATE OF MONTANA
DEPARTMENT OF REVENUE
Legal Services
PO Box 701
Helena, Montana 59604-7701
Telephone: (406) 444-7990
MT Bar NO.: 8385

**Attorneys for the Montana Department of Revenue**

disputes arising out of or related to this Stipulation.

Dated: November 16, 2011
     Wilmington, Delaware

| | |
|---|---|
| /s/ Mark D. Collins | /s/ Teresa G. Whitney |
| Mark D. Collins, Esq. (No. 2981) | Teresa G. Whitney |
| Michael J. Merchant, Esq. (No. 3854) | Senior Tax Counsel |
| Travis A. McRoberts (No. 5274) | Special Assistant Attorney General |
| RICHARDS, LAYTON & FINGER, P.A. | STATE OF MONTANA |
| One Rodney Square | DEPARTMENT OF REVENUE |
| 920 North King Street | Legal Services |
| Wilmington, Delaware 19801 | PO Box 701 |
| Telephone: (302) 651-7700 | Helena, Montana 59604-7701 |
| Facsimile: (302) 651-7701 | Telephone: (406) 444-7990 |
| – and – | MT Bar NO.: 8385 |
| Brian S. Rosen, Esq. | |
| WEIL, GOTSHAL & MANGES LLP | **Attorneys for the Montana Department of Revenue** |
| 767 Fifth Avenue | |
| New York, New York 10153 | |
| Telephone: (212) 310-8000 | |
| Facsimile: (212) 310-8007 | |

**Attorneys for the Debtors and Debtors in Possession**