PETER SZANTO 949 887 2369
P. O. BOX 10451
Newport Beach  CA  92658

FILED
2011 NOV 21  AM 9: 07
CLERK
US BANKRUPTCY C...
DISTRICT OF D...

# UNITED STATES BANKRUPTCY COURT
### District of Delaware
824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 302-252-2900

| | |
|---|---|
| Peter Szanto, an individual, Citizen of California, **Removing Party** vs. Washington Mutual Bank, WAMU, Debtor and JPMorgan Chase Bank, Adversary of Debtor, **Respondents** ** JURY is REQUESTED ** | USBC # 11- _____ **Notice of Removal** **AND** Joinder as to this Court's cases 08-12229 and 09-50551 from Superior Court of California in Los Angeles County Case: BC 403022 Federal Jurisdiction is Original and Exclusive of this Case Under Title 11 of the United States Code Assigned to: Hon_____ |

1. Removing party Peter Szanto is an individual, over 18 years of age and a citizen of California.

2. Washington Mutual Bank and JPMorgan Chase (JPMC), respondents, are, respectively a debtor and said debtor's adversary who are currently seeking various

ORIGINAL

forms of relief before this Court.

3. Prior to removal, removing party was pursuing an action in the Superior Court of California in and for Los Angeles County, California, alleging among other things breach of contract by the respondents [EXHIBIT A]

4. Respondent JPMorgan filed an answer to those claims. [EXHIBIT B]

5. Removing party's every effort at discovery was either disregarded or made meaningless by respondent's irrelevant responses.

6. On **August 4, 2010** [EXHIBIT C] removing party obtained an ORDER from the Los Angeles Court compelling discovery as follows:

7. Respondent was to identify and produce their Person Most Knowledgeable / Person Most Qualified (PMK) for deposition.

8. In the ensuing months JPMorgan Chase began an unremitting campaign of delay tactics to keep secret the identity of their PMK and to impede the deposition.

9. These delays were followed by removing party's further requests for additional ORDERS enforcing discovery. Respondents' stall tactics continued: the PMK fell ill, no one knew when the PMK would be well enough to travel to California, the PMK was unable to get a physician's 'clean bill of health'.

10. Respondent JPMorgan's tactics culminated in their knowing alteration of an ORDER of the trial court, which they filed but never served on removing party, so as further to delay the PMK's deposition.

11. On November 2, 2011, the trial judge in Los Angeles, ORDERED that the deposition would occur on November 8, 2011 [removal triggering event 1, less than 30 days ago, wherein removing party discovered for the first time that the party appearing as JPMorgan was likely not the proper party who had been sued – see facts below].

12. On November 8, 2011, one Vicki Landis appeared for deposition purporting to be PMK of JPMorgan Chase Bank.

13. As a matter of fact, Ms Landis' alleged position with JPMorgan is that of a researcher regarding JPMorgan's litigation. Ms Landis works in her home in rural Texas, about 50 miles from Dallas. Ms Landis does not have regular hours of work and does not have an office. Ms Landis reports to a person named 'Lisa' who is also a

litigation researcher 'somewhere' in California. Ms Landis has never met her supervisor in person. Ms Landis' job is to examine computer screens and to have <u>conversations</u> with attorneys about on-going litigation. Ms Landis does not write reports and rarely has physical / paper files in her possession. Ms Landis makes no decisions and has no authority to bind JPMorgan in any manner. Ms Landis can neither spend nor receive money on behalf of JPMorgan. Ms Landis receives instructions from others regarding the work she is required to do. Ms Landis supervises no one – and no one reports to her regarding any matter or any aspect of the work or business of JPMorgan.

14. Ms. Landis has never made any decisions on behalf of JPMorgan.

15. Ms Landis is not empowered to make any decisions on behalf of JPMorgan.

16. Ms Landis representation to be a PMK was a sham.

17. Additionally, respondent made no objections to either: 1) the deposition notice; 2) the various requests for the production of documents in that notice. Also, without explanation nor seeking any protective order from the trial court Ms Landis produced no documents at the deposition.

18. Removing party produced various documents from the Los Angeles case as well as other cases in this Court wherein JPMorgan is party for examination by Ms Landis. There was not even one document which Ms Landis could identity. When the contents of the documents were explained to Ms Landis, there was not even one defense or affirmative defense of JPMorgan which Ms Landis could neither articulate, explain nor of which she had awareness knowledge or familiarity.

19. After several hours of unproductive answers respondent halted the deposition.

20. For the reasons stated herein, and for other reasons which will be explained at time of trial, removing party contends that the party appearing in Los Angeles as JPMorgan Chase bank, is likely the wrong JPMorgan Chase bank against whom removing party is pursuing an action regarding, among other things, breached contracts between removing party and respondents herein.

21. The reason this fact is now evident, and could not have been known earlier is that the real JPMorgan Chase Bank, would never produce a person who lacked fundamental knowledge and documents relating to the substantive issues in this case

in response to the direct ORDER of the Superior Court of California.

22. Thereon removing party contends, (without conceding lack of timeliness to his removal) that any lateness to his removal is properly explained under FRCP 60 because of removing party's mistake, surprise, inadvertence, surprise, or excusable neglect regarding having discovered only within the last 30 days, that party responding to his claims in California may not be the party against whom his action was commenced, because a bank with the resources, prestige and standing of JPMorgan would not produce for a PMK deposition someone working from their home in rural Texas who had no connection with JPMorgan's corporate infrastructure whatsoever. Such information could not have been discovered earlier, because it was fraudulently, and actively withheld by JPMorgan Chase Bank. Such information about the proper defendant bank relied on misrepresentation and misconduct by an opposing party JPMorgan Chase Bank in failing to disclose the nature of its representation.

23. Removing party also relies for removal on the ORDER of the Honorable Mary F. Walrath of September 13, 2011 in case No. 08-12229 (MFW) (triggering event #2 REMOVAL within the last 90 days).

24. In the ORDER of September 13, 2011 this Court explains at page 1 "Early in the bankruptcy case disputes arose among the Debtors, the FDIC, and JPMC regarding ownership of certain assets and various claims that the parties asserted against each other." Removing party contends that his claims should receive identical examination before this Court as those identical parties in his action who are already appearing. Especially based on the fact that the improper actions of JPMorgan Chase attempted intentionally to bar removing party from this proper Court.

25. In the ORDER of September 13, 2011 this Court explains at page 2 "Congress has legislated that the Bankruptcy Court has core subject matter jurisdiction over approval of settlements of claims and counterclaims and confirmation of plans of reorganization. 28 U.S.C. §§ 1334 & 157(b)(2)(A), (B), (C), (K), (L), (M), (N), & (O)." Removing party, who is not an attorney did not previously comprehend the exclusive and original nature of his claims in bankruptcy and only now realized the necessity of needing to be before this Court effectively to prosecute his claims. (Please see

mandatory JOINDER section *infra*. Removing party's efforts to seek relief were further hindered and thwarted by JPMorgan's efforts at evading discovery such that removing party could not fully comprehend the proper procedure to follow in regard of his claims for relief. That is, if a proper PMK had been produced earlier – in compliance with the state court's ORDER – removing party would have learned and discovered much sooner that he was proceeding in the wrong court against the wrong JPMorgant Chase bank.

26. In the ORDER of September 13, 2011 this Court explains at p. 4 "As an initial matter, a court does not have to have jurisdiction over the underlying claims in order to approve a compromise of them. *See, e.g., Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 381-2, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996)." This is precisely another of removing party's contentions: that his claims are properly before this Court, because this Court is hearing and weighing matters regarding identical parties and identical issues as are in the Los Angeles action. For the sake of judicial economy and the preservation of judicial resources, this Bankruptcy Court in Delaware is the proper Court for adjudication of removing party's claims, because litigation concerning Washington Mutual proceeding in bankruptcy cannot proceed in the state court and is already proceeding here. Complete relief cannot be obtained against JPMorgan alone in state court (see joinder section regarding possibility of incomplete relief).

27. In the ORDER of September 13, 2011 this Court explains at p.5. "It is without question that bankruptcy courts have exclusive jurisdiction over property of the estate. *See* 28 U.S.C. § 1334(e) (stating that the court in which a case under title 11 is commenced or is pending 'shall have exclusive jurisdiction—(1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate'). *See also, Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 363–64, 126 S.Ct. 990, 163 L.Ed.2d 945 (2006) (stating that '[c]ritical features of every bankruptcy proceeding are the exercise of exclusive jurisdiction over all of the debtor's property.')." Removing party thereon alleges that merely the entire deceptive course of conduct of JPMorgan Chase (failing to respond to discovery, allowing its default to be taken so as to waste time in undoing that default, interposing an answer which did not address the

issues, and then offering forth a PMK who did not have even fundamental knowledge of the operations of the proper JPMorgan Chase) were the sole and only reasons removing party was intentionally prevented from previously perfecting his claims and his appearance before this Court. (IE, removing party was **duped** into believing he was in the proper court, by experienced dozens of attorneys whose sole goal was to avoid removing party from obtaining *U.S. Constitution* Amendment 1, complete redress for his grievances and relief for his just and proper claims.

28. And immediately upon learning the truth of these matters regarding proper jurisdiction and exclusive Federal bankruptcy jurisdiction, removing party without delay removed this action to this Court.

29. In the ORDER of September 13, 2011 this Court explains at page 6, that jurisdiction includes jurisdiction to decide whether disputed property is, in fact, property of the estate. *See, e.g., Salander O'Reilly Galleries*, 453 B.R. 106, 2011 WL 2837494, at 12–13 (concluding that the bankruptcy court had core jurisdiction to decide priority of estate's and creditor's asserted interests. Removing party asserts his creditor's claims and interests by way of his First Amended Complaint.

27. Removing party approaches this Court for adjudication upon those claims.

28. In the ORDER of September 13, 2011 this Court explains at page 11, that the Court of Appeals for the D.C. Circuit. *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3rd 1137, 1142 (D.C.Cir.2011) (held that when a "suit is against a third-party bank for its own wrongdoing, not against the depository institution for which the FDIC is receiver (i.e., Washington Mutual), their suit is not a claim within the meaning of [FIRREA] and thus is not barred") (citing *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 394 (3rd Cir.1991) (holding that claims for damages against assuming bank for its own acts did not fall within jurisdictional bar because they did not seek payment from assets of the receiver)). As a result, removing party contends that business tort claims which the Debtors have against JPMC are not barred and are potentially valuable assets which are being released for no consideration under the global settlement agreement in the underlying bankruptcy proceeding.

29. Removing party contends that those same valuable assets are available

from respondents to satisfy and make whole removing party's claims.

30. Removal herein is also timely because removing party's underlying claim is related to the debtor's bankruptcy case. *Edge Petroleum Operating Co., Inc. v. Duke Energy Trading & Marketing, L.L.C.*, (2002) 312 B.R. 139.

## JOINDER

31. FRCP Rule 19(a) requires certain persons to Be Joined to any action.

32. Removing party Szanto is a proper person to be joined in this matter because in Szanto's absence, this Court cannot accord complete relief among existing parties in either the underlying bankruptcy matter or the adversarial proceeding arising there from.

33. Removing party Szanto is a proper person to be joined in this matter because Szanto's absence, this Court cannot accord complete relief among existing parties claims an interest relating to the subject of the action and is so situated that disposing of the action in the Szanto's absence may:

(i) as a practical matter impair or impede the Szanto's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

34. Here if Szanto's interests are not adjudicated before this Court, he may be entirely deprived of all relief.

35. Provision for the joinder of other creditors is contained in Bankruptcy Act 11 USCA § 303c: "After the filing of a petition under this section but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent ... may join in the petition with the same effect as if such joining creditor were a petitioning creditor." Additional creditors may join at any time before adjudication and be counted at the hearing in determining whether there are petitioning creditors qualified to maintain any petition, it being immaterial whether they join in the

petition originally or by intervention. *Jurgenson v. National Oil & Supply Co.* (1933) 63 F.2nd 727, 728

36. Szanto is such a creditor and thereon joins his claims to the actions already commenced in this Court: <u>cases 08-12229 and 09-50551</u>.

37. Creditors who subsequently join a bankruptcy petition take on the status of petitioning creditors. *Crateo, Inc. v. Intermark, Inc.*, C.A.9 (Cal. 1976), 536 F.2nd 862.

38. Szanto there on joins with those creditors already joined in the proceedings concerning Washington Mutual.

39. And Szanto joins with JPMorgan upon those claims against Washington Mutual upon which their claims are identical.

## PRAYER

40. Thereon removing party asks for restitution and recompense in those amounts identified in his First Amended Complaint.

41. Removing party asks punitive damages against JPMorgan Chase on ground of despicable conduct whereby his claims were sought to be marginalized in the wrong court.

42. Costs of suit.

43. Trial by jury in this action is requested.

## Verification

My name is Peter Szanto, I am the plaintiff in this action. I personally prepared and read this Notice of Removal and I know its contents. All matters herein are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Wilmington, Delaware.

November 20, 2011 _____ Peter Szanto