PETER SZANTO 949 887 2369
P. O. BOX 10451
Newport Beach CA 92658

FILED
2012 FEB 23 AM 11: 09
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

# United States Bankruptcy Court
District of Delaware
824 Market St., 3rd Floor, Wilmington Delaware 19801

| | |
|---|---|
| Washington Mutual (WAMU), et al, <br><br> Debtors <br><br> --------------------------------------- <br><br> Szanto, JPMorgan Chase, <br><br> Plaintiffs <br><br> v. <br><br> Washington Mutual, et al, <br><br> Defendants | USBC # 08-bk- 12229 (MFW) <br><br> # 09-ap- 50551 (MFW) <br><br> Declaration of Peter Szanto Supporting Opposition to Remand <br><br> Hearing Date: March 1/2012 – 10:30 AM <br><br> Courtroom 4 - 5th Floor <br><br> Honorable Judge Walrath |

1. My name is Peter Szanto, I am over 18 years of age.

2. I am plaintiff and creditor in the WAMU bankruptcy and adversarial proceeding.

3. This is my truthful declaration supporting my opposition to remand.

4. My initial pursuit of my claims against WAMU in state court was predicated on my mistaken understanding of bankruptcy law and the facts of WAMU's acquisition by JPMorgan Chase.

5. My mistake was that I believed that WAMU would emerge a stronger financial

DEB 08-bk-12229, 09-ap-50551            Dec Support Opposition to Remand – pg. 1 of 5

ORIGINAL

institution after reorganization.

6. I believed, at the time I filed my state action, that I was protecting my rights to interest and dividends which were in arrears.

7. As it became apparent that WAMU had been consolidated with JPMorgan Chase I had intended to seek relief from the bankruptcy stay so as to pursue my claims for unpaid interest and dividends in state court.

8. However, JPMorgan Chase appeared in state court and represented that they stood in the shoes of WAMU and that my claims should be made against JPMorgan Chase in state court.

9. In the 3 years of litigation between JPMorgan and myself, they have yet to give even one meaningful discovery response. This includes unresponsive interrogatory responses as well as failures regarding production of documents.

10. My various motions to compel discovery have been unnecessarily time consuming, expensive and have caused unneeded delay. And ultimately have been unproductive to move the state case forward.

11. JPMorgan has another time-waster strategy – sending a different attorney to court for every hearing.

12. The strategy is to tell the judge that they just got the case and need additional time to respond to discovery.

13. The statement made by counsel herein in their Motion for Remand at page 3, 1st line is untrue: JPMorgan's Motion for Summary Judgment is not currently *sub judice* (that motion is not presently before the state court).

14. What was before the state court at the time of removal was my Motion for Judgment on the Pleadings.

15. Since I had already prevailed on 2 demurrers to JPMorgan's answers, I anticipated prevailing on that motion.

16. I also had before the state court further motions to compel discovery and discovery sanctions motions.

17. One sanction motion related to the production for deposition by JPMorgan of an alleged PMK who was not even allowed to make written notes as part of her work.

18. JPMorgan's strategy in the PMK deposition made me do additional research into the instant action in thus Delaware Bankruptcy Court and I realized that I was pursuing matters in the wrong court, because my claims were still viable in this Bankruptcy Court.

19. My business relationships with both WAMU and JPMorgan were very profitable and solid prior to WAMU's bankruptcy filing.

20. The depth and extent of the contractual and business relationships between WAMU and myself is a significant factual matter about which this Court should take oral testimony, because otherwise the Court will be unable to understand the complex business relationships involved in this case.

21. I have been made nearly destitute by the dividend and interest payments I have not received since WAMU's bankruptcy.

22. In November 2011, I read this Court's opinion *In re Washington Mutual* (2011) 461 B.R. 200.

23. I realized that my action against WAMU was being intentionally trivialized in the state court by impermissible, improper and un-lawyer-like actions of JPMorgan's counsel whose focus was only on delaying and frustrating the proceedings so that I could obtain no relief whatsoever.

24. I also believe that JPMorgan's strategy is to keep me out of bankruptcy so as to

impede my full presentation and development of my claims against the estate of WAMU.

25. Prior to November 2011, I did not fully understand the bankruptcy procedure which mandated review of my claims by this Court.

26. Upon learning of the proper procedure necessitating removal of my claims to this Court, I acted promptly to be in conformance with the law and the rules.

27. I removed my state court action with all deliberate speed

28. I personally flew to Wilmington to file my Notice of Removal and Joinder, so there would be no delay. And if there were any technical paperwork revisions necessary, I could resolve them in person without any postponement of the progress of this action.

29. I gave up the likelihood that my Motion for Judgment on the Pleadings would be granted, because grant of any judgment would not have resulted in complete relief, because JPMorgan would merely have sought contribution from the debtor WAMU -- and this case would have had to be pursued in this Court in any event !!

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, signed at Newport Beach CA.

February 17, 2012 _____ Peter Szanto

## Proof of Service

### Proof of Service By U.S. Mail

1. My name is Mathew Martenyi, I am over 18 years of age and not a party to the within action. I am self-employed and work in Orange County CA.
2. My business address is P.O. Box 10451, Newport Beach CA 92658.   _Declaration_
3. On February 22,, 2012, I personally placed copies of the within ~~Opposition~~ Declaration into envelopes, sealed those envelopes and put sufficient first class postage thereon to assure delivery and addressed those sealed envelopes as follows:

   RICHARDS, LAYTON & FINGER
   920 North King Street
   Wilmington, Delaware 19801

   WEIL, GOTSHAL & MANGES
   767 Fifth Avenue
   NYC, NY 10153

   The copy to LANDIS RATH & COBB
       located at
       919 Market Street # 1800
       Wilmington DE 19801
           was stipulated to service by e-mail by Mr. Mc Guire and
           sent electronically to   Matt McGuire <mcguire@lrclaw.com>

   SULLIVAN & CROMWELL
   125 Broad Street
   NYC, NY  10004

   Said envelope were deposited into US Postal Service at Newport Beach CA in Orange County CA.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct; signed at Newport Beach California.

   February 22, 2012    _____ Mathew Martenyi

DEB 08-bk-12229, 09-ap-50551            Dec Support Opposition to Remand — pg. 5 of 5