Name of Court : United States Bankruptcy Court, Districk of Deleware
Case number : 08-12229 (MFW)
Title of Objection: Weil, Gotshal & Manges LLP/Richards, Layton & Finger P.A.

Claimant: Jacqueline Ferguson
Claim number: 3829
Description for amount of claim of $100,202.46 – Incentive awards earned in 2005 and 2006 each to vest and paid out over a 3 year period in 2006, 2007, 2008 and 2009. In this program the claiment earned awards of 1244 units in 2005 and 1082 units in 2006. One third of each award was to be converted to a cash payment equaling one third of the units multiplied by the average closing price of WMI's common stock for twenty trading days preceding the award anniversary date. – This is not being contested by WMI.

My case was not identified on any of the new documents that require a response by Nov. 18th but I am submitting my objection to the motion regardless based on my statement below.

Jacqueline Ferguson
4 Brook Court
Mahwah, NJ 07430
201-826-2720


**Washington Mutual, Inc.** (OTC Pink: WAMUQ), abbreviated to **WaMu**, was a savings bank holding company and the former owner of Washington Mutual Bank, which was the United States' largest savings and loan association until its collapse in 2008

All responsibilities up through 2008 for Washington Mutual Bank would be the responsibility of Washington Inc.
As per the Reason of "objection" in case # 08-12229, Washington Mutual Inc was not denying the amount owed to Jacqueline Ferguson but claiming it did not hold responsibility as it should fall under Washington Mutual Bank.

Washington Mutual Inc made documents unavailable to employees in 2007 and with closer in 2008- also did not provide them. You will see from the document I have provided, my records do match what are on file.

I, Jacqueline Ferguson had been a Washington Mutual Inc. WaMu employee from day one and until it's demise, a continued Washington Mutual Inc employee within it's banking division.

Washington Mutual Inc is not denying that I am not entitled but trying to deflect responsibility that only harms it's ex employees. All of my stock was based on

Washington Mutual Inc stock. Washington Mutual Inc. owned Washington Mutual Bank. And thus be held responsible for all of it's ex employees. There are so many ways that this company has hurt employees such as myself and now they are trying to do so once again.

The agreement in which I am contending I am owed is with Washington Mutual Inc. Any claim that Washington Mutual Inc. is not responsible for my agreement with them or for WMB that was owed by Washington Mutual Inc. is contested by me.

Sincerely,

Jacqueline Ferguson
11/15/13

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
:
**WASHINGTON MUTUAL, INC., et al.,**[1] : Case No. 08-12229 (MFW)
:
**Debtors.** : (Jointly Administered)
:
: Re: Docket No. _____
---------------------------------------------------------------x

### ORDER AUTHORIZING WMI LIQUIDATING TRUST TO FILE UNDER SEAL CERTAIN EXHIBITS SUPPORTING (I) THE MOTION OF WMI LIQUIDATING TRUST FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO PROVIDIAN CLAIMS AND (II) THE MOTION OF WMI LIQUIDATING TRUST FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO CERTAIN EMPLOYEE CLAIMS

Upon the motion (the "Motion"),[2] dated October 31, 2013 of WMILT pursuant to section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, authorizing WMILT to file partially under seal: (i) Exhibits K, S and V to the Providian Rosen Affirmation (filed in support of the *Motion of WMI Liquidating Trust for Partial Summary Judgment With Respect to Providian Claims*); (ii) Exhibit A to the Logan Declaration; and (iii) Exhibits M[3] and U to the CIC Rosen Affirmation (each of (ii) and (iii) filed in support of the *Motion of WMI Liquidating Trust for Partial Summary Judgment With Respect to Certain Employee Claims*) (the exhibits named in

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The principal offices of WMILT, as defined herein, are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] As the agreements of Thomas Casey and Stephen Rotella were previously publicly filed with the U.S. Securities and Exchange Commission, WMILT does not seek permission to file such agreements (Exhibits M-16 and M-39) under seal.

RLF1 9541303V.1

WHEREFORE WMILT respectfully requests entry of the Proposed Order authorizing WMILT to file the Sensitive Supporting Exhibits under seal and provide each of the Claimants with a partially redacted copy of the Sensitive Supporting Exhibits, and granting WMILT such other and further relief as the Court deems appropriate.

Dated: October 31, 2013
      Wilmington, Delaware

                                                    /s/ Amanda R. Steele
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Amanda R. Steele (No. 5530)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for WMI Liquidating Trust*

> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part, that, "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Local Rule 9018-1(b) additionally provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L. R. 9018-1(b).

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), then "the court is *required* to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27 (emphasis added). Courts are *required* to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Id.*

11. WMILT submits that the Sensitive Supporting Exhibits include information regarding the Claimants' employment terms, historical compensation and benefit information as former employees of WMI or WMB, as applicable and, thus, should be filed under seal. Specifically, the Motions for Partial Summary Judgment principally concern section 502(b)(7) of the Bankruptcy Code, which provides that an employee's claim for damages

5

## Background

2. The Motions for Partial Summary Judgment request that the Court enter an order granting partial summary judgment against Claimants, finding that (a) the Claims set forth as exhibits to such Motions for Partial Summary Judgment are subject to the limitation imposed by section 502(b)(7) of the Bankruptcy Code and (b) to the extent such Claims are allowed, Claimants are not entitled to annual bonuses pursuant to the 2008 Bonus Plans to be included in calculation of annual compensation under the Section 502(b)(7) cap, or otherwise be paid.

3. In support of the Providian Partial SJ Motion, WMILT has filed contemporaneously herewith the (i) Opening Memorandum of Law of WMI Liquidating Trust in Support of Its Motion for Partial Summary Judgment With Respect to Providian Claims; (ii) Declaration of Doreen Logan in Support of the Motion of WMI Liquidating Trust for Partial Summary Judgment With Respect to Providian Claims; (iii) Declaration of John Maciel in Support of the Motion of WMI Liquidating Trust for Partial Summary Judgment With Respect to Providian Claims; and (iv) Providian Rosen Affirmation.

4. In support of the CIC Partial SJ Motion, WMILT has filed contemporaneously herewith the (i) Opening Memorandum of Law of WMI Liquidating Trust in Support of Its Motion for Partial Summary Judgment With Respect to Certain Employee Claims; (ii) Logan Declaration; (iii) Declaration of John Maciel in Support of the Motion of WMI Liquidating Trust for Partial Summary Judgment With Respect to Certain Employee Claims; and (iv) CIC Rosen Affirmation.

5. The Sensitive Supporting Exhibits contain information regarding the Claimants' employment terms, historical compensation and benefit information as former

3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
Debtors. : (Jointly Administered)
:
:
: Hearing Date: December 11, 2013 at 10:30 a.m. (ET)
---------------------------------------------------------------x Objection Deadline: November 18, 2013 at 4:00 p.m. (ET)

### MOTION OF WMI LIQUIDATING TRUST, PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018, AUTHORIZING WMI LIQUIDATING TRUST TO FILE PARTIALLY UNDER SEAL CERTAIN EXHIBITS SUPPORTING (I) THE MOTION OF WMI LIQUIDATING TRUST FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO PROVIDIAN CLAIMS AND (II) THE MOTION OF WMI LIQUIDATING TRUST FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO CERTAIN EMPLOYEE CLAIMS

WMI Liquidating Trust ("WMILT" or the "Trust"), as successor in interest to Washington Mutual, Inc. ("WMI") and WMI Investment Corp., formerly debtors and debtors in possession (collectively, the "Debtors"), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing WMILT to file partially under seal:

(i) Exhibits K, S and V to the Affirmation of Brian S. Rosen in Support of the Motion of WMI Liquidating Trust for Partial Summary Judgment With Respect to Providian Claims (the

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The principal offices of WMILT, as defined herein, are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re                                                          : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1]                            : Case No. 08-12229 (MFW)
:
Debtors.                                                       : (Jointly Administered)
:
: Hearing Date: December 11, 2013 at 10:30 a.m. (ET)
---------------------------------------------------------------x   Objection Deadline: November 18, 2013 at 4:00 p.m. (ET)

## NOTICE OF MOTION AND HEARING

PLEASE TAKE NOTICE that on October 31, 2013, WMI Liquidating Trust, as successor in interest to Washington Mutual, Inc. and WMI Investment Corp., formerly debtors and debtors in possession (collectively, the "Debtors"), filed **Motion of WMI Liquidating Trust, Pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, Authorizing WMI Liquidating Trust to File Partially Under Seal Certain Exhibits Supporting (I) the Motion of WMI Liquidating Trust for Partial Summary Judgment with Respect to Providian Claims and (II) the Motion of WMI Liquidating Trust for Partial Summary Judgment with Respect to Certain Employee Claims** (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that any objections or responses to the Motion must be filed in writing with the Clerk of the Bankruptcy Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon and received by the undersigned counsel for the Debtors on or before **November 18, 2013 at 4:00 p.m. (ET).**

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The principal offices of WMI Liquidating Trust are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

RLF1 9538429v.1

Docket No. 11423
Date Filed: 10/31/13

5. The Court shall retain jurisdiction to hear any and all matters arising from or relating to the implementation of this order.

Dated: _____, 2013
      Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

3