IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-12229 (MFW) |
| WASHINGTON MUTUAL, INC., et al.,[1] | (Jointly Administered) |

DESIGNATION OF THE RECORD AND STATEMENT
OF ISSUES ON APPEAL BY APPELLANT, ALICE GRIFFIN

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Alice Griffin ("Appellant"), hereby designates the following items for inclusion in the record on appeal and states the following issues to be presented on appeal ("Appellant's Designation") from the Bankruptcy Court's *Order Overruling First Omnibus Objection of Alice Griffin With Respect to Allowed Claims of Morgan Stanley & Co., Incorporated, Credit Suisse Securities (USA) LLC, Goldman, Sachs & Co., On Behalf of Themselves and Certain Underwriters* [Docket No. 12619], entered April 24, 2019 (the "Order").

I. **Designation of Record on Appeal**

Appellant designates the following record items from the above-captioned cases:

| Tab | Date | Docket Number | Record Items |
|---|---|---|---|
| 1. | 4/24/19 | 12619 | Order Overruling First Omnibus Objection of Alice Griffin with Respect to Allowed Claims of Morgan Stanley & Co., Incorporated, Credit Suisse Securities (USA) LLC, and Goldman, Sachs & Co., on Behalf of Themselves and Certain Underwriters |
| 2. | 4/23/19 | 12617 | Transcript of April 22, 2019 Bankruptcy Court Hearing Before the Honorable Mary F. Walrath |

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, were: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

| | | | |
|---|---|---|---|
| 3. | 3/22/19 | 12595 | First Omnibus Objection (Substantive) of Alice Griffin, Class 19 Interest Holder, to Claims (Nos. 3935 and 4045) Allowed Pursuant to a Stipulation Dated March 28, 2013 Between the WMI Liquidating Trust and Morgan Stanley & CO., Incorporated, Credit Suisse Securities (USA) LLC, and Goldman, Sachs & Co., on Behalf of Themselves and Certain Underwriters |
| 4. | 4/12/19 | 12604 | Response of WMI Liquidating Trust to First Omnibus Objection of Alice Griffin with Respect to Allowed Claims of Morgan Stanley & Co., Incorporated, Credit Suisse Securities (USA) LLC, and Goldman, Sachs & Co., on Behalf of Themselves and Certain Underwriters |
| 5. | 4/17/19 | 12609 | Reply of Alice Griffin to Response of WMI Liquidating Trust to First Omnibus Objection (Substantive) of Alice Griffin with Respect to Allowed Claims of Morgan Stanley & Co., Incorporated, Credit Suisse Securities (USA) LLC, and Goldman, Sachs & Co., on Behalf of Themselves and Certain Underwriters |
| 6. | 4/12/19 | 12605 | Joinder of Morgan Stanley & Co., Incorporated, Credit Suisse Securities (USA) LLC, and Goldman, Sachs & Co. to Response of WMI Liquidating Trust to First Omnibus Objection (Substantive) of Alice Griffin, Class 19 Interest Holder, to Claims (Nos. 3935 and 4045) Allowed Pursuant to a Stipulation Dated March 28, 2013 Between the WMI Liquidating Trust and Morgan Stanley & Co., Incorporated, Credit Suisse Securities (USA) LLC, and Goldman, Sachs & Co., on Behalf of Themselves and Certain Underwriters (Filed by Goldman Sachs & Co., Morgan Stanley & Co., Inc., and Credit Suisse Securities (USA) LLC) |
| 7. | 4/17/19 | 12608 | Notice of Filing of Exhibit "I" to Response of WMI Liquidating Trust to First Omnibus Objection of Alice Griffin with Respect to Allowed Claims of Morgan Stanley & Co., Incorporated, Credit Suisse Securities (USA) LLC, and Goldman, Sachs & Co., on Behalf of Themselves and Certain Underwriters |

II. **Statement of Issues on Appeal**

(a) Did the Bankruptcy Court err in determining that the WMI Liquidating Trust's disclosures regarding the Stipulation in the Trust's 2012 10-K and March 31, 2013 Quarterly Statement Reports were adequate?

(b) Did the Bankruptcy Court err in imposing laches against Appellant's objection (1) under Section 502 of the Bankruptcy Code to the Underwriters' claim for $72 million in indemnification for settled securities litigation claims, and (2) to the settlement of the aforementioned claim by granting the Underwriters $72 million in Class 19 interests?

(c) Did the Bankruptcy Court err in holding that the Trustee was right to settle the Underwriters' claim because, as the court stated, an underwriter may be allowed indemnity for defense or settlement of securities litigation where the underwriter was "simply negligent"?

(d) In light of Section 1.170 of the Plan, did the Bankruptcy Court err in holding it was appropriate for the Liquidating Trustee to settle the Underwriters' claim by granting the Underwriters interests in Class 19?

(e) Did the Bankruptcy Court err in determining that the Stipulation was effective despite the fact that by its own terms it could not become effective without Bankruptcy Court approval which was neither sought nor granted?

(f) Did the Bankruptcy Court err in finding that the Stipulation was modified to dispense with the court approval requirement by alleged writings that were not produced at the hearing?

(g) Did the Bankruptcy Court err in admitting the Trust's counsel's attestations regarding the alleged writings described in (f), above?

(h) If the Bankruptcy Court erred in not finding that Section 1.170 of the Plan forbids placing the Underwriters in Class 19, is the Stipulation invalid because its grant of Class 19 interests cannot be modified as there is no severability provision in the Stipulation?

(i) In light of Section 1.170 of the Plan, did the Bankruptcy Court err in holding that by placing the Underwriters' claim in Class 19 the Trustee and the Trust's Trust Advisory Board did not, with respect to Class 19: (1) breach their fiduciary duty; (2) act in bad faith; and/or (3) commit an *ultra vires* act?

(j) If the Bankruptcy Court committed reversible error in any of (c) – (i), above, can those matters be remanded given that the Bankruptcy Court said it would have approved the Stipulation approving those actions if the Stipulation it had been presented to the Bankruptcy Court six years ago?

Dated: May 11, 2019
Wilmington, Delaware

/s/ Alice Griffin
ALICE GRIFFIN, Appellant *Pro Se*