**Exhibit C**

108275508v3

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------------x
:
*In re*                                                  : Chapter 11
:
**WASHINGTON MUTUAL, INC., et al.,**[1]                  : Case No. 08-12229 (MFW)
:
Debtors.                                                 : (Jointly Administered)
:
---------------------------------------------------------------x  Re: D.I. 10681

**ORDER GRANTING WMI LIQUIDATING TRUST'S EIGHTY-EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO DISPUTED EQUITY INTERESTS**

Upon the objection, dated September 17, 2012 (the "Eighty-Eighth Omnibus Objection"),[2] of WMI Liquidating Trust ("WMILT"), as successor in interest to Washington Mutual, Inc. ("WMI") and WMI Investment Corp., formerly debtors and debtors in possession (collectively, the "Debtors"), for entry of an order determining that, with respect to that certain Washington Mutual, Inc. Amended and Restated 2003 Equity Incentive Plan (the "EIP"), a "change in control" has not occurred, all as more fully set forth in the Eighty-Eighth Omnibus Objection; and upon the *Declaration of John Maciel Pursuant to Local Rule 3007-1 in Support of the WMI Liquidating Trust's Eighty-Eighth Omnibus (Substantive) Objection to Disputed Equity Interests*, dated as of September 17, 2012 (the "Declaration"); and the Court having reviewed the Eighty-Eighth Omnibus Objection, the Declaration, the responses of Benjamin F. Turk, Jr. [D.I. 10724], Tammy Harrington [D.I. 10746], and Donna Binder [D.I. 10972] and the *WMI Liquidating Trust Reply in Support of Eighty-Eighth Omnibus (Substantive) Objection to*

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The principal offices of WMILT, as defined herein, are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

[2] Capitalized terms used, but otherwise not defined herein, shall have the meanings ascribed to them in the Eighty-Eighth Omnibus Objection.

RLF1 21390371V.1

*Disputed Equity Interests* [D.I. ____]; and the Court having jurisdiction to consider the Eighty-Eighth Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Eighty-Eighth Omnibus Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Eighty-Eighth Omnibus Objection having been provided to those parties identified therein, and no other or further notice being required; and the Court having determined that the relief sought in the Eighty-Eighth Omnibus Objection is in the best interest of WMILT, the Debtors' creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Eighty-Eighth Omnibus Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Eighty-Eighth Omnibus Objection is GRANTED as set forth herein; and it is further

ORDERED that any Restricted Stock under the EIP on the basis of an alleged "change in control" is an impermissible "golden parachute payment"; and it is further

ORDERED that WMILT is authorized, but not directed, to release the approximately 46,000 shares of Reorganized Common Stock that it is holding in the Disputed Equity Escrow on account of the EIP Participants' interests; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

RLF1 21390371V.1