**Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
                                    :
In re                               :      Chapter 11
                                    :
WASHINGTON MUTUAL, INC., et al.,¹   :      Case No. 08-12229 (MFW)
                                    :
          Debtors.                  :      (Jointly Administered)
                                    :
-------------------------------------------------------------X
```

**STIPULATION BETWEEN WMI, LIQUIDATING TRUST,**
**AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.**
**REGARDING WITHDRAWAL OF ADMINISTRATIVE EXPENSE CLAIM**

WMI Liquidating Trust ("WMILT"), as successor in interest to Washington Mutual, Inc.

("WMI") and WMI Investment Corp., formerly debtors and debtors in possession (collectively,

the "Debtors"), and National Union Fire Insurance Company of Pittsburgh, Pa., on behalf of

itself and its affiliates (collectively, "National Union"), hereby stipulate and agree as follows:

**RECITALS**

A.      On September 25, 2008, the Office of Thrift Supervision, by order number 2008-

31, siezed Washington Mutual Bank, ("WMB") and appointed the Federal Deposit Insurance

Corporation (the "FDIC") as receiver thereof. The FDIC, in, both its corporate capacity and as

receiver of WMB, and JPMorgan Chase Bank, N.A. ("JPMC") entered into that certain *Purchase*

*and Assumption Agreement, Whole Bank*, dated as of September 25, 2008 (the "Purchase

Agreement"), whereby JPMC purchased certain assets and assumed certain liabilities of WMB.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The principal offices of WMILT, as defined herein, are located at 1201 Fifth Avenue, Suite 4100, Seattle, Washington 98101.

B.      On September 26, 2008, each of the Debtors commenced a case (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

C.      Prior to the September 25, 2008, WMI had operated as a savings and loan holding company that owned WMB and, indirectly, WMB's subsidiaries, including Washington Mutual Bank fsb.  Throughout the pendency of the Chapter 11 Cases, WMI owned all of the outstanding stock of WMB.

D.      National Union issued to Providian Financial Corporation and certain of its related entities, affiliates and subsidiaries, including, but not limited to, Providian National Bank (collectively, "Providian Financial") certain policies of insurance providing coverage for (i) workers compensation for the periods March 10, 2004 to June 10, 2004; June 10, 2004 to June 10, 2005; and June 10, 2005 to October 1, 2005; and (ii) deductible liability for the period March 10, 2004 to June 10, 2005 ((i) and (ii), together with all endorsements, addenda and schedules thereto, the "Policies").

E.      In conjunction with the Policies, National Union and Providian Financial executed that certain Payment Agreement effective March 10, 2004 (collectively with all addenda and schedules thereto, the "Providian Payment Agreement"),[2] detailing the respective liabilities, obligations and rights of National Union and Providian Financial.

F.      Pursuant to a certain merger by and between Providian Financial and WMI effective October 1, 2005, Providian Financial was acquired by WMI with the result that (i) Providian National Bank was merged with and into WMB, with WMB as the surviving entity; and (ii) Providian Financial and its affiliates became wholly-owned subsidiaries of WMI.

---

[2] The Policies, the Providian Payment Agreement, and any other agreements between National Union and Providian Financial related thereto, are incorporated herein by reference and are hereinafter collectively referred to as the "Insurance Agreements."

2

G.      By order, dated January 30, 2009 (the "Bar Date Order"), the Bankruptcy Court established March 31, 2009 (the "Bar Date") as the deadline, subject to certain limited exceptions, for filing proofs of claim against the Debtors in the Chapter 11 Cases. On or about March 30, 2009, JPMC filed a proof of claim against WMI in an unliquidated amount, which claim was assigned claim number 2343 ("Claim 2343") for administrative purposes, relating to certain insurance policies and agreements, including the Insurance Agreements, Return Premium, Collateral, and Insurance Agreement Rights (each, as defined below).

H.      The Debtors and JPMC, among others, are parties to that certain *Second Amended and Restated Settlement Agreement*, dated as of February 7, 2011 (as amended, the "Amended Settlement Agreement"). The terms of the Amended Settlement Agreement do not affect the rights and responsibilities of the Parties with respect to the Insurance Agreements.

I.      On December 12, 2011, the Debtors filed their *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* [D.I. 9178] (as modified, the "Plan"). By order, dated February 23, 2012, the Court confirmed the Plan [D.I. 9759] and, upon satisfaction or waiver of the conditions described in the Plan, the transactions contemplated by the Plan were consummated on March 19, 2012.

J.      On March 19, 2012, the Amended Settlement Agreement became effective, and, among other things, pursuant to Section 2.5 of the Amended Settlement Agreement, Claim 2343 was withdrawn, with prejudice, and removed from the claims registry in the Chapter 11 Cases.

K.      Pursuant to the aforementioned transactions, JPMC assumed all of the existing, outstanding and future liabilities and obligations of WMILT, as successor-in-interest to the Debtors and WMI's non-debtor direct and indirect subsidiaries (the "Non-Debtor Affiliates"), to National Union under the Insurance Agreements, including those not directly related to WMB, in exchange for WMILT assignment to JPMC of (i) all of its rights, title and interest in any return

109373715v3

3

premium or dividends or claims or policy settlements now owing or which may become due to any insureds with respect to the Policies (the "Return Premium"); (ii) any rights, title and interest in any residual collateral funds originally provided by Providian Financial to National Union and held in escrow by National Union to secure Providian Financial's obligations under the Insurance Agreements (the "Collateral"); and (iii) any of its rights to subrogation recoveries related to the Policies and all rights to enter into any additional agreements related to various insurance policies and/or agreements, including but not limited to claims settlements, policy assignments or novation agreements (collectively, the "Insurance Agreements Rights").

   L. On June 15, 2012, National Union filed an administrative expense request against WMILT in an unliquidated amount, which related to various insurance policies and/or agreements and which was assigned claim number 4094 ("Claim 4094").

   M. Upon informationand belief, JPMC as continued to honor its obligations pursuant to the Insurance Agreements and National Union agrees that the Debtors have no further obligation with respect thereto.

   **NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

<strong><u>AGREEMENT</u></strong>

   1. To the extent provided under applicable law, this Stipulation shall become binding upon the Parties upon entry of an order (the "Approval Order") by the Bankruptcy Court approving (the "Effective Date").

   2. On the Effective Date, Claim 4094 shall be deemed withdrawn with prejudice.

   3. As of the Effective Date, WMILT shall be deemed to have released and forever discharged National Union and all of its affiliates, subsidiaries, parent companies, officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns, and other

4

representatives from any liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past, present or future, in contract, in tort or otherwise that they have, whether or not now or heretofore known, suspected, or claimed against them relating to the Insurance Agreements, Return Premium, Collateral, or Insurance Agreements Rights.

4.      As of the Effective Date, National Union shall be deemed to have released and forever discharged the Debtors, WMILT as successor-in-interest to the Debtors, each of the Debtors' chapter 11 estates, the Non-Debtor Affiliates, and each of their officers, directors, partners, employees, agents, attorneys, shareholders, successors, assigns, and other representatives from any liability for any and all claims, controversies, actions, causes of action, demands, debts, damages, costs, attorneys' fees, monies due on account, obligations, judgments and liabilities of any nature whatsoever at law or in equity, past, present or future, in contract, in tort or otherwise that they have, whether or not now or heretofore known, suspected, or claimed against them relating to the Insurance Agreements, Return Premium, Collateral, or Insurance Agreements Rights. For the avoidance of doubt, this paragraph shall in no way impair National Union's rights or claims with respect to JPMC in connection with or related to the Insurance Agreements, Return Premium, Collateral, or Insurance Agreements Rights.

5.      This Stipulation shall be interpreted and governed by the laws of the State of New York without regard to principles of conflicts of law.

6.      This Stipulation contains the entire agreement between the Parties with respect to its subject matter. This Stipulation may not be modified or amended, nor any of its provisions waived, except by an instrument in writing, signed by all Parties hereunder.

5

7.    This Stipulation may be executed in several counterparts and by each Party on separate counterpart, each of which, when so executed and delivered shall be an original, but all of which together shall constitute but one and the same instrument.

8.    This Stipulation shall be binding upon all successors and assigns of each of the parties to the Stipulation.

Dated: July 30 2019

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., on behalf
of itself and its affiliates listed above

By: _Michelle A. Lutt_
Name: _Michelle A. Lou itt_
Title: _Associate General Counsel_

By: _____
RICHARDS, LAYTON & FINGER, PA
Mark D. Collins (No. 2981)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile:  (302) 651-7701

– and –

PROSKAUER ROSE LLP
Brian S. Rosen
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile:  (212) 969-2900

*Attorneys to the WMI Liquidating Trust*

6