## EXHIBIT 1

**Stipulation**

RLF1 22274328v.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :    Chapter 11
                                                               :
WASHINGTON MUTUAL, INC., et al.,[1]                            :    Case No. 08-12229 (MFW)
                                                               :
        Debtors.                                               :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

### STIPULATION REGARDING PLAN RESERVE FOR LIMITED DISPUTED DIRECTOR AND OFFICER SUBORDINATED INDEMNIFICATION CLAIM SUBJECT TO ASSERTED RIGHT OF SUBROGATION CLAIM OF NUTMEG

WMI Liquidating Trust ("WMILT"), as successor to Washington Mutual, Inc. ("WMI") and WMI Investment Corp., formerly debtors and debtors in possession (collectively, the "Debtors"), and Nutmeg Insurance Company ("Nutmeg"), as subrogee for certain officers holding asserted indemnification claims against the Debtors, by and through their respective counsel, hereby stipulate as follows:

### RECITALS

A.    On September 26, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.    On or before March 31, 2009, the date established by the Bankruptcy Court as the last date to file proofs of claim against the Debtors and their chapter 11 estates, each of Kerry K. Killinger, Thomas Casey and Deanna Oppenheimer (collectively, the "Officers") filed proofs of

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The principal offices of WMILT, as defined herein, are located at 1201 Fifth Avenue, Suite 4100, Seattle, Washington 98101.

111530848v4

claim, Claim Nos. 3266, 2687 and 3242, respectively, for indemnification and advancement of defense and other litigation costs and damages, with respect to investigations, litigation commenced, threatened to be commenced or which may be commenced, under WMI's articles of incorporation, by-laws and other corporate documents and applicable law, and indemnification agreements (the "D&O Claims").

   C. WMI held various director and officer liability insurance policies (the "D&O Policies") acquired in connection with WMI's indemnification obligations to its officers and directors and to officers and directors of WMI's subsidiaries. By orders, entered December 16, 2008, May 4, 2010 and September 23, 2010, the Bankruptcy Court granted relief from the automatic stay to allow certain of the insurance carriers (the "D&O Carriers") to advance and/or pay defense costs to officers and directors who were named as defendants in certain then pending litigation and investigations.

   D. Prior to the Petition Date, WMI also procured a blended insurance program providing bankers professional liability, employment practices liability, fiduciary liability and financial institution bond insurance coverage to WMI and its affiliates, which, like the D&O Policies was structured as a tower of related insurance (collectively, the "Blended Policies" and, together with the D&O Policies, the "Tower Insurance Programs"). The Blended Policies provided insurance to WMI, its subsidiaries, its employee benefit plans, and their past, present and future directors, officers, trustees, or employees for certain claims. By orders, dated April 13, 2009 and April 1, 2010, the Bankruptcy Court granted relief from the automatic stay to allow certain of WMI's third party insurance carriers (the "Blended Policy Carriers," and together with the D&O Carriers, the "Carriers") to advance and/or pay defense costs pursuant to the Blended Policies that are, or will become, owing in connection with certain litigation.

E. On November 17, 2010, the Debtors filed the Sixtieth Omnibus (Substantive) Objections to Claims (Claims Nos. 2108, 2240, 2241, 2246, 2247, 2248, 2604, 2606, 2631, 2633, 2634, 2635, 2636, 2637, and 2342) [Docket No. 5970] (the "Sixtieth Omnibus") seeking to disallow claims filed by certain directors and officers with respect to indemnification obligations.

F. Objections and responses were filed to the relief requested in the Sixtieth Omnibus by certain then current or former officers and directors.[2] On December 14, 2010, the Debtors filed omnibus responses to the responses to the Sixtieth Omnibus [Docket No. 6334].

G. On December 12, 2011, the Debtors filed their *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* [Docket No. 9178] (as amended, modified or supplemented, the "Seventh Amended Plan").[3] By order, dated February 23, 2012, the Bankruptcy Court confirmed the Seventh Amended Plan and, on March 19, 2012, the Seventh Amended Plan becomes effective.

H. Pursuant to Section 26.3 of the Seventh Amended Plan, from and after the Effective Date, the Liquidating Trustee was required to maintain a Disputed Equity Escrow for holders of Disputed Equity Interests in "an amount equal to the Pro Rata Share of distribution that would have been made to the holder of the "Disputed Equity Interest if it were an Allowed Equity Interest." *See* Seventh Amended Plan, §§26.3 (a) and (d).

I. Pursuant to a stipulation, dated March 8, 2012, the Debtors and those claimants asserting claims for director and officer indemnification agreed to establish a reserve in accordance with Section 26.3 of the Seventh Amended Plan to provide for distributions on

---

[2] *See* Docket Nos. 6252 (filed by Chazen, Farrell, Frank, Leppert, Lillis, Matthew, Montoya, Murphy, Osmer, McQuade, Pugh, Reed, Smith, Stever and Wood); 6256 (filed by Rotella), and 6306 (filed by Oppenheimer).
[3] Capitalized terms used but not defined herein shall have the meanings contained in the Seventh Amended Plan.

3

account of, among other things, any D&O Claims that may be allowed relating to any litigation, investigation, or demand, which has been or may be asserted against the D&O Claimants and subordinated to Class 19 and/or 22 of the Seventh Amended Plan under section 510(b) of the Bankruptcy Code (collectively, the "Subordinated D&O Interests").

J.      Pursuant to the Seventh Amended Plan, as of the date hereof, 904,691 shares of Reorganized Common Stock were placed in the Disputed Equity Escrow on account of claims, including, without limitation, the D&O Claims, with respect to the South Ferry Litigation, as defined below. As a result of subsequent stock transactions, including, without limitation, a twelve-for-one reverse stock split, 75,391 shares of Reorganized Common Stock are in the Disputed Equity Escrow on account of claims, including, without limitation, the D&O Claims, with respect to the South Ferry Litigation (collectively, the "Shares").

K.      As of September 26, 2019, the trading price for shares of Reorganized Common Stock was $11.18 per share, with the value of the Shares being $842,871.38.

L.      Pursuant to that certain Order Pursuant Section 105(a) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (I) Approving South Ferry Litigation Settlement Agreement and Authorizing the Debtors' Consummation Thereof, and (II) Modifying Automatic Stay Under Section 362(a) of the Bankruptcy Code, to the Extent Applicable, to Allow Payment of Settlement Amount Under Directors and Officers Insurance Policies, dated January 4, 2012, (the "South Ferry Order"), and that certain Class Action Settlement Agreement, dated October 5, 2011 (the "Settlement Agreement"), in the litigation styled South Ferry LP #2 v. Kerry Killinger, et al., Case No. 04-cv-01599 (JCC) (W.D.) (the "South Ferry Litigation"), by and among WMI, the defendants named therein and the lead plaintiffs, (a) the South Ferry Litigation was compromised and settled, (b) the D&O Carriers paid

4

$41,500,000.00 and (c) any claims of the D&O Carriers arising from the subrogation of claims and the Debtors' defenses with respect thereto were expressly preserved (the "Settlement"), in full and final settlement of the South Ferry Litigation. Nutmeg, a carrier within the Tower Insurance Program, paid $12,592,436.00 of the Settlement and became subrogated to the asserted indemnification claims of the Officers.

M. Pursuant to that certain Settlement Agreement, dated as of November 30, 2014, by and among, among other parties, WMILT, certain insurers and certain officer and director claimants, (1) all claims for indemnification against the Debtors, direct or by way of subrogation, were released, except for those relating to the Settlement, and (2) only Nutmeg maintains an interest therein, to the extent of its pro rata interest of the Shares.

N. Based upon the Sixtieth Omnibus, WMILT disputes Nutmeg's entitlement to any of the Shares, including, without limitation, any liability associated with the claims and causes of action asserted in the South Ferry Litigation.

O. Nutmeg asserts that, based upon its contribution to the Settlement, it is entitled to its pro rata share of the Shares.

P. WMILT and Nutmeg have engaged in good faith discussions in an effort to resolve the disputed claim and the entitlement to the Shares and have agreed to the compromise and settlement set forth herein.

**NOW, THEREFORE, IT IS HEREBY AGREED BY AND AMONG WMILT AND NUTMEG, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AS FOLLOWS:**

**AGREEMENT**

1. Within fifteen (15) business days following entry of an order of the Bankruptcy Court approving this Stipulation, WMILT shall pay to Nutmeg, in accordance with payment directions delivered, in writing, to WMILT by Nutmeg, Sixty-Five Thousand Dollars ($65,000.00).

2. Upon payment of the amount set forth in decretal paragraph 1 hereof, Nutmeg shall be deemed to have released the Debtors, WMILT and their respective successors, assigns, agents and representatives from any and claims and causes of action that Nutmeg may have arising from or related to the D&O Claims, the South Ferry Litigation, and any payments or distributions pursuant to the Seventh Amended Plan and the Shares.

3. Upon payment of the amount set forth in decretal paragraph 1 hereof, WMILT shall (a) be entitled to release the Shares from the Disputed Equity Escrow and distribute the Shares to such parties entitled thereto in accordance with the terms and provisions of the Seventh Amended Plan and (b) cause the D&O Claims to be removed from the claims registry of the Debtors' chapter 11 cases.

4. The Stipulation shall be binding upon the Parties and effective as of the date of execution.

5. For purposes of interpretation of this Stipulation, the Parties shall be deemed to have jointly drafted this Stipulation and this Stipulation shall not be interpreted in favor or against any of the Parties because such Party or its counsel drafted this Stipulation or any provisions of this Stipulation.

6. This Stipulation may be executed in counterparts and each such executed counterpart shall constitute an original Stipulation and all such executed counterparts shall constitute an integrated Parties.

7. Counsel to the Parties are authorized to execute this Stipulation on behalf of their respective Parties.

8. This Stipulation constitutes the entire agreement between the Parties and may not be amended or modified in any manner except by a writing signed by each of the Parties or their counsel and approved by the Bankruptcy Court.

9. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: October 25, 2019

RICHARDS, LAYTON & FINGER, PA

By: _____
Mark D. Collins (No. 2981)
Christopher DeLillo (No. 6355)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile:  (302) 651-7701

— and —

7

111530848v4

Brian S. Rosen
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile:  (212) 969-2900

*Attorneys to the WMI Liquidating Trust*


WILSON ELSER MOSCOWITZ
EDELMAN & DICKER LLP

By: _____
Mark G. Ledwin
1133 Westchester Avenue
White Plains, New York 10604
Telephone: 914-872-7148
Facsimile: 914-323-7001

*Attorneys to Nutmeg Insurance Company*

8

111530848v4