# **EXHIBIT B**

Transcript of Status Conference

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  DISTRICT OF DELAWARE
3
4  In re:                              :
5  WASHINGTON MUTUAL, INC.,             :   Chapter 11
6  et al.,                              :   Case No. 08-12229 (MFW)
7          Debtors.                     :   (Jointly Administered)
8  _____:
9
10                                     United States Bankruptcy Court
11                                     824 North Market Street
12                                     Wilmington, Delaware
13                                     September 26, 2019
14                                     2:00 p.m. - 2:17 p.m.
15
16
17
18
19
20
21  B E F O R E :
22  HON MARY F. WALRATH
23  U.S. BANKRUPTCY JUDGE
24
25  ECRO OPERATOR:  BRANDON J. MCCARTHY

1  **HEARING re Notice of Hearing [Docket No. 12664 – filed**
2  **September 12, 2019]**
3  **Objection / Response Deadline: N/A**
4  **Written Objections / Responses Received: None.**
5  **Related Documents: None.**
6  **Status: At the hearing, the WMI Liquidating Trust intends to**
7  **discuss with the Court the status of certain claims subject**
8  **to objection by the trust, including claims arising from or**
9  **relating to indemnification claims.**
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  **Transcribed by: Sonya Ledanski Hyde**

Page 3

1  A P P E A R A N C E S :

2

3  PROSKAUER ROSE LLP

4       Attorneys for the Debtors

5

6  BY:  BRIAN ROSEN

7

8  RICHARDS, LAYTON & FINGER LLP

9       Attorneys for the Debtors

10

11 BY:  CORY D. KANDESTIN

12

13 WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

14      Attorneys for Nutmeg Insurance Co., Creditor

15

16 BY:  MARK LEDWIN (TELEPHONICALLY)

17

18 ALSO PRESENT TELEPHONICALLY:

19

20 JOHN MACIEL

21 CINDY REY

22 JERETH J. SENESE

23 CHAD SMITH

24

25

Page 4

1        P R O C E E D I N G S
2              CLERK:  All rise.  You may be seated.
3              THE COURT:  Good afternoon.
4              MR. ROSEN:  Good afternoon, Your Honor.  How are
5    you today?
6              THE COURT:  Good.
7              MR. ROSEN:  Your Honor, Brian Rosen, Proskauer
8    Rose, on behalf of WMI Liquidating Trust.  With me is Mr.
9    Cory Kandestin from Richards Layton & Finger.
10             Your Honor, I know that the notice that we filed
11   was a little bit vague as to what we wanted to actually do
12   today.
13             THE COURT:  Right.
14             MR. ROSEN:  But it was really for purposes of the
15   ongoing update to the Court, letting you know where we are,
16   what we hope to do, and when we hope to do it.
17             THE COURT:  And when.  Okay, good.
18             MR. ROSEN:  That's the key for us.  As you know,
19   this started in September of 2008, so we are well beyond
20   where we ever wanted to be or thought we would be with
21   respect to this case.  But, Your Honor, we are happy to
22   report that we are down to just very, very few and very,
23   very short strokes.
24             As the Court is aware, we had the matter with Ms.
25   Griffin most recently.  And that matter is currently on

1    appeal.  It has been fully briefed.  We do not know at this
2    point -- and submitted.  We don't know at this point whether
3    or not the district judge will like oral argument, but we
4    assume based upon the time that has passed, we are hopeful
5    actually that there won't be oral argument and we'll just
6    get a decision by the district court.  But that is out there
7    and we'll await the decision.
8              The next asset, if you will, from the estate is
9    what we refer to as the Department of Revenue B&O Tax, the
10   Business and Occupancy Tax with the State of Washington.
11   It's approximately 3.4 to 4.5 or so of a refund coming to
12   the estate.
13             We are in the throes of negotiating that, Your
14   Honor.  The issue there is really just documentation.  We
15   have a stipulation by the parties disclaiming interest in it
16   other than to the trust.  And the Department of Revenue is
17   agreeing to make the payment, but we're still negotiating
18   the amount of interest.  I gave you that range, and the
19   range is significant because it's for interest from the
20   confirmation date, or the petition date actually, up through
21   and including the date of payment.
22             But we're hopeful, Your Honor, that we can fully
23   document that in the next few weeks and get it submitted to
24   the Court.  And that would bring in to what we perceive to
25   be the last remaining asset available to the estate.

1              The other item that is out there, Your Honor, is

2     the loan claim against the estate.  It is a claim that

3     emanates from a litigation that was compromised and settled

4     by the court, and it relates to something called the South

5     Ferry litigation.  And what it gave rise to, Your Honor, was

6     based upon indemnification claims by carriers because they

7     paid the settlement of approximately $79.5 million to the

8     plaintiffs, it gave rise to subrogation claims that were

9     preserved against the estate.  And I say preserved.  While

10    they were initially preserved, all but one carrier

11    subsequently released the claims.  And we did further D&O

12    settlements and we had a global settlement agreement that

13    the court approved.  I believe it was in 2014, Your Honor.

14             So all that is left, Your Honor, is a claim by an

15    entity called Nutmeg, which is a subrogee of three

16    directors' claims.  And they paid approximately $12.6

17    million of the $79.5 million for that settlement.

18             Based upon the fact that the claim actually exists

19    -- and it was subordinated, Your Honor, all the way down to

20    equity, so Class 22 of the plan.  There were shares of stock

21    that were put into the disputed claims escrow or the

22    disputed equity escrow.  And those shares of stock that will

23    be allocable to the Nutmeg piece at this point is having a

24    value of approximately $134,000.  We, the estate, believe

25    that we can test the liability as to whether or not there

1   was any indemnification claim at all.  We believe that if in
2   fact they were to prove it up, they would have to prove the
3   nuts and bolts of the underlying litigation itself, not just
4   whether or not they paid and they have a claim against the
5   estate.  And therefore there would be discovery associated
6   with that claim.
7              We are actively discussing the matter with counsel
8   for Nutmeg.  We are trying to resolve that.  But at this
9   point in time we do not have a resolution.  I look here only
10  because I think I'm constantly getting messages there.
11  We're still slightly apart.  So what we would like to do,
12  Your Honor, because at the end of the day we do want to
13  bring this case to closure, is while we continue the
14  dialogue with Nutmeg and to see if we could get closure, we
15  would like to put into place, Your Honor, a discovery
16  schedule and an expedited discovery schedule for whatever
17  people want to prove up at trial, and set a hearing date or
18  a trial date somewhere down the road for the claim and the
19  objection to the claim, whether it be on legal bases or
20  factual bases, just so that we have a placeholder and we can
21  continue to move this forward, Your Honor.  We don't want it
22  just to be sitting there saying we hope to settle, we hope
23  to settle, and then come back and say we didn't settle, can
24  you set a discovery schedule.  We think this obviously would
25  help the parties continue the message that we are trying to

1  achieve.

2          So with that in place, Your Honor, what we would

3  suggest is that we set the end of October as the period by

4  which the parties have to serve discovery.  So a 10/31 date.

5  And 30 days thereafter, or 11/30, the date by which parties

6  have to be responsive to that discovery.  And then have, to

7  the extent that parties believe that depositions are

8  required, a period in December to do that, with a hearing

9  set shortly thereafter for the allowance or disallowance of

10 the claim in whole or in part.

11         I don't know what the Court's calendar would allow

12 for that December/January timeframe, but that's what we

13 would be looking for.

14         THE COURT:  Well, have you discussed this with the

15 Nutmeg parties?

16         MR. ROSEN:  Mr. Ledwin and I talked briefly about

17 it.  Mr. Ledwin's view is that he would like to hold off and

18 see if we could continue the settlement dialogue before we

19 set any dates whatsoever.  And I'm sure he'll want to speak

20 up about that on the phone.

21         As I said to him, I would just want to get

22 something in place as a placeholder, Your Honor.

23         So I don't know if Mr. Ledwin wants to respond now

24 or hold off.

25         MR. LEDWIN:  Thank you.  Your Honor, Mark Ledwin

Page 9

1  of the Wilson Elser firm, appearing on behalf of Nutmeg
2  Insurance Company.
3              Our view, Your Honor, is we literally started
4  having substantive discussions yesterday as to a proposed
5  resolution of this (indiscernible) indemnification claim.
6  We've made good progress since that time.  It wouldn't hurt
7  to give the parties another two weeks to conclude their
8  discussion.
9              Otherwise, you know, this indemnification reserve
10 has been set since -- oh gosh.
11             MR. ROSEN:  A long time.
12             THE COURT:  2012?
13             MR. LEDWIN:  2012, Your Honor.  2012.  And we're
14 being asked to railroad it through in a matter of three
15 months.  We think that's a little aggressive.  I think we're
16 going to hopefully resolve it.  Maybe not, but I would like
17 a little more leeway as to the discovery schedule, which I
18 have not yet spoken with counsel.
19             So my suggestion is we kick this for a couple
20 weeks, see if we can conclude our discussions.  And if not,
21 we'll set a schedule.
22             MR. ROSEN:  Your Honor, let me tell you what's
23 driving what we're trying to do.  It's the overall closing
24 of the case, Your Honor.  There is something associated with
25 trying to do something.  Even if I did it on a more

1   aggressive timetable, which is what I truly want.  And a

2   settlement obviously would help that, because we would love

3   to try and close the case in this calendar year.  But I

4   don't know if that's doable.

5            THE COURT:  That's not doable, is it?

6            MR. ROSEN:  Not if we do it by a trial, I agree.

7   But in the absence of a trial, we would --

8            THE COURT:  Is this the only matter left then

9   other than the Griffin appeal?

10           MR. ROSEN:  Yes, Your Honor.  We would file an

11  application to close the case, bring that on.

12           Now, I realize that based upon our history in this

13  case, Your Honor, someone might oppose that application to

14  close the case under the theory that there are in fact

15  additional assets available for distribution.  You and I and

16  others have talked round and round several times over.  We

17  are unaware of any additional assets, although people keep

18  talking about that.  But we would like to bring that to

19  closure, and we would like to close the case.  We see no

20  reason to continue the burning of expenses by having this

21  open.  Because the mere continuation of the case continues

22  to eat up the assets which otherwise might get distributed

23  to people in Class 18, which is above the equity level.  And

24  so that's really motivating us.

25           MR. LEDWIN:  Your Honor, as far as I'm concerned,

Page 11

1  we can close the case in a week or two.  It is very close.

2  And I believe that if Counsel called with the client, we can

3  be done with this if you really want (indiscernible).

4             MR. ROSEN:  Your Honor, I would --

5             THE COURT:  Sounds like an incentive for you.

6             MR. ROSEN:  There's always an incentive.  I would

7  suggest, Your Honor, that -- I don't know if you want to

8  take a two-minute break?  I'll go make a phone call to see

9  if we could reach closure.

10            THE COURT:  I will certainly do that if it gets us

11 closer to closing the case.  So let's take a five-minute

12 recess.

13            MR. ROSEN:  Will do, Your Honor.  Thank you.

14            MR. LEDWIN:  Thank you.

15       (Recess)

16            CLERK:  All rise.  You may be seated.

17            THE COURT:  I hope it wasn't a busy signal.

18            MR. ROSEN:  No.  Your Honor, I'm happy to report

19 that we've resolved this claim.

20            THE COURT:  Okay.

21            MR. ROSEN:  We will -- of the shares of stock,

22 those shares of stock will be provided for other equity

23 holders and there will be a cash payment to the underwriter

24 of $65,000.

25            THE COURT:  Okay.

Veritext Legal Solutions

212-267-6868                     www.veritext.com                     516-608-2400

1           MR. ROSEN:  And so as I said, the balance of the
2  stock will go for the other holders within Class 22.
3           With that, Your Honor, that would leave only then
4  the Griffin appeal.  And by the way, although we have the
5  authority pursuant to the plan not to do it pursuant to a
6  court order, we will file something with the court, Your
7  Honor, just to make it clear and so we don't have any issue
8  going forward.
9           THE COURT:  All right.
10          MR. LEDWIN:  You'll send me a draft agreement,
11 Brian?
12          MR. ROSEN:  Of course I will.  It will be a very
13 short stipulation, Mark.
14          MR. LEDWIN:  Thank you.
15          MR. ROSEN:  Okay.  Your Honor, that would then
16 leave, as I said before, the Griffin appeal, as well as the
17 D&O recovery.  And with that, Your Honor, we still will
18 intend, notwithstanding the possible pendency of the Griffin
19 Appeal, to file an application to close the case.  We think
20 that there should be in no way a hindrance to doing that.
21 We intend to file that application, Your Honor, by the end
22 of October, 10/31, because we hope that the D&O piece will
23 be done and we'll know the exact assets within the estate.
24 And we would hope then to have that heard in a timeframe to
25 close the case by year end.

```
 1              THE COURT:  I will make sure it gets scheduled if
 2   you file it timely.
 3              MR. ROSEN:  We will, Your Honor.
 4              THE COURT:  All right.
 5              MR. ROSEN:  And I think that achieves all that I
 6   really wanted to do today, and actually more so by settling
 7   that other one.
 8              THE COURT:  Good.
 9              MR. ROSEN:  But we wanted the Court to be aware of
10   exactly where we are.
11              THE COURT:  All right.  Well, thank you very much
12   for pushing this and getting it resolved.
13              MR. ROSEN:  Thank you, Your Honor.  Appreciate it.
14   Have a nice day.
15              THE COURT:  You too.
16              (Whereupon these proceedings were concluded at
17   2:17 PM)
18
19
20
21
22
23
24
25
```

1                C E R T I F I C A T I O N

2

3      I, Sonya Ledanski Hyde, certified that the foregoing

4   transcript is a true and accurate record of the proceedings.

5

6

7

8   Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20   Veritext Legal Solutions

21   330 Old Country Road

22   Suite 300

23   Mineola, NY 11501

24

25   Date:   September 30, 2019

**&**

**&** 3:8,13 4:9

**0**

**08-12229** 1:6

**1**

**10/31** 8:4 12:22
**11** 1:5
**11/30** 8:5
**11501** 14:23
**12** 2:2
**12.6** 6:16
**12664** 2:1
**134,000** 6:24
**18** 10:23

**2**

**2008** 4:19
**2012** 9:12,13,13
**2014** 6:13
**2019** 1:13 2:2
  14:25
**22** 6:20 12:2
**26** 1:13
**2:00** 1:14
**2:17** 1:14 13:17

**3**

**3.4** 5:11
**30** 8:5 14:25
**300** 14:22
**330** 14:21

**4**

**4.5** 5:11

**6**

**65,000** 11:24

**7**

**79.5** 6:7,17

**8**

**824** 1:11

**a**

**absence** 10:7
**accurate** 14:4
**achieve** 8:1
**achieves** 13:5
**actively** 7:7
**additional** 10:15
  10:17
**administered** 1:7
**afternoon** 4:3,4
**aggressive** 9:15
  10:1
**agree** 10:6
**agreeing** 5:17
**agreement** 6:12
  12:10
**al** 1:6
**allocable** 6:23
**allow** 8:11
**allowance** 8:9
**amount** 5:18
**apart** 7:11
**appeal** 5:1 10:9
  12:4,16,19
**appearing** 9:1
**application** 10:11
  10:13 12:19,21
**appreciate** 13:13
**approved** 6:13
**approximately**
  5:11 6:7,16,24
**argument** 5:3,5
**arising** 2:8
**asked** 9:14
**asset** 5:8,25
**assets** 10:15,17,22
  12:23
**associated** 7:5
  9:24
**assume** 5:4
**attorneys** 3:4,9,14
**authority** 12:5

**available** 5:25
  10:15
**await** 5:7
**aware** 4:24 13:9

**b**

**b** 1:21
**b&o** 5:9
**back** 7:23
**balance** 12:1
**bankruptcy** 1:1
  1:10,23
**based** 5:4 6:6,18
  10:12
**bases** 7:19,20
**behalf** 4:8 9:1
**believe** 6:13,24
  7:1 8:7 11:2
**beyond** 4:19
**bit** 4:11
**bolts** 7:3
**brandon** 1:25
**break** 11:8
**brian** 3:6 4:7
  12:11
**briefed** 5:1
**briefly** 8:16
**bring** 5:24 7:13
  10:11,18
**burning** 10:20
**business** 5:10
**busy** 11:17

**c**

**c** 3:1 4:1 14:1,1
**calendar** 8:11
  10:3
**call** 11:8
**called** 6:4,15 11:2
**carrier** 6:10
**carriers** 6:6
**case** 1:6 4:21 7:13
  9:24 10:3,11,13
  10:14,19,21 11:1
  11:11 12:19,25

**cash** 11:23
**certain** 2:7
**certainly** 11:10
**certified** 14:3
**chad** 3:23
**chapter** 1:5
**cindy** 3:21
**claim** 6:2,2,14,18
  7:1,4,6,18,19 8:10
  9:5 11:19
**claims** 2:7,8,9 6:6
  6:8,11,16,21
**class** 6:20 10:23
  12:2
**clear** 12:7
**clerk** 4:2 11:16
**client** 11:2
**close** 10:3,11,14
  10:19 11:1,1
  12:19,25
**closer** 11:11
**closing** 9:23 11:11
**closure** 7:13,14
  10:19 11:9
**come** 7:23
**coming** 5:11
**company** 9:2
**compromised** 6:3
**concerned** 10:25
**conclude** 9:7,20
**concluded** 13:16
**confirmation** 5:20
**constantly** 7:10
**continuation**
  10:21
**continue** 7:13,21
  7:25 8:18 10:20
**continues** 10:21
**cory** 3:11 4:9
**counsel** 7:7 9:18
  11:2
**country** 14:21

**couple** 9:19
**course** 12:12
**court** 1:1,10 2:7
  4:3,6,13,15,17,24
  5:6,24 6:4,13 8:14
  9:12 10:5,8 11:5
  11:10,17,20,25
  12:6,6,9 13:1,4,8
  13:9,11,15
**court's** 8:11
**creditor** 3:14
**currently** 4:25

**d**

**d** 3:11 4:1
**d&o** 6:11 12:17
  12:22
**date** 5:20,20,21
  7:17,18 8:4,5
  14:25
**dates** 8:19
**day** 7:12 13:14
**days** 8:5
**deadline** 2:3
**debtors** 1:7 3:4,9
**december** 8:8,12
**decision** 5:6,7
**delaware** 1:2,12
**department** 5:9
  5:16
**depositions** 8:7
**dialogue** 7:14
  8:18
**dicker** 3:13
**directors** 6:16
**disallowance** 8:9
**disclaiming** 5:15
**discovery** 7:5,15
  7:16,24 8:4,6 9:17
**discuss** 2:7
**discussed** 8:14
**discussing** 7:7
**discussion** 9:8

**discussions** 9:4,20
**disputed** 6:21,22
**distributed** 10:22
**distribution** 10:15
**district** 1:2 5:3,6
**doable** 10:4,5
**docket** 2:1
**document** 5:23
**documentation**
  5:14
**documents** 2:5
**doing** 12:20
**draft** 12:10
**driving** 9:23

**e**

**e** 1:21,21 3:1,1 4:1
  4:1 14:1
**eat** 10:22
**ecro** 1:25
**edelman** 3:13
**elser** 3:13 9:1
**emanates** 6:3
**entity** 6:15
**equity** 6:20,22
  10:23 11:22
**escrow** 6:21,22
**estate** 5:8,12,25
  6:2,9,24 7:5 12:23
**et** 1:6
**exact** 12:23
**exactly** 13:10
**exists** 6:18
**expedited** 7:16
**expenses** 10:20
**extent** 8:7

**f**

**f** 1:21,22 14:1
**fact** 6:18 7:2
  10:14
**factual** 7:20
**far** 10:25
**ferry** 6:5

**file** 10:10 12:6,19
  12:21 13:2
**filed** 2:1 4:10
**finger** 3:8 4:9
**firm** 9:1
**five** 11:11
**foregoing** 14:3
**forward** 7:21 12:8
**fully** 5:1,22
**further** 6:11

**g**

**g** 4:1
**getting** 7:10 13:12
**give** 9:7
**global** 6:12
**go** 11:8 12:2
**going** 9:16 12:8
**good** 4:3,4,6,17
  9:6 13:8
**gosh** 9:10
**griffin** 4:25 10:9
  12:4,16,18

**h**

**happy** 4:21 11:18
**he'll** 8:19
**heard** 12:24
**hearing** 2:1,1,6
  7:17 8:8
**help** 7:25 10:2
**hindrance** 12:20
**history** 10:12
**hold** 8:17,24
**holders** 11:23
  12:2
**hon** 1:22
**honor** 4:4,7,10,21
  5:14,22 6:1,5,13
  6:14,19 7:12,15
  7:21 8:2,22,25 9:3
  9:13,22,24 10:10
  10:13,25 11:4,7
  11:13,18 12:3,7
  12:15,17,21 13:3

  13:13
**hope** 4:16,16 7:22
  7:22 11:17 12:22
  12:24
**hopeful** 5:4,22
**hopefully** 9:16
**hurt** 9:6
**hyde** 2:25 14:3,8

**i**

**incentive** 11:5,6
**including** 2:8 5:21
**indemnification**
  2:9 6:6 7:1 9:5,9
**indiscernible** 9:5
  11:3
**initially** 6:10
**insurance** 3:14
  9:2
**intend** 12:18,21
**intends** 2:6
**interest** 5:15,18
  5:19
**issue** 5:14 12:7
**item** 6:1

**j**

**j** 1:25 3:22
**january** 8:12
**jereth** 3:22
**john** 3:20
**jointly** 1:7
**judge** 1:23 5:3

**k**

**kandestin** 3:11
  4:9
**keep** 10:17
**key** 4:18
**kick** 9:19
**know** 4:10,15,18
  5:1,2 8:11,23 9:9
  10:4 11:7 12:23

**l**

**layton** 3:8 4:9
**leave** 12:3,16
**ledanski** 2:25 14:3
  14:8
**ledwin** 3:16 8:16
  8:23,25,25 9:13
  10:25 11:14 12:10
  12:14
**ledwin's** 8:17
**leeway** 9:17
**left** 6:14 10:8
**legal** 7:19 14:20
**letting** 4:15
**level** 10:23
**liability** 6:25
**liquidating** 2:6
  4:8
**literally** 9:3
**litigation** 6:3,5
  7:3
**little** 4:11 9:15,17
**llp** 3:3,8,13
**loan** 6:2
**long** 9:11
**look** 7:9
**looking** 8:13
**love** 10:2

**m**

**maciel** 3:20
**mark** 3:16 8:25
  12:13
**market** 1:11
**mary** 1:22
**matter** 4:24,25
  7:7 9:14 10:8
**mccarthy** 1:25
**mere** 10:21
**message** 7:25
**messages** 7:10
**mfw** 1:6
**million** 6:7,17,17

**mineola** 14:23
**minute** 11:8,11
**months** 9:15
**moskowitz** 3:13
**motivating** 10:24
**move** 7:21
**mutual** 1:5

**n**

**n** 2:3 3:1 4:1 14:1
**negotiating** 5:13
  5:17
**nice** 13:14
**north** 1:11
**notice** 2:1 4:10
**notwithstanding**
  12:18
**nutmeg** 3:14 6:15
  6:23 7:8,14 8:15
  9:1
**nuts** 7:3
**ny** 14:23

**o**

**o** 1:21 4:1 14:1
**objection** 2:3,8
  7:19
**objections** 2:4
**obviously** 7:24
  10:2
**occupancy** 5:10
**october** 8:3 12:22
**oh** 9:10
**okay** 4:17 11:20
  11:25 12:15
**old** 14:21
**ongoing** 4:15
**open** 10:21
**operator** 1:25
**oppose** 10:13
**oral** 5:3,5
**order** 12:6
**overall** 9:23

**p**

**p** 3:1,1 4:1
**p.m.** 1:14,14
**paid** 6:7,16 7:4
**part** 8:10
**parties** 5:15 7:25
  8:4,5,7,15 9:7
**passed** 5:4
**payment** 5:17,21
  11:23
**pendency** 12:18
**people** 7:17 10:17
  10:23
**perceive** 5:24
**period** 8:3,8
**petition** 5:20
**phone** 8:20 11:8
**piece** 6:23 12:22
**place** 7:15 8:2,22
**placeholder** 7:20
  8:22
**plaintiffs** 6:8
**plan** 6:20 12:5
**pm** 13:17
**point** 5:2,2 6:23
  7:9
**possible** 12:18
**present** 3:18
**preserved** 6:9,9
  6:10
**proceedings**
  13:16 14:4
**progress** 9:6
**proposed** 9:4
**proskauer** 3:3 4:7
**prove** 7:2,2,17
**provided** 11:22
**purposes** 4:14
**pursuant** 12:5,5
**pushing** 13:12
**put** 6:21 7:15

**r**

**r** 1:21 3:1 4:1 14:1
**railroad** 9:14
**range** 5:18,19
**reach** 11:9
**realize** 10:12
**really** 4:14 5:14
  10:24 11:3 13:6
**reason** 10:20
**received** 2:4
**recess** 11:12,15
**record** 14:4
**recovery** 12:17
**refer** 5:9
**refund** 5:11
**related** 2:5
**relates** 6:4
**relating** 2:9
**released** 6:11
**remaining** 5:25
**report** 4:22 11:18
**required** 8:8
**reserve** 9:9
**resolution** 7:9 9:5
**resolve** 7:8 9:16
**resolved** 11:19
  13:12
**respect** 4:21
**respond** 8:23
**response** 2:3
**responses** 2:4
**responsive** 8:6
**revenue** 5:9,16
**rey** 3:21
**richards** 3:8 4:9
**right** 4:13 12:9
  13:4,11
**rise** 4:2 6:5,8
  11:16
**road** 7:18 14:21
**rose** 3:3 4:8
**rosen** 3:6 4:4,7,7
  4:14,18 8:16 9:11

Veritext Legal Solutions
212-267-6868                    www.veritext.com                    516-608-2400

9:22 10:6,10 11:4
11:6,13,18,21
12:1,12,15 13:3,5
13:9,13
**round** 10:16,16

**s**

**s** 3:1 4:1
**saying** 7:22
**schedule** 7:16,16
7:24 9:17,21
**scheduled** 13:1
**seated** 4:2 11:16
**see** 7:14 8:18 9:20
10:19 11:8
**send** 12:10
**senese** 3:22
**september** 1:13
2:2 4:19 14:25
**serve** 8:4
**set** 7:17,24 8:3,9
8:19 9:10,21
**settle** 7:22,23,23
**settled** 6:3
**settlement** 6:7,12
6:17 8:18 10:2
**settlements** 6:12
**settling** 13:6
**shares** 6:20,22
11:21,22
**short** 4:23 12:13
**shortly** 8:9
**signal** 11:17
**significant** 5:19
**sitting** 7:22
**slightly** 7:11
**smith** 3:23
**solutions** 14:20
**sonya** 2:25 14:3,8
**sounds** 11:5
**south** 6:4
**speak** 8:19
**spoken** 9:18

**started** 4:19 9:3
**state** 5:10
**states** 1:1,10
**status** 2:6,7
**stipulation** 5:15
12:13
**stock** 6:20,22
11:21,22 12:2
**street** 1:11
**strokes** 4:23
**subject** 2:7
**submitted** 5:2,23
**subordinated**
6:19
**subrogation** 6:8
**subrogee** 6:15
**subsequently** 6:11
**substantive** 9:4
**suggest** 8:3 11:7
**suggestion** 9:19
**suite** 14:22
**sure** 8:19 13:1

**t**

**t** 14:1,1
**take** 11:8,11
**talked** 8:16 10:16
**talking** 10:18
**tax** 5:9,10
**telephonically**
3:16,18
**tell** 9:22
**test** 6:25
**thank** 8:25 11:13
11:14 12:14 13:11
13:13
**theory** 10:14
**think** 7:10,24 9:15
9:15 12:19 13:5
**thought** 4:20
**three** 6:15 9:14
**throes** 5:13
**time** 5:4 7:9 9:6
9:11

**timeframe** 8:12
12:24
**timely** 13:2
**times** 10:16
**timetable** 10:1
**today** 4:5,12 13:6
**transcribed** 2:25
**transcript** 14:4
**trial** 7:17,18 10:6
10:7
**true** 14:4
**truly** 10:1
**trust** 2:6,8 4:8
5:16
**try** 10:3
**trying** 7:8,25 9:23
9:25
**two** 9:7 11:1,8

**u**

**u.s.** 1:23
**unaware** 10:17
**underlying** 7:3
**underwriter**
11:23
**united** 1:1,10
**update** 4:15

**v**

**vague** 4:11
**value** 6:24
**veritext** 14:20
**view** 8:17 9:3

**w**

**walrath** 1:22
**want** 7:12,17,21
8:19,21 10:1 11:3
11:7
**wanted** 4:11,20
13:6,9
**wants** 8:23
**washington** 1:5
5:10

**way** 6:19 12:4,20
**we've** 9:6 11:19
**week** 11:1
**weeks** 5:23 9:7,20
**whatsoever** 8:19
**wilmington** 1:12
**wilson** 3:13 9:1
**wmi** 2:6 4:8
**written** 2:4

**y**

**year** 10:3 12:25
**yesterday** 9:4