## Exhibit 1

**Stipulation**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------x
:
*In re*                                                         :               **Chapter 11**
:
**WASHINGTON MUTUAL, INC., et al.,**[1]        :               **Case No. 08-12229 (MFW)**
:
**Debtors.**                            :               **(Jointly Administered)**
:
:
-------------------------------------------------------------x

## STIPULATION REGARDING PAYMENT OF STATE
## OF WASHINGTON DEPARTMENT OF REVENUE TAX REFUND

Subject to the approval of the Court, this stipulation ("**Stipulation**") is entered into by

and among (a) WMI Liquidating Trust (the "**Trust**") in its capacity as successor to Washington

Mutual, Inc. ("**WMI**"), (b) JPMorgan Chase Bank, N.A. ("**JPMC**"), and (c) Mr. Cooper Group,

Inc. (formerly known as WMIH Corp., WMI Holdings Corp., and WMI and referred to herein as

"**Reorganized WMI**") (collectively, the "**Parties**" and each individually a "**Party**").  The

Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "**FDIC-**

**Receiver**") notes its lack of objection to the relief provided herein while reserving all other

rights.

WHEREAS,

A.        WMI was a multiple savings and loan holding company and the parent of, among

other entities, Washington Mutual Bank ("**WMB**").

B.        On February 8, 2008, WMI sought from the Washington State Department of

Revenue ("**DOR**") a refund of $2,878,066 for overpayment of Business and Occupation

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395).  The principal offices of the Trust, as defined herein, are located at 800 Fifth Avenue, Suite 4100, Seattle, Washington 98104.  Subsequent to the Effective Date, as defined below, WMI Investment Corp. was dissolved in accordance with applicable law.

("**B&O**") taxes for the years 2004 and 2005.  *See* Attachment A hereto (Application for Refund or Credit).

C.     On September 25, 2008, the Office of Thrift Supervision closed WMB and appointed the FDIC-Receiver as its receiver.  JPMC thereafter assumed WMB's deposit liabilities and purchased substantially all of WMB's assets from the FDIC-Receiver pursuant to a Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008.

D.     On September 26, 2008 (the "**Petition Date**"), WMI and its subsidiary WMI Investment Corp. (together, the "**Debtors**") commenced cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").  On October 3, 2008, the cases were consolidated under the lead case for WMI.

E.     On June 29, 2009, DOR filed Proof of Claim No. 3732 in the amount of $1,619.18 for priority taxes owed by WMI for the prepetition portion of the year 2008.  *See* Docket No. 10756-1 at page 97.

F.     On February 23, 2012, the Bankruptcy Court confirmed the Debtors' Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the US Bankruptcy Code ("**Plan**") (Docket No. 9759) whereby, among other things, the Trust was established for the purpose of liquidating and distributing its assets, with no objective to continue or engage in the conduct of a trade or business. Plan § 27.2.

G.     The Plan states that "[t]he Liquidating Trust shall consist of the Liquidating Trust Assets" (Plan § 27.3) and defines the Liquidating Trust Assets as:

> ... all assets of the Debtors ... except (i) Cash to be distributed by the Reorganized Debtors ..., (ii) Cash necessary to reimburse the Reorganized Debtors for fees and expenses incurred in connection with initial distributions

2

made ..., (iii) economic interest retained by the Debtors in any Litigation Proceeds ... and (iv) Creditor Cash on the Effective Date and equity interests in each of WMI Investment ..., WMMRC and WMB.

*Id.* § 1.140.

H.     The Plan incorporates the Second Amended and Restated Settlement Agreement (the "**Global Settlement Agreement**" or "**GSA**"), executed on February 7, 2011, by and among WMI, JPMC, the FDIC-Receiver, and the other signatories thereto.  Among other things, the GSA settled disputes among the parties thereto regarding the allocation of tax refunds and costs related thereto. *See* Docket No. 9759-5 at § 2.4.

I.     On March 19, 2012 (the "**Effective Date**"), the Plan became effective.  Following the Effective Date, WMI became known first as WMI Holdings Corp., then as WMIH Corp., and, as of October 2018, as Mr. Cooper Group, Inc. ("**Reorganized Debtor**").

J.     DOR asserts that a refund in the principal amount of $2,813,191.82 for overpayments by WMI for tax years 2004 and 2005, together with interest that has accrued pursuant to RCW 82.32.060 and WAC 458-20-229, is appropriate (the "**Refund**").  DOR placed a hold on the Refund pending resolution of the chapter 11 case, including resolving the question of which entity is entitled to the Refund. *See* Attachment B hereto, Declaration of Revenue Agent at page 2.

K.     On September 19, 2018, general counsel for the Trust wrote to DOR, asserting that $3,418,825.82 related to the Refund should be paid to the Trust (Refund Request).  *See* Attachment C hereto, Letter from the Trust.

L.     The Trust and DOR engaged in discussions regarding the Refund. DOR seeks to insulate itself from liability to others who may potentially claim an interest in the Refund. The Trust does not believe that any other entity has a valid or legally cognizable basis to claim an

3

interest in the Refund, given the language of the Plan and GSA.

M.      The amount to be refunded by DOR is $2,813,191.82, plus interest calculated

pursuant to RCW 82.32.060 and WAC 458-20-229(8) that has accrued through the date of

payment, less the $1,619.18 amount set forth in DOR's Proof of Claim No. 3732 (the "**Adjusted**

**Refund**").  As of the date of this Stipulation, the Adjusted Refund with accrued interest through

that date totaled $4,289,357.18[2].  The interest rate methodology used to calculate this figure, and

to be used to calculate any further interest that accrues prior to payment of the Adjusted Refund,

is attached hereto as Schedule D.

N.      DOR is prepared to pay the Adjusted Refund to the Trust upon the direction and

approval of the Bankruptcy Court, on the condition that, upon payment of the Adjusted Refund,

DOR shall be released from any and all liability to the Parties with respect to the Refund, and

shall be released as to any other entity to the fullest extent permitted by law.  *See* Attachment B,

Declaration of Revenue Agent at page 3.

**NOW**, **THEREFORE**, in consideration of the foregoing, and subject to

the Bankruptcy Court's approval, the Parties hereby stipulate and agree as follows:

## STIPULATION

1.      DOR shall pay to the Trust the Adjusted Refund, in the amount of $4,289,357.18,

plus the additional interest that accrues from after the date of this Stipulation through the date on

which payment is actually received by the Trust.

2.      DOR's payment of the Adjusted Refund to the Trust in accordance with the

---

[2] The amount of the Adjusted Refund assumes that this Stipulation is executed on, and filed with the Bankruptcy Court on, November 22, 2019. The amount of the Adjusted Refund should be increased or decreased, as the case may be, by $308.29 for each day before or after, as the case may be, that this Stipulation has not been executed and/or filed with the Bankruptcy Court.

terms of this Stipulation will fully resolve DOR's obligations and liability with respect to refunding WMI's overpayment of B&O Taxes for the relevant periods.  Upon payment of the amount specified in paragraph 1 above, DOR shall be deemed released from any and all liability with respect to the Refund or Adjusted Refund.

3.      Upon the Bankruptcy Court's approval of this Stipulation and payment of the Adjusted Refund to the Trust, Proof of Claim No. 3732 shall be deemed withdrawn with prejudice.

4.      JPMC, the FDIC-Receiver, and Reorganized WMI have no objection to the foregoing provisions.

5.      Each of the Parties represents and warrants that this Stipulation (a) has been duly authorized by all necessary action, (b) has been duly executed and delivered by it and is a valid and legally binding agreement, enforceable against it in accordance with its terms and (c) does not require any consent, approval or any other action by any other parties, other than approval of this Stipulation by the Bankruptcy Court.

6.      This Stipulation may not be modified or amended, other than by a writing executed by the parties hereto. This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original, and all of which, when taken together, shall constitute one and the same instrument.

*[Signature pages follow]*

Dated: December 6, 2019

**WMI LIQUIDATING TRUST:**

By: _____

RICHARDS, LAYTON & FINGER, PA
Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
Cory D. Kandestin (No. 5025)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

PROSKAUER ROSE LLP
Brian S. Rosen
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
PROSKAUER ROSE LLP

*Attorneys to the WMI Liquidating Trust*

**JPMORGAN CHASE BANK, N.A.**

By: _____

SULLIVAN & CROMWELL LLP
Brian D. Glueckstein
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Attorneys for JPMorgan Chase Bank, N.A.*

Dated: December 6, 2019          **WMI LIQUIDATING TRUST:**

By: _____

    RICHARDS, LAYTON & FINGER, PA
    Mark D. Collins (No. 2981)
    Marcos A. Ramos (No. 4450)
    Cory D. Kandestin (No. 5025)
    One Rodney Square
    920 North King Street
    Wilmington, Delaware 19801
    Telephone: (302) 651-7700
    Facsimile: (302) 651-7701

        – and –

    PROSKAUER ROSE LLP
    Brian S. Rosen
    Eleven Times Square
    New York, New York 10036
    Telephone: (212) 969-3000
    Facsimile: (212) 969-2900
    PROSKAUER ROSE LLP

    *Attorneys to the WMI Liquidating Trust*

**JPMORGAN CHASE BANK, N.A.**

By: _____

    SULLIVAN & CROMWELL LLP
    Brian D. Glueckstein
    125 Broad Street
    New York, New York 10004
    Telephone: (212) 558-4000
    Facsimile: (212) 558-3588

    *Attorneys for JPMorgan Chase Bank, N.A.*

**MR. COOPER GROUP, INC.,**
formerly known as WMIH Corp., WMI Holdings Corp.,
and Washington Mutual, Inc.

By: _____

     Name:  Elisabeth Gormley
     Title:   Vice President & Corporate Secretary


**NO OBJECTION:**

**DLA PIPER LLP (US)**


By: _____

     John J. Clarke, Jr.
     1251 Avenue of the Americas
     New York, New York 10020
     Telephone: (212) 335-4500
     Facsimile: (212) 335-4501

     *Attorneys for FDIC, as Receiver*
      *For Washington Mutual Bank*

**MR. COOPER GROUP, INC.,**
formerly known as WMIH Corp., WMI Holdings Corp.,
and Washington Mutual, Inc.

By: _____
     Name:
     Title:

**NO OBJECTION:**

**DLA PIPER LLP (US)**

By: _____
    John J. Clarke, Jr.
    1251 Avenue of the Americas
    New York, New York 10020
    Telephone: (212) 335-4500
    Facsimile: (212) 335-4501

*Attorneys for FDIC, as Receiver*
*For Washington Mutual Bank*

7

# ATTACHMENT   A

**Application for Refund or Credit**

600259.016

500390.026 



## Department of Revenue

### Application for Refund or Credit

Important: Applications not fully completed or received without supporting documentation will not be accepted.

| Tax Registration Number<br>601 - 566 - 389 | Period covered by Claim<br>2004 + 2005 | Total Refund Claimed<br>2,878,065.69 |
|---|---|---|

| Name of Claimant<br>WASHINGTON MUTUAL, INC | | |
|---|---|---|
| Address<br>1301 SECOND AVE, WMC2202 | | Telephone Number<br>206 500 - 5763 |
| City<br>SEATTLE | State<br>WA | Zip Code<br>98101 |

| Name of Representative (attach a Confidential Tax Information Authorization form if filing on behalf of claimant) | | |
|---|---|---|
| Address | | Telephone Number |
| City | State | Zip Code |

Provide a full explanation on which your claim is based. Use additional sheets if necessary and send all documents necessary to properly substantiate your claim.

PLEASE SEE ATTACHED LETTER AND SUPPORT.

Subject to penalty of perjury, I declare that the information provided is true, correct and complete. I do hereby make application for refund or credit, pursuant to RCW 82.32.060, and certify that all taxes for which this claim is filed have been paid.

Claimant's or Representative's Signature                    2/1/08
                                                              Date

MOLLY STACY, SENIOR TAX MANAGER
Name and Title (print)

Mail this application with supporting documentation to:        Attn: Refunds
                                                               State of Washington Department of Revenue
                                                               PO Box 47476
                                                               Olympia, WA 98504-7476

For tax assistance, visit http://dor.wa.gov or call 1-800-647-7706. To inquire about the availability of this document in an alternate format for the visually impaired, please call (360) 705-6715. Teletype (TTY) users may call 1-800-451-7985

REV 41 0105 (11/2/07)

600259.015

296139.025

 **WaMu**

Corporate Tax
1301 Second Avenue
WMC 2202
Seattle, WA 98101

February 8, 2008

State of Washington Department of Revenue
Attn: Refunds
PO Box 47476
Olympia, WA 98504-7476

DEPT. OF REVENUE
FEB 12 2008
TAA DIVISION

Re: Washington Mutual Inc.
    UBI: 601-566-389
    Tax Periods: 2004 & 2005

Dear Sir or Madame:

This letter is in regards to a refund claim request for Washington Mutual, Inc. for the tax periods of 2004 and 2005.

The taxable income on the 2004 and 2005 B&O returns was calculated without taking a deduction for investment income allowed under RCW 82.04.4281. The error in calculating taxable income for these years was brought to our attention by an audit of the years 2000 through 2003. See page 2 of the attached Auditor's Detail of Differences and Instructions to Taxpayer

The tax has been correctly recalculated for each year resulting in a total refund claim of $2,878,065.69 shown below. Attached you will find detailed support for the summary of the tax as filed and as corrected.

| | |
|---|---|
| Tax as filed for 2004. | 2,526,907.50 |
| Tax as corrected for 2004. | 237,042.02 |
| Refund claimed. | 2,289,865.47 |
| | |
| Tax as filed for 2005. | 1,047,020.72 |
| Tax as corrected for 2005. | 458,820.50 |
| Refund claimed. | 588,200.22 |
| | |
| Total refund claimed. | 2,878,065.69 |

We respectfully request a check for the tax refund amount of $2,878,066 and any applicable interest. Thank you for your attention to this matter. If you have any questions, please contact me at (206) 500-5763.

Sincerely,

Molly Stacy
Senior Tax Manager

Equal Housing Lender

# A T T A C H M E N T   B

**Declaration of Revenue Agent**

## DECLARATION OF REVENUE AGENT

1.    <u>Declarant</u>. I am a Revenue Agent employed by the State of Washington Department of Revenue (DOR). I am assigned to the Washington Mutual, Inc. account. I am the custodian of the DOR's files kept in the ordinary course of business relating to this matter, and am authorized and competent to testify the refund exists on DOR's system. This declaration has been reviewed and approved by the DOR Compliance management team.

2.    <u>Washington Mutual Inc. UBI No. 601 566 389</u>.  According to Washington State Secretary of State records, Washington Mutual, Inc. ("WMI") was incorporated in the State of Washington on August 17, 1994 as a savings and loan holding company. Contemporaneously with issuing WMI's certificate of incorporation, the Washington Secretary of State assigned Unified Business Identifier ("UBI Number") 601 566 389 to WMI.

3.    <u>Washington Mutual Bank</u>. Upon information and belief, WMI served as the parent of, among other entities, Washington Mutual Bank ("WMB").

4.    <u>WMI Refund Request</u>. On February 8, 2008, WMI sought from DOR a refund of $2,878,066, alleging overpayment of Business and Occupation ("B&O") taxes for the years 2004 and 2005.

5.    <u>WMB Receivership</u>. Upon information and belief, on September 25, 2008, WMB was placed into receivership by the Federal Deposit Insurance Corporation and its assets were sold to JPMorgan Chase Bank, N.A.

6.    <u>WMI Bankruptcy</u>. On September 26, 2008 WMI filed bankruptcy under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

7.     DOR Proof of Claim. On June 29, 2009, DOR filed in the bankruptcy case Proof of Claim #3732 in the amount of $1,619.18 for priority taxes owed by WMI for the prepetition portion of the year 2008.

8.     No Group Reporting. Washington does not require "Group Reporting" as that term is defined in the Internal Revenue Code. Rather, the State of Washington requires that each separate entity file its DOR tax returns separately from any entities that might be related. WMI was required to and did file its B&O tax returns with DOR separately from any of its related entities.

9.     WMI Holdings Corp. and UBI No. 601 566 389. On March 26, 2012, WMI Holdings Corp. filed with DOR its first tax return, on which it listed 601566 389 as its UBI Number. Thereafter, monthly tax returns have been filed under UBI Number 601 566 389 using the WMI Holdings Corp. name.

10.    WMIH Corp. On May 11, 2015, Articles of Merger of WMI Holdings Corp. into WMIH Corp. were filed with the Secretary of State. In a letter dated May 15, 2015, WMIH Corp. informed the Secretary of State that WMI Holdings Corp. had changed its name to WMIH Corp., that the federal tax identification number remains the same, and that WMIH Corp. will be relocating to a new Seattle address beginning July 1, 2015.

11.    Refund. DOR's Audit division has determined that a refund in the principle amount of $2,813,191.82 for overpayments by WMI for tax years 2004 and 2005 is appropriate ("Refund"). A hold was placed on the Refund pending resolution of the chapter 11 cases, including resolving the question of which entity is entitled to the Refund.

12.    Trust's Refund Request. On September 19, 2018, the WMI Liquidating Trustee wrote to DOR, asserting that $3,418,825.82 related to the Refund should be paid to the Trust, together with interest thereon.

13.     UBI Number 601 566 389. DOR's policy is to pay refunds to the entity that bears the UBI number of the taxpayer who earned the refund.

14.     Court Order. DOR agrees to refund the sum of $4,289,357.18, together with interest calculated from November 22, 2019 as provided under applicable Washington law, within 20 business days of receipt of a court order that (1) directs DOR whom to pay; and (2) forever releases DOR from liability for payment of the Refund.

I declare, under penalty of perjury, that the foregoing is true and correct.

EXECUTED this 27th day of _November_, 2019 in King County, Washington.

_____
Samuel Seal, Senior Revenue Agent
Washington State Department of Revenue

# ATTACHMENT   C

**Letter from WMI Liquidating Trust**

# WMI Liquidating Trust

800 Fifth Avenue, Suite 4100
Seattle, WA 98104

September 19, 2018

Taxpayer Account Administration
Washington State Department of Revenue
P.O. Box 47476
Olympia, WA 98504-7476

Re: B&O Tax Refund

Dear Taxpayer Account Administration:

As described more specifically herein, the State of Washington Department of Revenue ("DOR") owes a B&O tax refund of approximately $3.4 million (the "Refund") to WMI Liquidating Trust (the "Trust"), as successor-in-interest to the tax refunds of Washington Mutual, Inc. ("WMI") for tax years prior to 2009. The tax refund is the result of overpayments by WMI of B&O taxes for tax years 2004 and 2005. Based on prior DOR secure-email exchanges between Doug Houghton of the DOR and Doreen Logan, Controller for the Trust, the amount of the Refund is undisputed. As indicated, the Trust is the successor-in-interest to WMI pursuant to that certain Plan of Reorganization (as amended, modified or supplemented, the "Plan") approved in the Chapter 11 proceedings of WMI. The DOR's own online records confirm the existence of the Refund in the amount of $3,418,825.82.

In connection with earlier attempts to seek payment of the Refund, the Trust was advised that Assistant Attorney General Zachary Mosner put a hold on the Refund due to the Chapter 11 filing by WMI in September 2008 because the DOR was uncertain which legal entity had the right to the Refund. Specifically, whether the Refund was payable to WMI, the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC") or JPMorgan Chase Bank, N.A. ("JPMC"). The discussion below, along with the documents provided with this transmittal, should provide the clarity needed to process the refund.

WMI emerged from Chapter 11 on March 19, 2012 (the "Effective Date"), on which date the Plan became effective. The Plan incorporated the Global Settlement Agreement (as amended, modified or supplemented, the "GSA") executed on February 7, 2011, by and among WMI, JPMC and the FDIC and the other signatories thereto. The GSA settled how tax refunds and costs related to the Group[1] would be allocated among the parties. That said, the GSA only applies to Group Taxes and does not apply to the B&O taxes and related refunds, including the Refund.

The issues regarding the Refund, as we understand them, are:

- Whether the Refund is owed solely to the Trust;

**DEPT. OF REVENUE**

**SEP 20 2018**

**TAA DIVISION**

---

[1] Any terms used and not otherwise defined in this letter shall have the meanings given to such terms in the Plan or the GSA, as the case may be.

- Whether the FDIC and/or JPMC have a claim to the Refund, or any portion thereof; and

- Whether WMIH Corp., the entity that emerged from the aforementioned Chapter 11 proceedings of WMI has a claim to the Refund or any portion thereof.

Summary:  Based on the plain language set forth in the Plan and the GSA and the treatment of refunds under the law of the State of Washington applicable to B&O Taxes, the Trust is solely entitled to the Refund.  No part of the B&O Tax refund is due to any of JPMC, the FDIC or WMIH Corp.  It should be noted that neither the FDIC nor JPMC filed a claim in the Chapter 11 case asserting ownership of the Refund.

Analysis:  With respect to any claims to federal and state tax refunds by any of WMI, the FDIC and JPMC, the origin of disputes between the aforementioned parties related solely to taxes and refunds of consolidated or combined tax returns defined in the GSA as Group Taxes.  The GSA settled the treatment of how Group Taxes and related refunds collected on behalf of the Group during and after WMI emerged from Chapter 11 would be allocated among the Trust, JPMC and FDIC (the successors to the entities in the Group).  However, Washington B&O Tax is a separate company tax; that is, each company within a consolidated legal group files a separate return based on its own individual financial results and activities.  As such, each individual company is liable only for its own tax and is entitled to any refunds for any overpayments thereto.  There are no consolidated, combined or unitary filings with respect to the Washington State B&O Tax.  Based on this summary of the nature of B&O Tax, WMI, or its successor in interest to the Ch 11 estate of WMI, in this case that is the Trust, is entitled to the full amount of the Refund.  Note that all documents referred to herein can be found at www.wmitrust.com.

Furthermore, the Plan provided that all assets of WMI's debtor estate would be transferred to the Trust, with limited exceptions retained in WMI[2], which was renamed WMIH Corp.  Tax refunds were among the assets transferred to the Trust.  As a result, WMIH Corp. does not have any interest in the Refund or any portion thereof.

As noted above, certain issues among WMI, JPM and the FDIC during the Chapter 11 proceedings involved tax refunds resulting from consolidated federal and state tax returns.  Thus, the taxes and refunds addressed in the GSA were limited to those that arose as a result of not only activities of WMI, but also the activities of Washington Mutual Bank ("WMB") and each company's various subsidiaries.  The GSA addresses the fact that only refunds from consolidated or combined tax returns are at issue.

Section 1.2 of the GSA provides the definition of the term "Group":

"… (a) for U.S. Federal Income Tax purposes, any affiliated group of corporations within the meaning of section 1504 of the IRC, and (b) for state, local or foreign Tax purposes, any group of corporations that filed (or was required to file) as a combined, unitary or consolidated group under state, local or foreign Tax laws, with respect to which, for purposes of both clause (a) and clause (b) here, (i) any of the WMI entities (or any

_____
[2] As detailed in paragraph 1.140 of the Plan.

predecessor thereof) is or was a member and (ii) WMB (or any
predecessor thereof) or any subsidiary of WMB (or any predecessor
thereof) as of September 24, 2008 is or was also a member."

Section 1.2 of the GSA also includes a definition of "Group Taxes" which states that it shall
mean:

"...any Taxes of the Group, as well as any Taxes imposed by the State of
California in 2008 on any member of the U.S. Consolidated group of
which WMI was the common parent, whether imposed on a separate
return basis, or on a combined, unitary or consolidated group basis."

Section 2.4 of the GSA covers the allocation of tax refunds among WMI, the FDIC and JPMC.
Specifically 2.4 (b) deals with the receipt and distribution of tax refunds. All refunds of Group
Taxes subject to the GSA are deposited into a Tax Refund Escrow account. Without going into
details of the mechanics of the refund escrow account, it is clear that this section only deals with
the receipt and distribution of tax refunds that represent refunds of Group Taxes as defined
above.

Based on the above, it is clear that neither the FDIC nor JPMC are entitled to the Refund. As a
matter of fact, WMI's subsidiaries, including WMB, paid its own Washington State B&O Taxes,
when required, and only each individual entity would only be entitled to any refunds resulting
from those payments. The Trust has not made any claims to any potential refunds that may have
been collected by those entities.

As to whether WMIH Corp. is the entity that may be entitled to the refund, WMIH Corp. does
not have any interest in any refunds for tax years prior to 2009 as all assets (unless specifically
set forth as being retained by WMIH Corp.) were transferred to the Trust via the Plan, approved
by the Bankruptcy Court in 2012. Paragraph 27.3 of the Plan states "The Liquidating Trust shall
consist of the Liquidating Trust Assets." Liquidating Trust Assets is defined in the Plan,
paragraph 1.140, as:

"...all assets of the Debtors...except (i) Cash to be distributed by the
Reorganized Debtors..., (ii) Cash necessary to reimburse the Reorganized
Debtors for fees and expenses incurred in connection with initial distributions
made..., (iii) economic interest retained by the Debtors in any Litigation
Proceeds... and (iv) Creditor Cash on the Effective Date and equity interests
in each of WMI Investment..., WMMRC and WMB."

Said differently, all assets, including tax refunds receivable that were due to WMI prior to 2009,
but excluding specifically noted items (cash and equity interests in certain subsidiaries) are
included in the Chapter 11 estate of WMI, the assets of which were transferred to the Trust on
the Effective Date.

Based on the foregoing, the Refund is payable solely to the Trust and none of the FDIC, JPMC
or WMIH Corp. has any claim thereto.

We are happy to answer any questions you may have with respect to the foregoing or provide additional corroborating documentation as needed. Please advise as to the next steps to obtain payment of the Refund to the Trust.

Sincerely,

Charles Edward Smith
General Counsel
WMI Liquidating Trust
(206) 922-2963

Enclosures

4

# SCHEDULE D

WMI Liquidating Trust
Calculation of Interest on B&O Tax Refund Due to the Trust

| | | |
|---|---|---|
| B&O Tax Refund - 2004 | 2,289,865.00 | |
| B&O Tax Refund - 2005 | 523,326.82 | |
| Total Refund Due | 2,813,191.82 | |

| Year | Int Rate | Interest | Running Total | Tax Balance | Refund |
|------|----------|----------|---------------|-------------|--------|
| | | | (not compounded) | | |
| 2004 | 4% | - | | 2,289,865.00 | 2,289,865.00 |
| 2005 | 4% | 83,815.33 | 83,815.33 | 2,813,191.82 | 2,897,007.15 |
| 2006 | 5% | 138,437.24 | 222,252.57 | 2,813,191.82 | 3,035,444.39 |
| 2007 | 7% | 196,923.43 | 419,176.00 | 2,813,191.82 | 3,232,367.82 |
| 2008 | 7% | 196,923.43 | 616,099.43 | 2,813,191.82 | 3,429,291.25 |
| 2009 | 5% | 140,659.59 | 756,759.02 | 2,813,191.82 | 3,569,950.84 |
| 2010 | 3% | 84,395.75 | 841,154.77 | 2,813,191.82 | 3,654,346.59 |
| 2011 | 3% | 84,395.75 | 925,550.52 | 2,813,191.82 | 3,738,742.34 |
| 2012 | 2% | 56,263.83 | 981,814.35 | 2,813,191.82 | 3,795,006.17 |
| 2013 | 2% | 56,263.83 | 1,038,078.18 | 2,813,191.82 | 3,851,270.00 |
| 2014 | 2% | 56,263.83 | 1,094,342.01 | 2,813,191.82 | 3,907,533.83 |
| 2015 | 2% | 56,263.83 | 1,150,605.84 | 2,813,191.82 | 3,963,797.66 |
| 2016 | 2% | 56,263.83 | 1,206,869.67 | 2,813,191.82 | 4,020,061.49 |
| 2017 | 3% | 84,395.75 | 1,291,265.42 | 2,813,191.82 | 4,104,457.24 |
| 2018 | 3% | 84,395.75 | 1,375,661.17 | 2,813,191.82 | 4,188,852.99 |
| 2019 | 4% | 104,820.25 | 1,480,481.42 | 2,813,191.82 | 4,293,673.24 |

Interest calculated through December 6, 2019

Daily Interest:        $        308.29