IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **WASHINGTON MUTUAL, INC., *et al.*,**[1] <br><br> **Reorganized Debtors.** | Chapter 11 <br><br> Case No. 08-12229 (MFW) <br><br> Hearing Date (Requested): On or Before June 11, 2021 <br> Objection Deadline (Requested): At the hearing |

**EMERGENCY MOTION OF WMI LIQUIDATING TRUST TO REOPEN THE
CHAPTER 11 CASE OF WASHINGTON MUTUAL, INC. FOR THE LIMITED
PURPOSE OF (I) ENFORCING THE EXCULPATION, INJUNCTION, RELEASE,
AND DISCHARGE PROVISIONS OF THE DEBTORS' JOINT CHAPTER 11
PLAN AND CONFIRMATION ORDER AND (II) IMPOSING SANCTIONS**

WMI Liquidating Trust (the "Trust"), as successor to Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (together with WMI, the "Reorganized Debtors," and prior to the effective date of the Plan (as defined below), the "Debtors"), hereby submits this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, reopening the chapter 11 case of WMI, Case No. 12229, pursuant to sections 105, 350(b), 1129, 1141, and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the limited purpose of considering the Trust's motion, a copy of which is attached hereto as **Exhibit B** (the "Motion to Enforce"), to (i) enforce the exculpation, injunction, discharge, and release provisions contained in the *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* [Docket No. 9178] (the "Plan")[2] and the *Findings of Fact, Conclusions of Law, and Order Confirming the Seventh Amended Joint Plan of Affiliated Debtors Pursuant to*

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Reorganized Debtors had a former address of 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

*Chapter 11 of the United States Bankruptcy Code* [Docket No. 9759] (the "Confirmation Order") against Alice Griffin ("Griffin") and (ii) impose sanctions for civil contempt and pursuant to 28 U.S.C. § 1927 for Griffin's violation of the express provisions of the Plan and Confirmation Order and Griffin's repeated vexatious and harassing litigation of matters previously adjudicated. In support of this Motion, the Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. It is unfortunate that Griffin and her supporters will not accept the judicial determinations of this Court, the District Court, and the Third Circuit. But alas, the crusade continues—this time, in a different forum. Unhappy with the twice-affirmed decisions of this Court, Griffin has commenced an action (the "Litigation")³ in the United States District Court for the Southern District of New York (the "SDNY") against the Trust and Mr. Cooper Group, Inc. ("Mr. Cooper"), the successor to the Reorganized Debtor. While Griffin attempts to distinguish the Litigation from her actions before this Court, and thereafter on appeal, such efforts ring hollow for, when Griffin's window-dressing is removed, the claims and causes of action asserted in the Litigation are the exact same theories espoused several times before in this Court, which are within this Court's exclusive jurisdiction, based on conspiracy theories and misrepresentations of the Plan that this Court has already rejected . As such, they are barred by the doctrines of collateral estoppel and res judicata and the Litigation is nothing more than a flagrant violation of the Plan and Confirmation Order and an abject disregard of the jurisdiction of this Court.

2. Besides flouting the injunctive and exculpation provisions of the Plan and Confirmation Order, just as Griffin did before this Court, Griffin bases her latest initiative on

---

³ The Litigation is *Alice Griffin v. WMI Liquidating Trust and Mr. Cooper Group, Inc.*, Case No. 1:21-cv-04554. A copy of the Amended Complaint (as defined below) is attached to the Motion to Enforce as **Exhibit 2**.

unfounded allegations from an unidentified "Source" and continues to cast aspersions upon the Trust, its former trustee and current administrators, and, by extension, upon the Debtors. When previously put to the test by this Court to support such allegations, Griffin came up empty. Now, Griffin attempts to play the very same "shell game" before the SDNY. While this Court need not reach any such allegations, it should be noted that they are made whole cloth from and by an unsubstantiated and unidentified source. The Trust and the Debtors provided documented support for the Debtors' assets both prior to and following the Effective Date. Griffin's assertions underscore a lack of understanding of how WMB, or any bank for that matter, operated. Such assertions are provided solely for sensationalism and to satisfy the interests of Griffin's supporters.

3. As discussed more fully below, Griffin's actions must be addressed, and be addressed by the Court that confirmed the Plan and entered the Confirmation Order. All attempts by the Trust to dissuade Griffin from violating the provisions of the Plan and Confirmation Order, and commencing the Litigation, have been rebuffed by Griffin. Accordingly, the Trust is left with no alternative other than to seek the reopening of WMI's Chapter 11 Case for the limited purposes described herein. In doing so, the Trust does not seek to inhibit Griffin's ability to pursue her stated goal of seeking review of the Third Circuit's affirmance of this Court's ruling by the Supreme Court, but instead to enjoin Griffin from relitigating these issues from the start in the SDNY.

**JURISDICTION AND VENUE**

4. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012, as well as Section 38.1 of the Plan, decretal paragraph 83 of the

3

Confirmation Order, and Section 9.2 of the Liquidating Trust Agreement. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, in accordance with Local Rule 9013-1(f), the Trust consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments on this Motion consistent with Article III of the United States Constitution. Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5. The legal predicates for the relief requested herein are sections 105(a), 350(b), 1141, and 1142 of the Bankruptcy Code, and Bankruptcy Rule 5010.

## BACKGROUND

**A.    Confirmation and Effectiveness of the Plan, Closing of Chapter 11 Cases**

6. On February 24, 2012, this Court confirmed the Plan in accordance with the provisions of section 1129 of the Bankruptcy Code and authorized the consummation of the transactions contemplated therein, including, without limitation, approval and consummation of the Global Settlement Agreement and the exchange of mutual releases provided for therein between, among others, the Debtors and the FDIC.

7. On March 19, 2012, the Effective Date occurred and the transactions contemplated by the Plan were consummated, including, without limitation, initial distributions of over $6.5 billion being made to holders of Allowed Claims. Subsequent thereto, additional distributions in the approximate amount of $932 million were made to holders of Allowed Claims.

8. On December 20, 2019, the Court entered that certain *Final Decree and Order Closing Reorganized Debtors' Chapter 11 Cases and Terminating Certain Claims and Noticing Services* [Docket No. 12707] (the "Final Decree"). The Final Decree, entered over Griffin's strenuous objection asserting many of the same claims contained in the Litigation, closed the

Debtors' Chapter 11 Cases and approved certain procedures for winding-up the Trust following the issuance of final distributions. The Trust is currently in position to distribute its minimal remaining assets to charity pursuant to the provisions of the Plan, the Liquidating Trust Agreement, and the Final Decree. The Final Decree was entered "without prejudice to the rights of [the Trust], the Reorganized Debtors or other parties in interest to seek to reopen any of the Debtors' chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code." Final Decree ¶ 3.

**B.    Alice Griffin's Allegations**

9.     Since the commencement of the Debtors' Chapter 11 Cases, certain of WMI's equity interest holders have waged a war of misinformation with the Court, the Debtors, the Reorganized Debtors, the Trust, and their respective professionals. Such tactics have included speculative, inaccurate or misleading financial information being posted to electronic message boards, the dissemination of erroneous information regarding activities of the Debtors, the Trust, and members of the Trust's management and the Trust Advisory Board, as well as personal attacks on each of the foregoing. At times during the course of the Debtors' Chapter 11 Cases, such equity holders corresponded with the National Director and the Acting Region 3 Director of the Office of the United States Trustee asserting, among other theories, many of the same issues addressed in the Griffin Appeal (as defined below) and which Griffin seeks to relitigate through the Litigation. Each time, the Trust responded with comprehensive explanations and detailed references to documents and instruments approved by the Court and, each time, this Court and the Office of the United States Trustee accepted the Trust's reasoned explanations and disregarded the ongoing diatribes.

10.    Of course, neither the Trust's numerous responses to informational requests of various equity holders (including postings on the Trust's website), nor multiple Court rulings

dismissing such claims, have inhibited Griffin and other equity interest holders from continuing to pursue them.  At their core, the claims allege that the Trust has billions of dollars' worth of secret, unaccounted-for assets that it and its fiduciaries have are conspiring to withhold from equity holders, and that the Trust improperly added settled underwriter claims to Class 19.  These assertions ignore reality evidenced through the Trust's repeated representations in publicly-filed quarterly summary reports and SEC filings, which have repeatedly shown that, based on the Trust's remaining net assets and the amount of Allowed Claims and Disputed Claims in Class 18, there will **not** be additional distributions made to holders of interests in Classes 19, 21, and 22.

11.    Undeterred, on March 22, 2019, Griffin filed her first attempt at challenging the settlement by objecting to the underwriters' allowed Class 19 interests through that certain *First Omnibus Objection (Substantive) of Alice Griffin, Class 19 Interest Holder, to Claims (Nos. 3935 and 4045) Allowed Pursuant to a Stipulation Dated March 28, 2013 Between the WMI Liquidating Trust and Morgan Stanley & Co., Incorporated, Credit Suisse Securities (USA) LLC, and Goldman, Sachs & Co., on Behalf of Themselves and Certain Underwriters* [Docket No. 12595] (the "Objection").  The Court, following full briefing on the issue and a hearing, overruled the Objection at Docket No. 12619.  The Court's order was timely appealed and, on March 23, 2020, the United States District Court for the District of Delaware affirmed the Court's ruling and found that the Trust acted within its authority and in the best interests of the Trust Beneficiaries in settling the subject claims.  This issue was further appealed to the Third Circuit, which affirmed the Court's decision, and, upon further application, refused to reconsider the issue *en banc*.  Griffin has represented that she intends to file a writ of certiorari with the United States Supreme Court on this issue (such appeals, collectively, the "Griffin Appeal").  Griffin also filed that certain *Objection of Alice Griffin to the Application of WMI Liquidating Trust for an Order, Pursuant to*

*Section 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1, Authorizing, Among Other Things, (A) Closing the Chapter 11 Cases of Washington Mutual, Inc. and WMI Investment Corp. and (B) Authorizing the Wind-Up and Dissolution of the WMI Liquidating Trust* [Docket No. 12691], repeating much of the same arguments. Once again, this objection was overruled at Docket No. 12707, and the Chapter 11 Cases were closed.

12.     The Litigation is just the latest attempt by Griffin to replace reality with her desired outcome. Through the Litigation, Griffin once again alleges generally that: (i) the Trust and the Liquidating Trustee improperly settled the claims of certain underwriters by allowing their claims in Class 19, and (ii) an undisclosed "Source" claims that hundreds of billions of dollars' worth of mortgage-backed securities belonging to the Debtors exist and are being withheld from the Liquidating Trust Beneficiaries for unknown reasons. Firstly, as recognized by this Court, in addition to the District Court and the Third Circuit, the Trust acted in accordance with the terms and provisions of the Plan, the Confirmation Order, and the Liquidating Trust Agreement. Moreover, Griffin continues to fail to appreciate the economics of the challenged settlement, whereby the Trust disposed of a $24 million claim which would otherwise have been senior in right of recovery to holders of interests in Class 19 in an effort to generate value for such interest holders.

13.     Additionally, through the Litigation, Griffin continues to allege that the Trust attempted to mislead the Court by claiming that the execution of the settlement was a stealth operation intended not to be seen by the Court or the Trust's stakeholders. In reality, however, the execution and effectiveness of the settlement was publicly disclosed in filings with the Securities and Exchange Commission (the "SEC") a mere four (4) days later and in quarterly summary reports filed with the Court, which were also filed under Form 8-K and published in numerous

places, including the Trust's website. This Court has already overruled Griffin on these grounds in its bench decision overruling Griffin's objection to the underwriter claims.

14. While the Trust appreciates that Griffin and other equity interest holders continue to feel slighted by the FDIC's seizure of WMB, at some point (now over 12 years later), they must accept the fact of the seizure and that everything possible has been done to maximize the value of the Debtors for parties in interest. They must accept that the Trust has generated recoveries far beyond those projected years before and, in accordance with the Final Decree (which order was not appealed and is final) is now prepared to distribute its final assets and wind-up its affairs.

## RELIEF REQUESTED

15. By this Motion, and for the reasons stated herein and in the Motion to Enforce, the Trust respectfully requests entry of an order reopening the Chapter 11 Cases for the limited purposes of considering the Motion to Enforce to (i) enforce the exculpation, injunction, discharge, and release provisions contained in the Plan and Confirmation Order against Griffin by ordering Griffin to dismiss the Litigation with prejudice, and (ii) impose sanctions for Griffin's repeated vexatious and harassing litigation of matters previously adjudicated.

## BASIS FOR RELIEF REQUESTED

16. "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see also* Fed. R. Bankr. P. 5010 ("A case may be reopened on motion of the debtor or any other party in interest pursuant to § 350(b) of the Code."). The bankruptcy court has "broad discretion to reopen cases after an estate has been administered." *In re LandSource Cmties. Dev., LLC*, 612 B.R. 484, 493 (D. Del. 2020) (approving the bankruptcy court's reopening of a chapter 11 case "for the limited purpose of interpreting and enforcing the Confirmation Order" because "if in fact the motivating

8

party is someone who could fairly be considered a serial harasser, the Bankruptcy Court is best equipped to resolve the matter by interpreting and enforcing its Confirmation Order."); *see also In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 422-23 (3d Cir. 2013) (reopening a chapter 11 case for cause in order to interpret agreement incorporated into confirmed Chapter 11 plan).

17. Sufficient cause exists to reopen WMI's Chapter 11 Case. As further explained in the Motion to Enforce, the allegations in the Litigation have both already been heard and administered in this Court and concern the provisions of the Plan, the Confirmation Order, and the Liquidating Trust Agreement, three documents over which this Court has retained exclusive jurisdiction. The Court should exercise such exclusive jurisdiction by reopening WMI's Chapter 11 Case and considering the Motion to Enforce.

18. The gravamen of the Litigation can be found in Griffin's allegations that (i) "[i]nstead of Complying with Section 1.73(b) [of the Plan], the Trust gave the Underwriters Class 19 interests, which, as previously explained, entitled them to (a) approximately 120,000 shares of Mr. Cooper Stock, which they received, and (b) a portion of Class 19's 75% share of any recovery" and (ii) a conspiracy is underfoot to deprive holders of Class 19 interests from any further recovery on account of billions of dollars' worth of mortgage-backed securities that are supposedly siphoned away in Mr. Cooper. Amended Complaint ¶ 21.

19. As an initial matter, there is simply no truth to Griffin's theories of hidden value, theories which have been duly asserted, considered, and disposed of by this Court in connection with Griffin's objection to the closure of the Chapter 11 Cases. *See, e.g.*, *Reply of WMI Liquidating Trust in Support of Application for an Order, Pursuant to Section 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, Authorizing Among Other Things, (A) Closing the Chapter 11 Cases of Washington Mutual, Inc. and WMI Investment Corp. and (B) Authorizing the*

*Wind-Up of the Liquidating Trust* [Docket No. 12699] at ¶¶ 5-6 ("Unfortunately, Griffin chooses to disregard the separateness of WMI and its subsidiaries and claims that certain assets of WMI's subsidiaries, especially those of WMB which were seized by the FDIC and sold to JPMC, are assets of the Debtors and the Debtors' chapter 11 estates. . . . Indicative of these misstatements are Griffin's numerous references to 'MBS' (mortgage-backed securities) and 'safe harbor' assets as purportedly belonging to WMI. Worse, these misstatements have created misapprehensions that there are significant recoveries that remain available for distribution to former equity holders upon closure of these chapter 11 cases . . . . [A]ny transactions relating to 'MBS' were conducted by WMB and its subsidiaries, not WMI.").

20.    In addition, Griffin's Objection to the Trust's settlement of the underwriter claims and allowance of such claims in Class 19 has also been litigated in this Court. Moreover, through the Litigation, Griffin requests that the SDNY interpret provisions of the Plan, the Confirmation Order, and the Liquidating Trust Agreement—documents over which this Court holds exclusive jurisdiction, which are integral to the administration of the Debtors' Chapter 11 Cases, and which this Court's decade-plus of experience would more efficiently adjudicate.

21.    Griffin filed the Litigation with full knowledge of this Court's, the District Court's, and the Third Circuit's prior rulings, as well as the release, injunction, discharge, and exculpation provisions of the Plan. In light of the essential nature of these provisions to the Plan, reopening the WMI Chapter 11 Case is necessary to fully implement and consummate the provisions of the Plan and the Confirmation Order.

22.    Among other things, the Plan provides that:

    a.    **Trust Authority to Settle Claims**: Pursuant to Section 27.6 of the Plan and Section 6.2 of the Liquidating Trust Agreement, the Liquidating Trustee shall have the authority to "in the Liquidating Trustee's reasonable business judgment, <u>investigate, prosecute, settle</u>, and/or abandon rights, Causes of Action, Claims, or

litigation of the Liquidating Trust, including, without limitation, Avoidance Actions." Liquidating Trust Agreement § 6.2(b)(iii) (emphasis added); *see also* Plan § 27.6 (same). Pursuant to this authority, the Trust exercised its reasonable business judgment and determined that it was in the best interests of the Debtors, their estates, and stakeholders, to settle the claims arising under certain securities underwriting agreements. Notably, Section 6.2(d) of the Liquidating Trust Agreement further provides that "[e]xcept as otherwise provided in this [Liquidating] Trust Agreement, the Liquidating Trustee will not be required to obtain the order or approval of the Bankruptcy Court, or any other court of competent jurisdiction in, or account to the Bankruptcy Court or any other court of competent jurisdiction for, the exercise of any right, power, or privilege conferred hereunder." Liquidating Trust Agreement § 6.2(d) (emphasis added).

Griffin's objection to this settlement has already been overruled by this Court and she should be enjoined from further commencing the Litigation in yet another court.

b. **Release**: Section 41.6(a) of the Plan provides that "[o]n the Effective Date, for good and valuable consideration, and to the fullest extent permissible under applicable law, each Entity (Creditor or holder of an Equity Interest) that (i) has held, currently holds, or may hold, a Released Claim . . ., (ii) is entitled to receive, directly or indirectly, a distribution or satisfaction of its Claim or Equity Interest pursuant to the Plan, and (iii) elects, by not checking or checking the appropriate box on its Ballot or election form, as the case may be, to grant the releases set forth in this Section 41.6, on their behalf and on behalf of anyone claiming through them, shall be deemed to have and hereby does irrevocably and unconditionally, fully, finally and forever waive, release, acquit and discharge (1) each and all of the Released Parties from any and all Released Claims and/or any claim, act, fact, transaction, occurrence, statement, or omission in connection with or alleged in the Actions . . . that could have been alleged in respect of the foregoing or other similar proceeding, including, without limitation, any such claim, demand, right, liability, or cause of action for indemnification, contribution, or any other basis in law or equity for damages, costs or fees incurred by the releasers herein arising directly or indirectly from or otherwise relating thereto . . . ." Plan § 41.6 (emphasis added); *see also* Confirmation Order ¶ 54 (same). Furthermore, "all Entities that hold, have held, or may hold . . . an Equity Interest that is released . . . are, and shall be, permanently, forever and completely, stayed, restrained, prohibited, barred, and enjoined from taking any of the following actions, whether directly or indirectly, on account of or based on the subject matter of . . . such Equity Interests: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding in any forum . . . and (v) commencing or continuing in an manner, in any place of any judicial, arbitration, or administrative proceeding in any forum, that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order." Plan § 41.7 (emphasis added); *see also* Confirmation Order ¶ 56(b) (same).

Griffin has released claims on account of her preferred equity interests in exchange for rights under the Plan and Liquidating Trust Agreement, rights which this Court

11

has already determined have been honored and respected throughout the liquidation of the Debtors' assets for the benefit of all stakeholders. Griffin is forever restrained, prohibited, and enjoined from commencing the Litigation, which seeks to undermine the Plan that has already been consummated.

c.     **Injunction**: Section 41.3 of the Plan provides that "all Entities who have held, hold, or may hold . . . Equity Interests or other right of equity interest that is terminated or cancelled pursuant to the Plan or the Global Settlement Agreement . . . are <u>permanently enjoined</u>, from and after the Effective Date from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative or other proceeding) of any kind on any such . . . Equity Interest that is terminated, cancelled, assumed, or transferred pursuant to the Plan against any of the Released Parties or any of their respective assets, property, or estates . . . . <u>Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets, property, and estates</u>." *See also* Confirmation Order ¶ 56(a) (same).

Under the Plan's injunction, Griffin is enjoined from pursuing the Litigation against the Trust, and Mr. Cooper (as successor-in-interest of Reorganized WMI) on account of her equity interests. Her exclusive remedy is proceeding under the provisions of the Liquidating Trust Agreement in this Court, as she already has. Her dissatisfaction at the result does not grant her the ability to seek an alternative ruling from another court.

d.     **Discharge**: Pursuant to Section 41.2 of the Plan, "all distributions and rights afforded under the Plan and the treatment of Claims and Equity Interests under the Plan, <u>shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of . . . all Equity Interests, or other rights of a holder of an Equity Interest</u>, relating to any of the Debtors or the Reorganized Debtors or any of their respective assets, property and estates, or interests of any nature whatsoever . . . regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such . . . Equity Interests or other rights of a holder of an equity security or other ownership interest. . . . As of the Effective Date, and in consideration for the value provided under the Global Settlement Agreement to effectuate the Plan, each holder of a Claim or Equity Interest in any Class under this Plan shall be and hereby is <u>deemed to release and forever waive and discharge as against each and any of the Debtors and the Reorganized Debtors, and their respective assets, property, and estates, all such Claims and Interests</u>." Plan § 41.2 (emphasis added); *see also* Confirmation Order ¶ 52 (same).

Pursuant to the release, injunction, and discharge provisions of the Plan, Griffin and all other holders of Class 19 interests exchanged such preferred equity interests for interests in the Liquidating Trust, subject in all respects to the provisions of the Liquidating Trust Agreement. Griffin has already adjudicated the allegations

contained in the Amended Complaint in this Court and it has been decided by this Court, and confirmed multiple times on appeal, that such allegations lack merit.

e.  **Exculpation**: Section 41.8 of the Plan provides that "[t]he Debtors . . . and each of their [] professionals shall not have or incur any liability to any Entity for any act taken or omitted to be taken in connection with the Chapter 11 Cases . . ., the formulation, preparation, dissemination, implementation, confirmation or approval of the Plan or Supplemental Disclosure Statement related thereto, the Global Settlement Agreement, or any contract, instrument, release, or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan and the Global Settlement Agreement." Plan § 41.8 (emphasis added); *see also* Confirmation Order ¶ 57 (same). Likewise, the Liquidating Trust Agreement provides that "no Liquidating Trust Beneficiary, holder of a Claim, holder of an Equity Interest, or other party-in-interest shall have or be permitted to pursue any claim or cause of action against the Liquidating Trustee, the Liquidating Trust, the employees, professionals or representatives of either the Liquidating Trustee or the Liquidating Trust (including the Trust Professionals) or the members of the Trust Advisory Board and the Litigation Subcommittee, for making payments in accordance with, or for implementing, the provisions of the Plan, the Confirmation Order and this Trust Agreement." Liquidating Trust Agreement § 7.4 (emphasis added).

Again, Griffin has filed the Litigation in explicit violation of the exculpation provisions of the Plan and the Liquidating Trust Agreement. There is no remedy available to Griffin and she should be enjoined from relitigating the allegations contained in the Litigation in another forum in direct contravention of the Liquidating Trust Agreement under which she has received recoveries on account of her Class 19 interests.

f.  **Retention of Jurisdiction**: The Plan provides that "[t]he Bankruptcy Court shall retain and have exclusive jurisdiction over any matter arising under the Bankruptcy Code, arising in or related to the Chapter 11 Cases or the Plan, or that relates to the following: . . . (b) to enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan . . .; (g) to issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code . . .; [and] (k) to issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with consummation or enforcement of the Plan or the Global Settlement Agreement." Plan § 38.1 (emphasis added); *see also* Confirmation Order ¶ 83 (retaining exclusive jurisdiction to the fullest extent legally permissible "including, but not limited to, jurisdiction over the matters set forth in Article XXXVIII of the Plan."). Additionally, the Liquidating Trust Agreement provides that "the parties agree that the Bankruptcy Court shall have exclusive jurisdiction over the Liquidating Trust and the Liquidating Trustee, including, without limitation, the administration and activities of the Liquidating Trust and the Liquidating Trustee, and, pursuant to the

13

Plan, the Bankruptcy Court has retained such jurisdiction." Liquidating Trust Agreement § 9.2 (emphasis added).

Acknowledging this Court's exclusive jurisdiction over the allegations contained in the Litigation, Griffin has repeatedly asserted such claims before this Court. Her dissatisfaction with the Court's binding rulings on such issues does not exempt her allegations from this Court's jurisdiction and does not provide an avenue to seek such relief in an alternative forum of her choosing. The Court should enjoin Griffin from proceeding with such baseless accusations outside of the exclusive jurisdiction of this Court.

23. As a final matter, although a showing of prejudice is not required to demonstrate sufficient cause to reopen a bankruptcy, the Trust would suffer harm if it were unable to enforce the Plan and its provisions in this Court and to seek sanctions from Griffin for her willful violation of the Confirmation Order and harassment of the Trust. "Courts do not sit for the idle ceremony of making orders and pronouncing judgments, the enforcement of which may be flouted, obstructed, and violated with impunity, with no power in the tribunal to punish the offender." *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) (citing *Berry v. Midtown Service Corp.*, 104 F.2d 107, 110 (2d Cir, 1939)). This Court should not permit its Confirmation Order to be collaterally attacked in a separate forum simply because a disgruntled party is unhappy over the Court's rulings.

24. This Court is best suited to provide the Trust with the relief it requires. This Court is all too familiar with the Chapter 11 Cases, the Plan, the Confirmation Order, the Liquidating Trust Agreement, the parties, and the allegations in this dispute. It would best serve the parties and the interests of judicial economy for this Court to reopen the Chapter 11 Cases and consider the Motion to Enforce. Additionally, this Court would be best positioned to enter an order enforcing the provisions of the Plan and Confirmation Order. *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 970 (11th Cir. 2012) ("[T]he court that issued the injunctive order alone possesses the power to enforce compliance with and punish contempt of that order." (collecting cases)).

25. Accordingly, the Trust respectfully submits that reopening the Chapter 11 Case of WMI for the limited purpose of considering the Trust's Motion to Enforce and request for sanctions is appropriate and within the Court's discretion.

## NOTICE

26. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) Griffin; (iii) counsel for Mr. Cooper; and (iv) any party that has requested notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Trust submits that no other or further notice is necessary.

## CONCLUSION

**WHEREFORE** the Trust respectfully requests that the Court grant the relief requested herein, in substantially the form of order attached hereto as **Exhibit A**, and such other and further relief as the Court may deem just and proper.

Dated: June 4, 2021
Wilmington, Delaware

Respectfully submitted,

/s/ *Marcos A. Ramos*
RICHARDS, LAYTON & FINGER, P.A.
Marcos A. Ramos (No. 4450)
Cory D. Kandestin (No. 5025)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

PROSKAUER ROSE LLP
Brian S. Rosen
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900