IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br> **WASHINGTON MUTUAL, INC., *et al.*,**[1] <br> **Reorganized Debtors.** | Chapter 11 <br> Case No. 08-12229 (MFW) <br> Re: D.I. No. 12715 |

**MOTION OF WMI LIQUIDATING TRUST FOR ENTRY OF AN ORDER SHORTENING THE NOTICE AND OBJECTION PERIODS FOR (I) THE MOTION TO REOPEN THE BANKRUPTCY CASE AND (II) THE MOTION TO ENFORCE**

WMI Liquidating Trust (the "Trust"), as successor to Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (together with WMI, the "Reorganized Debtors," and prior to the effective date of the Plan (as defined below), the "Debtors"), hereby submits this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) shortening the notice and objection period for its emergency motion to reopen the bankruptcy case (the "Motion to Reopen")[2] and its motion to enforce the plan injunction (the "Motion to Enforce" and together with the Motion to Reopen, the "Motions"), both filed contemporaneously herewith, (ii) scheduling a hearing to consider the Motions (the "Hearing") on or before June 11, 2021; and (iii) permitting objections, if any, to the Motions to be raised at the Hearing.

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Reorganized Debtors had a former address of 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Reopen.

RLF1 25432186v.3

**INTRODUCTION**

1.     The Trust requests an expedited hearing on its Motions so that this Court may hear and resolve them sufficiently in advance of the deadline to answer or respond to the Amended Complaint (as defined below) that Alice Griffin ("Griffin") has recently filed in the United States District Court for the Southern District of New York (the "SDNY") relating to a dispute that this Court already has resolved.  In 2019, this Court denied Griffin's objection to a settlement with certain Underwriters.  The settlement had disallowed the Underwriters' claim in Class 18, and allowed their claim in Class 19 (preferred equity).  Griffin objected to the allowance of the claim in Class 19, even though Class 19 was not going to receive further distribution, based on her unsubstantiated belief that the Trust would obtain a windfall recovery of billions of dollars that would create a recovery to equity holders.  This Court denied the objection, and the District Court and Third Circuit affirmed.  Griffin has told the Trust that she intends to move for certiorari in the Supreme Court (the deadline runs in August).

2.     Even though she has stated that she intends to continue her appeal process from this Court's decision, on May 20 Griffin filed a complaint (which she amended on June 1) raising the same theories that this Court rejected, this time in the SDNY (the "Amended Complaint," a copy of which is attached as Exhibit 2 to the Motion to Enforce).  As the Amended Complaint makes clear, she seeks declarations of Class 19's rights under the Plan (an issue over which this Court has exclusive jurisdiction), and she premises her request for relief on the conspiracy theory that the Trust has hidden billions of dollars in recoveries from former equityholders.  WMI's deadline to answer or respond to the Amended Complaint is June 15.

3.     The Amended Complaint is barred by the doctrines of res judicata and collateral estoppel, and even more fundamentally, is a violation of the injunction, release, and discharge

provisions of the Plan and Confirmation Order. The Trust seeks to reopen these cases for the limited purpose of enforcing those provisions by obtaining an order directing Griffin to dismiss her Amended Complaint with prejudice, and imposing sanctions against Griffin for her harassing and vexatious relitigation of issues already disposed of in this Court.

4. Absent expedited relief, however, the Trust will be forced to incur the additional cost and expense of responding to the Amended Complaint, a facially baseless pleading. Since the closure of the bankruptcy cases more than one year ago, the Trust has made a final distribution of its assets and has limited resources with which to litigate Griffin's frivolous claims. To avoid the prejudice of incurring needless costs, the Trust seeks expedited consideration of its Motions.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, in accordance with Local Rule 9013-1(f), the Trust consents to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments on this Motion consistent with Article III of the United States Constitution. Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1(c) and 9006-1(e).

## BACKGROUND

6. In February 2012, this Court entered the Confirmation Order confirming the Debtors' Plan. The plan went effective one month later.

7. In 2019, Griffin objected to the Trust's settlement with the Underwriters (a settlement that occurred in 2013). In particular, Griffin objected to the allowance of the Underwriters' claim in Class 19, on the basis that the Plan prohibited that classification, and that

3

the classification was unfair to Class 19 members.  The Court denied the objection, finding that it was time barred, but even if it were not, that the settlement was a reasonable exercise of the Trust's business judgment.  In particular, the settlement removed a senior claim from Class 18 that would need to be satisfied in full before Class 19 could receive a distribution, and removal of that claim counterbalanced the minimal dilution to Class 19 (1%) from allowance of the Underwriters' claim.  Although Griffin argued that billions of dollars in value still remained to be recovered, she could not substantiate her claim, which was contradicted by both evidence and common sense.

8. Both the District Court and Third Circuit affirmed this Court.  Griffin has represented that she will move for certiorari.

9. On December 20, 2019, the Court—over Griffin's objection—entered the Final Decree closing these cases.  The Final Decree approved procedures for winding-up the Trust following the issuance of final distributions.  The Trust has since made its final distribution.  All that remains is a limited sum that, consistent with the Final Decree, the Trust may distribute to charity upon its cancellation.  The Final Decree was entered "without prejudice to the rights of [the Trust], the Reorganized Debtors or other parties in interest to seek to reopen any of the Debtors' chapter 11 cases for cause pursuant to section 350(b) of the Bankruptcy Code."  Final Decree ¶ 3.

10. On May 20, 2021, Griffin filed a complaint in the SDNY[3] against "WMI," the Trust and the successor to the Reorganized Debtor, Mr. Cooper Group, Inc.  She amended the complaint on June 1.

11. As the Amended Complaint's causes of action make clear, Griffin seeks relief relating to the same issues this Court already decided.  She seeks declarations relating to Class 19

---

[3] The Litigation is *Alice Griffin v. WMI Liquidating Trust and Mr. Cooper Group, Inc.*, Case No. 1:21-cv-04554 (S.D.N.Y).

4

of the Plan, an issue in this Court's exclusive jurisdiction, on the basis that the Underwriters should not be in that class, and that a windfall recovery will lead to a recovery for the class. The relief she seeks violates the plain terms of the Plan's injunction and release provisions, as set forth in the concurrently filed Motion to Enforce, and are barred under the doctrines of res judicata and collateral estoppel.

## RELIEF REQUESTED

12. The Trust seeks entry of the Proposed Order, (i) shortening the notice period for the Motions pursuant to Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1(c) and 9006-1(e); (ii) scheduling the Hearing on the Motions on or before June 11, 2021; and (iii) permitting objections, if any, to the relief requested in the Motions to be raised at the Hearing.

## BASIS FOR RELIEF

13. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Local Rule 9006-1(e) further provides, in pertinent part, that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion … specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Local Rule 9006-1(c)(ii) requires that, "[w]here a motion is filed and served in accordance with Local Rule 9006-1(c)(i) less than twenty-one days prior to the hearing date, the deadline for objection(s) shall be seven (7) days before the hearing date." *Id.* 9006-1(c)(ii).

14. The exigencies justify shortened notice here. Not content with his Court's ruling or those of the District Court and Third Circuit, Griffin is taking a run at a new judge in another Court. Not only does this impose undue cost on the Trust's limited resources, but it unnecessarily

prolongs the Trust's existence. The Trust therefore seeks a hearing on its Motions in this Court on or before June 11, to avoid the prejudice of having to prepare for a June 15 filing in theLitigation. As the Court with the familiarity, knowledge, and exclusive jurisdiction relating to the issues, *this Court* should have the first say in whether Ms. Griffin's actions violate the Plan.

15. Moreover, Griffin will not be prejudiced by the shortening of the time required for notice of the Motions, as she has been aware of the Trust's arguments regarding the impermissibility of the Litigation and their intent to reopen WMI's Chapter 11 Case in order to file the Motions and seek such requested relief since at least March 4, and was re-informed on May 26, through letters from Trust counsel. The March Letter and May Letter are attached as Exhibit A to the Amended Complaint.

16. Accordingly, the Trust respectfully submits that cause exists pursuant to Bankruptcy Rule 9006 and Local Rule 9006-1(e) to shorten the notice period and waive Local Rule 9006-1(c)(ii) with respect to the Motions.

### **COMPLIANCE WITH LOCAL RULE 9006-1(e)**

17. Given the exigencies of the circumstances, the Trust did not provide prior notice to Griffin but intends to communicate with Griffin upon the filing of this Motion to Shorten, regarding the relief sought hereunder.

### **NOTICE**

18. Notice of this Motion to Shorten will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) Griffin; (iii) counsel for Mr. Cooper; and (iv) any party that has requested notice pursuant to Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Trust submits that no other or further notice is necessary.

WHEREFORE, the Trust respectfully requests that the Court grant the relief requested herein, in substantially the form of order attached hereto as **Exhibit A**, and such other and further relief as the Court may deem just and proper.

Dated: June 4, 2021
Wilmington, Delaware

Respectfully submitted,

/s/ *Marcos A. Ramos*
RICHARDS, LAYTON & FINGER, P.A.
Marcos A. Ramos (No. 4450)
Cory D. Kandestin (No. 5025)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

PROSKAUER ROSE LLP
Brian S. Rosen
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900