IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> **WASHINGTON MUTUAL, INC., et al.,**[1] <br><br> **Reorganized Debtors**. | Chapter 11 <br> Case No. 08-12229 (MFW) <br> (Jointly Administered) |

**SUPPLEMENTAL OBJECTION OF ALICE GRIFFIN TO EMERGENCY
MOTION OF WMI LIQUIDATING TRUST TO REOPEN THE CHAPTER 11 CASE OF
WASHINGTON MUTUAL, INC. FOR THE LIMITED PURPOSE OF (I) ENFORCING
THE EXCULPATION, INJUNCTION, RELEASE, AND DISCHARGE PROVISIONS OF
THE DEBTORS' JOINT CHAPTER 11 PLAN AND CONFIRMATION ORDER AND (II)
IMPOSING SANCTIONS**

Alice Griffin ("Griffin"), Pro Se, files this supplement to the objection she filed on June 7, 2021 (the "Objection")[2] to the motions of WMI Liquidating Trust (the "Trust") for orders (i) reopening WMI's Chapter 11 case, (ii) shortening the notice and objection period for its emergency motions (A) to reopen WMI's Chapter 11 case and (B) to enforce the exculpation, injunction, release, and discharge provisions of WMI's Chapter 11 plan of reorganization (the "Plan") against Griffin (the "Enforcement Motion"), (iii) granting the Enforcement Motion, and (iv) imposition of sanctions against Griffin (collectively, the "Motions") and moves for additional relief described herein.

**A.     The Trust Has Not Satisfied the Third Circuit's Criteria for Imposition of Sanctions Under 28 U.S.C. § 1927**

1.     In the Third Circuit "'sanctions may not be imposed under 28 U.S.C. § 1927 ("Section 1927") absent a finding that counsel's conduct resulted from bad faith, rather than

---

[1] The Reorganized Debtors, along with the last four digits of each Debtor's federal tax identification number, were: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtor's principal offices are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101. Former debtor WMI Investment Corp. has been dissolved.

[2] Capitalized terms not defined herein have the meanings set forth in the Objection.

1

misunderstanding, bad judgment, or well-intentioned zeal.'" *Grider v. Keystone Health Plan Central, Inc.*, 580 F. 3d 119, 142 (3d Cir. 2009) (citing *LaSalle National Bank v. First Connecticut Holding Group, L.L.C. XXIII*, 287 F.3d 279, 289 (3d Cir. 2002) (citations omitted). "As such, 'under § 1927, an attorney's `conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation.'" *Id*. (quoting *Baker Industries Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985)).

2. Griffin's filing of the New York Action does not meet the Third Circuit's standard for imposition of sanctions under Section 1927. Griffin exhaustively reviewed the Plan and the Confirmation Order and determined that she would violate neither document by (a) the act of filing the New York Action itself or (b) by seeking relief under any of the causes of action therein. As argued in the Objection, the Plan was designed to protect 'Released Parties' from 'Released Claims' (i.e., claims that had been resolved pre-confirmation and/or released under Section 41.6), not to protect non-Released Parties like the Trust or Mr. Cooper (neither of which existed pre-confirmation) from liability for post-confirmation actions affecting rights created upon confirmation (i.e., rights in Legacy Interests).

3. Further, Griffin filed the New York Action in good faith from her sincere belief that she is entitled to the relief requested therein. Moreover, as stated in the Objection, none of the Counts in the New York Action nor the facts and issues underlying those Counts is the same as the claims and issues raised in Griffin's appeals. Therefore, Griffin did not suffer from misunderstanding or bad judgment in filing the New York Action; she based on her valid interpretation of the Plan documents and common law precedents bearing on the Counts, and there was nothing 'egregious' or even untoward in filing the New York Action or its contents.

**B.     Pursuant to 28 U.S.C. § 455(a) Griffin Moves for an Order of this Court Recusing Itself From Determining the Motions**

4.      This court denied the Objection on the basis of laches, which the court raised sua sponte.[3]  It is Third Circuit law that a court may not interpose an affirmative defense. *Zelson v. Thomforde*, 412 F. 2d 56 (3rd Cir. 1969).  There is no question that this ruling helped the Trust and harmed Griffin.  As stated by the Third Circuit, "[a] party seeking recusal need not show actual bias on the part of the court, only the possibility of bias.... Under 28 U.S.C. § 455(a) ("Section 455(a)"), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge **must** recuse."  (Emphasis added.)  *Selkridge v. United of Omaha Life Insurance Company*, 360 F. 3d 155, 167 (3rd Cir. 2004) (citing *In re Prudential Ins. Co. of America Sales Practices Litigation*, 148 F.3d 283, 343 (3d Cir.1998) (internal quotations omitted); *see Massachusetts School of Law at Andover, Inc. v. American Bar Association,* 107 F.3d 1026, 1042 (3d Cir.1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality.")).

5.      The Third Circuit has also held that: "[i]n the absence of actual bias, [courts] look to whether [a] judge must recuse because '[her] impartiality might reasonably be questioned'. Section 455(a). In determining whether recusal is required under this provision, [courts] must apply an objective standard.  As we have recently stated, under section 455(a), 'a judge should recuse [herself] where a reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality'". *Edelstein v. Wilentz*, 812 F. 2d 128, 131 (3rd Cir. 1987) (citing *United States v. Dalfonso*, 707 F.2d 757, 760 (3d Cir.1983).

6.      Applying the Third Circuit's criteria to the instant case, requires recusal.  Jurists are people, and the law presumes that a person intends the necessary and natural consequences of

---

[3] As set forth in Griffin's appellate filings the Trust failed to raise laches in either its pleadings or at the Hearing.

3

his acts. *United States v. Continental Group, Inc.*, 603 F. 2d 444, 461 (3rd Cir. 1969) (citing *United States v. United States Gypsum Co.*, 438 U.S. 422, 98 S.Ct. 2864 (1978)).

7. It was foreseeable that invoking laches sua sponte would help the Trust and harm Griffin. Therefore, a reasonable person would presume this court intended to help the Trust at Griffin's expense and would infer partiality for the Trust. Finally, a reasonable person would also infer that a court might disfavor appeal of its rulings as a slight on its judicial integrity and competence, and therefore conclude that this court is not indifferent to Griffin's appeals, which highlighted this court's violation of *Zelson*. Accordingly, as this court's disinterestedness and neutrality are in question, under Third Circuit precedent it must recuse itself.

8. Therefore, Griffin requests an order of this court recusing itself from determining the Motions.

Dated: June 8, 2021
New York, New York

Respectfully Submitted,

/s/ Alice Griffin_____

121 East 12th Street, #7C
New York, New York 10003
(646) 337-3577
griffincounselpc@earthlink.net

## CERTIFICATE OF SERVICE

I, Alice Griffin, certify that on June 8, 2021, I caused the foregoing supplemental objection to be served upon the parties named below in the manner indicated.

**Via Email**

Brian S. Rosen, Esq.
Proskauer Rose LLP
Eleven Times Square
8th Avenue and 41st St
New York, New York 10036-8299
brosen@proskauer.com

Marcos Ramos, Esq.
Cory Kandestin, Esq.
Richards Layton & Finger PA
One Rodney Square
920 N King Street
Wilmington, Delaware 19801
ramos@rlf.com
Kandestin@rlf.com

T. Patrick Tinker, Esq.
Office of the United States Trustee
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Ste. 2207
Wilmington, Delaware 19801
thomas.p.tinker@usdoj.gov