# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **WASHINGTON MUTUAL, INC.,** *et al.*,[1] | Case No. 08-12229 (MFW) |
| **Reorganized Debtors.** | Ref. Docket No. 12715 & 12733 |

## ORDER GRANTING MOTION OF WMI LIQUIDATING TRUST TO (I) ENFORCE THE EXCULPATION, INJUNCTION, RELEASE, AND DISCHARGE PROVISIONS OF THE DEBTORS' JOINT CHAPTER 11 PLAN AND CONFIRMATION ORDER AND (II) IMPOSE SANCTIONS

Upon the motion, dated June 4, 2021 (the "Motion")[2], of WMI Liquidating Trust (the "Trust"), sections 105, 1129, 1141, and 1142 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 28 U.S.C. § 1927, for entry of an order (this "Order") (i) enforcing the exculpation, injunction, discharge, and release provisions contained in the *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* [Docket No. 9178] (the "Plan") and the *Findings of Fact, Conclusions of Law, and Order Confirming the Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code* [Docket No. 9759] (the "Confirmation Order") against Ms. Alice Griffin ("Griffin") and (ii) imposing sanctions; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated February 29, 2012; and the Court having found this is a core proceeding pursuant to 28 U.S.C.

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Reorganized Debtors had a former address of 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

§ 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having found that the Trust provided adequate and appropriate notice of the Motion under the circumstances and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:**

1. Griffin knowingly and intentionally filed the Amended Complaint in violation of this Court's Confirmation Order and confirmed Plan.

2. Griffin is hereby barred and enjoined from prosecuting the Amended Complaint, pursuant to the release, injunction, discharge, and exculpation provisions of the Confirmation Order and the Plan, and pursuant to the doctrine of collateral estoppel.

3. Griffin is hereby directed to dismiss the Amended Complaint with prejudice and to refrain from filing any further pleadings against the Trust, the Liquidating Trustee, the Debtors, their estates, and their respective professionals, employees, affiliates, and agents, on account of any of the allegations contained in the Amended Complaint.

4. Attached hereto as **Exhibit A** is a form of settlement and general release agreement (the "Agreement") entered into by the Trust and Griffin. Among other things, the Agreement

incorporates the Trust's and Griffin's consensual resolution of the amount of sanctions to be awarded to the Trust. Griffin is directed to comply with the terms of the Agreement, including, without limitation, (i) paragraph 4 of the Agreement, under which (among other things) Griffin has agreed to waive and release any appeal related to the Underwriter Objection, (ii) paragraph 5 of the Agreement, under which Griffin has agreed (among other things) to waive any appeal from entry of this Order and not take any action to breach the terms of the Agreement or impede or preclude the dissolution of the Trust, and (iii) paragraph 6 of the Agreement, under which (among other things) Griffin has agreed to pay the Amount to the Trust, and the Fees to the Trust if Griffin violates any term or condition of the Agreement or this Order. Without limitation, the Agreement is hereby approved and entered as an order of this Court. For the avoidance of any doubt, the Court sanctions Griffin and adopts and approves the Amount of sanctions set forth in paragraph 6 of the Agreement, including the payment of the Fees to the Trust if Griffin violates any term or condition of the Agreement or this Order.

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order, including any action or proceeding that the Trust may file in order to determine its right to additional monetary sanctions as provided in paragraph 6 of the Agreement.

Dated: June 24th, 2021  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE